MATTHEW RODRIQUEZ
Acting Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER
Deputy Attorney General
State Bar No. 201351
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 738-9567
  Fax:          (619) 645-2581
  E-mail:  Douglas.Baxter@doj.ca.gov
*Attorneys for Defendants Dane Norem,*
*Jeffrey McKee, and State of California*
*(by and through the California Highway Patrol)*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL BY DEFENDANTS DANE NOREM AND JEFFREY MCKEE PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

1

1  **To the Clerk and Honorable Judges of the United States District Court**

2  **for the Central District of California:**

3      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. section 1441(a),

4  Defendants Dane Norem and Jeffrey McKee (with the consent of Defendant State

5  of California [by and through the California Highway Patrol]) remove to this Court

6  the state court action described below:

7  **STATE COURT ACTION**

8      1.  On December 18, 2019, an action was commenced in the Superior Court of

9  the State of California, County of Riverside, entitled <u>Devonte Stephenson, et al. v.</u>

10  <u>State of California</u>, state case number RIC1906137.  This initial Complaint named

11  only the State of California as a defendant and did not contain any federal law

12  claims.

13      2.  On February 2, 2021, the Riverside County Superior Court entered an order

14  permitting Plaintiffs to file a First Amended Complaint.

15      3.  The First Amended Complaint was filed on February 8, 2021.  The First

16  Amended Complaint newly named Dane Norem and Jeffrey McKee as Defendants

17  and added federal civil rights claims under 42 U.S.C. § 1983 that were not present

18  in the original Complaint.  The First Amended Complaint also newly added the

19  County of Riverside and its employee Matt Borden as Defendants.

20  **RECORD FROM STATE COURT**

21      4.  A true and correct copy of the conformed First Amended Complaint that

22  was served on Defendants Dane Norem and Jeffrey McKee on March 17, 2021 for

23  this state court action is attached herewith as Exhibit 1.

24      5.  A true and correct copy of the conformed Summons that was served on

25  Defendant Jeffrey McKee on March 17, 2021 for this state court action is attached

26  herewith as Exhibit 2.

27  / / /

28  / / /

6.  A true and correct copy of the conformed Summons that was served on Defendant Dane Norem on March 17, 2021 for this state court action is attached herewith as Exhibit 3.

7.  Defendants Dane Norem and Jeffrey McKee have not been served with any other documents from the state court action.

8.  A true and correct copy of the conformed original Complaint for Damages for this state court action is attached herewith as Exhibit 4.

9.  A true and correct copy of the conformed Civil Case Cover Sheet for this state court action is attached herewith as Exhibit 5.

10.  A true and correct copy of the conformed Certificate of Counsel for this state court action is attached herewith as Exhibit 6.

11.  A true and correct copy of the conformed Notice of Department Assignment/Notice of Case Management Conference for this state court action is attached herewith as Exhibit 7.

12.  A true and correct copy of the conformed Declaration of Devonte Stephenson Regarding Standing as Successor in Interest to Claims of Plaintiff's Decedent Leroy Stephenson for this state court action is attached herewith as Exhibit 8.  Redactions have been made in accordance with Central District Local Rule 5.2-1 and Rule 5.2 of the Federal Rules of Civil Procedure.

13.  A true and correct copy of the conformed Declaration of Linden Stephenson Regarding Standing as Successor in Interest to Claims of Plaintiff's Decedent Leroy Stephenson for this state court action is attached herewith as Exhibit 9.  Redactions have been made in accordance with Central District Local Rule 5.2-1 and Rule 5.2 of the Federal Rules of Civil Procedure.

14.  A true and correct copy of the conformed Declaration of Keandre Stephenson Regarding Standing as Successor in Interest to Claims of Plaintiff's Decedent Leroy Stephenson for this state court action is attached herewith as

1    Exhibit 10.  Redactions have been made in accordance with Central District Local

2    Rule 5.2-1 and Rule 5.2 of the Federal Rules of Civil Procedure.

3         15.  True and correct copies of the conformed papers filed by Defendant State

4    of California (by and through the California Highway Patrol) for its Demurrer to the

5    Complaint for this state court action are collectively attached herewith as Exhibit

6    11.  Redactions have been made in accordance with Central District Local Rule 5.2-

7    1 and Rule 5.2 of the Federal Rules of Civil Procedure.

8         16.  True and correct copies of the conformed papers filed by Defendant State

9    of California (by and through the California Highway Patrol) for its Motion to

10   Strike Portions of the Complaint for this state court action are collectively attached

11   herewith as Exhibit 12.  Redactions have been made in accordance with Central

12   District Local Rule 5.2-1 and Rule 5.2 of the Federal Rules of Civil Procedure.

13        17.  A true and correct copy of the conformed Plaintiffs' Opposition to

14   Defendants' Demurrer and Motion to Strike Portions of Plaintiffs' Complaint for

15   this state court action is attached herewith as Exhibit 13.

16        18.  A true and correct copy of the conformed Defendant's Reply to Plaintiffs'

17   Opposition to Defendant's Demurrer and Motion to Strike is attached herewith as

18   Exhibit 14.

19        19.  A true and correct copy of the Superior Court's conformed Order of

20   Dismissal of particular claims for this state court action is attached herewith as

21   Exhibit 15.

22        20.  A true and correct copy of the conformed Defendant State of California by

23   and through the California Highway Patrol's Answer to Plaintiffs' Complaint for

24   this state court action is attached herewith as Exhibit 16.

25        21.  A true and correct copy of the conformed Stipulation and Order for Leave

26   to File First Amended Complaint for this state court action is attached herewith as

27   Exhibit 17.

28   / / /

**TIMELINESS OF NOTICE OF REMOVAL**

22.  Defendants Dane Norem and Jeffrey McKee were served with the Summons and First Amended Complaint on March 17, 2021.  These defendants were not parties to the action prior to the filing and service of the First Amended Complaint.  Also, the First Amended Complaint was the first document that added federal law claims.  The 30-day removal period under 28 U.S.C. section 1446(b)(1) runs from the date of service of the Summons and First Amended Complaint on Defendants Dane Norem and Jeffrey McKee.  Since the service date was March 17, 2021, the 30-day removal period ends on April 16, 2021.  Therefore, this removal notice is timely, as it is being filed on or before April 16, 2021.

**REMOVAL JURISDICTION**

23.  Plaintiffs' First Amended Complaint added federal law claims under 42 U.S.C. § 1983 against Defendants Dane Norem and Jeffrey McKee.  These federal claims appear in counts 3 through 5 of the First Amended Complaint.  (Ex. 1, ¶¶ 43-59.)  Specifically, count 3 invokes 42 U.S.C. § 1983 and alleges that Defendants Norem and McKee acted under the color of state law and used excessive force against Plaintiffs' decedent Leroy Stephenson in violation of the Fourth Amendment to the United States Constitution.  (Ex. 1, ¶¶ 43-17.)  In count 4, Plaintiffs' allege due process claims under the Fourteenth Amendment to the United States Constitution and pursuant to 42 U.S.C. § 1983.  They contend that Defendants Norem and McKee unlawfully killed their father, Leroy Stephenson, and thereby deprived them of their substantive right to a parent-child relationship.  (Ex. 1, ¶¶ 48-52.)  Count 5 is a survivor claim under 42 U.S.C. § 1983 for alleged deprivation of Leroy Stephenson's life in violation of his substantive due process rights under the Fourteenth Amendment to the United States Constitution.  (Ex. 1, ¶¶ 53-59.)

/ / /

/ / /

5

24.  These federal claims are causes of action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).  The action is therefore subject to removal to this Court pursuant to 28 U.S.C. § 1441(a).

25.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).  The state law claims are based on the same alleged events and transactions that are raised by Plaintiffs in support of their claims that arise under the federal constitution and federal statute.  (Ex. 1, ¶¶ 15-41.)

**VENUE**

26.  The state action was filed in the Riverside County Superior Court.  The primary events giving rise to the action are alleged to have occurred on and near the Adams Street off-ramp on the westbound State Route 91 Freeway in the City and County of Riverside, California.  Therefore, venue in the Eastern Division of this Court is proper pursuant to 28 U.S.C. §§ 84(c)(1) and 1391(a) and (b).

**RELATED CASES**

27.  To the best of Defendants' knowledge, there are no related cases pending in this Court.

**JOINDER/CONSENT BY OTHER DEFENDANTS IN REMOVAL**

28.  The only other named Defendants in this action that has been served with the summons and the first amended complaint is Defendant State of California (by and through the California Highway Patrol).  Defendants have confirmed with Plaintiffs' counsel that, as of the time of filing this Notice of Removal, Plaintiffs have not yet served the other named Defendants in this action – i.e., County of Riverside and Matt Borden.

**NOTIFICATION TO ADVERSE PARTY**

29.  This Notice of Removal will be promptly served on Plaintiffs (through their attorney of record), and a copy of the same will be filed with the Clerk of the Superior Court of the State of California, County of Riverside.

1

**CONCLUSION**

2      Accordingly, this action is subject to removal from state to federal court, and

3  Defendants Dane Norem and Jeffrey McKee respectfully request that this civil

4  action be removed from the Superior Court of the State of California, County of

5  Riverside, to the Eastern Division of the United States District Court for the Central

6  District of California.

7

**DEMAND FOR JURY TRIAL**

8      Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby make a

9  demand for a jury trial on any issue triable of right by a jury.

10

11  Dated:  March 24, 2021                    Respectfully submitted,

12                                            MATTHEW RODRIQUEZ
                                              Acting Attorney General of California
13                                            RICHARD F. WOLFE
                                              Supervising Deputy Attorney General
14

15

16                                            */s/ Douglas E. Baxter*
                                              DOUGLAS E. BAXTER
17                                            Deputy Attorney General
                                              *Attorneys for Defendants Dane*
18                                            *Norem, Jeffrey McKee, and State of*
                                              *California (by and through the*
19                                            *California Highway Patrol)*

20

21

22

23

24

25

26

27

28  SD2020700119
    82787517.docx

7

**EXHIBIT 1**

**STEVEN A. LERMAN & ASSOCIATES, INC.**
Steven A. Lerman (SBN 055839)
Nicholas Lerman, Esq. (SBN 292656)
Email: slermanlaw@yahoo.com; nlermanesq@injurylawadvocates.com
6033 West Century Boulevard, Suite 740
Los Angeles, California 90045
Telephone: (310) 659-8166
Fax: (310) 285-0779

Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiffs DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON.

**FILED**
Superior Court of California
County of Riverside

2/8/2021
M. Preciado

Electronically Filed

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON.<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFRRY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. RIC1906137<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR:<br><br>1. Wrongful Death (Cal. Civil Proc. Code § 377.60)<br>2. Negligence (wrongful death);<br>3. Unreasonable Search and Seizure – Excessive Force (42 U.S.C. 42 § 1983);<br>4. Due Process – Interference with Familial Relationship (42 U.S.C. 42 § 1983);<br>5. Due Process – Deprivation of Life Without Due Process (42 U.S.C. 42 § 1983);<br>6. Municipal Liability – Inadequate Training (42 U.S.C. 42 § 1983)<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES
1

**COMES NOW** Plaintiffs Devonte Stephenson, Linden Stephenson and Keandre Stephenson, to hereby allege and complain as follows:

### PLAINTIFFS

1.  Plaintiff, DEVONTE STEPHENSON, is a surviving son of Decedent Leroy Stephenson, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. DEVONTE STEPHENSON, individually, is an "heir at law" of Decedent Leroy Stephenson, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, Leroy Stephenson, under California Code of Civil Procedure Section 377.60. Plaintiff DEVONTE STEPHENSON may maintain causes of action under California's Wrongful Death Statutes and pursuant to California Civil Code section 52.1.

2.  Plaintiff, KEANDRE STEPHENSON, is a surviving son of Decedent Leroy Stephenson, and at all times mentioned herein was an individual residing in San Bernardino County, State of California. KEANDRE STEPHENSON, individually, is an "heir at law" of Decedent Leroy Stephenson, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, Leroy Stephenson, under California Code of Civil Procedure Section 377.60. Plaintiff KEANDRE STEPHENSON may maintain causes of action under California's Wrongful Death Statutes and pursuant to California Civil Code section 52.1.

3.  Plaintiff, LINDEN STEPHENSON, is a surviving son of Decedent Leroy Stephenson, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. LINDEN STEPHENSON, individually, is an "heir at law" of Decedent Leroy Stephenson, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal

1  standing to maintain an action for wrongful death based upon the death of his father, Leroy Stephenson,

2  under California Code of Civil Procedure Section 377.60. Plaintiff LINDEN STEPHENSON may

3  maintain causes of action under California's Wrongful Death Statutes and pursuant to California Civil

4  Code section 52.1.

## DEFENDANTS

7      4.  Defendant State of California is a municipal entity located in the State of California; within

8  the territorial jurisdiction of this court.

9      5.  Defendant County of Riverside, hereinafter also referred to as "COUNTY", is a municipal

10  entity located in the State of California; within the territorial jurisdiction of this court.

12      6.  Defendant Dane Norem, hereinafter also referred to as "NOREM", is, and at all times

13  complained of herein, was, a peace officer employed by the California Highway Patrol, acting as an

14  individual person under the color of state law, in his individual capacity and was acting in the course of

15  and within the scope of his employment with the California Highway Patrol.

16      7.  Defendant Jeffrey McKee, hereinafter also referred to as "MCKEE", is, and at all times

17  complained of herein, was, a peace officer employed by the California Highway Patrol, acting as an

18  individual person under the color of state law, in his individual capacity and was acting in the course of

20  and within the scope of his employment with the California Highway Patrol.

21      8.  Defendant Matthew Borden, hereinafter also referred to as "BORDEN", is, and at all times

22  complained of herein, was, a peace officer / investigator employed by COUNTY (Riverside County

24  District Attorney's Office), acting as an individual person under the color of state law, in his individual

25  capacity and was acting in the course of and within the scope of his employment with the Riverside

26  County District Attorney's Office.

27      9.  At all times complained of herein, DOES 1 through 20, inclusive, were peace officers

## COMPLAINT FOR DAMAGES
3

employed by the California Highway Patrol / State of California or the Riverside County District Attorney's Office / COUNTY. At all times complained of here, DOES 1 through 20, inclusive were acting under the color of state law and were acting within the course and scope of their employment with the California Highway Patrol / State of California or the Riverside County District Attorney's Office / COUNTY.

10. Plaintiffs are informed and believe that Defendant DOES 1-20 are peace officers, supervisors, and/or staff of the California Highway Patrol and/or State of California or the Riverside County District Attorney's Office / COUNTY and are fictitiously named individuals whose true names are unknown at this time to Plaintiffs. The true names and capacities of DOES 1-20 are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names and will amend this complaint to allege their true names ad capacities when ascertained. Plaintiffs are informed and believe and based thereon alleges that each of the fictitious named defendants are responsible for the acts complained of herein.

11. At all relevant times herein, each of the Defendants was an agent, servant, or employee of each of the remaining Defendants acting under color of state and/or federal law, and was at all times acting within the time, purpose or scope of said agency or employment with the California Highway Patrol / State of California, and was acting with the express or implied knowledge, permission or consent of the remaining Defendants, and each of them. Each of the Defendants held out the other as its authorized representative and each of the Defendants ratified the conduct of its agents. At all times herein mentioned, DOES 1-20 were and are Defendants whose identity is unknown at this time to who supervised, controlled, or were in some manner responsible for the activities alleged herein and proximately caused Plaintiffs' damages.

COMPLAINT FOR DAMAGES
4

## PROCEDURAL PRE-REQUISITES TO SUIT WERE SATISFIED

12. Plaintiffs filed government tort claims to the State of California and this action was filed within six months of the denial of said claims.

13. Plaintiffs have submitted their application to file a late claim against COUNTY and BORDEN, as Plaintiffs have only recently learned that BORDEN was involved in the incident complained of, within the last six months.

14. Plaintiffs have contemporaneously filed declarations as successors in interest, establishing their right to bring this action as heirs.

## FACTUAL ALLEGATIONS

15.   On or about January 25, 2019, while walking on the Adams Avenue on-ramp to the 91 Freeway in Riverside, California, Decedent Leroy Stephenson was stopped by Defendants NOREM and DOES 1 through 20, inclusive.

16.   NOREM and DOES 1 through 20, inclusive, ordered Leroy Stephenson to go to the shoulder of the off ramp.

17. Leroy Stephenson initially complied and walked towards the shoulder. Leroy Stephenson then began walking down the off-ramp again.

18.   Notwithstanding the fact that Decedent Leroy Stephenson was merely walking away, Defendant NOREM deployed his taser at Mr. Stephenson which struck Mr. Stephenson and caused him to fall to the ground.

19.   Defendant NOREM then got on top of Mr. Stephenson and tased Mr. Stephenson an additional three times while Mr. Stephenson was on the ground.

20.   Defendant BORDEN then apparently drove by and saw NOREM tasering Mr. Stephenson. BORDEN got out of his car and began assisting NOREM.

COMPLAINT FOR DAMAGES
5

21. NOREM then placed Mr. Stephenson in handcuffs.

22. While Mr. Stephenson was on his belly with his hands cuffed behind his back, Defendant NOREM continued to press all of his body weight on to Mr. Stephenson's back.

23. While Mr. Stephenson was on his belly with his hands cuffed behind his back, and while Defendant NOREM was pressing all of his weight on to Mr. Stephenson's back, Defendant BORDEN decided to press Mr. Stephenson's shoulders down on to the ground.

24. Defendants NOREM and BORDEN were compressing Mr. Stephenson onto the ground notwithstanding the fact that Mr. Stephenson was not resisting and was merely laying on his stomach with his hands cuffed behind his back.

25. Defendant MCKEE then arrived on scene and observed NOREM and BORDEN pressing Mr. Stephenson onto the asphalt.

26. Mr. Stephenson was still merely laying on his belly with his hands cuffed behind his back. Mr. Stephenson was not resisting and was not trying to get up.

27. Defendant MCKEE approached Mr. Stephenson, crossed Mr. Stephenson's legs and pressed them towards Mr. Stephenson's buttocks.

28. Defendants NOREM, BORDEN and MCKEE continued to press Mr. Stephenson on to the ground until Mr. Stephenson stopped breathing and lost his pulse.

29. Mr. Stephenson ultimately died from the positional asphyxiation that Defendants NOREM, BORDEN, MCKEE and DOES 1 through 20, inclusive caused.

30.    At no point during the incident complained of in this action, did Decedent Leroy Stephenson act violently towards the defendants or anyone else. At no point did Decedent Leroy Stephenson do anything to justify the use of force against him.

COMPLAINT FOR DAMAGES
6

**FIRST CAUSE OF ACTION**
**Wrongful Death**
**(Cal. Civil Proc. Code § 377.60)**
**Under California State Law**
**(By Plaintiffs, against all Norem, Mckee and DOES 1 through 30)**

31.     Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 30, inclusive, above, as if set forth in full herein.

32.     NOREM, MCKEE and DOES 1 through 30, inclusive, while working as peace officers for STATE OF CALIFORNIA, and acting within the course and scope of their duties, intentionally killed Decedent Leroy Stephenson, and used unreasonable and excessive force against him.

33.     NOREM, MCKEE and DOES 1 through 20, inclusive, had no legal justification for the level of force against Decedent Leroy Stephenson, and their use of force was an unreasonable and nonprivileged use of force, and, under the circumstances, was outrageous, and constituted a breach of said defendants' duties to use due care toward members of the public similarly situated.

34.   NOREM, MCKEE and DOES 1 through 20, inclusive, while working as a peace officer for STATE OF CALIFORNIA and acting within the course and scope of their duties, intentionally killed Decedent Leroy Stephenson and used unreasonable and excessive force against him.

35.     NOREM, MCKEE, and DOES 1 through 20, inclusive, had no legal justification for using the level of force used against Decedent Leroy Stephenson, and their use of force while carrying out their duties as peace officers was an unreasonable and nonprivileged use of force.

36.     As a direct and proximate result of the conduct of NOREM, MCKEE, and DOES 1 through 20, inclusive, as alleged above, Decedent Leroy Stephenson sustained severe injuries, and ultimately terminal physical injuries, and died from said injuries.

37.     STATE OF CALIFORNIA is vicariously liable for the wrongful acts of NOREM, MCKEE, and DOES 1 through 20, inclusive, pursuant to sections 815.2(a), 820, 820.2, 820.8 of the California Government Code, as well as pursuant to Cal. Civil Proc. Code § 377.60.

38.     The actions of said defendants in unlawfully killing Decedent Leroy Stephenson, caused plaintiffs to suffer the loss of the society, comfort, solace, society and love of Decedent Leroy

COMPLAINT FOR DAMAGES
7

Ex. 1
015

Stephenson, as well as special damages such as funeral / burial expenses and other associated special damages.

## SECOND CAUSE OF ACTION
### Negligence
### Under California State Law
### (Cal. Civil Code § 1714)
### (By Plaintiffs, against all Norem, Mckee and DOES 1 through 30)

39.     Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 38, inclusive, above, as if set forth in full herein.

40.     Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

41.     Defendants breached this duty of care. Upon information and belief, the actions and inactions of defendants were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Decedent Leroy Stephenson;

    (b) the negligent tactics and handling of the situation with Decedent Leroy Stephenson, including negligent use of force;

    (c) the negligent detention, arrest, and use of force, including deadly force, against Decedent Leroy Stephenson;

    (e) the failure to properly train and supervise employees, both professional and non-professional, including NOREM, MCKEE, and DOE Officers;

    (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent Leroy Stephenson;

    (g) the negligent handling of evidence and witnesses; and

    (h) the negligent communication of information during the incident.

42.     The actions of said defendants in unlawfully killing Decedent Leroy Stephenson, caused plaintiffs to suffer the loss of the society, comfort, solace, society and love of Decedent Leroy

COMPLAINT FOR DAMAGES

8

Stephenson, as well as special damages such as funeral / burial expenses and other associated special damages.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights -
### Excessive/Unreasonable Use of Force on Person
### (By all Plaintiffs, Against NOREM, MCKEE, BORDEN, and DOES 1 through 20, inclusive)

43.    Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 42 inclusive, above, as if set forth in full herein.

44.    As mentioned above and in addition to the above and foregoing, Defendants NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive, seized Leroy Stephenson in an unreasonable manner, when they unreasonably compressed his body into the ground while he was on his belly; handcuffed behind his back; all immediately after he was tasered four times. None of the force used against Leroy Stephenson, as Ms. Stephenson was not resisting and was merely laying on his stomach with his hands cuffed behind his back.

45.    The actions of Defendants NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive, as complained above herein, constituted a violation of Leroy Stephenson's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

46.    Plaintiffs bring this claim as successors-in-interest to Leroy Stephenson, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Leroy Stephenson's rights. Leroy Stephenson incurred other special and general damages and expenses in an amount to be proven at trial.

47.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Leroy Stephenson's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant STATE OF CALIFORNIA and COUNTY, in an amount to be proven at trial.

COMPLAINT FOR DAMAGES
9

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**LOSS OF PARENT-CHILD RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW**
**UNDER THE FOURTH AND FOURTEENTH AMENDMENTS**
**(By all Plaintiffs, Against NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive)**

48.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

49.    The unlawful killing of plaintiff's deceased, Leroy Stephenson, by NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive, deprived Plaintiffs and Leroy Stephenson of their Parent – Child Relationship, guaranteed to them under the Fourteenth Amendment to the United States Constitution

50.    The use of unreasonable force upon Leroy Stephenson that resulted in the unlawful killing of him by NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive, was done intentionally, was done in a manner that constituted the use of unreasonable force, and was done in a manner that constituted a deliberate indifference to and reckless disregard of Leroy Stephenson's life and to said Child-Parent Relationship, and constituted outrageous behavior that is shocking to the conscience.

51.    The unlawful killing of Leroy Stephenson, by NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive, above-referenced, also caused Plaintiffs to suffer the loss of Leroy Stephenson's society, solace and comfort, companionship, as well as caused her to suffer great mental, emotional and distress, pain and suffering in an amount to be shown at trial.

52.    The unlawful killing of Leroy Stephenson by NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive, above-referenced, was done maliciously and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive damages against said defendants (save STATE OF CALIFORNIA and COUNTY); all in an amount to be shown at trial.

COMPLAINT FOR DAMAGES
10

### FIFTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**DEPRIVATION OF LIFE WITHOUT DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT[1]**
**(By Plaintiffs, Against NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive)**

53.     Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54.     As shown above, Decedent Leroy Stephenson the victim of excessive force and was unlawfully and unjustifiably killed, with malice, by NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive.

55.     The unlawful killing of Decedent Leroy Stephenson was done without the due process of the laws of the United States of America and the State of California.

56.     Said denial of Decedent Leroy Stephenson's right not to be deprived of his life without due process of law caused Decedent Leroy Stephenson to suffer severe physical

57.     The actions of Defendants NOREM, MCKEE, BORDEN and DOES 1 through 20, inclusive, as complained above herein, constituted a violation of Decedent Leroy Stephenon's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

58.     Plaintiffs bring this claim as successor-in-interest to Decedent Leroy Stephenson, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Decedent Leroy Stephenson's rights. Decedent Leroy Stephenson incurred other special and general damages and expenses in an amount to be proven at trial.

59.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Decedent Leroy Stephenson's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

---

[1] And as otherwise provided for under the United States Constitution as those other rights retained by the People (U.S. Const. Amend. 9)

COMPLAINT FOR DAMAGES
11

### SIXTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### Municipal Liability —Failure to Train
### (Against Defendant COUNTY)

60.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, inclusive, above, as if set forth in full herein.

61.  Defendant BORDEN and DOES 1 through 20, inclusive, acted under the color of law.

62.  The acts of Defendants BORDEN and DOES 1 through 20, inclusive, deprived Leroy Stephenson and Plaintiffs of their particular rights under the United States Constitution.

63.  The training policies of COUNTY were not adequate to train its peace officers to handle the usual and recurring situations with which they must deal. Specifically, COUNTY has failed to train their peace officers on how to prevent themselves from causing a subject to suffer from positional asphyxiation.

64.  Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

65.  The failure of COUNTY to provide adequate training caused the deprivation of Leroy Stephenson's and Plaintiffs' rights by BORDEN and DOES 1 through 20, inclusive; that is, Defendants' failure to train is so closely related to the deprivation of Leroy Stephenson's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

66.  On information and belief, COUNTY failed to train BORDEN and DOES 1 through 20, inclusive, properly and adequately.

67.  By reason of the aforementioned acts and omissions, Leroy Stephenson and Plaintiffs have suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also cause Plaintiffs' pain and suffering, loss of enjoyment of life and death.

68.  Accordingly, Defendants COUNTY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

69.  Plaintiffs bring this claim as successor-in-interest to Leroy Stephenson, and seek survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment

COMPLAINT FOR DAMAGES
12

1  of life, and wrongful death damages for the violation of Leroy Stephenson's rights. Plaintiffs incurred

2  other special and general damages and expenses in an amount to be proven at trial.

3

**WHEREFORE**, plaintiffs pray for judgment as follows:

4

5   a) For a judgment against all defendants for compensatory damages,

6   b) For a judgment against all defendants, save defendant State of California and County

7      of Riverside, for punitive damages;

8   c) For an award of reasonable attorney's fees and costs;

9   d) For a trial by jury; and

10

11   e) For such other and further relief as this honorable court deems just and equitable.

12

13

14  _____

           STEVEN A. LERMAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES
13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

C.C.P. §1013(A)(3)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6033 W. Century Bl. #740, Los Angeles, CA 90045.

On Jan. 11, 2021, I served the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** on all interested parties in this action by placing (x) the original ( ) a true copy thereof enclosed in sealed envelopes addressed as follow:

Richard Wolfe, Supervising DAG
Tim Van Heudel, DAG
State of California
600 W. Broadway, Suite 1800
San Diego, CA 92101
PO Box 85266
San Diego, CA 92186-5266
Phone: (619) 738-9095
Fax: (619) 645-2581
Attys for Defendant State of California, by and through the CA Highway Patrol

(X) By Regular U.S. Mail
(X) By email: douglas.baxter@doj.ca.gov; tim.vandenheuvel@doj.ca.gov
(X) By Fax: above fax number

( ) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

(X) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Executed on Jan. 11, 2021 in Los Angeles, California.
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Cherry Cochrell

**EXHIBIT 2**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| |
|---|
| FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
| F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>DEC 1 8 2019<br><br>M. Preciado |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE OF CALIFORNIA; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Riverside Superior Court<br>4050 Main St., Riverside, CA 92501 | CASE NUMBER: (Número del Caso):<br>RIC1906137 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Steven Lerman and Associates, 6033 W. Century Blvd. Suite 740, Los Angeles, CA 90045; 310/ 659-8166

| DATE:<br>(Fecha) | 12/18/19 | Clerk, by<br>(Secretario) | M. Preciado | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☒ as an individual defendant. Jeffrey Milvel
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):

4. ☒ by personal delivery on (date) 3-17-21

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

**EXHIBIT 3**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 1 8 2019

M. Preciado

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE OF CALIFORNIA; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*<br>Riverside Superior Court<br>4050 Main St., Riverside, CA 62501 | CASE NUMBER: *(Número del Caso):*<br>RIC1901937 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven Lerman and Associates, 6033 W. Century Blvd. Suite 740, Los Angeles, CA 90045; 310/ 659-8166

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* 12/18/19 | Clerk, by *M. Preciado*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant. Quinn Norem
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date)* 3-17-21

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT 4**

FAXED    ● □ ORIGINAL ●

1  STEVEN A. LERMAN & ASSOCIATES, INC.
   Steven A. Lerman (SBN 055839)
2  Nicholas Lerman, Esq. (SBN 292656)
   Email: slermanlaw@yahoo.com; nlermanesq@injurylawadvocates.com
3  6033 West Century Boulevard, Suite 740
   Los Angeles, California 90045
4  Telephone: (310) 659-8166
   Fax: (310) 285-0779
5
   Gregory Peacock, Esq. (SBN 277669)
6  **LAW OFFICE OF GREGORY PEACOCK**
   4425 Jamboree Road, Suite 130
7  Newport Beach, CA 92660
   Telephone: (949) 292-7478
8  Email: gregorypeacockesq@gmail.com
9
10 Attorneys for Plaintiffs DEVONTE STEPHENSON, individually and as successor in interest to Decedent
   LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent
11 LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to
   Decedent LEROY STEPHENSON.
12
13              SUPERIOR COURT FOR THE STATE OF CALIFORNIA
14                        COUNTY OF RIVERSIDE
15 DEVONTE STEPHENSON, individually and as ) Case No.  RIC 1906137
16 successor in interest to Decedent LEROY      )
   STEPHENSON; LINDEN STEPHENSON,             ) COMPLAINT FOR DAMAGES FOR:
17 individually and as successor in interest to )
   Decedent LEROY STEPHENSON; KEANDRE )          1.  Battery (wrongful death)
18 STEPHENSON, individually and as successor in )  2.  False Arrest / False Imprisonment
   interest to Decedent LEROY STEPHENSON.     )    3.  Violation of Cal. Civil Code §52.1
19                                              )    4.  Negligence (wrongful death)
                                                )
20         Plaintiffs,                          )
                                                ) **JURY TRIAL DEMANDED**
21      vs.                                     )
                                                )
22                                              )
   STATE OF CALIFORNIA; and DOES 1            ))
23 through 100, inclusive,                     ))
                                                )
24      Defendants.                            )
25 _____ )
26
27          **COMES NOW** Plaintiffs Devonte Stephenson, Linden Stephenson and Keandre Stephenson, to
28 hereby allege and complain as follows:

                        COMPLAINT FOR DAMAGES
                                 1

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 18 2019

M. Preciado

DEC 18 2019

**PLAINTIFFS**

1. Plaintiff, DEVONTE STEPHENSON, is a surviving son of Decedent Leroy Stephenson, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. DEVONTE STEPHENSON, individually, is an "heir at law" of Decedent Leroy Stephenson, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, Leroy Stephenson, under California Code of Civil Procedure Section 377.60. Plaintiff DEVONTE STEPHENSON may maintain causes of action under California's Wrongful Death Statutes and pursuant to California Civil Code section 52.1.

2. Plaintiff, KEANDRE STEPHENSON, is a surviving son of Decedent Leroy Stephenson, and at all times mentioned herein was an individual residing in San Bernardino County, State of California. KEANDRE STEPHENSON, individually, is an "heir at law" of Decedent Leroy Stephenson, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, Leroy Stephenson, under California Code of Civil Procedure Section 377.60. Plaintiff KEANDRE STEPHENSON may maintain causes of action under California's Wrongful Death Statutes and pursuant to California Civil Code section 52.1.

3. Plaintiff, LINDEN STEPHENSON, is a surviving son of Decedent Leroy Stephenson, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. LINDEN STEPHENSON, individually, is an "heir at law" of Decedent Leroy Stephenson, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, Leroy Stephenson, under California Code of Civil Procedure Section 377.60. Plaintiff LINDEN

**COMPLAINT FOR DAMAGES**
2

STEPHENSON may maintain causes of action under California's Wrongful Death Statutes and pursuant to California Civil Code section 52.1.

## DEFENDANTS

4.  Plaintiffs are informed and believe that Defendant STATE OF CALIFORNIA, is a government entity, located within the jurisdiction of this Court.

5.  At all times complained of herein, DOES 1 through 20, inclusive, were peace officers employed by the California Highway Patrol / State of California. At all times complained of here, DOES 1 through 20, inclusive were acting under the color of state law and were acting within the course and scope of their employment with the California Highway Patrol / State of California.

