MATTHEW RODRIQUEZ
Acting Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER
Deputy Attorney General
State Bar No. 201351
TIM J. VANDEN HEUVEL
Deputy Attorney General
State Bar No. 140731
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9567
 Fax:           (619) 645-2581
 E-mail:  Douglas.Baxter@doj.ca.gov
 E-mail:  Tim.VandenHeuvel@doj.ca.gov
*Attorneys for Defendants State of California
(by and through the California Highway Patrol),
Dane Norem, and Jeffrey McKee*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-00526-JWH (KKx)<br><br>**ANSWER BY DEFENDANTS STATE OF CALIFORNIA (BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL), DANE NOREM, AND JEFFREY MCKEE TO FIRST AMENDED COMPLAINT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

**COME NOW** Defendants State of California (by and through the California Highway Patrol), Dane Norem, and Jeffrey McKee and by this Answer to the First Amended Complaint[1] [FAC], admit, deny, and allege as follows:

1. Answering the allegations in paragraph 1 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations, and, on that basis, deny the same.

2. Answering the allegations in paragraph 2 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations, and, on that basis, deny the same.

3. Answering the allegations in paragraph 3 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations, and, on that basis, deny the same.

4. Answering the allegations in paragraph 4 of the FAC, Defendants deny that the State of California is a municipal entity. Defendants admit that part of the State of California is located within the territorial jurisdiction of the Riverside County Superior Court.

5. Answering the allegations in paragraph 5 of the FAC, Defendants admit that Defendant County of Riverside is a municipal entity located in the State of California, within the territorial jurisdiction of the Riverside County Superior Court.

6. Answering the allegations in paragraph 6 of the FAC, Defendants admit that Defendant Dane Norem is a peace officer employed by the California Highway Patrol and that he was so employed at the time of the January 24, 2019 encounter with Plaintiffs' decedent Leroy Stephenson. Defendants admit that Officer Dane Norem was acting under the color of state law and in the course and scope of his employment with the California Highway Patrol at the time of the January 24, 2019

---

[1] The First Amended Complaint is attached as Exhibit 1 to the Notice of Removal (ECF No. 1) in this action.

encounter with Plaintiffs' decedent Leroy Stephenson. Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph and, on that basis, deny the same.

7. Answering the allegations in paragraph 6 of the FAC, Defendants admit that Defendant Jeffrey McKee is a peace officer employed by the California Highway Patrol and that he was so employed at the time of the January 24, 2019 encounter with Plaintiffs' decedent Leroy Stephenson. Defendants admit that Officer Jeffrey McKee was acting under the color of state law and in the course and scope of his employment with the California Highway Patrol at the time of the January 24, 2019 encounter with Plaintiffs' decedent Leroy Stephenson. Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph and, on that basis, deny the same.

8. Answering the allegations in paragraph 8 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations, and, on that basis, deny the same.

9. Answering the allegations in paragraph 9 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations, and, on that basis, deny the same.

10. Answering the allegations in paragraph 10 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations, and, on that basis, deny the same.

11. Answering the allegations in paragraph 11 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations, and, on that basis, deny the same.

12. Answering the allegations in paragraph 12 of the FAC, Defendants admit that Plaintiffs filed government claims 19006010, 19005978, and 19005959 with the State of California. Defendants admit that the original complaint in this action was filed in the Superior Court of the State of California, County of Riverside,

within six months of the State's service of rejection letters for Plaintiffs' government claims. Defendants maintain the variance challenges they made to the sufficiency of those government claims through a Demurrer and Motion to Strike filed in state court against the Complaint in this action. The superior court granted the Demurrer and dismissed the second, fourth, and fifth causes of action in the original Complaint without leave to amend.

13. Answering the allegations in paragraph 13 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny the same.

14. Answering the allegations in paragraph 14 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny the same.

15. Answering the allegations in paragraph 15 of the FAC, Defendants admit that Officer Dane Norem attempted to direct Plaintiffs' decedent Leroy Stephenson on January 24, 2019 to move to the shoulder of the Adams off-ramp at SR-91 in Riverside, California. Defendants deny the remaining allegations in the paragraph.

