1  Eugene P. Ramirez (State Bar No. 134865)
    epr@manningllp.com
2  Tony M. Sain (State Bar No. 251626)
    tms@manningllp.com
3  Garros Chan (State Bar No. 320561)
    gxc@manningllp.com
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
8  Attorneys for Defendants, COUNTY OF
   RIVERSIDE and MATT BORDEN
9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  DEVONTE STEPHENSON,                    Case No. 5:21-CV-00526-JAK (KKx)
    individually and as successor in interest   *[The Hon. John A. Kronstadt,*
14  to Decedent LEROY STEPHENSON;          *Magistrate, Kenly K. Kato]*
    LINDEN STEPHENSON, individually
15  and as successor in interest to Decedent,
    LEROY STEPHENSON; KEANDRE             **[*DEFENDANTS' PROPOSED*]**
16  STEPHENSON, individually and as       **JOINT REPORT OF THE PARTIES**
    successor in interest to Decedent     **PURSUANT TO FEDERAL RULE**
17  LEROY STEPHENSON,,                     **OF CIVIL PROCEDURE 26(F)**

18              Plaintiffs,

19          v.                             Complaint Filed:      02/08/2021
                                           Trial Date:           Not Yet Set
20  STATE OF CALIFORNIA; COUNTY
    OF RIVERSIDE; DANE NOREM;
21  JEFFREY MCKEE; MATT BORDEN;
    and DOES 1 through 100, inclusive,
22
                Defendants.
23

24

25  **TO THE HONORABLE COURT:**

26        By and through their counsel of record in this action, DEVONTE

27  STEPHENSON, Individually and as Successor in Interest for LEROY

28  STEPHENSON, LINDEN STEPHENSON, Individually and as Successor in Interest

1  for LEROY STEPHENSON, KEANDRE STEPHENSON, Individually and as

2  Successor in Interest for LEROY STEPHENSON (hereinafter referred to collectively

3  as "Plaintiffs"),  STATE OF CALIFORNIA (by and through the California Highway

4  Patrol), DANE NOREM, JEFFREY MCKEE (hereinafter referred to as "State

5  Defendants"), COUNTY OF RIVERSIDE ("County") and MATT BORDEN

6  (hereinafter referred to collectively as "County Defendants") met and conferred on

7  May 20, 2021, and thereafter pursuant to Federal Rule of Civil Procedure 26(f),

8  United States District Court, Central District of California Local Rule 26-1, and any

9  applicable Orders of the Court in order to prepare and submit this Joint Report.

10  **A.    STATEMENT OF THE CASE.**

11      **Plaintiffs' Statement of the Case**

12      On January 25, 2019, while walking on the Adams Avenue on-ramp to the

13  91Freeway in Riverside, California, Decedent Leroy Stephenson was stopped by

14  Defendant NOREM. NOREM ordered Leroy Stephenson to go to the shoulder of

15  the off ramp. Leroy Stephenson initially complied and walked towards the shoulder.

16  Leroy Stephenson then began walking down the off-ramp again. Notwithstanding

17  the fact that Decedent Leroy Stephenson was merely walking away, Defendant

18  NOREM deployed his taser at Mr. Stephenson which struck Mr. Stephenson and

19  caused him to fall to the ground.

20      Defendant NOREM then got on top of Mr. Stephenson and tased Mr.

21  Stephenson an additional three times while Mr. Stephenson was on the ground.

22  Defendant BORDEN then apparently drove by and saw NOREM tasering Mr.

23  Stephenson. BORDEN got out of his car and began assisting NOREM. NOREM

24  then placed Mr. Stephenson in handcuffs.

