1  ROB BONTA
   Attorney General of California
2  RHONDA L. MALLORY
   Supervising Deputy Attorney General
3  DOUGLAS E. BAXTER
   Deputy Attorney General
4  State Bar No. 201351
   TIM J. VANDEN HEUVEL
5  Deputy Attorney General
   State Bar No. 140731
6   600 West Broadway, Suite 1800
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone:  (619) 738-9567
    Fax:        (619) 645-2581
9   E-mail:  Douglas.Baxter@doj.ca.gov
   *Attorneys for Defendants State of California*
10 *(by and through the California Highway*
   *Patrol), Dane Norem, and Jeffrey McKee*

11

**IN THE UNITED STATES DISTRICT COURT**

12

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

14

15

| | |
|---|---|
| 16 DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON, | Case No.: 5:21-cv-00526-JAK (KKx) |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY THE OFFICE OF THE ATTORNEY GENERAL OF CALIFORNIA AND ITS DEPUTY ATTORNEYS GENERAL TO WITHDRAW FROM REPRESENTATION OF DEFENDANT JEFFREY MCKEE** |
| Plaintiffs, | |
| v. | Date:       February 13. 2023
Time:       8:30 a.m.
Courtroom:  10B
Judge:      The Honorable John A. Kronstadt |
| STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive, | |
| Defendants. | |

## INTRODUCTION

As a result of a recent determination of the existence of an actual conflict of interest in continuing representation of Defendant Jeffrey McKee in this action, the Office of the California Attorney General and its assigned Deputy Attorneys General Douglas E. Baxter and Tim J. Vanden Heuvel must now seek to withdraw from representing Defendant Jeffrey McKee. Because the allegations against Jeffrey McKee in this case arise out of events occurring in the scope of his performance of duties as an Officer of the California Highway Patrol, he is entitled to representation paid for by the State of California. The California Highway Patrol has been notified of this conflict and is beginning the process of retaining new counsel for Officer McKee. It is anticipated that new counsel will have been retained and ready to substitute in as counsel if this motion to withdraw is granted.

Given the nature of the conflict generally described herein and in the supporting declaration of Douglas E. Baxter,[1] defense counsel does not believe the conflict can be waived.

## STATEMENT OF THE FACTS

**Summary of the Case**

Plaintiffs Devonte Stephenson, Keandre Stephenson, and Linden Stephenson are the surviving sons of Leroy Stephenson, who passed away on January 24, 2019 near State Route 91 in Riverside in the course of a struggle with California Highway Patrol (CHP) Officers. The First Amended Complaint (FAC) [ECF 1, pp. 9-22][2] is the operative pleading in this action. Count one of the FAC is for wrongful death against Defendants Dane Norem and Jeffrey McKee (who are both CHP Officers), with a Government Code section 815.2 vicarious liability claim against the CHP. Count one alleges unjustified/unreasonable use of force leading

---

[1] Should more details of the conflict be needed by the Court, defense counsel is willing to appear *in camera* before the Court to provide such information or to submit a supplemental declaration under seal.
[2] All citations to pages of documents on file with the Court are to the page numbers assigned by the Court's ECF system.

to Leroy Stephenson's death. Count two alleges negligence against Defendants Norem and McKee. The alleged negligence consisted of improper scene assessment, negligent tactics, negligent detention and force, negligent supervision and training, negligent numbers of officers on scene, negligent handling of evidence and witnesses, and negligent communication.

In count three, plaintiffs bring a survivor claim against Defendants Norem, McKee, and Matt Borden[3] under 42 U.S.C. § 1983 for alleged excessive force upon Leroy Stephenson. In count four, plaintiffs bring their own due process claims under 42 U.S.C. § 1983 for alleged loss of their parent-child relationship without due process. Count five appears to be a 42 U.S.C. § 1983 survivor claim for Leroy Stephenson's loss of life without due process of law. In these federal claims, plaintiffs seek compensatory and punitive damages.

The last count of the FAC is a *Monell* claim against Riverside County under 42 U.S.C. § 1983. Plaintiffs allege inadequate training as the basis for their *Monell* claim. However, as noted in footnote 3 below, Riverside County is no longer an active party in this case.

**Facts Relevant to Motion to Withdraw**

California Deputy Attorney General Douglas E. Baxter has been assigned to represent Defendants State of California (by and through the California Highway Patrol), CHP Office Dane Norem, and CHP Office Jeffrey McKee in this action. Mr. Baxter and his associate Deputy Attorney General Tim Vanden Heuvel have been representing each of these defendants since the commencement of their first appearances in this action. Mr. Baxter is familiar with all discovery and proceedings that have occurred in this case. (Declaration of Douglas E. Baxter in Support of Motion by the Office of the Attorney General of California and its

---

[3] Matt Borden is an Investigator with the Riverside County District Attorney's Office. However, both Investigator Borden and Riverside County recently settled with plaintiffs, so they are no longer participating parties in this action.

