Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: lroistacher@deangazzo.com
ksullivan@deangazzo.com

Attorneys for Defendant
Jeffrey McKee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-00526-JAK-KK<br><br>**REPLY BY DEFENDANT JEFFREY MCKEE TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LEE H. ROISTACHER; DECLARATION OF KIMBERLY SULLIVAN**<br><br>Date: November 6, 2023<br>Time: 8:30 a.m.<br>Courtroom: 10B<br>Judge: John A. Kronstadt<br>Mag. Judge: Kenly Kiya Kato<br><br>Complaint Filed: March 24, 2021<br>Trial Date: None set |

///
///
///
///
///
///

1

Case No.: 5:21-cv-00526-JAK-KK

**TABLE OF CONTENTS**

REQUEST FOR ADMISSIONS…………………………………………………5

ABSENCE OF DISPUTED MATERIAL FACTS………………………….7

QUALIFIED IMMUNITY ON 42 U.S.C. SECTION 1983 CLAIMS…………..8

    A.   Fourth Amendment……………………………………………………9

        1.   No violation…………………………………………………...10

        2.   Absence of clearly established law…………………………10

    B.   Fourteenth Amendment……………………………………………...11

        1.   No violation…………………………………………………...11

        2.   Plaintiffs cite no clearly established law…………………...12

SUMMARY JUDGMENT ON STATE LAW CLAIMS………………………13

    A.   Negligent Use Of Force……………………………………………...13

    B.   Plaintiffs Cannot Pursue Alternative Theories Of Negligence……13


# TABLE OF AUTHORITIES

**Cases**

*A. D. v. Cal. Highway Patrol*
 712 F.3d 446 (9th Cir. 2013)…………………………………………..…11

*Albertson v. Winner Auto.*
 2004 U.S. Dist. LEXIS 21859
 (D. Del. Oct. 27, 2004)……………………………………………….….6

*Alcocer v. Mills*
 906 F.3d 944 (11th Cir. 2018)……………………………………...…9

*Arroyo Escondido, LLC v. Balmoral Farm, Inc.,*
 2021 U.S. Dist. LEXIS 157111 (C.D. Cal. Aug. 19, 2021)……………….7

*Barrera v. City of Woodland*
 2023 U.S. Dist. LEXIS 102612 (E.D. Cal. June 12, 2023)………………12

*Celotex Corp. v. Catrett*
 477 U.S. 317 (1986)……………………………………………………7

*Cunningham v. Gates,*
 229 F.3d 1271 (9th Cir. 2000)…………………………………….9, 10, 11

*Day & Zimmerman, Inc. v. Sec. Operations Consulting-Sec. Mgmt. Grp.*
 2012 U.S. Dist. LEXIS 151222 (E.D. Pa. Oct. 22, 2012)…………………6

*Donaldson v. Normand,*
 2023 U.S. Dist. LEXIS 39088 (S.D. Ga. Feb. 8, 2023)…………………...6

*Drummond v. City of Anaheim*
 343 F.3d 1052 (9th Cir. 2003)……………………………………………10

*Fairbank v. Wunderman Cato Johnson*
 212 F.3d 528 (9th Cir. 2000)…………………………………………….9

*Felarca v. Birgeneau*
 891 F.3d 809 (9th Cir. 2018)……………………………………………9

*Garcia v. Yuba Cty. Sheriff's Dep't,*
 2023 U.S. Dist. LEXIS 73943 (E.D. Cal. Apr. 26, 2023)……………..…11

*Garlick v. Cty. of Kern*
 167 F. Supp. 3d 1117 (E.D. Cal. 2016)………………………………..10

*Gonzalez v. City of Alameda*
 2023 U.S. Dist. LEXIS 169602 (N.D. Cal. Sep. 22, 2023)………………12

*Greer v. City of Hayward*
 229 F. Supp. 3d 1091 (N.D. Cal. 2017)………………………………10

*Hayes v. Cnty. of San Diego*
    736 F.3d 1223 (9th Cir. 2013)……………………………………..……11, 12

