1 | Dean Gazzo Roistacher LLP
2 | Lee H. Roistacher, Esq. (SBN 179619)
2 | Kimberly A. Sullivan, Esq. (317857)
3 | 440 Stevens Avenue, Suite 100
3 | Solana Beach, CA  92075
4 | Telephone:  (858) 380-4683
4 | Facsimile:  (858) 492-0486
5 | E-mail: lroistacher@deangazzo.com
5 | ksullivan@deangazzo.com

6 | Attorneys for Defendant
7 | Jeffrey McKee

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.:  5:21-cv-00526-JAK-KK<br><br>**DEFENDANT JEFFREY MCKEE RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        December 18, 2023<br>Time:        8:30 a.m.<br>Courtroom:  10B<br>Judge:       John A. Kronstadt<br>Mag. Judge: Kenly Kiya Kato<br><br>Complaint Filed:  March 24, 2021<br>Trial Date: None set |

///
///
///
///
///
///

1

Case No.:  5:21-cv-00526-JAK-KK

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| **Before McKee Arrives** ||
| 1. Officer Norem arrived at the scene at approximately 12:52 p.m. on January 24, 2021.<br><br>*Evidence:* Mayne Declaration, ¶ 9 and Exh. H at Row 81 [Dispatch Log]; Mayne Declaration, ¶ 5 and Exh. D at 53:16-20 [Norem Deposition]. | 1. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido, LLC v. Balmoral Farm, Inc.*, 2021 U.S. Dist. LEXIS 157111, at *1 (C.D. Cal. Aug. 19, 2021) ("A …fact is material where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). |
| 2. Seconds later he deployed his TASER on Stephenson multiple times.<br><br>*Evidence:* Mayne Declaration, ¶ 5 and Exh. D at 20:21-23 [Norem Deposition]. | 2. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 3. At least one of the times, the TASER was effective in causing "lock up", a phenomenon where a person's muscles contract and they lose voluntary control of their body due to the electrical current from a Taser device. The electrical pulses interfere with the nervous system's ability to control muscles, leading to temporary incapacitation.<br><br>*Evidence:* Mayne Declaration, ¶ 2 and Exh. A at 8:14-24 [Stout Interview]. | 3. Undisputed regarding "lock up" but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. The remainder of the "fact" is expert opinion unsupported by the evidence cited. |
| 4. After Stephenson "locked up", Officer Norem grabbed him by the arm, spun him around towards the gore | 4. The Stout statement is an unsworn out of court statement and is thus inadmissible hearsay. It is |

