Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: lroistacher@deangazzo.com
ksullivan@deangazzo.com

Attorneys for Defendant
Jeffrey McKee

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,

Plaintiffs,

v.

STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 5:21-cv-00526-JAK-KK

**SUPPLEMENTAL BRIEFING FOR MOTION FOR SUMMARY JUDGMENT BY DEFENDANT JEFFREY MCKEE [DKT. 64, 78]**

Date: December 18, 2023
Time: 9:00 a.m.
Courtroom: 10B
Judge: John A. Kronstadt
Mag. Judge: Kenly Kiya Kato

Complaint Filed: March 24, 2021
Trial Date: None set

///

///

///

///

///

///

## TABLE OF CONTENTS

INTRODUCTION....................................................................6

QUALIFIED IMMUNITY PROTECTS MCKEE FROM LIABILITY UNDER EITHER A FAILURE TO INTERVENE OR INTEGRAL PARTICIPANT THEORY OF LIABILITY....................................................6

A. No Failure To Intervene/Intercede Liability....................................6

1. No Violation....................................................................6

2. No Clearly Established Law....................................................9

B. No Integral Participant Liability...............................................12

1. No Violation....................................................................12

2. No Clearly Established Law....................................................14

# TABLE OF AUTHORITIES

**Cases**

*Andrich v. Kostas*,
470 F. Supp. 3d 1048 (D. Ariz. 2020)……………………………………..7, 8

*Ashcroft v. al-Kidd*
563 U.S. 731 (2011)……………………………………………………………6

*Atencio v. Arpaio*
674 F.App'x 623 (9th Cir. 2016)…………………………………………13

*Augustus v. City of L.A.*
2023 U.S. Dist. LEXIS 116499 (C.D. Cal. May 31, 2023)………………10

*Bjorlin v. Hubbard*
2010 U.S. Dist. LEXIS 41333 (E.D. Cal. Apr. 26, 2010)……………...10

*Blankenhorn v. City of Orange*
485 F.3d 463 (9th Cir. 2007)………………………………………12, 13

*Boyd v. Benton Cty.*
374 F.3d 773 (9th Cir. 2004)…………………………………………...12

*Camreta v. Greene*
563 U.S. 692 (2011)……………………………………………………...11

*Cunningham v. Gates*
229 F.3d 1271 (9th Cir. 2000)……………………………….....7, 9, 11

*District of Columbia v. Wesby*
138 S. Ct. 577 (2018)…………………………………..………11, 14

*Evans v. Skolnik*
997 F.3d 1060 (9th Cir. 2021)…………………………………………11

*Felarca v. Birgeneau*
891 F.3d 809 (9th Cir. 2018)…………………………………………..10

*Gladstone v. Travelers Prop. Cas. Co.*
2022 U.S. Dist. LEXIS 170238 (S.D. Cal. Sep. 20, 2022)………………10

*Groh v. Ramirez*
540 U.S. 551 (2004)……………………………………………………………7

*Hall v. Maioho-Pohina*
2023 U.S. App. LEXIS 10811 (9th Cir. May 3, 2023)……………………7

*Hernandez v. Skinner*
969 F.3d 930 (9th Cir. 2020)…………………………………………...14

*Hughes v. Rodriguez*
31 F.4th 1211 (9th Cir. 2022)…………………………………………...6, 7

*Kosegarten v. Dep't of the Prosecuting Atty.*
2011 U.S. Dist. LEXIS 137215 (D. Haw. Nov. 29, 2011)……………….10

*Macias v. Cnty. of L.A.*
144 Cal.App.4th 313 (2006)…………………………………………….…6

*McQuarters v. Borgna*
2023 U.S. Dist. LEXIS 124539 (N.D. Cal. July 18, 2023)………………12

*Mullenix v. Luna*
577 U.S. 7 (2015)………………………………………………………9

*Najarro v. Cty. of San Diego*
2021 U.S. Dist. LEXIS 52339 (S.D. Cal. Mar. 19, 2021) ……………..…10

