**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Email: dalekgalipo@yahoo.com
         cmayne@galipolaw.com

*Attorneys for All Plaintiffs*
[*Additional counsel on following page*]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>           Plaintiffs,<br><br>     v.<br><br>STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,<br><br>           Defendants. | Case No.:  5:21-cv-00526-JAK-KK<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: John A. Kronstadt<br>Mag. Judge Kenly Kiya Kato<br><br>Complaint Filed:  March 24, 2021<br>Trial Date: None set |

**STEVEN A. LERMAN & ASSOCIATES, INC.**
Steven A. Lerman, Esq. (S.B.N. 55839)
Nicholas M. Lerman, Esq. (SBN: 292656)
6033 West Century Boulevard, Suite 740
Los Angeles, California 90045
Telephone: (310) 659-8166
Email: nlerman@lermanslaw.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

*Attorneys for Plaintiffs*

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: After filing their Opposition to Defendant McKee's Motion for Summary Judgment (ECF No. 65) and their supplemental briefing (ECF No. 80), Plaintiffs became aware of the following case, decided by the Ninth Circuit on July 30, 2024, affirming a district court's denial of qualified immunity in a case with similar facts to the present one: *Scott v. Smith*, No. 23-15480, 2024 WL 3574971 (9th Cir. July 30, 2024)

On the morning of March 3, 2019—two years before the events at issue in the present case—Las Vegas Metropolitan Police Department Officers Smith and Huntsman responded to the residence of Roy Scott, who was suffering a mental health crisis and acting erratically. When the officers arrived, Scott was distressed and hallucinating inside his apartment. Scott was armed with a metal pipe and a knife but he voluntarily disarmed himself after he came out of his residence.

Officers Smith and Huntsman approached him, grabbed his arms, and pulled him to the ground. While Scott was lying on his back, he "screamed, struggled, and pled with officers to leave him alone for over two minutes." *Id*. at 7. The officers then rolled Scott onto his stomach and Officer Huntsman put his bodyweight on Scott's back and neck for one to two minutes while Officer Smith restrained his legs. *Id.* Shortly after, when they attempted to revive Scott, he was unresponsive. Paramedics arrived, but Scott was pronounced dead after being removed from the scene. The cause of death was determined to be restraint asphyxia.

The Ninth Circuit affirmed a district court's finding that the officers were not entitled to qualified immunity under the Fourth Amendment. The court held that binding precedent, including *Drummond v. City of Anaheim*, 343 F.3d 1052, 1062 (9th Cir. 2003), clearly established that the officers' use of force was constitutionally excessive.[1]

---

[1] Ninth Circuit reversed the denial of qualified immunity on the Fourteenth Amendment familial association claim. While finding a constitutional violation occurred, the court held this right was not clearly established at the time of the incident.

In his Motion for Summary Judgment, California Highway Patrol Officer McKee argued that he should not be held responsible for Stephenson's death by asphyxia because he only restrained Stephenson's legs and the restraint amounted to a "minimal" level of force. (ECF No. 64-1 at 16.) But in *Scott*, the Ninth Circuit held that *deadly force* was used by Officer Huntsman even though he only restrained Scott's lower extremities while the other officer restrained Scott's upper body. *Id.* at 11.

Further, the Ninth Circuit denied qualified immunity even though the prone restraint only lasted "one to two minutes," far less than the 20-minute restraint in *Drummond*. Here, when McKee arrived at the scene, McKee knew that Stephenson had been handcuffed for 2 minutes and 35 seconds, the situation had been stable for at least 45 seconds, Stephenson was motionless and silent, and he was pinned down by five individuals including Officer Norem with a knee on his back. The Ninth Circuit's reasoning in *Scott* lends further support to Plaintiffs' argument that Officer McKee should have known his decision to maintain and intensify Stephenson's prone restraint was unconstitutional. By taking control of Stephenson's legs and applying additional weight to his unresponsive body, Officer McKee's actions fell outside the bounds of clearly established law regarding the use of force on subdued individuals.

Respectfully submitted,

Dated: August 2, 2024               LAW OFFICES OF DALE K. GALIPO

                                    /s/ Cooper Alison-Mayne
                                    Dale K. Galipo
                                    Cooper Alison-Mayne
                                    *Attorneys for Plaintiffs*