1   Dean Gazzo Roistacher LLP
    Lee H. Roistacher, Esq. (SBN 179619)
2   Kimberly A. Sullivan, Esq. (317857)
    440 Stevens Avenue, Suite 100
3   Solana Beach, CA  92075
    Telephone:  (858) 380-4683
4   Facsimile:  (858) 492-0486
    E-mail: lroistacher@deangazzo.com
5            ksullivan@deangazzo.com

6   Attorneys for Defendant
    Jeffrey McKee

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10  DEVONTE STEPHENSON,                 Case No.:  5:21−cv−00526−JAK−DTBx
    individually and as successor in
11  interest to Decedent LEROY          **DEFENDANT JEFFREY MCKEE'S**
    STEPHENSON; LINDEN                  **RESPONSE TO PLAINTIFFS'**
12  STEPHENSON, individually and as     **NOTICE OF SUPPLEMENTAL**
    successor in interest to Decedent   **AUTHORITY IN SUPPORT OF**
13  LEROY STEPHENSON;                   **OPPOSITION TO DEFENDANT'S**
    KEANDRE STEPHENSON,                 **SUMMARY JUDGMENT MOTION**
14  individually and as successor in    **[DOC. 91]**
    interest to Decedent LEROY
15  STEPHENSON,

16               Plaintiffs,            Judge: John A. Kronstadt
                                        Mag. Judge David T. Bristow
17       v.
                                        Complaint Filed:  March 24, 2021
18  STATE OF CALIFORNIA;                Trial Date: None set
    COUNTY OF RIVERSIDE; DANE
19  NOREM; JEFFREY MCKEE;
    MATT BORDEN; and DOES 1
20  through 100, inclusive,

21               Defendants.

22

23       Though a case about positional asphyxiation and qualified immunity for

24  Fourth and Fourteenth Amendment claims, *Scott v. Smith*, __4th___, 2024 U.S.

25  App. LEXIS 18786, 2024 WL 3574971(9th Cir. July 30, 2024) does not help

26  plaintiffs.  Indeed, *Scott* is dispositive on defendant Jeffrey McKee's right to

27  qualified immunity for plaintiffs' Fourteenth Amendment claim.  *Id*. at *26-28.

28  ///

                                        1

1    Regarding the Fourth Amendment claim, *Scott* is factually materially

2    different.  Because plaintiffs present no evidence establishing the decedent's

3    death was from positional asphyxiation, *Scott's* Fourth Amendment legal

4    analysis is simply inapplicable.

5    Further, the two officers in *Scott* applying body weight for "one to two

6    minutes" were involved in the incident from the start.  *Id.* at * 7.  Here, McKee

7    arrived at the very end of the incident and held the decedent's legs for 15

8    seconds, and the incident itself presented significantly more danger than in *Scott*

9    given it was occurring on the side of a highway and not at apartment complex.

10   These are very different facts.

11   Second, being a brand-new case, *Scott* cannot constitute clearly established

12   law at the time of the incident.  *Kisela v. Hughes*, 584 U.S. 100, 107 (2018).

13   Though *Scott* does say *Drummond v. City of Anaheim*, 343 F.3d 1052 (9th

14   Cir. 2003) clearly established that "any reasonable officer should have known

15   that bodyweight force on the *back of* a prone, unarmed person who is not

16   suspected of a crime is constitutionally excessive."  *Scott*, 2024 U.S. App.

17   LEXIS 18786, at * 19 (emphasis added).

18   Thus, before *Scott*, no case held it was unconstitutional to put body weight

19   on the legs of a person, much less for 15 seconds at the conclusion of an incident

20   on the shoulder of a highway that the officer was not initially involved in.[1]  *See*

21   *Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000) (qualified immunity

22   requires an individualized analysis of each officer's particular conduct).[2]

23

24   [1] This incident in *Drummond* occurred in a 7-Eleven parking lot.  343 F.3d at
25   1054.

26   [2] That *Scott* did not analyze the individual officers' conduct apart from each other
     as *Cunningham* compels does not mean that analysis need not be done.  A review
27   of the briefing in Scott reveals the defendants never briefed or even proffered
28   that argument but chose to evaluate the officers conduct together, *see* Ninth

2

1    *Drummond* does not stand for this proposition, and the differing facts matter.

2    *See, e.g., Perez v. City of Fresno*, 98 F.4th 919, 926 (9th Cir. 2024) ("While

3    many of the facts in *Drummond* are disturbingly similar to this case, we

4    nonetheless conclude that *Drummond* did not clearly establish the

5    unconstitutionality of the officers' conduct here because this case presents

6    material factual differences."); *see Carley v. Aranas*, 103 F.4th 653, 661 (9th Cir.

7    2024) ("[A] plaintiff must prove that precedent on the books at the time the

8    officials acted would have made clear to them that their actions violated the

9    Constitution.") (simplified).

10

11

12   Dated: August 6, 2024                          Dean Gazzo Roistacher LLP

13

14

                                          By:  */s/ Lee H. Roistacher*
15                                               _____
                                                 Lee H. Roistacher
16                                               Kimberly A. Sullivan
                                                 Attorneys for Defendant
17                                               Jeffrey McKee
                                                 Email:  lroistacher@deangazzo.com
18                                                        ksullivan@deangazzo.com

19

20

21

22

23

24

25

26   _____

27   Circuit Case No. 23-1540, Doc. 9. *Miller v. Fairchild Industries, Inc.*, 797 F.2d
     727, 738 (9th Cir. 1986) (court "will not ordinarily consider matters on appeal
28   that are not specifically and distinctly argued in appellant's opening brief").

Case No.:  5:21−cv−00526−JAK−DTBx