**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Email: dalekgalipo@yahoo.com
          cmayne@galipolaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>                    Plaintiffs,<br>     v.<br><br>STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,<br><br>                    Defendants. | Case No.: 5:21-cv-00526-JAK-KK<br>*Judge: Honorable John A. Kronstadt*<br>*Mag.: Kenly Kiya Kato*<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT MCKEE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed:  March 24, 2021<br>Trial Date: None set |

*Spencer v. Pew*, No. 21-15521, ___ F.4th ____, 2024 WL 4297515 (9th Cir. Sep. 16, 2024) does not support Defendant McKee's Motion for Summary Judgment in this case.

The holding in Spencer hinged on the court's view that alleged integral participants did not act as part of a common plan with the officer who used excessive force in that case. Here, however, it is clear that McKee not only acted as part of a common plan to keep the decedent prone, but that *McKee told Officer Norem they needed a strap to hobble the decedent and ordered a citizen to sit on*

-1-
**PLAINTIFFS' RESPONSE TO DEFENDANT MCKEE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

*the decedent's legs*. A reasonable jury could conclude that McKee and Officer Norem formulated a plan to keep the decedent restrained in a prone position with weight on his body until the hobble could be applied, and such continued restraint was unconstitutional.

The most relevant case here is *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). Cases like *Spencer v. Pew* and *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022) should not be interpreted as casting doubt on the law established in *Blankenhorn*. A three-judge panel cannot overrule or reconsider a published panel decision; en banc review is required for that. *United States v. Rodriguez-Lara*, 421 F.3d 932, 942-43 (9th Cir. 2005); *Obrey v. Johnson*, 400 F.3d 691, 699-701 (9th Cir. 2005). Therefore, *Blankenhorn* remains good law, and as previously argued, this case presents a stronger case for integral participation than was present there. *See* ECF No. 65 at 14 and ECF No. 80 at 13. Despite multiple opportunities to address this issue, McKee has failed to respond to Plaintiffs' arguments related to *Blankenhorn*. *See* ECF Nos. 64, 72, 79, 92, and 93.

Dated: October 4, 2024            LAW OFFICES OF DALE K. GALIPO

/s/ *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

-2-
**PLAINTIFFS' RESPONSE TO DEFENDANT MCKEE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**