Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: lroistacher@deangazzo.com
          ksullivan@deangazzo.com

Attorneys for Defendant
Jeffrey McKee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 5:21−cv−00526−JAK−DTBx <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JEFFREY MCKEE'S MOTION TO STAY** <br><br> Date: March 3, 2025 <br> Time: 8:30 a.m. <br> Courtroom: 10B <br> Judge: John A. Kronstadt <br> Mag. Judge David T. Bristow <br><br> Complaint Filed: March 24, 2021 <br> Trial Date: None set |

///

///

///

///

///

///

1

1

# TABLE OF CONTENTS

INTRODUCTION……………………………………………………...…5

ARGUMENT………………………………………………………………6

A.    This Court Lacks Jurisdiction To Proceed On All Plaintiffs' Claims
      Against McKee While His Appeal Is Pending Because All Plaintiffs'
      Remaining Claims Against McKee Involve The Exact Same Conduct
      As The § 1983 Claim On Appeal…………………………………………6

B.    Even If This Court Has Jurisdiction Over The Remaining State Law
      Claims Against McKee, It Should Stay Those Claims While The
      Appeal Is Pending……………………………………………………8

      1.    Standard……………………………………………………8

      2.    Analysis……………………………………………………9

CONCLUSION……………………………………………………...…11

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1                       **TABLE OF AUTHORITIES**

2      **Cases**

3      *Ashcroft v. Iqbal*
         556 U.S. 662 (2009)……………………………………………………….9

4

5      *Behrens v. Pelletier*
         516 U.S. 299 (1996)……………………………………………….…9

6      *City of L.A. v. Santa Monica BayKeeper*
         254 F.3d 882 (9th Cir. 2001)……………………………………………6

7

8      *Chuman v. Wright*
         960 F.2d 104 (9th Cir. 1992)……………………………………………6

9      *CMAX, Inc. v. Hall*
         300 F.2d 265 (9th Cir. 1962)………………………………………10, 11

10

11      *David v. Betts*
         2021 U.S. Dist. LEXIS 108276 (D. Haw. June 9, 2021)………………….7

12      *Elena v. City of L.A.,*
         2024 U.S. Dist. LEXIS 49884 (C.D. Cal. Mar. 19, 2024) .....................6, 8

13

14      *Griggs v. Provident Consumer Disc. Co.*
         459 U.S. 56 (1982)……………………………………………….…6, 7

15      *Gustavson v. Mars, Inc.*
         2014 U.S. Dist. LEXIS 171736 (N.D. Cal. Dec. 10, 2014)……………...10

16

17      *Hernandez v. City of San Jose*,
         2017 U.S. Dist. LEXIS 73803 (N.D. Cal. May 15, 2017)……………...9

18      *Johnson v. City of Mesa*
         2022 U.S. Dist. LEXIS 7870 (D. Ariz. Jan. 14, 2022)……………………9

19

20      *J. P. v. Cty. of Alameda*
         2018 U.S. Dist. LEXIS 136651 (N.D. Cal. Aug. 13, 2018)………………7

21      *Kimberly Long v. Thomas Wks.*
         2023 U.S. Dist. LEXIS 211585 (C.D. Cal. Mar. 16, 2023)………….10, 11

22

23      *Kingdom of Swed. v. Melius*
         2015 U.S. Dist. LEXIS 159614 (C.D. Cal. Nov. 25, 2015)…………....…11

24      *Landis v. North Am. Co.*
         299 U.S. 248 (1936)…………………………………………………8

25

26      *Lockyer v. Mirant Corp.*
         398 F.3d 1098 (9th Cir. 2005)…………………………………….…8

27      *Matlow v. Fandom, Inc.*
         2022 U.S. Dist. LEXIS 215177 (C.D. Cal. July 7, 2022)…………………8

28

3

*May v. Sheahan*
    226 F.3d 876 (7th Cir. 2000)……………………………………………………8

*Peck v. Cty. of Orange*
    528 F. Supp. 3d 1100 (C.D. Cal. 2021)………………………..……6, 8, 10

*Perkins v. City of Anaheim*
    2022 U.S. Dist. LEXIS 127884 (C.D. Cal. Feb. 2, 2022)……..……….9, 10

*Rico v. Beard*
    2019 U.S. Dist. LEXIS 148656 (E.D. Cal. Aug. 29, 2019)……………….9

*Rodriguez v. Cty. of L.A.*
    891 F.3d 776 (9th Cir. 2018)…………………………………………………6

*Sweet v. City of Mesa*
    2022 U.S. Dist. LEXIS 57038 (D. Ariz. Mar. 28, 2022)..........................10

