**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: dalekgalipo@yahoo.com
cmayne@galipolaw.com

*Attorneys for All Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,

Plaintiffs,

v.

STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,

Defendants.

Case No.: 5:21-cv-00526-JAK-KK

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE ALL FEDERAL CLAIMS AGAINST DEFENDANT MCKEE**

Date: March 24, 2025
Time: 8:30 a.m.
Courtroom: 10B
Judge: John A. Kronstadt
Mag. Judge David T. Bristow

Complaint Filed: March 24, 2021
Trial Date: None set

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff respectfully request that all remaining federal claims against Defendant McKee be dismissed with prejudice.

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to grant such a dismissal "is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 670 F.2d 143, 145 (9th Cir. 1982). Such a dismissal is generally permitted unless the defendant will suffer "plain legal prejudice" as a consequence of dismissal. *Id.*

Here, Defendant McKee will suffer no legal prejudice from Plaintiffs' voluntary dismissal of the federal claims against him. To the contrary, dismissal would reduce the claims he faces in this litigation, thereby streamlining the case against him and limiting his potential exposure. Additionally, in the event Plaintiffs prevail, McKee will not be responsible for paying Plaintiffs' attorneys' fees under 42 U.S.C. § 1988, as he would have been under the federal claim. Under state law, attorneys' fees are only available if Plaintiffs prevail on their Bane Act claim in addition to their battery or negligence claims. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1041 (9th Cir. 2018) (noting that the Bane Act requires proof of coercion or threats). Given the difficulty of prevailing under the Bane Act, the dismissal of the federal claims substantially benefits McKee rather than prejudicing him.

The Court has jurisdiction to dismiss the claims, despite McKee's active appeal. An interlocutory appeal typically "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, the divestiture of jurisdiction rule is a judge-made doctrine, not based on statutes or procedural rules, created in civil appeals to prevent confusion or *wasted time* from simultaneous

consideration of the same issues by two courts. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (citing *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). Judge made jurisdictional doctrines like this are "more accurately characterized as 'mandatory claim-processing rules' that may be applied in a 'less stern' manner than true jurisdictional rules." *Id*. (citing *Claiborne*, 727 F.2d at 850).

Given the flexibility of the divestiture doctrine, the Court should recognize that the greatest waste of time and judicial resources would be allowing McKee to pursue a lengthy appeal solely to obtain a result that Plaintiffs are already conceding to him today.

Further, courts maintain jurisdiction over claims even after an appeal has been filed insofar as the appeal is frivolous. *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021). Plaintiffs' willingness to voluntarily dismiss the federal claim against McKee makes his appeal frivolous. McKee is pursuing appellate review of the Court's denial of qualified immunity on the federal claims against him, yet Plaintiffs are already prepared to abandon the very claims at issue. This means the appellate court no longer needs to decide whether the claim should proceed, making the appeal legally pointless.

Although not relevant to the merits of this motion, Plaintiffs' counsel wishes to inform the Court that the decision to dismiss the federal claims at this stage was driven by Plaintiffs' desire to avoid unnecessary delay. Upon learning that McKee intended to appeal and that the appellate process could take two years or more, Plaintiffs instructed counsel that they did not want to postpone the resolution of this case and preferred to proceed with their remaining claims without awaiting the outcome of a lengthy appeal.

Plaintiffs' counsel has engaged in multiple meet-and-confer discussions with McKee's counsel in an effort to reach a stipulated dismissal of the federal claims.

However, despite these efforts, the parties were unable to come to an agreement, necessitating the filing of this motion.

For these reasons, the Court should grant Plaintiffs' motion for voluntary dismissal, as it imposes no legal prejudice on McKee, eliminates unnecessary litigation, and serves the interests of judicial economy.

DATED: February 21, 2025

LAW OFFICES OF DALE K. GALIPO

By */s/Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff*