Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail: lroistacher@deangazzo.com
        ksullivan@deangazzo.com

Attorneys for Defendant
Jeffrey McKee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-00526-JAK-DTBx<br><br>**DEFENDANT JEFFREY MCKEE'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS FEDERAL CLAIMS [DOC. 105]**<br><br>Date:       March 24, 2025<br>Time:       10:30 a..m.<br>Courtroom:  10B<br>Judge:      John A. Kronstadt<br>Mag. Judge: David T. Bristow<br><br>Complaint Filed:  March 24, 2021<br>Trial Date: None set |

## INTRODUCTION

Under Federal Rule of Civil Procedure 41(a)(2), plaintiffs move to dismiss their third claim for relief against defendant McKee – a 42 U.S.C. § 1983 claim asserting Fourth Amendment violations.  *See* Doc. 1, pp. 9, 17.

This Court must deny the motion.

Because McKee has appealed this Court's order denying his qualified immunity-based summary judgment motion on that claim, this Court lacks jurisdiction over it and cannot dismiss it.[1]

## RELEVANT PROCEDURAL BACKGROUND

On January 2, 2025, this Court granted in part and denied McKee's summary judgment motion in part. *See* Doc. 96. Finding qualified immunity, the Court granted McKee summary judgment as to the § 1983 Fourteenth Amendment based interference with the familial relationship claim (fourth claim for relief). *Id.*, pp. 22, 26. Declining to find qualified immunity, the Court denied McKee summary judgment on the § 1983 Fourth Amendment excessive force claim (third claim for relief). *Id.*, pp. 9-20, 26.

On January 7, 2025, McKee appealed the denial of qualified immunity on the § 1983 Fourth Amendment excessive force claim. Doc. 97.

## ARGUMENT

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its

---

[1] Because this Court lacks jurisdiction to dismiss the claim, McKee's reasons for not wanting the claim dismissed are not germane. However, McKee provides some reasoning. McKee would agree to a complete dismissal from the case, but the limited dismissal plaintiffs want does not get McKee out of the case because a negligence claim remains against him. Because McKee is being indemnified by his employer and faces no personal liability, McKee gets nothing through the dismissal. Further, McKee has a right to have the Ninth Circuit review this Court's determination on whether the undisputed facts show a clearly established Fourth Amendment violation. And a decision from the Ninth Circuit will provide clarity to officers in positional asphyxiation situations on whether contact with areas of the body other than the back or neck can violate the Fourth Amendment. Perhaps this is something counsel does not want. Moreover, if McKee prevails at the Ninth Circuit by showing the absence of unreasonable force, then McKee should prevail on the negligent claims against him. *See* Doc. 96 (denying summary judgment on negligent force claim because denying on Fourth Amendment claim).

control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "That *Griggs* principle reflects a longstanding tenet of American procedure." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023).

Although retaining "jurisdiction to address aspects of the case that are not the subject of the appeal," *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002), the district court "loses jurisdiction of not only the immunity defense but also of those underlying claims,'" *Peck v. Cty. of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021) (quoting *Andrade Rico v. Beard*, 2019 U.S. Dist. LEXIS 148656, * 5, 2019 WL 4127206 (E.D. Cal. Aug. 30, 2019)).

Because of McKee's appeal, jurisdiction over plaintiffs' third claim for relief – the claim plaintiffs want this Court to dismiss – lies entirely with the Ninth Circuit. *Griggs*, 459 U.S. at 58; *see also Coinbase*, 599 U.S. at 740 ("'In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal'"). Dismissing it would interfere with the "subject of the appeal." *Pitner*, 307 F.3d at 1183 n.5.

This Court accordingly lacks jurisdiction to dismiss that claim. *See United Auto. Ins. Co. v. Christensen*, 2022 U.S. Dist. LEXIS 94622, at *2, 2022 WL 1692798 (D. Nev. May 25, 2022) ("Although I find that Nevada law likely doesn't recognize barratry as a claim, I cannot now dismiss it because this court lacks jurisdiction over the barratry claim while the Ninth Circuit considers defendants' pending appeal of two of my recent orders.").

None of plaintiffs' authority alter the conclusion regarding this Court's absence of jurisdiction over the third claim for relief.[2] *Rodriguez v. Cty. of L.A.*,

---

[2] Plaintiffs' argument regarding the Bane Act is curious because no Bane Act claim exists. *See* Doc. 1, pp. 9-22.

891 F.3d 776 (9th Cir. 2018) certainly does not. *Rodriguez* confirms the absence of jurisdiction and that it is error for a district court ignore the jurisdictional impediment.³ *Id.* at 790-92.

And plaintiffs having to wait for the completion of McKee's appeal before they can get to trial is something of their own making. Plaintiffs alleged constitutional claims against the other defendant (who did not move for summary judgment) and thus did not have to allege much weaker constitutional claims against McKee. Plaintiffs could have dismissed the federal claims against McKee at any time. Yet they chose to wait to see how this Court ruled, knowing that McKee would immediately appeal an adverse ruling on qualified immunity. It is only now that they want to dismiss the claim against McKee.

## CONCLUSION

Without jurisdiction to do so, this Court must deny plaintiffs' motion to dismiss the third claim for relief.

Dated: March 3, 2025                                  Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*
Lee H. Roistacher
Kimberly A. Sullivan
Attorneys for Defendant
Jeffrey McKee
Email: lroistacher@deangazzo.com
ksullivan@deangazzo.com

---

³ The exception to the jurisdictional bar is when the district court certifies the interlocutory appeal as frivolous. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Rather than moving this Court to deem McKee's appeal frivolous, plaintiffs did not oppose McKee's stay motion. *See* Doc. 104.