**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: dalekgalipo@yahoo.com
　　　　cmayne@galipolaw.com

*Attorneys for All Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,<br><br>Defendants. | Case No.: 5:21-cv-00526-JAK-KK<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS FEDERAL CLAIMS**<br><br>Date: March 24, 2025<br>Time: 8:30 a.m.<br>Courtroom: 10B<br>Judge: John A. Kronstadt<br>Mag. Judge David T. Bristow<br><br>Complaint Filed: March 24, 2021<br>Trial Date: None set |

The Court has the power to dismiss Plaintiffs' federal claims against Defendant Jeffrey McKee, and dismissal is appropriate here because it imposes no legal prejudice on McKee, streamlines the litigation, eliminates unnecessary appellate proceedings, and serves the interests of judicial economy. Defendants McKee and the State of California are attempting to use the threat of a lengthy and costly appeal to pressure Plaintiffs to drop *all* claims against McKee, but their

tactics are not supported by the law, and this type of gamesmanship should not be rewarded.

In their opposition brief, Defendants treat the divestiture doctrine as an inflexible jurisdictional rule that robs this Court of any power over this case, but that is incorrect. First, the divestiture doctrine does not divest the Court of all authority over the case. The Court is specifically divested of its authority "**to proceed with trial** pending appeal." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Here, Plaintiffs are asking to drop all federal claims against McKee, not to take those claims to trial. Therefore, the divestiture doctrine does not apply.

Furthermore, in *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018), the Ninth Circuit explained that the divestiture doctrine *is not* a jurisdictional rule and should be applied "in a 'less stern' manner" than true jurisdictional rules. *Id.* The Court should take into consideration that the entire purpose of this judge made doctrine is to avoid "uncertainty and waste" that would be caused by going to trial on a case that the Ninth Circuit is considering granting qualified immunity on. *Rodriguez*, 891 F.3d at 790–91 (9th Cir. 2018). But here, the concerns are reversed, as Plaintiffs are offering certainty (a dismissal of all federal claims against McKee with prejudice), while McKee is seeking uncertainty (an appeal that could result in either party's favor). Moreover, continuing to litigate a case that Plaintiffs are willing to dismiss is an unnecessary waste of resources for all parties, including the Court.

These arguments are even stronger in the context of qualified immunity, where the purpose of allowing interlocutory appeal is to save officers from having to "stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Given that Plaintiffs seek to dismiss all federal claims against McKee, none of the reasons for applying the divestiture doctrine is present here.

Accordingly, Plaintiffs assert that the divestiture doctrine does not apply and that the Court should dismiss all federal claims against Defendant McKee.

However, if the Court believes that the divestiture doctrine does apply in the first instance, the Court should apply the exception for frivolous appeals. As discussed in the subject motion, the Court retains jurisdiction over the claims against McKee because "Plaintiffs' willingness to voluntarily dismiss the federal claims against McKee makes his appeal frivolous." ECF No. 105-1 at 3:11–18. Defendants offer no counterargument.[1] In creating this exception to the divestiture doctrine the Ninth Circuit explained that it was concerned that the "appeals process might be abused to run up an adversary's costs or to delay trial." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018). Here, where Plaintiffs no longer seek to pursue the claims being appealed, an interlocutory appeal delays the trial and runs up costs for no reason. Therefore, the Court should certify the appeal as frivolous and dismiss the federal claims.

DATED:  March 10, 2025        LAW OFFICES OF DALE K. GALIPO

By /s/Cooper Alison-Mayne
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

---

[1] By failing to provide an opposing argument, Defendants' have effectively conceded this point. Rogers Enterprises, Inc. v. Hitachi Sols. Am., Ltd., No. SACV21913PSGJDEX, 2022 WL 1410000, at *8 (C.D. Cal. Jan. 18, 2022)