UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:21-CV-00526-JAK (DTBx) | Date | March 27, 2025 |
| Title | Devonte Stephenson, et al. v. State of California, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE ALL FEDERAL CLAIMS AGAINST DEFENDANT MCKEE (DKT. 105)**

**I.    Introduction**

On December 18, 2019, Plaintiffs Devonte Stephenson, Keandre Stephenson, Linden Stephenson (collectively, "Plaintiffs"), the surviving sons of Leroy Stephenson ("Stephenson"), filed the present action against the State of California and Does 1–20 in the Riverside Superior Court. Dkt. 1 at 28–38. The action arose out of an incident in which their father died as a result of an interaction with certain law enforcement officers.

On February 8, 2021, Plaintiffs filed a First Amended Complaint ("FAC"). Dkt. 1 at 8–21. The FAC included additional allegations regarding the incident. It advanced six causes of action against the State of California ("State"), the County of Riverside ("County"), Dane Norem ("Norem"), Jeffrey McKee ("McKee"), Matthew Borden ("Borden"), and Does 1–20 (collectively, "Defendants"). Dkt. 1 at 13–21 ¶¶ 15–30, 31–69. Those six causes of action are as follows:

    1.    Wrongful Death (Cal. Common Law and Cal. Code Civ. Proc § 377.60, against Norem, McKee, and Does

    2.    Negligence (Cal. Civ. Code § 1714), against Norem, McKee, and Does

    3.    Fourth Amendment – Excessive Force (42 U.S.C. § 1983), against Norem, McKee, Borden, and Does

    4.    Fourth and Fourteenth Amendment – Loss of Parent-Child Relationship Without Due Process (42 U.S.C. § 1983), against Norem, McKee, Borden, and Does

    5.    Fourteenth Amendment – Deprivation of Life Without Due Process (42 U.S.C. § 1983), against Norem, McKee, Borden, and Does

    6.    Municipal Liability – Failure to Train (42 U.S.C. § 1983), against the County

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:21-CV-00526-JAK (DTBx) | Date | March 27, 2025 |
|---|---|---|---|
| Title | Devonte Stephenson, et al. v. State of California, et al. | | |

*Id.* at 15–21 ¶¶ 31–69.

On March 24, 2021, Norem and McKee, with the consent of the State, removed the action, based on federal question jurisdiction. Dkt. 1 at 2; Dkt. 1 at 6 ¶ 24.

On February 3, 2023, all claims against the County and Borden were dismissed with prejudice pursuant to a stipulation among the parties. Dkt. 42. On September 14, 2023, the Fifth Cause of Action as asserted against McKee, and Plaintiffs' claim for punitive damages against him, were dismissed with prejudice pursuant to a stipulation among the parties. Dkt. 62.

On September 25, 2023, McKee filed a Motion for Summary Judgment as to all remaining claims against him, Dkt. 64, which was granted-in-part and denied-in-part, Dkt. 96. Summary judgment was denied as to the First Cause of Action, the Second Cause of Action, and the Third Cause of Action. Dkt. 96. Summary judgment was granted as to the Fourth Cause of Action. Dkt. 96.

On January 7, 2025, McKee filed a notice of appeal to the Ninth Circuit as to denial of his claimed qualified immunity defense as to the Third Cause of Action for Excessive Force in violation of the Fourth Amendment. Dkt. 97. On January 24, 2025, McKee filed a Motion to Stay Case Pending Resolution of Interlocutory Appeal to the Ninth Circuit ("Motion to Stay"). Dkt. 103. On February 13, 2025, Plaintiffs filed a notice of non-opposition to the Motion to Stay, which was premised on the Motion to Stay being moot in light of their anticipated, forthcoming motion to dismiss the federal claim against McKee. Dkt. 104. On February 21, 2025, Plaintiffs filed a Motion to Voluntarily Dismiss with Prejudice All Federal Claims Against Defendant McKee ("Motion to Partially Dismiss"). Dkt. 105.

On March 3, 2025, a hearing was held on the Motion to Stay. Dkt. 111. At the hearing, McKee's counsel stated that his client would oppose the Motion to Partially Dismiss. Accordingly, a ruling on the Motion to Stay was deferred until the Motion to Partially Dismiss was resolved. *Id.* The parties were directed to submit briefing as to those issues. On March 3, 2025, McKee filed an opposition to the Motion to Partially Dismiss. Dkt. 107. On March 10, 2025, Plaintiffs filed their reply. Dkt. 110.

A hearing in the Motion to Partially Dismiss was held on March 24, 2025, and the matter was taken under submission. For the reasons stated in this Order, the Motion to Partially Dismiss is **GRANTED**. The Motion to Stay is **DENIED AS MOOT**.

**II.     Background**

The factual and procedural history of this action are stated in the January 2, 2025, Summary Judgment Order. *See* Dkt. 96. That discussion is incorporated here by this reference.

**III.    Analysis**

Plaintiffs request the dismissal of the sole federal claim against McKee -- the Third Cause of Action for violation of the Fourth Amendment -- pursuant to Fed. R. Civ. P. 41(a)(2). Dkt. 105-1 at 2.

    A.     Legal Standards

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:21-CV-00526-JAK (DTBx) | Date | March 27, 2025 |
| Title | Devonte Stephenson, et al. v. State of California, et al. | | |

      1.      <u>Divesture Doctrine</u>

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The "divestiture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) (citations omitted). The Supreme Court has since clarified that "'jurisdictional' rules derived from sources other than Congress are more accurately characterized as 'mandatory claim-processing rules' that may be applied in a 'less stern manner' than true jurisdictional rules." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19, 20 (2017)).

