**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE, <br><br> Defendants. | Case No.: 5:21-cv-0526-JAK-KK <br><br> [*Hon. John A. Kronstadt*] <br><br> **PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> <u>Pre-Trial Conference</u> <br> August 25, 2025 at 1:30 p.m. <br><br> <u>Trial</u> <br> September 9, 2025 at 9:00 a.m. |

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Local Rule 16-4 and the Court's Orders, Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson respectfully submit the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties pertaining to the trial scheduled to commence on September 9, 2025.

## I. INTRODUCTION

Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson bring this action against Defendants Officers Dane Norem, Jeffrey McKee, and the State of California, alleging that Officers Norem and McKee were negligent and used excessive and unreasonable force in detaining Leroy Stephenson, resulting in his death.

On January 24, 2019, multiple 911 calls reported a pedestrian—later identified as Mr. Stephenson—near the traffic lanes of State Route 91 in Riverside, California. CHP Officers Norem and McKee responded. Officer Norem arrived first and directed Mr. Stephenson away from the roadway. Mr. Stephenson initially complied but then moved back toward traffic. Officer Norem deployed his Taser and brought Mr. Stephenson to the ground, chest down in a prone position. With assistance from off-duty Riverside Investigator Matt Borden and three civilians, Officer Norem restrained Mr. Stephenson in handcuffs.

Mr. Stephenson was handcuffed within approximately two and a half minutes of being taken to the ground. Despite being secured, he remained prone with body weight applied for an additional three and a half minutes, until he stopped breathing. He was pronounced dead at 1:54 p.m. after being transported to the hospital.

## II. CLAIMS AND DEFENSES

**a) Plaintiffs Claims**

    <u>**Claim 1:**</u>    <u>Wrongful Death</u> (Battery)

    Claim 1 is brought by Plaintiffs against Defendants Dane Norem and Jeffrey McKee directly and the State of California vicariously. Plaintiffs contend that the force or restraint used against Leroy Stephenson was unreasonable because he had not committed any serious crime, was unarmed, and was not posing a serious threat to anyone's safety. To the extent that the force used against Leroy Stephenson amounted to lethal force, Plaintiffs contend that such force was unreasonable because it was not necessary to protect human life, as Leroy Stephenson did not pose an immediate threat of death or serious bodily injury to the officers or anyone else.

    The State of California is vicariously liable for Defendants conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Plaintiffs bring this claim individually and seek wrongful death damages. Plaintiffs do not seek survival damages or punitive damages under this claim.

    Elements:

    1.    Defendants intentionally touched Leroy Stephenson or caused him to be touched;

    2.    Defendants used unreasonable force or restraint against Stephenson;

    3.    Leroy Stephenson did not consent to the use of that force or restraint; and

    4.    Defendants' use of force or restraint was a substantial factor in causing injury, damage, loss, or harm to Leroy Stephenson.

*See* CACI 1305A/B.

**Claim 2:** Negligence

Claim 2 is brought by Plaintiffs against Defendants Dane Norem and Jeffrey McKee directly and the State of California vicariously. Plaintiffs contend that defendants acted negligently in their tactics, conduct, actions, inactions, and use of unreasonable force or restraint against Leroy Stephenson. Plaintiffs contend that the force or restraint used against Leroy Stephenson was unreasonable because he had not committed any serious crime, was unarmed, and was not posing a serious threat to anyone's safety. To the extent that the force used against Leroy Stephenson amounted to lethal force, Plaintiffs contend that such force was unreasonable because it was not necessary to protect human life, as Leroy Stephenson did not pose an immediate threat of death or serious bodily injury to the officers or anyone else. Plaintiffs also bring their negligence claim based on a theory that defendants failed to intervene in the excessive force being used by others against Mr. Stephenson.

The State of California is vicariously liable for Defendants' conduct pursuant to Cal. Gov. Code § 815.2(a). Plaintiffs bring this claim individually and seek wrongful death damages. Plaintiffs do not seek survival damages or punitive damages under this claim.

Elements:
1. Defendants were negligent; and
2. Defendants' negligence was a substantial factor in causing injury, damage, loss, or harm to Leroy Stephenson.

*See* CACI 400/440/441.

**Claim 3**: Excessive Force

Claim 3 is brought by Plaintiffs against Defendant Norem. Plaintiffs contend that Norem used excessive force or restraint against Decedent Leroy Stephenson in violation of his Fourth Amendment rights and 42 U.S.C. § 1983. The level of force used against Stephenson was unreasonable because he had not committed any serious crime, was unarmed, and did not pose a threat to anyone's safety. To the extent that the force used

against Stephenson amounted to lethal force, it was unreasonable under the circumstances given that Stephenson did not pose an immediate threat of death or bodily injury to anyone. Further, Mr. Stephenson did not injure anyone or attempt to do so.

Plaintiffs also pursue this claim based on the theory that Norem was an integral participant in the excessive force that others used against Mr. Stephenson and failed to intervene to prevent the use of such force.

