Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: lroistacher@deangazzo.com
        ksullivan@deangazzo.com

*Attorneys for Defendant*
*Jeffrey McKee*

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
600 W Broadway, Ste 1800
San Diego, CA 92101-3375
Ph: (619) 738-9733
Fax: (916) 731-2120
E-mail: David.Klehm@doj.ca.gov

*Attorneys for Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Dane Norem*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br>v.<br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-00526-JAK-DTBx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE BY DEFENDANTS TO EXCLUDE OPINIONS OF PLAINTIFFS' POLICE PRACTICES EXPERT JEFFREY NOBLE**<br><br>**[No. 1 of 1]**<br><br>Judge:   John A. Kronstadt<br><br>FPTC: August 25, 2025, 1:30 p.m.<br><br>Trial Date: September 9, 2025, 9:00 a.m. |

1

**TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………..4

ARGUMENT………………………………………………………………………..5

    A.    Federal Rule of Civil Procedure 26's Expert Disclosure Requirements And Federal Rule Of Civil Procedure 37's Enforcement Provisions……...5

    B.    Plaintiffs' Police Practices Expert Jeffrey Noble Must Be Limited To The Opinions Contained In His Rule 26 Report And Thus Cannot Offer Any Opinions About Or Comment On The Propriety Of Officer McKee's Conduct Because They Are Not Contained In His Rule 26 Report…………………………………………………………………………...6

    C.    Plaintiffs' Police Practices Expert Jeffrey Noble Must Be Limited To The Opinions Contained In His Rule 26 Report And Thus Cannot Offer Any Opinions or Comment Critical of Officer Norem's Conduct Prior to Handcuffing Decedent Because They Are Not Contained In His Rule 26 Report………………………………………………………………………...7

CONCLUSION……………………………………………………………………..8

# TABLE OF AUTHORITIES

**Cases**

*Foshee v. Zuniga*
   2021 U.S. Dist. LEXIS 92474 (N.D. Cal. May 14, 2021)……………...7

*Giacometto Ranch Inc. v. Denbury Onshore LLC*
   2024 U.S. Dist. LEXIS 33596 (D. Mont. Feb. 27, 2024)…………….….6

*Moller v. Cty. of San Bernardino*
   2024 U.S. Dist. LEXIS 232429 (C.D. Cal. Jan. 2, 2024)…………….….6

*Pajas v. Cty. of Monterey*
   2019 U.S. Dist. LEXIS 6629 (N.D. Cal. Jan. 14, 2019)………………...7

*Romero v. AG Merrick B. Garland*
   2024 U.S. Dist. LEXIS 44685 (S.D. Cal. Mar. 13, 2024)……………….7

*Ruiz v. Walmart Inc.*
   2021 U.S. Dist. LEXIS 49761 (C.D. Cal. Jan. 21, 2021)……………….6

*Sankaranarayanan v. Sashidhar*
   2025 U.S. Dist. LEXIS 1082 (W.D. Wash. Jan. 3, 2025)……………….5

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
   259 F.3d 1101 (9th Cir. 2001)………………………………………..…5

**Statutes**

Fed. R. Civ. P. 26……………………………………………………………….5, 6, 7

Fed. R. Civ. P. 37………………………………………………………………...5, 6

Fed. R. Evid. 702………………………………………………………….................5

Fed. R. Evid. 703………………………………………………………………….....5

Fed. R. Evid. 705……………………………………………………………………5

## INTRODUCTION

On January 24, 2019, California Highway Patrol Officer (CHP) Dane Norem responded to the Adams Avenue on-ramp to State Route 91 in response to 911 calls of a man in traffic (decedent Leroy Stephenson). While at the shooting range, CHP Officer Jeffrey McKee heard and responded to a radio transmission about a pedestrian (Leroy) on the freeway. While on route, Officer McKee heard Officer Norem report deploying his Taser. Based on the reported Taser use and other radio traffic about Leroy's behavior, Officer McKee believed a struggle between Officer Norem and Leroy had occurred or was still occurring.

When Officer McKee arrived, Leroy was prone on the shoulder adjacent to State Route 91. Officer Norem and three other people (plain cloths law enforcement officer and two civilians) were holding Leroy down. One of the civilians was holding Leroy's lower legs.

Seeing this unusual situation, Officer McKee believed the struggle between Officer Norem and Leroy was significant enough for Officer Norem to need assistance from three other people. Officer McKee exited his vehicle and immediately took control of Leroy's legs from the civilian. Based on Leroy's resistance, Officers McKee and Norem discussed getting a nylon strap to secure Leroy's legs.

About 18 seconds after taking control of Leroy's legs, Officer McKee went to his patrol car to get the strap. Officer McKee still believed the situation presented a danger given their location on the shoulder of a busy highway. A civilian took Officer McKee's place holding Leroy's legs. While McKee was getting the strap, Leroy apparently stopped breathing. Officer McKee and Officer Norem provided CPR until paramedics arrived and took over.

Leroy was transported to the hospital but did not survive. The medical examiner determined Leroy's cause of death to be "acute methamphetamine intoxication."

Leroy's sons, plaintiffs Devonte Stephenson, Linden Stephenson and Keandre Stephenson maintain a state law wrongful death claim and a negligence claim against Officer McKee asserting Officer McKee holding Leroy's legs down with a control hold for 15-20 seconds constituted unreasonable force

Officer McKee moves to exclude and preclude any opinion testimony whatsoever from plaintiffs' police practices expert Jeffrey Nobel regarding Officer McKee and otherwise preclude any comment in any fashion by Noble on the propriety of Officer McKee's conduct because he neither offered any opinions regarding Officer McKee's conduct nor commented in any fashion about the priority of Officer McKee's conduct in his Federal Rule of Civil Procedure 26 report. Roistacher Declaration, ¶ 2 and Exh. 1. Noble did not issue a supplemental report and was not deposed. *Id.,* ¶ 2.

