**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs* DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,<br><br>Defendants. | 5:21-cv-00526-JAK-KK<br>*Hon. Judge Kronstadt*<br>*Hon. Magistrate Judge Bristow*<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DECEDENT'S ALLEGED MENTAL HEALTH ISSUES AND ALLEGED HISTORY OF DRUG USE**<br><br>Hearing Date:   August 25, 2025<br>Hearing Time:   1:30 p.m.<br>Courtroom: 10B |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 25, 2025 at 1:30 p.m., in Courtroom 10B of the above-entitled Court, Plaintiffs will and hereby do move the Court by way of this motion in limine to exclude any evidence, testimony, argument, or reference at trial to Mr. Stephenson's alleged mental health issues and

alleged history of drug use, including but not limited to hospital records from Riverside Community Hospital Medical Center, Riverside University Health System, Public Intoxication records from an incident that occurred in March 2017, and the Coroner's Autopsy Report.

**Statement of Local Rule 7-3 Compliance**: This motion is made following the meet and confer between counsel for Plaintiffs and Defendants that took place over video conference on August 1, 2025. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Dated: August 11, 2025            LAW OFFICES OF DALE K. GALIPO

                                  By:    /s/    Cooper Mayne
                                         Dale K. Galipo
                                         Cooper Mayne
                                         *Attorneys for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson bring this civil rights and state tort action against Defendants Officers Dane Norem, Jeffrey McKee, and the State of California, arising from the death of Leroy Stephenson following his detention by Officers Norem and McKee. The central issue in this case is whether Defendants' use of force—including maintaining Mr. Stephenson prone with body weight applied after he was handcuffed—was negligent and excessive under the circumstances.

Evidence concerning alleged prior drug use, mental health history, homelessness, or unrelated arrests has no bearing on whether the force used in this incident was reasonable. Further, the challenged evidence is highly prejudicial, risks confusing the jury, and invites a series of mini-trials on collateral matters. Plaintiffs therefore seek an order excluding reference to Mr. Stephenson's drug use, mental health history, homelessness, including the records Defendants seek to introduce:

- References in Riverside Community Hospital Medical Center records to alleged methamphetamine use and homelessness;
- Public Intoxication records from March 2017 containing allegations that Mr. Stephenson used methamphetamines and was speaking to himself; and
- Portions of the Coroner's Autopsy Report containing hearsay regarding Mr. Stephenson's alleged drug abuse and schizophrenia.

## II. ARGUMENT

### A. The Challenged Evidence is Irrelevant and Should Be Excluded Under Rules 401 and 402

Federal Rule of Evidence 401 defines relevant evidence as that which has any tendency to make a fact of consequence more or less probable. The question

before the jury is whether Defendants' conduct—particularly keeping Mr. Stephenson prone and under restraint after he was handcuffed—was negligent and unreasonable. Allegations from years prior that Mr. Stephenson used drugs, suffered from mental illness, or was homeless have no bearing on that inquiry.

Introducing such evidence would not help the jury decide whether Defendants' use of force was excessive, but instead risks inflaming the jury with improper character judgments, shifting focus away from the events of January 24, 2019, and encouraging decisions based on bias against individuals with histories of drug use, mental illness, or homelessness.

With regard to damages, the Ninth Circuit has recognized evidence of a decedent's drug use has "marginal, if any probative value as to damages, and none as to liability." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016); Mason v. City of Chicago, 641 F. Supp. 2d 726, 730 (N.D. Ill. 2009) ("any evidence regarding alleged drug use is not probative to the issue of damages, as such evidence does not touch on the value of [plaintiff's] life") (internal quotations omitted); *see also Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (excluding evidence of drug paraphernalia as irrelevant and unduly prejudicial in excessive force case). Any effect Mr. Stephenson's alleged drug use, mental health issues, or homelessness may have had on his life outcomes, including his relationship with his children, is purely speculative. Furthermore, Mr. Stephenson's difficulties do not imply that he had a poor relationship with Plaintiffs or that they loved him any less. Such an assertion would be highly speculative.

### B.     The Challenged Evidence Should Be Excluded Under Rule 403

Even if the evidence had minimal relevance, Rule 403 allows exclusion where its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time.

Evidence of alleged drug use, schizophrenia, or homelessness is precisely the type of inflammatory material likely to evoke an emotional reaction rather than a reasoned evaluation of the facts. Its admission would force Plaintiffs to rebut these collateral allegations, resulting in mini-trials on unrelated events from years before Mr. Stephenson's death. This would unduly prolong proceedings and divert attention from the central liability issues. *Wallace v. Mulholland*, 957 F.2d 333, 336 (7th Cir. 1992) (affirming inadmissibility of evidence about an excessive force plaintiff's mental illness and likelihood someone with that condition would act aggressively, because it would shift focus from plaintiff's actions to his condition).

### C. The Challenged Evidence is Inadmissible Hearsay Under Rules 801 and 802

The challenged portions of the Riverside Community Hospital records, the March 2017 public intoxication report, and the Coroner's Autopsy Report all contain hearsay within hearsay, with each layer requiring its own exception. No such exceptions apply here.

Medical records and police reports often contain statements from unidentified declarants, police officers, or medical staff about alleged drug use or mental illness. Without the opportunity for cross-examination, admitting these statements would violate the hearsay rule and unfairly prejudice Plaintiffs.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order excluding:

- Any references in Riverside Community Hospital records to alleged methamphetamine use or homelessness;
- The March 2017 public intoxication records referencing alleged methamphetamine use and Mr. Stephenson speaking to himself; and
- Any portions of the Coroner's Autopsy Report referencing alleged drug abuse, schizophrenia, or depression.

Such evidence is irrelevant, unduly prejudicial, inadmissible hearsay, and would improperly shift the jury's focus to collateral issues unrelated to the central question of whether Defendants' conduct caused Mr. Stephenson's death.

Respectfully Submitted,

Dated: August 11, 2025     **LAW OFFICES OF DALE K. GALIPO**

By:     /s/   Cooper Mayne
Dale K. Galipo
Cooper Mayne
*Attorneys for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON*

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON, certifies that this brief contains 840 words, which complies with the 7,000 word limit of L.R. 11-6.1.

Dated: August 11, 2025                **LAW OFFICES OF DALE K. GALIPO**

                                      By:  /s/   Cooper Mayne
                                           Dale K. Galipo
                                           Cooper Mayne
                                           *Attorneys for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON*