DEAN GAZZO ROISTACHER LLP
LEE H. ROISTACHER, Esq. (SBN 179619)
KIMBERLY A. SULLIVAN, Esq. (317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: lroistacher@deangazzo.com
ksullivan@deangazzo.com

*Attorneys for Defendant Jeffrey McKee*

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,<br><br>    Defendants. | Case No.: 5:21-cv-0526-JAK-KK<br><br>[*Hon. John A. Kronstadt*]<br><br>**COMPETING VERDICT FORMS**<br><br><u>Pre-Trial Conference</u><br>August 25, 2025 at 1:30 p.m.<br><br><u>Trial</u><br>September 9, 2025 at 9:00 a.m. |

1 **PLEASE TAKE NOTICE** that the Parties hereby submit their Competing Verdict Forms for the trial of this matter.

Respectfully submitted,

DATED: August 11, 2025              **DEAN GAZZO ROISTACHER**

By:   */s/ Lee H. Roistacher*
Lee H. Roistacher, Esq.
Kimberly A. Sullivan, Esq.
*Attorneys for Defendant Jeffrey McKee*

Dated: August 11, 2025              ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

*/s/ David Klehm*

DAVID KLEHM
STEPHANIE A. VOLLMER
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Dane Norem*

DATED: August 11, 2025              **LAW OFFICES OF DALE K. GALIPO**

By:   */s/ Cooper Alison-Mayne*
Dale K. Galipo, Esq.
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

# PLAINTIFFS' PROPOSED VERDICT FORM

We, the jury in the above-entitled action, find the following:

## FOURTH AMENDMENT EXCESSIVE FORCE CLAIM

**QUESTION 1:** Did Dane Norem use excessive force or restraint against Leroy Stephenson or integrally participate in its use?

_____ YES          _____ NO

*If you answered "Yes" to Question 1, please answer Question 2.*

*If you answered "No" to Question 1, please proceed to Question 3.*

**QUESTION 2:** Was Dane Norem's use of excessive force or restraint a cause of injury, harm, or death to Leroy Stephenson?

_____ YES          _____ NO

*Please proceed to Question 3.*

**BATTERY CLAIM**

**QUESTION 3:** Did the defendants use unreasonable force or restraint against Leroy Stephenson, fail to intervene in its use?

| | | |
|---|---|---|
| Dane Norem | _____YES | _____ NO |
| Jeffrey McKee | _____YES | _____ NO |

*If you answered "Yes" for either defendant, proceed to Question 4.*
*If you answered "No" for both defendants, skip to Question 5.*

**QUESTION 4:** Was the use of unreasonable force or restraint by either of the officers a cause injury, harm, or death to Leroy Stephenson?

| | | |
|---|---|---|
| Dane Norem | _____YES | _____ NO |
| Jeffrey McKee | _____YES | _____ NO |

*Please proceed to Question 5.*

**NEGLIGENCE CLAIM**

**QUESTION 5**: Were the defendants negligent?

    Dane Norem   _____YES   _____ NO

    Jeffrey McKee   _____YES   _____ NO

*If you answered "Yes" for either defendant, proceed to Question 6.*
*If you answered "No" for both defendants, skip to Question 10.*

**QUESTION 6**: Was the negligence of either defendant a substantial factor in causing injury, harm, or death to Leroy Stephenson?

    Dane Norem   _____YES   _____ NO

    Jeffrey McKee   _____YES   _____ NO

*If you answered "Yes" for either defendant, proceed to Question 6.*
*If you answered "No" for both defendants, skip to Question 10.*

**QUESTION 7:** Was Leroy Stephenson negligent?

          _____ YES   _____ NO

*If you answered "Yes" to Question 7, please answer Question 8.*

*If you answered "No" to Question 6, please proceed to Question 9.*

**QUESTION 8:** Was the negligence of Leroy Stephenson a substantial factor in causing his own injury, harm, or death?

_____ YES   _____ NO

*Please proceed to Question 9.*

**QUESTION 9:** What percentage of negligence that was a cause of Leroy Stephenson's injury, harm, or death do you assign to Dane Norem, Jeffrey McKee, and Leroy Stephenson. (Total should equal 100%).

