**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs* DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,<br><br>Defendants. | 5:21-cv-00526-JAK-KK<br>*Hon. Judge Kronstadt*<br>*Hon. Magistrate Judge Bristow*<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DECEDENT'S PAST CRIMINAL HISTORY AND CONDUCT ON DAY OF INCIDENT THAT WAS UNKNOWN TO DEFENDANT NOREM**<br><br>Hearing Date: August 25, 2025<br>Hearing Time: 1:30 p.m.<br>Courtroom: 10B |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 25, 2025 at 1:30 p.m., in Courtroom 10B of the above-entitled Court, Plaintiffs will and hereby do move the Court by way of this motion in limine to exclude any evidence, testimony, argument, or reference at trial to (1) records regarding an incident in March 2017

during which Mr. Stephenson allegedly went onto a freeway and was arrested for public intoxication or testimony about that incident, and (2) details regarding Mr. Stephenson's purported conduct on the freeway on the date of the subject incident prior to Defendant Dane Norem's arrival that were not communicated to him prior to the incident.

**Statement of Local Rule 7-3 Compliance**: This motion is made following the meet and confer between counsel for Plaintiffs and Defendants that took place over video conference on August 1, 2025. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Dated: August 11, 2025          **LAW OFFICES OF DALE K. GALIPO**

By: /s/ Cooper Mayne
Dale K. Galipo
Cooper Mayne
*Attorneys for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort lawsuit arises out of the arrest and eventual asphyxia death of Leroy Stephenson while he was being arrested and restrained by Defendants Dane Norem and Jefferey McKee. The key issue in this case is whether the manner of arresting Stephenson constituted excessive force. Evidence of Stephenson's prior criminal history has no bearing on whether the arrest was excessive and unreasonable and does not make any material fact more or less probable. Furthermore, not only is the information that Plaintiffs seek to exclude highly prejudicial and speculative, but it also constitutes improper character evidence. Thus, Plaintiffs respectfully request an order excluding any evidence of Stephenson's criminal history and/or past wrongful acts.

## II. ARGUMENT

### A. Evidence of Criminal History Is Irrelevant and Should Be Excluded Under Federal Rules of Evidence 401 and 402

Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than if would be without the evidence. Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013) (negligence). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Accordingly, facts of which officers were unaware "are irrelevant to the reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119,

1123 n.4, and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."); *Hayes*, 736 F.3d at 1232-33 ("[W]e can only consider the circumstances of which [the officers] were aware when they employed deadly force.").

Defendants' contend that the arrest was reasonable because they claim Stephenson was fighting and resisting, requiring Defendants Norem and McKee to use the methods that they employed to subdue him. Plaintiffs contend that the force used during the arrest was excessive and was not reasonable, arguing that the evidence shows Stephenson was never a danger or threat to anyone around him and that the situation did not require the amount of force that was used.

Evidence of Stephenson's prior conduct of which the Defendant officers were unaware at the time they used deadly force is irrelevant to the issues to be tried in this case and should be excluded. In particular, at trial in this case, Defendants have advised they intend to introduce evidence of a 2017 arrest of Stephenson for alleged conduct on a freeway, as well as details regarding Stephenson's alleged conduct on the freeway on the date of the subject incident. *See* Declaration of Cooper Alison-Mayne in Support of Motion in Limine No. 2, Exhibit A.

But on the date of the subject incident, Defendants had no knowledge of Stephenson's 2017 arrest or the circumstances that led to it. Nor did Defendant Norem have any information regarding Stephenson's alleged conduct on the freeway on the date of the subject incident save for limited details shared with Norem via radio before his arrival at the scene. Although alleged details Defendant Norem learned prior to his use of force may be relevant, details of which Defendants had no knowledge are not and must thus be excluded under Federal Rule of Evidence 402, under which "irrelevant evidence is not admissible." *See*

