**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,

           Plaintiffs,

    v.

STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,

           Defendants.

Case No.:  5:21-cv-0526-JAK-KK

[*Hon. John A. Kronstadt*]

**JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS**

<u>Pre-Trial Conference</u>
August 25, 2025 at 1:30 p.m.

<u>Trial</u>
September 9, 2025 at 9:00 a.m.

**PLEASE TAKE NOTICE** that the Parties hereby submit the Joint Agreed Upon [Proposed] Jury Instructions for the trial of this matter.

Respectfully submitted,

DATED:  August 11, 2025          **LAW OFFICES OF DALE K. GALIPO**


By:     /s/ Cooper Alison-Mayne
        Dale K. Galipo, Esq.
        Cooper Alison-Mayne[1]
        *Attorneys for Plaintiffs*


DATED:  August 11, 2025          **DEAN GAZZO ROISTACHER**


By:     /s/ Lee H. Roistacher
        Lee H. Roistacher, Esq.
        Kimberly A. Sullivan, Esq.
        *Attorneys for Jeffrey McKee*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  August 11, 2025

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
STEPHANIE A. VOLLMER
Deputy Attorney General
*Attorneys for Defendants State of
California, acting by and through the
California Highway Patrol, and Dane
Norem*

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

# UNDISPUTED JURY INSTRUCTIONS

| NUMBER | TITLE | SOURCE | PAGE |
|---|---|---|---|
| **Opening Instructions** | | | |
| 1. | Duty of Jury | 9th Cir. 1.2 | |
| 2. | Outline of Trial | 9th Cir. 1.21 | |
| 3. | Claims and Defenses | 9th Cir. 1.5 | |
| 4. | Burden of Proof - Preponderance of Evidence | 9th Cir. 1.6 | |
| 5. | Two or More Parties—Different Legal Rights | 9th Cir. 1.8 | |
| 6. | What is Evidence | 9th Cir. 1.9 | |
| 7. | What is Not Evidence | 9th Cir. 1.10 | |
| 8. | Evidence for a Limited Purpose | 9th Cir. 1.11 | |
| 9. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | |
| 10. | Ruling on Objections | 9th Cir. 1.13 | |
| 11. | Credibility of Witnesses | 9th Cir. 1.14 | |
| 12. | Conduct of the Jury | 9th Cir. 1.15 | |
| 13. | No Transcript Available to Jury | 9th Cir. 1.17 | |
| 14. | Taking Notes | 9th Cir. 1.18 | |
| 15. | Bench Conferences and Recesses | 9th Cir. 1.20 | |
| 16. | Cautionary Instructions | 9th Cir. 2.0 | |
| 17. | Expert Opinion | 9th Cir. 2.13 | |
| 18. | Evidence in Electronic Format | 9th Cir. 2.16 | |
| **Claims** | | | |
| 19. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | |

| 20. | Section 1983 Claim – Introduction Instruction | 9th Cir. 9.1 | |
| 21. | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force | 9th Cir. 9.25 | |
| 22. | Causation: Substantial Factor | CACI 430 | |
| 23. | Causation: Multiple Causes | CACI 431 | |
| 24. | Alternative Causation | CACI 434 | |
| 25. | Comparative Fault of Decedent | CACI 401, 407 | |
| **Damages** | | | |
| 26. | Punitive Damages—Predicate Question | 9th Cir. 5.5 | |
| **Closing Instructions** | | | |
| 27. | Duty to Deliberate | 9th Cir. 3.1 | |
| 28. | Consideration of Evidence | 9th Cir. 3.2 | |
| 29. | Communication with Court | 9th Cir. 3.3 | |
| 30. | Readback or Playback | 9th Cir. 3.4 | |
| 31. | Return of Verdict | 9th Cir. 3.5 | |

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

# INSTRUCTION NO. 1

## DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.


Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.2

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## INSTRUCTION NO. 2
## OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross examine. Then the defendant may present evidence, and counsel for the plaintiff may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.21.

## INSTRUCTION NO. 3

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves the death of Leroy Stephenson, which occurred in Riverside, California at approximately 1:00 p.m. on January 24, 2019.. The plaintiffs are Leroy Stephenson's three sons: Devonte Stephenson, Keandre Stephenson, and Linden Stephenson. The defendants are California Highway Patrol Officers Dane Norem and Jeffrey McKee, and the State of California.

Plaintiffs claim that Dane Norem and Jeffrey McKee used excessive and unreasonable force and restraint to detain Leroy Stephenson. Plaintiffs seek damages as permitted by law. Plaintiffs bear the burden of proving these claims.

The defendants deny Plaintiffs' claims and contend that the use of force and restraint to detain Leroy Stephenson was reasonable under the totality of the circumstances.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.5.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## INSTRUCTION NO. 4

## BURDEN OF PROOF – REPONDERANCE OF EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.6.

# INSTRUCTION NO. 5

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.8.

# INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I [may instruct] [have instructed] you to accept as proved.


Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.9.

# INSTRUCTION NO. 7

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.10.

## INSTRUCTION NO. 8

## EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.11.

**INSTRUCTIONNO. 9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.12.

# INSTRUCTION NO. 10

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must ignore the question and must not guess what the answer might have been.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.13

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

# INSTRUCTION NO. 11

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.14.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## INSTRUCTION NO. 12

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make

any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.14.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 13**

**NO TRANSCRIPT AVAILABLE TO THE JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.17.

## INSTRUCTION NO. 14

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

No one will read your notes. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.18.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## INSTRUCTION NO. 15
## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 1.20.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

# INSTRUCTION NO. 16
# CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.


Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 2.0; *see also United States v. Pino-Noriega*, 189 F.3d 1089, 1096 (9th Cir. 1999) (The practice in federal court of repeatedly instructing jurors not to discuss the case until deliberations is widespread).

## INSTRUCTION NO. 17

## EXPERT OPINION

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her]opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 2.13.

# INSTRUCTION NO. 18

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not

remove the computer or any electronic data [disk] from the jury room, and do not copy
any such data.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth
Circuit (2023), 2.16.

# INSTRUCTION NO. 19

## SECTION 1983 CLAIM AGAINST DEFENDANT DANE NOREM IN INDIVIDUAL CAPACITY

In order to prevail on a § 1983 claim against the Dane Norem, the plaintiff must prove each of the following elements by a preponderance of the evidence

1.  the defendant acted under color of state law; and

2.  the acts of the defendant deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions; and

3.  The defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendant acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff on those claims. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on those claims.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 9th Cir. 9.3.

# INSTRUCTION NO. 20

## SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiffs bring two claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. These claims are brought only against Dane Norem.

Authority: Based on Comment of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 9.1

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## INSTRUCTION NO. 21

## FOURTH AMENDMENT – EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, defending himself, or in attempting to stop a fleeing or escaping suspect.  Therefore, to establish an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that Dane Norem used excessive force against decedent.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Dane Norem used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. the nature of the crime or other circumstances known to Dane Norem at the time force was applied;

2. whether the decedent posed an immediate threat to the safety of Dane Norem or to others;

3. whether Leroy Stephenson was actively resisting arrest or attempting to evade arrest by flight;

4. the amount of time Dane Norem had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. the relationship between the need for the use of force and the amount of force used;

6. the extent of the Leroy Stephenson's injury;

7. any effort made by Dane Norem to temper or to limit the amount of force;

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

8. the severity of the security problem at issue;

9. the availability of alternative methods to take Leroy Stephenson into custody;

10. the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

11. whether it was practical for Dane Norem to give warning of the imminent use of force, and whether such warning was given;

12. whether it should have been apparent to Dane Norem that the person they used force against was emotionally disturbed; and

13. whether a reasonable officer would have or should have accurately perceived a mistaken fact.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 9.25.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 22**

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

<u>Authority</u>: CACI 430.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## INSTRUCTION NO. 23

## MULTIPLE CAUSES

A person's conduct may combine with another factor to cause harm. If you find that Dane Norem and/or Jeffrey McKee's conduct was a substantial factor in causing Leroy Stephenson's harm, then Dane Norem and/or Jeffrey McKee are responsible for the harm. Dane Norem and/or Jeffrey McKee cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Leroy Stephenson's harm.

Authority: California Civil Jury Instructions (2025), 431(modified).

# INSTRUCTION NO. 24

## ALTERNATIVE CAUSATION

You may decide that more than one of the defendants were negligent, but that the negligence of only one of them could have actually caused Leroy Stephenson's harm. If you cannot decide which defendant caused Leroy Stephenson's harm, you must decide that each defendant is responsible for the harm. However, if a defendant proves that he did not cause Leroy Stephenson's harm, then you must conclude that defendant is not responsible.

Authority: California Civil Jury Instructions (2025), 434

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

### INSTRUCTION NO. 25
### COMPARATIVE FAULT OF DECEDENT

Defendants claim that Leroy Stephenson's own negligence contributed to his harm. To succeed on this claim, Defendants must prove both of the following:

1.  That Leroy Stephenson was negligent; and

2.  That Leroy Stephenson's negligence was a substantial factor in causing his harm.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. You must decide how a reasonably careful person would have acted in Leroy Stephenson's situation.

If the defendants prove the above, Leroy Stephenson's damages are reduced by your determination of the percentage of his responsibility. I will calculate the actual reduction.

Authority: California Civil Jury Instructions (2025), 401, 407.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

# INSTRUCTION NO. 26
## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages against Dane Norem. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

Punitive damages may not be awarded against Jeffrey McKee or California Highway Patrol.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 5.5 (modified)

## INSTRUCTION NO. 27

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.1.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

# INSTRUCTION NO. 28

## CONSIDERATION OF EVIDENCE

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it [, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or

hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.2.

## INSTRUCTION NO. 29

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.3.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

# INSTRUCTION NO. 30

## READBACK OR PLAYBACK

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

> Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.4.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 31**

**RETURN OF VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.5.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS