1
2
3
4

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

5    *Attorneys for Plaintiffs*

6
7
8    **UNITED STATES DISTRICT COURT FOR THE**
9    **CENTRAL DISTRICT OF CALIFORNIA**
10
11

12    DEVONTE STEPHENSON,
individually and as successor in interest
13    to Decedent LEROY STEPHENSON;
LINDEN STEPHENSON, individually
14    and as successor in interest to Decedent
LEROY STEPHENSON; KEANDRE
15    STEPHENSON, individually and as
successor in interest to Decedent LEROY
16    STEPHENSON,
17
18                    Plaintiffs,
19            v.
20
STATE OF CALIFORNIA; DANE
21    NOREM; and JEFFREY MCKEE,
22                    Defendants.
23

Case No.:  5:21-cv-0526-JAK-KK

[*Hon. John A. Kronstadt*]

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

Pre-Trial Conference
August 25, 2025 at 1:30 p.m.

Trial
September 9, 2025 at 9:00 a.m.

24
25
26
27
28

Following pretrial proceedings, pursuant to Fed. R. Civ. P., Rule 16, and L.R. 16, IT IS HEREBY ORDERED:

This order may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

1.    **THE PARTIES ARE:**

Plaintiffs:          Devonte Stephenson

Linden Stephenson

Keandre Stephenson


Defendants:          State of California

Dane Norem

Jeffrey McKee

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

Plaintiffs filed their original complaint asserting only state law claims in the Superior Court of California, County of Riverside, on December 18, 2019. The first cause of action was for wrongful death, the second cause of action was for false arrest/false imprisonment, the third cause of action was for negligence, the fourth cause of action was for battery and the fifth cause of action was for violations of the Bane Act.  (ECF No. 1, pp. 28-29.)  The second, fourth and fifth causes of action were survivor claims brought by plaintiffs on behalf of the deceased father.  (Id.)

The superior court sustained a demurrer without leave to amend to the second, fourth and fifth causes of action and dismissed them with prejudice finding plaintiffs could not maintain any survivor claims on behalf of the decedent because no claim under California's Government Code was presented for survivor claims and damages.  (ECF No.1, pp. 65-115 (demurrer), 183-184 (superior court order)).

Plaintiffs amended their complaint on February 8, 2021. (ECF No. 1, pp. 9-21). The active claims from the amended complaint are: (1) Wrongful Death; (2) Negligence; (3) Unreasonable Search and Seizure; (4) and Interference with Familial Relationship.

The action was removed from state to federal court on March 24, 2021. (ECF No. 1.)

On February 3, 2023, the Court granted the parties' stipulation to dismiss all claims against defendants Matthew Borden and the County of Riverside with prejudice. (ECF No. 42.)

On September 14, 2023, all claims for punitive damages against McKee were dismissed.  (ECF No. 62.)

On March 27, 2025, all federal claims against defendant McKee were dismissed. (ECF No. 115.) Pursuant to that dismissal and the Court's order on defendant McKee's summary judgment motion (ECF No. 96), the only remaining claims against defendant McKee are for wrongful death and negligence under California law.

Plaintiff's position is that their first claim, titled wrongful death, is based on intentional tortious conduct, i.e., battery. The second sentence of the wrongful death claim alleges that defendants "intentionally killed" Mr. Stephenson, and the wrongful death claim does not mention either the state or federal constitution, so battery is the only possible basis for the claim.

Defendants do not agree that the wrongful death claim is based on battery. Defendants' position is that it alleges Fourth Amendment violations and is an improper wrongful death claim based on Fourth Amendment violations.    The pleadings that raise the issues are: Plaintiffs' First Amended Complaint, filed on February 8, 2021, and removed to this Court on March 24, 2021 (ECF No. 1, pp. 9-21); Defendants State of California, Dane Norem, and Jeffrey McKee's Answer filed April 6, 2021 (ECF No. 9); the parties respective Memorandums of Contentions of Fact and Law (ECF Nos. 121, 122, 123); and this Final Pretrial Conference Order.

**2. FEDERAL JURISDICTION AND VENUE ARE INVOKED UPON THE FOLLOWING GROUNDS:**

Subject-matter jurisdiction is appropriate under 28 U.S.C. §§ 1331, 1343(a), and 1367 and venue is appropriate under 28 U.S.C. § 1391(b).  The facts requisite to federal jurisdiction are admitted.

**3. TRIAL ESTIMATE:**

The parties estimate 7–8 court days for this trial.

**4. THE TRIAL IS TO BE A JURY TRIAL**

The trial is to be a jury trial.

The parties have been and will continue to file pretrial documents according to this Court's Scheduling Order.

**5. THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF:**

1. This incident occurred on January 25, 2019, at 12:50 p.m. in Victorville, California.

2. Defendants Dane Norem and Jeffrey McKee were acting within the course and scope of their employment as California Highway Patrol officers.

3. Defendants Dane Norem and Jeffrey McKee were acting under color of law.

4. Leroy Stephenson was born on February 28, 1970.

5. Plaintiffs Keandre Stephenson, Devonte Stephenson, and Linden Stephenson are the sons of Leroy Stephenson.

6. Keandre Stephenson was born on November 7, 1992.

7. Devonte Stephenson was born on February 22, 1995.

8. Plaintiff Linden Stephenson was born on April 28, 1997.

**6. THE FOLLOWING FACTS, THOUGH STIPULATED, SHALL BE WITHOUT PREJUDICE TO ANY EVIDENTIARY OBJECTION:**

The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts" in Section 5 above.

## 7.  THE PARTIES CLAIMS AND DEFENSES.

**Plaintiffs' Claims:**

(a)  **Plaintiffs are pursuing the following four claims against the following defendants:**

Claim 1:  WRONGFUL DEATH

Claim 1 is brought by Plaintiffs against Defendants Dane Norem and Jeffrey McKee directly and the State of California vicariously. Plaintiffs contend that the force or restraint used against Leroy Stephenson was unreasonable because he had not committed any serious crime, was unarmed, and was not posing a serious threat to anyone's safety. To the extent that the force used against Leroy Stephenson amounted to lethal force, Plaintiffs contend that such force was unreasonable because it was not necessary to protect human life, as Leroy Stephenson did not pose an immediate threat of death or serious bodily injury to the officers or anyone else.

The State of California is vicariously liable for Defendants conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Plaintiffs bring this claim individually and seek wrongful death damages. Plaintiffs do not seek survival damages or punitive damages under this claim.

Plaintiff disagrees with Defendants' assertion that there is no battery claim in this case. The first claim in the operative complaint is a Wrongful Death claim that is plead separately from the second claim, which is negligence. The claim itself emphasizes that it is brought under a theory of intentional wrongful use-of-force by Defendants Norem and McKee. For example it alleges that they "intentionally killed Decedent Leroy Stephenson, and used unreasonable and excessive force against him." (ECF No. 1 at 15) This was more than sufficient to provide Defendants "notice as to what is at issue in the case." *Am. Timber & Trading v. First Nat'l Bank*, 690 F. 2d 781, 786 (9th Cir. 1982).

Defendants argument that the wrongful death claim is based on Fourth Amendment violations is puzzling because the there is not reference to constitutional violations anywhere in the allegations of the wrongful death claim and it is clearly a state law claim.

Defendants' Response to Claim 1

Defendants assert the wrongful death claim is not based on battery. The claim itself does not state it is based on battery. Nor is there a stand-alone battery claim alleged. There was a battery cause of action alleged in plaintiffs' original complaint, but that claim was dismissed with prejudice by the superior court, (ECF No. 1, pp. 36-37 (battery as fourth cause of action), pp. 183-184 (order dismissing fourth cause of action with prejudice), and no battery claim was realleged in the first amended complaint. Defendants' position is the wrongful death claim is an improperly plead wrongful death claim based on Fourth Amendment violations. *See Cruz v. City of San Diego*, No. 24-cv-00287-AJB-MSB, 2025 U.S. Dist. LEXIS 32810, at *11-12 (S.D. Cal. Feb. 24, 2025) ("there is no 'wrongful death' claim under § 1983");  *Allen v. Cty. of San Bernardino*, No. ED CV 20-283-JFW(SHKx), 2020 U.S. Dist. LEXIS 122874, at *5 (C.D. Cal. May 28, 2020) (plaintiffs cannot maintain '"a wrongful death' claim under Section 1983 based on a violation of Decedent's Fourth Amendment rights").


Claim 2:       NEGLIGENCE

Claim 2 is brought by Plaintiffs against Defendants Dane Norem and Jeffrey McKee directly and the State of California vicariously. Plaintiffs contend that defendants acted negligently in their tactics, conduct, actions, inactions, and use of unreasonable force or restraint against Leroy Stephenson. Plaintiffs contend that the force or restraint used against Leroy Stephenson was unreasonable because he had not committed any serious crime, was unarmed, and was not posing a serious threat to anyone's safety. To the extent that the force used against Leroy Stephenson amounted to lethal force, Plaintiffs contend that such force was unreasonable because it was not necessary to protect human life, as Leroy Stephenson did not pose an immediate threat of death or serious bodily injury to the

officers or anyone else. Plaintiffs also bring their negligence claim based on a theory that defendants failed to intervene in the excessive force being used by others against Mr. Stephenson.

The State of California is vicariously liable for Defendants' conduct pursuant to Cal. Gov. Code § 815.2(a). Plaintiffs seek wrongful death damages. Plaintiffs do not seek survival damages or punitive damages under this claim.

<u>Defendants' Response to Claim 2</u>

Defendants Officer Dane Norem and Officer Jeffrey McKee acted objectively reasonable in their tactics, conduct, and actions and reasonably used necessary non-deadly force to arrest, detain, prevent the escape of and overcome the resistance of Leroy Stephenson because neither Officer Norem nor Officer McKee were negligent, CHP cannot held to be vicariously liable.

<u>Claim 3</u>:    EXCESSIVE FORCE

42 U.S.C. § 1983 — Fourth Amendment (Survival)

Claim 3 is brought by Plaintiffs against Defendant Norem. Plaintiffs contend that Norem used excessive force or restraint against Decedent Leroy Stephenson in violation of his Fourth Amendment rights and 42 U.S.C. § 1983. The level of force used against Stephenson was unreasonable because he had not committed any serious crime, was unarmed, and did not pose a threat to anyone's safety. To the extent that the force used against Stephenson amounted to lethal force, it was unreasonable under the circumstances given that Stephenson did not pose an immediate threat of death or bodily injury to anyone. Further, Mr. Stephenson did not injure anyone or attempt to do so.

Plaintiffs also pursue this claim based on the theory that Norem was an integral participant in the excessive force that others used against Mr. Stephenson and failed to intervene to prevent the use of such force.

Plaintiffs bring this claim individually and as Mr. Stephenson's successors-in-interest and seek wrongful death damages and survival damages for Mr. Stephenson's pre-

death pain and suffering, loss of life, and loss of enjoyment of life, and punitive damages. Plaintiff also seeks costs and statutory attorneys' fees on this claim.

Defendants' Response to Claim 3:

Defendant Dane Norem did not violate the Fourth Amendment because Defendant Dane Norem's use of force and restraint were objectively reasonable under the totality of circumstances. Defendant Dane Norem's conduct did not violate clearly established law.

Claim 4:       LOSS OF FAMILIAL RELATIONSHIP

42 U.S.C. § 1983 — Fourteenth Amendment (Wrongful Death)

Claim 4 is brought by Plaintiffs against Defendant Dane Norem. Plaintiffs contend that Dane Norem violated their Fourteenth Amendment rights by depriving them of their familial relationship with Leroy Stephenson through conduct that demonstrated deliberate indifference to his life and safety and shocks the conscience. The level of force used against Stephenson shocks the conscience, because he had not committed any serious crime, was unarmed, and did not pose a threat to anyone's safety. Further, Mr. Stephenson did not injure anyone or attempt to do so. Plaintiffs further contend that the use of such force or restraint was not justified by any legitimate law enforcement purpose and was undertaken with a deliberate disregard for the risk to Leroy Stephenson's life. As a result, Plaintiffs suffered the loss of Leroy Stephenson's companionship, love, and support.

Plaintiffs seek wrongful death damages, punitive damages, and reasonable attorneys' fees and costs.

Defendants' Response to Claim 4:

Given the rapidly evolving circumstances, Defendant Dane Norem did not have time to actually deliberate and did not act with a purpose to harm Leroy Stephenson for reasons unrelated to legitimate law enforcement objectives while arresting, detaining, preventing the escape of, and overcoming the resistance of Leroy Stephenson. In the alternative, Defendant Dane Norem did not consciously disregard a substantial risk of

8

serious harm to Leroy Stephenson. <u>As such, Defendant Dane Norem's conduct does not "shock the conscience" and is not a violation of the Fourteenth Amendment. In addition, Defendant Dane Norem's conduct did not violate clearly established law.</u>

**(b)    The elements required to establish Plaintiffs' claims are:**

<u>Claim 1</u>:                <u>Wrongful Death</u> (Battery)

Elements:

1.    Defendants intentionally touched Leroy Stephenson or caused him to be touched;

2.    Defendants used unreasonable force or restraint against Leroy Stephenson;

3.    Leroy Stephenson did not consent to the use of that force or restraint; and

4.    Defendants' use of force or restraint was a substantial factor in causing injury, damage, loss, or harm to Leroy Stephenson.

Source: CACI 1305A.

<u>Defendants' Response</u>

Defendants assert that there is no battery claim because it is not in the operative complaint and was dismissed with prejudice in state court and the wrongful death claim does not assert a battery claim.


<u>Claim 2</u>:        <u>Negligence</u>

Elements:

1.    Defendants were negligent

2.    Defendants' negligence was a substantial factor in causing injury, damage, loss, or harm to Leroy Stephenson.

Source: CACI 400.

<u>Defendants' Response</u>

    <u>Defendants contend that the negligence claim is not governed by general negligence standards because the claim involves use of force by law enforcement.</u>

9

Claim 2: Negligence Negligent Use of Nondeadly Force by Law Enforcement

Officer in Arrest or Other Seizure

     Elements:

       1.        That Officer Dane Norem and Officer Jeffrey McKee used force in arresting or detaining Leroy Stephenson;

       2.        That the amount of force used by Officer Dane Norem and Officer Jeffrey McKee was unreasonable;

       3.        That Leroy Stephenson was harmed; and

       4.        That Officer Dane Norem's and Officer Jeffrey McKee's use of unreasonable force was a substantial factor in causing Leroy Stephenson's death.

In deciding whether Officer Dane Norem or Officer Jeffrey McKee used unreasonable force, you must consider all of the circumstances of the arresting or detention and determine what force a reasonable officer in Officer Dane Norem's or Officer Jeffrey McKee's position would have used under the same or similar circumstances. Among the factors to be considered are the following:

       (a)      Whether Leroy Stephenson reasonably appeared to pose an immediate threat to the safety of Officer Dane Norem or Officer Jeffrey McKee or others;

       (b)      The seriousness of the crime at issue;

       (c)      Whether Leroy Stephenson was actively resisting arrest or detention or attempting to avoid arresting or detention by flight; and

       (d)      Officer Dane Norem's and Officer Jeffrey McKee's tactical conduct and decisions before using force on Leroy Stephenson

Source: CACI No. 440, (2019 Edition).

Claim 3:     EXCESSIVE FORCE

          42 U.S.C. § 1983 — Fourth Amendment (Survival)

Elements:

    5.    Defendant Dane Norem used excessive force or restraint against Leroy Stephenson; and

    6.    Defendant Dane Norem's use of force or restraint was the cause of injury, damage, loss, or harm to Leroy Stephenson.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.25, Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force (2017) (revised November 2024).

Defendants' Response

    Claim 3 - Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983) (Survival):  The elements of a section 1983 excessive force claim arising under the Fourth Amendment are:

    1. Defendant Dane Norem acted under color of state law;

    2. Defendant Dane Norem intentionally seized decedent's person;

    3. The use of force was objectively unreasonable under all of the circumstances;

    4. The use of force caused decedent harm; and

    5. Plaintiffs, Devonte Stephenson, Linden Stephenson and Keandre Stephenson are successors-in-interest to Leroy Stephenson.

*See* Ninth Circuit Model Civil Jury Instrs. 9.3, 9.20, 9.25*; Graham v. Connor,* 490 U.S. 386, 395 (1989); *Tatum v. City & Cty. of San Francisco,* 441 F.3d 1090, 1100 n.2 (9th Cir. 2006) ("[T]he decedent's 'successor in interest' may prosecute [a section 1983] survival action if the person . . . satisfies the requirements of California law.").

In determining whether the officer used excessive force, all of the circumstances known to the officer on the scene must be considered, including:

    (1) the nature of the crime or other circumstances known to Defendant Dane Norem at the time force was applied;

(2) whether Leroy Stephenson posed an immediate threat to the safety of Defendant Dane Norem or others;

(3) whether Leroy Stephenson was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time Defendant Dane Norem had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) any effort made by Defendant Dane Norem to temper or to limit the amount of force;

(7) the severity of the security problem at issue;

(8) the availability of alternative methods to subdue Leroy Stephenson ;

(9) the number of lives at risk (motorists, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

(10) whether it was practical for Defendant Dane Norem to give warning of the imminent use of force, and whether such warning was given;

(11) whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

(12) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

Ninth Circuit Model Civil Jury Inst. 9.25.

In general, all claims of excessive force, whether deadly or not, should be analyzed under the objective reasonableness standard of the Fourth Amendment as applied in *Scott v. Harris*, 550 U.S. 372, 381-85 (2007), *Graham v. Connor*, 490 U.S. 386, 397 (1989),

*Tennessee v. Garner*, 471 U.S. 1, 7-12 (1985), and *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).

In assessing reasonableness, the fact-finder should give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citation omitted). In addition, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

The Ninth Circuit has repeatedly emphasized that the most important factor is "whether the suspect posed an immediate threat to the safety of the officers or others." *See, e.g.*, *S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017) (internal quotation marks omitted); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020); *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019). It is well-established that where a suspect threatens an officer with a weapon or where the officer has probable cause to believe that the suspect poses a threat of death or serious physical harm to the officer or others, the officer is justified in using deadly force. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *Wilkinson v. Torres,* 610 F.3d 546, 546 (9th Cir. 2010).

Claim 4:      LOSS OF FAMILIAL RELATIONSHIP

42 U.S.C. § 1983 — Fourteenth Amendment (Wrongful Death)

Elements:

1.    Defendant Dane Norem engaged in conduct that shocks the conscience or demonstrates deliberate indifference to Leroy Stephenson's constitutional right; and

2.      Dane Norem's conduct was a cause of injury, harm, or death to Leroy Stephenson.

<u>Defendants' Response</u>

The elements of a section 1983 substantive due process claim arising under the Fourteenth Amendment are:

1. Defendant Dane Norem acted under color of state law;

2. Defendant Dane Norem's conduct "shocks the conscience" in that either:

a.      If Defendant Dane Norem did not have time to actually deliberate, Defendant Dane Norem acted with a purpose to harm the decedent for reasons unrelated to legitimate law enforcement objectives; or

b.      If Defendant Dane Norem had time to actually deliberate, Defendant Dane Norem with deliberate indifference to the decedent's rights or safety in that he was aware of a substantial risk of serious harm to the decedent and consciously disregarded that risk.

4. Defendant Dane Norem's conduct caused decedent harm; and

5. Plaintiffs, Devonte Stephenson, Linden Stephenson and Keandre Stephenson are successors-in-interest to Leroy Stephenson.

**(c)     Key evidence Plaintiffs rely on for each claim:**

Plaintiffs will rely on testimony from Dane Norem and Jeffrey McKee, whose own accounts will establish the actions they took in restraining Leroy Stephenson, including prone positioning, Taser use, and application of body weight. Civilian witnesses Matthew Borden, Dennis Stout, Eric Leighton, and others will provide independent accounts confirming the circumstances and duration of the restraint, as well as Mr. Stephenson's condition throughout the encounter. Plaintiffs Devonte, Linden, and Keandre Stephenson will testify about the personal and emotional impact of Mr. Stephenson's death. They will also testify about value and enjoyment the Mr. Stephenson derived from life.

Expert testimony from Jeffrey Noble (police practices) will address the unreasonable and excessive nature of the force used under accepted law enforcement standards, including the known dangers of prolonged prone restraint and positional asphyxia. Dr. Bennet Omalu (forensic pathology) and Dr. Daniel Wohlgelernter (cardiology) will testify that Mr. Stephenson died from restraint-related asphyxia, refuting alternative causes of death offered by defense experts and opining on the physical pain and suffering experienced before death.

Medical evidence includes the autopsy report prepared by Dr. Allison Hunt, the AMR and fire department incident reports, and testimony from the treating physician who pronounced Mr. Stephenson deceased. Plaintiffs may also introduce dispatch communications, MVARS dash camera footage from both Norem and McKee, still images and video clips from those recordings, the Taser deployment logs, and photographs depicting the scene, Mr. Stephenson's injuries, his clothing, and other forensic documentation of the incident.

This combination of officer testimony, eyewitness accounts, expert analysis, and visual and medical records will support Plaintiffs' claims for excessive force under the Fourth Amendment, loss of familial association under the Fourteenth Amendment, and Plaintiffs' state-law tort claims.

**Key evidence Defendants rely on :**

Defendants will rely on testimony from Officer Dane Norem and Officer Jeffrey McKee, whose own accounts will establish the actions they took in restraining Leroy Stephenson in the face of his continued resistance. Civilian witnesses Matthew Borden, Dennis Stout, Eric Leighton, and others will provide independent accounts confirming the circumstances and duration of the restraint, as well as Mr. Stephenson's resistance condition throughout the encounter.

Expert testimony from Robert Fonzi (police practices) will address the reasonableness of the force used and in compliance with accepted law enforcement standards. Dr. Micheal Graham  (forensic pathology) and Dr. John S. MacGregor,

(cardiology**)**, a representative from Bio-Tox Laboratories, Celina Beckham,  and Dr. Allison Hunt who performed the autopsy will testify that Mr. Stephenson died from acute methamphetamine toxicity and cardiovascular disease related to his physical altercation with law enforcement personnel.  Dr. Richard F. Clark (emergency medicine/toxicology) will provide opinions regarding toxicological effects of methamphetamine on behavior, physiology, cardio/respiratory, neurologic, and all other body systems affected by methamphetamine, as they pertain to and relate to Mr. Leroy Stephenson's death and his behavior, actions, signs, and symptoms at the time of the events at issue in this case.  Dr. Clark will also opine about the relationship between substances that Mr. Stephenson had consumed or ingested and his actions, behaviors, signs, symptoms, and cause of death, as such substances were detected in pre- and post-mortem examination and toxicological screening and/or as such substances were reported or determined through any other sources to have been consumed or ingested.  Dr. Gary M. Vilke (emergency medicine) specializes in and will provide expert testimony in this case on all issues regarding relationships between officers' use of force and Plaintiffs' allegations that such actions caused and/or contributed to Mr. Leroy Stephenson's death.  Dr. Vilke will provide opinions opposing and rebutting Plaintiffs' contentions that officers caused and/or contributed to Mr. Stephenson's death through restraint asphyxia, positional asphyxia, compression asphyxia, any other form of asphyxia, physical efforts to restrain Mr. Stephenson, use of any weapons or any other striking object or mechanism, use of a TASER device upon Mr. Stephenson, and/or any other method of force and/or restraint used upon Mr. Stephenson.  Dr. Vilke will also opine regarding Mr. Stephenson's physical conditions (preexisting and acute) and/or causes of death from an emergency medicine perspective.

Medical evidence includes the autopsy report prepared by Dr. Allison Hunt, the AMR and fire department incident reports, and testimony from the treating physician who pronounced Mr. Stephenson deceased. Plaintiffs will also introduce dispatch communications, MVARS dash camera footage from both Norem and McKee, still images

and video clips from those recordings, the Taser deployment logs, and photographs depicting the scene, Mr. Stephenson's injuries, his clothing and personal effects, and other forensic documentation of the incident.

Defendants will also rely on scores of concerned citizens calling 911 to demonstrate the danger Leroy Stephenson posed to the motoring public by continually running across Highway 91. Defendants will further rely on the testimony of 911 dispatchers that were able to view the incident from a Cal-Tran's camera live feed to establish Leroy Stephenson presented a danger and was resisting and fighting Officer Dane Norem.

This combination of officer testimony, eyewitness accounts, expert analysis, and visual and medical records will support Defendants' defenses regarding the reasonableness of the force under the Fourth Amendment and under the Fourteenth Amendment, and related state-law tort claims.

**<u>Defendants' Affirmative Defenses:</u>**

**(a) Defendants plan to pursue the following affirmative defenses:**

<u>Affirmative Defense 1</u>:  Qualified immunity against the Section 1983 claims.

<u>Affirmative Defense 2</u>: Self-defense and defense of others against the state law negligence.

<u>Affirmative Defense 3</u>: Comparative fault of decedent.

<u>Affirmative Defense 4</u>: Immunity under California Government Code § 820.2.

<u>Affirmative Defense 5</u>: Immunity under California Government Code § 820.4.

<u>Affirmative Defense 6</u>: Immunity under California Penal Code §§ 835, 835a.

<u>Affirmative Defense 7</u>: Immunity under California Government Code § 845.8(b)(3).

<u>Affirmative Defense 8</u>: Immunity under California Penal Code § 196(b).

<u>Affirmative Defense 9</u>: Immunity under California Government Code § 815.2(b)

**(b) The elements required to establish Defendants' affirmative defenses are:**

<u>Affirmative Defense 1</u>:

Qualified immunity is a legal defense for the Court to decide when raised by a non-suit or post-verdict motion. *Ortiz v. Jordan*, 562 U.S. 180, 191 (2011) (holding qualified

immunity must be raised by a Rule 50 motion following trial where disputed facts precluded resolution on summary judgment).

_Affirmative Defense 2_: Comparative Fault

The elements of comparative fault are:

1. Leroy Stephenson was negligent; and

2. Leroy Stephenson's negligence was a substantial factor in causing his death or plaintiffs' harm.

CACI 407, Comparative Fault.

_Affirmative Defense 3_: Immunity under California Government Code § 820.2.

The elements for this affirmative defense are:

1.    Officer Dane Norem and Officer Jeffrey McKee exercised discretion in using force on Leroy Stephenson;

2.    The discretion was vested in Officer Dane Norem and Officer Jeffrey McKee pursuant to their duties as a peace officer.

Cal. Code Gov. § 820.2.

_Affirmative Defense 4_: Immunity under California Government Code § 820.4.

The elements for this affirmative defense are:

1.    Officers Dane Norem and Jeffrey McKee were exercising due care;

2.    Officers Dane Norem and Jeffrey McKee were enforcing the law.

Cal. Gov, Code § 820.4.

_Affirmative Defense 5_: Immunity under California Penal Code §§ 835, 835a.

The elements for this affirmative defense are:

1.    Officers Dane Norem and Jeffrey McKee had reasonable cause to believe Leroy Stephenson committed a public offense;

2.    The force used was reasonable to overcome Leroy Stephenson's resistance and in protection of the life and safety of Officer Dane Norem or others;

3.      Leroy Stephenson was subject to restraint reasonable to overcome his resistance and in protection of the life and safety of Officer Dane Norem or others.

Cal. Code Pen. §§ 835, 835a.

Affirmative Defense 6: Immunity under California Government Code § 845.8(b)(3). The element for this affirmative defense is:

Decedent was resisting arrest at the time he was injured.

Cal. Code Gov. § 845.8(b)(3).

Affirmative Defense 7: Immunity under California Penal Code § 196(b). The elements for this affirmative defense are:

1.      Officers Dane Norem and Jeffrey McKee had reasonable cause to believe Leroy Stephenson committed a public offense;

2.      The force used was reasonable to overcome Leroy Stephenson's resistance and in protection for the life and safety of Officer Dane Norem or others; and

3.      Leroy Stephenson was subject to restraint reasonable to overcome his resistance and in protection of the life and safety of Officer Dane Norem or others.

Cal. Code Pen. § 196(b),

Affirmative Defense 8: Immunity under California Government Code § 815.2(b). Defendant State of California is not "liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

Plaintiffs' Response: Defendants raise a number of immunities under various California statutes; however, these statutory immunities do not apply in the excessive force context. Qualified immunity does not apply to this case. Plaintiffs have agreed to a jury instructions on comparative fault.

**(c)   Key evidence Defendants rely on for each affirmative defense:**

Defendants will rely on testimony from Officer Dane Norem and Officer Jeffrey McKee, whose own accounts will establish the actions they took in restraining Leroy

Stephenson in the face of his continued resistance. Civilian witnesses Matthew Borden, Dennis Stout, Eric Leighton, and others will provide independent accounts confirming the circumstances and duration of the restraint, as well as Mr. Stephenson's resistance condition throughout the encounter.

Expert testimony from Robert Fonzi (police practices) will address the reasonableness of the force used and in compliance with accepted law enforcement standards. Dr. Micheal Graham  (forensic pathology) and Dr. John S. MacGregor, (cardiology), a representative from Bio-Tox Laboratories, Celina Beckham,  and Dr. Allison Hunt who performed the autopsy will testify that Mr. Stephenson died from acute methamphetamine toxicity and cardiovascular disease related to his physical altercation with law enforcement personnel.  Dr. Richard F. Clark (emergency medicine/toxicology) will provide opinions regarding toxicological effects of methamphetamine on behavior, physiology, cardio/respiratory, neurologic, and all other body systems affected by methamphetamine, as they pertain to and relate to Mr. Leroy Stephenson's death and his behavior, actions, signs, and symptoms at the time of the events at issue in this case.  Dr. Clark will also opine about the relationship between substances that Mr. Stephenson had consumed or ingested and his actions, behaviors, signs, symptoms, and cause of death, as such substances were detected in pre- and post-mortem examination and toxicological screening and/or as such substances were reported or determined through any other sources to have been consumed or ingested.  Dr. Gary M. Vilke (emergency medicine) specializes in and will provide expert testimony in this case on all issues regarding relationships between officers' use of force and Plaintiffs' allegations that such actions caused and/or contributed to Mr. Leroy Stephenson's death.  Dr. Vilke will provide opinions opposing and rebutting Plaintiffs' contentions that officers caused and/or contributed to Mr. Stephenson's death through restraint asphyxia, positional asphyxia, compression asphyxia, any other form of asphyxia, physical efforts to restrain Mr. Stephenson, use of any weapons or any other striking object or mechanism, use of a TASER device upon Mr. Stephenson, and/or any other method of force and/or restraint

used upon Mr. Stephenson.  Dr. Vilke will also opine regarding Mr. Stephenson's physical conditions (preexisting and acute) and/or causes of death from an emergency medicine perspective.

Medical evidence includes the autopsy report prepared by Dr. Allison Hunt, the AMR and fire department incident reports, and testimony from the treating physician who pronounced Mr. Stephenson deceased. Plaintiffs will also introduce dispatch communications, MVARS dash camera footage from both Norem and McKee, still images and video clips from those recordings, the Taser deployment logs, and photographs depicting the scene, Mr. Stephenson's injuries, his clothing and personal effects, and other forensic documentation of the incident.

Defendants will also rely on scores of concerned citizens calling 911 to demonstrate the danger Leroy Stephenson posed to the motoring public by continually running across Highway 91. Defendants will further rely on the testimony of 911 dispatchers that were able to view the incident from a Cal-Tran's camera live feed to establish Leroy Stephenson presented a danger and was resisting and fighting Officer Dane Norem.

This combination of officer testimony, eyewitness accounts, expert analysis, and visual and medical records will support Defendants' defenses regarding the reasonableness of the force under the Fourth Amendment and under the Fourteenth Amendment, and related state-law tort claims

## 8. <u>REMAINING ISSUES</u>:

In view of the admitted facts and the elements required to establish the claims, counterclaims, and affirmative defenses, the following issues remain to be tried:

1.    Whether Dane Norem used excessive or unreasonable force or restraint against Leroy Stephenson;

2.    Whether Dane Norem and/or Jeffrey McKee's were negligent with respect to their conduct toward Leroy Stephenson during the incident;

3.    Whether Leroy Stephenson was comparatively negligent;

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

4.    Whether Dane Norem had time to actually deliberate;

5.    If Dane Norem did not have time to actually deliberate, whether Dane Norem acted with a purpose to harm for reasons unrelated to legitimate law enforcement objectives while arresting, detaining, preventing the escape of, and overcoming the resistance of Leroy Stephenson.

6.    If Dane Norem had time to actually deliberate, whether Dane Norem's conduct was in reckless disregard to Leroy Stephenson's right to be free from excessive force or restraint;

7.    Whether Dane Norem and/or Jeffrey McKee's conduct constituted unlawful battery (Defendants dispute that this is an issue);

8.    The amount of damages, both survival and wrongful death damages;

9.    Whether Dane Norem acted with malice or in reckless disregard for Leroy Stephenson's rights;

10.    The amount of punitive damages.

**9.    ALL DISCOVERY IS COMPLETE**

**10.    ALL DISCLOSURES PURSUANT TO F. R. CIV. P 26(A)(3) HAVE BEEN MADE:**

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Counsel agrees that this is not the final joint exhibit list, and that counsel will file an Amended Joint Exhibit List as soon as practicable, at least 10 days before the trial begins.

**11.    THE JOINT WITNESS LISTS OF THE PARTIES HAVE BEEN FILED WITH THE COURT:**

Only the witnesses identified on the parties' witness lists may testify, except for purposes of impeachment. Witness lists remain subject to modification based on the Court's rulings on motions in limine. The parties do not anticipate presenting deposition

testimony at trial, except for impeachment or to refresh recollection. Accordingly, deposition transcripts will not be lodged with the Court pursuant to L.R. 32-1.

However, under the Court's standing order, any deposition transcripts intended for impeachment must be lodged with the Courtroom Deputy on the first day of trial. The following depositions are expected to be lodged with the Court:

- Dane Norem
- Jeffrey McKee
- Eric Leighton
- Matthew Borden
- Allison Hunt
- Gary Vilke
- John MacGregor
- Michael Graham
- Richard Clark
- Robert Fonzi

## 12. <u>LAW AND MOTION</u>:

The parties have met and conferred on the motions *in limine*. Motions *in limine* have been filed and are pending with the Court.

Plaintiffs have filed three motions in limine: (1) to exclude information unknown, including evidence of decedent's conduct before defendants made contact with him; (2) to exclude evidence of drug use and mental health history; (3) to exclude past criminal conduct and alleged wrongful acts.

In addition to the foregoing motions in limine, the parties have reached several pretrial stipulations regarding the presentation of evidence and argument at trial, which have been filed as a joint stipulation.

## 13. <u>BIFURCATION OF ISSUES</u>

Defendants Dane Norem and the State of California are requesting bifurcation of punitive damages. Trial shall be bifurcated such that the amount of punitive damages, if any, shall be decided after the initial phase of trial. Plaintiffs are not opposed to bifurcating on the amount of punitive damages. Plaintiffs would like to reserve their right to raise this issue of bifurcating liability and damages at a later stage.  Defendants note liability and damages may need to be bifurcated based on the Court's rulings on motions in limine.

## 14.    **CONCLUSION**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: _____, 2025          _____
                                            Hon. John A. Kronstadt
                                            United States District Court
                                            Central District of California

Approved as to form and content by:

DATED:  August 11, 2025          **LAW OFFICES OF DALE K. GALIPO**


By:     */s/ Cooper Alison-Mayne*
        Dale K. Galipo, Esq.
        Cooper Alison-Mayne
        *Attorneys for Plaintiffs*


DATED:  August 11, 2025          **DEAN GAZZO ROISTACHER**


By:     */s/ Lee H. Roistacher*
        Lee H. Roistacher, Esq.
        *Attorneys for Defendant Jeffrey McKee*


Dated:  August 11, 2025          ROB BONTA
                                 Attorney General of California
                                 DONNA M. DEAN
                                 Supervising Deputy Attorney General

                                 */s/ David Klehm*

                                 DAVID KLEHM
                                 STEPHANIE A. VOLLMER
                                 Deputy Attorney General
                                 *Attorneys for Defendants State of
                                 California, acting by and through the
                                 California Highway Patrol, and Dane
                                 Norem*

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER