**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs* DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,<br><br>Defendants. | 5:21-cv-00526-JAK-KK<br>*Hon. Judge Kronstadt*<br>*Hon. Magistrate Judge Bristow*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE OPINIONS OF PLAINTIFFS' POLICE PRACTICES EXPERT JEFFREY NOBLE**<br><br>Hearing Date:   August 25, 2025<br>Hearing Time:   1:30 p.m.<br>Courtroom: 10B |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort lawsuit arises out of the arrest and eventual death of Leroy Stephenson while he was being arrested and restrained by Defendants Dane Norem and Jeffrey McKee. The key issue in this case is whether the manner of arresting and restraining Stephenson constituted excessive force. Plaintiffs hereby oppose Defendants' Motion in Limine (Dkt. 124), which seeks to exclude significant portions of the testimony of Plaintiffs' police practices expert, Jeffrey Noble.

## II. ARGUMENT

Defendants argue that Mr. Noble should not be permitted to offer any opinions about or comment on the propriety of Officer McKee's conduct, nor Officer Norem's conduct prior to handcuffing Mr. Stephenson, because they are not contained in his Rule 26 Report.[1] (Dkt. 124). Plaintiffs do not intend to elicit testimony from Mr. Noble that is outside the scope of his Rule 26 Report.

Defendants argue that Mr. Noble's Report offers a "single opinion: 'Officer Norem's Failure to Place Mr. Stephenson in a Recovery Position After he was Secured in Handcuffs was Inconsistent with Generally Accepted Police Practices.'" (Dkt. 124 at pg. 6). However, such a restrictive reading of Mr. Noble's report ignores the numerous opinions regarding general police practices and standards contained in his report. Some of the opinions in Mr. Noble's Report that Defendants overlook include: "[I]t is well known and generally accepted that keeping handcuffed individuals in the prone position after handcuffing can negatively affect the subject's breathing and cause or contribute to positional asphyxia. It is generally accepted in policing that the risks of asphyxiation are magnified when officers apply weight or pressure to a handcuffed, prone subject."

---

[1] Notably, Defendants do not question Mr. Noble's exemplary qualifications as a police practices expert.

2

(Rule 26 Report of Jeffrey Noble, Exhibit 1 of Lee H. Roistacher's declaration in support of Motion in Limine ("Noble Report"), Dkt. 124-3, ¶ 39); "As an industry, policing has known about the risks of positional asphyxia for over thirty years." (Noble Report at ¶ 42); "Once an individual has been controlled and handcuffed, the officer should roll the subject onto his/her side, or into a sitting position as soon as possible to reduce the risk of positional asphyxia." (Noble Report at ¶ 43) (internal quotations omitted); "Today, many police agencies around the United States have policies explicitly restricting the use of prone restraint; those policies overwhelmingly direct officers to avoid keeping handcuffed individuals in the prone position for any extended period of time. Many other agencies do not have specific policies, but officers are still expected to mitigate the risks of positional asphyxia by not keeping subjects in the prone position after handcuffing." (Noble Report at ¶ 45); "A reasonable police officer in these circumstances would have immediately placed Mr. Stephenson in a recovery position after he was handcuffed…" (Noble Report at ¶ 56).

      Any opinions of general applicability contained in Mr. Noble's Report are clearly within the scope of admissible testimony at trial. The key issue in this case is whether Defendants Norem and McKee acted reasonably when arresting and restraining Mr. Stephenson. Allowing Mr. Noble to testify regarding the general opinions contained in his report will allow the jury to consider the applicable police practices and standards when deciding whether the Defendants acted reasonably. Mr. Noble should be permitted to testify as to those general opinions contained in his report, and Plaintiffs' counsel should be permitted to argue that these generally applicable opinions apply to both McKee's conduct and Norem's conduct prior to and after handcuffing Mr. Stephenson.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine to exclude opinions of Plaintiffs' police practices expert Jeffrey Noble. (Dkt. 124.)

Respectfully Submitted,

Dated: August 18, 2025        **LAW OFFICES OF DALE K. GALIPO**

By:   */s/   Cooper Alison-Mayne*
      Dale K. Galipo
      Cooper Alison-Mayne
      *Attorneys for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON*

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON, certifies that this brief contains 622 words, which complies with the 7,000 word limit of L.R. 11-6.1.

Dated: August 18, 2025         **LAW OFFICES OF DALE K. GALIPO**

                               By:  /s/   Cooper Alison-Mayne
                                    Dale K. Galipo
                                    Cooper Alison-Mayne
                                    *Attorneys for Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON*