1  ROB BONTA
   Attorney General of California
2  DONNA M. DEAN
   Supervising Deputy Attorney General
3  DAVID KLEHM
   Deputy Attorney General
4  State Bar No. 165302
   STEPHANIE A. VOLLMER
5  Deputy Attorney General
   State Bar No. 309407
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 510-3849
    Fax: (415) 703-5480
8   E-mail: David.Klehm@doj.ca.gov;
    Stephanie.Vollmer@doj.ca.gov
9  *Attorneys for Defendants State of California, acting*
   *by and through the California Highway Patrol, and*
10 *Dane Norem*

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14

15

16  DEVONTE STEPHENSON,                5:21-cv-00526-JWH (KKx)
    individually and as successor in
17  interest to Decedent LEROY          DEFENDANTS STATE OF
    STEPHENSON; LINDEN                   CALIFORNIA'S, ACTING BY AND
18  STEPHENSON, individually and as     THROUGH THE CALIFORNIA
    successor in interest to Decedent   HIGHWAY PATROL, DANE
19  LEROY STEPHENSON; KEANDRE           NOREM'S, AND JEFFREY
    STEPHENSON, individually and as     MCKEE'S JOINT OPPOSITION
20  successor in interest to Decedent   TO PLAINTIFFS' MOTION IN
    LEROY STEPHENSON,                   LIMINE NO. 2 TO EXCLUDE
21                                      EVIDENCE OF DECEDENT'S
                            Plaintiffs,  PAST CRIMINAL HISTORY AND
22                                      CONDUCT ON DAY OF
            v.                          INCIDENT THAT WAS
23                                      UNKNOWN TO DEFENDANT
                                        NOREM
24  STATE OF CALIFORNIA; and
    DOES 1 through 100, inclusive,     Date:      August 25, 2025
25                                     Time:      1:30pm
                            Defendants. Courtroom: 10B
26                                     Judge:     The Honorable John A.
                                                  Kronstadt
27                                     Trial Date:   September 9, 2025
                                       Action Filed: 12/18/2019
28

                                  1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

On a Thursday afternoon, January 24, 2019, starting at around 12:20 p.m., more than a dozen alarmed motorists called 911 to report a man walking in and across multiple lanes of high-speed traffic on State Route (SR)-91 in Riverside County. This man, later identified as Leroy Stephenson, was also reported by passing motorists as jumping over the freeway's median barrier. Callers further reported that Mr. Stephenson was seen in both east- and westbound lanes on the freeway. Essentially, Mr. Stephenson was alternately running and walking back and forth across both the eastbound and westbound lanes of SR-91 in broad daylight, dodging cars as they passed at high speeds. Riverside Police Department officers managed to chase Mr. Stephenson off the freeway before he caused a serious accident, but they lost him on surface streets. Around 12:40 p.m., Mr. Stephenson returned to his dangerous conduct on SR-91, resulting again in numerous concerned drivers calling 911. And this was not the first time Mr. Stephenson engaged in this extremely dangerous conduct, which posed significant risks not only to himself but also to the motoring public.

The instant litigation arises from the January 24, 2019, incident. Specifically, it arises from the reasonable and critically necessary efforts to try and contain Mr. Stephenson and to prevent him from continuing to run onto SR-91 and into the direct path of oncoming cars travelling at freeway speeds.

When CHP Officer Dane Norem arrived on scene, Mr. Stephenson was walking down the Adams Street off-ramp, against traffic. Officer Norem directed Mr. Stephenson to the off-ramp's shoulder (away from SR-91). Rather than heed the directive, Mr. Stephenson bolted to his right, directly toward the freeway that was just yards away.

///

///

Recognizing the danger Mr. Stephenson posed by running into SR-91 traffic, Officer Norem immediately pursued Mr. Stephenson. At six-foot, four inches tall, 230 pounds, and high on methamphetamine, Mr. Stephenson aggressively resisted all attempts to restrain him. Two Taser deployments were wholly ineffective. Finally, with the help of others, including good Samaritans who rushed from their cars to assist after recognizing the difficulty that Officer Norem – the only law enforcement officer on scene – had controlling Mr. Stephenson and how dangerous the situation was given Officer Norem and Mr. Stephenson were in the "gore point," parallel to the off-ramp and only inches from the swiftly moving freeway traffic in the far-right lane of SR-91, Mr. Stephenson was prevented from re-entering the traffic lanes. Ultimately, Mr. Stephenson was detained and handcuffed. Shortly thereafter, Mr. Stephenson appeared to lose consciousness and ceased breathing. Despite life-saving measures by trained personnel, Mr. Stephenson was later pronounced dead at Parkview Community Hospital in Riverside.

Relevant here, Plaintiff's Motion in Limine No. 2 ("Motion") seeks to "exclude the criminal history and prior bad acts of Mr. Stephenson, including: any evidence, testimony, argument, or reference at trial to (1) records regarding an incident in March 2017 during which Mr. Stephenson allegedly went onto a freeway and was arrested for public intoxication or testimony about that incident, and (2) details regarding Mr. Stephenson's purported conduct on the freeway on the date of the subject incident prior to Defendant Dane Norem's arrival that were not communicated to him prior to the incident." Dkt. 129 (Motion, pps. 1-2; lns. 28 and 1-5.)

Through this litigation, Defendants have learned about Mr. Stephenson's extensive criminal record, including felony convictions, drug and alcohol related convictions, and instances of resisting officers.

The evidence of Mr. Stephenson's prior conduct that same day, which was known to Officer Norem is probative of the officers' perceptions of Mr.

Stephenson's conduct during the incident. Further, where, as here, a successor-in-interest seeks "wrongful death" type damages, a decedent's criminal history is both relevant and admissible to speak to the life expectancy of decedent, and the quality and nature of the plaintiff and decedent's relationship. *See, Fritsch v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999). In addition, plaintiffs seek damages for Mr. Stephenson's "loss of enjoyment of life." Mr. Stephenson's criminal history is relevant to those damages as well. Mr. Stephenson's criminal history is therefore relevant and admissible in this suit.

## II. EVIDENCE OF MR. STEPHENSON'S CONDUCT ON THE FREEWAY EARLIER ON THE DATE OF THE INCIDENT IS DIRECTLY RELEVANT

Plaintiffs seek to exclude "details regarding Mr. Stephenson's purported conduct on the freeway on the date of the subject incident prior to Defendant Dane Norem's arrival that were not communicated to him prior to the incident." As can be heard in the dispatch audio, Officer Norem had been dispatched earlier in the day to run a traffic break while Riverside Police Department officers attempted to get Mr. Stephenson off the freeway. Later, when the second round of 911 calls came flooding in about an individual in traffic lanes on the freeway, Officer Norem was dispatched to the scene and commented that it was probably the same guy as before. Thus, the information about Mr. Stephenson's conduct on the freeway earlier in the day is directly relevant because Officer Norem was aware of that conduct.

## III. EVIDENCE OF MR. STEPHENSON'S 2018 CRIMINAL HISTORY, IN WHICH HE RESISTED A PEACE OFFICER, IS DIRECTLY RELEVANT TO CORROBORATE DEFENDANTS' VERSION OF THE FACTS

"Evidence is relevant if it has '*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

1  probable than it would be without the evidence.'" *United States v. Stever*, 603 F.3d
2  747, 753 (9th Cir. 2010) (quoting Fed. R. Evid. 401, emphasis in original). Here,
3  there are two separate, although intimately related, issues for the jury to decide in
4  this action. First, "whether [defendant's] actions [were] 'objectively reasonable' in
5  light of the facts and circumstances confronting [him]." *Graham v. Connor*, 490
6  U.S. 386, 397 (1989). Second, what were those "facts and circumstances" that
7  Officer Norem faced? The evidence at issue is relevant because the facts of Officer
8  Norem's attempt to restrain Mr. Stephenson, for the safety of all involved, is
9  contested by the parties.

10      A peace officer is permitted to introduce evidence of facts that were
11  unknown to him at the time of the incident where such facts corroborate or increase
12  the likelihood of the existence of facts that were observed and relied upon by the
13  officer in the officer's decision to use force during the incident. *Boyd v. City and*
14  *County of San Francisco,* 576 F.3d 938 (9th Cir. 2009).

15      In *Boyd,* the Ninth Circuit upheld the trial court's ruling that allowed
16  evidence that a decedent had been on drugs at the time of a police shooting because
17  the evidence was "highly probative of decedent's conduct, particularly in light of
18  [the decedent's] erratic behavior." *Id.* at 949. Thus, facts unknown to the officer
19  were relevant because they helped the jury decide what actually happened by giving
20  insight into the decedent's intent, which would corroborate either the plaintiff's, or
21  the officer's, version of events.

22      In the present case, Mr. Stephenson's criminal history involving his 2018
23  felony conviction for possessing a loaded firearm (after having been convicted of a
24  previous felony) is highly probative of his resistant, aggressive behavior on January
25  24, 2019, because, in August of 2018, Mr. Stephenson admitted that he "did resist
26  or delay a police officer discharging his duties of his office." (Declaration of
27  Stephanie A. Vollmer (Vollmer Decl.), Exh. 2, "Orange County Superior Court
28  Case No. 18CF2401, Advisement of Waiver of Rights." In addition, Mr.

Stephenson's recent arrest in January 2019 and the bench warrant for his arrest for violating probation in November 2018 are relevant in that they provide a motive for Mr. Stephenson to resist arrest on the date of the incident.

## IV.   EVIDENCE OF MR. STEPHENSON'S *ENTIRE* CRIMINAL HISTORY IS RELEVANT TO PLAINTIFFS' DAMAGES CLAIMS

Plaintiffs seeks survival and wrongful death damages. But Plaintiffs damages claims are blunted by Mr. Stephenson's criminal history for at least three reasons. First, Mr. Stephenson's criminal history and arrest records are relevant to a jury's fair assessment of Mr. Stephenson's life expectancy. Second, this evidence is also relevant and probative of the nature, depth and quality of Plaintiffs' respective relationships with Mr. Stephenson. Third, this evidence is relevant to plaintiffs' claim for damages for Mr. Stephenson's "loss of enjoyment of life. Accordingly, Plaintiffs' Motion should be denied.

Indisputably, Mr. Stephenson's life expectancy is at issue in this "wrongful death" case. *See*, *Francis v. Sauve*, 222 Cal. App. 2d 102, 121 (1963); *see also*, *Parsons v. Easton*, 184 Cal. 764, 770-771 (1921) ("It is the shorter expectancy of life that is to be taken into consideration [in computing wrongful death damages]; for example; if as in the case here, the expectancy of life of the parents is shorter than that of the son, the benefits to be considered are those only which might accrue during the life of the surviving parents.").

These cases are grounded in the commonsense reality that criminal activity presents lifestyle risks that can (and do) impact relationships and life expectancy. *See*, CACI Jury Instruction No. 3921(wrongful death damages calculations require the jury to evaluate decedent's "***health***, habits, ***activities*** [and] ***lifestyle***....") (emphasis added); *see also*, *Witkin, Summary of Cal. Law,* Wrongful Death, § 181.17 (10th ed. 2015) ("[E]vidence that [parties' relationship] was strained and unhappy at the time of death may suffice to negate or minimize a surviving [heir's] damages for loss of the decedent's society, comfort, and protection."); *Benwell v.*

1  *Dean*, 249 Cal.App.2d 345, 353 (1967) ("'It is always proper to make proof of the

2  relations of the decedent to the person for whose benefit the action is being

3  maintained, because such proof has a bearing upon the pecuniary loss suffered by

4  the person entitled to recovery…'").

5        Introduction of a decedent's criminal history is also grounded in basic

6  notions of fairness, and the recognition that litigation is a search for the truth. *See*,

7  *Agosto v. Trusswal Systems Corp.*, 142 F.R.D. 118, 120 (E.D. Pa. 1992) ("It is

8  Plaintiff's choice to pursue claims that necessitate the introduction of life

9  expectancy information and basic fairness dictates that Plaintiff should not be

10  allowed to make a potentially large recovery against [the defendant] based on an

11  average life span when, in reality, Plaintiff may well have a shorter than average

12  life expectancy."); *see also, Lewis v. District of Columbia,* 793 F.2d 361, 363 (D.C.

13  Cir. 1986) (affirming district court's order admitting evidence of past drug use *and*

14  *arrests* when the evidence was probative in aiding the jury to fairly measure the

15  extent of damages for the alleged police "excessive force" claim and that its

16  prejudicial effect did not substantially outweigh its probative value).

17        Furthermore, Mr. Stephenson's periods of prior incarceration are relevant to

18  Plaintiffs' damages because incarceration would reduce the amount of "society and

19  comfort" Mr. Stephenson provided to Plaintiffs and would certainly bear on the

20  overall quality of the relationship over the years. *Peraza v. Dalmeter*, 722 F.2d

21  1455, 1457 (9th Cir. 1984); *Castro v. Cty. of Los Angeles*, No. 2:13-cv-06631, 2015

22  WL 4694070, at *4 (C.D. Cal. 2015).

23        In addition, Mr. Stephenson's recent arrest in January 2019, and the bench

24  warrant for his arrest for violating probation in November 2018, are relevant to

25  Plaintiffs' claims for future wrongful death damages as well as Plaintiffs' claim for

26  damages for Mr. Stephenson's loss of enjoyment of life.

27  ///

28  ///

V.    **EVIDENCE OF MR. STEPHENSON'S CRIMINAL HISTORY SHOULD NOT BE EXCLUDED AS CHARACTER EVIDENCE**

Defendants do not seek to have the evidence admitted as character evidence, but rather to explain Mr. Stephenson's conduct, to corroborate defendants' account of the incident, and to counter plaintiffs' damages claims.

While evidence of crimes, wrongdoings, or prior bad acts is inadmissible "to prove the character of a person in order to show action in conformity therewith," (Fed. R. Evid. 404(b)), such evidence is admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident …." *Id*. "Unless the evidence of other crimes tends to only prove propensity, it is admissible." *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996) (internal quotation marks omitted). The intent behind the character evidence rule is not to "flatly prohibit the introduction of such evidence," but to limit the purpose for which it may be introduced. *Huddleston v. United States*, 485 U.S. 681, 687 (1988).

VI.    **EVIDENCE OF DECEDENT'S CRIMINAL HISTORY SHOULD NOT BE EXCLUDED UNDER RULE 403**

Relevant evidence may be excluded under Rule 403 only if its probative value is "substantially" outweighed by an articulated danger or concern within the rule. This requires the court to compare the probative value of the evidence against the articulated reasons for its exclusion, "and permits exclusion only if one or more of those reasons 'substantially outweigh' the probative value." *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000).

Use of Rule 403 to exclude evidence should be done sparingly and cautiously. *Hankey,* 203 F.3d at 1172. Evidence must concededly be relevant for the rule to even apply. *United States v. Madruga,* 897 F.2d 1099, 1117 (11th Cir. 1990). All relevant evidence is inherently prejudicial, but it is only "unfair" prejudice that can tip the scales to provide a basis for exclusion. *Hankey,* 203 F.3d

1  at 1172. The balance under the rule should be struck in favor of admissibility.

2  *Blancha v. RaymarkIndustries,* 972 F.2d at 507, 516 (3rd Cir. 1992). Accordingly,

3  if the evidence's probative value, and the danger of its use, are of relatively equal

4  weight, the evidence should be admitted. *Id.*

5        Plaintiffs argue that the evidence of Mr. Stephenson's criminal history/prior

6  conduct will suggest to the jury that Mr. Stephenson "was unstable, chaotic, thus

7  posed a danger to the community" and that the evidence is "highly prejudicial to

8  Plaintiffs." Dkt. 129 (Motion, *supra*, ln. p. 6, lns. 12-16.) On the contrary, this

9  evidence is being offered on the central issue of liability in this case: Mr.

10 Stephenson's behavior when he encountered the officer and the officer's account of

11 that behavior. The prejudice claimed by plaintiffs is not unfair. Evidence of Mr.

12 Stephenson's behavior and mental state at the time of the restraint corroborates

13 defendants' account and helps explain Mr. Stephenson's behavior, which

14 defendants contend led to the use of reasonable force. In addition, the evidence is

15 key to Plaintiffs' damages claims based on their alleged loss of comfort and society

16 and Mr. Stephenson's loss of enjoyment of life, as well as Mr. Stephenson's

17 longevity.

18 **VII.  THE EVIDENCE TO BE OFFERED ON THESE ISSUES IS NOT**

19        **SUBJECT TO EXCLUSION BASED ON HEARSAY**

20       Plaintiffs erroneously contend that defendants will be unable to provide

21 sufficient evidence regarding Mr. Stephenson's criminal history because any such

22 records are subject to exclusion based on hearsay. Defendants will seek judicial

23 notice of the certified court records. Fed. R. Evid. 201(d); *ReadyLink Healthcare,*

24 *Inc. v. State Compensation Ins. Fund* (9th Cir. 2014) 754 F3d 754, 756, fn. 1

25 (judicial notice of California state court proceedings); *Asdar Group v. Pillsbury,*

26 *Madison & Sutro* (9th Cir. 1996) 99 F.3d 289, 290, fn. 1. These records are not

27 hearsay because they are not offered to prove the truth of the matters asserted

28 therein but instead to prove that Mr. Stephenson had prior convictions. Even if the

1    court determines the records are hearsay, they are still admissible because they fit

2    within the hearsay exceptions for public records (Fed. R. Evid. 803(8) and 803(6)).

3         Moreover, the evidence is admissible under Rule 609, which governs

4    "attacking a witness's character for truthfulness by evidence of a criminal

5    conviction." Fed. R. Evid. 609, subdivision (a). When the witness to be impeached

6    is the criminal defendant, evidence of a conviction for a crime punishable by death

7    or imprisonment for more than one year generally "must be admitted ... if the

8    probative value of the evidence outweighs its prejudicial effect to that defendant."

9    Id. at 609, subdivision (a), subhead (1)(B).

10    ///

11    ///

12    ///

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

## VIII. <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request this Court deny Plaintiffs' Motion in Limine No. 2 to Exclude Evidence of the Mr. Stephenson's Past Criminal History and Conduct on Day of that was Unknown by Officer Norem.

Dated:  August 18, 2025                    Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

s/Stephanie A. Vollmer

DAVID KLEHM
STEPHANIE A. VOLLMER
Deputies Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Dane Norem*

DATED:  August 18, 2025                    DEAN GAZZO ROISTACHER

By: *s/ Lee H. Roistacher*

Lee H. Roistacher, Esq.
Kimberly A. Sullivan, Esq.
*Attorneys for Defendant Jeffrey McKee*

SD2020700

# CERTIFICATE OF SERVICE

Case Name:    **Devonte Stephenson, et al. v.**          No.      **5:21-cv-00526-JWH (KKx)**
              **State of California, et al.**

I hereby certify that on August 18, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS STATE OF CALIFORNIA'S, ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL, DANE NOREM'S, AND JEFFREY MCKEE'S JOINT OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DECEDENT'S PAST CRIMINAL HISTORY AND CONDUCT ON DAY OF INCIDENT THAT WAS UNKNOWN TO DEFENDANT NOREM**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on August 18, 2025, at San Francisco, California.

|  |  |
|---|---|
| G. Guardado | */s/ G. Guardado* |
| Declarant | Signature |

SD2020700119
44762123.docx