ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 738-9733
  Fax: (916) 732-7920
  E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants State of California,
Acting by and through the California Highway
Patrol
and Dane Norem*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; and DOES 1 through 100, inclusive,**<br><br>Defendants. | 5:21-cv-00526-JWH (KKx)<br><br>**DEFENDANTS' SPECIAL INTERROGATORIES TO JURY ON ISSUE OF QUALIFIED IMMUNITY FOR OFFICER DANE NOREM**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge:    The Honorable John A. Kronstadt<br>Trial Date:<br>Action Filed: 12/18/2019 |

Defendant, DANE NOREM, respectfully submits the following special

interrogatories to the jury on the issue of qualified immunity:

1.      At the time Officer Norem initially observed Leroy Stephenson on the Adams off ramp of westbound side of the 91 freeway, did Mr. Stephenson run towards the westbound lanes of the 91 freeway?

_____ YES                    _____ NO

2.      Did Leroy Stephenson's conduct of running towards the lanes of travel on the 91 freeway create an objectively reasonable threat of imminent risk of death or serious bodily injury to the public?

_____ YES                    _____ NO

3.      After Mr. Stephenson ran from the off ramp towards the westbound lanes of the 91 was Officer Norem's first deployment of his Taser an objectively reasonable response to Mr. Stephenson's conduct?

_____ YES                    _____ NO

4.      After Mr. Stephenson ran from the off ramp towards the westbound lanes of the 91 was Officer Norem's second deployment of his Taser an objectively

reasonable response to Mr. Stephenson's conduct?

_____ YES                    _____ NO

5.      After Officer Norem's second deployment of his Taser did Officer Norem

attempt to arrest Mr. Stephenson by placing handcuffs on Mr. Stephenson?

_____ YES                    _____ NO

6.      During the time Officer Norem was attempting to arrest Mr. Stephenson by

placing handcuffs on Mr. Stephenson was Mr. Stephenson resisting arrest?

_____ YES                    _____ NO

7.      During the time Officer Norem was attempting to arrest Mr. Stephenson by

placing handcuffs on Mr. Stephenson did Officer Norem keep Mr. Stephenson in a

prone position?

_____ YES                    _____ NO

8.      During the time Officer Norem was attempting to arrest Mr. Stephenson by

placing handcuffs on Mr. Stephenson, did Officer Norem put his body weight on

Mr. Stephenson's head in a manner that prevented Mr. Stephenson from being able

to breathe, and, if so, what was the estimated duration of Officer Norem's pressure?

_____ YES   for _____ seconds          _____ NO

9.      During the time Officer Norem was attempting to arrest Mr. Stephenson by placing handcuffs on Mr. Stephenson, did Officer Norem put his body weight on Mr. Stephenson's neck in a manner that prevented Mr. Stephenson from being able to breathe, and, if so, what was the estimated duration of Officer Norem's pressure?

_____ YES   for _____ seconds          _____ NO

10.      During the time Officer Norem was attempting to arrest Mr. Stephenson by placing handcuffs on Mr. Stephenson, did Officer Norem put his body weight on Mr. Stephenson's back in a manner that prevented Mr. Stephenson from being able to breathe, and, if so, what was the estimated duration of Officer Norem's pressure?

_____ YES for _____ seconds          _____ NO

11.     During the time Mr. Stephenson was in a prone position did Officer Norem

observe any signs that Mr. Stephenson was having difficulty breathing?

_____ YES                    _____ NO


12.     At the time of Officer Norem's arrest of Mr. Stephenson, did the CHP have a

policy prohibiting Officers from keeping a handcuffed person in a prone position  if

there was no pressure being applied to the handcuffed person's back, neck or

head?

_____ YES                    _____ NO


13.     Did the location of Officer Norem's arrest of Mr. Stephenson near vehicles

driving on the 91 freeway require Officer Norem to make sure Mr. Stephenson had

leg restraints applied after being handcuffed before allowing Mr. Stephenson to

move from the prone position?

_____ YES                    _____ NO


14.     Did Officer Norem have time to actually deliberate about the restraint of Mr.

Stephenson in the prone position after handcuffs were applied?


_____YES                    _____NO

15.     Did Officer Norem act with a purpose to harm Mr. Stephenson for reasons

unrelated to legitimate law enforcement objectives?


_____YES                   _____NO


16.     Was Officer Norem aware of a substantial risk of serious harm to Mr.

Stephenson, but consciously disregarded that risk?



_____YES                   _____NO




17.     Did Officer Norem consciously disregard a substantial risk of serious harm to

Mr. Stephenson?


_____YES                   _____NO

1    Dated:  August 18, 2025                    Respectfully submitted,

2                                               ROB BONTA
                                                Attorney General of California
3                                               DONNA M. DEAN
                                                Supervising Deputy Attorney General
4

5

6                                               */s/ DAVID KLEHM*
                                                DAVID KLEHM
7                                               Deputy Attorney General
                                                *Attorneys for Defendants State of*
8                                               *California, acting by and through the*
                                                *California Highway Patrol and*
                                                *Officer Dane Norem*
9

10   SD2020700119
     85299183

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:  **Devonte Stephenson, et al. v.**          No.      **5:21-cv-00526-JWH (KKx)**
             **State of California, et al.**

I hereby certify that on <u>August 18, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' SPECIAL INTERROGATORIES TO JURY ON ISSUE OF QUALIFIED IMMUNITY FOR OFFICER DANE NOREM**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 18, 2025</u>, at San Francisco, California.

|                           |                           |
|:-------------------------:|:-------------------------:|
| G. Guardado               | */s/ G. Guardado*         |
| Declarant                 | Signature                 |

SD2020700119
44762114.docx