**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: dalekgalipo@yahoo.com
  cmayne@galipolaw.com

*Attorneys for All Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-0526-JAK-KK<br><br>[*Hon. John A. Kronstadt*]<br><br>**STATUS REPORT**<br><br><u>Trial</u><br>September 9, 2025 at 9:00 a.m. |

1
JOINT STIPULATION

**TO THE HONORABLE COURT:**

Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON, through their counsel of record, submit the following report regarding their counsel's discussions about disputed exhibits and jury instructions with Defendants STATE OF CALIFORNIA, DANE NOREM, and JEFFREY MCKEE's counsel.

After receiving the court's order, in the morning of September 2, 2025, Dale Galipo called Lee Roistacher and David Klehm to arrange for a meet and confer. Initially the meeting was scheduled for 3:00 p.m. but it was moved to 4:00 p.m. The Parties conducted a meet and confer that lasted more than one and a half hours. The following counsel participated: for Defendant McKee, Lee H. Roistacher, and Kimberly A. Sullivan; for Defendant Norem, Donna M. Dean and David Klehm; and for Plaintiffs, Dale K. Galipo and Cooper Alison-Mayne. The conference addressed disputed exhibits, jury instructions, and the witness list. During the meet and confer the Parties discussed every exhibit and discussed their disputes, looking for places where they could come to agreements.

On September 3, 2025 at 10:14 a.m., Cooper Alison-Mayne sent an email to defense counsel outlining a potential deal based on the meet and confer the day before.

### Exhibits

The parties are not yet prepared to finalize agreements but have identified potential areas of agreement and concessions that may narrow disputes before trial.

Plaintiffs proposed a reciprocal set of concessions to reduce disputes over exhibits. Specifically, plaintiffs offered to:

- **Withdraw** Exhibits 2 (Photos of Memorial Materials) and 3 (Birth and Death Certificates).
- **Allow use for identification only (not admission into evidence):** Exhibits 5 (Dispatch Log), 12 (AMR Report), 13 (Fire Report), 14 (Taser Log), and 24–27 (Articles).
- **Conditionally agree** to Exhibit 39 (scene photo) if a version is provided without a vehicle in the rightmost lanes.

- **Stipulate to authenticity** of the medical records (Exhibits 31–37), Autopsy report (Exhibit 38), Peters MVARS (Exhibit 50).

In exchange, plaintiffs requested that defendants **withdraw objections** to:

- Exhibit 1 (Photos of Stephenson Family),
- Exhibits 9–11 (Stills from Video),
- Exhibit 15 (Scene Photos),
- Exhibit 18 (Photos of Matthew Borden),
- Exhibit 19 (Clothing Photos),
- Exhibit 20 (Taser Barbs Photos), and
- Exhibit 21 (Autopsy Photos).

Plaintiffs noted they would consider removing particular autopsy photos if defendants identify specific concerns, and asked defendants to specify which photos in Exhibit 1 remain objectionable so plaintiffs could evaluate whether to withdraw those.

Plaintiffs are waiting for confirmation from defendants that they agree with this proposal.

### Jury Instructions

The parties also conferred regarding each of the disputed jury instructions. The Plaintiffs are agreeable to revising the vicarious liability instruction so that it references "state claims" rather than "battery and negligence," as a means of eliminating the dispute over that instruction. The remaining disputes could not be resolved. The parties believe that clarification of the Court's position on these instructions would assist in preparing and presenting their evidence at trial.

### Pending Finalized Agreement

The parties will continue to work on finalizing their agreements and will file a stipulation formalizing their agreement as soon as possible.

Plaintiffs sent a draft joint report yesterday afternoon but have not heard back from defendants that they are authorized to file a joint report.

Respectfully submitted,

DATED: September 3, 2025      **LAW OFFICES OF DALE K. GALIPO**

By:    */s/ Cooper Alison-Mayne*
Dale K. Galipo, Esq.
Cooper Alison-Mayne[1]
*Attorneys for Plaintiffs*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.