**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: dalekgalipo@yahoo.com
cmayne@galipolaw.com

*Attorneys for All Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-0526-JAK-KK<br><br>[*Hon. John A. Kronstadt*]<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE USE OF DEMONSTRATIVE EXHIBITS**<br><br>Trial<br>September 9, 2025 at 9:00 a.m. |

**TO THE HONORABLE COURT:**

Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON respectfully submit this response to the Court's September 2, 2025 Order to Show Cause regarding demonstrative exhibits.

Plaintiffs' counsel agrees that any demonstrative that would be used at opening argument should have been produced at least eleven days before trial in accordance with Local Rule 16-2. Plaintiffs do not intend to use any undisclosed demonstratives during opening argument.

Plaintiffs intend to use a demonstrative timeline to assist the jury in understanding the sequence of events in this case. The timeline would be used primarily during closing argument to illustrate testimony and evidence that has been admitted at trial. The demonstrative will not introduce new evidence; rather, it will serve as an aid to the jury's comprehension of the evidence presented.

Plaintiffs may also create a PowerPoint presentation to be used during closing argument. The presentation would likely include admitted exhibits, excerpts of trial testimony, and references to the jury instructions. As the evidence has not been presented yet, the jury instructions have not been decided upon, and Plaintiffs have not outlined their closing argument at this time, such a presentation has not and cannot be produced at this time.

Good cause exists for an exception to Local Rule 16-2's timing requirement. The demonstrative timeline and PowerPoint will necessarily be based solely on testimony and exhibits admitted at trial, as well as the final jury instructions. Such demonstratives are not themselves evidence, but aids to jury understanding, and they are typically created after the close of evidence in order to ensure accuracy and compliance with the Court's evidentiary rulings.

Excluding these demonstratives would deprive the jury of valuable tools to synthesize complex testimony and exhibits. Plaintiffs therefore respectfully request that the Court permit them to prepare and use a timeline and PowerPoint presentation during

closing argument (and with expert testimony if appropriate), subject to Defendants' objections and the Court's review once the demonstratives have been prepared.

Of course, Plaintiffs will share the demonstratives before their proposed use to ensure ample time for the defendants and the Cour to review them prior to their use.

Respectfully submitted,

DATED:  September 4, 2025          **LAW OFFICES OF DALE K. GALIPO**

By:     */s/ Cooper Alison-Mayne*
        Dale K. Galipo, Esq.
        Cooper Alison-Mayne
        *Attorneys for Plaintiffs*