UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:21-cv-00526-JAK (DTBx) | Date | September 8, 2025 |
| Title | Devonte Stephenson, et al. v. State of California, Dane Norem, and Jeffrey McKee | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Dale Galipo<br>Brendan Johnson | David Klehm<br>Stephanie Vollmer<br>Lee Roistacher<br>Kimberly Sullivan |

| Proceedings: | **DEFENDANTS' MOTION IN LIMINE NO. 1 (DKT. 124); PLAINTIFFS' MOTION IN LIMINE NO. 1 (DKT. 126); PLAINTIFFS' MOTION IN LIMINE NO. 2 (DKT. 129)** |
|---|---|

### I.     Introduction

At the August 25, 2025, Final Pretrial Conference, the Motions in Limine filed by the parties were heard. The Court stated its tentative views on the motions, but deferred a final ruling on certain of them pending the submission of a joint report by the parties as to certain evidentiary issues that were discussed. On August 29, 2025, Defendants filed a report. Dkt. 150. On September 2, the parties were directed to file an updated, joint report by September 4, 2025, at 9:00 a.m. Dkt. 151. On September 4, 2025, Plaintiffs filed a report. Dkt. 156. On September 5, 2025, Defendants filed a response to Plaintiffs' September 4, 2025, report. Dkt. 160.

For the reasons stated in this Order, Defendants' Motion in Limine 1 is **DENIED IN PART** and **GRANTED IN PART**. Plaintiff' Motion in Limine 1 is **DENIED IN PART** and **GRANTED IN PART**. Plaintiffs' Motion in Limine 2 is **DENIED IN PART** and **GRANTED IN PART**.

### II.     Motions in Limine

####     A.     Defendants' Motion in Limine 1

Defendants' Motion in Limine 1 ("Defendants' MIL 1"), seeks to exclude opinions of Plaintiffs' police practices expert, Jeffrey Noble, as to the actions of Defendant McKee. Dkt. 124-1. Defendants argue that Noble's Fed. R. Civ. P. 26 Report contains only one opinion: "Officer Norem's Failure to Place Stephenson in a Recovery Position Aftser he was Secured in Handcuffs was Inconsistent with Generally Excepted Police Practices." Dkt. 124-1 at 6. Defendants contend that Noble's report does not include any opinions regarding McKee's conduct and does not comment on the claimed propriety or impropriety of McKee's actions or inaction at the time of the relevant incident. Dkt. 124-1 at 6. Defendants contend that, under Fed. R. Civ. P 37(c), Defendants are limited to the opinions set forth Noble's Rule 26 Report. Dkt. 124-1 at 7. Noble's Rule 26 Report is attached at Dkt. 124-3 at 6–34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:21-cv-00526-JAK (DTBx) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Devonte Stephenson, et al. v. State of California, Dane Norem, and Jeffrey McKee | | |

In Plaintiffs' opposition (Dkt. 140), they state that they "do not intend to elicit testimony from Mr. Noble that is outside the scope of his Rule 26 Report." Dkt. 140 at 2. However, they also contend that Noble's report has more than one opinion. Dkt. 140 at 2. They also argue that Noble "should be permitted to testify as to those general opinions contained in his report, and Plaintiffs' counsel should be permitted to argue that these generally applicable opinions apply to both McKee's conduct and Norem's conduct prior to and after handcuffing Stephenson." Dkt. 140 at 3.

The parties agree that Noble's trial testimony is limited to the matters addressed in his Rule 26 Report. However, they dispute both the number of opinions that are stated in the Report, and whether the opinions as to the conduct of Norem may also be provided as to McKee.

As to the number of opinions and a resulting limitation on the scope of trial testimony, Defendants' arguments are not completely persuasive. Fed. R. Evid. 702 states that a qualified expert "may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Therefore, even if Defendants were correct that Noble's Rule 26 Report contains only one opinion, Noble may testify as to his "opinion or otherwise." For example, Noble states in his report that, "It is generally accepted in policing that the risks of asphyxiation are magnified when officers apply weight or pressure to a handcuffed, prone subject." Dkt. 124-3 at 27–28 ¶ 39. Noble may testify as to this opinion. There is no dispute as to his qualifications to do so. Nor do Defendants contend that his testimony is based on insufficient facts or data or that it is unreliable. Further, Fed. R. Evid. 705 provides that "[u]nless the court orders otherwise, an expert may state an opinion — and give the reasons for it — without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination."

The Report contains more than the following opinion: Officer Norem's Failure to Place Stephenson in a Recovery Position After he was Secured in Handcuffs was Inconsistent with Generally Excepted Police Practices." For example, in it Noble also opines that a "reasonable police officer in these circumstances would have immediately placed Stephenson in a recovery position after he was handcuffed." Dkt. 124-3 at 34 ¶ 56.

As to the whether Noble may proffer opinions as to the conduct of McKee, Defendants' arguments are persuasive in part. Defendants are correct that Noble cannot offer opinions in which he identifies McKee and his specific conduct. However, Noble may testify as to his opinions in general and their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:21-cv-00526-JAK (DTBx) | Date | September 8, 2025 |
| Title | Devonte Stephenson, et al. v. State of California, Dane Norem, and Jeffrey McKee | | |

basis so long as those are matters that are disclosed in his Rule 26 report. Many of these opinions/reasons for the opinions are not specific to Norem -- i.e., "A reasonable police officer in these circumstances would have immediately placed Stephenson in a recovery position after he was handcuffed." Dkt. 124-3 at 34 ¶ 56. The scope of such testimony that is admitted at trial may affect the manner in which it can be presented by Plaintiffs during closing arguments. That issue is reserved.

Defendants' MIL #1 is **GRANTED-IN-PART** and **DENIED-IN-PART**. Noble may not opine as to the appropriateness of McKee's conduct specifically; however, he may offer his opinions as stated in his Rule 26 Report, including any opinions or reasons supporting his opinions that apply generally. However, Noble may not expressly state that those opinions apply to McKee.

      B.      Plaintiffs' Motion in Limine 1

Plaintiffs' Motion in Limine 1 ("Plaintiffs' MIL 1"), seeks to exclude evidence of Stephenson's alleged mental health issues and alleged history of drug use. Dkt. 126. Specifically, Plaintiffs seek to exclude the following: (1) references in Riverside Community Hospital Medical Center records to Stephenson's alleged methamphetamine use and homelessness; (2) public intoxication records from March 2017 containing allegations that Stephenson used methamphetamines and was speaking to himself; and (3) portions of the Coroner's Autopsy Report containing what they contend is hearsay regarding Stephenson's alleged drug use and schizophrenia. Dkt. 126 at 3. Plaintiffs argue that this evidence is irrelevant and should be excluded under Fed. R. Evid. 401, 402, 403, 801 and 802.

Plaintiffs contend that allegations that Stephenson used drugs, suffered from mental illness, or was homeless are not relevant to whether Defendants' conduct was negligent and unreasonable. Dkt. 126 at 3–4. Plaintiffs argue that this evidence, if admitted, will be unduly prejudicial because of its effect on the jury as to the character of Stephenson, which is not relevant, and that it may also cause the jury to become biased based on Stephenson's alleged drug use, mental illness and homelessness. Dkt. 126 at 4. Plaintiffs rely on *Estate of Diaz v. City of Anaheim*," 840 F.3d 592 (9th Cir. 2016), which states that evidence of a decedent's drug use has "marginal, if any probative value as to damages, and none as to liability." *Id*. at 603

Defendants respond (Dkt. 141) as follows: (1) evidence of Stephenson's drug use and mental health issues on the day of the incident is relevant to corroborate Defendants' version of the facts; and (2) evidence of Stephenson's history of drug use and mental health issues are relevant to Plaintiffs' negligence claims and their claimed damages due to a loss of a familial relationship.

      1.      <u>Evidence re: Stephenson's Drug use and Mental Health Issues on the Day of the Incident</u>

As noted, Defendants contend that Stephenson's drug use and mental health issues on the day of the incident is relevant to corroborate their versions of the facts. Dkt. 141 at 4–6. They contend that the facts relating to Norem's attempts to restrain Stephenson, and the eventual restraint of him to provide for the safety of all involved, are at issue. Dkt. 141 at 5. Citing several Ninth Circuit cases, Defendants argue:

      A peace officer is permitted to introduce evidence of facts that were unknown to him at the time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:21-cv-00526-JAK (DTBx) | Date | September 8, 2025 |
| Title | Devonte Stephenson, et al. v. State of California, Dane Norem, and Jeffrey McKee | | |

of the incident where such facts corroborate or increase the likelihood of the existence of facts that were observed and relied upon by the officer in the officer's decision to use force during the incident. *Boyd v. City and County of San Francisco*, 576 F.3d 938 (9th Cir. 2009); *see also, Graham*, 490 U.S. at 399, n. 2; *id.* at 399, n. 12 (factfinder may consider outside evidence "in assessing the credibility of an officer's account of the circumstances that prompted the use of force"); *Estate of Chum v. City of Los Angeles*, 585 Fed. Appx. 435, 436 (9th Cir. 2014), citing Boyd, 576 F.3d at 943-45 ("Because the challenged testimony made [defendant's] account more probable, the testimony was relevant, and the district court did not abuse its discretion by admitting it").

Dkt. 141 at 5.

Defendants argue that when plaintiffs advance a claim based on an alleged excessive force, "where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible." *Boyd*, 576 F.3d at 944.

At the Final Pretrial Conference on August 25, 2025, it was determined that evidence of Stephenson's methamphetamine use that had an effect on his behavior and actions on the day of the incident may be admitted if Defendants present expert testimony as to the effect of methamphetamine on the physical capabilities of the user to resist detention. If such evidence is offered, then the use of methamphetamine by Stephenson prior to the incident may be relevant to corroborate Defendants' version of events as to his resistance to their efforts to detain him for his safety.

Defendants also contend that evidence of Stephenson's drug use at the time of the incident is relevant to his cause of death because they intend to argue that Stephenson died from acute methamphetamine intoxication whereas Plaintiffs intend to argue that his death was caused by Defendants. Dkt. 141 at 6. This dispute warrants the admission of the evidence of Stephenson's use of methamphetamine that had an effect on him at the time of the incident, assuming that there is admissible expert testimony as to the effect of such usage on his death.

Defendants next argue that evidence of Stephenson's drug use at the time of the incident is relevant to the negligence claim because it relates to any contributory negligence and comparative fault of Stephenson. Dkt. 141 at 10–11. Again, if supported by sufficient expert testimony, the evidence may be admitted for that purpose.

If such evidence is admitted, the Court will provide a limiting instruction as to the narrow purpose for the evidence and that it is not to be used for other purposes that are not relevant, *e.g.*, the character of Stephenson.

       2.      <u>Evidence re: Stephenson's History of Drug use and Mental Health Issues</u>

Plaintiffs contend that allegations that Stephenson used drugs, suffered from mental illness, or was homeless have no bearing on the issue of whether Defendants' conduct was negligent and unreasonable. Dkt. 126 at 3–4. Plaintiffs contend that such evidence would cause undue prejudice for the reasons stated earlier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:21-cv-00526-JAK (DTBx) | Date | September 8, 2025 |
| Title | Devonte Stephenson, et al. v. State of California, Dane Norem, and Jeffrey McKee | | |

    a. Admissibility of Past Drug Use as to Plaintiffs' Claimed Loss of Familial Relationship and Corresponding Damages

Defendants argue that evidence of Stephenson's past history of drug use and mental health issues is relevant to Plaintiffs' claimed injury and damages. Dkt. 141 at 7–10. Defendants contend that Plaintiffs seek "loss of life" damages which, "purport to compensate a victim for the lost pleasure he would have enjoyed from his life." Dkt. 141 at 7 (quoting *Valenzuela v. City of Anaheim*, 29 F.4th 1093, 1096 (9th Cir. 2022)). Plaintiffs also seek damages for their own alleged harm through the loss of the love, care and affection from Stephenson which is measured by the quality of their relationships. Based on the foregoing, Defendants argue as follows:

> These damage claims are blunted by Stephenson's prior history of drug use and mental health instability for at least three reasons. First, Stephenson's drug use and mental health issues are relevant to a jury's fair assessment of Stephenson's life expectancy. Second, this evidence is also relevant and probative of the nature, depth and quality of Plaintiffs' respective relationships with Stephenson. Third, this evidence is relevant to plaintiffs' claim for damages for Stephenson's "loss of enjoyment of life."

Dkt. 141 at 7.

Defendants cite several cases in support of their position as to the relevance of past drug use in measuring life expectancy. Dkt. 141 at 7–8 (collecting cases). Although life expectancy is relevant in determining economic damages, courts do not agree as to whether it applies in the determination of non-economic ones. *See Hammonds v. Yeager*, No. EDCV 15-1036 SS, 2017 WL 10560471, at *3 (C.D. Cal. Aug. 9, 2017).

Whether such evidence will be admitted at trial depends on the foundational basis the Defendants proffer to support the assertion. If there is no proffer of expert testimony as to the specific effect of drug use on a reduction in life expectancy, such evidence will likely be excluded as without a sufficient foundation. However, if there is such evidence, to the extent that Plaintiffs assert a claim on behalf of Stephenson as to the value of his loss of life to him, evidence of his past drug use and lifestyle may be admitted so that it can be considered by the jury in calculating the value of the lifetime that he lost.

As to the relevance of drug use in measuring the quality of Plaintiffs' relationship with Stephenson, this may be appropriate on cross-examination of the Plaintiffs based on their direct testimony about the nature and quality of their respective relationships with Stephenson. However, this may raise issues under Fed. R. Evid. 403. It may also warrant bifurcation of the trial as to liability and damages. Plaintiffs expressed concern about bifurcation at the Final Pretrial Conference. Accordingly, this issue is reserved for further discussion at trial.

    b. Admissibility of Past Drug use as to Motive

Fed. R. Evid. 404(b)(1) provides that evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(2) (2) provides that character evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:21-cv-00526-JAK (DTBx) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Devonte Stephenson, et al. v. State of California, Dane Norem, and Jeffrey McKee | | |

knowledge, identity, absence of mistake, or lack of accident. Defendants contend that Stephenson's drug use is not offered as character evidence, but rather to demonstrate a "motive for his aggressive resistance to detainment." Dkt. 141 at 12. As to any past drug use, this argument is not persuasive. Such evidence is excluded for that purpose. However, as noted earlier, it is not excluded as to the nature of his conduct if supported by sufficient evidence as to the effect of the use of methamphetamine on Stephenson's conduct on the day of the incident.

### III.    Conclusion

This Order resolves the specified evidentiary issues that were raised through the motions in limine and at the Final Pretrial Conference. Certain of them will be subject to further review based on the trial evidence.

**IT IS SO ORDERED.**

|   | : |   |
|---|---|---|
| Initials of Preparer | DT | |