6.  Plaintiffs are informed and believe that Defendant DOES 1-20 are peace officers, supervisors, and/or staff of the California Highway Patrol and/or State of California and are fictitiously named individuals whose true names are unknown at this time to Plaintiffs. The true names and capacities of DOES 1-20 are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names and will amend this complaint to allege their true names ad capacities when ascertained. Plaintiffs are informed and believe and based thereon alleges that each of the fictitious named defendants are responsible for the acts complained of herein.

7.  At all relevant times herein, each of the Defendants was an agent, servant, or employee of each of the remaining Defendants acting under color of state and/or federal law, and was at all times acting within the time, purpose or scope of said agency or employment with the California Highway Patrol / State of California, and was acting with the express or implied knowledge, permission or consent of the remaining Defendants, and each of them. Each of the Defendants held out the other as its authorized representative and each of the Defendants ratified the conduct of its agents. At all times herein mentioned, DOES 1-20 were and are Defendants whose identity is unknown at this time to who

## COMPLAINT FOR DAMAGES
3

supervised, controlled, or were in some manner responsible for the activities alleged herein and proximately caused Plaintiffs' damages.

## PROCEDURAL PRE-REQUISITES TO SUIT WERE SATISFIED

8.   Plaintiffs filed government tort claims to the State of California and this action is being filed within six months of the denial of said claims.

9.   Plaintiffs have contemporaneously filed declarations as successors in interest, establishing their right to bring this action as heirs.

## FACTUAL ALLEGATIONS

10.   On or about January 25, 2019, while walking near the Adams Avenue on-ramp to the 91 Freeway in Riverside, California, Defendants DOES 1 through 20, inclusive, while acting within the course and scope of their duties as peace officers of the California Highway Patrol, approached Decedent Leroy Stephenson.

11.   Decedent Leroy Stephenson was not acting unlawfully and there was no reason for believe that criminality was afoot.

12.   Notwithstanding the fact that Decedent Leroy Stephenson was merely walking, DOES 1 through 20, inclusive, attempted to speak with Decedent Leroy Stephenson.

13.   When Decedent Leroy Stephenson did not stop and continued to walk away from the officers, Defendants DOES 1 through 20, inclusive, began tasering Decedent Leroy Stephenson multiple times.

14.   Decedent Leroy Stephenson went down to the ground where DOES 1 through 20, inclusive, continued to taser him. While on the ground, Defendant DOES 1 through 20, inclusive, began punching and striking Decedent Leroy Stephenson.

15.   At no point during the incident complained of in this action, did Decedent

## COMPLAINT FOR DAMAGES
4

Leroy Stephenson act violently towards the defendants or anyone else. At no point did Decedent Leroy Stephenson do anything to justify the use of force against him.

16.    Decedent Leroy Stephenson was taken to the hospital where he ultimately died as a result of the unlawful use of force used against him, by Defendants DOES 1 through 20, inclusive.

## FIRST CAUSE OF ACTION
### Wrongful Death
### (Cal. Civil Proc. Code § 377.60)
### Under California State Law
### (By Plaintiffs, against Defendants STATE OF CALIFORNIA and DOES 1 through 20, inclusive)

17.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18.    DOES 1 through 20, inclusive, while working as peace officers for STATE OF CALIFORNIA, and acting within the course and scope of their duties, intentionally killed Decedent Leroy Stephenson, and used unreasonable and excessive force against him.

19.    DOES 1 through 20, inclusive, had no legal justification for using force against Decedent Leroy Stephenson, and their use of force while carrying out their duties as peace officers was an unreasonable and nonprivileged use of force, and, under the circumstances, was outrageous, and constituted a breach of said defendants' duties to use due care toward members of the public similarly situated.

20.    DOES 1 through 20, inclusive, while working as a peace officer for STATE OF CALIFORNIA, and acting within the course and scope of their duties, intentionally killed Decedent Leroy Stephenson and used unreasonable and excessive force against him.

21.    DOES 1 through 20, inclusive, had no legal justification for using force against Decedent Leroy Stephenson, and their use of force while carrying out their duties as peace officers was an unreasonable and nonprivileged use of force.

COMPLAINT FOR DAMAGES
5

22.    As a direct and proximate result of the conduct of DOES 1 through 20, inclusive, as alleged above, Decedent Leroy Stephenson sustained severe, and ultimately terminal physical injuries, and died from said injuries.

23.    STATE OF CALIFORNIA is vicariously liable for the wrongful acts of DOES 1 through 20, inclusive, pursuant to sections 815.2(a), 820, 820.2, 820.8 of the California Government Code, as well as pursuant to Cal. Civil Proc. Code § 377.60.

24.    The conduct of DOES 1 through 20, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of plaintiff and Decedent Leroy Stephenson, entitling plaintiffs, individually, to an award of exemplary and punitive damages, against defendants DOES 1 through 20, inclusive[1].

25.    The actions of said defendants in unlawfully killing Decedent Leroy Stephenson, caused plaintiffs to suffer the loss of the society, comfort, solace, society and love of Decedent Leroy Stephenson, as well as special damages such as funeral / burial expenses and other associated special damages.

26.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of PLAINTIFFS' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for defendant STATE OF CALIFORNIA, in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
#### False Arrest / False Imprisonment
#### Under California State Law
**(By Plaintiffs, against Defendants STATE OF CALIFORNIA and DOES 1 through 20, inclusive)**

27.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 26, inclusive, above, as if set forth in full herein.

28.    Defendants DOES 1 through 20, inclusive, did not have probable cause or reasonable suspicion to believe that Decedent Leroy Stephenson had committed a crime, or that criminality was afoot.

---

[1] But not defendant STATE OF CALIFORNIA.

COMPLAINT FOR DAMAGES

6

29.. Defendants DOES 1 through 20, inclusive, restrained, brutalized and deprived Decedent Leroy Stephenson of his liberty.

30.    Defendants DOES 1 through 20, inclusive, intentionally deprived Decedent Leroy Stephenson of his freedom of movement by use of physical force and violence.

31.    Decedent Leroy Stephenson did not consent to said deprivation of his freedom of movement by Defendants DOES 1 through 20, inclusive, or to the use of force and violence upon him.

32.    Decedent Leroy Stephenson suffered harm because of said deprivation of his freedom of movement by Defendants DOES 1 through 20, inclusive.

33.    The actions committed by Defendants DOES 1 through 20, inclusive, as complained of herein, constituted a false arrest / false imprisonment of Decedent Leroy Stephenson under California state law.

34.    Defendants DOES 1 through 20, inclusive, are liable to Plaintiffs for said false arrest / false imprisonment, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.2, 820.8, and otherwise pursuant to the common-law.

35.    Plaintiffs bring this claim as successors-in-interest to Decedent Leroy Stephenson, and seek survival damages, including physical and mental pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Decedent Leroy Stephenson's rights. Decedent Leroy Stephenson incurred other special and general damages and expenses.

36.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiffs' and Decedent's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant STATE OF CALIFORNIA.

///
///
///
///
///
///

COMPLAINT FOR DAMAGES

7

**THIRD CAUSE OF ACTION**
Negligence
Under California State Law
(Cal. Civil Code § 1714)
**(By Plaintiffs, against Defendants STATE OF CALIFORNIA and DOES 1 through 20, inclusive)**

37.     Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 36, inclusive, above, as if set forth in full herein.

38.     Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

39.     Defendants breached this duty of care. Upon information and belief, the actions and inactions of defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Decedent Leroy Stephenson;

(b) the negligent tactics and handling of the situation with Decedent Leroy Stephenson, including force negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against Decedent Leroy Stephenson;

(e) the failure to properly train and supervise employees, both professional and non-professional, including DOE Officers;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent Leroy Stephenson;

(g) the negligent handling of evidence and witnesses; and

(h) the negligent communication of information during the incident.

40.     As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent Leroy Stephenson was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish, and incurred substantial medical bills and costs and other special damages, in an amount to be proven at trial.

COMPLAINT FOR DAMAGES

8

# FOURTH CAUSE OF ACTION
### Battery
### Under California State Law
**(By Plaintiffs, against Defendants STATE OF CALIFORNIA and DOES 1 through 20, inclusive)**

41.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 40, inclusive, above, as if set forth in full herein.

42.     DOES 1 through 20, inclusive, while working as peace officers for STATE OF CALIFORNIA, and acting within the course and scope of their duties, intentionally killed Decedent Leroy Stephenson and used unreasonable and excessive force against him.

43.     As a result of the actions DOES 1 through 20, inclusive, Decedent Leroy Stephenson suffered severe pain and suffering, loss of enjoyment of life, and ultimately died of his injuries. DOES 1 through 20, inclusive, had no legal justification for using force against Decedent Leroy Stephenson, and their use of force while carrying out their duties as peace officers was an unreasonable and nonprivileged use of force.

44.     DOES 1 through 20, inclusive, while working as a peace officer for STATE OF CALIFORNIA, and acting within the course and scope of their duties, intentionally killed Decedent Leroy Stephenson and used unreasonable and excessive force against him.

45.     As a result of the actions of DOES 1 through 20, inclusive, Decedent Leroy Stephenson suffered severe pain and suffering. DOES 1 through 20, inclusive, had no legal justification for using force against Decedent Leroy Stephenson, and their use of force while carrying out their duties as peace officers was an unreasonable and nonprivileged use of force.

46.     As a direct and proximate result of the conduct of DOES 1 through 20, inclusive, as alleged above, Decedent Leroy Stephenson sustained injuries and died from his injuries and also lost his earning capacity. Decedent Leroy Stephenson also incurred substantial medical bills and costs, loss of life, and loss of enjoyment of life.

47.     STATE OF CALIFORNIA is vicariously liable for the wrongful acts of DOES 1 through 20, inclusive, pursuant to sections 815.2(a) and 820 of the California Government Code.

48.     The conduct of DOES 1 through 20, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of plaintiffs and Decedent Leroy Stephenson,

COMPLAINT FOR DAMAGES
9

1   entitling Plaintiffs, individually, and as successors-in-interest to Decedent Leroy Stephenson, to an

2   award of exemplary and punitive damages, save STATE OF CALIFORNIA.

3       49.   The actions by said defendants were committed maliciously, oppressively and in reckless

4   disregard of Decedent Leroy Stephenson's and Plaintiffs' rights, sufficient for an award of punitive /

5   exemplary damages against all defendants and each of them, save for defendant STATE OF

6   CALIFORNIA, in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(By Plaintiffs, against Defendants STATE OF CALIFORNIA and DOES 1 through 20, inclusive)**

      50.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in

paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

      51.   On information and belief, Defendants DOES 1 through 20, inclusive while working for

the STATE OF CALIFORNIA and acting within the course and scope of their duties, intentionally

committed acts of violence against Decedent Leroy Stephenson.

      52.   Defendants DOES 1 through 20, inclusive, interfered with Decedent Leroy Stephenson's

civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the

laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and

property.

      53.   On information and belief, defendants intentionally and spitefully committed the above

acts to discourage MUNTEAN from exercising his civil rights, to retaliate against him for invoking such

rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

      54.   On information and belief, Decedent Leroy Stephenson reasonably believed and

understood that the violent acts committed by Defendants DOES 1 through 20, inclusive were intended

to discourage him from exercising the above civil rights, to retaliate against him, or invoking such

rights, or to prevent him from exercising such rights.

      55.   As a proximate and direct result of defendants' actions, Decedent Leroy Stephenson

suffered loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of

Decedent Leroy Stephenson's rights. Decedent Leroy Stephenson and Plaintiffs incurred other special

and general damages and expenses in an amount to be proven at trial.

COMPLAINT FOR DAMAGES
10

56.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiffs' and Decedent Leroy Stephenson's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for defendant STATE OF CALIFORNIA, in an amount to be proven at trial.

57.     In addition, as a result of the actions of Defendants DOES 1 through 20, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiffs are entitled an award of treble compensatory damages against said defendants, and each of them.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)   For a judgment against all defendants for compensatory damages;

b)   For a judgment against all defendants, save defendant State of California, for punitive damages;

c)   For an award of reasonable attorney's fees and costs;

d)   For a trial by jury; and

e)   For such other and further relief as this honorable court deems just and equitable.

Dated: 12/13/2019

STEVEN A. LERMAN

COMPLAINT FOR DAMAGES
11

Ex. 4
038

**EXHIBIT 5**

FAXED

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Steven Lerman and Associates, SBN 055839<br>Nicholas Lerman, Esq. SBN 292666<br>6033 W. Century Blvd. Suite 740<br>Los Angeles, CA 90045 | |

TELEPHONE NO.: 310/659-8166    FAX NO.: 310/285-077

ATTORNEY FOR *(Name)*: Plaintiff Devonte Stephenson et al

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside

STREET ADDRESS: 4050 Main St.

MAILING ADDRESS: Same

CITY AND ZIP CODE: Riverside, CA 92501

BRANCH NAME: RIVERSIDE HISTORIC COURT

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 1 8 2019

M. Preciado

CASE NAME:
DEVONTE STEPHENSON et al v STATE OF CALIFORNIA

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | RIC1900137 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Dec. 9, 2019

Steven Lerman, Esq

(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
　　Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
　　*case involves an uninsured*
　　*motorist claim subject to*
　　*arbitration, check this item*
　　*instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/
　　　Wrongful Death
Product Liability *(not asbestos or*
　　*toxic/environmental)* (24)
Medical Malpractice (45)
　　Medical Malpractice–
　　　Physicians & Surgeons
　　Other Professional Health Care
　　　Malpractice
Other PI/PD/WD (23)
　　Premises Liability (e.g., slip
　　　and fall)
　　Intentional Bodily Injury/PD/WD
　　　(e.g., assault, vandalism)
　　Intentional Infliction of
　　　Emotional Distress
　　Negligent Infliction of
　　　Emotional Distress
　　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　　Practice (07)
Civil Rights (e.g., discrimination,
　　false arrest) *(not civil
　　harassment)* (08)
Defamation (e.g., slander, libel)
　　(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice
　　　*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　　Breach of Rental/Lease
　　　Contract *(not unlawful detainer
　　　　or wrongful eviction)*
　　Contract/Warranty Breach–Seller
　　　Plaintiff *(not fraud or negligence)*
　　Negligent Breach of Contract/
　　　Warranty
　　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　　book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections
　　　Case
Insurance Coverage *(not provisionally
　　complex)* (18)
　　Auto Subrogation
　　Other Coverage
Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
　　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property *(not eminent
　　　domain, landlord/tenant, or
　　　foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
　　drugs, check this item; otherwise,
　　report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court
　　　Case Matter
　　Writ–Other Limited Court Case
　　　Review
Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor
　　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　　*(arising from provisionally complex
　　case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　　Abstract of Judgment (Out of
　　　County)
　　Confession of Judgment *(non-
　　　domestic relations)*
　　Sister State Judgment
　　Administrative Agency Award
　　　*(not unpaid taxes)*
　　Petition/Certification of Entry of
　　　Judgment on Unpaid Taxes
　　Other Enforcement of Judgment
　　　Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
　　above)* (42)
　　Declaratory Relief Only
　　Injunctive Relief Only *(non-
　　　harassment)*
　　Mechanics Lien
　　Other Commercial Complaint
　　　Case *(non-tort/non-complex)*
　　Other Civil Complaint
　　　*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
　　Governance (21)
Other Petition *(not specified
　　above)* (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult
　　　Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief From Late
　　　Claim
　　Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Ex. 5
041

**EXHIBIT 6**

  

FAXED   ORIGINAL

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*:
Steven Lerman and Associates, SBN 055839
Nicholas Lerman, Esq. SBN 292656
6033 W. Century Blvd. Suite 740
Los Angeles, CA 90045

TELEPHONE NO.: 310/659-8166   FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiffs Devonte Stephenson, et al

FOR COURT USE ONLY

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 18 2019

M. Preciado

PLAINTIFF/PETITIONER: DEVONTE STEPHENSON et al

DEFENDANT/RESPONDENT: STATE OF CALIFORNIA, AND DOES 1 through 100

CASE NUMBER: RIC1906137

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:   92504

☐   The action concerns real property located in the zip code of:   _____

☐   The Defendant resides in the zip code of:   _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   12/9/2019

Steven Lerman
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

►   (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]
(Reformatted 01/07/19)

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

Ex. 6
043

**EXHIBIT 7**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES
AND NOTICE OF CASE MANAGEMENT CONFERENCE

STEPHENSON VS STATE OF CALIFORNIA

CASE NO. RIC1906137

This case is assigned to the Honorable Judge Craig G. Riemer  in Department 01  for all purposes, including trial.

The  Case Management Conference is scheduled for 05/18/20  at  8:30  in Department 01.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6  shall be filed in accordance with that section. The court follows California Rules of Court, Rule 3.1308(a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the Internet by 3:00 pm on the court day immediately before the hearing at <http://www.riverside.courts.ca.gov/tentativerulings.shtml>. If you do not have internet access, you may obtain the tentative ruling by telephone at (760)904-5722.

To request oral argument, not later than 4:30 pm on the court day before the hearing you must (1) notify the judicial secretary at (760)904-5722 and (2) inform all other parties. If no request for oral argument is made by 4:30 pm, the tentative ruling will become the final ruling on the matter effective the date of the hearing.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 12/18/19                                    by: _____
                                                      MARIA M PRECIADO, Deputy Clerk

cdacmc
12/0/10

**EXHIBIT 8**



FAXED   ●   ▭   ORIGINAL   ●

1
2  **STEVEN A. LERMAN & ASSOCIATES, INC.**
   Steven A. Lerman (SBN 055839)
3  Nicholas Lerman, Esq. (SBN 292656)
   Email: slermanlaw@yahoo.com; nlermanesq@injurylawadvocates.com
   6033 West Century Boulevard, Suite 740
4  Los Angeles, California 90045
   Telephone: (310) 659-8166
5
6  Gregory Peacock, Esq. (SBN 277669)
   **LAW OFFICE OF GREGORY PEACOCK**
7  4425 Jamboree Road, Suite 130
   Newport Beach, CA 92660
8  Telephone: (949) 292-7478
   Email: gregorypeacockesq@gmail.com
9

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 1 8 2019

M. Preciado

SG

DEC 1 8 2019

10  Attorneys for Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson

11              SUPERIOR COURT FOR THE STATE OF CALIFORNIA
12                            COUNTY OF RIVERSIDE

13  DEVONTE STEPHENSON, individually and as )  Case No. RIC1906137
    successor in interest to Decedent Leroy        )
14  Stephenson; LINDEN STEPHENSON,              )  DECLARATION OF DEVONTE STEPHENSON
    individually and as successor in interest to   )  REGARDING STANDING AS SUCCESSOR IN
15  Decedent Leroy Stephenson; KEANDRE         )  INTEREST TO CLAIMS OF PLAINTIFF'S
    STEPHENSON, individually and as successor in )  DECEDENT LEROY STEPHENSON
16  interest to Decedent Leroy Stephenson.       )
17                                                )
                                                  )
18          Plaintiffs,                           )
                                                  )
19          vs.                                   )
                                                  )
20  STATE OF CALIFORNIA; and DOES 1            )
21  through 100, inclusive,                      )
                                                  )
22          Defendants.                          )

23  _____

24  ///
25  ///
26  ///
27  ///
28  ///

        DECLARATION OF DEVONTE STEPHENSON REGARDING STANDING AS SUCCESSOR IN
           INTEREST TO CLAIMS OF PLAINTIFF'S DECEDENT LEROY STEPHENSON
                                        1

1) I am the successor in interest of Leroy Stephenson, deceased. All matters in this declaration are true of my own knowledge.

2) I am the legal and natural son of Decedent Leroy Stephenson.

3) The decedent's name is Leroy Stephenson.

4) Leroy Stephenson died on January 25, 2019 in Riverside, California. A certified copy of the decedent's death certificate is attached as Exhibit "A" and incorporated by reference.

5) No proceeding is now pending in California for administration of the decedent's estate.

6) I am the decedent's successor in interest, as defined in Code Civ. Proc. § 377.11, and succeed to the decedent's interest in this action.

7) I am authorized to act on behalf of the decedent's successor in interest, as defined in Code Civ. Proc. § 377.11, with respect to the decedent's interest in this action.

8) No other person has a superior right to commence the action or be substituted for the decedent in the action, although Linden Stephenson and Keandre Stephenson, also have the right to proceed as successors in interest in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:

*Devonte Stephenson*
Devonte Stephenson

DECLARATION OF DEVONTE STEPHENSON REGARDING STANDING AS SUCCESSOR IN INTEREST TO CLAIMS OF PLAINTIFF'S DECEDENT LEROY STEPHENSON

2

# EXHIBIT A

# STATE OF CALIFORNIA
### CERTIFICATION OF VITAL RECORD

## COUNTY OF RIVERSIDE
RIVERSIDE, CALIFORNIA

VOID VOID VOID VOID

**CERTIFICATE OF DEATH**

| | | |
|---|---|---|
| LEROY | RICHARD | STEPHENSON |

HOME COLLEGE

ORDER SELECTOR — GROCERY DISTRIBUTION

LOS ANGELES — CA

LATANYA SANFORD-STEPHENSON — COMPTON, CA

LATANYA Y — SANFORD

LEROY — STEPHENSON — KY

WYONA — BAKER

RESIDENCE OF LATANYA SANFORD-STEPHENSON — COMPTON CA

CREMATED — KUEHN WILLIAMS — EMB8163

HARRISON ROSS MORTUARY — CAMERON KAISER MD — 12/05/2019

PARKVIEW COMMUNITY HOSPITAL MEDICAL CENTER

RIVERSIDE — 3865 JACKSON STREET — RIVERSIDE

PENDING — 2019-01113

ROCIO SORIA — 12/05/2019 — ROCIO SORIA, DEPUTY CORONER

CERTIFIED COPY OF VITAL RECORD
STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Assessor-County Clerk-Recorder.

DATE ISSUED   NOV ... 9

PETER ALDANA
ASSESSOR-COUNTY CLERK-RECORDER
RIVERSIDE COUNTY, CALIFORNIA



**EXHIBIT 9**

FAXED   ORIGINAL

1 | **STEVEN A. LERMAN & ASSOCIATES, INC.**
2 | Steven A. Lerman (SBN 055839)
   | Nicholas Lerman, Esq. (SBN 292656)
3 | Email: slermanlaw@yahoo.com; nlermanesq@injurylawadvocates.com
4 | 6033 West Century Boulevard, Suite 740
   | Los Angeles, California 90045
   | Telephone: (310) 659-8166

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 18 2019

M. Preciado

SG

DEC 18 2019

R

5 |
6 | Gregory Peacock, Esq. (SBN 277669)
   | **LAW OFFICE OF GREGORY PEACOCK**
7 | 4425 Jamboree Road, Suite 130
   | Newport Beach, CA 92660
8 | Telephone: (949) 292-7478
   | Email: gregorypeacockesq@gmail.com

9 |
10 | Attorneys for Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson

11 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA
    | COUNTY OF RIVERSIDE

12 |

13 | DEVONTE STEPHENSON, individually and as ) Case No. RIC1906137
    | successor in interest to Decedent Leroy )
14 | Stephenson; LINDEN STEPHENSON, )
    | individually and as successor in interest to )
15 | Decedent Leroy Stephenson; KEANDRE )
    | STEPHENSON, individually and as successor in )
16 | interest to Decedent Leroy Stephenson. )
17 | )
18 |     Plaintiffs, )
19 |     vs. )
20 | STATE OF CALIFORNIA; and DOES 1 )
21 | through 100, inclusive, )
22 |     Defendants. )
23 |

DECLARATION OF LINDEN STEPHENSON
REGARDING STANDING AS SUCCESSOR IN
INTEREST TO CLAIMS OF PLAINTIFF'S
DECEDENT LEROY STEPHENSON

24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

DECLARATION OF LINDEN STEPHENSON REGARDING STANDING AS SUCCESSOR IN
INTEREST TO CLAIMS OF PLAINTIFF'S DECEDENT LEROY STEPHENSON
1

1      1)  I am the successor in interest of Leroy Stephenson, deceased. All matters in this

2  declaration are true of my own knowledge.

3      2)  I am the legal and natural son of Decedent Leroy Stephenson.

4      3)  The decedent's name is Leroy Stephenson.

5      4)  Leroy Stephenson died on January 25, 2019 in Riverside, California. A certified

6

7  copy of the decedent's death certificate is attached as Exhibit "A" and incorporated by reference.

8      5)  No proceeding is now pending in California for administration of the decedent's

9  estate.

10      6)  I am the decedent's successor in interest, as defined in Code Civ. Proc. §

11

12  377.11, and succeed to the decedent's interest in this action.

13      7)  I am authorized to act on behalf of the decedent's successor in interest, as

14  defined in Code Civ. Proc. § 377.11, with respect to the decedent's interest in this action.

15      8)  No other person has a superior right to commence the action or be substituted

16

17  for the decedent in the action, although Devonte Stephenson and Keandre Stephenson, also have the

18  right to proceed as successors in interest in this matter.

19      I declare under penalty of perjury under the laws of the State of California that the foregoing is

20  true and correct.

21

22  Dated: 10/8/19

      _____
      Linden Stephenson

23

24

25

26

27

28

DECLARATION OF LINDEN STEPHENSON REGARDING STANDING AS SUCCESSOR IN
INTEREST TO CLAIMS OF PLAINTIFF'S DECEDENT LEROY STEPHENSON
2

# EXHIBIT A

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
RIVERSIDE, CALIFORNIA

VOID VOID VOID VOID VOID

CERTIFICATE OF DEATH

LEROY RICHARD STEPHENSON M

MARRIED 1964

SOME COLLEGE BLACK

ORDER SELECTOR GROCERY DISTRIBUTION

COMPTON LOS ANGELES CA 1 OF 2

LATANYA SANFORD STEPHENSON WIFE

LATANYA SANFORD

LEROY STEPHENSON

KNOWN FUNERAL

02/12/2019 RESIDENCE OF LATANYA SANFORD STEPHENSON COMPTON CA

CREMATION NEPTUNE COLUMBARIUM 02/20/2019

HARRISON ROSS MORTUARY CAMERON KAISER MD

PARKVIEW COMMUNITY HOSPITAL MEDICAL CENTER

RIVERSIDE 3865 JACKSON STREET RIVERSIDE

PENDING

CERTIFIED COPY OF VITAL RECORD
STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document officially
and placed on file in the office of the County of Riverside, Assessor-County

ROCIO SORIA 12/06/2019 ROCIO SORIA, DEPUTY CORONER

DATE ISSUED   NOV 2019

054911559

PETER ALDANA
ASSESSOR-COUNTY CLERK-RECORDER
RIVERSIDE COUNTY, CALIFORNIA

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
RIVERSIDE, CALIFORNIA

PHYSICIAN/CORONER'S AMENDMENT

3062019022398                                   3320193300431

STATE FILE NUMBER                               LOCAL REGISTRATION NUMBER

1.1   BIRTH   DEATH   FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY. THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

## PART I   INFORMATION TO LOCATE RECORD

| INFORMATION AS IT APPEARS ON ORIGINAL RECORD | | | | SEX |
|---|---|---|---|---|
| LEROY | RICHARD | STEPHENSON III | | M |
| 01/24/2019 | RIVERSIDE | RIVERSIDE | | |

## PART II   STATEMENT OF CORRECTIONS

| LIST ONE ITEM PER LINE | CERTIFICATE ITEM NUMBER | INFORMATION AS IT APPEARS | | CORRECTED INFORMATION | |
|---|---|---|---|---|---|
| | 107A | PENDING | | ACUTE METHAMPHETAMINE INTOXICATION | 1 OF 2 |
| | 107AT | | | UNKNOWN | |
| | 112 | | | ATHEROSCLEROTIC CARDIOVASCULAR DISEASE, PHYSICAL CONFRONTATION WITH LAW ENFORCEMENT | |
| | 113 | | | NO | |
| | 119 | PENDING INVESTIGATION | | HOMICIDE | |
| | 120 | | | NO | |
| | 121.5 | | | 01/24/2019 | |
| | 122 | | | UNK | |
| | 123 | | | UNKNOWN | |
| | 124 | | | PHYSICAL CONFRONTATION WITH LAW ENFORCEMENT WHILE UNDER THE INFLUENCE OF AN ILLICIT DRUG | |
| | 125 | | | UNKNOWN PUBLIC | |

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| DECLARATION OF CERTIFYING PHYSICIAN OR CORONER | SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER | DATE SIGNED | TYPED OR PRINTED NAME AND TITLE/BADGE OF CERTIFIER | | |
|---|---|---|---|---|---|
| | CHAD BIANCO | 08/19/2019 | CORONER | | |
| | ADDRESS—STREET and NUMBER | CITY | STATE | ZIP CODE | |
| | 800 SOUTH REDLANDS AVE | PERRIS | CA | 92570 | |

| STATE/LOCAL REGISTRAR USE ONLY | OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY |
|---|---|---|
| | STATE REGISTRAR - OFFICE OF VITAL RECORDS | 08/19/2019 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS        FORM VS 24m (REV. 1/06)

CERTIFIED COPY OF VITAL RECORD
STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Assessor-County Clerk-Recorder.

DATE ISSUED   NOV 1 2019

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Assessor-County Clerk-Recorder.

PETER ALDANA
ASSESSOR-COUNTY CLERK-RECORDER
RIVERSIDE COUNTY, CALIFORNIA

03491560

**EXHIBIT 10**



FAXED   ORIGINAL

1  **STEVEN A. LERMAN & ASSOCIATES, INC.**
2  Steven A. Lerman (SBN 055839)
   Nicholas Lerman, Esq. (SBN 292656)
3  Email: slermanlaw@yahoo.com; nlermanesq@injurylawadvocates.com
   6033 West Century Boulevard, Suite 740
4  Los Angeles, California 90045
   Telephone: (310) 659-8166
5
   Gregory Peacock, Esq. (SBN 277669)
6  **LAW OFFICE OF GREGORY PEACOCK**
7  4425 Jamboree Road, Suite 130
   Newport Beach, CA 92660
8  Telephone: (949) 292-7478
   Email: gregorypeacockesq@gmail.com
9
10 Attorneys for Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson

11          SUPERIOR COURT FOR THE STATE OF CALIFORNIA
                     COUNTY OF RIVERSIDE
12

13 DEVONTE STEPHENSON, individually and as )  Case No. RIC1900137
   successor in interest to Decedent Leroy        )
14 Stephenson; LINDEN STEPHENSON,                 )  DECLARATION OF KEANDRE STEPHENSON
   individually and as successor in interest to   )  REGARDING STANDING AS SUCCESSOR IN
15 Decedent Leroy Stephenson; KEANDRE             )  INTEREST TO CLAIMS OF PLAINTIFF'S
   STEPHENSON, individually and as successor in   )  DECEDENT LEROY STEPHENSON
16 interest to Decedent Leroy Stephenson.         )
                                                  )
17                                                )
18         Plaintiffs,                            )
                                                  )
19     vs.                                        )
                                                  )
20 STATE OF CALIFORNIA; and DOES 1                )
   through 100, inclusive,                        )
21                                                )
                                                  )
22         Defendants.                            )
23 ─────────────────────────────────

24 ///

25 ///

26 ///

27 ///

28 ///

      DECLARATION OF KEANDRE STEPHENSON REGARDING STANDING AS SUCCESSOR IN
         INTEREST TO CLAIMS OF PLAINTIFF'S DECEDENT LEROY STEPHENSON
                                    1

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
DEC 18 2019
M. Preciado
SG
DEC 18 2019
R

1) I am the successor in interest of Leroy Stephenson, deceased. All matters in this declaration are true of my own knowledge.

2) I am the legal and natural son of Decedent Leroy Stephenson.

3) The decedent's name is Leroy Stephenson.

4) Leroy Stephenson died on January 25, 2019 in Riverside, California. A certified copy of the decedent's death certificate is attached as Exhibit "A" and incorporated by reference.

5) No proceeding is now pending in California for administration of the decedent's estate.

6) I am the decedent's successor in interest, as defined in Code Civ. Proc. § 377.11, and succeed to the decedent's interest in this action.

7) I am authorized to act on behalf of the decedent's successor in interest, as defined in Code Civ. Proc. § 377.11, with respect to the decedent's interest in this action.

8) No other person has a superior right to commence the action or be substituted for the decedent in the action, although Linden Stephenson and Devonte Stephenson, also have the right to proceed as successors in interest in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____

_Keandre Stephenson_
Keandre Stephenson

DECLARATION OF KEANDRE STEPHENSON REGARDING STANDING AS SUCCESSOR IN INTEREST TO CLAIMS OF PLAINTIFF'S DECEDENT LEROY STEPHENSON

2

# EXHIBIT A



# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
RIVERSIDE, CALIFORNIA

## PHYSICIAN/CORONER'S AMENDMENT

3-3052010022398 STATE FILE NUMBER

3201933001431 LOCAL REGISTRATION NUMBER

[ ] BIRTH  [X] DEATH  [ ] FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY. THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD.

### PART I  INFORMATION TO LOCATE RECORD

| INFORMATION AS IT APPEARS ON ORIGINAL RECORD | FIRST NAME | MIDDLE NAME | LAST NAME | SEX |
|---|---|---|---|---|
| | LEROY | RICHARD | STEPHENSON III | M |
| | DATE OF EVENT | PLACE OF EVENT | COUNTY OF EVENT | |
| | 01/24/2019 | RIVERSIDE | RIVERSIDE | |

### PART II  STATEMENT OF CORRECTIONS

| ITEM NUMBER | INFORMATION AS IT NOW APPEARS ON ORIGINAL RECORD | CORRECTED INFORMATION SHOULD READ |
|---|---|---|
| 107A | PENDING | ACUTE METHAMPHETAMINE INTOXICATION |
| 107AT | | UNKNOWN |
| 112 | | ATHEROSCLEROTIC CARDIOVASCULAR DISEASE, PHYSICAL CONFRONTATION WITH LAW ENFORCEMENT |
| 113 | NO | NO |
| 119 | PENDING INVESTIGATION | RIVERSIDE |
| 120 | | NO |
| 121 | | 01/17/2019 |
| 122 | | UNK |
| 123 | | UNKNOWN |
| 124 | | PHYSICAL CONFRONTATION WITH LAW ENFORCEMENT WHILE UNDER THE INFLUENCE OF AN ILLICIT DRUG |
| 125 | | UNKNOWN LOCAL |

1 OF 2

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| DECLARATION OF CERTIFYING PHYSICIAN OR CORONER | SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER | DATE SIGNED | TYPED OR PRINTED NAME AND TITLE/DEGREE OF CERTIFIER |
|---|---|---|---|
| | CHAD BIANCO | 08/19/2019 | CORONER |
| | ADDRESS – STREET and NUMBER | CITY | STATE | ZIP CODE |
| | 800 SOUTH REDLANDS AVE | PERRIS | CA | 92570 |

| STATE/LOCAL REGISTRAR USE ONLY | OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | DATE ACCEPTED FOR REGISTRATION |
|---|---|---|
| | STATE REGISTRAR - OFFICE OF VITAL RECORDS | 08/19/2019 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

FORM VS 24aa (REV. 1/06)

CARIVERSD2

## CERTIFIED COPY OF VITAL RECORD
STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Assessor-County Clerk-Recorder.

034941560

DATE ISSUED  NOV 15 2019

PETER ALDANA
ASSESSOR-COUNTY CLERK-RECORDER
RIVERSIDE COUNTY, CALIFORNIA

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Assessor-County Clerk-Recorder.

**EXHIBIT 11**

| | |
|---|---|
| 1 | XAVIER BECERRA<br>Attorney General of California |
| 2 | RICHARD F. WOLFE<br>Supervising Deputy Attorney General |
| 3 | DOUGLAS E. BAXTER<br>Deputy Attorney General |
| 4 | TIM J. VANDEN HEUVEL<br>Deputy Attorney General |
| 5 | State Bar No. 140731<br>  600 West Broadway, Suite 1800 |
| 6 | San Diego, CA 92101<br>P.O. Box 85266 |
| 7 | San Diego, CA 92186-5266<br>Telephone: (619) 738-9095 |
| 8 | Fax: (619) 645-2581<br>E-mail: Tim.VandenHeuvel@doj.ca.gov |
| 9 | *Attorneys for Defendant* |
| 10 | *State of California, by and through the California Highway Patrol* |

**FILED**
Superior Court of California
County of Riverside

**2/20/2020**
**K. Garcia**

Electronically Filed

No Fee Pursuant to Government Code
Section 6103

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE - RIVERSIDE DIVISION**

| | | |
|---|---|---|
| 14 | **DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,** | Case No. RIC1906137 |
| | | **DEFENDANT STATE OF CALIFORNIA, BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFFS DEVONTE STEPHENSON, LINDEN STEPHENSON AND KEANDRE STEPHENSON'S COMPLAINT** |
| 19 | Plaintiffs, | Date:        March 18, 2020 |
| 20 | v. | Time:        8:30 a.m.<br>Dept:        1 |
| 21 | | Judge:       The Honorable Craig G. Riemer<br>Trial Date:  TBD |
| 22 | **STATE OF CALIFORNIA; and DOES 1 through 100, inclusive,** | Action Filed: December 18, 2019 |
| 23 | Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE

that on March 18, 2020 at 8:30 a.m., in Department 1 of the above entitled Court located at 4050

Main Street, Riverside, CA 92501, defendant State of California by and through the California

Highway Patrol, will, and hereby does, jointly and severally demur to the Complaint in this

1

---

Defendant's Notice of Demurrer and Demurrer to Plaintiffs' Complaint (RIC1906137)

1  matter and each purported cause of action stated therein by Plaintiffs' Devonte Stephenson,

2  Linden Stephenson and Keandre Stephenson.

3      This demurrer shall be based upon this notice of demurrer and demurrer, the points and

4  authorities submitted concurrently, the request for judicial notice and certified Government Claim

5  documents submitted therewith, and the Declaration of Douglas E. Baxter, in addition to all

6  pleadings filed in this matter.

7      **FULFILLMENT OF MEET-AND-CONFER REQUIREMENT**

8      This demurrer is brought after defendant's counsel telephonically met and conferred with

9  plaintiff's counsel on February 6, 2020, and February 11, 2020, in good faith pursuant to section

10  430.41 of the Code of Civil Procedure to try to resolve the objections raised by the demurrer.

11  After discussing the issues, the parties were unable to resolve the objections raised by the

12  demurrer.  (See Declaration of Douglas E. Baxter in Support of Demurrer by Defendant State of

13  California (by and through the California Highway Patrol, filed concurrently.)

14      **DEMURRER TO COMPLAINT**

15  **General Demurrer**:  Plaintiffs' complaint against defendant State of California by and

16  through the California Highway Patrol fails to state facts sufficient to state a cause of action.

17  (Cal. Civ. Proc. Section 430.10(e).)

18  **Demurrer as to Second Cause of Action:**  The second cause of action ("False

19  Arrest/False Imprisonment") is barred in its entirety as against this defendant because plaintiffs

20  do not adequately allege compliance with the Government Claims Act, and also because plaintiffs

21  did not present a government claim for survival damages.  Accordingly, the second cause of

22  action fails to state facts sufficient to constitute a cause of action as to defendant State of

23  California by and through the California Highway Patrol.  (Cal. Civ. Proc. Section 430.10(e).)

24  **Demurrer as to Fourth Cause of Action:**  The fourth cause of action ("Battery") is barred

25  in its entirety as against this defendant because plaintiffs do not adequately allege compliance

26  with the Government Claims Act, and also because plaintiffs did not present a government claim

27  for survival damages.  Accordingly, the second cause of action fails to state facts sufficient to

28

2

1  constitute a cause of action as to defendant State of California by and through the California

2  Highway Patrol.  (Cal. Civ. Proc. Section 430.10(e).)

3      **Demurrer as to Fifth Cause of Action:**  The fifth cause of action ("Violation of Cal. Civil

4  Code § 52.1") is barred in its entirety as against this defendant because plaintiffs do not

5  adequately allege compliance with the Government Claims Act, and also because plaintiffs did

6  not present a government claim for survival damages.  Accordingly, the second cause of action

7  fails to state facts sufficient to constitute a cause of action as to defendant State of California by

8  and through the California Highway Patrol.  (Cal. Civ. Proc. § 430.10(e).)

9  <u>**INFORMATION REGARDING TENTATIVE RULINGS**</u>

10      The Court will make a tentative ruling on the merits of this matter by 3:00 p.m. on the court

11  day prior to the hearing.  Tentative rulings will be available on the Internet or by calling 1-760-

12  904-5722.  To view go to: http://www.riverside.courts.ca.gov and click on the tentative ruling

13  link.  The tentative ruling shall become the ruling of the Court unless, by 4:30 p.m. on the court

14  day before the scheduled hearing, a party gives notice of intent to appear to all parties and the

15  court. The notice of intent to appear must be given either in person or by telephone.  Where notice

16  of intent to appear has been properly given, or upon direction of the Court, oral argument will be

17  permitted.

18  Dated:  February 19, 2020               Respectfully Submitted,

19                                        Xavier Becerra

20                                          Attorney General of California
                                           Richard F. Wolfe

21                                          Supervising Deputy Attorney General

22                                          *Tim J. Vanden Heuvel*

23

24                                          Tim J. Vanden Heuvel

25                                          Deputy Attorney General
                                           *Attorneys for*

26                                          *State of California, by and through the*
                                           *California Highway Patrol*

27  SD2020700119
   72151185.docx

28

Defendant's Notice of Demurrer and Demurrer to Plaintiffs' Complaint (RIC1906137)

1  XAVIER BECERRA
   Attorney General of California
2  RICHARD F. WOLFE
   Supervising Deputy Attorney General
3  DOUGLAS E. BAXTER
   Deputy Attorney General
4  TIM J. VANDEN HEUVEL
   Deputy Attorney General
5  State Bar No. 140731
     600 West Broadway, Suite 1800
6    San Diego, CA 92101
     P.O. Box 85266
7    San Diego, CA 92186-5266
     Telephone: (619) 738-9095
8    Fax: (619) 645-2581
     E-mail: Tim.VandenHeuvel@doj.ca.gov
9  *Attorneys for Defendant*
   *State of California, by and through the*
10 *California Highway Patrol*

**FILED**
Superior Court of California
County of Riverside

**2/20/2020**
**K. Garcia**

Electronically Filed

No Fee Pursuant to Government Code
Section 6103

11           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12           **COUNTY OF RIVERSIDE - RIVERSIDE DIVISION**

13

| | |
|---|---|
| 14 **DEVONTE STEPHENSON, individually**<br>**and as successor in interest to Decedent**<br>15 **LEROY STEPHENSON; LINDEN**<br>**STEPHENSON, individually and as**<br>16 **successor in interest to Decedent LEROY**<br>**STEPHENSON; KEANDRE**<br>17 **STEPHENSON, individually and as**<br>**successor in interest to Decedent LEROY**<br>18 **STEPHENSON,** | Case No. RIC1906137<br><br>**DEFENDANT STATE OF CALIFORNIA,**<br>**BY AND THROUGH THE**<br>**CALIFORNIA HIGHWAY PATROL'S**<br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES IN SUPPORT OF**<br>**DEMURRER TO PLAINTIFFS'** |
| 19                               Plaintiffs, | **DEVONTE STEPHENSON, LINDEN**<br>**STEPHENSON AND KEANDRE**<br>**STEPHENSON'S COMPLAINT** |
| 20              v. | Date:       March 18, 2020<br>Time:       8:30 a.m. |
| 21 **STATE OF CALIFORNIA; and DOES 1**<br>22 **through 100, inclusive,** | Dept:       1<br>Judge:      The Honorable Craig G. Riemer<br>Trial Date:  TBD |
| 23                            Defendants. | Action Filed: December 18, 2019 |

24

25

26

27

28

1

# TABLE OF CONTENTS

Page

Introduction .................................................................................................................. 4

Summary of Claims ....................................................................................................... 4

Summary of Demurrer .................................................................................................... 5

Discussion ...................................................................................................................... 6

    I.    Any Cause of Action Based upon a Survival Claim Based on State Law is
        Barred by Plaintiffs' Failure to Present a Claim for Survival Damages ................ 6

    II.    Plaintiffs Second Cause of Action for "False Arrest/False Imprisonment"
        Should Be Dismissed Without Leave to Amend................................................... 9

    III.    Plaintiffs Fourth Cause of Action for "Battery" Should Be Dismissed
        Without Leave to Amend ..................................................................................... 11

    IV.    Plaintiffs Fifth Cause of Action for "Violation of Cal. Civil Code § 52.1"
        Should Be Dismissed Without Leave to Amend.................................................. 11

Conclusion .................................................................................................................... 12

2

**TABLE OF AUTHORITIES**

                                                                                            **Page**

CASES

*Bay Area Rapid Transit Dist. v Superior Court*
    (1995) 38 Cal.App.4th 141 ...........................................................................13

*Medrano v Kern County Sheriff's Office*
    (2013) 921 F.Supp.2d 1009..........................................................................13

*Nelson v. County of Los Angeles*
    (2003) 113 Cal.App.4th 783 ................................................................. *passim*

*Quiroz v. Seventh Ave. Center*
    (2006) 140 Cal.App.4th 1256 .................................................................8, 11

*State of California v. Superior Court (Bodde)*
    (2004) 32 Cal.4th 1234 .................................................................................7

STATUTES

California Civil Code § 52.1 ...........................................................6, 7, 12, 13

California Code of Civil Procedure
    § 377.34...............................................................................................8, 9
    § 377.61...............................................................................................8, 9
    § 430.10, subd. (e)........................................................................6, 11, 12, 13

California Government Claims Act
    § 945.4........................................................................................... *passim*
    § 950.2.........................................................................................7, 11, 12, 13

California Government Code § 910.8 ..............................................................10

CONSTITUTIONAL PROVISIONS

United States Constitution Fourth Amendment ...............................................13

OTHER AUTHORITIES

5 Witkin, Summary of California Law (10th ed. 2005) Torts
    §§ 381-416 ...........................................................................................12
    §§ 434-440 ...........................................................................................11

Judicial Council of California Civil Jury Instructions
    No. 1300................................................................................................12
    No. 1401................................................................................................11

3

Ex. 11
070

1

**<u>TABLE OF AUTHORITIES</u>**
(continued)

2

**<u>Page</u>**

3   Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter

4       Group 2012) ¶ 6:137 ...................................................................................................7, 8

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Defendant State of California's Memorandum of Points and Authorities in Support of Demurrer to Complaint
(RIC1906137)

1    Defendant State of California, by and through the California Highway Patrol ("CHP"),

2    respectfully submits this memorandum of points and authorities in support of its demurrer to the

3    complaint.

4    ## INTRODUCTION

5    On January 25, 2019, defendant California Highway Patrol received reports of a man

6    (decedent Leroy Stephenson) walking in or near the westbound traffic lanes on the 91 Freeway at

7    Adams Street near Riverside.  A CHP officer arrived to find Stephenson on the off-ramp and tried

8    to get him out of the lanes, but decedent instead ran towards the freeway.  In an effort to prevent

9    the pedestrian from running into traffic lanes, the officer deployed his Taser.  Decedent appeared

10   to lose consciousness and was later pronounced dead at Parkview Community Hospital in

11   Riverside.  This action is brought by decedent's three surviving sons, Devonte Stephenson,

12   Keandre Stephenson, and Linden Stephenson, who sue for damages related to the loss of their

13   father.

14   ## SUMMARY OF CLAIMS

15   The first cause of action is labeled "Wrongful Death".  It is brought against the California

16   Highway Patrol and DOES 1-20, all alleged to be peace officers employed by the California

17   Highway Patrol.  It generically alleges unlawful use of force against decedent.  Damages sought

18   include "the loss of the society, comfort, solace, society and love of decedent," as well as special

19   damages including funeral/burial.  (Compl. ¶ 25.)  Plaintiffs also seek an award of punitive

20   damages.  (Compl. ¶ 26.)

21   The second cause of action is labeled "False Arrest/False Imprisonment."  It is brought

22   against the California Highway Patrol and DOES 1-20, all alleged to be peace officers employed

23   by the California Highway Patrol.  It generically alleges unlawful use of force against decedent.

24   Damages sought include "survival damages" including decedent's physical and mental pain and

25   suffering, loss of life, loss of enjoyment of life, and wrongful death."  (Compl. ¶ 35.)  Plaintiffs

26   also seek an award of punitive damages.  (Compl. ¶ 36.)

27   The third cause of action is labeled "Negligence."  It is brought against the California

28   Highway Patrol and DOES 1-20, all alleged to be peace officers employed by the California

5

1  Highway Patrol. It generically alleges that negligent training led to negligent detention and use of

2  force against decedent. Damages alleged include decedent's "severe pain and suffering" and

3  plaintiffs' emotional distress, mental anguish, and special damages including medical bills.

4  (Compl. ¶ 40.)

5      The <u>fourth cause of action</u> is labeled "Battery." It is brought against the California

6  Highway Patrol and DOES 1-20, all alleged to be peace officers employed by the California

7  Highway Patrol. It alleges that defendants "intentionally killed Decedent Leroy Stephenson and

8  used unreasonable and excessive force against him." Damages alleged include decedent's

9  "severe pain and suffering" and plaintiffs' emotional distress, mental anguish, and special

10  damages including medical bills. (Compl. ¶¶ 45, 46.) Plaintiffs also seek an award of punitive

11  damages. (Compl. ¶ 48.)

12      The <u>fifth cause of action</u> is labeled "Violation of Cal. Civil Code § 52.1." This section is

13  also known as the Tom Bane Civil Rights Act. It is brought against the California Highway

14  Patrol and DOES 1-20, all alleged to be peace officers employed by the California Highway

15  Patrol. It alleges that defendants interfered with decedent civil rights and liberties. Damages

16  alleged include decedent's "loss of life, loss of enjoyment of life, and wrongful death damages for

17  the violation of Decedent Leroy Stephenson's rights." (Compl. ¶ 55.) Plaintiffs also seek awards

18  of treble and punitive damages. (Compl. ¶¶ 56, 57.)

19                          **SUMMARY OF DEMURRER**

20      This demurrer is brought under Code of Civil Procedure section 430.10, subdivision (e), on

21  the ground plaintiffs cannot state any claim for relief under three of the five causes of action

22  pleaded. This demurrer is filed concurrently with defendant's motion to strike, requesting that all

23  claims for survival damages be stricken from the complaint. In support of its demurrer, defendant

24  interposes the following objections.

25      1.    The second cause of action ("False Arrest/False Imprisonment") is barred in its

26  entirety as against defendant because plaintiffs do not adequately allege compliance with the

27  Government Claims Act, and also because plaintiffs did not present a government claim for

28  survival damages.

6

1      2.      The fourth cause of action ("Battery") is barred in its entirety as against defendant

2   because plaintiffs do not adequately allege compliance with the Government Claims Act, and also

3   because plaintiffs did not present a government claim for survival damages.

4      3.      The fifth cause of action ("Violation of Cal. Civil Code § 52.1") is barred in its

5   entirety as against defendant because plaintiffs do not adequately allege compliance with the

6   Government Claims Act, and also because plaintiffs did not present a government claim for

7   survival damages.

8                                **DISCUSSION**

9   **I.      ANY CAUSE OF ACTION BASED UPON A SURVIVAL CLAIM BASED ON STATE LAW IS
            BARRED BY PLAINTIFFS' FAILURE TO PRESENT A CLAIM FOR SURVIVAL DAMAGES**

10

11      A claim for wrongful death damages and a claim for survival damages are not the same.

12   The claimant in a wrongful death action is a statutorily-designated heir who seeks personal

13   damages resulting from the death of the decedent. On the other hand, the claimant in a survival

14   action is the decedent and the action is brought by the personal representative of the decedent's

15   estate. Therefore, separate government claims must be presented even if the wrongful death

16   claimant and the personal representative are the same person.

17      Here, plaintiffs fail to allege sufficient facts demonstrating or excusing compliance with the

18   claim requirements as to decedent Leroy Stephenson's estate's survival claims. In addition, the

19   claim documents confirm that no claim for survival damages was ever presented[1].

20      It is well established that a lawsuit for money or damages against a public entity or public

21   employee is barred if the claimant does not comply with the claim requirements of the California

22   Government Claims Act. (Gov. Code, §§ 945.4 [entity], 950.2 [employee].) With respect to

23   pleading requirements, "plaintiff must allege facts demonstrating or excusing compliance with the

24   claim presentation requirement." (*State of California v. Superior Court (Bodde)* (2004) 32

25   Cal.4th 1234, 1243.) Moreover, the facts alleged must be specific. "Notwithstanding this general

26   policy of liberality, there are certain cases in which a stricter pleading standard is required[.]"

27

28   _____

[1] Defendant has submitted certified claim forms and requests judicial notice of same pursuant to the concurrently filed Request for Judicial Notice.

7

1  (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶

2  6:137, p. 6-42.)  Among these are claims against governmental entities.  "To state a cause of

3  action against a governmental entity, 'every fact essential to the existence of statutory liability

4  *must be pleaded with particularity*, including the existence of a statutory duty.'"  (*Id.* at ¶

5  6:199.11, p. 6-60.2 [1st ¶]; citing *Searcy v. Hemet Unified School Dist.* (1986) 177 Cal.App.3d

6  792, 802; emphasis in original.)  This rule also applies to facts demonstrating or excusing

7  compliance with the claim requirements.  (Weil & Brown at ¶ 6:199.11, p. 6-60.2 [2nd ¶].)

8      The facts alleged must also demonstrate compliance or excuse as to <u>each</u> claimant.  "Where

9  two or more persons suffer separate and distinct injuries from the same act or omission, each

10  person must submit a claim, and one cannot rely on a claim presented by another."  (*Nelson v.*

11  *County of Los Angeles* (2003) 113 Cal.App.4th 783, 796.)  A claim for survival damages is such a

12  separate and distinct claim.  "Unlike a cause of action for wrongful death, a survivor cause of

13  action is not a new cause of action that vests in the heirs on the death of the decedent.  It is instead

14  a separate and distinct cause of action which belonged to the decedent before death but, by

15  statute, survives that event."  (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256,

16  1264.)

17      *Nelson* makes clear that a government claim for wrongful death damages does not satisfy

18  the requirement of a government claim for survival damages.  (*Nelson*, 113 Cal.App.4th at pp.

19  796-799.)  In fact, wrongful death damages and survival damages are by statute mutually

20  exclusive.  (Code Civ. Proc., § 377.61 ["In an action under this article, damages . . . may not

21  include damages recoverable under Section 377.34"].)

22      In this case, the three challenged claims assert solely *wrongful death* damages consisting of

23  "loss of income and support, burial fees and expenses, loss of familial relationship, emotional

24  distress, and attorney fees and legal costs."  None of the government claim forms submitted in

25  this case name the Estate of Leroy Stephenson, or state that the estate is seeking *survival*

26  *damages,* defined as "loss or damage that the decedent sustained or incurred before death,

27  including any penalties or punitive or exemplary damages that the decedent would have been

28  entitled to recover had the decedent lived."  (Code Civ. Proc., § 377.34.)

8

1   Defendants request the court take judicial notice of the claim documents submitted in this

2   matter.  (See Defs.' Request for Jud. Notice.)  As can be seen from the certified claim documents,

3   plaintiffs Devonte Stephenson, Linden Stephenson  and Keandre Stephenson each presented a

4   claim for wrongful death damages.  (*Id.* at CHP0006 – CSU0007 [Devonte Stephenson's claim

5   documents] and CHP0015 – CSU0016 [Linden Stephenson's claim documents], and CHP 00024

6   – CHP0025 [Keandre Stephenson's claim documents.)  There is not a separate claim by Leroy

7   Stephenson's estate.

8       The claims presented by the plaintiffs in the case at bar are almost identical to the claim

9   presented by the plaintiff in *Nelson v. County of San Diego*: "Mrs. Nelson's claim identified her

10  as the claimant ('Lottie Nelson') and did not suggest her claim was made in any sort of

11  representative capacity."  (*Nelson*, 113 Cal.App.4th at p. 786 fn. 9.)  Here, each individual

12  plaintiff named himself as the only claimant ("Devonte Stephenson," "Linden Stephenson,"

13  Keandre Stephenson") and similarly did not suggest their claims were made in any sort of

14  representative capacity. (*Id.* at CHP0006 – CSU0007 [Devonte Stephenson's claim documents]

15  and CHP0015 – CSU0016 [Linden Stephenson's claim documents], and CHP 00024 – CHP0025

16  [Keandre Stephenson's claim documents.)  There is not a separate claim by Leroy Stephenson's

17  estate.

18      Where the claim form in *Nelson* asked for a list of damages incurred to date, Mrs. Nelson

19  listed *wrongful death* damages of 'loss of son, economic losses, emotional and mental injuries, all

20  subject to proof."  (*Nelson*, 113 Cal.App.4th at p. 786 fn. 9.)  In this case, the uniform response of

21  the three claims were "loss of income and support, burial fees and expenses, loss of familial

22  relationship, emotional distress, and attorney fees and legal costs."  (*Id.* at CHP0006 – CSU0007

23  [Devonte Stephenson's claim documents] and CHP0015 – CSU0016 [Linden Stephenson's claim

24  documents], and CHP 00024 – CHP0025 [Keandre Stephenson's claim documents.)  These again

25  are all items of *wrongful death* damages pursuant to Code of Civil Procedure section 377.61. The

26  claim forms submitted in this matter do not seek *survival damages*, defined as "loss or damage

27  that the decedent sustained or incurred before death, including any penalties or punitive or

28

9

1   exemplary damages that the decedent would have been entitled to recover had the decedent

2   lived." (Code Civ. Proc., § 377.34.)

3        The *Nelson* court also addressed the issue of the "substantial compliance" doctrine, raised

4   by plaintiffs on appeal.  With regard to the "substantial compliance doctrine," plaintiff Lottie

5   Nelson appealed the trial court's adverse summary adjudication of the survival causes of action

6   (negligence, assault, and battery for the injuries decedent Dwayne Nelson suffered before his

7   death) asserted on behalf of Dwayne's estate by Mr. and Mrs. Nelson as his personal

8   representatives. Mrs. Nelson contended that her government tort claim—which shows her as the

9   only claimant—substantially complied with the claim filing requirements.  *Nelson, supra,* at 796

10       Noting that the decedents estate had not filed a claim, the *Nelson* court stated:

11       "Because this rule is based on the purpose of the claim statutes—which is to provide
         sufficient information to enable the entity to adequately investigate claims and to
12       settlement, if appropriate, without the expense of litigation (*Nguyen v. Los Angeles
         County Harbor/UCLA Medical Center, supra,* 8 Cal.App.4th at p. 734)—the statutory
13       requirements have not been met by the person who has not filed a claim, and the
         doctrine of substantial compliance (which applies only when there is a defect in form
14       but the statutory requirements have otherwise been met) does not apply."

15   *(Nelson, supra,* at 797.)

16       Finally, the *Nelson* court rejected the theory that the government had a duty to inform

17   plaintiff Lottie Nelson that her claim was insufficient based upon its not claiming survival

18   damages.  "We summarily reject Mrs. Nelson's related contention that the County was required to

19   notify her that her claim form was insufficient.  A public entity's duty to notify a claimant that the

20   claim form is "defective" necessarily presumes the defect is disclosed on the face of the form.

21   (Gov. Code, § 910.8.)  The problem here is not that Mrs. Nelson's claim was defective, but that no

22   claim at all was filed by or on behalf of Dwayne's estate." (*Nelson, supra,* at 798.)

23       The *Nelson* case is directly applicable precedent to the case at bar.  Plaintiffs cannot

24   truthfully allege facts showing that a claim for survival damages was presented.  The "substantial

25   compliance" doctrine will not allow plaintiffs to untimely assert survival claims.  Nor is there a

26   duty by a governmental entity to notify the estate of Leroy Stephenson of its failure to file a

27   claim.  Accordingly, any request for leave to amend to assert claim compliance and standing to

28   bring survivor damage claims should be denied as futile.

                                            10

Defendant State of California's Memorandum of Points and Authorities in Support of Demurrer to Complaint
                                    (RIC1906137)

## II. PLAINTIFFS SECOND CAUSE OF ACTION FOR "FALSE ARREST/FALSE IMPRISONMENT" SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

In their second cause of action, plaintiffs allege that decedent Leroy Stephenson was falsely arrested, "without probable cause or reasonable suspicion." (Compl. ¶ 28.) A false arrest claim can only be brought by the person falsely arrested. (CACI No. 1401; 5 Witkin, Summary of California Law (10th ed. 2005) Torts §§ 434-440.) Accordingly, plaintiffs' second cause of action is a *survival claim* as opposed to a wrongful death claim.

Plaintiffs' complaint specifically confirms that the second cause of action is a survival claim, stating that plaintiffs are bringing the claim as "*successors-in-interest*" to Decedent Leroy Stephenson, and are seeking "*survival damages,* including physical and mental pain and suffering, loss of life, and loss of enjoyment of life" pursuant to this claim. (Compl. ¶ 35.)

As set forth in section I, infra., plaintiffs failed to file a government claim form allowing them to state a cause of action on behalf of the estate of Leroy Stephenson or seeking survival damages. "Where two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim, and one cannot rely on a claim presented by another." (*Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 796.) A claim for survival damages is such a separate and distinct claim. "Unlike a cause of action for wrongful death, a survivor cause of action is not a new cause of action that vests in the heirs on the death of the decedent. It is instead a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event." (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1264.)

It is well established that a lawsuit for money or damages against a public entity or public employee is barred if the claimant does not comply with the claim requirements of the California Government Claims Act. (Gov. Code, §§ 945.4 [entity], 950.2 [employee].) Plaintiffs have not, and cannot, meet that requirement. As such, this demurrer is appropriately granted as the pleading does not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10(e).) Additionally, since plaintiffs cannot truthfully allege facts showing that a claim for

Defendant State of California's Memorandum of Points and Authorities in Support of Demurrer to Complaint
(RIC1906137)

1   survival damages was presented, the demurrer should be granted and leave to amend as to the

2   second cause of action should be denied.

3   **III.   PLAINTIFFS FOURTH CAUSE OF ACTION FOR "BATTERY" SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

4

5      In their fourth cause of action, plaintiffs allege that defendants "intentionally killed

6   Decedent Leroy Stephenson and used unreasonable and excessive force against him." (Compl. ¶

7   42.)  A battery claim can only be brought by the person touched with intent to cause harm. [CACI

8   No. 1300; 5 Witkin, Summary of California Law (10th ed. 2005) Torts §§ 381-416.]

9      Pursuant to this cause of action, plaintiffs seek *survival damages* for decedent's "severe

10  pain and suffering." (Compl. ¶ 45.)  Plaintiffs again plead that they are bringing the fourth cause

11  of action "as successors-in-interest to decedent Leroy Stephenson." (Compl. ¶ 48.)  Accordingly,

12  plaintiffs' fourth cause of action can only again be construed as a *survival claim* as opposed to a

13  wrongful death claim.

14     As set forth above, plaintiffs failed to file a government claim form allowing them to state a

15  cause of action on behalf of the estate of Leroy Stephenson seeking survival damages.  (*Nelson v.*

16  *County of Los Angeles* (2003) 113 Cal.App.4th 783, 796.)  It is well established that a lawsuit for

17  money or damages against a public entity or public employee is barred if the claimant does not

18  comply with the claim requirements of the California Government Claims Act.  (Gov. Code, §§

19  945.4 [entity], 950.2 [employee].)  Plaintiffs have not, and cannot, meet that requirement.  As

20  such, this demurrer is appropriately granted as the pleading does not state facts sufficient to

21  constitute a cause of action.  (Code Civ. Proc., § 430.10(e))  Since plaintiffs cannot truthfully

22  allege facts showing that a claim for survival damages was timely presented, the demurrer should

23  be granted and leave to amend as to the fourth cause of action should be denied.

24  **IV.   PLAINTIFFS FIFTH CAUSE OF ACTION FOR "VIOLATION OF CAL. CIVIL CODE § 52.1" SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

25

26     The fifth cause of action is labeled "Violation of Cal. Civil Code § 52.1."  This section of

27  the Civil Code is also known as the Tom Bane Civil Rights Act.  It alleges that defendants

28

12

---

Ex. 11
079

1    interfered with decedent civil rights and liberties.  Plaintiffs seek awards of treble and punitive

2    damages.  (Compl. ¶¶ 56, 57.)

3         Based upon well established authority, plaintiffs lack standing to bring a Bane Act claim for

4    wrongful death damages.  As stated in *Bay Area Rapid Transit Dist. v Superior Court* (1995) 38

5    Cal.App.4th 141:

6        "The Bane Act is simply not a wrongful death provision.  It clearly provides for a
        *personal* cause of action for the victim of a hate crime.  In *Boccato v. City of Hermosa*

7        *Beach* (1994) 29 Cal. App. 4th 1797, 1809 [35 Cal. Rptr. 2d 282], the court held that
        Civil Code section 52.1 must be read in conjunction with section 51.7, which

8        provides that all persons have the right to be free from "violence, or intimidation by
        threat of violence committed against their persons" because of race, color, religion,

9        ancestry, etc. This reinforces the rational interpretation of the Bane Act, i.e., that it is
        limited to plaintiffs who themselves have been the subject of violence or threats."

10

11   (*Bay Area Rapid Transit Dist. v Superior Court* (1995) 38 Cal.App.4th 141, declining standing of

12   parents seeking to impose derivative liability for shooting of their son.)

13        Courts have found that a Bane Act violation brought under the Fourth Amendment can be

14   brought in the limited context of a ***survival action***.  (*Medrano v Kern County Sheriff's Office*

15   (2013) 921 F.Supp.2d 1009.)  However, plaintiffs failed to file a government claim form allowing

16   them to state a cause of action on behalf of the estate of Leroy Stephenson seeking survival

17   damages.  (*Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 796.)

18        It is well established that a lawsuit for money or damages against a public entity or public

19   employee is barred if the claimant does not comply with the claim requirements of the California

20   Government Claims Act.  (Gov. Code, §§ 945.4 [entity], 950.2 [employee].)  Plaintiffs have not,

21   and cannot, meet that requirement.  As such, this demurrer is appropriately granted as the

22   pleading does not state facts sufficient to constitute a cause of action.  (Code Civ. Proc., §

23   430.10(e).)  Since plaintiffs cannot truthfully allege facts showing that a claim for survival

24   damages was timely presented, the demurrer should be granted and leave to amend as to the fifth

25   cause of action should be denied.

26

27

28

13

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

The court should sustain defendant State of California's demurrer to the second, fourth and fifth causes of action in its entirety. These are all claims personal to decedent Leroy Stephenson, and no claim for survival damages can be stated because no government claim for survival damages was presented. Moreover, as plaintiffs cannot truthfully allege facts showing that a claim for survival damages was presented, leave to amend should be denied.


Dated: February 19, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General



TIM J. VANDEN HEUVEL
Deputy Attorney General
*Attorneys for Defendant*
*State of California, by and through the*
*California Highway Patrol*

SD2020700119
72143445.docx

14

Defendant State of California's Memorandum of Points and Authorities in Support of Demurrer to Complaint
(RIC1906137)

1    XAVIER BECERRA
     Attorney General of California
2    RICHARD F. WOLFE
     Supervising Deputy Attorney General
3    DOUGLAS E. BAXTER
     Deputy Attorney General
4    TIM J. VANDEN HEUVEL
     Deputy Attorney General
5    State Bar No. 140731
      600 West Broadway, Suite 1800
6     San Diego, CA 92101
      P.O. Box 85266
7     San Diego, CA 92186-5266
      Telephone:  (619) 738-9095
8     Fax:  (619) 645-2581
      E-mail: Tim.VandenHeuvel@doj.ca.gov
9    *Attorneys for Defendant*
    *State of California, by and through the*
10   *California Highway Patrol*

**FILED**
Superior Court of California
County of Riverside

**2/20/2020**
K. Garcia

Electronically Filed

No Fee Pursuant to Government Code
Section 6103

11         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12        **COUNTY OF RIVERSIDE - RIVERSIDE DIVISION**

13

| | |
|---|---|
| 14   **DEVONTE STEPHENSON, individually** | Case No. RIC1906137 |
| 15   **and as successor in interest to Decedent** | |
|      **LEROY STEPHENSON; LINDEN** | **DEFENDANT'S REQUEST FOR** |
| 16   **STEPHENSON, individually and as** | **JUDICIAL NOTICE IN SUPPORT OF** |
|      **successor in interest to Decedent LEROY** | **DEMURRER OF STATE OF** |
| 17   **STEPHENSON; KEANDRE** | **CALIFORNIA, BY AND THROUGH** |
|      **STEPHENSON, individually and as** | **CALIFORNIA HIGHWAY PATROL TO** |
| 18   **successor in interest to Decedent LEROY** | **PLAINTIFFS DEVONTE STEPHENSON,** |
|      **STEPHENSON,** | **LINDEN STEPHENSON AND KEANDRE** |
| 19 | **STEPHENSON'S COMPLAINT** |

14   **DEVONTE STEPHENSON, individually**
     **and as successor in interest to Decedent**
15   **LEROY STEPHENSON; LINDEN**
     **STEPHENSON, individually and as**
16   **successor in interest to Decedent LEROY**
     **STEPHENSON; KEANDRE**
17   **STEPHENSON, individually and as**
     **successor in interest to Decedent LEROY**
18   **STEPHENSON,**

19                  Plaintiffs,

20        v.

21

22   **STATE OF CALIFORNIA; and DOES 1**
     **through 100, inclusive,**

23                  Defendants.

Case No. RIC1906137

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER OF STATE OF CALIFORNIA, BY AND THROUGH CALIFORNIA HIGHWAY PATROL TO PLAINTIFFS DEVONTE STEPHENSON, LINDEN STEPHENSON AND KEANDRE STEPHENSON'S COMPLAINT**

Date:       March 18, 2020
Time:      8:30 a.m.
Dept:       1
Judge:     The Honorable Craig G. Riemer
Trial Date:  TBD
Action Filed: December 18, 2019

24

25        Pursuant to California Evidence Code sections 452, and 453, and California Rules of Court,

26   Rule 3.1306(c), defendant State of California, by and through the California Highway Patrol

27   respectfully request that the court take judicial notice of the following documents and information

28   in support of Moving Defendants' demurrer to plaintiffs Devonte Stephenson, Linden Stephenson

1

Ex. 11
082

1  and Keandre Stephenson's complaint:

2  **Request Number 1:**  Three declarations of Government Claims Unit custodian of records

3  Lindsey R. Goodwin, and certified records thereto, [Devote Stephenson, CHP-0001 – 0009;

4  Linden Stephenson, CHP-0010 – 0026; Keandre Stephenson, CHP-0019 – 0027] correct and true

5  copies of which are attached hereto as Exhibit 1.   This Request for Judicial Notice is made

6  pursuant to Evidence Code, section 452, subdivision (c), because the documents and information

7  pertain to official acts of the State.   (*See also Chas. L. Harney, Inc. v. State of California* (1963)

8  217 Cal.App.2d 77, 85-86 [the trial court and [appellate] court have the power to take judicial

9  notice of the official records of the State Board of Control]; *Fowler v. Howell* (1996) 42

10  Cal.App.4th 1746, 1752-1753 [courts may take judicial notice of declaration of employee of

11  board of control as to the claim file]; *Hogen v. Valley Hospital* (1983) 147 Cal.App.3d 119, 125

12  [courts may take judicial notice of records and files of a state administrative body].)

13       Finally, the trial court shall take judicial notice of any matter specified in Evidence Code

14  section 452, provided that the requesting party provides sufficient notice of the request and

15  furnishes the court with sufficient information to enable it to take judicial notice of the matter.

16  (Evid. Code, § 453.)

17

18  Dated:  February 19, 2020                                   Respectfully Submitted,

19                                                                             XAVIER BECERRA
                                                                                Attorney General of California
20                                                                             RICHARD F. WOLFE
                                                                                Supervising Deputy Attorney General

21

22

23                                                                             TIM J. VANDEN HEUVEL
                                                                                Deputy Attorney General
24                                                                             *Attorneys for Defendant*
                                                                                *State of California, by and through the*
25                                                                             *California Highway Patrol*

26  SD2020700119
   72151173.docx
27

28

                                                    2

---

# EXHIBIT 1

*XAVIER BECERRA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CALIFORNIA 94244-2550

## CERTIFICATION

I am a Staff Services Analyst with the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO). The AGO-GCU operates in conjunction with the Government Claims Program (GCP) within the Department of General Services in the review of government claims in active civil litigation. I am familiar with how the GCP operates and maintains its records of government claims received by and stored by the GCP in its Standardized Insurance Management System (SIMS) computer database. The AGO-GCU is granted direct read-only access to the GCP's SIMS computer database and is authorized to download the GCP's records of government claims. I am also knowledgeable about the use of the GCP's SIMS computer database and have been trained by the GCP's staff in accessing the documents. I effectively serve as a custodian of records maintained by the GCP and accessed by the GCU. Based on the direct read-only access to the GCP afforded to the GCU, I am authorized to verify the records maintained with the GCP in the SIMS computer database.

I researched the GCP's SIMS computer database for **DEVONTE STEPHENSON** as identified below.

I hereby certify that the attached documents are true and correct copies of the documents constituting the GCP's SIMS computer database entries of the government claim for:

|  |  |
|---|---|
| Claimant: | Devonte Stephenson |
| Claim No.: | 19005959 |
| DOI: | 01/25/2019 |

The record includes the government claim, any amendments to the claim, and all notices or correspondence to and from the claimant.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is based on my personal knowledge. I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at Sacramento, California, February 7, 2020.

LINDSEY R. GOODWIN
Staff Services Analyst
Government Claims Unit

CHP-0001 of 0027

Ex. 11
085



**DGS** CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**

Governor Gavin Newsom

## CERTIFICATION OF ACCESS TO GCP'S SIMS COMPUTER DATABASE

I, Nicholas Wagner, hereby attest that the Government Claims Program (GCP) within the Department of General Services has granted direct read-only access to the GCP's SIMS computer database and authorized the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO) to download the GCP's records of government claims. The downloading by the AGO-GCU constitute true and correct copies of the documents generated by the GCP's computer database entries of the government claim.

The records of the government claims and the database are maintained in the ordinary course of the GCP's business. All computer database entries were made by the GCP Staff within the scope of their duties. The entries were made in the ordinary course of the GCP's business, at or near the time the government claim was received or acted on by the GCP. The computer database is reliably used to store and maintain the GCP's government claims records and to produce printouts of the records.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at West Sacramento, California on May 10, 2019

NICHOLAS WAGNER
Staff Services Manager
Government Claims Program
Office of Risk and Insurance Management
Department of General Services

Division, Branch or Office Name Here | State of California | California Government Operations Agency
707 3rd Street, # of Floor | West Sacramento, CA  95605 | t (916) 376-5000 f (916) 376-5018

CHP-0002 of 0027

Ex. 11
086



CHP-0003 of 0027



**DGS** CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**                              Governor Gavin Newsom

07/31/2019

Steven A. Lerman
Attorney at Law
6033 W. Century Blvd., Suite 740
Los Angeles, CA 90045

RE: Claim 19005959 for Devonte Stephenson against California Highway Patrol (CHP)

Dear Steven A. Lerman,

Government Claims Program (GCP) staff completed its investigation of your claim and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal interpretation typically undertaken by the GCP. Claims involving complex issues are best determined by the courts. Therefore, staff did not make a determination regarding the merit of the claim, and it is being rejected so you can initiate court action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to include the GCP in your lawsuit unless the GCP was identified as a defendant in your original claim. Please consult Government Code section 955.4 regarding proper service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone, mail, or email using the contact information below. Please remember to reference the assigned claim number (19005959) in your communication.

Sincerely,

Trevor Rabena, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

**WARNING:** Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

 **DGS** CALIFORNIA DEPARTMENT OF **GENERAL SERVICES**          **Governor Gavin Newsom**

## DECLARATION OF SERVICE BY U.S. MAIL

Name of Claimant: Devonte Stephenson
GCP File no.: 19005959

I am employed by the Government Claims Program. I am 18 years of age or older. I am familiar with the business practice at the Government Claims Program for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Government Claims Program is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. On 07/31/2019, I served the attached letter by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Government Claims Program, located at 707 Third Street, West Sacramento, CA 95605, addressed as follows:

Steven A. Lerman
Attorney at Law
6033 W Century Blvd., Suite 740
Los Angeles, CA 90045

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on 07/31/2019, at West Sacramento, California.

_Trevor Rd_
Trevor Rabena

Office of Risk and Insurance Management   State of California  Government Operations Agency
707 3rd Street, 1st Floor  West Sacramento, CA 95605  t 800-955-0045 f 916-376-5275

CHP-0005 of 0027

Ex. 11
089

STATE OF CALIFORNIA - DEPARTMENT OF GENERAL SERVICES
**Government Claim Form**
DGS ORIM 06 (Rev. 05/2016)

CK
10686

**Government Claims Program**
**Office of Risk and Insurance Management**
**Department of General Services**
P.O. Box 989052, MS 414
West Sacramento, CA 95798-9052

For Office Use Only
Government Claims Program

**JUL 0 3 2019**

RECEIVED

19005959 TC

1-800-955-0045 • www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx

[Clear Form]   [Print Form]

### Is your claim complete?

| ☑ | Include a check or money order for $25 payable to the State of California. |
| ☑ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach copies of any documentation that supports your claim. Please do not submit originals. |

### Claimant Information  *Use name of business or entity if claimant is not an individual*

| 1 | Stephenson | Devonte | | 2 | Tel: 213-308-7415 |
| | *Last name* | *First Name* | *MI* | 3 | Email: Jamey004@gmail.com |
| 4 | ▓▓▓▓▓▓▓▓ | Compton | | CA | ▓▓▓▓ |
| | *Mailing Address* | *City* | | *State* | *Zip* |
| 5 | Inmate or patient number, if applicable: | | | | |
| 6 | Is the claimant under 18? No | If Yes, please give date of birth: | | | |
| 7 | | | | | |
| | *If you are an insurance company claiming subrogation, please provide your insured's name in section 7.* | | | | |
| 8 | | | | | |
| | *If your claim relates to another claim or claimant, please provide the claim number or claimant's name in section 8.* | | | | |

### Attorney or Representative Information

| 9 | Lerman | Steven | A. | 10 | Tel: 310-659-8166 |
| | *Last name* | *First Name* | *MI* | 11 | Email: slermanlaw@yahoo.com |
| 12 | 6033 W. Century Blvd., Suite 740 | Los Angeles | | CA | 90045 |
| | *Mailing Address* | *City* | | *State* | *Zip* |
| 13 | Relationship to claimant: Lawyer | | | | |

### Claim Information  *Please add attachments as necessary*

| 14 | Is your claim for a stale-dated warrant (uncashed check)? ○ Yes  ⦿ No  *If No, skip to Step 15.* |
| | State agency that issued the warrant: |
| | Dollar amount of warrant:                    Date of issue: |
| | Warrant number:                              *MM/DD/YYYY* |
| 15 | Date of incident: January 25, 2019 |
| | Was the incident more than six months ago?                    ○ Yes  ⦿ No |
| | If YES, did you attach a separate sheet with an explanation for the late filing?  ○ Yes  ⦿ No |
| 16 | State agencies or employees against whom this claim is filed: |
| | California Highway Patrol and various California Highway Patrol officers. Claimant does not presently know the identities of the individual officers who caused Mr. Stephenson's death. |
| 17 | Dollar amount of claim: in excess of $1,000,000 |
| | If the amount is more than $10,000, indicate the type of civil case: | ○ Limited civil case ($25,000 or less)  ⦿ Non-limited civil case (over $25,000) |
| | Explain how you calculated the amount: |
| | Loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |

DGS ORIM 06 Page 4 of 5

CHP-0006 of 0027

| 18 | Location of the incident: |
|---|---|
| | 91 Freeway near Adams Street off-ramp in Riverside, California. |

| 19 | Describe the specific damage or injury: |
|---|---|
| | Unlawful detention and wrongful death which resulted in loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |

| 20 | Explain the circumstances that led to the damage or injury: |
|---|---|
| | California Highway Patrol and various California Highway Patrol officers, unlawfully seized the Claimant's father, Leroy Stephenson. The officers then used excessive force against Leroy Stephenson which caused Leroy Stephenson's death. |

| 21 | Explain why you believe the state is responsible for the damage or injury: |
|---|---|
| | At all times complained of, the individuals who unlawfully seized and killed Leroy Stephenson were acting within the course and scope of their employment with the California Highway Patrol. |

| 22 | Does the claim involve a state vehicle? | ⊙ Yes | ⊙ No |
|---|---|---|---|
| | If YES, provide the vehicle license number, if known: | | |

### *Auto Insurance Information*

| 23 | |
|---|---|
| | *Name of Insurance Carrier* |

| *Mailing Address* | | *City* | | *State* | *Zip* |
|---|---|---|---|---|---|
| Policy Number: | | | Tel: | | |
| Are you the registered owner of the vehicle? | | | | ⊙ Yes | ⊙ No |
| If NO, state name of owner: | | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | | | ⊙ Yes | ⊙ No |
| Have you received any payment for this damage or injury? | | | | ⊙ Yes | ⊙ No |
| If yes, what amount did you receive? | | | | | |
| Amount of deductible, if any: | | | | | |
| Claimant's Drivers License Number: | | Vehicle License Number: | | | |
| Make of Vehicle: | Model: | | Year: | | |
| Vehicle ID Number: | | | | | |

### *Notice and Signature*

| 24 | I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72). |
|---|---|
| | Steven A. Lerman          Date: June 25, 2019 |
| | *Signature of Claimant or Representative*          *Printed Name* |

| 25 | Mail this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 989052, MS 414, West Sacramento, CA 95798-9052. Forms can also be delivered to the Office of Risk and Insurance Management, 707 3rd street, 1st Floor ORIM, West Sacramento, CA 95605. |
|---|---|

*Steven A. Lerman & Associates, Inc.*

6033 WEST CENTURY BOULEVARD, SUITE 740
LOS ANGELES, CALIFORNIA 90045
TEL (310) 659-8166
FAX (310) 285-0779

STEVEN A. LERMAN
ATTORNEY AT LAW

STEVEN A. LERMAN IS ADMITTED
TO PRACTICE IN CALIFORNIA AND IS AN
INACTIVE MEMBER OF THE FLORIDA AND HAWAII BAR

June 25, 2019

Government Claims Program

JUL 0 3 2019

Government Claims Program
Office of Risk and Insurance Management
Dept. of General Services
PO Box 989052, MS414
West Sacramento, CA 95798-9052

RECEIVED

Re:     January 25, 2019 death of Leroy Richard Stephenson

Dear Sir or Madam:

On behalf of claimant/client (successors in interest to Leroy Richard Stephenson), please see
attached Government Claim Form for claimant, Devonte Stephenson.

## THE JANUARY 25, 2019 INCIDENT

On or about January 25, 2019, at approximately 12:00 p.m., various California Highway Patrol
officers confronted Decedent Leroy Richard Stephenson on the Adams Street off-ramp in Riverside,
California. One of the California Highway Patrol officers discharged his taser which struck
Decedent Stephenson. Mr. Stephenson was handcuffed and taken to Parkview Community Hospital
where he died just before 2:00 p.m.

Please conform and "stamp receive with date" the extra copy of the Government Claim Form and
return to our office in the self addressed, stamped envelope.

Very truly yours,

Steven A. Lerman/Nicholas Lerman
SAL/cgc

Enclosures

CHP-0008 of 0027



**Steven A. Lerman & Associates, Inc.**
6033 West Century Boulevard
Suite #740
Los Angeles, CA 90045

**Goverment Claims Program**
**Post Office Box 989052, MS 414**
**West Sacrameno, CA  95798-9052**

Ex. 11
093



*XAVIER BECERRA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CALIFORNIA  94244-2550

## CERTIFICATION

I am a Staff Services Analyst with the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO).  The AGO-GCU operates in conjunction with the Government Claims Program (GCP) within the Department of General Services in the review of government claims in active civil litigation.  I am familiar with how the GCP operates and maintains its records of government claims received by and stored by the GCP in its Standardized Insurance Management System (SIMS) computer database.  The AGO-GCU is granted direct read-only access to the GCP's SIMS computer database and is authorized to download the GCP's records of government claims.  I am also knowledgeable about the use of the GCP's SIMS computer database and have been trained by the GCP's staff in accessing the documents.  I effectively serve as a custodian of records maintained by the GCP and accessed by the GCU.  Based on the direct read-only access to the GCP afforded to the GCU, I am authorized to verify the records maintained with the GCP in the SIMS computer database.

I researched the GCP's SIMS computer database for **LINDEN STEPHENSON** as identified below.

I hereby certify that the attached documents are true and correct copies of the documents constituting the GCP's SIMS computer database entries of the government claim for:

>     Claimant:       **Linden Stephenson**
>     Claim No.:      **19005978**
>     DOI:            **01/25/2019**

The record includes the government claim, any amendments to the claim, and all notices or correspondence to and from the claimant.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is based on my personal knowledge.  I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at Sacramento, California, February 7, 2020.

LINDSEY R. GOODWIN
Staff Services Analyst
Government Claims Unit

CHP-0010 of 0027

Ex. 11
094



**CALIFORNIA DEPARTMENT OF**
**GENERAL SERVICES**

Governor Gavin Newsom

## CERTIFICATION OF ACCESS TO GCP'S SIMS COMPUTER DATABASE

I, Nicholas Wagner, hereby attest that the Government Claims Program (GCP) within the Department of General Services has granted direct read-only access to the GCP's SIMS computer database and authorized the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO) to download the GCP's records of government claims. The downloading by the AGO-GCU constitute true and correct copies of the documents generated by the GCP's computer database entries of the government claim.

The records of the government claims and the database are maintained in the ordinary course of the GCP's business. All computer database entries were made by the GCP Staff within the scope of their duties. The entries were made in the ordinary course of the GCP's business, at or near the time the government claim was received or acted on by the GCP. The computer database is reliably used to store and maintain the GCP's government claims records and to produce printouts of the records.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at West Sacramento, California on May 10, 2019

NICHOLAS WAGNER
Staff Services Manager
Government Claims Program
Office of Risk and Insurance Management
Department of General Services

Division, Branch or Office Name Here | *State of California* | *California Government Operations Agency*
*707 3rd Street, # of Floor | West Sacramento, CA 95605 | t (916) 376-5000 f (916) 376-5018*

CHP-0011 of 0027

Ex. 11
095



CHP-0012 of 0027



**DGS** CALIFORNIA DEPARTMENT OF GENERAL SERVICES                Governor Gavin Newsom

08/01/2019

Steven A Lerman
Attorney at Law
6033 W Century Blvd Ste 740
Los Angeles, CA 90045

RE:  Claim 19005978 for Linden  Stephenson  against Highway Patrol, California (CHP)

Dear Steven Lerman,

Government Claims Program (GCP) staff completed its investigation of your claim and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal interpretation typically undertaken by the GCP.  Claims involving complex issues are best determined by the courts.  Therefore, staff did not make a determination regarding the merit of the claim, and it is being rejected so you can initiate court action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to include the GCP in your lawsuit unless the GCP was identified as a defendant in your original claim.  Please consult Government Code section 955.4 regarding proper service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone, mail, or email using the contact information below.   Please remember to reference the assigned claim number (19005978) in your communication.

Sincerely,

Eric Rivera, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

**WARNING:**  Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  See Government Code Section 945.6.  You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Office of Risk and Insurance Management

CHP-0013 of 0027

 **DGS** CALIFORNIA DEPARTMENT OF
GENERAL SERVICES

**Governor Gavin Newsom**

### DECLARATION OF SERVICE BY U.S. MAIL

Name of Claimant: Linden Stephenson
GCP File no.: 19005978

I am employed by the Government Claims Program. I am 18 years of age or older. I am familiar with the business practice at the Government Claims Program for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Government Claims Program is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. On 08/01/2019, I served the attached letter by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Government Claims Program, located at 707 Third Street, West Sacramento, CA 95605, addressed as follows:

Steven A Lerman
Attorney at Law
6033 W Century Blvd Ste 740
Los Angeles, CA 90045

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on 08/01/2019, at West Sacramento, California.

Eric Rivera

**Office of Risk and Insurance Management**   State of California   Government Operations Agency
707 3rd Street, 1st Floor   West Sacramento, CA 95605   (800) 955-0045 f 916-376-5087

CHP-0014 of 0027

Ex. 11
098

STATE OF CALIFORNIA - DEPARTMENT OF GENERAL SERVICES
**Government Claim Form**
DGS ORIM 06 (Rev. 05/2016)

Government Claims Program
Office of Risk and Insurance Management     *CK*
Department of General Services              *10688*
P.O. Box 989052, MS 414
West Sacramento, CA 95798-9052

| For Office Use Only |
| --- |
| Government Claims Program |
| **JUL 05 2019** |
| **RECEIVED** |
| *1900 5978 E* |

1-800-955-0045 • www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx      [Clear Form]  [Print Form]

### Is your claim complete?

- ☑ Include a check or money order for $25 payable to the State of California.
- ☑ Complete all sections relating to this claim and sign the form. Please print or type all information.
- ☐ Attach copies of any documentation that supports your claim. Please do not submit originals.

### Claimant Information  *Use name of business or entity if claimant is not an individual*

| 1 | Stephenson | Linden | | 2 | Tel: 310-876-5992 |
| --- | --- | --- | --- | --- | --- |
| | *Last name* | *First Name* | *MI* | 3 | Email: linden_stephenson@yahoo |
| 4 | ▓▓▓▓▓▓▓▓▓▓▓ | | Compton | | CA | ▓▓▓▓ |
| | *Mailing Address* | | *City* | | *State* | *Zip* |
| 5 | Inmate or patient number, if applicable: | | | | |
| 6 | Is the claimant under 18? No | | If Yes, please give date of birth: | | |
| 7 | | | | | |

*If you are an insurance company claiming subrogation, please provide your insured's name in section 7.*

| 8 | |
| --- | --- |

*If your claim relates to another claim or claimant, please provide the claim number or claimant's name in section 8.*

### Attorney or Representative Information

| 9 | Lerman | Steven | A | 10 | Tel: 310-659-8166 |
| --- | --- | --- | --- | --- | --- |
| | *Last name* | *First Name* | *MI* | 11 | Email: slermanlaw@yahoo.com |
| 12 | 6033 W. Century Blvd., Suite 740 | Los Angeles | | CA | 90045 |
| | *Mailing Address* | *City* | | *State* | *Zip* |
| 13 | Relationship to claimant: Lawyer | | | | |

### Claim Information  *Please add attachments as necessary*

| 14 | Is your claim for a stale-dated warrant (uncashed check)?   ○ Yes  ◉ No   *If No, skip to Step 15.* |
| --- | --- |
| | State agency that issued the warrant: |
| | Dollar amount of warrant:                    Date of issue: |
| | Warrant number:                              *MM/DD/YYYY* |
| 15 | Date of incident: January 25, 2019 |
| | Was the incident more than six months ago?                              ○ Yes  ◉ No |
| | If YES, did you attach a separate sheet with an explanation for the late filing?   ○ Yes  ○ No |
| 16 | State agencies or employees against whom this claim is filed: |
| | California Highway Patrol and various California Highway Patrol officers. Claimant does not presently know the identities of the individual officers who caused Mr. Stephenson's death. |
| 17 | Dollar amount of claim: In excess of $1,000,000 |
| | If the amount is more than $10,000, indicate the type of civil case:   ○ Limited civil case ($25,000 or less)   ◉ Non-limited civil case (over $25,000) |
| | Explain how you calculated the amount: |
| | Loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |

DGS ORIM 06 Page 4 of 5

| 18 | Location of the incident: |
|---|---|
| | 91 Freeway near Adams Street off-ramp in Riverside, California. |

| 19 | Describe the specific damage or injury: |
|---|---|
| | Unlawful detention and wrongful death which resulted in loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |

| 20 | Explain the circumstances that led to the damage or injury: |
|---|---|
| | California Highway Patrol and various California Highway Patrol officers, unlawfully seized the Claimant's father, Leroy Stephenson. The officers then used excessive force against Leroy Stephenson which caused Leroy Stephenson's death. |

| 21 | Explain why you believe the state is responsible for the damage or injury: |
|---|---|
| | At all times complained of, the individuals who unlawfully seized and killed Leroy Stephenson were acting within the course and scope of their employment with the California Highway Patrol. |

| 22 | Does the claim involve a state vehicle? | ○ Yes | ◉ No |
|---|---|---|---|
| | If YES, provide the vehicle license number, if known: | | |

## Auto Insurance Information

| 23 | |
|---|---|
| | Name of Insurance Carrier |

| Mailing Address | | City | | State | Zip |
|---|---|---|---|---|---|
| Policy Number: | | | Tel: | | |
| Are you the registered owner of the vehicle? | | | ○ Yes | | ○ No |
| If NO, state name of owner: | | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | | ○ Yes | | ○ No |
| Have you received any payment for this damage or injury? | | | ○ Yes | | ○ No |
| If yes, what amount did you receive? | | | | | |
| Amount of deductible, if any: | | | | | |
| Claimant's Drivers License Number: | | | Vehicle License Number: | | |
| Make of Vehicle: | | Model: | | Year: | |
| Vehicle ID Number: | | | | | |

## Notice and Signature

| 24 | I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72). |
|---|---|
| | *[signature]*       Steven A. Lerman     Date: June 25, 2019 |
| | Signature of Claimant or Representative    Printed Name |

| 25 | Mail this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 989052, MS 414, West Sacramento, CA 95798-9052. Forms can also be delivered to the Office of Risk and Insurance Management, 707 3rd street, 1st Floor ORIM, West Sacramento, CA 95605. |
|---|---|

DGS ORIM 06 Page 5 of 5

CHP-0016 of 0027

Ex. 11

100

*Steven A. Lerman & Associates, Inc.*

6033 WEST CENTURY BOULEVARD, SUITE 740
LOS ANGELES, CALIFORNIA 90045
TEL (310) 659-8166
FAX (310) 285-0779

STEVEN A. LERMAN
ATTORNEY AT LAW

STEVEN A. LERMAN IS ADMITTED
TO PRACTICE IN CALIFORNIA AND IS AN
INACTIVE MEMBER OF THE FLORIDA AND HAWAII BAR

June 25, 2019

Government Claims Program
Office of Risk and Insurance Management
Dept. of General Services
PO Box 989052, MS414
West Sacramento, CA 95798-9052

Re:   January 25, 2019 death of Leroy Richard Stephenson

Dear Sir or Madam:

On behalf of claimant/client (successors in interest to Leroy Richard Stephenson), please see
attached Government Claim Form for claimant, Linden Stephenson.

### THE JANUARY 25, 2019 INCIDENT

On or about January 25, 2019, at approximately 12:00 p.m., various California Highway Patrol
officers confronted Decedent Leroy Richard Stephenson on the Adams Street off-ramp in Riverside,
California. One of the California Highway Patrol officers discharged his taser which struck
Decedent Stephenson. Mr. Stephenson was handcuffed and taken to Parkview Community Hospital
where he died just before 2:00 p.m.

Please conform and "stamp receive with date" the extra copy of the Government Claim Form and
return to our office in the self addressed, stamped envelope.

Very truly yours,

Steven A. Lerman/Nicholas Lerman
SAL/cgc

Enclosures

CHP-0017 of 0027

Ex. 11
101



Steven A. Lerman & Associates, Inc.
6033 West Century Boulevard
Suite #740
Los Angeles, CA 90045

Goverment Claims Program
Post Office Box 989052, MS 414
West Sacrameno, CA  95798-9052

Ex. 11
102

**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CALIFORNIA 94244-2550

## CERTIFICATION

I am a Staff Services Analyst with the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO). The AGO-GCU operates in conjunction with the Government Claims Program (GCP) within the Department of General Services in the review of government claims in active civil litigation. I am familiar with how the GCP operates and maintains its records of government claims received by and stored by the GCP in its Standardized Insurance Management System (SIMS) computer database. The AGO-GCU is granted direct read-only access to the GCP's SIMS computer database and is authorized to download the GCP's records of government claims. I am also knowledgeable about the use of the GCP's SIMS computer database and have been trained by the GCP's staff in accessing the documents. I effectively serve as a custodian of records maintained by the GCP and accessed by the GCU. Based on the direct read-only access to the GCP afforded to the GCU, I am authorized to verify the records maintained with the GCP in the SIMS computer database.

I researched the GCP's SIMS computer database for **KEANDRE STEPHENSON** as identified below.

I hereby certify that the attached documents are true and correct copies of the documents constituting the GCP's SIMS computer database entries of the government claim for:

> **Claimant:**   Keandre Stephenson
> **Claim No.:**   19006010
> **DOI:**   01/25/2019

The record includes the government claim, any amendments to the claim, and all notices or correspondence to and from the claimant.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is based on my personal knowledge. I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at Sacramento, California, February 7, 2020.

LINDSEY R. GOODWIN
Staff Services Analyst
Government Claims Unit

CHP-0019 of 0027

Ex. 11
103



**DGS** CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**

Governor Gavin Newsom

## CERTIFICATION OF ACCESS TO GCP'S SIMS COMPUTER DATABASE

I, Nicholas Wagner, hereby attest that the Government Claims Program (GCP) within the Department of General Services has granted direct read-only access to the GCP's SIMS computer database and authorized the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO) to download the GCP's records of government claims. The downloading by the AGO-GCU constitute true and correct copies of the documents generated by the GCP's computer database entries of the government claim.

The records of the government claims and the database are maintained in the ordinary course of the GCP's business. All computer database entries were made by the GCP Staff within the scope of their duties. The entries were made in the ordinary course of the GCP's business, at or near the time the government claim was received or acted on by the GCP. The computer database is reliably used to store and maintain the GCP's government claims records and to produce printouts of the records.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at West Sacramento, California on May 10, 2019

NICHOLAS WAGNER
Staff Services Manager
Government Claims Program
Office of Risk and Insurance Management
Department of General Services

Division, Branch or Office Name Here | State of California | California Government Operations Agency
707 3rd Street, # of Floor | West Sacramento CA 95605 | t (916) 376-5000 f (916) 376-5018

CHP-0020 of 0027

Ex. 11
104



CHP-0021 of 0027



**DGS** CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**

Governor Gavin Newsom

07/09/2019

Steven Lerman
Attorney at Law
6033 W. Century Blvd., Ste. 740
Los Angeles, CA 90045

RE: Claim 19006010 for Keandre Stephenson against California Highway Patrol
(CHP)

Dear Steven Lerman,

Government Claims Program (GCP) staff completed its investigation of your claim
and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal
interpretation typically undertaken by the GCP. Claims involving complex issues are
best determined by the courts. Therefore, staff did not make a determination
regarding the merit of the claim, and it is being rejected so you can initiate court
action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to
include the GCP in your lawsuit unless the GCP was identified as a defendant in your
original claim. Please consult Government Code section 955.4 regarding proper
service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone,
mail, or email using the contact information below. Please remember to reference
the assigned claim number (19006010) in your communication.

Sincerely,

Kelli Miyata

Kelli Miyata, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

**WARNING:** Subject to certain exceptions, you have only six (6) months from the
date this notice was personally delivered or deposited in the mail to file a court action
on this claim. See Government Code Section 945.6. You may seek the advice of an
attorney of your choice in connection with this matter. If you desire to consult an
attorney, you should do so immediately.

Office of Risk and Insurance Management | State of California | Government Operations Agency
707 3rd Street, 1st Floor, West Sacramento, CA 95605 | t 800.955.0045 f 916.376.5127          CHP-0022 of 0027

Ex. 11
106



**DGS** CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**                    Governor Gavin Newsom

## DECLARATION OF SERVICE BY U.S. MAIL

Name of Claimant: Keandre Stephenson
GCP File no.: 19006010

I am employed by the Government Claims Program. I am 18 years of age or older. I am familiar with the business practice at the Government Claims Program for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Government Claims Program is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. On 07/09/2019, I served the attached letter by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Government Claims Program, located at 707 Third Street, West Sacramento, CA 95605, addressed as follows:

Steven Lerman
Attorney at Law
6033 W. Century Blvd., Ste. 740
Los Angeles, CA 90045

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on 07/09/2019, at West Sacramento, California.

*Kelli Miyata*
Kelli Miyata

Office of Risk and Insurance Management | State of California | Government Operations Agency
707 3rd Street, 1st Floor | West Sacramento, CA 95605 | t 800.955-0045 f 916-376-6337

CHP-0023 of 0027

Ex. 11
107

STATE OF CALIFORNIA - DEPARTMENT OF GENERAL SERVICES
Government Claim Form
DGS ORIM 06 (Rev. 05/2016)

**Government Claims Program**
**Office of Risk and Insurance Management**
**Department of General Services**
**P.O. Box 989052, MS 414**
**West Sacramento, CA. 95798-9052**

CK
10687



For Office Use Only
Government Claims Program

JUL 05 2019

RECEIVED
19006010 K

1-800-955-0045 ▪ www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx

| Clear Form | Print Form |

### Is your claim complete?

| | |
|---|---|
| ☑ | Include a check or money order for $25 payable to the State of California. |
| ☑ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach copies of any documentation that supports your claim. Please do not submit originals. |

### Claimant Information  *Use name of business or entity if claimant is not an individual*

| 1 | Stephenson | Keandre | | 2 | Tel: 909-767-2403 |
|---|---|---|---|---|---|
| | *Last name* | *First Name* | *MI* | 3 | Email: stephensonkeandre160@gmail |
| 4 | ▓▓▓▓▓▓▓▓ | San Bernardino | | CA | ▓▓▓▓▓ |
| | *Mailing Address* | *City* | | *State* | *Zip* |
| 5 | Inmate or patient number, if applicable: | | | | |
| 6 | Is the claimant under 18? No | If Yes, please give date of birth: | | | |
| 7 | | | | | |

*If you are an insurance company claiming subrogation, please provide your insured's name in section 7.*

| 8 | |
|---|---|

*If your claim relates to another claim or claimant, please provide the claim number or claimant's name in section 8.*

### Attorney or Representative Information

| 9 | Lerman | Steven | A | 10 | Tel:310-659-8166 |
|---|---|---|---|---|---|
| | *Last name* | *First Name* | *MI* | 11 | Email: slermanlaw@yahoo.com |
| 12 | 6033 W. Century Blvd., Suite 740 | Los Angeles | | CA | 90045 |
| | *Mailing Address* | *City* | | *State* | *Zip* |
| 13 | Relationship to claimant: Lawyer | | | | |

### Claim Information  *Please add attachments as necessary*

| 14 | Is your claim for a stale-dated warrant (uncashed check)?   ○ Yes  ◉ No   *If No, skip to Step 15.* |
|---|---|
| | State agency that issued the warrant: |
| | Dollar amount of warrant:                          Date of issue: |
| | Warrant number:                                    *MM/DD/YYYY* |
| 15 | Date of incident: January 25, 2019 |
| | Was the incident more than six months ago?                              ○ Yes  ◉ No |
| | If YES, did you attach a separate sheet with an explanation for the late filing?   ○ Yes  ○ No |
| 16 | State agencies or employees against whom this claim is filed: |
| | California Highway Patrol and various California Highway Patrol officers. Claimant does not presently know the identities of the individual officers who caused Mr. Stephenson's death. |
| 17 | Dollar amount of claim: in excess of $1,000,000 |
| | If the amount is more than $10,000, indicate the type of civil case: | ○ Limited civil case ($25,000 or less)  ◉ Non-limited civil case (over $25,000) |
| | Explain how you calculated the amount: |
| | Loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |

DGS ORIM 06 Page 4 of 5

CHP-0024 of 0027

Ex. 11
108

| 18 | Location of the incident: 91 Freeway near Adams Street off-ramp in Riverside, California. |
|----|---|
| 19 | Describe the specific damage or injury: Unlawful detention and wrongful death which resulted in loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |
| 20 | Explain the circumstances that led to the damage or injury: California Highway Patrol and various California Highway Patrol officers, unlawfully seized the Claimant's father, Leroy Stephenson. The officers then used excessive force against Leroy Stephenson which caused Leroy Stephenson's death. |
| 21 | Explain why you believe the state is responsible for the damage or injury: At all times complained of, the individuals who unlawfully seized and killed Leroy Stephenson were acting within the course and scope of their employment with the California Highway Patrol. |
| 22 | Does the claim involve a state vehicle?                      ○ Yes        ◉ No |
|    | If YES, provide the vehicle license number, if known: |

### Auto Insurance Information

| 23 | |
|----|---|

| Name of Insurance Carrier | | | | |
|---|---|---|---|---|
| Mailing Address | | City | State | Zip |
| Policy Number: | | Tel: | | |
| Are you the registered owner of the vehicle? | | | ○ Yes | ○ No |
| If NO, state name of owner: | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | | ○ Yes | ○ No |
| Have you received any payment for this damage or injury? | | | ○ Yes | ○ No |
| If yes, what amount did you receive? | | | | |
| Amount of deductible, if any: | | | | |
| Claimant's Drivers License Number: | | Vehicle License Number: | | |
| Make of Vehicle: | Model: | Year: | | |
| Vehicle ID Number: | | | | |

### Notice and Signature

| 24 | I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72). |
|----|---|
|    | _(signature)_ ——————— Steven A. Lerman        Date: June 25, 2019 |
|    | Signature of Claimant or Representative     Printed Name |
| 25 | Mail this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 989052, MS 414; West Sacramento, CA 95798-9052. Forms can also be delivered to the Office of Risk and Insurance Management, 707 3rd street, 1st Floor ORIM, West Sacramento, CA 95605. |

DGS ORIM 08 Page 5 of 5

CHP-0025 of 0027

*Steven A. Lerman & Associates, Inc.*

6033 WEST CENTURY BOULEVARD, SUITE 740
LOS ANGELES, CALIFORNIA 90045
TEL (310) 659-8166
FAX (310) 285-0779

STEVEN A. LERMAN
ATTORNEY AT LAW

STEVEN A. LERMAN IS ADMITTED
TO PRACTICE IN CALIFORNIA AND IS AN
INACTIVE MEMBER OF THE FLORIDA AND HAWAII BAR

June 25, 2019

Government Claims Program
Office of Risk and Insurance Management
Dept. of General Services
PO Box 989052, MS414
West Sacramento, CA 95798-9052

Re:   January 25, 2019 death of Leroy Richard Stephenson

Dear Sir or Madam:

On behalf of claimant/client (successors in interest to Leroy Richard Stephenson), please see
attached Government Claim Form for claimant, Keandre Stephenson.

### THE JANUARY 25, 2019 INCIDENT

On or about January 25, 2019, at approximately 12:00 p.m., various California Highway Patrol
officers confronted Decedent Leroy Richard Stephenson on the Adams Street off-ramp in Riverside,
California. One of the California Highway Patrol officers discharged his taser which struck
Decedent Stephenson. Mr. Stephenson was handcuffed and taken to Parkview Community Hospital
where he died just before 2:00 p.m.

Please conform and "stamp receive with date" the extra copy of the Government Claim Form and
return to our office in the self addressed, stamped envelope.

Very truly yours,

Steven A. Lerman/Nicholas Lerman
SAL/cgc

Enclosures

CHP-0026 of 0027

Ex. 11
110



Ex. 11
111

Steven A. Lerman & Associates, Inc.
6033 West Century Boulevard
Suite #740
Los Angeles, CA 90045

Goverment Claims Program
Post Office Box 989052, MS 414
West Sacrameno, CA  95798-9052

<table>
<tr><td>

1  XAVIER BECERRA
   Attorney General of California
2  RICHARD F. WOLFE
   Supervising Deputy Attorney General
3  DOUGLAS E. BAXTER
   State Bar No. 201351
4  Deputy Attorney General
   TIM J. VANDEN HEUVEL
5  Deputy Attorney General
   State Bar No. 140731
6    600 West Broadway, Suite 1800
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 738-9095
     Fax:        (619) 645-2581
9    E-mail: Tim.VandenHeuvel@doj.ca.gov
   *Attorneys for Defendant State of California,*
10 *by and through the California Highway Patrol*

</td>
<td>

# FILED

Superior Court of California
County of Riverside

**2/20/2020**
**K. Garcia**

Electronically Filed

No Fee Pursuant to Government Code
Section 6103

</td></tr>
</table>

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                         COUNTY OF RIVERSIDE

13

14

15  **DEVONTE STEPHENSON, individually**     Case No. RIC1906137
    **and as successor in interest to Decedent**
16  **LEROY STEPHENSON; LINDEN**             **DECLARATION OF DOUGLAS E.**
    **STEPHENSON, individually and as**      **BAXTER IN SUPPORT OF DEFENDANT**
17  **successor in interest to Decedent LEROY**  **STATE OF CALIFORNIA, BY AND**
    **STEPHENSON; KEANDRE**                  **THROUGH THE CALIFORNIA**
18  **STEPHENSON, individually and as**      **HIGHWAY PATROL'S DEMURRER TO**
    **successor in interest to Decedent LEROY**  **PLAINTIFFS DEVONTE STEPHENSON,**
19  **STEPHENSON,**                          **LINDEN STEPHENSON AND KEANDRE**
                                             **STEPHENSON'S COMPLAINT**
                                   Plaintiffs,
20                                           Date:        March 18, 2020
                                             Time:        8:30 a.m.
21              v.                           Dept.:       1
                                             Judge:       The Honorable Craig G. Riemer
22  **STATE OF CALIFORNIA; and DOES 1**      Trial Date:  TBD
    **through 100, inclusive,**             Action Filed: December 18, 2019
23
                                   Defendants.
24

25  ///

26  ///

27  ///

28  ///

                                    1

DECL. OF DOUGLAS E. BAXTER IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S (CHP'S)
                 DEMURRER TO PLAINTIFFS' COMPLAINT (RIC1906137)

1     I, Douglas E. Baxter, hereby declare:

2     1. I am an attorney duly licensed to practice law in the State of California. I am employed

3 as a Deputy Attorney General for the California Attorney General's Office. Together with

4 Deputy Attorney General Tim J. Vanden Heuvel, I am assigned to represent defendant State of

5 California, by and through the California Highway Patrol, in this action.

6     2. On February 6, 2020, I spoke to plaintiffs' counsel Gregory Peacock on the telephone

7 about the issues being raised in defendant's demurrer for the purposes of satisfying the meet-and-

8 confer requirement of section 430.41, subd. (a), of the Code of Civil Procedure. I explained the

9 legal contentions we intended to make in a demurrer to the complaint, based on apparent failure

10 to comply with the Government Claims Act for those counts and allegations of the complaint that

11 attempt to state survival claims and damages. I explained the primary basis for the demurrer

12 would be the analysis of *Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783.

13     3. At the time of the February 6, 2020, telephonic meet-and-confer, the deadline for

14 defendant State of California, by and through the California Highway Patrol, to file a responsive

15 pleading or motion was February 12, 2020. Plaintiffs' counsel and I agreed to talk again on the

16 phone before defendant would proceed with a responsive pleading or motion.

17     4. On February 11, 2020, I once again spoke on the telephone with Gregory Peacock about

18 the legal issues raised in defendant's demurrer. I also explained that specific damages claims

19 may also be challenged through a companion motion to strike based on the failure to comply with

20 the Government Claims Act. In that telephone conversation, Mr. Peacock and I agreed to a

21 stipulation to extend defendant's deadline to file a responsive pleading and motion to February

22 20, 2020, pursuant to Rule 3.110(d) of the California Rules of Court. We put that agreement in

23 writing through an email exchange on February 11, 2020. The purpose of the extension was to

24 give plaintiffs' counsel additional time to consider defendant's arguments and confer with the

25 plaintiffs.

26 ///

27 ///

28 ///

2

DECL. OF DOUGLAS E. BAXTER IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S (CHP'S)
DEMURRER TO PLAINTIFFS' COMPLAINT (RIC1906137)

5. As of the present date, the parties have not been able to reach a resolution of the claims raised by defendant in its demurrer and companion motion to strike.  Therefore, defendant is filing the demurrer and motion to strike at this time.

I, Douglas E. Baxter, affirm under penalty of perjury under the laws of the State of California that the foregoing information is true and correct of my own knowledge and that this declaration is being executed on this 20th day of February 2020 at San Diego, California.

*Douglas E. Baxter*

Douglas E. Baxter

SD2020700119
72161114.docx

3

DECL. OF DOUGLAS E. BAXTER IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S (CHP'S)
DEMURRER TO PLAINTIFFS' COMPLAINT (RIC1906137)

**EXHIBIT 12**

1   XAVIER BECERRA
    Attorney General of California
2   RICHARD F. WOLFE
    Supervising Deputy Attorney General
3   DOUGLAS E. BAXTER
    Deputy Attorney General
4   TIM J. VANDEN HEUVEL
    Deputy Attorney General
5   State Bar No. 140731
     600 West Broadway, Suite 1800
6    San Diego, CA 92101
    P.O. Box 85266
7    San Diego, CA 92186-5266
    Telephone: (619) 738-9095
8    Fax: (619) 645-2581
    E-mail: Tim.VandenHeuvel@doj.ca.gov
9   *Attorneys for Defendant*
    *State of California, by and through the California*
10  *Highway Patrol*

**FILED**
Superior Court of California
County of Riverside
**2/20/2020**
**K. Garcia**
Electronically Filed

No Fee Pursuant to Government Code
Section 6103

11        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12        **COUNTY OF RIVERSIDE - RIVERSIDE DIVISION**

13

14   **DEVONTE STEPHENSON, individually**     Case No. RIC1906137
    **and as successor in interest to Decedent**
15   **LEROY STEPHENSON; LINDEN**       **DEFENDANT STATE OF CALIFORNIA,**
    **STEPHENSON, individually and as**     **BY AND THROUGH THE CALIFORNIA**
16   **successor in interest to Decedent LEROY**   **HIGHWAY PATROL'S NOTICE OF**
    **STEPHENSON; KEANDRE**         **MOTION TO STRIKE AND MOTION**
17   **STEPHENSON, individually and as**     **TO STRIKE PORTIONS OF**
    **successor in interest to Decedent LEROY**   **PLAINTIFFS DEVONTE STEPHENSON,**
18   **STEPHENSON,**            **LINDEN STEPHENSON AND KEANDRE**
                       **STEPHENSON'S COMPLAINT**
19             Plaintiffs,
20       v.             Date:      March 18, 2020
                      Time:      8:30 a.m.
21                   Dept:      1
    **STATE OF CALIFORNIA; and DOES 1**   Judge:     The Honorable Craig G. Riemer
22   **through 100, inclusive,**         Trial Date:   TBD
                      Action Filed: December 18, 2019
23            Defendants.
24

25      TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE

26   that on March 18, 2020 at 8:30 a.m., in Department 1 of the above entitled Court located at 4050

27   Main Street, Riverside, CA 92501, defendant State of California by and through the California

28

                              1

Ex. 12
116

1   Highway Patrol, will, and hereby does, jointly and severally move to strike portions of the

2   Complaint in this matter filed by Plaintiffs' Devonte Stephenson, Linden Stephenson and

3   Keandre Stephenson.

4       This motion to strike shall be based upon this notice of and motion to strike, the points and

5   authorities submitted concurrently, and the request for judicial notice, in addition to all pleadings

6   filed in this matter.  This motion to strike is brought by defendant State of California, by and

7   through the California Highway Patrol ("CHP"), under Code of Civil Procedure section 435-436,

8   et. seq, on the grounds that plaintiffs did not present a government claim for survival damages on

9   behalf of the estate of Leroy Stephenson, and are barred from seeking those damages as a matter

10   of law.  A motion to strike allows for the striking of "irrelevant, false or improper" matter,

11   including improper damages claims.  (Code Civ. Pro. §§431.10(b), 436(a); Weil & Brown, *Cal.*

12   *Practice Guide: Civil Procedure Before Trial* (The Rutter Group 2012) ¶ 7.182.)  Claims for

13   survival damages are irrelevant, false and improper, as well as not drawn or filed in conformity

14   with the laws of the State of California, and are appropriately stricken from the Complaint.  (Code

15   Civ. Proc., § 436)

16       **FULFILLMENT OF MEET-AND-CONFER REQUIREMENT**

17       This motion to strike is brought after defendant's counsel telephonically met and conferred

18   with plaintiff's counsel on February 6, 2020 and February 11, 2020, in good faith pursuant to

19   section 435.5 of the Code of Civil Procedure to try to resolve the objections raised by the motion

20   to strike.  After discussing the issues, the parties were unable to resolve the objections raised by

21   the motion to strike.  (See Declaration of Douglas E. Baxter in Support of Demurrer by Defendant

22   State of California (by and through the California Highway Patrol.)

23       **ITEMS TO BE STRICKEN**

24       Accordingly, defendant seeks an Order striking the following allegations from the second,

25   fourth, and fifth causes of action. (Code Civ. Proc., § 436, et. seq.)

26       Paragraph 35, ll. 15-18: "Plaintiffs bring this claim as successors in interest to Decedent

27   Leroy Stephenson, and seek survival damages, including physical and mental pain and suffering,

28   loss of life, and loss of enjoyment of life" pursuant to this claim.

1       Paragraph 43, p. 9, ll. 9-10: "As a result of the actions of DOES 1 through 20, inclusive,

2  Decedent Leroy Stephenson suffered severe pain and suffering, loss of enjoyment of life, and

3  ultimately died of his injuries."

4       Paragraph 45, p. 9, ll. 17-18.  "As a result of the actions of DOES 1 through 20, inclusive,

5  Decedent Leroy Stephenson suffered severe pain and suffering."

6       Paragraph 46, p. 9, ll. 21-24:  "As a direct and proximate result of the conduct of DOES 1

7  through 20, inclusive, as alleged above, Decedent Leroy Stephenson sustained injuries and died

8  from his injuries and also lost his earning capacity.  Decedent Leroy Stephenson also incurred

9  substantial medical bills and costs, loss of life, and loss of enjoyment of life."

10      Paragraph 48, p. 10, ll. 1: "and as successors-in interest to Decedent Leroy Stephenson…"

11      Paragraph 55, p. 9, ll. 25-26:  "As a proximate and direct result of defendants' actions,

12  Decedent Leroy Stephenson suffered loss of life, and loss of enjoyment of life… Decedent Leroy

13  Stephenson …incurred other … general damages in an amount to be proven at trial."

14  **INFORMATION REGARDING TENTATIVE RULINGS**

15       The Court will make a tentative ruling on the merits of this matter by 3:00 p.m. on the court

16  day prior to the hearing.  Tentative rulings will be available on the Internet or by calling 1-760-

17  904-5722.  To view go to: http://www.riverside.courts.ca.gov and click on the tentative ruling

18  link.  The tentative ruling shall become the ruling of the Court unless, by 4:30 p.m. on the court

19  day before the scheduled hearing, a party gives notice of intent to appear to all parties and the

20  court. The notice of intent to appear must be given either in person or by telephone.  Where notice

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

3

1  of intent to appear has been properly given, or upon direction of the Court, oral argument will be

2  permitted.

3

4  Dated:  February 19, 2020                          Respectfully Submitted,

5                                                     XAVIER BECERRA
                                                       Attorney General of California
6                                                     RICHARD F. WOLFE
                                                       Supervising Deputy Attorney General
7

8

9                                                     TIM J. VANDEN HEUVEL
                                                       Deputy Attorney General
10                                                    *Attorneys for Defendant*
                                                       *State of California, by and through the*
11                                                    *California Highway Patrol*

12  SD2020700119
     72159969.docx
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Notice of Motion to Strike and Motion to Strike to Plaintiffs' Complaint (RIC1906137)

| | |
|---|---|
| 1 | XAVIER BECERRA<br>Attorney General of California |
| 2 | RICHARD F. WOLFE<br>Supervising Deputy Attorney General |
| 3 | DOUGLAS E. BAXTER<br>Deputy Attorney General |
| 4 | TIM J. VANDEN HEUVEL<br>Deputy Attorney General |
| 5 | State Bar No. 140731<br>  600 West Broadway, Suite 1800 |
| 6 | San Diego, CA 92101<br>P.O. Box 85266 |
| 7 | San Diego, CA 92186-5266<br>Telephone: (619) 738-9095 |
| 8 | Fax: (619) 645-2581<br>E-mail: Tim.VandenHeuvel@doj.ca.gov |
| 9 | *Attorneys for Defendant* |
| 10 | *State of California, by and through the California*<br>*Highway Patrol* |

**FILED**

Superior Court of California
County of Riverside

**2/20/2020**

**K. Garcia**

**Electronically Filed**

No Fee Pursuant to Government Code
Section 6103

11    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12    **COUNTY OF RIVERSIDE - RIVERSIDE DIVISION**

13

| | | |
|---|---|---|
| 14 | **DEVONTE STEPHENSON, individually**<br>**and as successor in interest to Decedent** | Case No. RIC1906137 |
| 15 | **LEROY STEPHENSON; LINDEN**<br>**STEPHENSON, individually and as** | **DEFENDANT STATE OF CALIFORNIA,**<br>**BY AND THROUGH THE CALIFORNIA** |
| 16 | **successor in interest to Decedent LEROY**<br>**STEPHENSON; KEANDRE** | **HIGHWAY PATROL'S POINTS AND**<br>**AUTHORITIES IN SUPPORT OF** |
| 17 | **STEPHENSON, individually and as**<br>**successor in interest to Decedent LEROY** | **MOTION TO STRIKE PORTIONS OF**<br>**PLAINTIFFS' DEVONTE** |
| 18 | **STEPHENSON,** | **STEPHENSON, LINDEN STEPHENSON**<br>**AND KEANDRE STEPHENSON'S** |
| 19 | Plaintiffs, | **COMPLAINT** |
| 20 | v. | Date:      March 18, 2020<br>Time:      8:30 a.m. |
| 21 | | Dept:      1 |
| 22 | **STATE OF CALIFORNIA; and DOES 1**<br>**through 100, inclusive,** | Judge:     The Honorable Craig G. Riemer<br>Trial Date: TBD |
| 23 | Defendants. | Action Filed: December 18, 2019 |

24

25

26

27

28

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

Introduction ......................................................................................................... 5

Summary of Claims .............................................................................................. 5

Summary of Motion to Strike .............................................................................. 6

Discussion ............................................................................................................. 7

I.    Any Survival Claim Based on State Law is Barred by Plaintiffs' Failure to Present a Claim for Survival Damages ........................................ 7

II.    The Survival Claims Within Plaintiffs' Complaint Should Be Stricken Without Leave to Amend. ............................................................. 10

    A.    Survival Claims in Second Cause of Action ........................... 10

    B.    Survival Claims in Fourth Cause of Action ........................... 12

    C.    Survival Claims in Fifth Cause of Action ............................... 13

Conclusion ......................................................................................................... 14

2

Defendant's Points and Authorities in Support of Motion to Strike Portions of Complaint (RIC1906137)

# TABLE OF AUTHORITIES

**Page**

CASES

*Bay Area Rapid Transit Dist. v Superior Court*
  (1995) 38 Cal.App.4th 141 ...................................................................13

*Medrano v Kern County Sheriff's Office*
  (2013) 921 F.Supp.2d 1009 ..................................................................13

*Nelson v. County of Los Angeles*
  (2003) 113 Cal.App.4th 783 ........................................................ *passim*

*Quiroz v. Seventh Ave. Center*
  (2006) 140 Cal.App.4th 1256 ..........................................................8, 11

*State of California v. Superior Court (Bodde)*
  (2004) 32 Cal.4th 1234 ..........................................................................7

STATUTES

California Civil Code
  § 52.1 .................................................................................................6, 13

California Code of Civil Procedure
  § 377.34 ..............................................................................................8, 9
  § 377.61 ..............................................................................................8, 9
  §431.10(b) ...............................................................................................6
  § 435, et. seq .........................................................................................6
  § 436 ........................................................................................................6
  § 436(a) ...................................................................................................6

California Government Code
  § 910.8 ...................................................................................................10
  § 945.4 .........................................................................................7, 11, 13
  § 950.2 .........................................................................................7, 11, 13

CONSTITUTIONAL PROVISIONS

United States Constitution
  Fourth Amendment .................................................................................13

COURT RULES

Judicial Council of California Civil Jury Instructions
  No. 1300 .................................................................................................12
  No. 1401 .................................................................................................10

3

1

## **TABLE OF AUTHORITIES**
### (continued)

2

**Page**

3

**OTHER AUTHORITIES**

4

5 Witkin, Summary of California Law (10th ed. 2005) Torts

5     §§ 381-416 ................................................................................12
    §§ 434-440 ................................................................................10

6

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter
7     Group 2012)
    ¶ 6:137 ................................................................................7
8     ¶ 7.182 ................................................................................6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Defendant's Points and Authorities in Support of Motion to Strike Portions of Complaint (RIC1906137)

1    Defendant State of California, by and through the California Highway Patrol ("CHP"),

2    respectfully submits this memorandum of points and authorities in support of its motion to strike

3    portions of the complaint in this matter.

4                                **INTRODUCTION**

5    On January 25, 2019, defendant California Highway Patrol received reports of a man

6    (decedent Leroy Stephenson) walking in or near the westbound traffic lanes on the 91 Freeway at

7    Adams Street near Riverside.  A CHP officer arrived to find Stephenson on the off-ramp and tried

8    to get him out of the lanes, but decedent instead ran towards the freeway.  In an effort to prevent

9    the pedestrian from running into traffic lanes, the officer deployed his Taser.  Decedent appeared

10   to lose consciousness and was later pronounced dead at Parkview Community Hospital in

11   Riverside.  This action is brought by decedent's three surviving sons, Devonte Stephenson,

12   Keandre Stephenson, and Linden Stephenson, who sue for damages related to the loss of their

13   father.

14                               **SUMMARY OF CLAIMS**

15   The first cause of action is labeled "Wrongful Death."  It is brought against the California

16   Highway Patrol and DOES 1-20, all alleged to be peace officers employed by the California

17   Highway Patrol.  It generically alleges unlawful use of force against decedent.  Damages sought

18   include "the loss of the society, comfort, solace, society and love of decedent," as well as special

19   damages including funeral/burial. (Compl. ¶ 25.)  Plaintiffs also seek an award of punitive

20   damages. (Compl. ¶ 26.)

21   The second cause of action is labeled "False Arrest/False Imprisonment."  It is brought

22   against the California Highway Patrol and DOES 1-20, all alleged to be peace officers employed

23   by the California Highway Patrol.  It generically alleges unlawful use of force against decedent.

24   Damages sought include "survival damages" including decedent's physical and mental pain and

25   suffering, loss of life, loss of enjoyment of life, and wrongful death." (Compl. ¶ 35.)  Plaintiffs

26   also seek an award of punitive damages.  (Compl. ¶ 36.)

27   The third cause of action is labeled "Negligence."  It is brought against the California

28   Highway Patrol and DOES 1-20, all alleged to be peace officers employed by the California

5

1    Highway Patrol. It generically alleges that negligent training led to negligent detention and use of

2    force against decedent. Damages alleged include decedent's "severe pain and suffering" and

3    plaintiffs' emotional distress, mental anguish, and special damages including medical bills.

4    (Compl. ¶ 40.)

5          The fourth cause of action is labeled "Battery." It is brought against the California

6    Highway Patrol and DOES 1-20, all alleged to be peace officers employed by the California

7    Highway Patrol. It alleges that defendants "intentionally killed Decedent Leroy Stephenson and

8    used unreasonable and excessive force against him." Damages alleged include decedent's

9    "severe pain and suffering" and plaintiffs' emotional distress, mental anguish, and special

10   damages including medical bills. (Compl. ¶¶ 45, 46.) Plaintiffs also seek an award of punitive

11   damages. (Compl. ¶ 48.)

12         The fifth cause of action is labeled "Violation of Cal. Civil Code § 52.1." This section is

13   also known as the Tom Bane Civil Rights Act. It is brought against the California Highway

14   Patrol and DOES 1-20, all alleged to be peace officers employed by the California Highway

15   Patrol. It alleges that defendants interfered with decedent civil rights and liberties. Damages

16   alleged include decedent's "loss of life, loss of enjoyment of life, and wrongful death damages for

17   the violation of Decedent Leroy Stephenson's rights." (Compl. ¶ 55.) Plaintiffs also seek awards

18   of treble and punitive damages. (Compl. ¶¶ 56, 57.)

19                              **SUMMARY OF MOTION TO STRIKE**

20         This motion to strike is brought by defendant State of California, by and through the

21   California Highway Patrol ("CHP"), under Code of Civil Procedure section 436, et. seq, on the

22   grounds that plaintiffs did not present a government claim for survival damages on behalf of the

23   estate of Leroy Stephenson, and are barred from seeking those damages as a matter of law. A

24   motion to strike allows for the striking of "irrelevant, false or improper" matter, including

25   improper damages claims. (Code Civ. Pro. §§431.10(b), 436(a); Weil & Brown, Cal. Practice

26   Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 7.182.) Accordingly, claims for

27   survival damages are irrelevant, false and improper, as well as not drawn or filed in conformity

28   with the laws of the State of California. (Code Civ. Proc., § 436.)

6

---

1
2
3

**DISCUSSION**

I.   ANY SURVIVAL CLAIM BASED ON STATE LAW IS BARRED BY PLAINTIFFS' FAILURE TO PRESENT A CLAIM FOR SURVIVAL DAMAGES

A claim for wrongful death damages and a claim for survival damages are not the same. The claimant in a wrongful death action is a statutorily-designated heir who seeks personal damages resulting from the death of the decedent. On the other hand, the claimant in a survival action is the decedent and the action is brought by the personal representative of the decedent's estate. Therefore, separate government claims must be presented even if the wrongful death claimant and the personal representative are the same person.

Here, plaintiffs fail to allege sufficient facts demonstrating or excusing compliance with the claim requirements as to decedent Leroy Stephenson's estate's survival claims. In addition, the claim documents confirm that no claim for survival damages was ever presented.

It is well established that a lawsuit for money or damages against a public entity or public employee is barred if the claimant does not comply with the claim requirements of the California Government Claims Act. (Gov. Code, §§ 945.4 [entity], 950.2 [employee].) With respect to pleading requirements, "plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." (*State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1243.) Moreover, the facts alleged must be specific. "Notwithstanding this general policy of liberality, there are certain cases in which a stricter pleading standard is required[.]" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 6:137, p. 6-42.) Among these are claims against governmental entities. "To state a cause of action against a governmental entity, 'every fact essential to the existence of statutory liability *must be pleaded with particularity*, including the existence of a statutory duty.'" (*Id.* at ¶ 6:199.11, p. 6-60.2 [1st ¶]; citing *Searcy v. Hemet Unified School Dist.* (1986) 177 Cal.App.3d 792, 802; emphasis in original.) This rule also applies to facts demonstrating or excusing compliance with the claim requirements. (Weil & Brown at ¶ 6:199.11, p. 6-60.2 [2nd ¶].)

The facts alleged must also demonstrate compliance or excuse as to <u>each</u> claimant. "Where two or more persons suffer separate and distinct injuries from the same act or omission, each

7

1   person must submit a claim, and one cannot rely on a claim presented by another." (*Nelson v.*

2   *County of Los Angeles* (2003) 113 Cal.App.4th 783, 796.)  A claim for survival damages is such a

3   separate and distinct claim.  "Unlike a cause of action for wrongful death, a survivor cause of

4   action is not a new cause of action that vests in the heirs on the death of the decedent.  It is instead

5   a separate and distinct cause of action which belonged to the decedent before death but, by

6   statute, survives that event." (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256,

7   1264.)

8        *Nelson* makes clear that a government claim for wrongful death damages does not satisfy

9   the requirement of a government claim for survival damages. (*Nelson*, 113 Cal.App.4th at pp.

10   796-799.)  In fact, wrongful death damages and survival damages are by statute mutually

11   exclusive.  (Code Civ. Proc., § 377.61 ["In an action under this article, damages . . . may not

12   include damages recoverable under Section 377.34"].)

13        In this case, the three challenged claims assert *wrongful death* damages consisting of "loss

14   of income and support, burial fees and expenses, loss of familial relationship, emotional distress,

15   and attorney fees and legal costs."  None of the government claim forms submitted in this case

16   name the state of Leroy Stephenson, or state that the estate is seeking *survival damages*, defined

17   as "loss or damage that the decedent sustained or incurred before death, including any penalties or

18   punitive or exemplary damages that the decedent would have been entitled to recover had the

19   decedent lived." (Code Civ. Proc., § 377.34.)

20        Defendants request the court take judicial notice of the claim documents submitted in this

21   matter.  (See Defs.' Request for Jud. Notice.)  As can be seen from the certified claim documents,

22   plaintiffs Devonte Stephenson, Linden Stephenson and Keandre Stephenson each presented a

23   claim for wrongful death damages.  (*Id.* at CHP0001 – CSU0009 [Devonte Stephenson's claim

24   documents] and CHP00010 – CSU00019 [Linden Stephenson's claim documents], and CHP

25   00020- CHP00029 [Keandre Stephenson's claim documents[1].)  There is <u>not</u> a separate claim by

26   Leroy Stephenson's estate.

27    

28       [1] Judicial notice is hereby requested pursuant to the concurrently submitted Request for Judicial Notice, which attaches the certified claims forms of each plaintiff.

8

Ex. 12

127

1    The claims presented by the plaintiffs in the case at bar are almost identical to the claim

2    presented by the plaintiff in *Nelson v. County of San Diego*: "Mrs. Nelson's claim identified her

3    as the claimant ('Lottie Nelson') and did not suggest her claim was made in any sort of

4    representative capacity." (*Nelson*, 113 Cal.App.4th at p. 786 fn. 9.)  Here, each individual

5    plaintiff named himself as the only claimant ("Devonte Stephenson," "Linden Stephenson,"

6    Keandre Stephenson") and similarly did not suggest their claims were made in any sort of

7    representative capacity.  (*Id.* at CHP0001 – CSU0009 [Devonte Stephenson's claim documents]

8    and CHP00010 – CSU00019 [Linden Stephenson's claim documents], and CHP 00020-

9    CHP00029 [Keandre Stephenson's claim documents.)

10   Where the claim form in *Nelson* asked for a list of damages incurred to date, Mrs. Nelson

11   listed *wrongful death* damages of 'loss of son, economic losses, emotional and mental injuries, all

12   subject to proof." (*Nelson*, 113 Cal.App.4th at p. 786 fn. 9.)  In this case, the uniform response of

13   the three claims were "loss of income and support, burial fees and expenses, loss of familial

14   relationship, emotional distress, and attorney fees and legal costs."  (*Id.* at CHP0001 – CSU0009

15   [Devonte Stephenson's claim documents] and CHP00010 – CSU00019 [Linden Stephenson's

16   claim documents], and CHP 00020- CHP00029 [Keandre Stephenson's claim documents.)  These

17   again are all items of *wrongful death* damages pursuant to Code of Civil  Procedure section

18   377.61.  The claim forms submitted in this matter do not seek *survival damages*, defined as "loss

19   or damage that the decedent sustained or incurred before death, including any penalties or

20   punitive or exemplary damages that the decedent would have been entitled to recover had the

21   decedent lived."  (Code Civ. Proc., § 377.34.)

22   The *Nelson* court also addressed the issue of the "substantial compliance" doctrine, raised

23   by plaintiffs on appeal.  With regard to the "substantial compliance doctrine," plaintiff Lottie

24   Nelson appealed the trial court's adverse summary adjudication of the survival causes of action

25   (negligence, assault, and battery for the injuries decedent Dwayne Nelson suffered before his

26   death) asserted on behalf of Dwayne's estate by Mr. and Mrs. Nelson as his personal

27   representatives.  Mrs. Nelson contended that her government tort claim—which shows her as the

28

9

Ex. 12<br>128

1   only claimant—substantially complied with the claim filing requirements.  *(Nelson, supra, at p.*

2   796.)

3        Noting that the decedent's estate had not filed a claim, the *Nelson* court stated:

4        "Because this rule is based on the purpose of the claim statutes—which is to provide
         sufficient information to enable the entity to adequately investigate claims and to
5        settlement, if appropriate, without the expense of litigation (Nguyen v. Los Angeles
         County Harbor/UCLA Medical Center, supra, 8 Cal.App.4th at p. 734)—the statutory
6        requirements have not been met by the person who has not filed a claim, and the
         doctrine of substantial compliance (which applies only when there is a defect in form
7        but the statutory requirements have otherwise been met) does not apply."

8   *(Nelson, supra,* at p. 797.)

9        Finally, the *Nelson* court rejected the theory that the government had a duty to inform

10  plaintiff Lottie Nelson that her claim was insufficient based upon its not claiming survival

11  damages.  "We summarily reject Mrs. Nelson's related contention that the County was required to

12  notify her that her claim form was insufficient.  A public entity's duty to notify a claimant that the

13  claim form is "defective" necessarily presumes the defect is disclosed on the face of the form.

14  (Gov. Code, § 910.8.)  The problem here is not that Mrs. Nelson's claim was defective, but that no

15  claim at all was filed by or on behalf of Dwayne's estate."  *(Nelson, supra,* at p. 798.)

16       The *Nelson* case is directly applicable precedent to the case at bar.  Plaintiffs cannot

17  truthfully allege facts showing that a claim for survival damages was presented.  The "substantial

18  compliance" doctrine will not allow plaintiffs to untimely assert survival claims.  Nor is there a

19  duty by a governmental entity to notify the estate of Leroy Stephenson of its failure to file a

20  claim.  Accordingly, any request for leave to amend to assert claim compliance and standing to

21  bring survivor damage claims should be denied as futile.

22  **II.    THE SURVIVAL CLAIMS WITHIN PLAINTIFFS' COMPLAINT SHOULD BE STRICKEN**
        **WITHOUT LEAVE TO AMEND.**
23

        **A.    Survival Claims in Second Cause of Action**
24

25       In their second cause of action, plaintiffs allege that decedent Leroy Stephenson was falsely

26  arrested, "without probable cause or reasonable suspicion." (Compl. ¶ 28.)  A false arrest claim

27  can only be brought by the person falsely arrested.  (CACI No. 1401; 5 Witkin, Summary of Cal.

28

10

Defendant's Points and Authorities in Support of Motion to Strike Portions of Complaint (RIC1906137)

1  Law (10th ed. 2005) Torts §§ 434-440.)  Accordingly, plaintiffs second cause of action is a

2  *survival claim* as opposed to a wrongful death claim.

3       Plaintiffs' complaint specifically confirms that the second cause of action is a survival

4  claim, stating that "Plaintiffs bring this claim as ***successors in interest*** to Decedent Leroy

5  Stephenson, and seek ***survival damages***, including physical and mental pain and suffering, loss of

6  life, and loss of enjoyment of life" pursuant to this claim. (Compl. ¶ 35, emphasis added.)  It is

7  these allegations within Paragraph 35 of the Complaint, which defendant requests to be stricken.

8       As set forth in section I, infra., plaintiffs failed to file a government claim form allowing

9  them to state a cause of action on behalf of the estate of Leroy Stephenson or seeking survival

10  damages. "Where two or more persons suffer separate and distinct injuries from the same act or

11  omission, each person must submit a claim, and one cannot rely on a claim presented by another."

12  (*Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 796.)  A claim for survival

13  damages is such a separate and distinct claim.  "Unlike a cause of action for wrongful death, a

14  survivor cause of action is not a new cause of action that vests in the heirs on the death of the

15  decedent.  It is instead a separate and distinct cause of action which belonged to the decedent

16  before death but, by statute, survives that event."  (*Quiroz v. Seventh Ave. Center* (2006) 140

17  Cal.App.4th 1256, 1264.)

18       It is well established that a lawsuit for money or damages against a public entity or public

19  employee is barred if the claimant does not comply with the claim requirements of the California

20  Government Claims Act.  (Gov. Code, §§ 945.4 [entity], 950.2 [employee].)  Plaintiffs have not,

21  and cannot, meet that requirement as to the second, fourth and fifth causes of action and claims

22  for survival damages.  As such, this motion to strike is appropriately granted as the claims for

23  survival damages are barred by the claim requirements of the California Government Claims Act.

24  Additionally, since plaintiffs cannot truthfully allege facts showing that a claim for survival

25  damages was presented, the motion to strike should be granted and leave to amend as to the

26  second cause of action should be denied.

27

28

Defendant's Points and Authorities in Support of Motion to Strike Portions of Complaint (RIC1906137)

**B.     Survival Claims in Fourth Cause of Action**

In their fourth cause of action, plaintiffs allege that defendants "intentionally killed Decedent Leroy Stephenson and used unreasonable and excessive force against him." (Compl. ¶ 42.) A battery claim can only be brought by the person touched with intent to cause harm. (CACI No. 1300; 5 Witkin, Summary of California Law (10th ed. 2005) Torts §§ 381-416.) Accordingly, plaintiffs' fourth cause of action states a *survival claim* as opposed to a wrongful death claim.

Pursuant to this cause of action, plaintiffs seek ***survival damages*** for decedent's "severe pain and suffering." (Compl. ¶ 45.) Plaintiffs again plead that they are bringing the fourth cause of action "as successors-in-interest to decedent Leroy Stephenson." (Compl. ¶ 48.) Accordingly, plaintiffs' fourth cause of action can only again be construed as a ***survival claim*** as opposed to a wrongful death claim.

Defendant incorporates by reference the points and authorities of section II, A above regarding plaintiffs inability to state a survival claim under the facts of this case. Accordingly, defendant seeks an Order striking the following allegations from the fourth cause of action.

Paragraph 43, p. 9, ll. 9-10: "As a result of the actions of DOES 1 through 20, inclusive, Decedent Leroy Stephenson suffered severe pain and suffering, loss of enjoyment of life, and ultimately died of his injuries."

Paragraph 45, p. 9, ll. 17-18. "As a result of the actions of DOES 1 through 20, inclusive, Decedent Leroy Stephenson suffered severe pain and suffering."

Paragraph 46, p. 9, ll. 21-24: "As a direct and proximate result of the conduct of DOES 1 through 20, inclusive, as alleged above, Decedent Leroy Stephenson sustained injuries and died from his injuries and also lost his earning capacity. Decedent Leroy Stephenson also incurred substantial medical bills and costs, loss of life, and loss of enjoyment of life."

Paragraph 48, p. 10, ll. 1: "and as successors-in interest to Decedent Leroy Stephenson…"

Defendant's Points and Authorities in Support of Motion to Strike Portions of Complaint (RIC1906137)

C.    **Survival Claims in Fifth Cause of Action**

The fifth cause of action is labeled "Violation of Cal. Civil Code § 52.1." This section of the Civil Code is also known as the Tom Bane Civil Rights Act. It alleges that defendants interfered with decedent civil rights and liberties. Plaintiffs seek awards of treble and punitive damages. (Compl. ¶¶ 56, 57.)

Based upon well established authority, plaintiffs lack standing to bring a Bane Act claim for wrongful death damages. As stated in *Bay Area Rapid Transit Dist. v Superior Court* (1995) 38 Cal.App.4th 141:

> "The Bane Act is simply not a wrongful death provision. It clearly provides for a *personal* cause of action for the victim of a hate crime. In *Boccato v. City of Hermosa Beach* (1994) 29 Cal. App. 4th 1797, 1809 [35 Cal. Rptr. 2d 282], the court held that Civil Code section 52.1 must be read in conjunction with section 51.7, which provides that all persons have the right to be free from "violence, or intimidation by threat of violence committed against their persons" because of race, color, religion, ancestry, etc. This reinforces the rational interpretation of the Bane Act, i.e., that it is limited to plaintiffs who themselves have been the subject of violence or threats."

(*Bay Area Rapid Transit Dist. v Superior Court* (1995) 38 Cal.App.4th 141, declining standing of parents seeking to impose derivative liability for shooting of their son.)

Courts have found that a Bane Act violation brought under the Fourth Amendment can be brought in the limited context of a ***survival action***. (*Medrano v Kern County Sheriff's Office* (2013) 921 F.Supp.2d 1009.) However, plaintiffs failed to file a government claim form allowing them to state a cause of action on behalf of the estate of Leroy Stephenson seeking survival damages. (*Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 796.) It is well established that a lawsuit for money or damages against a public entity or public employee is barred if the claimant does not comply with the claim requirements of the California Government Claims Act. (Gov. Code, §§ 945.4 [entity], 950.2 [employee].) Plaintiffs have not, and cannot, meet that requirement.

Accordingly, defendant seeks an Order striking the following allegations from the fifth cause of action:

13

1    Paragraph 55, p. 9, ll. 25-26:  "As a proximate and direct result of defendants' actions,

2    Decedent Leroy Stephenson suffered loss of life, and loss of enjoyment of life...  Decedent Leroy

3    Stephenson ...incurred other ... general damages in an amount to be proven at trial."

4    **CONCLUSION**

5    The court should sustain defendant State of California's motion to strike as to the cited

6    allegations within the second, fourth and fifth causes of action in its entirety. These are all claims

7    personal to decedent Leroy Stephenson, and no claim for survival damages can be stated because

8    no government claim for survival damages was presented.  Moreover, as plaintiffs cannot

9    truthfully allege facts showing that a claim for survival damages was presented, leave to amend

10    should be denied.

11

12    Dated:  February 19, 2020          Respectfully Submitted,

13                                   XAVIER BECERRA
Attorney General of California

14                                   RICHARD F. WOLFE
Supervising Deputy Attorney General

15

16

17                                   TIM J. VANDEN HEUVEL
Deputy Attorney General

18                                   *Attorneys for Defendant*

19                                   *State of California by and through the California Highway Patrol*

20    SD2020700119
21    72145835.docx

22

23

24

25

26

27

28

14

Defendant's Points and Authorities in Support of Motion to Strike Portions of Complaint (RIC1906137)

1   XAVIER BECERRA
    Attorney General of California
2   RICHARD F. WOLFE
    Supervising Deputy Attorney General
3   DOUGLAS E. BAXTER
    Deputy Attorney General
4   TIM J. VANDEN HEUVEL
    Deputy Attorney General
5   State Bar No. 140731
      600 West Broadway, Suite 1800
6   San Diego, CA 92101
    P.O. Box 85266
7   San Diego, CA 92186-5266
    Telephone:  (619) 738-9095
8   Fax:  (619) 645-2581
    E-mail:  Tim.VandenHeuvel@doj.ca.gov
9   *Attorneys for Defendant*
    *State of California, by and through the*
10  *California Highway Patrol*

**FILED**

Superior Court of California
County of Riverside

**2/20/2020**
**K. Garcia**

Electronically Filed

No Fee Pursuant to Government Code
Section 6103

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **COUNTY OF RIVERSIDE - RIVERSIDE DIVISION**

13

14  DEVONTE STEPHENSON, individually       Case No. RIC1906137
    and as successor in interest to Decedent
15  LEROY STEPHENSON; LINDEN               **DEFENDANT'S REQUEST FOR**
    STEPHENSON, individually and as        **JUDICIAL NOTICE IN SUPPORT OF**
16  successor in interest to Decedent LEROY **MOTION TO STRIKE BY STATE OF**
    STEPHENSON; KEANDRE                    **CALIFORNIA, BY AND THROUGH**
17  STEPHENSON, individually and as        **CALIFORNIA HIGHWAY PATROL TO**
    successor in interest to Decedent LEROY **PLAINTIFFS DEVONTE STEPHENSON,**
18  STEPHENSON,                            **LINDEN STEPHENSON AND KEANDRE**
                                           **STEPHENSON'S COMPLAINT**
19                         Plaintiffs,
                                           Date:        March 18, 2020
20         v.                              Time:        8:30 a.m.
                                           Dept:        1
21                                         Judge:       The Honorable Craig G. Riemer
    STATE OF CALIFORNIA; and DOES 1        Trial Date:  TBD
22  through 100, inclusive,                Action Filed: December 18, 2019

23                         Defendants.

24

25         Pursuant to California Evidence Code sections 452, and 453, and California Rules of Court,

26  Rule 3.1306(c), defendant State of California, by and through the California Highway Patrol

27  respectfully requests that the court take judicial notice of the following documents and

28
                                              1
    ───────────────────────────────────────────────────────────
    Defendant's Request for Judicial Notice in Support of Motion to Strike to Complaint (RIC1906137)

1  information in support of defendant's demurrer to plaintiffs Devonte Stephenson, Linden

2  Stephenson and Keandre Stephenson's complaint in the above referenced action:

3      *Request Number 1*:  Three declarations of Government Claims Unit custodian of records

4  Lindsey R. Goodwin, and certified records thereto, [Devote Stephenson, CHP-0001 – 0009;

5  Linden Stephenson, CHP-0010 – 0026; Keandre Stephenson, CHP-0019 – 0027] correct and true

6  copies of which are attached hereto as Exhibit 1.  This Request for Judicial Notice is made

7  pursuant to Evidence Code, section 452, subdivision (c), because the documents and information

8  pertain to official acts of the State.  (*See also Chas. L. Harney, Inc. v. State of California* (1963)

9  217 Cal.App.2d 77, 85-86 [the trial court and [appellate] court have the power to take judicial

10 notice of the official records of the State Board of Control]; *Fowler v. Howell* (1996) 42

11 Cal.App.4th 1746, 1752-1753 [courts may take judicial notice of declaration of employee of

12 board of control as to the claim file]; *Hogen v. Valley Hospital* (1983) 147 Cal.App.3d 119, 125

13 [courts may take judicial notice of records and files of a state administrative body].)

14      Finally, the trial court shall take judicial notice of any matter specified in Evidence Code

15 section 452, provided that the requesting party provides sufficient notice of the request and

16 furnishes the court with sufficient information to enable it to take judicial notice of the matter.

17 (Evid. Code, § 453.)

18

19 Dated:  February 19, 2020                  Respectfully Submitted,

20                                           XAVIER BECERRA
                                             Attorney General of California
21                                           RICHARD F. WOLFE
                                             Supervising Deputy Attorney General
22

23                                           *Tim J. Vanden Heuvel* (signature)

24

25                                           TIM J. VANDEN HEUVEL
                                             Deputy Attorney General
26                                           *Attorneys for Defendant*
                                             *State of California, by and through the*
27                                           *California Highway Patrol*

28 SD2020700119
   72160010.docx

Defendant's Request for Judicial Notice in Support of Motion to Strike to Complaint (RIC1906137)

# EXHIBIT 1



*XAVIER BECERRA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CALIFORNIA  94244-2550

## CERTIFICATION

I am a Staff Services Analyst with the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO).  The AGO-GCU operates in conjunction with the Government Claims Program (GCP) within the Department of General Services in the review of government claims in active civil litigation.  I am familiar with how the GCP operates and maintains its records of government claims received by and stored by the GCP in its Standardized Insurance Management System (SIMS) computer database.  The AGO-GCU is granted direct read-only access to the GCP's SIMS computer database and is authorized to download the GCP's records of government claims.  I am also knowledgeable about the use of the GCP's SIMS computer database and have been trained by the GCP's staff in accessing the documents.  I effectively serve as a custodian of records maintained by the GCP and accessed by the GCU.  Based on the direct read-only access to the GCP afforded to the GCU, I am authorized to verify the records maintained with the GCP in the SIMS computer database.

I researched the GCP's SIMS computer database for **DEVONTE STEPHENSON** as identified below.

I hereby certify that the attached documents are true and correct copies of the documents constituting the GCP's SIMS computer database entries of the government claim for:

| | |
|---|---|
| Claimant: | Devonte Stephenson |
| Claim No.: | 19005959 |
| DOI: | 01/25/2019 |

The record includes the government claim, any amendments to the claim, and all notices or correspondence to and from the claimant.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is based on my personal knowledge.  I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at Sacramento, California, February 7, 2020.

LINDSEY R. GOODWIN
Staff Services Analyst
Government Claims Unit

CHP-0001 of 0027

Ex. 12
137



**CALIFORNIA DEPARTMENT OF**
**GENERAL SERVICES**

Governor Gavin Newsom

## CERTIFICATION OF ACCESS TO GCP'S SIMS COMPUTER DATABASE

I, Nicholas Wagner, hereby attest that the Government Claims Program (GCP) within the Department of General Services has granted direct read-only access to the GCP's SIMS computer database and authorized the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO) to download the GCP's records of government claims. The downloading by the AGO-GCU constitute true and correct copies of the documents generated by the GCP's computer database entries of the government claim.

The records of the government claims and the database are maintained in the ordinary course of the GCP's business. All computer database entries were made by the GCP Staff within the scope of their duties. The entries were made in the ordinary course of the GCP's business, at or near the time the government claim was received or acted on by the GCP. The computer database is reliably used to store and maintain the GCP's government claims records and to produce printouts of the records.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at West Sacramento, California on May 10, 2019

NICHOLAS WAGNER
Staff Services Manager
Government Claims Program
Office of Risk and Insurance Management
Department of General Services

Division, Branch or Office Name Here | *State of California* | *California Government Operations Agency*
*707 3rd Street, 8 of Floor | West Sacramento, CA 95605 | t (916) 376-5000 f (916) 376-5018*
CHP-0002 of 0027



CHP-0003 of 0027



**DGS** CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**                    Governor Gavin Newsom

07/31/2019

Steven A. Lerman
Attorney at Law
6033 W Century Blvd., Suite 740
Los Angeles, CA 90045

RE:  Claim 19005959 for Devonte Stephenson against California Highway Patrol
(CHP)

Dear Steven A. Lerman,

Government Claims Program (GCP) staff completed its investigation of your claim
and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal
interpretation typically undertaken by the GCP.  Claims involving complex issues are
best determined by the courts.  Therefore, staff did not make a determination
regarding the merit of the claim, and it is being rejected so you can initiate court
action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to
include the GCP in your lawsuit unless the GCP was identified as a defendant in your
original claim.  Please consult Government Code section 955.4 regarding proper
service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone,
mail, or email using the contact information below.   Please remember to reference
the assigned claim number (19005959) in your communication.

Sincerely,

Trevor Rabena, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

**WARNING:**  Subject to certain exceptions, you have only six (6) months from the
date this notice was personally delivered or deposited in the mail to file a court action
on this claim.  See Government Code Section 945.6.  You may seek the advice of an
attorney of your choice in connection with this matter.  If you desire to consult an
attorney, you should do so immediately.



**DGS** CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**                    Governor Gavin Newsom

### DECLARATION OF SERVICE BY U.S. MAIL

Name of Claimant: Devonte Stephenson
GCP File no.: 19005959

I am employed by the Government Claims Program. I am 18 years of age or older. I am familiar with the business practice at the Government Claims Program for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Government Claims Program is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. On 07/31/2019, I served the attached letter by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Government Claims Program, located at 707 Third Street, West Sacramento, CA 95605, addressed as follows:

Steven A. Lerman
Attorney at Law
6033 W Century Blvd., Suite 740
Los Angeles, CA 90045

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on 07/31/2019, at West Sacramento, California.

*Trevor Rd.*
Trevor Rabena

Office of Risk and Insurance Management   State of California - Government Operations Agency
707 3rd Street, 1st Floor - West Sacramento, CA 95605 : t 800-955-0045 f 916-376-5337

CHP-0005 of 0027

Ex. 12
141

STATE OF CALIFORNIA - DEPARTMENT OF GENERAL SERVICES
**Government Claim Form**
DGS ORIM 06 (Rev. 05/2016)

CK 10686

**Government Claims Program**
**Office of Risk and Insurance Management**
**Department of General Services**
P.O. Box 989052, MS 414
West Sacramento, CA 95798-9052

**1-800-955-0045 • www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx**

For Office Use Only
Government Claims Program

JUL 0 3 2019

RECEIVED

19005959 TC

Clear Form      Print Form

### Is your claim complete?

| | |
|---|---|
| ☑ | Include a check or money order for $25 payable to the State of California. |
| ☑ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach copies of any documentation that supports your claim. Please do not submit originals. |

### Claimant Information  *Use name of business or entity if claimant is not an individual*

| 1 | Stephenson | Devonte | | 2 | Tel: 213-308-7415 |
|---|---|---|---|---|---|
| | *Last name* | *First Name* | *MI* | 3 | Email: jarney004@gmail.com |

| 4 | ▓▓▓▓▓▓▓▓▓▓ | Compton | CA | ▓▓▓▓ |
|---|---|---|---|---|
| | *Mailing Address* | *City* | *State* | *Zip* |

| 5 | Inmate or patient number, if applicable: |
|---|---|

| 6 | Is the claimant under 18? No | If Yes, please give date of birth: |
|---|---|---|

| 7 | |
|---|---|
| *If you are an insurance company claiming subrogation, please provide your insured's name in section 7.* |

| 8 | |
|---|---|
| *If your claim relates to another claim or claimant, please provide the claim number or claimant's name in section 8.* |

### Attorney or Representative Information

| 9 | Lerman | Steven | A | 10 | Tel:310-659-8166 |
|---|---|---|---|---|---|
| | *Last name* | *First Name* | *MI* | 11 | Email: slermanlaw@yahoo.com |

| 12 | 6033 W. Century Blvd., Suite 740 | Los Angeles | CA | 90045 |
|---|---|---|---|---|
| | *Mailing Address* | *City* | *State* | *Zip* |

| 13 | Relationship to claimant: Lawyer |
|---|---|

### Claim Information  *Please add attachments as necessary*

| 14 | Is your claim for a stale-dated warrant (uncashed check)? ○ Yes ◉ No    *If No, skip to Step 15.* |
|---|---|
| | State agency that issued the warrant: |
| | Dollar amount of warrant:              Date of issue: |
| | Warrant number:                        *MM/DD/YYYY* |

| 15 | Date of incident: January 25, 2019 |
|---|---|
| | Was the incident more than six months ago?                              ○ Yes ◉ No |
| | If YES, did you attach a separate sheet with an explanation for the late filing?   ○ Yes ◉ No |

| 16 | State agencies or employees against whom this claim is filed: |
|---|---|
| | California Highway Patrol and various California Highway Patrol officers. Claimant does not presently know the identities of the individual officers who caused Mr. Stephenson's death. |

| 17 | Dollar amount of claim: in excess of $1,000,000 |
|---|---|
| | If the amount is more than $10,000, indicate the type of civil case: | ○ Limited civil case ($25,000 or less) <br> ◉ Non-limited civil case (over $25,000) |
| | Explain how you calculated the amount: |
| | Loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |

DGS ORIM 06 Page 4 of 5

CHP-0006 of 0027

| 18 | Location of the incident:<br>91 Freeway near Adams Street off-ramp in Riverside, California. |
|---|---|
| 19 | Describe the specific damage or injury:<br>Unlawful detention and wrongful death which resulted in loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |
| 20 | Explain the circumstances that led to the damage or injury:<br>California Highway Patrol and various California Highway Patrol officers, unlawfully seized the Claimant's father, Leroy Stephenson. The officers then used excessive force against Leroy Stephenson which caused Leroy Stephenson's death. |
| 21 | Explain why you believe the state is responsible for the damage or injury:<br>At all times complained of, the individuals who unlawfully seized and killed Leroy Stephenson were acting within the course and scope of their employment with the California Highway Patrol. |

| 22 | Does the claim involve a state vehicle? | ○ Yes | ◉ No |
|---|---|---|---|
| | If YES, provide the vehicle license number, if known: | | |

### *Auto Insurance Information*

| 23 | |
|---|---|
| | *Name of Insurance Carrier* |

| *Mailing Address* | | *City* | | *State* | *Zip* |
|---|---|---|---|---|---|
| Policy Number: | | | Tel: | | |
| Are you the registered owner of the vehicle? | | | | ○ Yes | ○ No |
| If NO, state name of owner: | | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | | | ○ Yes | ○ No |
| Have you received any payment for this damage or injury? | | | | ○ Yes | ○ No |
| If yes, what amount did you receive? | | | | | |
| Amount of deductible, if any: | | | | | |
| Claimant's Drivers License Number: | | | Vehicle License Number: | | |
| Make of Vehicle: | Model: | | Year: | | |
| Vehicle ID Number: | | | | | |

### *Notice and Signature*

| 24 | I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72). |
|---|---|

| | | Steven A. Lerman | Date: June 25, 2019 |
|---|---|---|---|
| | *Signature of Claimant or Representative* | *Printed Name* | |

| 25 | Mail this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 989052, MS 414, West Sacramento, CA 95798-9052. Forms can also be delivered to the Office of Risk and Insurance Management, 707 3rd street, 1st Floor ORIM, West Sacramento, CA 95605. |
|---|---|

DGS ORIM 06 Page 5 of 5

CHP-0007 of 0027

*Steven A. Lerman & Associates, Inc.*

6033 WEST CENTURY BOULEVARD, SUITE 740
LOS ANGELES, CALIFORNIA 90045
TEL (310) 659-8166
FAX (310) 285-0779

STEVEN A. LERMAN
ATTORNEY AT LAW

STEVEN A. LERMAN IS ADMITTED
TO PRACTICE IN CALIFORNIA AND IS AN
INACTIVE MEMBER OF THE FLORIDA AND HAWAII BAR

Government Claims Program

JUL 0 3 2019

RECEIVED

June 25, 2019

Government Claims Program
Office of Risk and Insurance Management
Dept. of General Services
PO Box 989052, MS414
West Sacramento, CA 95798-9052

Re:    January 25, 2019 death of Leroy Richard Stephenson

Dear Sir or Madam:

On behalf of claimant/client (successors in interest to Leroy Richard Stephenson), please see attached Government Claim Form for claimant, Devonte Stephenson.

### THE JANUARY 25, 2019 INCIDENT

On or about January 25, 2019, at approximately 12:00 p.m., various California Highway Patrol officers confronted Decedent Leroy Richard Stephenson on the Adams Street off-ramp in Riverside, California. One of the California Highway Patrol officers discharged his taser which struck Decedent Stephenson. Mr. Stephenson was handcuffed and taken to Parkview Community Hospital where he died just before 2:00 p.m.

Please conform and "stamp receive with date" the extra copy of the Government Claim Form and return to our office in the self addressed, stamped envelope.

Very truly yours,

Steven A. Lerman/Nicholas Lerman
SAL/cgc

Enclosures

CHP-0008 of 0027



**Steven A. Lerman & Associates, Inc.**
6033 West Century Boulevard
Suite #740
Los Angeles, CA 90045

Goverment Claims Program
Post Office Box 989052, MS 414
West Sacrameno, CA  95798-9052

Ex. 12
145



**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CALIFORNIA 94244-2550

## CERTIFICATION

I am a Staff Services Analyst with the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO). The AGO-GCU operates in conjunction with the Government Claims Program (GCP) within the Department of General Services in the review of government claims in active civil litigation. I am familiar with how the GCP operates and maintains its records of government claims received by and stored by the GCP in its Standardized Insurance Management System (SIMS) computer database. The AGO-GCU is granted direct read-only access to the GCP's SIMS computer database and is authorized to download the GCP's records of government claims. I am also knowledgeable about the use of the GCP's SIMS computer database and have been trained by the GCP's staff in accessing the documents. I effectively serve as a custodian of records maintained by the GCP and accessed by the GCU. Based on the direct read-only access to the GCP afforded to the GCU, I am authorized to verify the records maintained with the GCP in the SIMS computer database.

I researched the GCP's SIMS computer database for **LINDEN STEPHENSON** as identified below.

I hereby certify that the attached documents are true and correct copies of the documents constituting the GCP's SIMS computer database entries of the government claim for:

|  |  |
|---|---|
| **Claimant:** | **Linden Stephenson** |
| **Claim No.:** | 19005978 |
| **DOI:** | 01/25/2019 |

The record includes the government claim, any amendments to the claim, and all notices or correspondence to and from the claimant.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is based on my personal knowledge. I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at Sacramento, California, February 7, 2020.

LINDSEY R. GOODWIN
Staff Services Analyst
Government Claims Unit

CHP-0010 of 0027

Ex. 12
146


CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**

Governor Gavin Newsom

### CERTIFICATION OF ACCESS TO GCP'S SIMS COMPUTER DATABASE

I, Nicholas Wagner, hereby attest that the Government Claims Program (GCP) within the Department of General Services has granted direct read-only access to the GCP's SIMS computer database and authorized the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO) to download the GCP's records of government claims. The downloading by the AGO-GCU constitute true and correct copies of the documents generated by the GCP's computer database entries of the government claim.

The records of the government claims and the database are maintained in the ordinary course of the GCP's business. All computer database entries were made by the GCP Staff within the scope of their duties. The entries were made in the ordinary course of the GCP's business, at or near the time the government claim was received or acted on by the GCP. The computer database is reliably used to store and maintain the GCP's government claims records and to produce printouts of the records.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. I am willing and able to testify to the truth of the statements made herein, if necessary,

Executed at West Sacramento, California on May 10, 2019

NICHOLAS WAGNER
Staff Services Manager
Government Claims Program
Office of Risk and Insurance Management
Department of General Services

Division, Branch or Office Name Here | State of California | California Government Operations Agency
707 3rd Street. # of Floor | West Sacramento. CA 95605 | t (916) 376-5000 f (916) 376-5018

CHP-0011 of 0027

Ex. 12
147



CHP-0012 of 0027

 **DGS** CALIFORNIA DEPARTMENT OF **GENERAL SERVICES**

**Governor Gavin Newsom**

08/01/2019

Steven A Lerman
Attorney at Law
6033 W Century Blvd Ste 740
Los Angeles, CA 90045

RE:  Claim 19005978 for Linden  Stephenson  against Highway Patrol, California (CHP)

Dear Steven Lerman,

Government Claims Program (GCP) staff completed its investigation of your claim and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal interpretation typically undertaken by the GCP.  Claims involving complex issues are best determined by the courts.  Therefore, staff did not make a determination regarding the merit of the claim, and it is being rejected so you can initiate court action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to include the GCP in your lawsuit unless the GCP was identified as a defendant in your original claim.  Please consult Government Code section 955.4 regarding proper service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone, mail, or email using the contact information below.   Please remember to reference the assigned claim number (19005978) in your communication.

Sincerely,

Eric Rivera, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

**WARNING:**  Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  See Government Code Section 945.6.  You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Office of Risk and Insurance Management

CHP-0013 of 0027

 **CALIFORNIA DEPARTMENT OF GENERAL SERVICES**

**Governor Gavin Newsom**

### DECLARATION OF SERVICE BY U.S. MAIL

Name of Claimant: Linden Stephenson
GCP File no.: 19005978

I am employed by the Government Claims Program. I am 18 years of age or older. I am familiar with the business practice at the Government Claims Program for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Government Claims Program is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. On 08/01/2019, I served the attached letter by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Government Claims Program, located at 707 Third Street, West Sacramento, CA 95605, addressed as follows:

Steven A Lerman
Attorney at Law
6033 W Century Blvd Ste 740
Los Angeles, CA 90045

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on 08/01/2019, at West Sacramento, California.

Eric Rivera

**Office of Risk and Insurance Management**   State of California · Government Operations Agency
707 3rd Street, 1st Floor · West Sacramento, CA 95605 · t 800-955-0045 f 916-376-5287

CHP-0014 of 0027

Ex. 12
150

STATE OF CALIFORNIA - DEPARTMENT OF GENERAL SERVICES
**Government Claim Form**
DGS ORIM 06 (Rev. 05/2016)

Government Claims Program
Office of Risk and Insurance Management
Department of General Services
P.O. Box 989052, MS 414
West Sacramento, CA 95798-9052

*CK*
*10688*

| For Office Use Only |
| --- |
| Government Claims Program |
| **JUL 05 2019** |
| RECEIVED |

1-800-955-0045 ▪ www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx

*19005978 E*

[ Clear Form ]  [ Print Form ]

### Is your claim complete?

| | |
| --- | --- |
| ☑ | Include a check or money order for $25 payable to the State of California. |
| ☑ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach copies of any documentation that supports your claim. Please do not submit originals. |

### Claimant Information  *Use name of business or entity if claimant is not an individual*

| **1** | Stephenson | Linden | | **2** | Tel: 310-876-5992 |
| --- | --- | --- | --- | --- | --- |
| | *Last name* | *First Name* | *MI* | **3** | Email: linden_stephenson@yahoo |
| **4** | ███████████████ | | Compton | | CA | ████ |
| | *Mailing Address* | | *City* | | *State* | *Zip* |

| **5** | Inmate or patient number, if applicable: |
| --- | --- |
| **6** | Is the claimant under 18? No      If Yes, please give date of birth: |
| **7** | |

*If you are an insurance company claiming subrogation, please provide your insured's name in section 7.*

| **8** | |
| --- | --- |

*If your claim relates to another claim or claimant, please provide the claim number or claimant's name in section 8.*

### Attorney or Representative Information

| **9** | Lerman | Steven | A | **10** | Tel: 310-659-8166 |
| --- | --- | --- | --- | --- | --- |
| | *Last name* | *First Name* | *MI* | **11** | Email: slermanlaw@yahoo.com |
| **12** | 6033 W. Century Blvd., Suite 740 | | Los Angeles | | CA | 90045 |
| | *Mailing Address* | | *City* | | *State* | *Zip* |
| **13** | Relationship to claimant: Lawyer |

### Claim Information  *Please add attachments as necessary*

| **14** | Is your claim for a stale-dated warrant (uncashed check)?   ○ Yes   ⊙ No      *If No, skip to Step 15.* |
| --- | --- |
| | State agency that issued the warrant: |
| | Dollar amount of warrant:                          Date of issue: |
| | Warrant number:                                    *MM/DD/YYYY* |
| **15** | Date of incident: January 25, 2019 |
| | Was the incident more than six months ago?                                    ○ Yes   ⊙ No |
| | If YES, did you attach a separate sheet with an explanation for the late filing?   ○ Yes   ○ No |
| **16** | State agencies or employees against whom this claim is filed: |
| | California Highway Patrol and various California Highway Patrol officers. Claimant does not presently know the identities of the individual officers who caused Mr. Stephenson's death. |
| **17** | Dollar amount of claim: in excess of $1,000,000 |
| | If the amount is more than $10,000, indicate the type of civil case: | ○ Limited civil case ($25,000 or less) ⊙ Non-limited civil case (over $25,000) |
| | Explain how you calculated the amount: |
| | Loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |

DGS ORIM 06 Page 4 of 5

CHP-0015 of 0027

| 18 | Location of the incident: |
|---|---|
| | 91 Freeway near Adams Street off-ramp in Riverside, California. |

| 19 | Describe the specific damage or injury: |
|---|---|
| | Unlawful detention and wrongful death which resulted in loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |

| 20 | Explain the circumstances that led to the damage or injury: |
|---|---|
| | California Highway Patrol and various California Highway Patrol officers, unlawfully seized the Claimant's father, Leroy Stephenson. The officers then used excessive force against Leroy Stephenson which caused Leroy Stephenson's death. |

| 21 | Explain why you believe the state is responsible for the damage or injury: |
|---|---|
| | At all times complained of, the individuals who unlawfully seized and killed Leroy Stephenson were acting within the course and scope of their employment with the California Highway Patrol. |

| 22 | Does the claim involve a state vehicle? | ⊙ Yes | ⊙ No |
|---|---|---|---|
| | If YES, provide the vehicle license number, if known: | | |

### Auto Insurance Information

| 23 | |
|---|---|
| | *Name of Insurance Carrier* |

| *Mailing Address* | | *City* | | *State* | *Zip* |
|---|---|---|---|---|---|
| Policy Number: | | | Tel: | | |
| Are you the registered owner of the vehicle? | | | | ⊙ Yes | ⊙No |
| If NO, state name of owner: | | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | | | ⊙ Yes | ⊙No |
| Have you received any payment for this damage or injury? | | | | ⊙ Yes | ⊙No |
| If yes, what amount did you receive? | | | | | |
| Amount of deductible, if any: | | | | | |
| Claimant's Drivers License Number: | | Vehicle License Number: | | | |
| Make of Vehicle: | Model: | | Year: | | |
| Vehicle ID Number: | | | | | |

### Notice and Signature

| 24 | I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72). |
|---|---|
| | Steven A. Lerman    Date: June 25, 2019 |
| | *Signature of Claimant or Representative*          *Printed Name* |

| 25 | Mail this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 989052, MS 414, West Sacramento, CA 95798-9052. Forms can also be delivered to the Office of Risk and Insurance Management, 707 3rd street, 1st Floor ORIM, West Sacramento, CA 95605. |
|---|---|

DGS ORIM 06 Page 5 of 5

CHP-0016 of 0027

*Steven A. Lerman & Associates, Inc.*

6033 WEST CENTURY BOULEVARD, SUITE 740
LOS ANGELES, CALIFORNIA 90045
TEL (310) 659-8166
FAX (310) 285-0779

STEVEN A. LERMAN
ATTORNEY AT LAW

STEVEN A. LERMAN IS ADMITTED
TO PRACTICE IN CALIFORNIA AND IS AN
INACTIVE MEMBER OF THE FLORIDA AND HAWAII BAR

June 25, 2019

Government Claims Program
Office of Risk and Insurance Management
Dept. of General Services
PO Box 989052, MS414
West Sacramento, CA 95798-9052

Re:    January 25, 2019 death of Leroy Richard Stephenson

Dear Sir or Madam:

On behalf of claimant/client (successors in interest to Leroy Richard Stephenson), please see attached Government Claim Form for claimant, Linden Stephenson.

### THE JANUARY 25, 2019 INCIDENT

On or about January 25, 2019, at approximately 12:00 p.m., various California Highway Patrol officers confronted Decedent Leroy Richard Stephenson on the Adams Street off-ramp in Riverside, California. One of the California Highway Patrol officers discharged his taser which struck Decedent Stephenson. Mr. Stephenson was handcuffed and taken to Parkview Community Hospital where he died just before 2:00 p.m.

Please conform and "stamp receive with date" the extra copy of the Government Claim Form and return to our office in the self addressed, stamped envelope.

Very truly yours,

Steven A. Lerman/Nicholas Lerman
SAL/cgc

Enclosures

CHP-0017 of 0027

Ex. 12
153

Ex. 12
154

**Steven A. Lerman & Associates, Inc.**
6033 West Century Boulevard
Suite #740
Los Angeles, CA 90045

**Goverment Claims Program**
**Post Office Box 989052, MS 414**
**West Sacrameno, CA  95798-9052**



**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CALIFORNIA 94244-2550

## CERTIFICATION

I am a Staff Services Analyst with the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO). The AGO-GCU operates in conjunction with the Government Claims Program (GCP) within the Department of General Services in the review of government claims in active civil litigation. I am familiar with how the GCP operates and maintains its records of government claims received by and stored by the GCP in its Standardized Insurance Management System (SIMS) computer database. The AGO-GCU is granted direct read-only access to the GCP's SIMS computer database and is authorized to download the GCP's records of government claims. I am also knowledgeable about the use of the GCP's SIMS computer database and have been trained by the GCP's staff in accessing the documents. I effectively serve as a custodian of records maintained by the GCP and accessed by the GCU. Based on the direct read-only access to the GCP afforded to the GCU, I am authorized to verify the records maintained with the GCP in the SIMS computer database.

I researched the GCP's SIMS computer database for **KEANDRE STEPHENSON** as identified below.

I hereby certify that the attached documents are true and correct copies of the documents constituting the GCP's SIMS computer database entries of the government claim for:

|  |  |
|---|---|
| Claimant: | Keandre Stephenson |
| Claim No.: | 19006010 |
| DOI: | 01/25/2019 |

The record includes the government claim, any amendments to the claim, and all notices or correspondence to and from the claimant.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is based on my personal knowledge. I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at Sacramento, California, February 7, 2020.

LINDSEY R. GOODWIN
Staff Services Analyst
Government Claims Unit

CHP-0019 of 0027



**CALIFORNIA DEPARTMENT OF**
**GENERAL SERVICES**

Governor Gavin Newsom

## CERTIFICATION OF ACCESS TO GCP'S SIMS COMPUTER DATABASE

I, Nicholas Wagner, hereby attest that the Government Claims Program (GCP) within the Department of General Services has granted direct read-only access to the GCP's SIMS computer database and authorized the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO) to download the GCP's records of government claims. The downloading by the AGO-GCU constitute true and correct copies of the documents generated by the GCP's computer database entries of the government claim.

The records of the government claims and the database are maintained in the ordinary course of the GCP's business. All computer database entries were made by the GCP Staff within the scope of their duties. The entries were made in the ordinary course of the GCP's business, at or near the time the government claim was received or acted on by the GCP. The computer database is reliably used to store and maintain the GCP's government claims records and to produce printouts of the records.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at West Sacramento, California on May 10, 2019

NICHOLAS WAGNER
Staff Services Manager
Government Claims Program
Office of Risk and Insurance Management
Department of General Services

Ex. 12
156



CHP-0021 of 0027

 CALIFORNIA DEPARTMENT OF
GENERAL SERVICES          Governor Gavin Newsom

07/09/2019

Steven Lerman
Attorney at Law
6033 W. Century Blvd., Ste. 740
Los Angeles, CA 90045

RE:  Claim 19006010 for Keandre Stephenson against California Highway Patrol
(CHP)

Dear Steven Lerman,

Government Claims Program (GCP) staff completed its investigation of your claim
and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal
interpretation typically undertaken by the GCP.  Claims involving complex issues are
best determined by the courts.  Therefore, staff did not make a determination
regarding the merit of the claim, and it is being rejected so you can initiate court
action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to
include the GCP in your lawsuit unless the GCP was identified as a defendant in your
original claim.  Please consult Government Code section 955.4 regarding proper
service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone,
mail, or email using the contact information below.   Please remember to reference
the assigned claim number (19006010) in your communication.

Sincerely,

Kelli Miyata

Kelli Miyata, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

**WARNING:**  Subject to certain exceptions, you have only six (6) months from the
date this notice was personally delivered or deposited in the mail to file a court action
on this claim.  See Government Code Section 945.6.  You may seek the advice of an
attorney of your choice in connection with this matter.  If you desire to consult an
attorney, you should do so immediately.

Ex. 12
158

 **CALIFORNIA DEPARTMENT OF**
**GENERAL SERVICES**

**Governor Gavin Newsom**

### DECLARATION OF SERVICE BY U.S. MAIL

Name of Claimant: Keandre Stephenson
GCP File no.: 19006010

I am employed by the Government Claims Program. I am 18 years of age or older. I am familiar with the business practice at the Government Claims Program for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Government Claims Program is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. On 07/09/2019, I served the attached letter by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Government Claims Program, located at 707 Third Street, West Sacramento, CA 95605, addressed as follows:

Steven Lerman
Attorney at Law
6033 W. Century Blvd., Ste. 740
Los Angeles, CA 90045

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on 07/09/2019, at West Sacramento, California.

_Kelli Miyata_
Kelli Miyata

**Office of Risk and Insurance Management** | *State of California* | *Government Operations Agency*
*707 3rd Street, 1st Floor | West Sacramento, CA 95605 | t 800.955.0045 f 916-376-6387*

CHP-0023 of 0027

Ex. 12
159

STATE OF CALIFORNIA - DEPARTMENT OF GENERAL SERVICES
**Government Claim Form**
DGS ORIM 06 (Rev. 05/2016)

**Government Claims Program**
**Office of Risk and Insurance Management**
**Department of General Services**
**P.O. Box 989052, MS 414**
**West Sacramento, CA 95798-9052**

CK
10687



For Office Use Only
Government Claims Program

JUL 05 2019
RECEIVED
19006610 K

1-800-955-0045 ▪ www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx

[ Clear Form ]   [ Print Form ]

### Is your claim complete?

| | |
|---|---|
| ☑ | Include a check or money order for $25 payable to the State of California. |
| ☑ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach copies of any documentation that supports your claim. Please do not submit originals. |

**Claimant Information** *Use name of business or entity if claimant is not an individual*

| 1 | Stephenson | Keandre | | 2 | Tel: 909-767-2403 |
|---|---|---|---|---|---|
| | *Last name* | *First Name* | *MI* | 3 | Email: stephensonkeandre160@gmail |
| 4 | ███████████ | San Bernardino | | CA | ██████ |
| | *Mailing Address* | *City* | | *State* | *Zip* |

| 5 | Inmate or patient number, if applicable: |
|---|---|
| 6 | Is the claimant under 18? No      If Yes, please give date of birth: |
| 7 | |

*If you are an insurance company claiming subrogation, please provide your insured's name in section 7.*

| 8 | |
|---|---|

*If your claim relates to another claim or claimant, please provide the claim number or claimant's name in section 8.*

### Attorney or Representative Information

| 9 | Lerman | Steven | A | 10 | Tel:310-659-8166 |
|---|---|---|---|---|---|
| | *Last name* | *First Name* | *MI* | 11 | Email: slermanlaw@yahoo.com |
| 12 | 6033 W. Century Blvd., Suite 740 | Los Angeles | | CA | 90045 |
| | *Mailing Address* | *City* | | *State* | *Zip* |
| 13 | Relationship to claimant: Lawyer |

### Claim Information   *Please add attachments as necessary*

| 14 | Is your claim for a stale-dated warrant (uncashed check)? ○ Yes  ◉ No      *If No, skip to Step 15.* |
|---|---|
| | State agency that issued the warrant: |
| | Dollar amount of warrant:                    Date of issue: |
| | Warrant number:                              *MM/DD/YYYY* |
| 15 | Date of Incident: January 25, 2019 |
| | Was the incident more than six months ago?                        ○ Yes  ◉ No |
| | If YES, did you attach a separate sheet with an explanation for the late filing?   ○ Yes  ○ No |
| 16 | State agencies or employees against whom this claim is filed: |
| | California Highway Patrol and various California Highway Patrol officers. Claimant does not presently know the identities of the individual officers who caused Mr. Stephenson's death. |
| 17 | Dollar amount of claim: In excess of $1,000,000 |
| | If the amount is more than $10,000, indicate the type of civil case: | ○ Limited civil case ($25,000 or less)  ◉ Non-limited civil case (over $25,000) |

Explain how you calculated the amount:

Loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs.

DGS ORIM 06 Page 4 of 5

CHP-0024 of 0027

| 18 | Location of the incident: |
|---|---|
| | 91 Freeway near Adams Street off-ramp in Riverside, California. |

| 19 | Describe the specific damage or injury: |
|---|---|
| | Unlawful detention and wrongful death which resulted in loss of income and support; burial fees and expenses; loss of familial relationship; emotional distress; and attorney fees and legal costs. |

| 20 | Explain the circumstances that led to the damage or injury: |
|---|---|
| | California Highway Patrol and various California Highway Patrol officers, unlawfully seized the Claimant's father, Leroy Stephenson. The officers then used excessive force against Leroy Stephenson which caused Leroy Stephenson's death. |

| 21 | Explain why you believe the state is responsible for the damage or injury: |
|---|---|
| | At all times complained of, the individuals who unlawfully seized and killed Leroy Stephenson were acting within the course and scope of their employment with the California Highway Patrol. |

| 22 | Does the claim involve a state vehicle? | ○ Yes | ◉ No |
|---|---|---|---|
| | If YES, provide the vehicle license number, if known: | | |

### Auto Insurance Information

| 23 | |
|---|---|

| Name of Insurance Carrier | | | | |
|---|---|---|---|---|
| | | | | |
| Mailing Address | | City | State | Zip |
| Policy Number: | | Tel: | | |
| Are you the registered owner of the vehicle? | | | ○ Yes | ○ No |
| If NO, state name of owner: | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | | ○ Yes | ○ No |
| Have you received any payment for this damage or injury? | | | ○ Yes | ○ No |
| If yes, what amount did you receive? | | | | |
| Amount of deductible, if any: | | | | |
| Claimant's Drivers License Number: | | Vehicle License Number: | | |
| Make of Vehicle: | Model: | | Year: | |
| Vehicle ID Number: | | | | |

### Notice and Signature

| 24 | I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72). |
|---|---|
| | _Steven A. Lerman_ ———— Steven A. Lerman   Date: June 25, 2019 |
| | Signature of Claimant or Representative    Printed Name |
| 25 | Mail this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 989052, MS 414, West Sacramento, CA 95798-9052. Forms can also be delivered to the Office of Risk and Insurance Management, 707 3rd street, 1st Floor ORIM, West Sacramento, CA 95605. |

*Steven A. Lerman & Associates, Inc.*

6033 WEST CENTURY BOULEVARD, SUITE 740
LOS ANGELES, CALIFORNIA 90045
TEL (310) 659-8166
FAX (310) 285-0779

STEVEN A. LERMAN
ATTORNEY AT LAW

STEVEN A. LERMAN IS ADMITTED
TO PRACTICE IN CALIFORNIA AND IS AN
INACTIVE MEMBER OF THE FLORIDA AND HAWAII BAR

June 25, 2019

Government Claims Program
Office of Risk and Insurance Management
Dept. of General Services
PO Box 989052, MS414
West Sacramento, CA 95798-9052

Re:     January 25, 2019 death of Leroy Richard Stephenson

Dear Sir or Madam:

On behalf of claimant/client (successors in interest to Leroy Richard Stephenson), please see attached Government Claim Form for claimant, Keandre Stephenson.

### THE JANUARY 25, 2019 INCIDENT

On or about January 25, 2019, at approximately 12:00 p.m., various California Highway Patrol officers confronted Decedent Leroy Richard Stephenson on the Adams Street off-ramp in Riverside, California. One of the California Highway Patrol officers discharged his taser which struck Decedent Stephenson. Mr. Stephenson was handcuffed and taken to Parkview Community Hospital where he died just before 2:00 p.m.

Please conform and "stamp receive with date" the extra copy of the Government Claim Form and return to our office in the self addressed, stamped envelope.

Very truly yours,

Steven A. Lerman/Nicholas Lerman
SAL/cgc

Enclosures

CHP-0026 of 0027

Ex. 12
162

Ex. 12
163

**Steven A. Lerman & Associates, Inc.**
6033 West Century Boulevard
Suite #740
Los Angeles, CA 90045

### Goverment Claims Program
### Post Office Box 989052, MS 414
### West Sacrameno, CA  95798-9052

1   XAVIER BECERRA
    Attorney General of California
2   RICHARD F. WOLFE
    Supervising Deputy Attorney General
3   DOUGLAS E. BAXTER
    Deputy Attorney General
4   State Bar No. 201351
    TIM J. VANDEN HEUVEL
5   Deputy Attorney General
    State Bar No. 140731
6     600 West Broadway, Suite 1800
      San Diego, CA 92101
7     P.O. Box 85266
      San Diego, CA 92186-5266
8     Telephone: (619) 738-9095
      Fax: (619) 645-2581
9     E-mail: Tim.VandenHeuvel@doj.ca.gov
    Attorneys for Defendant State of California,
10  by and through the California Highway Patrol

**FILED**
Superior Court of California
County of Riverside
**2/20/2020**
**K. Garcia**
Electronically Filed

No Fee Pursuant to Government Code
Section 6103

11           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                          **COUNTY OF RIVERSIDE**

13

14

15  DEVONTE STEPHENSON, individually
    and as successor in interest to Decedent
16  LEROY STEPHENSON; LINDEN
    STEPHENSON, individually and as
17  successor in interest to Decedent LEROY
    STEPHENSON; KEANDRE
18  STEPHENSON, individually and as
    successor in interest to Decedent LEROY
19  STEPHENSON,

                                    Plaintiffs,
20
21              v.

22  STATE OF CALIFORNIA; and DOES 1
    through 100, inclusive,
23
                                    Defendants.
24

Case No. RIC1906137

**DECLARATION OF DOUGLAS E.
BAXTER IN SUPPORT OF DEFENDANT
STATE OF CALIFORNIA, BY AND
THROUGH THE CALIFORNIA
HIGHWAY PATROL'S MOTION TO
STRIKE PORTIONS OF PLAINTIFFS
DEVONTE STEPHENSON, LINDEN
STEPHENSON AND KEANDRE
STEPHENSON'S COMPLAINT**

Date:       March 18, 2020
Time:       8:30 a.m.
Dept:       1
Judge:      The Honorable Craig G. Riemer
Trial Date: TBD
Action Filed: December 18, 2019

25

26  ///

27  ///

28  ///

1

DECL. OF DOUGLAS E. BAXTER IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S (CHP'S)
MOTION TO STRIKE PLAINTIFFS' COMPLAINT (RIC1906137)

1   I, Douglas E. Baxter, hereby declare:

2   1. I am an attorney duly licensed to practice law in the State of California. I am employed

3 as a Deputy Attorney General for the California Attorney General's Office. Together with

4 Deputy Attorney General Tim J. Vanden Heuvel, I am assigned to represent defendant State of

5 California, by and through the California Highway Patrol, in this action.

6   2. On February 6, 2020, I spoke to plaintiffs' counsel Gregory Peacock on the telephone

7 about the issues being raised in defendant's demurrer for the purposes of satisfying the meet-and-

8 confer requirement of section 430.41, subd. (a), of the Code of Civil Procedure. I explained the

9 legal contentions we intended to make in a demurrer to the complaint, based on apparent failure

10 to comply with the Government Claims Act for those counts and allegations of the complaint that

11 attempt to state survival claims and damages. I explained the primary basis for the demurrer

12 would be the analysis of *Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783.

13   3. At the time of the February 6, 2020, telephonic meet-and-confer, the deadline for

14 defendant State of California, by and through the California Highway Patrol, to file a responsive

15 pleading or motion was February 12, 2020. Plaintiffs' counsel and I agreed to talk again on the

16 phone before defendant would proceed with a responsive pleading or motion.

17   4. On February 11, 2020, I once again spoke on the telephone with Gregory Peacock about

18 the legal issues raised in defendant's demurrer. I also explained that specific damages claims

19 may also be challenged through a companion motion to strike based on the failure to comply with

20 the Government Claims Act, for for the purposes of satisfying the meet-and-confer requirement

21 of section 435.5, of the Code of Civil Procedure. In that telephone conversation, Mr. Peacock and

22 I agreed to a stipulation to extend defendant's deadline to file a responsive pleading and motion to

23 February 20, 2020, pursuant to Rule 3.110(d) of the California Rules of Court. We put that

24 agreement in writing through an email exchange on February 11, 2020. The purpose of the

25 extension was to give plaintiffs' counsel additional time to consider defendant's arguments and

26 confer with the plaintiffs.

27 ///

28 ///

2

DECL. OF DOUGLAS E. BAXTER IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S (CHP'S)
MOTION TO STRIKE PLAINTIFFS' COMPLAINT (RIC1906137)

Ex. 12
165

5. As of the present date, the parties have not been able to reach a resolution of the claims raised by defendant in its demurrer and companion motion to strike. Therefore, defendant is filing the demurrer and motion to strike at this time.

I, Douglas E. Baxter, affirm under penalty of perjury under the laws of the State of California that the foregoing information is true and correct of my own knowledge and that this declaration is being executed on this 20th day of February 2020 at San Diego, California.

Douglas E. Baxter

SD2020700119
72161212.docx

3

DECL. OF DOUGLAS E. BAXTER IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S (CHP'S)
MOTION TO STRIKE PLAINTIFFS' COMPLAINT (RIC1906137)

**EXHIBIT 13**



FAXED          ☐  ORIGINAL                                    JSL

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 1 6 2020

J. Bishop

MAR 1 6 2020

1  **STEVEN A. LERMAN & ASSOCIATES, INC.**
   Steven A. Lerman (SBN 055839)
2  Nicholas Lerman, Esq. (SBN 292656)
   Email: slermanlaw@yahoo.com; nlermanesq@injurylawadvocates.com
3  6033 West Century Boulevard, Suite 740
   Los Angeles, California 90045
4  Telephone: (310) 659-8166
   Fax: (310) 285-0779
5
6  Gregory Peacock, Esq. (SBN 277669)
   **LAW OFFICE OF GREGORY PEACOCK**
7  4425 Jamboree Road, Suite 130
   Newport Beach, CA 92660
8  Telephone: (949) 292-7478
   Email: gregorypeacockesq@gmail.com
9

Per 1005CCP/3.1300(d)CRC/437c(b)CCP
Untimely

10 Attorneys for Plaintiffs DEVONTE STEPHENSON, individually and as successor in interest to Decedent
11 LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent
   LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to
12 Decedent LEROY STEPHENSON.

13               SUPERIOR COURT FOR THE STATE OF CALIFORNIA
14                          COUNTY OF RIVERSIDE

15 DEVONTE STEPHENSON, individually and as ) Case No. RIC1906137
16 successor in interest to Decedent LEROY      ) **PLAINTIFFS' OPPOSITION TO**
   STEPHENSON; LINDEN STEPHENSON,            ) **DEFENDANTS' DEMURRER AND MOTION**
17 individually and as successor in interest to  ) **TO STRIKE PORTIONS OF PLAINTIFFS'**
   Decedent LEROY STEPHENSON; KEANDRE      ) **COMPLAINT**
18 STEPHENSON, individually and as successor in )
19 interest to Decedent LEROY STEPHENSON.      ) Date:  March 18, 2020
                                              ) Time:  8:30 a.m.
20      Plaintiffs,                            ) Dept: 1
                                              ) Judge: The Honorable Craig G. Riemer
21      vs.                                    ) Trial Date: TBD
                                              ) Action Filed: December 18, 2019
22 STATE OF CALIFORNIA; and DOES 1           )
23 through 100, inclusive,                     )
                                              )
24      Defendants.                            )
25  _____

26
27
28

        PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER AND MOTION TO STRIKE
                       PORTIONS OF PLAINTIFFS' COMPLAINT
                                     1

## I.    INTRODUCTION

This action is brought by Decedent Leroy Stephenson's three sons. The Plaintiffs' Complaint alleges that the defendants unlawfully caused the death of Decedent Leroy Stephenson. Plaintiffs have bought the following claims against defendants:

1) Wrongful Death;
2) False Arrest;
3) Negligence;
4) Battery; and
5) Violation of Civil Code § 52.1.

Plaintiffs are seeking wrongful death damages as well as survivorship damages on behalf of Decedent Leroy Stephenson. Defendants allege that Plaintiffs did not comply with the claim requirements as they relate to recovering survivorship damages. As shown below, Plaintiffs complied with the claim requirements and Defendants Demurrer and Motion to Strike should be denied.

## II.    FACTS ALLEGED IN PLAINTIFFS' COMPLAINT FOR DAMAGES

On or about January 25, 2019, while walking near the Adams Avenue on-ramp to the 91 Freeway in Riverside, California, Defendants DOES 1 through 20, inclusive, while acting within the course and scope of their duties as peace officers of the California Highway Patrol, approached Decedent Leroy Stephenson. (Plaintiff's Complaint for Damages (hereinafter "COMPLAINT") ¶10.) Decedent Leroy Stephenson was not acting unlawfully and there was no reason for belief that criminality was afoot. (COMPLAINT ¶11.) Notwithstanding the fact that Decedent Leroy Stephenson was merely walking, DOES 1 through 20, inclusive, attempted to speak with Decedent Leroy Stephenson. (COMPLAINT ¶12.) When Decedent Leroy Stephenson did not stop and continued to walk away from the officers, Defendants DOES 1 through 20, inclusive, began tasering Decedent Leroy Stephenson multiple times. (COMPLAINT ¶13.)

Decedent Leroy Stephenson went down to the ground where DOES 1 through 20, inclusive, continued to taser him. While on the ground, Defendant DOES 1 through 20, inclusive, began punching and striking Decedent Leroy Stephenson. (COMPLAINT ¶14.) At no point during the incident complained of in this action, did Decedent Leroy Stephenson act violently towards the defendants or anyone else. At no point did Decedent Leroy Stephenson do anything to justify the use of force against him. (COMPLAINT ¶15.)

Decedent Leroy Stephenson was taken to the hospital where he ultimately died as a result of the unlawful use of force used against him, by Defendants DOES 1 through 20, inclusive. (COMPLAINT ¶16.)

## III.  LEGAL STANDARD

California *Code of Civil Procedure* section 430.01(e) provides, in pertinent part, that a party may demurrer to a pleading if the pleading fails to state facts sufficient to constitute a cause of action. California courts treat a demurrer as admitting all material facts properly pleaded. (See *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112.) In ruling upon a demurrer, the court "gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded." (*Aubry v. Tri-City Hospital Dist.*, (1992) 2 Cal.4th 962, 967; see also *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 39.) "[I]t is error for a trial court to sustain a demurrer when plaintiff has stated a cause of action under any possible legal theory. And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." *Aubry*, at 39. The court is "not limited to plaintiffs' theory of recovery… but instead must determine if the factual allegations of the complaint are adequate to state a cause of action under any legal theory." (*Barquis v. Merchants Collection Assn.* (1972), 7 Cal.3d 94, 103.)

PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER AND MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' COMPLAINT
3

Specifically, the test of a demurrer is whether the pleading as a whole apprises the adversary of the factual basis of the claim. (See *Zelig* 27 Cal.4th at 1112.) Moreover, a demurrer can be used only to challenge defects that appear on the face of the pleading under attack; or from matters outside the pleading that are judicially noticeable. (See *Donabedian v. Mercury Ins. Co.* (2004) 116 Cal. App. 4th 968, 994.) No other extrinsic evidence can be considered in a demurrer. (See *Ion Equip. Corp. v. Nelson* (1980) 110 Cal.App.3d 868, 881.) The only issue the Court may resolve on a demurrer to a complaint is whether the complaint, standing alone, states a cause of action; not whether plaintiffs will prevail on the cause of action, whether they have evidence to support their cause of action, or the difficulties involved in pleading the cause of action. (See *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 39; see also *Four Star Elect. V.F. & H Constr.* (1992) 7 Cal.App.4th 1375, 1379; see also *Ion Equip. Corp. v. Nelson* (1980) 110 Cal.App.3d 868, 881.) A demurrer is not the proper procedure for determining the truth of disputed facts. (See *Fremont Indem. Co. v. Fremont Gen. Corp.* (2007) 148 Cal.App.4th 97, 114-15.) Moreover, the Court may not make factual findings on a demurrer, including "implicit" findings. (See *Mink v. Maccabee* (2004) 121 Cal.App.4th 835, 839.)

A motion to strike under lies either (1) to strike any "irrelevant, false or improper matters in inserted in any pleading; or (2) to strike a pleading or part thereof not drawn or filed in conformity with the laws of this state, a court rule or order of court." (See Cal. Code Civ. Proc. § 436.)

The grounds for a motion to strike must appear on the face of the pleading under attack or from matter which the court may judicially notice. (See Cal. Code Civ. Proc. § 436.)

Pleadings must be construed liberally... with a view to substantial justice." Cal. Code Civ. Proc. § 452. In passing on the correctness of a ruling on a motion to strike, judges read allegations of a pleading subject to a motion to strike as a whole, all parties in their context, and assume their truth. In

PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER AND MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' COMPLAINT
4

ruling on a motion to strike, courts do not read allegations in isolation." (*Clason v. Superior Court,* 7 Cal.App.4th 1253, 1255 (1998.)

## IV.  ARGUMENT

### A. <u>DEFENDANTS' DEMURRER SHOULD BE DENIED BECAUSE PLAINTIFFS COMPLIED WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT AND ARE ENTITLED TO ALLEGE SURVIVORSHIP CLAIMS.</u>

Government Code § 945.4 states that no action may be commenced against a public entity unless a claim which satisfies Government Code § 910 has been submitted and denied. Government Code § 910 prescribes the minimum information that a claim must contain. The statute requires that the claim set forth:

   a) The name and post office address of the claimant.
   b) The post office address to which the person presenting the claim desires notices to be sent.
   c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
   d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
   e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.

Nothing more than the above five elements is required to appear in a claim. The Plaintiffs' claim satisfied the minimum requirements of Government Code § 910.

Defendants rely upon broad and generalized language from *Nelson v. County of Los Angeles,* (2003) 133 Cal. App. 4th 783) while ignoring the nuances of the case which support the denial of Defendants' motions.

In *Nelson,* the Court held:

> Since Dwayne's estate did not file a claim, *and since there is nothing in Mrs. Nelson's claim to suggest it was filed in anything other than her individual capacity,* and since the damages described in the claim were for "the loss of a son" (with no mention of any damage incurred by Dwayne before his death), the trial court properly resolved the survivorship claims against Mrs. Nelson.

*Id.* at 797. Emphasis added.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER AND MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' COMPLAINT
5

While Plaintiffs' claims do not use the term "survivorship" there is plenty of language which shows and suggest that Plaintiffs are pursuing survivorship damages on behalf of their father. Each Plaintiffs' claim form shows that they are seeking "loss of income" and that they are asserting that the California Highway Patrol Officers "unlawfully seized" the decedent and that the conduct of the defendants included an "unlawful detention." (See Defendant's Request For Judicial Notice In Support of Demurrer Of State Of California, By And Through California Highway Patrol To Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson's Complaint.) This language shows that the Plaintiffs are pursuing survivorship claims and at a minimum suggest that they are pursuing survivorship claims.

**B.** **THIS HONORABLE COURT SHOULD DENY DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT BECAUSE PLAINTIFFS COMPLIED WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT.**

Defendants' Motion to Strike Portions of Plaintiffs' Complaint is supported by their argument that Plaintiffs cannot bring survivorship claims because Plaintiffs did not properly allege survivorship claims in their Government Claim. As shown above, Plaintiffs complied with the Government Claims Act as it relates to their survivorship claims. Accordingly, Defendants' Motion to Strike Portions of Plaintiffs' Complaint should be denied.

**V.** **CONCLUSION**

Based upon the foregoing, Plaintiffs respectfully request that this Honorable Court deny Defendants' Demurrer and Motion to Strike.

DATED: March 5, 2020                    STEVEN A. LERMAN & ASSOCIATES, INC.

STEVEN A. LERMAN, ESQ.
LAWYER FOR PLAINTIFFS

PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER AND MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' COMPLAINT
6

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

C.C.P. §1013(A)(3)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6033 W. Century Bl. #740, Los Angeles, CA 90045.

On March 5, 2020, I served the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT**, on all interested parties in this action by placing (x) the original ( ) a true copy thereof enclosed in sealed envelopes addressed as follow:

Richard Wolfe, Supervising DAG
Tim Van Heudel, DAG
State of California
600 W. Broadway, Suite 1800
San Diego, CA 92101
PO Box 85266
San Diego, CA 92186-5266
Phone: (619) 738-9095
Fax: (619) 645-2581
Attys for Defendant State of California, by and through the CA Highway Patrol

( ) By Regular U.S. Mail
(X) Via Federal Express

(X) By Fax

( ) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.
( ) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Executed on March 5, 2020 in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Cherry Cochrell

**EXHIBIT 14**

NO FEE PURSUANT TO GOVERNMENT CODE SECTION 6103

1   XAVIER BECERRA
    Attorney General of California
2   RICHARD F. WOLFE
    Supervising Deputy Attorney General
3   TIM J. VANDEN HEUVEL
    Deputy Attorney General
4   State Bar No. 140731
      600 West Broadway, Suite 1800
5     San Diego, CA 92101
      P.O. Box 85266
6     San Diego, CA 92186-5266
      Telephone: (619) 738-9095
7     Fax: (619) 645-2581
      E-mail: Tim.VandenHeuvel@doj.ca.gov
8   *Attorneys for Defendant State of California by and
    through the California Highway Patrol*

**FILED**
Superior Court of California
County of Riverside
3/11/2020
P. Hills
Electronically Filed

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            COUNTY OF RIVERSIDE – HISTORIC COURTHOUSE

12

13

14   DEVONTE STEPHENSON, individually and        Case No. RIC1906137
     as successor in interest to Decedent LEROY
15   STEPHENSON; LINDEN STEPHENSON,              **DEFENDANT'S REPLY TO**
     individually and as successor in interest to **PLAINTIFFS' OPPOSITION TO**
16   Decedent LEROY STEPHENSON;                  **DEFENDANT'S DEMURRER**
     KEANDRE STEPHENSON, individually and        **AND MOTION TO STRIKE**
17   as successor in interest to Decedent LEROY
     STEPHENSON,                                 Date:        March 18, 2020
18                                               Time:        8:30 a.m.
                                    Plaintiffs,  Dept.:       1
19                                               Judge:       The Honorable Craig G. Riemer
                  v.                             Trial Date:  TBD
20                                               Date Filed:  December 18, 2019

21   STATE OF CALIFORNIA; and DOES 1
     through 100, inclusive,
22
                                    Defendants.
23

24          Defendant State of California by and through the California Highway Patrol submits this

25   reply to plaintiffs' opposition to its demurrer and motion to strike.

26   ///

27   ///

28   ///

                                          1
───────────────────────────────────────────────────────────
Defendant's Reply to Plaintiffs' Opposition to Defendant's Demurrer and Motion to Strike (RIC1906137)

1

# DISCUSSION

2 **I.   CLAIMS AGAINST GOVERNMENT ENTITIES MUST BE PLEADED WITH
PARTICULARITY**

3

4     Plaintiffs recite several well-known rules relating to demurrers and motions to strike.  (Pls.'

5 Opp'n at pp. 3-5.)   However, they fail to mention special pleading requirements applicable to

6 lawsuits against government entities.  First, "every fact essential to the existence of statutory

7 liability must be pleaded with particularity[.]"  (*Searcy v. Hemet Unified School Dist.* (1986) 177

8 Cal.App.3d 792, 802.)  Second, claim compliance is an essential element of a cause of action

9 against a public entity and "a plaintiff must allege facts demonstrating or excusing compliance

10 with the claim presentation requirement."  (*State of California v. Superior Court (Bodde)* (2004)

11 32 Cal.4th 1234, 1243.)

12
13     Timely claim presentation is not merely a procedural requirement, but is, as this court
long ago concluded, a condition precedent to plaintiff's maintaining an action against
defendant.  Complaints that do not allege facts demonstrating either that a claim was
timely presented or that compliance with the claims statute is excused are subject to a
14     general demurrer for not stating facts sufficient to constitute a cause of action.

15 (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 209.)

16 **II.   A PARTY SUING FOR SURVIVAL DAMAGES MUST PLEAD AND PROVE THAT THEY
PRESENTED A PROPER GOVERNMENT CLAIM FOR SURVIVAL DAMAGES**

17

18     As made abundantly clear in *Nelson v. County of Los Angeles*, wrongful death damages and

19 survival damages are separate and distinct.  The claimants are different and the recoverable

20 damages are mutually exclusive.  That is why a claim for wrongful death damages will not

21 support a lawsuit for survival damages.

22     The rule requiring clear identification of the correct claimant and damages is to provide

23 sufficient information to enable the public entity to adequately investigate, and if appropriate,

24 settle claims without the expense of litigation.  (*Nguyen v. Los Angeles County Harbor/UCLA*

25 *Medical Center* (1992) 8 Cal.App.4th 729, 734.)  "When the possible liability reflected in a tort

26 claim filed by one party is 'different in kind and nature' from the possible liability to a second

27 injured party, the second injured party may not rely on the tort claim filed by the first party."

28 / / /

2

1   (*Pacific Tel. Tel. Co. v. County of Riverside* (1980) 106 Cal.App.3d 183, 191 [italics omitted],

2   citing *Roberts* v. *State of California,* (1974) 39 Cal.App.3d 844, 848.)

3   **III.   THE CLAIMS PRESENTED BY PLAINTIFFS CANNOT REASONABLY BE INTERPRETED AS INCLUDING SURVIVAL DAMAGES**

4

5       The facts of this case are nearly identical to those in *Nelson*.  For example, the following

6   facts are undisputed:

7          • None of the claim forms presented by plaintiffs identify the claimant as Leroy

8             Stephenson or his estate;

9          • None of the claim forms identify plaintiffs as Leroy Stephenson's personal

10            representative or successor in interest;

11          • None of the claim forms cite to the survival statutes, Code of Civil Procedure sections

12            377.30 through 377.35;

13          • None of the claim forms identify recoverable survival damages as set forth in Code of

14            Civil Procedure section 377.34 ("loss or damage that the decedent sustained or

15            incurred before death, including any penalties or punitive or exemplary damages

16            that the decedent would have been entitled to recover had the decedent lived[.]".)

17       An objective reading of the claim forms can lead to only one conclusion: survival damages

18   are not included in the claim forms presented by plaintiffs.

19   **IV.   PLAINTIFF'S BELATED ATTEMPT TO INSERT SURVIVAL CLAIMS IS WITHOUT MERIT**

20       Undeterred by the undisputed facts discussed above, plaintiffs spend exactly *one paragraph*

21   of their opposition attempting to convince the court that creative interpretation can save the

22   request for survival damages inserted in the complaint.  Plaintiffs make two arguments, both of

23   which are without merit.  (See Pls.' Opp'n at p. 6, ll. 1-10.)

24      **A.   Plaintiffs' Inclusion of "Loss of Income and Support" Does Not Convert the Wrongful Death Claims into Survival Claims**

25

26       Each of the plaintiffs' claim forms seeks as an element of damages their "loss of income

27   and support."  In their opposition, plaintiffs ***truncate the actual phrase*** in the claim forms to only

28   "loss of income" and claim this part of the phrase, standing in isolation, should have placed the

3

---

Ex. 14

178

1  government on notice that plaintiffs were seeking survival damages on behalf of the Estate of

2  Leroy Stephenson.

3       Analyzed objectively, plaintiffs' argument is nonsensical.  Code of Civil Procedure section

4  377.61 generally defines damages recoverable for wrongful death.  The specific categories of

5  economic and non-economic damages are set forth in CACI No. 3921.  Economic damages

6  available to a wrongful death plaintiff include "[t]he financial support, if any, that decedent would

7  have contributed to the family during either the life expectancy that decedent had before his death

8  or the life expectancy of plaintiff, whichever is shorter."  (CACI No. 3921)

9       These are exactly the "loss of income and support" damages identified by plaintiffs in their

10  government claims.  These "loss of income and support" damages are not available in a survival

11  action.  Wrongful death damages and survival damages are by statute mutually exclusive.  (Code

12  Civ. Proc., § 377.61 ["In an action under this article, damages . . . may not include damages

13  recoverable under Section 377.34"].)

14  **B.  Plaintiffs' Assertion that Decedent Leroy Stephenson was "Unlawfully**

15  **Seized" Does Not Convert the Wrongful Death Claims into Survival
    Claims**

16       Plaintiffs argue that including the phrases "unlawfully seized" and "unlawfully detained" in

17  their claim forms "shows that the plaintiffs are pursuing survivorship claims and at a minimum

18  suggest they are pursuing survivorship claims."  (Pls.' Opp'n at p. 6 [ll. 8-10].)  The opposition

19  does not explain how use of these words somehow converts each plaintiffs' wrongful death claim

20  to a survival action on behalf of the estate.  Nor does the opposition cite law for the assertion that

21  a "suggestion" of a claim meets the clear identification of the actual claimant and damages

22  standard.  (See *Nguyen v. Los Angeles County Harbor/UCLA Medical Center*, *supra*, 8

23  Cal.App.4th at p. 734.)

24       Plaintiff's argument is also without merit to the extent they are suggesting that wrongdoing

25  other than negligence indicates a survival claim.  Code of Civil Procedure section 377.60

26  authorizes a wrongful death claim where the death is causes by "the wrongful act or neglect" of

27  the defendant.  "The elements of the cause of action for wrongful death are the tort (negligence *or*

28  *other wrongful act*), the resulting death, and the damages, consisting of the pecuniary loss

4

Defendant's Reply to Plaintiffs' Opposition to Defendant's Demurrer and Motion to Strike (RIC1906137)

1   suffered by the heirs." (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 968 [italics added].)  A

2   "wrongful act" under the wrongful death statute includes civil rights violations.  "The wrongful

3   death claim may be based on Plaintiffs' claims that Defendants were deliberately indifferent to

4   [the decedent's] serious mental health needs and to her safety [under the Fourteenth

5   Amendment]." (*Estate of Vela v. City of Monterey* (N.D. Cal., Aug. 27, 2018, No. 5:16-cv-2375-

6   BLF [2018 U.S. Dist. LEXIS 145698 *42-43; 2018 WL 4076317].)  Therefore, plaintiffs'

7   inclusion of unlawful seizure or detention is no evidence that plaintiffs intended to include

8   survival damages in their government claims.  It is simply a description of the predicate wrongful

9   act for their wrongful death claims.

## CONCLUSION

12      Plaintiffs' government claim forms simply do not state a claim for survivor damages on

13   behalf of the Estate of Leroy Stephenson.  Pursuant to abundant authority, this court should grant

14   defendant's demurrer and motion to strike.  As any amendment would clearly be futile, defendant

15   requests that dismissal be without leave to amend.

17   Dated: March 11, 2020                    Respectfully Submitted,

18                                           XAVIER BECERRA
                                             Attorney General of California
19                                           RICHARD F. WOLFE
                                             Supervising Deputy Attorney General
20

21

22

23                                           TIM J. VANDEN HEUVEL
                                             Deputy Attorney General
24                                           *Attorneys for Defendant*
                                             *State of California, by and through the*
25                                           *California Highway Patrol*

26   SD2020700119
     72197544.docx

27

28

Defendant's Reply to Plaintiffs' Opposition to Defendant's Demurrer and Motion to Strike (RIC1906137)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Devonte Stephenson, et al. v. State of California, et al.**
Case No.:   **RIC1906137**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **March 11, 2020**, I served the attached

### DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S DEMURRER AND MOTION TO STRIKE

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 600 West Broadway, Suite 1800, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

| | |
|---|---|
| Steven A. Lerman, Esq.<br>Steven A. Lerman & Associates, Inc.<br>6033 West Century Blvd., Ste. 740<br>Los Angeles, CA 90045<br><br>*Attorney for Plaintiffs* | Nicholas Lerman<br>Steven A. Lerman & Associates, Inc.<br>6033 West Century Blvd., Ste. 740<br>Los Angeles, CA 90045<br><br>*Attorney for Plaintiffs* |
| Gregory Peacock, Esq.<br>Law Office of Gregory Peacock<br>4425 Jamboree Road, Ste. 130<br>Newport Beach, CA 92660<br><br>*Attorney for Plaintiffs* | |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 11, 2020, at San Diego, California.

|  |  |
|---|---|
| C. Bashaw | *[signature]* |
| Declarant | Signature |

SD2020700119 / 72197588.docx

**EXHIBIT 15**

Department 1
Riverside County Superior Court
4050 Main Street
Riverside, CA 92501

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 1 8 2020

K Kang
Kimberly Kordt

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

Stephenson
                                          Plaintiff

v.

State of California
                                          Defendant

CASE NO. RIC 1906137

ORDER OF DISMISSAL

____ The entire action is dismissed, including any consolidated complaints, cross-complaints, and complaints in intervention. All future hearings currently scheduled in this action are vacated except for any hearing on a motion to determine good faith settlement.

____ The complaint is dismissed [__] in its entirety [__] only as to defendant(s) _____

_____

[__] only as to the claims of plaintiff(s) _____.

____ The cross-complaint[s] of _____

_____

[is][are] dismissed [__] in [its][their] entirety [__] only as to cross-defendant(s) _____

_____

[__] only as to the claims of cross-complainant(s) _____.

____ The complaint in intervention filed by_____

_____ on _____ is dismissed in its entirety.

✓ Other _The second, fourth, and fifth causes of action_
_of this complaint are dismissed with prejudice_

_____ The dismissal[s] [is] [are] at the request or with the consent of [__] plaintiff(s)  [__] plaintiff(s) in intervention [__] cross-complainant(s)  and [is] [are] [__] with  [__] without prejudice.

__✓__ The dismissal is *with* prejudice and is entered for the following reason(s):

    __✓__ Demurrer sustained without leave to amend (Code Civ. Proc., § 581, subd. (f)(1).)

    _____ Failure to amend after demurrer sustained.  (Code Civ. Proc., § 581, subd. (f)(2).)

    _____ Other: _____

_____ The dismissal is *without* prejudice and is entered for the following reason(s):

    _____ Failure of [__] plaintiff(s) [__] plaintiff(s) in intervention [__] cross-complainant(s) to file in a timely fashion a declaration in response to an order to show cause why the matter should not be dismissed. (See RSC Local Rule 3116.)

    _____ Failure of [__] plaintiff(s) [__] plaintiff(s) in intervention [__] cross-complainant(s) to show good cause why the matter should not be dismissed.

    _____ Failure to comply with Fast Track rules.  In light of the plaintiff's persistent  failure to prosecute this action in the diligent manner required by the Code of Civil Procedure and the California Rules of Court, the failure of the prior sanctions imposed by the Court to improve the plaintiff's compliance with those requirements, and the plaintiff's failure to appear today or otherwise oppose the dismissal of this action by filing a declaration in response to the OSC, the Court finds that it is not reasonable to expect that the imposition of sanctions less severe than dismissal would be effective in gaining plaintiff's compliance.  Accordingly, the matter is dismissed pursuant to Government Code section 68608, subdivision (b).

    _____ Failure of [__] plaintiff(s) [__] cross-complainant(s) to seek relief from stay.

    _____ Failure of [__] plaintiff(s) [__] cross-complainant(s) to retain counsel.

    _____ Failure to serve summons within 2 years.  (Code Civ. Proc., § 583.420, subd. (a)(1).)

    _____ Failure to serve summons within 3 years.  (Code Civ. Proc., § 583.250, subd. (a)(2).)

    _____ Failure to bring to trial within 2 years.  (Code Civ. Proc., § 583.420, subd. (a)(2)(B).)

    _____ Failure to bring to trial within 3 years.  (Code Civ. Proc., § 583.420, subd. (a)(2)(A).)

    _____ Failure to bring to trial within 5 years.  (Code Civ. Proc., § 583.310.)

    _____ Failure of [__] plaintiff(s) [__] cross-complainant(s) to appear at trial. (Code Civ. Proc., § 581, subds. (b)(5) & (*l*).)

    _____ The Court previously imposed monetary sanctions without effect on_____.

    _____ Other: _____

Date: _March 18, 2020_            _Craig A. Riemer_
                                   Craig G. Riemer, Judge of the Superior Court

ATTORNEY ;
SAN DI;
2020 MAR 23 ;

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

CLERK'S CERTIFICATE OF MAILING

DEVONTE STEPHENSON

      vs.                         CASE NO. RIC1906137

STATE OF CALIFORNIA

TO:  DEPUTY ATTORNEY GENERAL
      600 WEST BROADWAY., STE. 1800
      PO BOX 85266
      SAN DIEGO CA 92186-5266

I certify that I am currently employed by the Superior Court of
California, County of Riverside and I am not a party to this action
or proceeding. In my capacity, I am familiar with the practices and
procedures used in connection with the mailing of correspondence. Such
correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the attached
ORDER OF DISMISSAL - Judge Craig G. Riemer on this date, by depositing
said copy as stated above.

                              Court Executive Officer/Clerk

Dated: 03/18/20          by: _____
                              KIMBERLY R RANDT, Deputy Clerk

Ex. 15
186

**EXHIBIT 16**

NO FEE PURSUANT
TO GOVERNMENT
CODE SECTION 6103

1   XAVIER BECERRA
    Attorney General of California
2   RICHARD F. WOLFE
    Supervising Deputy Attorney General
3   TIM J. VANDEN HEUVEL
    Deputy Attorney General
4   State Bar No. 140731
      600 West Broadway, Suite 1800
5     San Diego, CA 92101
      P.O. Box 85266
6     San Diego, CA 92186-5266
      Telephone: (619) 738-9095
7   Fax: (619) 645-2581
    E-mail: Tim.VandenHeuvel@doj.ca.gov
8   *Attorneys for Defendant State of California by and*
    *through the California Highway Patrol*

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF RIVERSIDE – HISTORIC COURTHOUSE

11

12

13   **DEVONTE STEPHENSON, individually**     Case No. RIC1906137
     **and as successor in interest to Decedent**
14   **LEROY STEPHENSON; LINDEN**             **DEFENDANT STATE OF CALIFORNIA**
     **STEPHENSON, individually and as**      **BY AND THROUGH THE CALIFORNIA**
15   **successor in interest to Decedent LEROY** **HIGHWAY PATROL'S ANSWER TO**
     **STEPHENSON; KEANDRE**                  **PLAINTIFFS' COMPLAINT**
16   **STEPHENSON, individually and as**
     **successor in interest to Decedent LEROY**
17   **STEPHENSON,**                          Dept:     1
                                              Judge:    The Honorable Craig G. Riemer
18                             Plaintiffs,     Trial Date:  TBD
                                              Action Filed: December 18, 2019
19              v.

20   **STATE OF CALIFORNIA; and DOES 1**
21   **through 100, inclusive,**

22                             Defendants.

23

24        TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

25   RECORD:

26        Defendant STATE OF CALIFORNIA by and through the CALIFORNIA HIGHWAY

27   PATROL, for itself alone and for no other person, firm, corporation or entity, answers the

28   ///

                                         1

1  Complaint of Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE
2  STEPHENSON as follows:
3      Pursuant to California Code of Civil Procedure § 431.30, Defendant denies both generally
4  and specifically each and every allegation contained in the Complaint insofar as they pertain to
5  this answering Defendant and the whole thereof and further denies that Plaintiffs have been
6  damaged in the sum or sums alleged or in any other sum or sums at all.  Defendant also asserts
7  that the Second, Fourth, and Fifth causes of action within Plaintiffs' Complaint were dismissed
8  with prejudice by order of this court on March 18, 2020.

9  **AFFIRMATIVE DEFENSES**

10     As and for separate and affirmative defenses, Defendant alleges as follows:

11  **AFFIRMATIVE DEFENSE NO. 1**

12     The Complaint and each cause of action are barred by the statute of limitations of
13  California Code of Civil Procedure § 342 and California Government Code §§ 945.4 and 945.6.

14  **AFFIRMATIVE DEFENSE NO. 2**

15     Any and all alleged happenings and events, damages and injuries, if any there were, were
16  proximately caused and contributed to by the negligence or other wrongful conduct of Decedent
17  Leroy Stephenson  (hereinafter "Decedent") and others, each and all of whom failed to exercise
18  ordinary care at the times and places alleged in the Complaint.

19  **AFFIRMATIVE DEFENSE NO. 3**

20     Should Plaintiffs recover damages, the amount thereof should be abated, apportioned and
21  reduced to the extent that any other person's or entity's negligence or other wrongful conduct
22  caused or contributed to damages, if any there were.

23  **AFFIRMATIVE DEFENSE NO. 4**

24     Decedent willingly, voluntarily and knowingly assumed each, every and all the risks and
25  hazards involved in the activities alleged in the Complaint.

26  ///
27  ///
28  ///

2

Defendant's Answer to Complaint  (RIC1906137)

1   **AFFIRMATIVE DEFENSE NO. 5**

2   Neither the public entity nor any employee within the scope of employment stood in such a

3   special relationship to any person alleged in the Complaint so as to give rise to any duty running

4   to any person.

5   **AFFIRMATIVE DEFENSE NO. 6**

6   Defendant is immune from suit pursuant to California Government Code § 815 to the extent

7   that the Complaint and each cause of action therein attempt to state a cause of action not provided

8   by statute against a public entity.

9   **AFFIRMATIVE DEFENSE NO. 7**

10   To the extent that the Complaint herein attempts to predicate liability upon any public entity

11   defendant or any agent or employee thereof for purported negligence in retention, hiring,

12   employment, training, or supervision of any public employee, liability is barred by California

13   Government Code §§ 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d

14   933, 935-936, reversed on other grounds by *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d

15   710; by the lack of any duty running to Decedent and Plaintiffs; by the fact that any such

16   purported act or omission is governed exclusively by statute and is outside the purview of any

17   public employees' authority; and by and the failure of any such act or omission to be the

18   proximate cause of any injury alleged in the Complaint.

19   **AFFIRMATIVE DEFENSE NO. 8**

20   At all relevant times, Plaintiffs failed to mitigate their injuries and damages, if any there

21   were.

22   **AFFIRMATIVE DEFENSE NO. 9**

23   At all relevant times, Defendant acted independently and not in association or concert with

24   or as agent or servant of any other defendant, including any sued herein under fictitious names, or

25   of the employees or agents of other Defendants.

26   **AFFIRMATIVE DEFENSE NO. 10**

27   The action is barred by the failure to precede the action with a claim as required by

28   California Government Code §§ 945.4, 911.2, 905.2, and 950.2.

1

<u>**AFFIRMATIVE DEFENSE NO. 11**</u>

2

If and to the extent that the allegations of the Complaint attempt to enlarge upon the facts

3

and contentions set forth in the Victim Compensation and Government Claims Board claim, if

4

any there was, the Complaint fails to state a cause of action and is barred by California

5

Government Code §§ 905.2, 911.2 and 950.2.

6

<u>**AFFIRMATIVE DEFENSE NO. 12**</u>

7

Defendant is not liable for injuries, if any there were, caused by independent contractors,

8

holders of licenses, permits, or other authorizations, or third parties.  (Cal. Gov. Code §§ 815.2,

9

815.4, and 820.8.)

10

<u>**AFFIRMATIVE DEFENSE NO. 13**</u>

11

To the extent any person suffered any detriment, such was unavoidable.

12

<u>**AFFIRMATIVE DEFENSE NO. 14**</u>

13

There is no liability for any injury or damages, if any there were, resulting from an exercise

14

of discretion vested in a public employee, whether or not such discretion be abused.  (Cal. Gov.

15

Code §§ 815.2, 820.2.)

16

<u>**AFFIRMATIVE DEFENSE NO. 15**</u>

17

There is no liability in that the acts alleged in the Complaint, if done at all, were done in the

18

execution and enforcement of the law while exercising due care.  (Cal. Gov. Code §§ 815.2,

19

820.4.)

20

<u>**AFFIRMATIVE DEFENSE NO. 16**</u>

21

The alleged detention of Decedent was not wrongful because there existed a reasonable

22

suspicion creating a right to detain Decedent for questioning or other limited investigation.

23

<u>**AFFIRMATIVE DEFENSE NO. 17**</u>

24

There is no liability in that the acts alleged in the Complaint, if done at all, were done while

25

acting in the defense of others, based upon reasonable belief that Decedent would harm third

26

parties, and the amount of force used was reasonably necessary to protect said third parties.

27

/ / /

28

/ / /

4

Defendant's Answer to Complaint  (RIC1906137)

1    **WHEREFORE**, Defendants pray that:

2       1. Judgment be rendered in favor of Defendant and against Plaintiffs;

3       2. Plaintiffs take nothing by the Complaint;

4       3. Defendant be awarded costs of suit incurred herein; and

5       4. Defendant be awarded such other and further relief as the Court may deem necessary

6    and proper.

7

8    Dated: March 27, 2020                    Respectfully Submitted,

9                                             XAVIER BECERRA
                                             Attorney General of California
                                             RICHARD F. WOLFE
10                                            Supervising Deputy Attorney General

11

12

13                                           TIM J. VANDEN HEUVEL
                                             Deputy Attorney General
14                                           *Attorneys for Defendant State of California*
                                             *by and through the California Highway*
15                                           *Patrol*

16   SD2020700119
     72211249.docx
17

18

19

20

21

22

23

24

25

26

27

28

                                  5

                    Defendant's Answer to Complaint  (RIC1906137)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Devonte Stephenson, et al. v. State of California, et al.**
Case No.:    **RIC1906137**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **March 27, 2020**, I served the attached

### DEFENDANT STATE OF CALIFORNIA BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL'S ANSWER TO PLAINTIFFS' COMPLAINT

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 600 West Broadway, Suite 1800, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

| | |
|---|---|
| Steven A. Lerman, Esq.<br>Nicholas Lerman, Esq.<br>Steven A. Lerman & Associates, Inc.<br>6033 West Century Blvd., Ste. 740<br>Los Angeles, CA 90045<br><br>*Attorneys for Plaintiffs* | Gregory Peacock, Esq.<br>Law Office of Gregory Peacock<br>4425 Jamboree Road, Ste. 130<br>Newport Beach, CA 92660<br><br>*Attorney for Plaintiffs* |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 27, 2020, at San Diego, California.

| | |
|---|---|
| _____ | _____ |
| C. Bashaw | *(signature)* |
| Declarant | Signature |

SD2020700119
72213451.docx

**EXHIBIT 17**

1/11/2021

1  **STEVEN A. LERMAN & ASSOCIATES, INC.**
   Steven A. Lerman (SBN 055839)
2  Nicholas Lerman, Esq. (SBN 292656)
   Email:  slermanlaw@yahoo.com; nlermanesq@injurylawadvocates.com
3  6033 West Century Boulevard, Suite 740
   Los Angeles, California 90045
4  Telephone:  (310) 659-8166
   Fax:  (310) 285-0779
5
6  Gregory Peacock, Esq. (SBN 277669)
   **LAW OFFICE OF GREGORY PEACOCK**
7  4425 Jamboree Road, Suite 130
   Newport Beach, CA 92660
8  Telephone: (949) 292-7478
   Email: gregorypeacockesq@gmail.com
9
10 Attorneys for Plaintiffs DEVONTE STEPHENSON, individually and as successor in interest to Decedent
   LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent
11 LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to
   Decedent LEROY STEPHENSON.
12

13              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

14                        COUNTY OF RIVERSIDE

15 DEVONTE STEPHENSON, individually and as ) Case No. RIC1906137
   successor in interest to Decedent LEROY      )
16 STEPHENSON; LINDEN STEPHENSON,          ) STIPULATION AND [PROPOSED] ORDER
   individually and as successor in interest to ) FOR LEAVE TO FILE FIRST AMENDED
17 Decedent LEROY STEPHENSON; KEANDRE ) COMPLAINT
   STEPHENSON, individually and as successor in )
18 interest to Decedent LEROY STEPHENSON.   ) Complaint filed: 12/18/2019
19                                          )
                                            )
20      Plaintiffs,                         )
                                            )
21      vs.                                 )
                                            )
22 STATE OF CALIFORNIA; and DOES 1          )
   through 100, inclusive,                  )
23                                          )
                                            )
24      Defendants.                         )
25 _____

26

27

28

              STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE
                        FIRST AMENDED COMPLAINT
                                  1

Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON (collectively "Plaintiffs") and Defendants STATE OF CALIFORNIA and DOES 1 through 100 (collectively "Defendants"), by and through their respective counsel of record, hereby enter stipulate and agree to the following:

WHEREAS, the parties have agreed to amend the complaint to add causes of action for Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983), Due Process - Interference with Familial Relationship (42 U.S.C. § 1983), Due Process – Deprivation of Life Without Due Process (42 U.S.C. § 1983), and Municipal Liability – Inadequate Training (42 U.S.C. § 1983), (collectively, "Amended Claims"), (attached hereto as Exhibit 1 is the "First Amended Complaint");

WHEREAS, the parties have agreed to amend the complaint to add names of Defendants DANE NOREM, JEFFFREY MCKEE and MATT BORDEN;

WHEREAS, the parties have agreed to amend the complaint to include the "Amended Claims" and Defendant party names;

WHEREAS, California allows for the amendment of pleadings "in the furtherance of justice" up to the time of trial. C.C.P. §§ 473(a)(1) and 576;

WHEREAS, amendments that state a new cause of action are generally permitted if based on the same general set of facts. *Godfrey v. Steinpress* (1982) 128 Cal.App.3d 154, 174;

WHEREAS, the liberal policy of allowing amendments prevails when the delay in seeking amendment has not misled or prejudiced the other party. *Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 297, 306; *Higgins v. Del Faro* (1981) 123 Cal.App.3d 558, 564;

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
2

WHEREAS, the Amended Claims were the subject of extensive discovery, Defendants have not been prejudiced by the addition of such claims;

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their attorneys of record, that for all the foregoing reasons, good cause exists to amend the complaint to include causes of action for Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983), Due Process - Interference with Familial Relationship (42 U.S.C. § 1983), Due Process – Deprivation of Life Without Due Process (42 U.S.C. § 1983), and Municipal Liability – Inadequate Training (42 U.S.C. § 1983) and to add names of Defendants DANE NOREM, JEFFFREY MCKEE and MATT BORDEN.

DATED: Jan. 7, 2021                 STEVEN A. LERMAN & ASSOCIATES, INC.

                                    STEVEN A. LERMAN, ESQ./NICHOLAS LERMAN, ESQ.
                                    GREGORY PEACOCK, ESQ.
                                    ATTORNEYS FOR PLAINTIFFS

DATED: Jan. 8, 2021                 ATTORNEY GENERAL OFFICE FOR STATE OF CA

                                    TIM VANDEN HEUVEL, ESQ./DOUGLAS BAXTER, ESQ.
                                    ATTORNEYS FOR DEFENDANTS STATE OF CALIFORNIA

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
3

1

[~~PROPOSED~~] ORDER

2      Based on the written stipulation of the parties and good cause appearing in support thereof,
3   within five court days Plaintiffs may file ~~an amended complaint in the form of the~~ First Amended
    Complaint ~~attached to their stipulation (Exhibit 1).~~
4   *The trial setting conference scheduled for 3-11-21 is*
5   *vacated. A case management conference is scheduled*
6   *to occur on April 5, 2021, at 8:30 Am*
7      IT IS SO ORDERED.
8   Dated: *February 2, 2021*
                                            _____
9                                           HONORABLE CRAIG RIEMER
                                            JUDGE OF THE SUPERIOR COURT
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT
4

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

C.C.P. §1013(A)(3)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6033 W. Century Bl. #740, Los Angeles, CA 90045.

On Jan. 11, 2021, I served the foregoing **STIPULATION AND PROPOSED ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** on all interested parties in this action by placing (x) the original ( ) a true copy thereof enclosed in sealed envelopes addressed as follow:

Richard Wolfe, Supervising DAG
Tim Van Heudel, DAG
State of California
600 W. Broadway, Suite 1800
San Diego, CA 92101
PO Box 85266
San Diego, CA 92186-5266
Phone: (619) 738-9095
Fax: (619) 645-2581
Attys for Defendant State of California, by and through the CA Highway Patrol

(X) By Regular U.S. Mail
(X) By email: douglas.baxter@doj.ca.gov; tim.vandenheuvel@doj.ca.gov
(X) By Fax: above fax number

( ) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

(X) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Executed on Jan. 11, 2021 in Los Angeles, California.
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Cherry Cochrell

Ex. 17
199

## <u>DECLARATION OF SERVICE BY OVERNIGHT COURIER</u>

Case Name: **Devonte Stephenson, et al. v. State of California, et al.**

Case No.:    _____

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is: 600 West Broadway, Suite 1800, P.O. Box 85266, San Diego, CA 92186-5266.

On **March 24, 2021**, I served the attached

### CIVIL COVER SHEET

### CERTIFICATE AND NOTICE OF INTERESTED PARTIES

### NOTICE OF REMOVAL BY DEFENDANTS DANE NOREM AND JEFFREY MCKEE PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL

by placing a true copy thereof enclosed in a sealed envelope with the **FedEx Express,** addressed as follows:

Steven A. Lerman, Esq.
Steven A. Lerman & Associates, Inc.
6033 West Century Boulevard, Suite 740
Los Angeles, CA 90045

*Attorney for Plaintiffs*

Nicholas Lerman, Esq.
Steven A. Lerman & Associates, Inc.
6033 West Century Boulevard, Suite 740
Los Angeles, CA 90045

*Attorney for Plaintiffs*

Gregory Paul Peacock, Esq.
Law Office of Gregory Peacock
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660

*Attorney for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **March 24, 2021**, at San Diego, California.

_____
                A. J. Lopez

Declarant

_____

Signature

SD2020700119
82793346.docx82793346.DOCX