16. Answering the allegations in paragraph 16 of the FAC, Defendants admit that Officer Norem used the patrol vehicle's PA system to order Mr. Stephenson to move to a shoulder of the off-ramp. Defendants deny the remaining allegations in the paragraph.

17. Answering the allegations in paragraph 17 of the FAC, Defendants deny the allegations.

18. Answering the allegations in paragraph 18 of the FAC, Defendants admit that, during the January 24, 2019, encounter, Officer Norem deployed a Taser at Plaintiffs' decedent Leroy Stephenson. Defendants deny that Mr. Stephenson was "merely walking away." Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph and, on that basis, deny the same.

19. Answering the allegations in paragraph 19 of the FAC, Defendants admit that Officer Norem made temporary bodily contact with Mr. Stephenson as Mr. Stephenson was resisting, struggling, and presenting a danger to the public and to Officer Norem. Defendants admit that, in the course of the struggle to control Mr. Stephenson's combative and resistive behavior on the ground, Officer Norem attempted to use the drive stun function of the Taser on Mr. Stephenson. Defendants lack sufficient information or belief to admit or deny the remaining allegations of the paragraph, and, on that basis, deny the same.

20. Answering the allegations in paragraph 20 of the FAC, Defendants admit that Defendant Borden stopped, exited his vehicle, and began to assist Officer Norem. Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph and, on that basis, deny the same.

21. Answering the allegations in paragraph 21 of the FAC, Defendants admit that, at a point in the struggle, Officer Norem was able to place handcuffs on Mr. Stephenson with the assistance of Good Samaritans who had stopped to help.

22. Answering the allegations in paragraph 22 of the FAC, Defendants deny the allegations.

23. Answering the allegations in paragraph 23 of the FAC, Defendants deny that Officer Norem ever placed all of his weight on Mr. Stephenson's back. Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph and, on that basis, deny the same.

24. Answering the allegations in paragraph 24 of the FAC, Defendants deny the allegations.

25. Answering the allegations in paragraph 25 of the FAC, Defendants admit that Officer McKee arrived on the scene. Defendants deny the remaining allegations in the paragraph.

26. Answering the allegations in paragraph 26 of the FAC, Defendants deny the allegations.

27. Answering the allegations in paragraph 27 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny the same.

28. Answering the allegations in paragraph 28 of the FAC, Defendants deny the allegations.

29. Answering the allegations in paragraph 29 of the FAC, Defendants deny the allegations.

30. Answering the allegations in paragraph 30 of the FAC, Defendants deny the allegations.

31. Answering the allegations in paragraph 31 of the FAC, Defendants adopt and reincorporate their responses to paragraphs 1 through 30 above.

32. Answering the allegations in paragraphs 32 through 38 of the FAC, Defendants admit that Leroy Stephenson died on January 24, 2019.  Defendants deny the remaining allegations in paragraphs 32 through 38.

33. Answering the allegations in paragraph 39 of the FAC, Defendants adopt and reincorporate their responses to paragraphs 1 through 38 above.

34. Answering the allegations in paragraph 40 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny the same.

35. Answering the allegations in paragraphs 41 through 42 of the FAC, Defendants deny the allegations.

36. Answering the allegations in paragraph 43 of the FAC, Defendants adopt and reincorporate their responses to paragraphs 1 through 42 above.

37. Answering the allegations in paragraphs 44 through 47 of the FAC, Defendants deny the allegations.

38. Answering the allegations in paragraph 48 of the FAC, Defendants adopt and reincorporate their responses to paragraphs 1 through 47 above.

39. Answering the allegations in paragraphs 49 through 52 of the FAC, Defendants deny the allegations.

40. Answering the allegations in paragraph 53 of the FAC, Defendants adopt and reincorporate their responses to paragraphs 1 through 52 above.

41. Answering the allegations in paragraphs 54 to 59 of the FAC, Defendants deny the allegations.

42. Answering the allegations in paragraph 60 of the FAC, Defendants adopt and reincorporate their responses to paragraphs 1 through 59 above.

43. Answering the allegations in paragraphs 61 through 69 of the FAC, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny the same.

**Allegations in Prayer**

Answering the allegations in the Prayer of the FAC, Defendants deny that Plaintiffs are entitled to any of the requested relief.

Any allegations in the FAC not addressed above are denied.

## AFFIRMATIVE DEFENSES

**AS SEPARATE AND AFFIRMATIVE DEFENSES**, answering Defendants allege as follows:

**AFFIRMATIVE DEFENSE NO. 1:**

The FAC and each cause of action fail to allege facts sufficient to constitute a claim for relief against these answering Defendants.

**AFFIRMATIVE DEFENSE NO. 2:**

The FAC and each cause of action are barred by the statute of limitations of California Code of Civil Procedure section 342 [relating to claims against public entities] and California Government Code sections 945.4, 945.6, 950.2, and 950.6.

**AFFIRMATIVE DEFENSE NO. 3:**

The FAC and each cause of action are barred by the two-year statute of limitations of California Code of Civil Procedure section 335.1.

**AFFIRMATIVE DEFENSE NO. 4:**

There is no liability in that the acts alleged in the FAC, if done at all, were done in the execution and enforcement of the law while exercising due care. (Cal. Gov. Code, §§ 815.2, 820.4.)

**AFFIRMATIVE DEFENSE NO. 5:**

There is no imputed liability between public officers in actions under the Federal Civil Rights Act. There is no vicarious liability under the Federal Civil Rights Act.

**AFFIRMATIVE DEFENSE NO. 6:**

Defendants are immune from liability by reason of the provisions of California Government Code section 820.8, in that any injuries or damages were proximately caused by an act or omission of another person. The California Government Claims Act bars vicarious liability for any act or omission of any other person, by way of respondeat superior or otherwise. (Cal. Gov. Code, §§ 815.2 & 820.8.)

**AFFIRMATIVE DEFENSE NO. 7:**

Defendants are entitled to qualified immunity. Defendants acted, at all times herein relevant, in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**AFFIRMATIVE DEFENSE NO. 8:**

Any and all alleged happenings and events, damages, and injuries, if any there were, were proximately caused and/or contributed to by the negligence or other wrongful conduct of Plaintiffs' decedent Leroy Stephenson, who failed to exercise ordinary and reasonable care for his own safety and welfare and for the safety and welfare of others at the times and places alleged in the FAC. Such negligence or

other wrongful conduct bars and/or reduces Plaintiffs' recovery (whether under survivor or wrongful death theories) in proportion to the negligence and fault of Plaintiffs' decedent Leroy Stephenson.

**AFFIRMATIVE DEFENSE NO. 9:**

Any damages or injuries sustained by Plaintiffs' decedent Leroy Stephenson and/or Plaintiffs were proximately caused and/or contributed to by the negligence or other wrongful conduct of persons and entities other than these Defendants, in violation of the duty of such persons and entities to exercise ordinary and reasonable care for the safety of others. Defendants therefore allege that any and all damages awarded herein should be apportioned between all responsible persons, entities, and parties pursuant to the doctrines of comparative negligence/fault, total indemnity, and partial indemnity.

**AFFIRMATIVE DEFENSE NO. 10:**

Plaintiffs' decedent Leroy Stephenson willingly, voluntarily, and knowingly assumed each, every, and all of the risks and hazards involved in the activities alleged in the FAC. Plaintiffs' action is therefore barred.

**AFFIRMATIVE DEFENSE NO. 11:**

The FAC and each cause of action are subject to the statutory limitation of California Civil Code sections 1431 through 1432, relating to joint and several liability for economic and noneconomic damages.

**AFFIRMATIVE DEFENSE NO. 12:**

The damages alleged in the FAC herein are subject to a set-off either partially or in full.

**AFFIRMATIVE DEFENSE NO. 13:**

At all relevant times, Plaintiffs failed to mitigate injury and damages.

**AFFIRMATIVE DEFENSE NO. 14:**

The action is barred by the doctrines of laches and unreasonable delay in bringing this action.

**AFFIRMATIVE DEFENSE NO. 15:**

Any state law causes of action in the FAC are barred by the failure to precede the action with a claim as required by California Government Code sections 945.4, 911.2, 905.2, and 950.2.

**AFFIRMATIVE DEFENSE NO. 16:**

If and to the extent that the allegations of any state law claims in the FAC attempt to enlarge upon the facts and contentions set forth in the Government Claim, if any there was, said allegations fail to state a cause of action and are barred by California Government Code sections 905.2, 911.2, 945.4, and 950.2.

**AFFIRMATIVE DEFENSE NO. 17:**

To the extent that the FAC attempts to predicate liability upon any public entity defendant or any agent or employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by California Government Code sections 815.2 and 820.2 and *Herndon* v. *County of Marin*, 25 Cal.App.3d 933, 935-936 (1972), reversed on other grounds by *Sullivan* v. *County of Los Angeles*, 12 Cal.3d 710 (1974); by the lack of any duty running to Plaintiffs or their decedent Leroy Stephenson; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the FAC.

**AFFIRMATIVE DEFENSE NO. 18:**

The detention or arrest, if any there was, alleged in the FAC was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

/ / /

/ / /

/ / /

**AFFIRMATIVE DEFENSE NO. 19:**

Only reasonable force and restraint were used in the incident alleged in the FAC. There is no liability pursuant to California Penal Code sections 835 and 835a and California Government Code section 815.2.

**AFFIRMATIVE DEFENSE NO. 20:**

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the FAC, it was privileged and lawful as necessary to effect arrest or detention, to prevent escape, and to overcome resistance.

**AFFIRMATIVE DEFENSE NO. 21:**

Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

**AFFIRMATIVE DEFENSE NO. 22:**

Pursuant to California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

**AFFIRMATIVE DEFENSE NO. 23:**

Plaintiffs are not entitled to any prejudgment interest pursuant to California Civil Code Section 3291, since California Civil Code Section 3291 does not apply to a public entity or to a public employee acting within the scope of employment.

**AFFIRMATIVE DEFENSE NO. 24:**

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. (Cal. Gov. Code, §§ 815.2, 820.2.)

**AFFIRMATIVE DEFENSE NO. 25:**

Should Defendants be found liable to Plaintiffs, which liability is expressly denied, any award for past medical expenses cannot exceed the amount paid by any third party to Plaintiffs and/or Plaintiffs' decedent Leroy Stephenson's medical providers as full payment for the medical services rendered.

**AFFIRMATIVE DEFENSE NO. 26:**

These answering Defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 U.S.C. § 1988 and/or California Code of Civil Procedure section 1038.

**WHEREFORE**, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiffs;
2. Plaintiffs take nothing by the FAC;
3. Defendants be awarded attorneys' fees and costs of suit incurred herein; and
4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 38.1, Defendants hereby make a demand for a jury trial on any issue triable of right by a jury.

Dated: April 6, 2021

Respectfully submitted,

MATTHEW RODRIQUEZ
Acting Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General

*/s/ Douglas E. Baxter*
DOUGLAS E. BAXTER
Deputy Attorney General
*Attorneys for Defendants State of California (by and through the California Highway Patrol), Dane Norem, and Jeffrey McKee*

SD2020700119
82808129.docx

# CERTIFICATE OF SERVICE

Case Name: **Devonte Stephenson, et al. v. State of California, et al.**   No. **5:21-cv-00526-JWH (KKx)**

I hereby certify that on **April 6, 2021**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER BY DEFENDANTS STATE OF CALIFORNIA (BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL), DANE NOREM, AND JEFFREY MCKEE TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **April 6, 2021**, at San Diego, California.

A. J. Lopez
Declarant

Signature

SD2020700119
82808937.docx