25      While Mr. Stephenson was on his belly with his hands cuffed behind his back,

26  Defendant NOREM continued to press all of his body weight on to Mr.

27  Stephenson's back. While Mr. Stephenson was on his belly with his hands cuffed

28  behind his back, and while Defendant NOREM was pressing all of his weight on to

Mr. Stephenson's back, Defendant BORDEN decided to press Mr. Stephenson's shoulders down on to the ground. Defendants NOREM and BORDEN were compressing Mr. Stephenson onto the ground notwithstanding the fact that Mr. Stephenson was not resisting and was merely laying on his stomach with his hands cuffed behind his back.

Defendant MCKEE then arrived on scene and observed NOREM and BORDEN pressing Mr. Stephenson onto the asphalt. Mr. Stephenson was still merely laying on his belly with his hands cuffed behind his back. Mr. Stephenson was not resisting and was not trying to get up. Defendant MCKEE approached Mr. Stephenson, crossed Mr. Stephenson's legs and pressed them towards Mr. Stephenson's buttocks. Defendants NOREM, BORDEN and MCKEE continued to press Mr. Stephenson on to the ground until Mr. Stephenson stopped breathing and lost his pulse.

Mr. Stephenson ultimately died from the positional asphyxiation that Defendants NOREM, BORDEN, and MCKEE caused. At no point during the incident complained of in this action, did Decedent Leroy Stephenson act violently towards the defendants or anyone else. At no point did Decedent Leroy Stephenson do anything to justify the use of force against him.

**County Defendants' Statement of the Case**

This case arises out of a police use-of-force incident that occurred on Friday, January 25, 2019 on the Adams Avenue on-ramp to the 91 Freeway in Riverside, California involving decedent Leroy Stephenson, two California Highway Patrol ("CHP") officers and Riverside County District Attorney's Office Investigator Matt Borden.

On the afternoon of January 25, 2019, Riverside Police Department received calls from the public regarding a male adult, later identified as Leroy Stephenson, attempting to run onto the 91 Freeway.  At around 12:45 p.m., CHP Officer Norem also received calls about Leroy Stephenson running into lanes of traffic on the 91

1  Freeway, waving his arms and jumping in front of oncoming traffic.

2     Officer Norem, in his patrol vehicle, then observed Stephenson walking on the
3  91 Freeway on-ramp, where pedestrians are prohibited.  For his safety, Officer Norem
4  ordered Stephenson to move to the shoulder of the off-ramp.  Stephenson initially
5  complied and started walking towards the shoulder; however, he then began walking
6  down the off-ramp and away from Officer Norem.

7     Stephenson immediately ran away from Officer Norem and toward the
8  direction of 91 Freeway traffic.  Officer Norem exited his vehicle and chased
9  Stephenson.  Observing that Stephenson would not follow his commands and
10 Stephenson could create a freeway traffic collision, Officer Norem reached for and
11 discharged his TASER in dart mode (discharging one set of darts) at Stephenson's left
12 arm and left thigh.  When Stephenson appeared to not be affected by the TASER darts.
13 Officer Norem discharged his TASER a second time with a different set of darts from
14 the first discharge that was effective.  Subsequently, Officer Norem and Stephenson
15 wrestled on the ground of the 91 Freeway shoulder.  Officer's Norem's primary
16 concern during the struggle was to keep Stephenson and himself from rolling into
17 oncoming traffic.  During the struggle, Officer Norem deployed his TASER in drive
18 stun mode on Stephenson to no effect.  Three civilians, later identified as Dennis Stout
19 Jr., Erick Leighton, and David Popko, driving on the 91 Freeway pulled over, exited
20 their respective vehicles, and attempted to aid Officer Norem in restraining
21 Stephenson in a prone position away from freeway traffic and placing Stephenson's
22 hands behind his back for handcuffing.

23    Riverside County District Attorney Investigator Borden was driving of the 91
24 Freeway, while on duty and in plain clothes, when he observed Officer Norem and
25 civilians struggling with Stephenson.  In order to aid a fellow peace officer, Borden
26 exited his vehicle and moved to aid Officer Norem by trying to gain control of
27 Stephenson's arms and place them behind his back.  Investigator Borden only placed
28 one knee on Stephenson's left shoulder for approximately one minute while Officer

Norem tried to control Stephenson's left arm.  Erick Leighton sat on Stephenson's knees and pushed his feet toward Stephenson's rear for less than one minute. Thereafter, Investigator Borden took out a pocket knife to cut the straps of Stephenson's backpack, which aided and allowed Officer Norem to place handcuffs on Stephenson.  Once the handcuffs were placed, Investigator Borden took his knee off Stephenson's left shoulder and held onto Stephenson's cuffed right arm with no downward pressure.  The total amount of time that Investigator Borden applied any weight on Stephenson, while he was in a prone position, was less than one minute. Throughout the entire incident, Stephenson bucked, rolled, kicked, tried to pull his hands free, grunted, and ignored commands given to him by officers.

Thereafter, CHP Officer McKee arrived on scene and observed Officer Norem and Investigator Borden attempting to restrain Stephenson on the ground.  Once secured, Investigator Borden observed that Stephenson went abruptly limp, and at that point – after continuous breathing he could observe – seemed to no longer be breathing.  Investigator Borden immediately placed Stephenson on his side and began sternum rubs.  Thereafter, CHP officers began CPR until the arrival of paramedics.

Stephenson ultimately died due to methamphetamine intoxication with 1.690 mg/L in his blood.  Plaintiffs assert that Stephenson died due to positional asphyxia.

### State Defendants' Statement of the State Defense Case

On January 24, 2019, the California Highway Patrol received reports of a man (decedent Leroy Stephenson) walking in or near the westbound traffic lanes on the 91 Freeway at Adams Street near Riverside.  CHP Officer Dane Norem arrived to find Mr. Stephenson walking in the lanes of the off-ramp and directed him by loudspeaker to move over to the shoulder of the off-ramp.  Mr. Stephenson instead ran towards the freeway.  Traffic was at full speed, and it readily appeared to Officer Norem that Mr. Stephenson would be hit by a car if he entered lanes.  In an effort to prevent Mr. Stephenson from running into traffic lanes, Officer Norem deployed his Taser (with two full-dart discharges).  It was ineffective in achieving neuromuscular

1  incapacitation, and Officer Norem had to engage in direct physical contact with Mr.
2  Stephenson to prevent him from running back toward the freeway.  This struggle
3  occurred on the shoulder but close to moving traffic.   In close succession, an on-
4  duty Riverside District Attorney Investigator and two civilians arrived to help
5  Officer Norem restrain and try to cuff Mr. Stephenson.  It is believed that the Taser
6  was used again in drive stun mode without significant effect.  Other CHP Officers
7  arrived shortly thereafter. Officer Jeffrey McKee had temporary minor contact with
8  Mr. Stephenson. The other CHP officers who arrived on scene did not have any
9  physical contact with Mr. Stephenson.

10        Mr. Stephenson then appeared to lose consciousness and cease breathing.
11  CPR was performed by CHP officers, a Good Samaritan volunteer medic, and
12  responding paramedics.  However, Mr. Stephenson was later pronounced dead at
13  Parkview Community Hospital in Riverside.  State defendants deny that any of their
14  actions constituted excessive or unreasonable force.  State defendants deny
15  plaintiff's positional/restraint asphyxia claims.  All use of force by the CHP officers,
16  Investigator Borden, and the civilians was reasonable.

17  **B.    <u>SUBJECT MATTER JURISDICTION.</u>**

18        Plaintiffs have filed claims pursuant to 42 U.S.C. § 1983 and related state law
19  claims.  Accordingly, the parties do not dispute that this Court has jurisdiction over
20  this matter pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367
21  (supplemental jurisdiction).  *Cf.* 28 U.S.C. § 1391 (re venue; as all events at issue
22  occurred within the area of the Central District of California, specifically Riverside
23  County, the parties do not dispute that venue is proper here).

24  **C.    <u>LEGAL ISSUES.</u>**

25        The ultimate issues in this case are currently anticipated to be as follows:

26        1.    <u>Reasonableness of Use of Force – All Claims (§ 1983 Excessive Force,</u>
27  <u>, Negligence In Use of Force)</u>.  Whether, under the totality of the circumstances
28  known to such officer(s) at the time of the incident, from the perspective of a

**[DEFENDANTS' PROPOSED] JOINT REPORT OF THE PARTIES PER FED. R. CIV. P. 26(F)**

1  reasonable peace officer confronted with such circumstances, it was objectively
2  reasonable for defendant peace officer(s) to use the force used upon decedent to
3  restrain decedent, arrest/detain decedent, and/or overcome decedent's resistance or
4  flight.

5      2.  <u>Wrongful Death – State Law Claim</u>:  Whether the defendant CHP
6  officers and Investigator Borden used excessive force so as to cause the death of Mr.
7  Stephenson.

8      3.  <u>42 U.S.C. § 1983 (Substantive Due Process – Loss of Parent-Child</u>
9  <u>Relationship)</u>:  Whether the defendant CHP officers and Investigator Borden violated
10  plaintiffs' substantive due process right to a parent-child relationship.  Defendants
11  contend that this claim involves the issues of whether the defendant law enforcement
12  officials acted with the purpose to harm unrelated to legitimate law enforcement
13  objectives.  Depending on the level of opportunity to deliberate, the claim may involve
14  the question of whether the law enforcement defendants acted with deliberate
15  indifference to Mr. Stephenson's and plaintiffs' constitutional rights.

16      4.  <u>42 U.S.C. § 1983  (deprivation of life in violation of due process under</u>
17  <u>the Fourteenth Amendment)</u>:  Whether Mr. Stephenson was deprived of his life in
18  violation of due process.  Defendants contend that this claim is subsumed within the
19  Fourth Amendment excessive force claim.

20      5.  *Monell* Cause of Action.  Whether the County had an unconstitutional
21  policy or practice that resulted in a violation of decedent's rights; whether the County
22  was deliberately indifferent to constitutionally adequate employment, retention,
23  training, supervision, investigation, or discipline; and whether the County's
24  acts/failures to act so closely related to the deprivation of the decedent's rights so as
25  to be the moving force that caused the ultimate injury; and/or whether the County
26  made a deliberate choice to approve the unconstitutional acts/failures to act of
27  defendant deputy.

28      6.  <u>Compensatory Damages</u>.  What, if any, amount of damages plaintiffs

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    may be entitled to receive as compensation for plaintiffs' alleged injuries.

2        7.    <u>Punitive Damages</u>.   Whether, under the totality of the circumstances
3    known to such officer(s) at the time of the incident, defendant police officer(s) acted
4    toward decedent with actual malice, oppression, or reckless/deliberate indifference to
5    the exercise of decedent's rights.

6        8.    <u>Qualified Immunity</u>.  Whether the actions of defendant law enforcement
7    officers were reasonable as a matter of law so as to provide immunity from suit, and/or
8    whether said officer's conduct during the incident violated the clearly established
9    constitutional rights of decedent which a reasonable officer would have known.

10   **D.    <u>PARTIES & NON-PARTY WITNESSES.</u>**

11       The parties to the action (to date) are as follows:

12       1.    Plaintiff DEVONTE STEPHENSON;

13       2.    Plaintiff LINDEN STEPHENSON;

14       3.    Plaintiff KEANDRE STEPHENSON;

15       4.    Defendant STATE OF CALIFORNIA (California Highway Patrol);

16       5.    Defendant COUNTY OF RIVERSIDE;

17       6.    Defendant DANE NOREM;

18       7.    Defendant JEFFREY MCKEE;

19       8.    Defendant MATT BORDEN; and

20       9.    Defendants DOES 1 through 100.

21       The percipient witnesses (to date) are as follows:

22       1.    Witness Dennis Owen Stout, Jr.;

23       2.    Witness Erick Alan Leighton; and

24       3.    Witness David Allison Popko.

25       4.    Allison Hunt, M.D. (Coroner)

26       5.    AMR Paramedic Angel D. Mendoza

27       6.    AMR EMT Chevy Buchanana

28       7.    Riverside Fire Department Engineer James Weber

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

8.    Riverside Fire Department Fire Fighter Bryan Russell

9.    Riverside Fire Department Fire Figher Rodolfo Pinedo

10.    Riverside Fire Department Fire Fighter Matthew Bashaw

11.    CHP Officer William Betancur

12.    CHP Officer Lynn Peters

13.    Riverside Police Department Officer Daniel Cisneros

14.    Dispatcher Lisa Walkingstick

15.    Dipatcher Rebeca Stowell

16.    Dispatcher Susan Sween

17.    Dispatcher Berenie Rodriguez

18.    Dispatcher LaShanda Franklin

19.    Dispatcher Deena Corbett-Wolf

20.    Dispatcher Marianne Tillman

21.    Dispatcher Desiree Sandoval

22.    Dispatcher Anna Mercado

23.    Dispatcher April Sorenson

24.    Dispatcher Steven Tillman

25.    Dispatcher Laura Smart

26.    Dispatcher Jaclyn Mendenhall

27.    Dispatcher Carolina Olazaba

28.    Dispatcher Jacquelyn Feliciano

29.    Dispatcher Ashley Angle

30.    Dispatcher Juan Mandujano

31.    Coroner Investigator Kathleen Cohen

**32.** Parkview Community Hospital E.R. Physician Humberto Silva, M.D.E.

**DAMAGES.**

Plaintiffs allege decedent Leroy Stephenson suffered injuries as a result of being unreasonably TASERed and restrained by California Highway Patrol officers

and a Riverside County District Attorney Investigator which caused his death. Plaintiffs seek both survival and wrongful death damages under this claim, including general damages, special damages, exemplary damages, punitive damages, costs of suit, and attorneys' fees.

State Defendants and County Defendants deny all liability and wrongdoing for any and all of plaintiffs' claims.

**F.    INSURANCE.**

Plaintiffs have no insurance agreement that affects this matter.

The State of California (by and through the California Highway Patrol), as a state agency, is self-insured by the State of California. The individual defendant CHP Officers are beneficiaries of that self-insurance by virtue of indemnity principles.

The County of Riverside is insured as a part of a risk management association and through other means.

**G.    MOTIONS.**

At present, plaintiffs' counsel is confirming whether or not to add decedent's alleged spouse to this action. The parties are unaware of any other natural persons or entities who may need to be added as parties to this action; however, the parties reserve the right to add such parties to the extent permitted under the operative pleading rules.

**H.    MANUAL FOR COMPLEX LITIGATION.**

The parties do not believe that the Manual for Complex Litigation should be utilized in this case.

**I.    STATUS OF DISCOVERY.**

At present, plaintiffs and state defendants exchanged written discovery in state court and prior to the removal of this case to federal court. State defendants produced incident-related records to plaintiffs' counsel via plaintiff's request for production of documents. County defendants did not participate in written discovery at the state court level because county defendants were not joined in the lawsuit at that time.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

When the case was in state court, the state defendants propounded special interrogatories, form interrogatories, and document demands on each of the plaintiffs in April 2020. These discovery demands sought information and documents related primarily to damages and secondarily to plaintiffs' theories of liability specifically against defendant State of California (California Highway Patrol). Plaintiffs responded to the discovery in June and July 2020. Defendant State of California (California Highway Patrol) also obtained medical records from Riverside Fire Department, AMR, and Parkview Community Hospital Medical Center by way of subpoenas.

Plaintiffs propounded a set of interrogatories and document demands to the State (CHP) while the case was in state court. Defendant State (CHP) responded to those requests by August 2020.

After the individual defendants were named and the matter was removed to this Court, defendants Norem and McKee propounded sets of interrogatories and document demands on plaintiff Devonte Stephenson in April 2021. These discovery requests asked for facts, witnesses, and documents supporting plaintiff Devonte Stephenson's theories of liability of Norem and McKee. An extension has been granted, so responses are pending.

## J.    **DISCOVERY PLAN.**

All parties anticipate propounding written discovery concerning the claims at issue – potentially including interrogatories, requests for production, and requests for admission (potentially including requests for authentication or other foundation as to key record/documentary evidence).

The parties anticipate the taking of the **depositions** of plaintiffs, plaintiffs' deposition of defendants and other involved officers, investigators, Rule 30(b)(6) witnesses, and depositions of percipient witnesses. Parties discussed the Rule 30 ten (10) deposition limit. Thereafter, parties stipulated that fifteen (15) depositions of non-expert witnesses for each side would be appropriate in this case.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

On liability issues, state defendants intend to depose the three involved civilians Dennis Owen Stout, Jr., Erick Alan Leighton, and David Allison Popko.  Defendant Matt Borden will also need to be deposed.  These deponents are expected to have information about the surrounding circumstances of the incident, scene layout, the amount of force used, Mr. Stephenson's demeanor and conduct, the duration and location of specific segments of events, statements made and actions taken by participants in the incident, and the medical response and related events.  On cause of death issues, the state defendants also intend to depose Allison Hunt. M.D., who performed the autopsy on Mr. Stephenson.  Likewise, it may be necessary to depose Coroner Investigator Kathleen Cohen with the Riverside Sheriff's Department.  Also, the state defendants anticipate deposing Bryan Chiles of Axon (the manufacturer of the Taser equipment) regarding his evaluation and interpretation of the Taser pulse log graphs.

The state defendants anticipate a need to depose the following medical first responders on cause of death issues: AMR Paramedic Angel D. Mendoza and EMT Chevy Buchanan; Riverside Fire Department personnel James Weber and Matthew Bashaw, and Parkview Community Hospital Emergency Room physician Humberto Silva M.D.

For purposes of damages assessment, the state defendants intend to depose plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson.  The plaintiffs may also have information related to liability issues.  The state defendants also intend to depose Mr. Stephenson's wife, Latanya Stephenson (believed to have been separated from Mr. Stephenson), regarding damages and liability issues, including Mr. Stephenson's drug use and mental health conditions.   The parties stipulated at the request of the noticing party or at the request of the deponent or at the request of the defending party, depositions in this case may be conducted by remote means such as video conference.

Counsel for the parties will meet-and-confer on any discovery issues and any

1  potential Rule 29 stipulations as may be appropriate.

2  The parties also anticipate that each side (set of opposing parties) will designate

3  1-10 **experts** on liability and damages issues, potentially including non-retained

4  experts, and that depositions of such experts will also be taken. However, this estimate

5  is not meant to limit the parties and each party reserves their right to call additional

6  experts as appropriate in light of the circumstances and the nature of the claims and

7  defenses at issue.  The parties share the understanding that expert discovery is outside

8  of the presumptive limit on the number of depositions.

9  The parties anticipate entering into a protective order concerning documents

10  that the parties contend are confidential.

11  **K.     DISCOVERY CUT-OFF.**

12  Please *See* Exhibit A – Schedule of Pretrial and Trial Dates.

13  **L.     EXPERT DISCOVERY.**

14  Please *See* Exhibit A – Schedule of Pretrial and Trial Dates.

15  **M.     DISPOSITIVE MOTIONS**

16  Plaintiffs and defendants anticipate that the parties may file the following

17  motions:

18  Motion for summary judgment and/or adjudication of the issues. Anticipated

19  issues/claims that may be determined by motion for summary judgment include

20  whether the Defendants' use of force was objectively reasonable under the

21  circumstances and whether Defendants are entitled to qualified immunity.

22  Anticipated issues/claims that may be determined by motions in limine are still

23  being determined.

24  **N.     SETTLEMENT.**

25  The parties have conferred on the prospects for settlement of this matter.

26  However, absent initial disclosures and/or preliminary discovery, the parties contend

27  that it is premature for the parties to properly assess the prospects for resolution of

28  this matter by settlement.  The County Defendants and Plaintiffs are requesting

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

settlement/<u>ADR procedure no. 3</u> (**private mediation**).  The state defendants are opposed to private mediation and are requesting ADR procedure no. 2 (panel mediation).

**O.    <u>TRIAL ESTIMATE.</u>**

The parties estimate that trial of this matter should take 8-10 court days without a *Monell* phase; and 10-15 court days if plaintiffs' *Monell*-type claims survive to trial.

**P.    <u>TRIAL COUNSEL.</u>**

The attorneys who anticipate trying this case on behalf of **Plaintiffs** are <u>Steven A. Lerman, Esq. and Nicholas Lerman, Esq. of the law firm of Steven A. Lerman & Associates and Gregory Peacock, Esq. of the law firm of Law Office of Gregory Peacock.</u>

The attorneys who anticipate defending this case at trial on behalf of **State Defendants** are <u>Douglas E. Baxter, Esq. and Tim Vanden Heuvel, Esq. of the California Attorney General's Office.</u>

The attorneys who anticipate defending this case at trial on behalf of **County Defendants** are <u>lead trial counsel Tony M. Sain and associate trial attorney Garros Chan, both of the law firm of Manning & Kass, Ellrod, Ramirez, Trester, LLP.</u>

**Q.    <u>INDEPENDENT EXPERT OF MASTER.</u>**

The parties do not believe this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**R.    <u>TIMETABLE.</u>**

The parties have completed and attached the Schedule of Pretrial and Trial Dates form as Exhibit A to this report.

Additionally, attached as Exhibit B are known or anticipated trial/calendar conflicts for County Defendants' counsel.

**S.    <u>OTHER ISSUES.</u>**

Presently, the parties do not foresee any other significant issues affecting the status or management of the case.

**T.    PATENT CASES.**

Inapplicable as this is not a patent case.

**U.    WHETHER THE PARTIES WISH TO HAVE A MAGISTRATE JUDGE PRESIDE.**

The parties do not consent to the use of a magistrate judge to preside over this action for all purposes.

**V.    REQUEST FOR USE OF ELECTRONICS AT TRIAL.**

Pursuant to United States District Court, Central District of California Local Rule 83-6.1.5, the parties request a Court Order for authorization for use of certain equipment inside the Courtroom during the trial of the instant action, to the extent that such equipment is not already permitted by operation of any standing order, including wireless communication devices such as smartphones, laptops, tablet computers, and associated electronic equipment and/or supporting carts so as to facilitate efficient presentation and conduct of the trial.

///

///

///

///

///

///

///

///

///

///

///

1  DATED:

STEVEN A. LERMAN & ASSOCIATES,
INC/LAW OFFICE OF GREGORY
PEACOCK

By:        /s/ Gregory Peacock
           Steven A. Lerman, Esq.
           Gregory Peacock. Esq.
           Attorneys for Plaintiffs, DEVONTE
           STEPHENSON, LINDEN STEPHENSON,
           and KEANDRE STEPHENSON

9  DATED:  June 4, 2021

MATTHEW RODRIGUEZ, ACTING
ATTORNEY GENERAL OF CALIFORNIA

By:        /s/ Douglas E. Baxter
           Douglas E. Baxter, Esq.
           Tim Vanden Heuvel, Esq.
           Attorney for Defendants STATE OF
           CALIFORNIA, DANE NOREM, and
           JEFFREY MCKEE

17  DATED:  June 4, 2021

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By:        /s/ Garros Chan
           Tony M. Sain, Esq.
           Garros Chan, Esq.
           Attorneys for Defendants, RIVERSIDE
           COUNTY and MATT BORDEN