Deputy Attorneys General to Withdraw from Representation of Defendant Jeffrey McKee [hereafter "Baxter Decl."], ¶¶ 1 & 2.)

Since Defendants Dane Norem and Jeffrey McKee are sued in this action for alleged conduct occurring within the scope of their employment for the CHP, they are entitled to representation by the California Attorney General's Office or by private counsel paid for by the California Highway Patrol. To date, both Officer Norem and McKee have been represented by the California Attorney General's Office. (Baxter Decl., ¶ 2.) However, as of December 8, 2022, defense counsel Baxter was informed that the California Attorney General's Office had made a final determination that there is an actual conflict of interest that requires a motion to withdraw from representation of Officer McKee in this action. The Attorney General's Office has notified the Office of Legal Affairs at the California Highway Patrol of the existence of this conflict and of the requirement that the California Highway Patrol retain independent counsel to represent Officer McKee. The present plan is for the California Highway Patrol to seek out and retain independent representation for Officer McKee to take over his defense in this action. The goal is to have said counsel ready to appear on behalf of Officer McKee in this action if the Court grants this motion to withdraw. (Baxter Decl., ¶ 3.)

On December 8, 2022, Mr. Baxter began the process of meeting-and-conferring with attorney Gregory Peacock, counsel for plaintiffs, on the issue of the need for the Attorney General's Office to bring a motion to withdraw from representation of Officer McKee. The seven-day meet-and-confer period required under Central District Civil Local Rule 7-3 before filing a non-discovery motion therefore expires on December 15, 2022. (Baxter Decl., ¶ 4.)

In Mr. Baxter's professional opinion based on personal knowledge of all the underlying facts, there is a conflict of interest and this conflict should not be considered waivable. Mr. Baxter believes that Rule 1.7(d) of the California Rules

of Professional Conduct cannot be met so as to allow waiver of the conflict. (Baxter Decl., ¶ 5.)

Further information cannot be publicly disclosed without violating Mr. Baxter's duties to protect attorney/client communications and confidences. If the Court requires additional information to evaluate the conflict, Mr. Baxter is willing to provide further detail *in camera* in the Court's Chambers or through a supplemental declaration under seal if requested by the Court. (Baxter Decl., ¶ 6.)

**Service of the Motion to Withdraw on Officer McKee**

Mr. Baxter is personally serving all papers in support of this motion to withdraw on Jeffrey McKee at his home address on the day of filing, December 15, 2022. To protect Officer McKee's safety, Mr. Baxter cannot reveal that home address in public documents. Mr. Baxter does attest that he is personally driving the documents to Officer McKee's residence and will be handing them to him personally. If necessary, Mr. Baxter is willing to disclose where he is serving Officer McKee *in camera* to the Court in the Court's Chambers or in a subsequent sealed declaration if the Court so requests. (Baxter Decl., ¶ 6.)

## ARGUMENT

### I. STANDARD FOR CONSIDERATION OF MOTION TO WITHDRAW

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Tan v. Quick Box, LLC.,* 20-cv-1082-LL-DEB, 2022 WL 1085602, at *1 (S.D. Cal. Apr. 11, 2022) (quoting *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-cv-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

### II. THERE IS GOOD CAUSE FOR WITHDRAWAL

> The California Rules of Professional Conduct provide that conflicts of interest that arise during representation require informed written consents, and "[i]n the absence of such consents, depending on the

circumstances, the lawyer may have the option [under Rule 1.16] to withdraw from one or more of the representations in order to avoid the conflict." Cal. R. Prof. Conduct 1.7, Comment 10.  Additionally, a lawyer "shall withdraw from the representation of a client if ... the lawyer knows or reasonably should know that the representation will result in violation of these rules or the State Bar Act." Cal. R. Prof. Conduct 1.16(a)(2).

*Tan v. Quick Box, LLC.,* 20-cv-1082-LL-DEB, 2022 WL 1085602, at *2 (S.D. Cal. Apr. 11, 2022)

Also, California Rules of Professional Conduct 1.7(b) provides that "[a] lawyer shall not, without informed written consent from each affected client ... represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client...."  Even with informed written consent, a lawyer shall not represent a client if the lawyer does not reasonably believe that he will be able to provide competent and diligent representation to each affected client.  *See* Cal. R. Prof. Conduct 1.7(d).

Such is the situation here.  In Mr. Baxter's professional opinion based on personal knowledge of all the underlying facts, there is a conflict of interest and this conflict should not be considered waivable.  Mr. Baxter believes that Rule 1.7(d) of the California Rules of Professional Conduct cannot be met so as to allow waiver of the conflict.  (Baxter Decl., ¶ 5.)

Based on these rules, "[t]he existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel." *Page v. Stanley*, 2:11-cv-02255-CAS (SSx), 2014 WL 2472248, at *2 (C.D. Cal. June 2, 2014) (citing *Moore v. United States*, CIV S-04-423 FCD JFM, 2008 WL 1901322, at *2 (E.D. Cal. Apr. 28, 2008); *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592 (1996).  Because a detailed disclosure of an actual conflict will often reveal highly relevant privileged information, a generalized disclosure of the conflict does not prevent a court from finding good cause for withdrawal.  *See Rearden LLC v. Crystal Dynamics, Inc.*, No. 17-cv- 04187-JST (RMI), 2020 WL 954846, at *3 (N.D. Cal. Feb. 27, 2020);

*Page v. Stanley*, 2014 WL 2472248, at *2, n.3 (C.D. Cal. June 2, 2014) ("While plaintiff's counsel do not provide significant detail regarding the factual basis for this conflict and breakdown, the Court recognizes that plaintiff's counsel is obligated to 'not reveal [their client's] confidences.'").  However, if a court needs additional information to assess a conflict, the court can allow a motion to withdraw as counsel to be filed and/or heard on an ex parte basis to preserve client confidentiality.  *See Williams v. Cty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).  Here, further information than has been identified above about the nature and scope of the conflict cannot be publicly disclosed without violating Mr. Baxter's duties to protect attorney/client communications and confidences.  If the Court requires additional information to evaluate the conflict, Mr. Baxter is willing to provide further detail *in camera* in the Court's Chambers or through a supplemental declaration under seal if requested by the Court.  (Baxter Decl., ¶ 6.)

Given the absolute conflict, there is good cause to grant this motion to withdraw.

### III. THE REMAINING FACTORS OF A MOTION TO WITHDRAW DO NOT WEIGH AGAINST GRANTING THE MOTION

The remaining factors to be balanced into the equation for evaluating a motion to withdraw are the possible prejudice to other litigants, the harm withdrawal might cause to the administration of justice, and the extent to which withdrawal will delay the resolution of the case." *Tan v. Quick Box, LLC.,* 20-cv-1082-LL-DEB, 2022 WL 1085602, at *1 (S.D. Cal. Apr. 11, 2022).

Here, the remaining parties in this action are unlikely to suffer any prejudice from granting this motion to withdraw, nor will the administration of justice be harmed.  There will not be a substantial delay in the resolution of the case.

First, the County of Riverside and Investigator Borden have settled the case with plaintiffs and are no longer active participants.  For plaintiffs, resolution of the case will not be significantly delayed by the withdrawal of the Attorney General's

Office and the certain quick replacement of counsel for Officer McKee. There is no trial set. The remaining fact discovery consists of the plaintiffs' depositions and the depositions of Officers Norem and McKee[4]. Defendants filed an ex parte application this week (ECF No. 34) asking to temporarily vacate the remaining fact discovery and expert witness reports discovery pending resolution of this motion. This ex parte application was uncontested, demonstrating the lack of perceived prejudice by the proposed withdrawal and replacement of counsel for Officer McKee.

    The parties can quickly resume the remaining fact discovery tasks once the motion is granted, as the CHP is already in the process of seeking new counsel to substitute in for representation of Officer McKee. The Office of the Attorney General, through Mr. Vanden Heuvel and MR. Baxter, will remain as counsel of record for the California Highway Patrol and Officer Dane Norem. (Baxter Decl., ¶ 8.) Expert reports and depositions will only be delayed a few months, but this does not outbalance the significance of the reason for withdrawal of counsel – an actual conflict of interest with further representation of Officer McKee.

    The administration of justice is not harmed by withdrawal of counsel where the parties can still to prosecute the action to completion. *See Holyfield v. Laborers Int'l Union of N. Am., Loc.* 783, No. EDCV 19-425-MWF (KKX), 2019 WL 6332235, at *1 (C.D. Cal. June 3, 2019). That is the case here. New counsel will be retained for Officer McKee forthwith. Plaintiffs will be able to litigate their claims to completion with minimal interruption.

/ / /

/ / /

/ / /

/ / /

---

[4] Plaintiffs may seek to propound some additional written discovery regarding Officer McKee.

## CONCLUSION

Based on the foregoing, the Office of the Attorney General of California and Deputy Attorneys General Douglas E. Baxter and Tim Vanden Heuvel respectfully ask this Court to grant this motion to withdraw.

Dated: December 15, 2022                    Respectfully submitted,

                                                            ROB BONTA
Attorney General of California
RHONDA L. MALLORY
Supervising Deputy Attorney General


/s/ Douglas E. Baxter
DOUGLAS E. BAXTER
Deputy Attorney General
*Attorneys for Defendants State of California (by and through the California Highway Patrol), Dane Norem, and Jeffrey McKee*

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendants State of California (by and through the California Highway Patrol, Dane Norem, and Jeffrey McKee, certifies that this brief contains <u>2549</u> words, which:

<u>X</u> complies with the word limit of L.R. 11-6.1.

Dated: December 15, 2022                    Respectfully submitted,

ROB BONTA
Attorney General of California
RHONDA L. MALLORY
Supervising Deputy Attorney General


/s/ Douglas E. Baxter
DOUGLAS E. BAXTER
Deputy Attorney General
*Attorneys for Defendants State of California (by and through the California Highway Patrol), Dane Norem, and Jeffrey McKee*