*In re Hoopai*
    581 F.3d 1090 (9th Cir. 2009)……………………………………………..6

*K.J.P. v. City of Santee*
    748 F. App'x 133 (9th Cir. 2019)………………………….…..…9, 10, 11

*Lombana v. Green Tree Servicing, LLC*
    2015 U.S. Dist. LEXIS 87434 (C.D. Cal. June 29, 2015)……………..13

*McKee West v. City of Caldwell*
    931 F.3d 978 (9th Cir. 2019)……………………………………….....9

*Nicholson v. City of Los Angeles*
    935 F.3d 685 (9th Cir. 2019)……………………………………….12

*Ochoa v. City of Mesa*
    26 F.4th 1050 (9th Cir. 2022)………………………………..…11, 12

*Perkins v. Edgar*
    2022 U.S. App. LEXIS 29926 (9th Cir. Oct. 25, 2022)………………….12

*Salley v. Bd. of Governors, Univ. of N.C.*
    136 F.R.D. 417 (M.D.N.C. 1991)……………………………………….6

*Shakur v. Schriro,*
    514 F.3d 878 (9th Cir. 2008)……………………………………..13

*Smith v. City of Hemet*
    394 F.3d 689 (9th Cir. 2005)……………………………………..10

*Tozzi v. Lincoln Nat. Life Ins. Co.*
    103 F.2d 46 (9th Cir. 1939)……………………………………..…6

*Tucker v. Las Vegas Metro. Police Dep't,*
    470 F. App'x 627 (9th Cir. 2012)……………………………………..12

*Wong v. Flynn-Kerper*
    999 F.3d 1205 (9th Cir. 2021)……………………………………….6

**Statutes**

California Health & Safety Code § 1799.106……………………………..…13

Fed. R. Civ. P. 5……………………………………………………………….6

Fed. R. Civ. P. 56……………………………………………………………...7

**Other**

Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1141 (4th ed.)……………….6

**REQUEST FOR ADMISSIONS**

This Court should grant Officer McKee's motion even if the Court does not deem his Requests for Admissions (RFAs) admitted. But McKee explains why this Court should not reward plaintiffs' shenanigans and deem the matters admitted.

McKee's current counsel was told by McKee's former counsel that an e-service agreement existed. Roistacher Decl., ¶ 3. Throughout current counsel's involvement since February 2023, Doc. 47, no reason existed to believe an e-service agreement didn't exist because all parties e-served all discovery. *Id.*

Indeed, plaintiffs e-served deposition notices for defendants, including the deposition notice for McKee that was e-served on May 26, 2023 - *five days before e-service of RFAs*. Sullivan Decl., ¶ 5. And plaintiffs e-served responses to e-served discovery before the RFAs were e-served on May 31, 2023. *Id.*; Sullivan Decl., ¶¶ 4-5.

Moreover, McKee's counsel met and conferred when plaintiffs failed to timely respond to the RFAs. Sullivan Decl., ¶¶ 7-8. Plaintiffs' counsel *confirmed receipt of the RFAs* and said responses would be provided in the next few weeks (though they never were). *Id.* Counsel neither questioned nor objected to e-service nor did he disclose not seeing the email serving the RFAs until after the time to respond passed. *Id.* Had he done the former, McKee would have reserved the RFAs. *Id.* And the latter is difficult to believe. The more reasonable explanation is that he saw them but forgot about them.

After new counsel for plaintiffs appeared in early August 2023, Doc. 55, McKee's counsel met and conferred with him by phone on August 17, 2023 about this motion and advised him of the unanswered RFAs. Roistacher Decl., ¶ 4. He was surprised and said he would investigate the matter. *Id.* The issue of e-service was not raised by plaintiffs' counsel until September 27, 2023. *Id.*

///

All of this distinguishes the situation here from those in the cases plaintiffs cite. Indeed, plaintiffs' conduct equitably estops them from contesting the e-service of the RFAs. *Wong v. Flynn-Kerper*, 999 F.3d 1205, 1211 (9th Cir. 2021) (defining equitable estoppel); *In re Hoopai*, 581 F.3d 1090, 1097 (9th Cir. 2009) (defining judicial estoppel); *Tozzi v. Lincoln Nat. Life Ins. Co.*, 103 F.2d 46, 52 (9th Cir. 1939) (defining quasi-estoppel); see *Albertson v. Winner Auto.*, 2004 U.S. Dist. LEXIS 21859, at *13 (D. Del. Oct. 27, 2004) (parties conduct in litigation regarding e-service estopped party from arguing no written agreement to e-service); *Day & Zimmerman, Inc. v. Sec. Operations Consulting-Sec. Mgmt. Grp.*, 2012 U.S. Dist. LEXIS 151222, at *16 (E.D. Pa. Oct. 22, 2012) (finding electronic service effective in absence of written agreement based on party conduct); *Salley v. Bd. of Governors, Univ. of N.C.*, 136 F.R.D. 417, 420-21 (M.D.N.C. 1991) (applying estopped to fax service); *Donaldson v. Normand*, 2023 U.S. Dist. LEXIS 39088, at *41 (S.D. Ga. Feb. 8, 2023) ("Courts typically do not entertain 'frivolous or technical objections based on a litigant's noncompliance' with Rule 5.") (quoting Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1141 (4th ed.)).

Moreover, written "[c]onsent is required" for e-service because in 2001 "it [was] not yet possible to assume universal entry into the world of electronic communication." Fed. R. Civ. P. 5, Advisory Committee Notes to 2001 Amendments. That concern does not remotely exist today.

Regardless, the rule requiring a *written agreement* for e-service doesn't exist to allow plaintiffs to take advantage of e-service when it suits them and then use the absence of a written agreement when it suits them after confirming receipt and confirming responses would be provided. Nor does it exist to allow plaintiffs to lie in wait to raise a never-raised objection to e-service when it benefits them. It is obvious the absence of a written agreement for e-service is not the reason responses were never provided.

# ABSENCE OF DISPUTED MATERIAL FACTS

Only *genuine disputes* over material facts preclude summary judgment. Fed. R. Civ. P. 56(a). "[A]ny disagreement or 'metaphysical doubt' about a material issue of fact does not." *Arroyo Escondido, LLC v. Balmoral Farm, Inc.*, 2021 U.S. Dist. LEXIS 157111, at *4 (C.D. Cal. Aug. 19, 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). "Nor will uncorroborated allegations and 'self-serving testimony' create a genuine issue of material fact." *Id.* "A disputed fact is material where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at * 1.

Plaintiffs' additional Fact 30, which they apparently believe is vital to their liability theory, intentionally misrepresents McKee's testimony stating: "After getting out of his vehicle, McKee immediately took control of Stephenson's legs; they were in scissor formation, he moved them into a figure four and *pressed them into Stephenson's backside*." Doc. 66, pp. 6-7 (citing Exh G, McKee Depo., p. 24:1-8) (emphasis added)).

That badly misstates McKee's testimony: "I believe I took control of Mr. Stephenson's legs. They were initially in, I believe, like a scissor like a scissor formation *on the ground, and I placed them into a figure four*." Exh G, McKee Depo., p. 24:1-8) (emphasis added). McKee categorically did not say he pressed Leroy's legs into his backside.

McKee's testimony is confirmed by the MVARS showing McKee grabbing Leroy's legs and pushing them outward and down to the ground at 45-degree angles, and then placing his knees on the legs that were on the ground. Exh. C, 11:42-11:47. This renders plaintiffs' Fact 31 misleading as well.

McKee's MVARS shows what it shows. To the extent the parties have different interpretations of what it shows, this Court can certainly decide on its

7

1  own.  Any purported dispute of fact regarding Officer Norem's interaction with
2  Leroy are immaterial to McKee's summary judgment motion.  Any attempt to
3  dispute what McKee believed or perceived with evidence other than McKee's
4  testimony does not create a dispute. "Disputes" over language used in describing
5  a fact is not a dispute but simply plaintiffs' characterization of the evidence; the
6  evidence remains the evidence.  And disputes do not exist without admissible
7  evidence; arguments cannot create disputes of fact.  Thus, there is no genuine
8  issue of material fact.

**QUALIFIED IMMUNITY ON 42 U.S.C. SECTION 1983 CLAIMS**

McKee addresses two preliminary issues.

First, seriously flawed is plaintiffs' argument on "failure to intervene" or "integral participant" theories of liability.  Conceding neither appear in the complaint, plaintiffs argue "the law does not require the use of the exact words 'integral participant' or 'failure to intervene,' rather, courts look to the underlying factual allegations in the complaint and whether they meet the elements of the claim."  Doc. 65, p. 14.

Plaintiffs cite no authority for their asserted legal proposition or identify any factual allegations in the complaint that "meet the elements of the claim."

The truth is the complaints' allegations regarding McKee are extremely limited and specific.  Doc. 1, p. 14 ¶ 27.  Nothing in the complaint (or any discovery response) puts McKee on notice of a Fourth Amendment claim for anything other than excessive force.  *Id.*, pp. 9-21.  Allowing plaintiffs to do so now is fundamentally unfair to McKee given he did not brief these theories in his motion.

Second, plaintiffs' assertion that McKee did not raise qualified immunity's "clearly established" second prong, Doc. 65, pp. 20, 25, is patently wrong.  Doc. 64-1, pp. 17, 21.  If plaintiffs argue McKee had to cite authority showing the law was not clearly established, that is also wrong and gets the burden backwards.

8

1  McKee need only point out the absence of case law, which he did because
2  "[p]olice officers *have qualified immunity* for their official conduct *unless*" a
3  plaintiff meets his burden of establishing, in addition to the constitutional
4  violation, clearly established law. *McKee West v. City of Caldwell*, 931 F.3d
5  978, 982-83 (9th Cir. 2019) (emphasis added); *Felarca v. Birgeneau*, 891 F.3d
6  809, 815 (9th Cir. 2018) (plaintiff has burden on both elements of qualified
7  immunity); *see Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th
8  Cir. 2000) (a defendant can satisfy its summary judgment burden through
9  argument).

10 **A.    Fourth Amendment**

11 Because the incident involving Leroy involved multiple people, it is
12 critical to segregate McKee's conduct because a proper qualified immunity
13 analysis is "individualized" requiring "a court [to] carefully examine the specific
14 factual allegations against each individual defendant." *Cunningham v. Gates*,
15 229 F.3d 1271, 1287 (9th Cir. 2000); *K.J.P. v. City of Santee*, 748 F. App'x 133,
16 134 (9th Cir. 2019) (remanding denial of qualified immunity because "the
17 district court did not conduct an individualized assessment of the conduct of each
18 of the various defendants in their myriad roles. Rather than 'examine the specific
19 factual allegations against each individual defendant,' [citation], the district court
20 concluded that the plaintiffs had raised triable issues of fact regarding whether
21 the aggregate conduct of the twelve deputies constituted excessive force ....");
22 *see also Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018) ("[E]ach defendant
23 is entitled to an independent qualified-immunity analysis as it relates to his or her
24 actions and omissions.").

25 Thus, this Court must focus specifically on what McKee's conduct to
26 determine whether it violated the Fourth Amendment and not the collective
27 actions of all those involved in the interaction with Leroy.
28 ///

9

### 1. No violation

Relying on *Smith v. City of Hemet*, 394 F.3d 689, 705-07 (9th Cir. 2005), plaintiffs argue deadly force is any force creating a substantial risk of death or serious bodily injury. Plaintiffs then rely on *Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003), *Greer v. City of Hayward*, 229 F. Supp. 3d 1091 (N.D. Cal. 2017) and *Garlick v. Cty. of Kern*, 167 F. Supp. 3d 1117 (E.D. Cal. 2016) for the proposition that prolonged body weight to the back of a prone and agitated handcuffed suspect constitutes deadly force due to the risk of positional asphyxiation.

Though these cases are supportive of plaintiffs' proposition, they are inapposite. None hold prolonged body weight to the back of a prone and agitated handcuffed suspect *always* constitutes deadly force.

And, critically, none involved an officer, like McKee, using a control hold on a suspect's legs for 18 seconds at the very end of an incident. *See Cunningham*, 229 F.3d at 1287; *K.J.P.*, 748 F. App'x at 134. It is undisputed that McKee never put any weight on Leroy's back. And as explained before, McKee did not push Leroy's legs into his backside. McKee did not use deadly force.

Also, unlike here, in *Drummond*, 343 F.3d at 1055, *Greer*, 229 F. Supp. 3d at 1099 and *Garlick*, 167 F. Supp. 3d at 1139 there was evidence of death caused by positional asphyxiation. Here, plaintiffs present no evidence that Leroy died from positional affixation resulting from any officers' conduct, much less McKee's 18 second control hold on Leroy's legs. Indeed, it is undisputed that Leroy died from methamphetamine intoxication.

### 2. Absence of clearly established law

McKee recognizes plaintiffs' cases stand for the proposition that "[t]he [Ninth] Circuit repeatedly has held, and district courts repeatedly have found, the law is clearly established 'that multiple officers' alleged use of prolonged body-weight pressure to a suspect's back was known to be capable of causing serious

injury or death.'" *Garcia v. Yuba Cty. Sheriff's Dep't*, 2023 U.S. Dist. LEXIS 73943, at *38 (E.D. Cal. Apr. 26, 2023) (citing cases).

But, critically, in all the cases plaintiffs cite the officers denied qualified immunity used prolonged body weight pressure on the suspect's back. McKee did not. *See Cunningham*, 229 F.3d at 1287; *K.J.P.*, 748 F. App'x at 134.

**B.     Fourteenth Amendment**

**1.     No violation**

Plaintiffs argue "Officer McKee is not entitled to qualified immunity for his use of *excessive force* in violation of the Fourteenth Amendment." Doc. 65, p.22:8-9 (emphasis added). Excessive force in violation of the Fourteenth Amendment was the fifth claim for relief that plaintiffs dismissed. *See* Doc. 1, p. 19 (complaint); Doc. 62 (order).

Regardless, "the deliberate-indifference test applies if the situation at issue 'evolve[d] in a time frame that permits the officer to deliberate before acting'" and "[d]eliberation in this context 'should not be interpreted in the narrow, technical sense.'" *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022). "Deliberation is not possible if the officers 'encounter[ed] fast paced circumstances presenting competing public safety obligations.'" *Id.* That clearly existed here and plaintiffs do not dispute the absence of conduct by McKee intending to harm Leroy unrelated to a legitimate law enforcement objective. *See A. D. v. Cal. Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013).

Recognizing McKee cannot be liable under the "purpose to harm" standard, plaintiffs argue the "deliberate indifference" standard applies because there was no "'snap judgment'" to "use deadly force" in "reaction to an unforeseen escalation by the subject." Doc. 22, p. 22:22-24 (citing *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013)).

As already explained, McKee did not use deadly force. And *Hayes* did not hold "snap judgments" warranting the purpose to harm test exist only when

11

1  reacting to an escalation by a subject. *Hayes*, 736 F.3d at 1230. *Hayes* simply
2  accepted the officers' decision to use deadly force was a "snap judgment"
3  prompted by the suspect grabbing a knife. *Id.*
4        No case has ever held that a "snap judgment" is literally a "snap
5  judgment." *See Ochoa, 2*6 F.4th at 1056. Indeed, McKee cited several cases in
6  his moving papers where courts concluded deliberation was not practical despite
7  events lasting 5 and 6 minutes. McKee's involvement lasted 18 seconds.

8  **2.    Plaintiffs cite no clearly established law**

9        Plaintiffs cite a single unpublished decision dealing with excessive force
10 under the Fourth Amendment, *Tucker v. Las Vegas Metro. Police Dep't*, 470 F.
11 App'x 627 (9th Cir. 2012). Assuming a single unpublished case constitutes
12 clearly established law, Fourth Amendment cases do not satisfy the "clearly
13 established" component of qualified immunity for a Fourteenth Amendment
14 claim. *Nicholson v. City of Los Angeles,* 935 F.3d 685, 696 (9th Cir. 2019);
15 *Perkins v. Edgar*, 2022 U.S. App. LEXIS 29926, at *5-6 (9th Cir. Oct. 25, 2022)
16 (unpub.); *see also Barrera v. City of Woodland*, 2023 U.S. Dist. LEXIS 102612,
17 at *10-11 (E.D. Cal. June 12, 2023) ("Because the standards are different and
18 because a familial association claim requires a further subjective inquiry, the
19 Court holds that an excessive force case under the Fourth Amendment does not
20 put an officer on notice that his conduct may violate a plaintiff's right to familial
21 association under the Fourteenth Amendment."); *Gonzalez v. City of Alameda*,
22 2023 U.S. Dist. LEXIS 169602, at *82 (N.D. Cal. Sep. 22, 2023) (Fourth
23 Amendment excessive force cases cannot constitute clearly established law for
24 Fourteenth Amendment claims).
25 ///
26 ///
27 ///
28 ///

# SUMMARY JUDGMENT ON STATE LAW CLAIMS

## A. Negligent Use Of Force

Plaintiffs agree their negligence claim is the same as the Fourth Amendment claim. Doc. 65, p. 23:20-22. Because there is no Fourth Amendment violation, there is no negligence liability for McKee's use of force.

## B. Plaintiffs Cannot Pursue Alternative Theories Of Negligence

Plaintiffs want to pursue negligence claims based on: (1) failing to intervene; (2) having a citizen sit on Leroy's legs; (3) delay in providing medical assistance; and (4) failing to identify and question a witness. Plaintiffs abandon the last one, but wrongly maintain they can pursue the others. Doc. 65, p. 25:7-8.

Preliminarily, plaintiffs cite no California authority recognizing the negligence liability theories despite McKee raising the issue. This Court can treat this failure as plaintiffs conceding they do not exist. *See Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (litigants waive arguments by failing to raise them in opposition to motion); *Lombana v. Green Tree Servicing, LLC*, 2015 U.S. Dist. LEXIS 87434, at *11 (C.D. Cal. June 29, 2015) ("'As a rule, a plaintiff's failure to address a defendant's arguments for dismissal 'constitutes abandonment of [those] claim[s].'"). Nor do plaintiffs address McKee's argument that his conduct was not grossly negligent and thus is immune for any delay in providing medical care under California Health & Safety Code § 1799.106.

Assuming these claims are legally viable under California negligence law, plaintiffs cannot maintain them for two reasons. First, plaintiffs do not allege them in the complaint. Again, plaintiffs point to no allegations in their complaint supporting these claims. Second, as thoroughly briefed in the moving papers, plaintiffs failed to include the factual basis for these claims in their California Government Code claim. Plaintiffs don't even try to argue otherwise. *See* Doc. 65, p. 19:27-28 ("The claim and complaint both put the State on notice that both

Officer McKee and Officer Norem used excessive force against Stephenson ....") (emphasis added).

Dated: October 16, 2023            Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*
Lee H. Roistacher
Kimberly A. Sullivan
Attorneys for Defendant
Jeffrey McKee
Email: lroistacher@deangazzo.com
ksullivan@deangazzo.com