2

Case No.:  5:21-cv-00526-JAK-KK

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| point, and tackled him face first into the concrete.<br><br>*Evidence:* Exh. A at 8:14-24, 9:10-15 [Stout Interview]. | questionable whether he could testify at trial as the parties were unable to find and depose him. But immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 5. After the take-down, Officer Norem sprawled out on Stephenson's back.<br><br>*Evidence:* Exh. D at 29:4-6 [Norem Deposition]. | 5. Undisputed but immaterial to McKee's liability. S*ee Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 6. Officer Norem weighed at least 220 with his equipment.<br><br>*Evidence:* Exh. D at 16:13-14,18 [Norem Deposition]. | 6. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 7. Dennis Owen Stout, a citizen driving by, stopped and assisted Officer Norem by using his knees and body weight to press Stephenson's legs down.<br><br>*Evidence:* Exh. A at 10:19-11:5 [Stout Interview]. | 7. The Stout statement is an unsworn out of court statement and is thus inadmissible hearsay. It is questionable whether he could testify at trial as the parties were unable to find and depose him. But immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 8. Mr. Stout weighed approximately 350 pounds at the time.<br><br>*Evidence:* Mayne Declaration, ¶ 10 and Exh. I at 61:19-62:2 [Eric Leighton Deposition]. | 8. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 9. Riverside Deputy Borden arrived and put his knee on Stephenson' upper back.<br><br>*Evidence:* Mayne Declaration, ¶ 3 and Exh. B at 26:20-22 [Borden Deposition]. | 9. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 10. At this point Officer Norem had his right knee on Stephenson's back and was attempting to handcuff him.<br><br>*Evidence:* Exh. B at 27:3-8 [Borden Deposition]. | 10. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 11. Borden cuts Stephenson's backpack off and Stephenson was handcuffed within seconds of Borden arriving.<br><br>*Evidence:* Exh. D at 31:25-32:13 [Norem Deposition]; Exh. B at 28:3-9 [Borden Deposition]. | 11. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 12. Stephenson stopped resisting after he was handcuffed, and the scene was secure.<br><br>*Evidence:* Exh. B at 31: 3-12, 32:21-25 [Borden Deposition]. | 12. The Borden deposition establishes Leroy stopped "actively resisting" but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 13. Eric Leighton arrived at the scene, at which point Deputy Borden and Officer Norem had their knees pressed into Stephenson's upper body and Mr. | 13. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Stout had Stephenson's feet crossed and pressed up towards his butt.<br><br>*Evidence:* Exh. I at 62:20-63:2 [Eric Leighton Deposition]. | |
| 14. Officer Norem called in "one detained" at some point after he had successfully handcuffed Stephenson, near the time that Mr. Leighton arrived.<br><br>*Evidence:* Exh. D at 48:24-49:5 [Norem Deposition]; Mayne Declaration, ¶ 6 and Exh. E at 2:13 – 2:20 [Eric Leighton Interview]. | 14. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 15. At this point, after Stephenson was in cuffs and before Mr. Leighton physically contacted him, Stephenson was not resisting and the situation was under control.<br><br>*Evidence:* Exh. A at 14:3-9 [Stout Interview]; Exh. B at 31: 3-12, 32:21-25 [Borden Deposition]. | 15. The Stout statement is an unsworn out of court statement and is thus inadmissible hearsay. It is questionable whether he could testify at trial as the parties were unable to find and depose him. But immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 16. Then Mr. Leighton also used his body weight to press Stephenson's lower body down.<br><br>*Evidence:* Exh. E at 1:30 – 2:00 [Eric Leighton Interview]. | 16. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 17. Mr. Leighton was 400 pounds at the time.<br><br>*Evidence:* Exh. I at 47:15-17 [Eric Leighton Deposition]. | 17. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 18. Mr. Stout had all his weight on Stephenson's legs and Mr. Leighton had all his weight on his hands as he pushed Stephenson's legs down.<br><br>*Evidence:* Exh. E at 1:40 - 1:59 [Eric Leighton Interview]; Exh. B at 48:3-10 [Borden Deposition]. | 18. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 19. A young man arrived at the scene and pressed his foot into Stephenson's upper body; he was taking photographs or recording video of the incident using his phone.<br><br>*Evidence:* Exh. E at 19:30-20:05 [Eric Leighton Interview]. | 19. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 20. McKee hears Norem's broadcast that slow lane is blocked and TASER was deployed.<br><br>*Evidence:* Exh. C at 8:44 [Jeffrey McKee's Mobile Video Audio Recording System Video ("McKee's MVARS Video")]. | 20. The evidence may establish what Norem said over the radio but does not establish what McKee "heard." Regardless, it is immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 21. McKee hears "one detained" over his radio as he drives to the scene, 2 minutes and 35 seconds before he arrived at the scene.<br><br>*Evidence:* Exh. C at 8:55, 11:30 [McKee's MVARS Video]. | 21. The evidence may establish what Norem said over the radio but does not establish what McKee "heard." Regardless, it is immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 22. Under the circumstances, "one detained" means that the suspect is secured in handcuffs. | 22. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| *Evidence:* Exh. D at 60:1-19 [Norem Deposition]. | |
| 23. McKee hears Officer Norem broadcast "Code 4" as he drives to the scene, 45 seconds before he arrived.<br><br>*Evidence:* Exh. C at 10:45, 11:30 [McKee's MVARS Video]. | 23. The evidence may establish what Norem said over the radio but does not establish what McKee "heard." Regardless, it is immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 24. "CODE 4" means "Situation Stable, Emergency Situation No Longer Exists."<br><br>*Evidence:* Exh. F [Excerpt from California Highway Patrol Critical Incident Reconstruction Report]. | 24. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| **After McKee Arrives** | |
| 25. McKee arrives at the scene at approximately 12:57.<br><br>*Evidence:* Exh. C at 11:22-11:30 [McKee's MVARS Video]; Exh. H at Row 62 [Dispatch Log]. | 25. The evidence cited does not establish when McKee arrived. Exhibit C has no time on it. Exh H is an unauthenticated document containing no "row 62" and does not have any names associated with the entries. Regardless, the precise time McKee arrived is immaterial to his liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 26. Five individuals are pressing their weight down on Stephenson. Officer Norem is pressing Stephenson's upper body down with his knee; Deputy Borden presses Stephenson's upper body down with his knee on his upper back near his neck; Mr. Stout and Mr. Leighton press all their weight into Stephenson's lower body; and an | 26. There are five separate facts in this one "fact." Moreover, the video does not clearly depict precisely what is occurring, so these "facts" are simply plaintiffs' interpretation of the video. Regardless, what others were doing is immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| unknown young man presses his foot into Stephenson's upper back.  *Evidedence:* Exh. C at 11:30 [McKee's MVARS Video]. | LEXIS at *1. |
| 27. At this point, Stephenson is not moving and not making any noises.  *Evidence:* Exh. G at 28:11-25; 30:20-23 [Jefferey McKee Deposition]; Exh. C at 11:30-12:00 [McKee's MVARS Video]. | 27. The cited testimony does not establish that Leroy was not making "noise" only that he was not speaking. The cited testimony establishes Leroy was not moving but only because he was "restrained pretty well." |
| 28. There were no moving vehicles in the lane adjacent to the gore point, and the cars in the second lane over were moving very slowly; this made the situation much safer because there was less risk of a traffic accident.  *Evidence:* Exh. C at 11:20-11:40 [McKee's MVARS Video]; Exh. D at 86:13-18 [Norem Deposition]. | 28. "[T]his made the situation much safter" is not a fact but an argument and the Norem testimony cited establishes the situation was "still not safe." |
| 29. Throughout the entire encounter, Stephenson had not punched or kicked anyone.  *Evidence:* Exh. A at 12:21-13:4 [Stout Interview]; Exh. D at 45:20-24 [Norem Deposition]. | 29. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 30. After getting out of his vehicle, McKee immediately took control of Stephenson's legs; they were in scissor formation, he moved them into a figure four and pressed them into Stephenson's backside. | 30. Plaintiffs misstate McKee's testimony: "I believe I took control of Mr. Stephenson's legs. They were initially in, I believe, like a scissor like a scissor formation on the ground, and I placed them into a |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| *Evidence:* Exh. G at 24:1-8 [McKee Deposition]. | figure four." Exh G, McKee Depo., p. 24:1-8) (emphasis added). McKee categorically did not say he pressed Leroy's legs into his backside.<br><br>McKee's testimony is confirmed by the MVARS showing McKee grabbing Leroy's legs and pushing them outward and down to the ground at 90-degree angles, and then placing his knees on the legs that were on the ground. Exh. C, 11:42-11:47. |
| 31. When he took Stephenson's legs, he could not tell if he was alive or dead.<br><br>*Evidence: Exh. G at 24:9-12 [McKee Deposition].* | 31. Plaintiffs misstate McKee's testimony and infer that McKee did not know whether Leroy was alive or dead when he took control of Leroy's legs. McKee testified that when he took control of Leroy's legs, he was "unable to tell" whether Leroy was alive or conscious because he "could [not] determine that by grabbing his legs" which were not "limp." Exh. G, pp. 24:13-25:7. |
| 32. McKee pressed his weight into Stephenson's lower body for approximately 18 seconds, pushing Stephenson's folded legs into his backside.<br><br>*Evidence:* Exh. C at 11:40-11:58 [McKee's MVARS Video]. | 32. Undisputed that McKee pressed his weight onto Leroy's legs. But the MVARS does not show McKee "pushing [Leroy's] folded legs into his backside." The MVARS shows McKee grabbing Leroy's legs and pushing them outward and down to the ground at 90-degree angles, and then placing his knees on the legs that were on the ground. Exh. C, 11:42-11:47. |
| 33. While he casually sat on Stephenson, McKee told Officer | 33. "[C]asually" is an argument not a fact. The remainder is undisputed. |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Norem that they needed the strap so that they could hobble Stephenson.<br><br>*Evidence:* Exh. D at 83:9-10, 12-15 [Norem Deposition]; Exh. C at 11:40-11:58 [McKee's MVARS Video]. | |
| 34. When McKee got up to retrieve the strap, he told Mr. Leighton: "sit on his legs for me."<br><br>*Evidence:* Exh. C at 11:55-12:00 [McKee's MVARS Video]. | 34. Undisputed. |
| 35. Mr. Leighton took McKee's place pushing Stephenson's legs up against his backside.<br><br>*Evidence:* Exh. C at 12:00-12:10 [McKee's MVARS Video]. | 35. Undisputed that Leighton took McKee's place, but McKee, as the MVARS shows, had not been pressing Leroy's legs into his backside. |
| 36. When McKee reapproached after retrieving the strap, Officer Norem, Deputy Borden, and Mr. Leighton were still making contact with Stephenson.<br><br>*Evidence:* Exh. G at 38:7-10 [McKee Deposition]; Exh. C at 12:20 [McKee's MVARS Video]. | 36. Undisputed. |
| 37. Stephenson appeared to stop breathing before McKee returned to put him in hobble restraints.<br><br>*Evidence:* Exh. D at 11:15-11:25 [Norem Deposition]; Exh. C at | 37. Undisputed. |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 11:55-12:00 [McKee's MVARS Video]. | |
| 38. During the entire interaction, Officer Norem's knee was pressing into Stephenson's lower back.  *Evidence:* Exh. B at 49:1-2 [Borden Deposition]. | 38. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 39. McKee never heard anyone give Stephenson an order or opportunity to comply.  *Evidence:* Exh. G at 34:3-10 [McKee Deposition]. | 39. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 40. Norem did not tell McKee whether Stephenson had been offering resistance.  *Evidence:* Exh. G at 25:8-10 [McKee Deposition]. | 40. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 41. McKee never said anything to Stephenson.  *Evidence:* Exh. G at 34:19-22 [McKee Deposition]. | 41. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| **Training and Common Knowledge** | |
| 42. Current CHP policy is to keep in prone for as little time as possible and to get them to their side as soon as possible.  *Evidence:* Exh. D. at 67:22-68:14 [Norem Deposition] | 42. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 43. CHP policy talks about avoiding prolonged pressure on back.<br><br>*Evidence:* Exh. D at 70:13-20 [Norem Deposition]. | 43. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 44. Norem was aware at time of incident that a lot of pressure on chest could lead to suspect not being able to breath and could lead to death.<br><br>*Evidence:* Exh. D at 71:1-12 [Norem Deposition]. | 44. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 45. When you get a situation stabilized, the first thing you should do is start working patient care, meaning rolling someone to recovery position or sitting them up.<br><br>*Evidence:* Exh. D at 75:23-25 [Norem Deposition]. | 45. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 46. One reason for doing this is to help the suspect breathe to keep them out of the prone position for an unnecessary period of time.<br><br>*Evidence:* Exh. D at 76:12-20 [Norem Deposition]. | 46. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 47. Norem, as a CHP officer, was trained on the recovery position and that it helps with breathing.<br><br>*Evidence:* Exh. D at 35:4-10,20-23 [Norem Deposition]. | 47. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 48. At the time of the incident, it was common knowledge that having someone chest-down with weight applied to their torso or back for an extended period of time could interfere with their ability to breathe and possibly even cause positional asphyxia.<br><br>*Evidence:* Exh. D at 92:1-10 [Norem Deposition]. | 48. The cited testimony only establishes Norem was aware of it, not that it was "common knowledge." Norem's knowledge is immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 49. As an officer on the scene, an officer has the ability and duty tell someone to stop using unreasonable and excessive force.<br><br>*Evidence:* Exh. D at 100:22-101:11 [Norem Deposition]. | 49. Whether one has a duty is a legal conclusion. And the cited testimony involves training. But undisputed as an officer's "ability" and immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 50. A few seconds before McKee orders Mr. Leighton to sit on Stephenson, the unknown young man takes his foot off of Stephenson's back, stops recording video or taking photographs, and walks away.<br><br>*Evidence:* Exh. C at 11:46-11:51 [McKee's MVARS Video]. | 50. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. Indeed, plaintiffs have abandoned claims relating to this witness. |
| 51. As the unidentified young man leaves, he waives good-bye to Officer Norem and Officer McKee, McKee turns his way in acknowledgment, but he does not say anything to prevent the man from leaving the scene. | 51. The video shows the man pointing and does not show McKee turning toward the man in acknowledgment. Undisputed that McKee did not say anything or prevent him from leaving but irrelevant to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. Indeed, plaintiffs have abandoned claims relating to |

| Plaintiffs' Additional Material Facts And Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| *Evidence:* Exh. C at 11:46-11:51 [McKee's MVARS Video]. | this witness. |
| 52. McKee does not give this man any orders or attempt in any way to keep him on the scene, even though the young man was a direct participant in a homicide.<br><br>*Evidence:* Exh. C at 11:27-11:51 [McKee's MVARS Video]. | 52. "[E]ven though the young man was a direct participant in a homicide" is not a fact but an argument but the "fact" is immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. Indeed, plaintiffs have abandoned claims relating to this witness. |
| 53. Norem believed his Mobile Video Audio Recording Systems (MVARS) were working at the beginning of your shift; he believed the microphone was working.<br><br>*Evidence:* Exh. D at 10:6-11 [Norem Deposition]. | 53. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 54. After incident, he opened MVARS disc drive, took the disc out, and deposited it into evidence locker.<br><br>*Evidence:* Exh. D at 50:10-51:10 [Norem Deposition]. | 54. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 55. By the time Plaintiff received the MVARS video the audio had been corrupted.<br><br>*Evidence:* Exh. J [Dane Norem's MVARS Video] with Exh. C [McKee's MVARS Video]. | 55. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |

| **Plaintiffs' Additional Material Facts And Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
|---|---|
| 56. CHP Officers respond regularly to reports of individuals walking on the freeway; sometimes there is more such call in one in one shift.<br><br>*Evidence:* Exh. D at 15:6-15 [Norem Deposition]. | 56. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |
| 57. In some of those cases, the individuals wandering onto the freeway are suffering from mental health crisis.<br><br>*Evidence:* Exh. D at 15:19-22 [Norem Deposition]. | 57. Undisputed but immaterial to McKee's liability. *See Arroyo Escondido,* 2021 U.S. Dist. LEXIS at *1. |

Dated: November 21, 2023         Dean Gazzo Roistacher LLP


By: /s/ Lee H. Roistacher
    Lee H. Roistacher
    Kimberly A. Sullivan
    Attorneys for Defendant
    Jeffrey McKee
    Email: lroistacher@deangazzo.com
           ksullivan@deangazzo.com