*Nicholson v. City of Los Angeles*
935 F.3d 685 (9th Cir. 2019)…………………………………….....…13

*Nuh Nhuoc Loi v. Scribner*
671 F. Supp. 2d 1189 (S.D. Cal. 2009)…………………………………..10

*O'Doan v. Sanford*
991 F.3d 1027 (9th Cir. 2021)………………………………………..9

*Orsonio v. Armond*
B174092, 2005 Cal. App. Unpub. LEXIS 6054 (July 13, 2005)…………6

*Penaloza v. City of Rialto*
836 F. App'x 547 (9th Cir. 2020)……………………………….....9, 10

*Peck v. Montoya*
51 F.4th 877 (9th Cir. 2022)…………………………………...12, 13, 14

*Perkins v. City of Modesto*
2023 U.S. Dist. LEXIS 90989 (E.D. Cal. May 24, 2023)……………10, 11

*Ramirez v. Butte-Silver Bow Cnty.*,
298 F.3d 1022 (9th Cir. 2002)………………………………………..7

*Roberson v. City of Hawthorne*
2023 U.S. App. LEXIS 6872 (9th Cir. Mar. 22, 2023)………………12, 13

*Sen v. City of Los Angeles*
2022 U.S. Dist. LEXIS 114487…………………………………...…10

*Shafer v. Cnty. of Santa Barbara*
868 F.3d 1110 (9th Cir. 2017)………………………………………10

*Sharp v. County of Orange*
871 F.3d 901 (9th Cir. 2017)………………………………………..9, 11

*Stroud v. Gore*
2022 U.S. Dist. LEXIS 172094 (S.D. Cal. Sept. 22, 2022)……………...10

*Thompson v. Rahr*
885 F.3d 582 (9th Cir. 2018)……………………………………………..14

*Tobias v. Arteaga*
996 F.3d 571 (9th Cir. 2021)…………………………………………..7, 11

*Varlitskiy v. Cnty. of Riverside*
2023 U.S. Dist. LEXIS 61864 (C.D. Cal. Apr. 7, 2023)…………………12

*Wasco Prods. v. Southwall Techs., Inc.*
435 F.3d 989 (9th Cir. 2006)………………………………………………6

*West v. City of Caldwell*
931 F.3d 978 (9th Cir. 2019)………………………………………………6

*Wright v. City of San Bernardino*
2023 U.S. Dist. LEXIS 192897 (C.D. Cal. Oct. 25, 2023)…………....8, 11

**Statutes**

42 U.S.C. § 1983…………………………………………………………....6

## INTRODUCTION

Pursuant to this Court's December 18, 2023 order, defendant Jeffrey McKee submits his supplemental briefing on the "'failure to intervene' and 'integral participation' theories of liability for excessive force" under the Fourth Amendment.[1] Dkt. 78.

## QUALIFIED IMMUNITY PROTECTS MCKEE FROM LIABILITY UNDER EITHER A FAILURE TO INTERVENE OR INTEGRAL PARTICIPANT THEORY OF LIABILITY

McKee presumptively has qualified immunity. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "Police officers *have* qualified immunity for their official conduct *unless* (1) they violate a federal statutory or constitutional right and (2) that right was clearly established at the time of the challenged conduct." (*West v. City of Caldwell*, 931 F.3d 978, 982-83 (9th Cir. 2019) (emphasis added).

### A. No Failure To Intervene/Intercede Liability

### 1. No Violation

"Officers can be held liable for failing to intercede in situations where excessive force is claimed to be employed by other officers only if 'they had an opportunity to intercede.'" *Hughes v. Rodriguez*, 31 F.4th 1211, 1223 (9th Cir.

[1] McKee maintains his objection to consideration of these theories because plaintiffs did not plead them in their complaint. *See Wasco Prods. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). Though not entirely clear from the Court's order, McKee presumes the issue is limited to Fourth Amendment "excessive force" liability for two reasons. First, plaintiffs' summary judgment opposition did not raise the integral participant theory of liability as a basis for negligence under California law (nor was it asserted in the Government Code claim required under California law). Dkt. 65, pp. 23-26. Second, McKee is unaware of any authority imposing a duty under California negligence law to intervene in another officer's unreasonable use of force, nor is McKee aware of any California authority allowing negligence liability against one officer for another officer's unreasonable force on the theory the former was an integral participant in the unreasonable force. California cases addressing these theories have done so only in connection with liability under 42 U.S.C. section 1983. *See, e.g., Macias v. Cnty. of L.A.*, 144 Cal. App. 4th 313 (2006); *Orsonio v. Armond*, B174092, 2005 Cal. App. Unpub. LEXIS 6054, at *22 (July 13, 2005). Even if those theories existed under California law, the analysis should be the same as under the Fourth Amendment.

2022). But there must be a "realistic opportunity to intercede." *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000). Moreover, failure-to-intervene liability requires an "aware[ness] of the constitutional violation as it occurred." *Tobias v. Arteaga*, 996 F.3d 571, 584 (9th Cir. 2021) ("no violation of duty to intercede where there was no evidence that the defendant was aware of the constitutional violation as it occurred") (citing *Ramirez v. Butte-Silver Bow Cnty*., 298 F.3d 1022, 1029-30 (9th Cir. 2002), *aff'd sub nom*. *Groh v. Ramirez*, 540 U.S. 551 (2004)).

McKee arrived at the tail end of a five-minute encounter with the Leroy and McKee's involvement lasted between 15-20 seconds.

McKee obviously had no opportunity to intervene in anything occurring before his arrival. *Hughes*, 31 F.4th at 1223; *Cunningham*, 229 F.3d at 1290; *see Hall v. Maioho-Pohina*, 2023 U.S. App. LEXIS 10811, at *5 (9th Cir. May 3, 2023) (unpub.) ("[i]t does seem difficult to prevent what has already happened").

Given these undisputed facts, plaintiffs' failure to intervene claim necessarily asserts McKee should have immediately recognized when getting out of his patrol vehicle and running up to the scene (among all the other thing he had to immediately process) that how others were holding the decedent on the ground constituted excessive force obligating his intervention.

The problem with plaintiffs' theory is there is no evidence establishing any immediate awareness by McKee of constitutionally excessive force, and his 15-20 second observation did not provide sufficient or realistic opportunity to recognize excessive force and intervene. *See Cunningham*, 229 F.3d at 1290 ("Moreover, the undisputed evidence shows that the non-shooting officers who were present at the shootouts had no 'realistic opportunity' to intercede."); *Andrich v. Kostas*, 470 F. Supp. 3d 1048, 1062 (D. Ariz. 2020) ("failure-to-intervene liability is reserved for circumstances where the use of excessive force extends over a "relatively longer period of time," such that other officers in the vicinity have a reasonable

opportunity to observe it, recognize its impermissible character, and take action to stop it").

This is not a case where an officer sees another officer beating a handcuffed suspect, which is immediately recognizable as excessive force. This is not a case where an officer sees another officer using a "choke hold" on a compliant suspect, which is also immediately recognizable as excessive force. Nor is this even a case where an officer sees other officers draped over the back of a suspect that is complaining about not being able to breathe.

Here, McKee arrives and sees officers and others holding handcuffed Leroy on the ground. Nothing about what McKee saw is obviously unconstitutional requiring his immediate intervention. *See Wright v. City of San Bernardino*, 2023 U.S. Dist. LEXIS 192897, at *68 (C.D. Cal. Oct. 25, 2023) ("As was the case following the first removal/takedown, it would not have been obvious to her, under the circumstances in play once she arrived at Plaintiff's body, that any force then applied was inappropriate/unconstitutional."); *Andrich*, 470 F. Supp. 3d at 1062

Indeed, McKee knew there had been a struggle and Taser deployment. That tells him the decedent was resisting. Assuming McKee heard Officer Norem report "Code 4" ("situation under control)[2], that tells him nothing other than Officer Norem is no longer struggling to secure the decedent. And on arrival, McKee sees the decedent being held down by many people. That would give any reasonable officer the belief that there was a need for it, which is solidified when Officer Norem confirms to Mckee that he should get a strap to better secure the decedent's legs. McKee then leaves.

///

///

---

[2] https://cad.chp.ca.gov/htm.net/glossary.htm#:~:text=%2D%20CODE%204%20(SITUATION%20UNDER%20CONTROL)

It is the absence of awareness of unconstitutional force and the absence of a realistic opportunity to intervene in the 15-20 seconds that renders this theory meritless.

**2. No Clearly Established Law**

"Except in the rare case of an obvious instance of constitutional misconduct" "[p]laintiffs must point to prior case law that articulates a constitutional rule specific enough to alert [the officer] in this case that [his] particular conduct was unlawful." *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017). "[T]he 'obviousness principle, an exception to the specific-case requirement, is especially problematic in the Fourth-Amendment context.'" *O'Doan v. Sanford*, 991 F.3d 1027, 1044 (9th Cir. 2021) (quoting *Sharp*, 871 F.3d at 912). "[S]ecificity is especially important in the Fourth Amendment context." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

Again, failure to intervene liability requires a "realistic opportunity" to intervene. *Cunningham*, 229 F.3d at 1290. Because precedent does not clearly establish what that a "realistic opportunity" means, McKee is immune even if factual questions exist regarding a Fourth Amendment violation by not intervening:

> Even assuming Lopez's conduct violated Goode's Fourth Amendment right to be free from unreasonable seizure, that constitutional right was not clearly established. Our precedent does not clearly establish when an officer has a 'realistic opportunity to intercede.' In the one case where we considered such a claim, we concluded that the officers did not have a realistic opportunity to intervene and therefore the officers were entitled to qualified immunity. *See Cunningham v. Gates*, 229 F.3d at 1289-90 (concluding that bystander officers present at a shootout between fellow officers and suspects did not have a reasonable opportunity to stop fellow officers from shooting). Because the law does not clearly establish when an officer must intervene, Lopez is entitled to summary judgment on qualified immunity grounds for his failure to intervene when Boda was biting Goode.

*Penaloza v. City of Rialto*, 836 F. App'x 547, 549-50 (9th Cir. 2020).

///

Though *Penaloza* is not binding precedent, "unpublished decisions have persuasive value and indicate how the Ninth Circuit applies binding authority." *Nuh Nhuoc Loi v. Scribner*, 671 F. Supp. 2d 1189, 1201 n.10 (S.D. Cal. 2009); *see also Gladstone v. Travelers Prop. Cas. Co.*, 2022 U.S. Dist. LEXIS 170238, at *10 n.4 (S.D. Cal. Sep. 20, 2022); *Kosegarten v. Dep't of the Prosecuting Atty.*, 2011 U.S. Dist. LEXIS 137215, at *29 (D. Haw. Nov. 29, 2011); *Bjorlin v. Hubbard*, 2010 U.S. Dist. LEXIS 41333, at *31 n.17 (E.D. Cal. Apr. 26, 2010). Thus, the Ninth Circuit does not believe the law is clearly established.

To be sure, district courts have relied on *Penaloza* to find qualified immunity bars failure to intervene claims. *See, e.g., Augustus v. City of L.A.*, 2023 U.S. Dist. LEXIS 116499, at *36 (C.D. Cal. May 31, 2023); *Stroud v. Gore*, 2022 U.S. Dist. LEXIS 172094, at ** (S.D. Cal. Sept. 22, 2022); *Sen v. City of Los Angeles*, 2022 U.S. Dist. LEXIS 114487, at *33-34; *Najarro v. Cty. of San Diego*, 2021 U.S. Dist. LEXIS 52339, 2021 WL 1056586, at *10 (S.D. Cal. Mar. 19, 2021). This Court should as well.

At the very least "*Penaloza* does frame the key question this Court must examine under the second prong of the qualified immunity analysis: Do prior cases put a reasonable officer on notice of their obligation to intervene under the actual circumstances presented in this case?" *Perkins v. City of Modesto*, 2023 U.S. Dist. LEXIS 90989, at *41-42 (E.D. Cal. May 24, 2023); *see Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017) ("case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law").

It is plaintiffs' burden to show clearly established law. *Felarca v. Birgeneau*, 891 F.3d 809, 815 (9th Cir. 2018).

In their summary judgment opposition, plaintiffs cited one precedential decision – Supreme Court or Ninth Circuit – involving failure to intervene:

*Cunningham*, 229 F.3d 1271. *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (requiring Supreme Court or Ninth Circuit precedent); *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("district court decisions --unlike those from the courts of appeals--do not necessarily settle constitutional standards or prevent repeated claims of qualified immunity"); *Evans v. Skolnik*, 997 F.3d 1060, 1067 (9th Cir. 2021).

*Cunningham* does not help plaintiffs. Not only is it a shooting case and thus factually distinct, *Cunningham* found no liability for failing to intervene. 229 F.3d at 1279, 1289-90.

McKee is unaware of any Supreme Court or Ninth Circuit case clearly establishing McKee's conduct in this case constitutes an unconstitutional failure to intervene.[3]

///

///

///

---

[3] The Ninth Circuit's general statements about failure to intervene liability are too general to constitute clearly established law in the factual situation here. *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) ("[C]ourts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced."); *see Wright v. City of San Bernardino*, 2023 U.S. Dist. LEXIS 192897, at *68 n.27 (C.D. Cal. Oct. 25, 2023) ("Were the Court forced to confront and resolve the issue of qualified immunity with respect to Officer Brown's duty to intercede-based liability, it believes that there is a much-stronger position for arguing that the duty, in general, would be defined much too-generally in order to give Officer Brown the necessary notice that any failure to intervene/intercede on her part obviously violated the Constitution. Although in 2021, the Ninth Circuit stated that '[b]y 2013, we had clearly established that "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen,"' *Tobias v. Arteaga*, 996 F.3d 571, 583 (9th Cir. 2021) (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000)), this Court believes that that definition of a clearly established duty would never pass muster under the Supreme Court's current expectation that duties/rights not be defined at a high level of generality. *See, e.g.*, *Perkins v. City of Modesto*, No. 1:19-cv-00126-JLT-EPG, 2023 U.S. Dist. LEXIS 90989, 2023 WL 3620901, *14-17 (E.D. Cal. May 24, 2023). *Tobias* did not actually apply qualified immunity, but instead sent the case back to the district court for further relevant fact-finding.")

**B. No Integral Participant Liability**

**1. No Violation**

Although the Ninth Circuit has "not previously defined the minimum level of involvement for liability under the integral-participant doctrine," its "precedents have permitted liability in two situations: those in which (1) the defendant knows about and acquiesces in the constitutionally defective conduct as part of a common plan with those whose conduct constitutes the violation or (2) the defendant sets in motion a series of acts by others which the defendant knows or reasonably should know would cause others to inflict the constitutional injury." *Peck v. Montoya*, 51 F.4th 877, 888-89 (9th Cir. 2022) (simplified); *see Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (integral participant theory "require[s] some fundamental involvement in the conduct that allegedly caused the violation").

The second category of liability is inapplicable here because McKee – arriving at the end of the incident – did not set in motion the conduct preceding his arrival.

The first "category of liability is fairly narrow." *Peck*, 51 F.4th at 889. And there is no evidence of a "common plan" involving McKee to use excessive force on the decedent. *See McQuarters v. Borgna*, 2023 U.S. Dist. LEXIS 124539, at *8 (N.D. Cal. July 18, 2023) ("As to the first category of participation, there are no allegations supporting a 'common plan' to unlawfully arrest McQuarters."); *compare Boyd v. Benton Cty*., 374 F.3d 773, 780 (9th Cir. 2004) ("[E]very officer was aware of the decision to use the flash-bang, did not object to it, and participated in the search operation knowing the flash-bang was to be deployed."); *Varlitskiy v. Cnty. of Riverside*, 2023 U.S. Dist. LEXIS 61864, at *24 (C.D. Cal. Apr. 7, 2023) ("common plan" to use chemical munitions during search).

Instructive in demonstrating why McKee was not an integral participant because he was not fundamentally involved in the excessive force is *Roberson v.*

*City of Hawthorne*, 2023 U.S. App. LEXIS 6872 (9th Cir. Mar. 22, 2023), a case where the Ninth Circuit reversed the district court's denial of qualified immunity to an officer on an integral participant theory. In that case, one officer, Michalczak, threw an unresisting suspect against the wall, put him in a headlock, and then tackled him to the ground. Michalczak pinned the suspect to the ground with his weight on the suspect's neck. Another officer, Lazorek, straddled the suspect and placed his knee on the suspect's lower thigh and buttock while grabbing his arms to handcuff him. *Roberson v. City of Hawthorne*, 516 F. Supp. 3d 1033, 1038 (C.D. Cal. 2021) *aff'd in part, rev'd in part, dismissed in part*, 2023 U.S. App. LEXIS 6872.

The Ninth Circuit affirmed the district court's denial of qualified immunity to Michalczak but reversed as to Lazorek:

> Officer Lazorek is ... entitled to qualified immunity. Since Lazorek was not 'fundamental[ly] involve[d] in the conduct that allegedly caused the violation,' he was not an 'integral participant' in Michalczak's excessive use of force. *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019) (quoting *Blankenhorn*, 485 F.3d at 481 n.12); *see also Peck*, 51 F.4th at 891 (noting that an actor is only an integral participant if he 'knew about and acquiesced in the constitutionally defective conduct as part of a common plan' or 'set in motion a series of acts by others which [he] knew or reasonably should have known would cause others to inflict the constitutional injury').

*Roberson*, 2023 U.S. App. LEXIS 6872, at *3; *see also Atencio v. Arpaio*, 674 F. App'x 623, 626 (9th Cir. 2016) (finding no integral participation by officer who witnessed the use of excessive force in the form of a knee strike during a struggle between officers and the plaintiff, because there was no evidence that the witnessing officer directed or otherwise knew that the solitary knee strike would occur, physically participated in the knee strike, or had a realistic opportunity to stop the knee strike from happening).

///

**2. No Clearly Established Law**

The Ninth Circuit has twice observed it has "not previously 'define[d] the minimum level of involvement for liability under the integral-participant doctrine.'" *Peck*, 51 F.4th at 889 (quoting *Hernandez v. Skinner*, 969 F.3d 930, 941 (9th Cir. 2020). Thus, the "contours" of the integral participant doctrine are not clearly established. (*See Wesby*, 583 U.S. at 63 ("The rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted'"); *Thompson v. Rahr*, 885 F.3d 582, 587 (9th Cir. 2018) ("For a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate, such that every reasonable official, not just a reasonable official, would have understood that the was violating a clearly established right.").

The absence of well-defined contours regarding the minimal level of involvement required is particularly problematic here where McKee arrives and becomes involved for 15-20 seconds at the very end of a five-minute encounter. Qualified immunity should insulate McKee from liability.

Indeed, precedent under similar facts does not appear to exist. None of the Ninth Circuit decisions cited in plaintiffs' summary judgment opposition dealt with the integral participant doctrine. *See* Dkt. 65, p. 21. And the district court cases that did, are factually distinct and insufficient to create clearly established law anyway.

Dated: December 28, 2023

Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*

Lee H. Roistacher
Kimberly A. Sullivan
Attorneys for Defendant
Jeffrey McKee
Email: lroistacher@deangazzo.com
ksullivan@deangazzo.com