*United States v. Pitner*
    307 F.3d 1178 (9th Cir. 2002)………………………………………………6

*Wilson v. City of L.A.*
    2021 U.S. Dist. LEXIS 262688 (C.D. Cal. Mar. 12, 2021)……………….7

**Statutes**

42 U.S.C. § 1983………………………………………………………...*Passim*

**INTRODUCTION**

On behalf of decedent Leroy Stephenson, plaintiffs' complaint asserted claims against CHP Officer Jeffrey McKee under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment (third claim for relief). *See* Doc. No. 1, p. 17. On their own behalf, plaintiffs asserted a § 1983 claim for interference with the familial relationship in violation of the Fourteenth Amendment (fourth claim for relief). *Id.,* p. 18. Plaintiffs also maintain on their own behalf a state law wrongful death claim against McKee and a negligence claim on Leroy's behalf (first and second claims for relief). *Id.*, pp. 16-17.

On January 2, 2025, this Court granted in part and denied McKee's summary judgment motion in part. *See* Doc. 96. Finding qualified immunity, the Court granted McKee summary judgment as to the § 1983 Fourteenth Amendment based interference with the familial relationship claim (fourth claim for relief). *Id.*, pp. 22, 26. Declining to find qualified immunity, the Court denied McKee summary judgment on the § 1983 Fourth Amendment excessive force claim based on McKee's own use of force and under theories of failure to intervene and integral participation in the use of force by CHP Officer Dane Norem (third claim for relief). *Id.*, pp. 9-20, 26. The Court granted McKee summary judgment on the state law claims based on a delay in providing medical care and ordering a civilian to sit on the decedent's legs but denied the motion as to the portions of the claims involving unreasonable force. *Id.*, pp. 22-26.

Thus, the claims remaining against McKee for trial after the summary judgment motion are force-based claims under § 1983 and state law.

On January 7, 2025, McKee appealed the denial of qualified immunity on the § 1983 Fourth Amendment excessive force claim. Doc. 97.

The appeal divests this Court of jurisdiction over the sole remaining § 1983 claim against McKee while the appeal is pending. But it also divests the Court of jurisdiction over the state law claims because those claims are entirely

5

1 based on the same conduct underlying the § 1983 claim on appeal and allowing

2 them to proceed in any fashion interferes with the issues on appeal – the use of

3 force by McKee or the failure to intervene in Norem's use of force.

4       Even if this Court maintains jurisdiction over plaintiffs' force-based state

5 law claims against McKee, the Court should exercise its discretion to stay these

6 claims pending resolution of McKee's appeal of the force-based § 1983 claims.

7 Allowing plaintiffs' factually intertwined force-based state law claims to proceed

8 while the § 1983 appeal is pending undermines the purpose of qualified

9 immunity, creates a hardship on McKee and wastes judicial and party resources.

10 **ARGUMENT**

11 **A.    This Court Lacks Jurisdiction To Proceed On All Plaintiffs' Claims Against McKee While His Appeal Is Pending Because All Plaintiffs' Remaining Claims Against McKee Involve The Exact Same Conduct As The § 1983 Claim On Appeal**

12

13

14       '"The filing of a notice of appeal is an event of jurisdictional significance -

15 it confers jurisdiction on the court of appeals and divests the district court of its

16 control over those aspects of the case involved in the appeal.'" *Rodriguez v. Cty.*

17 *of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018) (quoting *Griggs v. Provident Consumer*

18 *Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also Elena v. City of L.A.,* 2024 U.S. Dist.

19 LEXIS 49884, at *2-3 (C.D. Cal. Mar. 19, 2024).  This includes interlocutory

20 appeals. *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir.

21 2001); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).  The district court,

22 however, "retains jurisdiction to address aspects of the case that are not the subject

23 of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002).

24       '"Most courts have construed the "subject of the appeal" to include the

25 claims subject to the immunity defense. The district court thus loses jurisdiction

26 of not only the immunity defense but also of those underlying claims.'"  *Peck v.*

27 *Cty. of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021) (citation omitted);

28

*see J. P. v. Cty. of Alameda*,  2018 U.S. Dist. LEXIS 136651, at *3 (N.D. Cal. Aug. 13, 2018) ("The filing of an interlocutory appeal of a court's denial of qualified immunity automatically divests the court of jurisdiction to proceed with trial on the issues involved in the appeal."); *see also Wilson v. City of L.A.*, 2021 U.S. Dist. LEXIS 262688, at *9 (C.D. Cal. Mar. 12, 2021) (staying proceedings on § 1983 claims because court was "automatically divested of jurisdiction to proceed with trial" while appeal pending).

Because McKee has appealed this Court's denial of his qualified immunity-based summary judgment motion as to plaintiffs' § 1983 force-based claim (third claim for relief), this Court is accordingly divested of jurisdiction to proceed on that claim until the appeal is resolved.  *Griggs*, 459 U.S. at 58; *David v. Betts*, 2021 U.S. Dist. LEXIS 108276, at *10-11 (D. Haw. June 9, 2021) ("The court views *Griggs* as precluding any further pre-trial proceedings against Kaulukukui that involve qualified immunity—which necessarily include discovery and other burdens of litigation regarding whether she could have violated Plaintiffs' constitutional rights—because 'those aspects of the case [are] involved in the appeal.'") (quoting *Griggs*, 459 U.S. at 58).

And because plaintiffs state law claims involve the same conduct as the § 1983 force-based claim on appeal, allowing plaintiffs to proceed to trial against McKee on their "state-law claim[s] would necessarily encroach upon the (now-stayed) federal claim[]—it would improperly interfere with 'those aspects of the case involved in the appeal.'" *David*, 2021 U.S. Dist. LEXIS 108276, at *12 (quoting *Griggs*, 459 U.S. at 58).  Indeed, the Court denied summary judgment on the state law force claims because it denied summary judgment on the § 1983 force claims.  Doc. 96, pp. 23, 25,

///

///

///

**B.    Even If This Court Has Jurisdiction Over The Remaining State Law
Claims Against McKee, It Should Stay Those Claims While The
Appeal Is Pending**

**1.    Standard**

"District courts have inherent authority to stay proceedings before them.
The power to stay is incidental to the power inherent in every court to control the
disposition of the causes on its docket with economy of time and effort for itself,
for counsel and for litigants.  Further, every court has the power to manage the
cases on its docket and to ensure a fair and efficient adjudication of the matter at
hand.  The decision whether to stay a civil action is left to the sound discretion of
the district court."  *Peck*, 528 F. Supp. 3d at 1105 (simplified).  Indeed, "district
courts have discretion "'to stay an entire case pending the resolution of [an
interlocutory qualified immunity] appeal.'"  *Elena*, 2024 U.S. Dist. LEXIS
49884, at *3 (original bracketed test) (quoting *May v. Sheahan*, 226 F.3d 876,
880 n.2 (7th Cir. 2000)).

As one court explained:

> Where it is proposed that a pending proceeding be stayed, the
> competing interests which will be affected by the granting or
> refusal to grant a stay must be weighed. Among these
> competing interests are [1] the possible damage which may
> result from the granting of a stay, [2] the hardship or inequity
> which a party may suffer in being required to go forward, and
> [3] the orderly course of justice measured in terms of the
> simplifying or complicating of issues, proof, and questions of
> law which could be expected to result from a stay.  The
> proponent of a stay bears the burden of establishing its need.

*Matlow v. Fandom, Inc.*, 2022 U.S. Dist. LEXIS 215177, at *23-24 (C.D. Cal.
July 7, 2022) (simplified; *see also Landis v. North Am. Co.*, 299 U.S. 248, 254,
(1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

///

///

///

8

## 2.    Analysis

McKee will "face significant hardship and inequity in having to proceed to trial on some, but not all, of [plaintiffs'] claims against [him]." *Perkins v. City of Anaheim*, 2022 U.S. Dist. LEXIS 127884, at \*7 (C.D. Cal. Feb. 2, 2022). Indeed, staying state law claims furthers the purpose of qualified immunity; that is, eliminating the burdens of litigation. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation ….'"); *see Johnson v. City of Mesa*, 2022 U.S. Dist. LEXIS 7870, at \*5 (D. Ariz. Jan. 14, 2022) ("The Court finds that a stay will serve the purpose of qualified immunity to avoid trial and the burdens of pretrial matters. *Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996).").

Without a stay pending resolution of McKee's qualified immunity appeal, McKee faces the same litigation burdens qualified immunity is designed to prevent. *Rico v. Beard*, 2019 U.S. Dist. LEXIS 148656, at \*6 (E.D. Cal. Aug. 29, 2019) ("A stay of pretrial proceedings on the underlying claims is necessary to give effect to the purposes of the qualified immunity doctrine.").   This is why courts routinely stay state law claims when they are based on the same allegedly unconstitutional conduct underlying the § 1983 claim on appeal. *See, e.g., Hernandez v. City of San Jose*, 2017 U.S. Dist. LEXIS 73803, at \*46 (N.D. Cal. May 15, 2017) (staying state law claim pending qualified immunity appeal: "[I]f the Court did not stay the negligence claim, the parties would be forced to take discovery on and litigate the individual police officers' conduct, and eventually the Court and the jury would have to evaluate that conduct, even though that same conduct is the subject of the City Defendants' appeal."); *Johnson*, 2022 U.S. Dist. LEXIS 7870, at \*6 ("If the Court were to proceed to trial on … the state law claims, the Court and jury would likely have to evaluate the individual officers' conduct, even though that same conduct is the subject of the

9

1  interlocutory appeal. Confronted with this issue in similar cases, courts have
2  found that a stay would simplify the issues on other pending claims and mitigate
3  the risk of duplicative trials.").

4     Thus, a stay of *all claims* "is in the interest of 'economy of time and effort
5  [for the Court], for counsel, and for litigants,' and also would 'ensure a fair and
6  efficient adjudication of the matter at hand.'" *Peck*, 528 F. Supp. 3d at 1107
7  (citations omitted, bracketed text in original).  To be sure, "the orderly course of
8  justice requires that the jury decide all facts determining liability on all of
9  [plaintiffs'] claims in the same trial. Moreover, to allow some, but not all, of the
10  claims at issue in this action to proceed would be extremely inefficient and result
11  in two almost entirely duplicative trials." *Perkins,* 2022 U.S. Dist. LEXIS
12  127884, at *8; *see also Kimberly Long v. Thomas Wks.*,  2023 U.S. Dist. LEXIS
13  211585, at *9 (C.D. Cal. Mar. 16, 2023) (staying federal and state claims:
14  "[T]he court finds that the orderly course of justice weighs in favor of staying the
15  case because trying only some of the related claims would not promote judicial
16  economy 'in terms of the simplifying or complicating of issues, proof, and
17  questions of law.'") (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
18  1962)); *see also Gustavson v. Mars, Inc.*, 2014 U.S. Dist. LEXIS 171736, at *10
19  (N.D. Cal. Dec. 10, 2014) ("considerations of judicial economy are highly
20  relevant" in a stay analysis).

21     On the other hand, staying plaintiffs' state law claims poses no significant
22  hardship to them.  They cannot proceed with the only remaining § 1983 claim
23  against McKee until the appellate proceedings are concluded because this Court
24  lacks jurisdiction over that claim.  Thus, plaintiff suffers no *additional* hardship
25  if the Court stays the state law claims.  *Sweet v. City of Mesa*, 2022 U.S. Dist.
26  LEXIS 57038, at *7-8 (D. Ariz. Mar. 28, 2022) ("Staying proceedings would not
27  cause excessive harm to Plaintiff. Regardless of whether proceedings are stayed,
28  she will be unable to try her federal claims against Defendants Brailsford and

10

Langley until the Ninth Circuit rules on their appeals because the Court has been divested of jurisdiction."); *see also Long*, 2023 U.S. Dist. LEXIS 211585, at *8 ("The court further finds that granting a stay would cause only minimal harm to Plaintiff because resolution of the Section 1983 claims is necessarily delayed pending the outcome of the appeal.").  Delay in the recovery of monetary damages is not a hardship relevant to the stay analysis.  *Kingdom of Swed. v. Melius*, 2015 U.S. Dist. LEXIS 159614, at *7 (C.D. Cal. Nov. 25, 2015) (citing *CMAX,* 300 F.2d at 268-69).

## CONCLUSION

This Court should stay the entire case against McKee because his appeal divests this Court of jurisdiction to proceed on the only § 1983 claim against him and likewise divests this Court of jurisdiction to proceed on plaintiffs' state law claims because further proceedings would interfere with the matter on appeal as the § 1983 and state law claims are based on the exact same conduct.

Even if jurisdiction exists over plaintiffs' state law claims against McKee, this Court should stay the entire case against him because not doing so thwarts the purpose of qualified immunity, prejudices McKee and further wastes judicial and party resources.


Dated: January 24, 2025                    Dean Gazzo Roistacher LLP



By:  */s/ Lee H. Roistacher*
             Lee H. Roistacher
             Kimberly A. Sullivan
             Attorneys for Defendant
             Jeffrey McKee
             Email:  lroistacher@deangazzo.com
                          ksullivan@deangazzo.com

///

11

Case No.:  5:21−cv−00526−JAK−DTBx

1

## **CERTIFICATION OF COMPLIANCE**

2     The undersigned, counsel of record for Defendant Jeffrey McKee, certifies

3  that this Motion to Stay contains 2,203 words, which:

4     __X__ complies with the word limit of L.R. 11-6.1.

5     _____ complies with the word limit set by court order dated [date].

6

7  Dated: January 24, 2025              */s/ Lee H. Roistacher*_____

8                                         Lee H. Roistacher, declarant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  5:21−cv−00526−JAK−DTBx