The Ninth Circuit has created an exception to the "divestiture rule." *Rodriguez*, 891 F.3d at 790. "Recognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial, we have authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived." *Id.* at 790–91. One example of the exception is an appeal of the denial of qualified immunity. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." *Wilcox v. Comm'r*, 848 F.2d 1007, 1009 (9th Cir. 1988) (citing *DeWitt v. Western Pac. R.R.*, 719 F.2d 1448, 1451 (9th Cir. 1983)). "In the absence of such certification," however, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Chuman*, 960 F.2d at 105. The "actions taken in the district court in violation of *Chuman* require reversal only if the error was prejudicial." *Rodriguez*, 891 F.3d at 791.

      2.      <u>Fed. R. Civ. P. 41(a)(2)</u>

Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (citations omitted). The decision to grant dismissal pursuant to Fed. R. Civ. P. 41(a)(2) "is addressed to the sound discretion of the District Court." *Id.* (collecting cases).

     B.     Application

          1.     <u>Whether this Court Has Jurisdiction to Decide the Motion to Partially Dismiss</u>

Defendant contends that this Court lacks jurisdiction to dismiss the federal claim against McKee because, as noted, an appeal has been filed with respect to the denial of the claim of qualified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:21-CV-00526-JAK (DTBx) | Date | March 27, 2025 |
| Title | Devonte Stephenson, et al. v. State of California, et al. | | |

immunity. Dkt. 107 at 3. Plaintiffs respond that this Court is only divested of its power to "proceed with trial" pending appeal. Dkt. 110 at 2 (quoting *Chuman*, 960 F.2d at 105). Plaintiffs then argue that, because they seek dismissal of the federal claim against McKee, the claim will not go to trial, making divesture doctrine inapplicable. Thus, they contend that the qualified immunity defense is no longer an issue. *Id.*

It is unnecessary to resolve the question whether the divesture doctrine applies when it is certain that the claim that is the basis for the appeal will not proceed to trial. Even assuming the doctrine applies, a district court is not divested of jurisdiction to decide matters if the pending appeal is, or would be, frivolous. Thus, notwithstanding the interlocutory appeal of the ruling on qualified immunity, the Court has jurisdiction to decide the Motion to Partially Dismiss because the appeal has become without any legal basis*, i.e.,* frivolous.

Plaintiffs argue that the appeal is frivolous because McKee seeks appellate review of an affirmative defense to a federal claim that Plaintiffs seek to have dismissed with prejudice. Dkt. 105-1 at 3. "An appeal is frivolous if the result is obvious." *Wilcox*, 848 F.2d at 1009 (citing *DeWitt*, 719 F.2d at 1451). Here, the "result is obvious" because the appeal is moot in light of Plaintiff's Motion to Partially Dismiss. *See In re Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001) ("If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal is moot and must be dismissed."). The Ninth Circuit has instructed courts to take a "pragmatic approach" to the divestiture rule. *Rodriguez*, 891 F.3d at 791. It would be an unnecessary use of party and judicial resources for the parties to proceed with the appellate process on a claim as to qualified immunity that is no longer at issue in light of Plaintiff's commitment to the dismissal of the corresponding cause of action with prejudice as to McKee.

During the March 24, 2025, hearing, counsel for McKee argued that the appellate process could be useful because in the course of those proceedings as to qualified immunity, the Ninth Circuit could address the elements of other causes of action*, e.g.,* negligence, that would provide guidance in connection with a subsequent trial of that and other claims. This position is unpersuasive. No caselaw has been cited in support of this argument. Further, an interlocutory appeal as to qualified immunity, or any other specific issue, is limited in scope to that issue. *See George v. Morris*, 736 F.3d 829, 834–36 (9th Cir. 2013) (limited scope of review of an interlocutory appeal involving denial of qualified immunity).

Because the results of McKee's appeal are obvious in light of the pending motion voluntarily to dismiss the Third Cause of Action, his interlocutory appeal as to qualified immunity is now frivolous. Accordingly, notwithstanding the pendency of that appeal, this Court has jurisdiction to decide the Motion to Partially Dismiss.

        2.      <u>Dismissal Under Fed. R. Civ. P. 41(a)(2)</u>

As noted, Plaintiffs have requested the voluntary dismissal of the sole federal claim against McKee -- the Third Cause of Action for violation of the Fourth Amendment -- pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiffs contend that this dismissal will not cause McKee to suffer "plain legal prejudice" because the dismissal would be with prejudice, which would conclude the Fourth Amendment claim against him. Dkt. 105-1 at 2. McKee has not responded to this argument. Therefore, he has not identified any "plain legal prejudice" he would suffer as a result of the dismissal of this claim. Accordingly, the Motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:21-CV-00526-JAK (DTBx) | Date | March 27, 2025 |
|---|---|---|---|
| Title | Devonte Stephenson, et al. v. State of California, et al. | | |

Partially Dismiss is **GRANTED** and the Third Cause of Action is **DISMISSED WITH PREJUDICE** as to McKee.

**IV.    Conclusion**

For the reasons stated in this Order, the Motion to Partially Dismiss is **GRANTED**. The Motion to Stay is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                                                                          :

Initials of Preparer    DT