Plaintiffs bring this claim individually and as Mr. Stephenson's successors-in-interest and seek wrongful death damages and survival damages for Mr. Stephenson's pre-death pain and suffering, loss of life, and loss of enjoyment of life, and punitive damages. Plaintiff also seeks costs and statutory attorneys' fees on this claim.

Elements:

1. Defendant acted under color of state law;
2. Defendant used excessive force or restraint against Leroy Stephenson; and
3. Defendant's conduct was the cause of injury, damage, loss, or harm to Leroy Stephenson.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.25

**Claim 4**:    Interference with Familial Relationship

Claim 4 is brought by Plaintiffs against Defendant Dane Norem. Plaintiffs contend that Dane Norem violated their Fourteenth Amendment rights by depriving them of their familial relationship with Leroy Stephenson through conduct that demonstrated deliberate indifference to his life and safety and shocks the conscience. Plaintiffs allege that Dane Norem used deadly force or restraint against Leroy Stephenson even though he had not committed any serious crime, was unarmed, and was not posing an immediate threat to anyone. Plaintiffs further contend that the use of such force or restraint was not justified by any legitimate law enforcement purpose and was undertaken with a deliberate disregard for the risk to Leroy Stephenson's life. As a result, Plaintiffs suffered the loss of Leroy Stephenson's companionship, love, and support.

Plaintiffs seek wrongful death damages, punitive damages, and reasonable attorneys' fees and costs.

Elements:

1. Defendant acted under color of law;
2. Defendant engaged in conduct that shocks the conscience or demonstrates deliberate indifference to Leroy Stephenson's constitutional rights; and
3. Defendant's conduct was a cause of injury, harm, or death to Mr. Stephenson.

See Ninth Circuit Manual of Model Jury Instructions, No. 9.32.

**b) Key Evidence**

Plaintiffs' claims are related and rely on the same evidence. Plaintiffs will rely on testimony from Dane Norem and Jeffrey McKee, whose own accounts will establish the actions they took in restraining Leroy Stephenson, including prone positioning, Taser use, and application of body weight. Civilian witnesses Matthew Borden, Dennis Stout, Eric Leighton, Karla Corbett, and others will provide independent accounts confirming the circumstances and duration of the restraint, as well as Mr. Stephenson's condition throughout the encounter. Plaintiffs Devonte, Linden, and Keandre Stephenson will testify about the personal and emotional impact of Mr. Stephenson's death.

Expert testimony from Jeffrey Noble will address the unreasonable and excessive nature of the force used under accepted law enforcement standards, including the known dangers of prolonged prone restraint and positional asphyxia. Dr. Bennet Omalu (forensic pathology) and Dr. Daniel Wohlgelernter (cardiology) will testify that Mr. Stephenson died as a result of the force used against him, refuting alternative causes of death offered by defense experts and opining on the physical pain and suffering experienced before death.

The most important piece of evidence may be McKee's MVARS dash camera video footage, which will be introduced as an exhibit along with still images and video clips from the video. Other key evidence includes Norem's dash camera video footage, TASER deployment logs, and photographs depicting Mr. Stephenson's injuries.

**c) Defendants' Counterclaims and Affirmative Defenses**

Defendants may raise a number of immunities, such as California Government Codes § 820.2, § 820.4, § 845.8(b)(3). However, these statutory immunities do not apply in the excessive force context.

**d) Anticipated Evidentiary Issues**

Evidentiary issues will be addressed in the Parties motions in limine, which will be filed on August 11, 2025. Oppositions to the motions in limine will be filed on August 18, 2025.

**e) Issues of Law**

Defendants contend that Plaintiffs cannot bring their Wrongful Death claim under a theory of battery. Plaintiffs contend that a wrongful death claim must be based in some negligent or wrongful act, and in this case the complaint makes clear that the claim is brought based on an underlying intentional tort, battery.

Plaintiffs are not aware of any other particularly difficult legal issues at this time.

### III. BIFURCATION OF ISSUES

Plaintiffs are not requesting bifurcation at this time. Plaintiffs are not opposed to bifurcating on the amount of punitive damages. Plaintiffs would like to reserve their right to raise this issue of bifurcating liability and damages at a later stage.

### IV. JURY TRIAL

Plaintiffs have timely demanded a jury trial. Each of Plaintiffs' causes of action are triable to a jury. The parties made a timely demand for trial by jury in conformity with Rule 38 of the Federal Rules of Civil Procedure.

### V. ATTORNEYS' FEES

If Plaintiffs prevails on one of their claims under Section 1983, they will be entitled to an award of reasonable attorney's fees and costs. 42 U.S.C. § 1988(b). *Stanford Daily v. Zurcher*, 550 F.2d 464 (9th Cir. 1978), *rev'd on other grounds*, 435 U.S. 547 (1978).

### VI. ABANDONMENT OF ISSUES

Plaintiffs have not abandoned any issues at this time.

Respectfully submitted,

DATED: August 4, 2025  **LAW OFFICES OF DALE K. GALIPO**

/s/    *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*