## ARGUMENT

**A.  Federal Rule of Civil Procedure 26's Expert Disclosure Requirements And Federal Rule Of Civil Procedure 37's Enforcement Provisions**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The report shall contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

Federal Rule of Civil Procedure 37(c) "'gives teeth' to Rule 26's disclosure requirements." *Sankaranarayanan v. Sashidhar*, 2025 U.S. Dist. LEXIS 1082, at *3 (W.D. Wash. Jan. 3, 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). It "provides that a party that fails to provide information as required by Rule 26(a) may not use that information on a

motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The advisory committee's notes to the 1993 Amendments describe this as an 'automatic sanction.'" *Ruiz v. Walmart Inc.,* 2021 U.S. Dist. LEXIS 49761, at *11 (C.D. Cal. Jan. 21, 2021).

Thus, "the purpose of Rule 26 is to provide notice to the opposing party so attorneys may prepare intelligently for trial" and "experts will be precluded from providing opinions that are not set forth in their reports." *Moller v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 232429, at *11 (C.D. Cal. Jan. 2, 2024); *see also Giacometto Ranch Inc. v. Denbury Onshore LLC*, 2024 U.S. Dist. LEXIS 33596, at *9 (D. Mont. Feb. 27, 2024) ("'[e]xperts may only testify in accordance with their expert reports'").

**B.  Plaintiffs' Police Practices Expert Jeffrey Noble Must Be Limited To The Opinions Contained In His Rule 26 Report And Thus Cannot Offer Any Opinions About Or Comment On The Propriety Of Officer McKee's Conduct Because They Are Not Contained In His Rule 26 Report**

On September 22, 2023, plaintiffs served their initial expert witness disclosures identifying Jeffrey Nobel as a police practices expert and attaching his report. Roistacher Declaration, ¶ 2 and Exh. 1. The report contained the following single opinion: "Officer Norem's Failure to Place Mr. Stephenson in a Recovery Position After he was Secured in Handcuffs was Inconsistent with Generally Excepted Police Practices." *See* Exh. 1, Nobel Report, pp. 21-28.

Noble's report contains no opinions regarding Officer McKee and does not otherwise comment on the propriety of anything Officer McKee did or did not do. *Id.*, pp. 1-28. Noble only mentions Officer McKee in connection with the material he reviewed (e.g., statements, deposition) and when describing what Officer

///

///

McKee's MVARS shows him doing (which is not an opinion, and the jury can determine for itself what the MVARS shows).[1] *Id.*

Accordingly, this Court must exclude and preclude any opinion testimony whatsoever from Nobel regarding Officer McKee and otherwise preclude any comment in any fashion by Noble on the propriety of Officer McKee's conduct.

**C.  Plaintiffs' Police Practices Expert Jeffrey Noble Must Be Limited To The Opinions Contained In His Rule 26 Report And Thus Cannot Offer Any Opinions or Comment Critical of Officer Norem's Conduct Prior to Handcuffing Decedent Because They Are Not Contained In His Rule 26 Report**

As stated hereinabove, Jeffrey Noble's report contained the following single opinion: "Officer Norem's Failure to Place Mr. Stephenson in a Recovery Position After he was Secured in Handcuffs was Inconsistent with Generally Excepted Police Practices." Roistacher Declaration, ¶ 2 and Exh. 1, Nobel Report, pp. 21-28.

Accordingly, this Court must exclude and preclude any critical opinion testimony from Nobel regarding Officer Norem's conduct prior to the time both of decedent's hands were placed in handcuffs.

///
///
///
///

---

[1] Again, Nobel did not do a supplemental report. Roistacher Declaration, ¶ 2. Nor was he deposed. *Id.* But even if Nobel had been deposed and offered opinions about McKee, those opinions would be inadmissible. *Pajas v. Cty. of Monterey*, 2019 U.S. Dist. LEXIS 6629, at *7-8 (N.D. Cal. Jan. 14, 2019) (excluding opinions offered in deposition not contained in Rule 26 report); *Romero v. AG Merrick B. Garland*, 2024 U.S. Dist. LEXIS 44685, at *41 (S.D. Cal. Mar. 13, 2024) (same); *Foshee v. Zuniga*, 2021 U.S. Dist. LEXIS 92474, at *25 (N.D. Cal. May 14, 2021) (same).

# CONCLUSION

This Court should grant defendants' joint motion in full.

Dated: August 11, 2025                    Dean Gazzo Roistacher LLP

By: /s/ *Lee H. Roistacher*
    Lee H. Roistacher
    Attorneys for Defendants
    State of California by and through
    California Highway Patrol and
    Officer Jeffrey McKee

Dated: August 11, 2025                    Rob Bonta
                                          Attorney General of California
                                          Donna M. Dean
                                          Supervising Deputy Attorney
                                          General

                                          */s/ David Klehm*
                                          David Klehm
                                          Stephanie A. Vollmer
                                          Deputy Attorney General
                                          *Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Dane Norem*

# CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendants State of California by and through California Highway Patrol and Officer Ramon Silva, certify that this Motion in Limine to Exclude Opinions of Plaintiffs' Police Practices Expert Jeffrey Noble [No. 1 of 1] contains 1,193 words, which:

8

Case No.: 5:21−cv−00526−JAK−DTBx

   __X__  complies with the word limit of L.R. 11-6.1.

   _____ complies with the word limit set by court order dated [date].

Dated: August 11, 2025                  */s/ Lee H. Roistacher*