Dane Norem          _____
Jeffrey McKee       _____
Leroy Stephenson    _____

_____
Total                    100%

*Please proceed to Question 10.*

**FOURTEENTH AMENDMENT CLAIM**

**QUESTION 10:** Did Dane Norem engage in conduct that deprived Plaintiffs of their familial relationship with Leroy Stephenson, in violation of the Fourteenth Amendment?

_____ YES   _____ NO

# DAMAGES

*Please read the instructions before each question and answer only those questions you are directed to.*

*Answer Question 11 if you answered "Yes" to Question 2.*

**QUESTION 11**: What are Leroy Stephenson's damages for his pre-death pain and suffering and loss of life?

     Pre-death pain and suffering  $_____

     Loss of Life         $_____

*Answer Question 12 if you answered "Yes" to Question 4, Question 6, or Question 10.*

**QUESTION 12**: What are the Plaintiffs' wrongful death damages for the loss of Leroy Stephenson?

  Keandre Stephenson's past wrongful death damages:  $_____

  Keandre Stephenson's future wrongful death damages:  $_____

  Deante Stephenson's past wrongful death damages:  $_____

  Deante Stephenson's future wrongful death damages:  $_____

  Linden Stephenson's past wrongful death damages:  $_____

  Linden Stephenson's future wrongful death damages:  $_____

**PUNITIVE DAMAGES**

*Answer Question 13 if you answered "Yes" to Question 2 or Question 10. Otherwise, please sign and date the verdict form and return it to the Court.*

**QUESTION 13**: Did Dane Norem act with malice, oppression or in reckless disregard for Leroy Stephenson's rights?

_____ YES          _____ NO

*Please sign and date the verdict form and return it to the Court.*

Date: _____          _____
                                                                        Jury Foreperson

## Plaintiffs' Objections to Defendants' Proposed Verdict Form and Argument in Favor of Plaintiffs' Proposed Verdict Form

<u>Battery</u>

Plaintiffs request a jury instruction on battery because their wrongful death claim is based on the theory that the decedent's death was caused by an intentional tort—i.e., a battery. Although the stand-alone battery claim was dismissed, the wrongful death cause of action remains and is premised on the intentional tort of battery. The second sentence of Plaintiffs wrongful death claim alleges that defendants "intentionally killed Decedent Leroy Stephenson." The claim clearly is based on intentional tortious conduct, i.e., battery. Defendants' contention that the wrongful death claim is based on a constitutional violation is not supported by the text of the claim, which does not even mention the either the state or federal constitution.

Under California law, a wrongful death claim based on a tortious act—such as battery—requires the jury to evaluate whether that underlying tort occurred. Therefore, a battery section is necessary on the verdict form.

<u>Negligence</u>

The verdict form should simply ask whether the defendants were negligent because that is the ultimate issue the jury must decide. The jury instructions—both the general negligence standard in CACI 400 and the specific use-of-force framework in CACI 440/441—provide the necessary guidance for evaluating that question. Our negligence claim also encompasses conduct beyond the use of force, such as failing to place Mr. Stephenson in a recovery position after he was handcuffed and failing to order citizens to get off him. Defendants' proposed verdict form improperly narrows the issue to only their use of force.

<u>Wrongful Death Damages</u>

Defendants rely on the so-called "lump-sum" rule for wrongful death damages, but as the court explained in *Canavin v. Pac. Sw. Airlines*, 148 Cal. App. 3d 512, 535, 196 Cal. Rptr. 82, 97 (Ct. App. 1983), the principal reason for that rule is to avoid the

9
COMPETING VERDICT FORMS

difficulty of juries calculating separate awards where economic damages—such as lost financial support—are involved. That concern does not apply here because plaintiffs are not seeking that type of damages.

Moreover, *Canavin* makes clear that the lump-sum approach is procedural, not jurisdictional, and courts retain discretion to have the jury return separate awards where the circumstances warrant.

Here, the only wrongful death damages at issue are noneconomic—the loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. These losses are deeply personal and will differ in nature and magnitude for each child. Leaving the damages determination to the jury on an individual basis is more consistent with the evidence and will yield a more accurate and just verdict. Barring some specific concerns, "where all statutory plaintiffs, properly represented by legal counsel waive judicial apportionment, the trial court should instruct the jury to return separate verdicts." *Canavin v. Pacific Southwest Airlines* (1983) 148 Cal.App.3d 512, 536.; *see also Corder v. Corder*, 41 Cal. 4th 644, 661 (2007) ("[T]he wrongful death statute recognizes that each heir has a personal and separate claim.").

Additionally, Plaintiffs seek wrongful death damages under the Fourteenth Amendment, and Defendants' arguments for "lump-sum" damages rely solely on state law. It would be far better for the jury to make the difficult determination of how to compensate each Plaintiff for their particular loss, based on their testimony regarding their relationship with the Decedent. The Court can avoid creating an unnecessary post-trial issue by addressing this now through the verdict form.

# DEFENDANTS' PROPOSED VERDICT FORM

We, the jury in the above-entitled action, find the following:

## FOURTH AMENDMENT EXCESSIVE FORCE CLAIM

**QUESTION 1:** Did Dane Norem use excessive force or restraint against Leroy Stephenson?

_____ YES          _____ NO

*If you answered "Yes" to Question 1, please answer Question 2.*
*If you answered "No" to Question 1, please proceed to Question 3.*

**QUESTION 2:** Was Dane Norem's use of excessive force or restraint a cause of Leroy Stephenson's death?

_____ YES          _____ NO

*Please proceed to Question 3.*

## NEGLIGENCE CLAIM

**QUESTION 3**: Did the defendants negligently use force?

    Dane Norem           _____ YES          _____ NO

    Jeffrey McKee        _____ YES          _____ NO

*If you answered "Yes" for either defendant, proceed to Question 4.*

*If you answered "No" for both defendants, skip to Question 10.*

**QUESTION 4**: Was the negligence of either defendant's use of force a substantial factor in causing Leroy Stephenson's death?

        Dane Norem        _____ YES         _____ NO

        Jeffrey McKee       _____ YES         _____ NO

*If you answered "Yes" for either defendant, proceed to Question 5.*

*If you answered "No" for both defendants, skip to Question 10.*

**QUESTION 5:** Was Leroy Stephenson negligent?

      _____ YES       _____ NO

*If you answered "Yes" to Question 5, please answer Question 6.*

*If you answered "No" to Question 5, please proceed to Question 9.*

**QUESTION 6:** Was the negligence of Leroy Stephenson a substantial factor in causing his own injury, harm, or death?

      _____ YES       _____ NO

*Please proceed to Question 7.*

**QUESTION 7:** What percentage of negligence that was a cause of Leroy Stephenson's injury, harm, or death do you assign to Dane Norem, Jeffrey McKee, Matthew Borden, Leroy Stephenson, and others. (Total should equal 100%).

| | |
|---|---|
| Dane Norem | _____ |
| Jeffrey McKee | _____ |
| Matthew Borden | _____ |
| Leroy Stephenson | _____ |
| Others | _____ |
| | _____ |
| Total | 100% |

*Please proceed to Question 8.*

### FOURTEENTH AMENDMENT CLAIM

**QUESTION 8:** Did Dane Norem engage in conduct that deprived Plaintiffs of their familial relationship with Leroy Stephenson, in violation of the Fourteenth Amendment?

_____ YES          _____ NO

### DAMAGES

*Please read the instructions before each question and answer only those questions you are directed to.*

*If you did not answer "yes" to Question 2, Question 4 or Question 8, please sign and return this verdict form.*

*If you answered "Yes" to Question 2, please answer Question 9. If not, proceed to Question 10.*

**QUESTION 9**: What are Leroy Stephenson's damages?

                      Pre-death pain and suffering    $_____

                      Loss of Life                              $_____

*Answer Question 10 if you answered "Yes" to Question 4 or Question 8.*

**QUESTION 10**: What are Plaintiffs' wrongful death damages for the loss of Leroy Stephenson?

    a.    The loss of Leroy Stephenson's love, companionship, comfort, care, assistance, protection, affection, society, and moral support from January 25, 2019 to the present: $_____.

    b.    The loss of Leroy Stephenson's love, companionship, comfort, care, assistance, protection, affection, society, and moral support from today forward: $_____.

**<u>PUNITIVE DAMAGES</u>**

*Answer Question 11 if you answered "Yes" to Question 2 or Question 8. Otherwise, please sign and date the verdict form and return it to the Court.*

**QUESTION 11**: Did Dane Norem act with malice, oppression or in reckless disregard for Leroy Stephenson's rights?

                _____ YES                _____ NO

*Please sign and date the verdict form and return it to the Court.*

Date: _____          _____
                                            Jury Foreperson

## Defendants' Objections to Plaintiffs' Proposed Verdict Form and Argument in Favor of Defendants' Proposed Verdict Form

Defendants Dane Norem, Jeffrey McKee, and State of California, acting by and through the California Highway Patrol hereby object to Plaintiffs' [Proposed] Special Verdict Form for the following reasons:

(1) Defendants object to the inclusion of questions regarding a battery claim. Plaintiffs' wrongful death claim is not based on battery. The claim itself does not state it is based on battery. Nor is there a stand-alone battery claim alleged. There was a battery cause of action alleged in plaintiffs' original complaint, but that claim was dismissed with prejudice by the superior court, (ECF No. 1, pp. 36-37 (battery as fourth cause of action), pp. 183-184 (order dismissing fourth cause of action with prejudice), and no battery claim was realleged in the first amended complaint. Defendants' position is the wrongful death claim is an improperly plead wrongful death claim based on Fourth Amendment violations. *See Cruz v. City of San Diego*, No. 24-cv-00287-AJB-MSB, 2025 U.S. Dist. LEXIS 32810, at *11-12 (S.D. Cal. Feb. 24, 2025) ("there is no 'wrongful death' claim under § 1983"); *Allen v. Cty. of San Bernardino*, No. ED CV 20-283-JFW(SHKx), 2020 U.S. Dist. LEXIS 122874, at *5 (C.D. Cal. May 28, 2020) (plaintiffs cannot maintain "'a wrongful death' claim under Section 1983 based on a violation of Decedent's Fourth Amendment rights").

(2)  Defendants object to plaintiffs' questions regarding negligence in their verdict form because they are based on a generic negligence claim. The version of the questions for the negligence claim in defendants' proposed verdict form appropriately align with the instructions for a claim for negligence regarding a peace officer's use of force (CACI 440) instead of a generic negligence claim (CACI 400).

(3)  Defendants object to plaintiffs' proposed verdict form because it does not account for the negligence of non-parties. See CACI VF-402 (Negligence - Fault of Plaintiff and Others at Issue). Defendants' proposed verdict form corrects this error by

including spaces for the jury to allocate negligence to non-parties participants in the incident.

(4)  Defendants object to the questions seeking wrongful death damages for each individual plaintiff.  For wrongful death, one lump sum is awarded, and the court apportions the damages among the plaintiffs, Cal. Code Civ. Proc. § 377.61, or the plaintiffs agree on an apportionment after the jury returns a single verdict.  *See Corder v. Corder* 41 Cal.4th 644, 654, n. 5 (2007); *Medina v. Pile Trucking, Inc.*, 594 F. App'x 358, 359 (9th Cir. 2015) ("The district court erred in providing the jury with a verdict form that included separate blank lines for the awards of damages to Juan and Ramona, allowing a jury verdict with two sums for damages. In a wrongful death action under California law, "'the court or jury must compute the damages, if any, by considering the pecuniary damage suffered by all the heirs and return a verdict for one sum.'" *Corder v. Corder*, 41 Cal. 4th 644, 61 Cal. Rptr. 3d 660, 161 P.3d 172, 176 (Cal. 2007) (quoting *Watkins v. Nutting*, 17 Cal. 2d 490, 110 P.2d 384, 388 (Cal. 1941))").  Defendants' proposed verdict form corrects this error by providing only one line for past wrongful death damages and one line for future wrongful death damages for all plaintiffs.

"The right to sue for wrongful death damages is a creature of statute, and exists only so far and in favor of such persons as the Legislature has provided." *Kim v. Yi* 139 Cal. App. 4th 543, 546 (2006).

"Under California law, either the heirs or the personal representative on behalf of the heirs may bring a single joint indivisible action for wrongful death. This means that all heirs should join in a single action and there cannot be a series of suits by heirs against the tortfeasor for their individual damages. Any recovery for wrongful death is in the form of a lump sum, i.e., a single verdict is rendered for all recoverable damages.  The respective rights of the heirs in any award are determined by the court based on the proportion that the heir's personal damage bears to the damage suffered by the others." *McDaniel v. Asuncion*, 214 Cal. App. 4th 1201, 1206-07 (2013) (citations omitted and emphasis added); *see also* Cal. Code Civ. Pro., § 377.61 ("In an action under this article, damages

may be awarded that, under all the circumstances of the case, may be just, but may not include damages recoverable under Section 377.34. The court *shall* determine the respective rights in an award of the persons entitled to assert the cause of action.") (emphasis added); CACI 3921 ["In computing these damages, consider the losses suffered by all plaintiffs and return a verdict of a single amount for all plaintiffs. I will divide the amount among/between the plaintiffs."]; *Canavin v. Pac. Sw. Airlines*, 148 Cal. App. 3d 512, 533 (1983) (the Legislature found "it was more desirable not to add to the jury's burden the task of apportioning the damages and the practical consideration the trial judge had already heard the evidence of the pecuniary loss as to each heir and thus was the most desirable party to apportion the damages.") (citation omitted).

"Indeed, long before section 377.61 and its 1949 predecessor provided statutory authorization for judicial apportionment in wrongful death actions, the established procedure in this state where plaintiffs recovered judgment was for the court, in a separate proceeding, to apportion the amount to be awarded each heir. Thus, judicial apportionment in a wrongful death action is consistent with historical precedent which has relied upon the equity powers of the court in dividing such funds, regardless whether the recovery was the result of compromise, settlement, litigation instituted by a personal representative of the decedent as a statutory trustee for the heirs, or trial litigation pursued by any of the heirs." *Corder*, 41 Cal. 4th at 654 n.5 (simplified); *see also Canavin*, 148 Cal. App. 3d at 529-36.

Plaintiffs' position is the verdict form should have separate questions for individual damage awards to each plaintiff. Plaintiffs' position is contrary to the law. Despite proffering *Canavin* as support, the case does not endorse a jury rendering separate individual wrongful death damage awards.

In *Canavin*, the court instructed the jury to return a single lump sum verdict on the plaintiffs' wrongful death claim. 148 Cal. App. 3d at 518. On appeal, the plaintiffs argued the failure to allow the jury to make separate awards to each plaintiff denied them their constitutional right to a jury trial. *Id.* After examining the historical practice and

statutory direction, *id.* at pp. 529-36, the court concluded a single lump sum award to wrongful death plaintiffs did not implicate each plaintiffs' right to a jury trial and the trial court did not err in refusing to allow the jury to return separate damage verdicts for each plaintiff. *Id.* at 518.

The holding of *Canavin* does not support plaintiffs' position. Plaintiffs do, however, rely on dicta in *Canavin* for the proposition that "where all statutory plaintiffs, properly represented by legal counsel waive judicial apportionment, the trial court should instruct the jury to return separate verdicts." 148 Cal. App. 3d at 536.

This procedure contravenes § 377.61's plain and unambiguous language. The express provisions of § 377.61 -- enacted after *Canavin* -- provide in wrongful death cases that "[t]he court *shall* determine the respective rights in an award of the persons entitled to assert the cause of action. [Italics added]."

Because § 377.61 was adopted after *Canavin*, the Legislature likely chose not to adopt *Canavin*'s alternative procedure because it mandated that the court "shall" make the allocation. *See Gutierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1253 (2018) ("A principle of statutory construction states the Legislature is deemed to be aware of existing statutes and judicial decisions when it adopts a statute.").

But more importantly, the California Supreme Court had repeatedly said, "the term 'shall' is interpreted as mandatory and not permissive. Indeed, 'the presumption [is] that the word "shall" in a statute is ordinarily deemed mandatory and "may" permissive.'" *People v. Standish*, 38 Cal. 4th 858, 869 (2006) (quoting *California Correctional Peace Officers Assn. v. State Personnel Bd.* 10 Cal. 4th 1133, 1143 (1995)). Accordingly, "[u]se of the mandatory language 'shall' [in § 377.61] indicates a legislative intent to impose a mandatory duty; no discretion is granted." *In re Luis B.*, 142 Cal. App. 4th 1117, 1123 (2006); *Kim,* 139 Cal. App. 4th at 548 ("[W]e are left with section 377.61, which provides that the court must apportion the award."); *People v. Yartz* 37 Cal. 4th 529, 538 (2005) ("If there is no ambiguity in the statutory language, its plain meaning controls; we presume the Legislature meant what it said.".)