*Dunivin v. Cnty. of Riverside*, EDCV 21-0040 JGB (DTBx), 2024 WL 3468785, at *6 (C.D. Cal. June 14, 2024) ("The Court agrees with Plaintiff that evidence of his criminal history is irrelevant and prejudicial as to the question of liability . . . ."); *Tucker v. Cnty. of Riverside*, EDCV 16-2274 JGB (DTBx), 2018 WL 6074550, at *2-4 (C.D. Cal. Oct. 4, 2018) (excluding criminal history information unknown to officers); *cf. See Herrera v. City of Ontario*, EDCV 15-1370 JGB (SPx), 2016 WL 9176322, at *2 (C.D. Cal. Oct. 24, 2016) (excluding toxicology report as information unknown to officers at time of shooting).

Nor is evidence that was unknown to the officers during the incident admissible to corroborate any claimed belief that Stephenson may have been intoxicated, or to explain Stephenson's alleged conduct or manner. Such arguments have been expressly rejected by the Ninth Circuit. *See Glenn*, 673 F.3d at 873 n.8 ("We disagree with the district court's suggestion that, even though we must assume the officers did not know of [the decedent's prior] statements, they provide 'uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement.'"). Likewise, Stephenson's purported state of mind is irrelevant given the objective standard applicable to Plaintiffs' claims. *See Graham*, 490 U.S. at 397; *Villanueva v. California*, 986 F.3d 1158, 1166 (9th Cir. 2021) ("[T]he Supreme Court 'ha[s] repeatedly rejected attempts to introduce . . . subjectivity into Fourth Amendment analysis.'") (quoting *Brendlin v. California*, 551 U.S. 249, 260 (2007)).

Accordingly, any evidence unknown to the officers at the time force was used is irrelevant and should be excluded.

  **B.**  **Evidence of Criminal History or Other Alleged Prior Conduct Is Inadmissible Under Federal Rule of Evidence 403**

Although the evidence referenced above is irrelevant, it should also be excluded under Federal Rule of Evidence 403 because it is unfairly prejudicial, confusing, and would waste time. Rule 403 requires exclusion even of relevant

evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

      Here, Stephenson's alleged prior conduct on a freeway in 2017 and resulting arrest, as well as his alleged conduct on the date of the subject incident prior to Defendants' arrival, even assuming they were relevant (they are not), should be excluded as unduly prejudicial. Stephenson's alleged unknown prior conduct serves only to suggest to the jury—impermissibly—that he was unstable, chaotic, thus posed a danger to the community. This implicitly serves to convey to jurors that Defendants did them a favor by killing Stephenson, which of course is highly prejudicial to Plaintiffs. *See Tucker*, 2018 WL 6074550, at *4 (holding criminal history not known to defendant officers was inadmissible under FRE 403, given that its "minimal probative value is substantially outweighed by the highly prejudicial nature of … an arrest for battering a teacher").

      Evidence of alleged intoxication that was unknown to the officers likewise has significant potential to unjustly inflame a jury's passions and prejudices against Stephenson and Plaintiffs. *See Gregory v. Oliver*, 2003 WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* to exclude drug evidence officers discovered after use of force as irrelevant and unduly prejudicial under FRE 403); *id*. at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage

is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming exclusion of "use of the word 'heroin,' because at the time of the arrest, the officers did not know the nature of the drug or Kunz's usage and because mention of heroin would be more prejudicial than helpful"); *Wisler v. City of Fresno*, 2008 WL 2954179 at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial and was not known by defendants). Evidence that Stephenson was allegedly intoxicated on a prior occasion is likely to prejudice Plaintiffs and mislead the jury about the issues to be tried in this case.

     Admission of the foregoing evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). As explained, the central factual dispute in this case is whether Defendants used excessive force when restraining Stephenson. Refuting the inferences that Defendants are expected to attempt to raise will necessitate a mini-trial on collateral issues that have nothing to do with central factual disputes—what threat Stephenson reasonably appeared to pose to officers or the public, his degree of resistance, whether Defendants timely put him into a recovery position or took other reasonable measures to prevent his death—*e.g.*, the truth of whether Stephenson was behaving erratically or was intoxicated while on a freeway in 2017, which will unduly consume this Court's and the jury's time. Accordingly, Plaintiffs respectfully request that the Court further exclude the foregoing evidence and argument regarding information that was unknown to the deputies under Rule 403.

    **C.    Evidence of Prior Arrest Is Inadmissible Character Evidence Under Federal Rule of Evidence 404(b)**

Under Federal Rule of Evidence 404(b), "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Under Rule 404, evidence of Stephenson's 2017 arrest cannot be used to show that he acted in conformity with some general poor character during the incident.

Ninth Circuit case law is clear that character evidence is not normally admissible in a civil rights case. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," *i.e.*, an essential element of a charge, claim, or defense for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). But character is not an essential element to any claim or defense to be tried in this case. For example, testimony or evidence regarding information gathered after the incident relating to any unknown criminal history or intoxication on a prior occasion pose a danger that the jury will (1) improperly infer that the Defendant officers knew this information, (2) improperly infer that Stephenson had the propensity to engage in criminal or inappropriate conduct, and (3) reach a verdict that does not reflect the circumstances the Defendant officers faced during the incident.

The Ninth Circuit has held that "evidence of prior bad acts is admissible if: (1) there is sufficient evidence to allow the jury to conclude that the defendant committed the prior act; (2) the act was not too remote in time from the commission of the charged offense; (3) the act is similar to the charged offense; (4) the act is introduced to prove an element of the charged offense that is a material issue in the case; and (5) the act's probative value is not outweighed by its potential prejudice." *United States v. King*, 200 F.3d 1207, 1214 (9th Cir. 2000). For Defendants, the analysis fails at elements 1, 4, and 5. As to the first, although

Defendants have produced evidence of a notice to appear for Stephenson's prior alleged crime, there was never a conviction. Aside from the arrest information that Defendants want to admit, there is no evidence that Stephenson committed what he was said to have committed. As to the fourth, material issues in the case include the officers' conduct, whether the force used was proportional to Stephenson's alleged threat or resistance, and the degree to which Stephenson was resisting. Evidence of his alleged prior act is not probative of any of these material issues or any other material issue. Its only value is in illustrating Stephenson's propensity to commit a similar act, the exact use Rule 404(b) forbids. And as to the fifth, any probative value of Stephenson's prior alleged criminal conduct is substantially outweighed by its prejudice, as explained above.

      Plaintiffs anticipate that Defendants will seek to use this unknown information as evidence of a propensity for chaotic or lawless behavior. "Corroborating" evidence is propensity evidence. *See Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Admission of this unknown information would serve little purpose other than to tarnish Stephenson's character and pollute the jury against him and Plaintiffs. *See* Adv. Comm. Notes, Fed. R. Evid. 405 (stating specific instances of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time"). Accordingly, this evidence should further be excluded under FRE 404.

## III.   CONCLUSION

      For the foregoing reasons, Plaintiffs respectfully request an order excluding evidence or argument at trial regarding (1) an incident in March 2017 during which Mr. Stephenson allegedly went onto a freeway and was arrested for public intoxication, and (2) Mr. Stephenson's purported conduct on the freeway on the date of the subject incident prior to Defendant Dane Norem's arrival that were not communicated to him prior to the incident.

Respectfully Submitted,

Dated: August 11, 2025  **LAW OFFICES OF DALE K. GALIPO**

By: /s/ *Cooper Mayne*
Dale K. Galipo
Cooper Mayne
*Attorneys for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON*

Certificate of Compliance

The undersigned, counsel of record for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON, certifies that this brief contains 2310 words, which complies with the 7,000 word limit of L.R. 11-6.1.

Dated: August 11, 2025             **LAW OFFICES OF DALE K. GALIPO**

By:   */s/   Cooper Mayne*
Dale K. Galipo
Cooper Mayne
*Attorneys for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON*