**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: dalekgalipo@yahoo.com
       cmayne@galipolaw.com

*Attorneys for All Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 5:21-cv-0526-JAK-KK <br><br> [*Hon. John A. Kronstadt*] <br><br> **PLAINTIFFS' TRIAL BRIEF REGARDING UNDISCLOSED AND IMPROPER WITNESSES; OBJECTIONS TO ADMISSION OF DEPOSITION TESTIMONY OF OFFICER CASTEEL AND ALLISON HUNT** |

**TO THE HONORABLE COURT:**

Plaintiffs DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON respectfully submit this trial brief regarding Defendants' intent to call previously undisclosed witnesses and present certain testimony by deposition.

**Deputy Bodoh and Officer Soto**

Defendants intend to call San Bernardino Sheriff's Deputy S. Bodoh and San Diego Police Officer J. Soto to testify about alleged prior incidents involving decedent Leroy Stephenson. Specifically, Defendants intend to elicit testimony that:

- On March 6, 2017, Mr. Stephenson allegedly ran in traffic and disobeyed orders (Deputy Bodoh), and
- On November 26, 2018, Mr. Stephenson allegedly ran into traffic and disobeyed orders (Officer Soto).

These witnesses were not disclosed during discovery as required by Rule 26. Plaintiffs have not had an opportunity to depose them or conduct discovery to evaluate or rebut their anticipated testimony. When Plaintiffs' counsel raised this issue prior to the Final Pretrial Conference, defense counsel stated in an August 14, 2025 email that Bodoh and Soto did not need to be disclosed because they would only be used as impeachment witnesses.

However, no evidence has been presented that would open the door to their testimony as impeachment witnesses. No witness has claimed that Mr. Stephenson never disobeyed orders or walked on the freeway. Defendants now acknowledge, in emails exchanged on September 13, 2025, that they seek to call Bodoh and Soto as substantive fact witnesses to argue that Mr. Stephenson engaged in dangerous behavior that would have shortened his life expectancy, thereby reducing damages.

Defendants may not call substantive witnesses that they failed to disclose without justification. FRCP 37(c)(1) expressly provides that if a party fails to identify a witness as required by Rule 26(a) or (e), "the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless." Allowing their testimony

would prejudice Plaintiffs, who have had no opportunity to depose these witnesses or conduct discovery regarding their testimony.

Additionally, any testimony from Bodoh and Soto about alleged prior incidents is inadmissible character evidence under FRE 404, unduly prejudicial under FRE 403, and irrelevant under FRE 402, as explained in Plaintiffs' Motion in Limine No. 2 (ECF No. 129), which the Court granted in part. See ECF No. 165 at 1 ("Motion in Limine 2 is DENIED IN PART and GRANTED IN PART"). Furthermore, without an expert witness on life-expectancy to put Mr. Stephenson's alleged dangerous activities in context, this conduct is of little or no value to the jury in evaluating his life-expectancy.

**Officer Casteel**

Defendants also intend to call Officer Casteel to testify about his observations of Mr. Stephenson before Officer Norem encountered Mr. Stephenson on the day of the incident. Plaintiffs moved to exclude this testimony in Motion in Limine No. 2, which the Court granted in part. See ECF No. 165 at 1.

Plaintiffs agree that *communications* from Casteel to Norem or McKee before the incident are admissible to show what information was known to them at the time. Dispatch recordings or CAD log entries derived from Casteel's observations are relevant for that purpose. But Casteel's observations themselves are not relevant, because they were not part of the totality of the circumstances known to Norem and McKee at the time of the incident.

Plaintiffs request that Defendants be required to make a proffer outside the presence of the jury explaining why Casteel should be called at all, given that information known to Norem and McKee is properly established by their testimony as well as the CAD log and dispatch recordings.

Some of Casteel's testimony could be highly prejudicial, as well. For example, Casteel claims to have seen Mr. Stephenson "banging and stomping on -- of the cars on the freeway." Dispatch recordings and CAD logs show that this information was not communicated to Officers Norem or McKee prior to the incident, therefore it could not be

part of the totality of circumstances they faced when they used force against Mr. Stephenson. Allowing the introduction of Casteel's testimony risks confusing the issues for the jury. Any limited relevance that his observations may have on the case are far outweighed by the unfair prejudice of introducing alleged aggressive behavior that was completely outside of the knowledge of the defendant officers in this case.

Additionally, Casteel's deposition testimony should not be read in lieu of live testimony unless Defendants demonstrate reasonable diligence in their attempts to serve Mr. Casteel. Rule 32(a) states that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: . . . (D) that the party offering the deposition could not procure the witness's attendance by subpoena." Simply stating that Casteel was not served is insufficient; Defense counsel "must demonstrate reasonable diligence in [their] effort to procure the witness's attendance by subpoena." *Woodall v. Walt Disney Co.*, No. 2:20-CV-03772-CBM-E, 2025 WL 746153, at *1 (C.D. Cal. Feb. 25, 2025) (citing *Forbes v. Cnty. of Orange*, 633 F. App'x 417, 418 (9th Cir. 2016)); *see Wabakken v. California Dep't of Corr. & Rehab.*, 725 F. App'x 564, 568 (9th Cir. 2018) (finding that court did not abuse discretion when it excluded deposition testimony because "[a]fter [attorney] subpoenaed the witness, he made no effort to have him appear at trial").

### **Allison Hunt**

Defendants have stated they may now intend to present the deposition testimony of Allison Hunt rather than have her testify via Zoom, as previously planned. Defendants waited until September 12, 2025 to inform Plaintiffs of Ms. Hunt's unavailability.

As of 2:00 p.m., Defendants have not informed Plaintiffs whether Ms. Hunt will testify or not, and they have not sent deposition designations, which Plaintiffs would need to review and respond to before her testimony could be read. Defendants have indicated that she will not testify Monday, September 15, and that they will not request that her deposition be read at that time, either.

Plaintiffs request that Defendants be ordered to show good cause for their late notice of Ms. Hunt's unavailability and provide a declaration supported by copies of their

email communications with Ms. Hunt, to ensure their account is accurate. Plaintiffs are especially concerned because Ms. Hunt's opinion is central to this case, and she is a key witness whose live testimony would help the jury evaluate the strengths and weaknesses of her opinions.

Furthermore, Plaintiffs note that although Ms. Hunt's primary residence may be out of state, her current job title is Forensic Pathologist at Riverside County Sheriff-Coroner. She is presumably in Riverside very often for work and that is well within the court's subpoena power. Given that she very likely could have been subpoenaed while in Riverside, Defendants should be required to make a showing that Ms. Hunt was more than 100 miles from this Court for the duration of the trial. Otherwise they should have made efforts to serve her with a subpoena, and cannot claim she is unavailable just because they chose not to attempt to serve her. *Woodall*, No. 2:20-CV-03772-CBM-E, 2025 WL 746153, at *1.

Plaintiffs request that the Court require Defendants to make an offer of proof establishing that: (1) Ms. Hunt truly withdrew her cooperation only recently, and (2) she has truly been outside of the Court's subpoena power for the duration of this trial.

Without requiring this type of showing when counsel claim unavailability, parties would have an incentive to conceal witness unavailability until the last minute, undermining the Local Rules' requirement for candid early discussions regarding witness availability.

**Detective Karla Corbett**

Defendants also intend to call Riverside Police Detective Karla Corbett to testify "regarding her investigation of the incident." Detective Corbett was not a percipient witness, and she is not an expert witness. She can only offer hearsay based on what she was told during her investigation into this incident. Therefore, she should be excluded entirely. At the very least, Defendants should be required to make a proffer of the testimony they expect to elicit from her so that Plaintiffs can argue for her exclusion and the Court can consider the issue with the benefit of more specific information.

**Conclusion**

For these reasons, Plaintiffs respectfully request that the Court:

- Preclude Defendants from calling Deputy Bodoh, Officer Soto, Officer Casteel, and Detective Corbett as witnesses; and
- Preclude Defendants from presenting deposition testimony from Officer Casteel or Allison Hunt.

Respectfully,

DATED: September 14, 2025         **LAW OFFICES OF DALE K. GALIPO**

By:   */s/ Cooper Alison-Mayne*
Dale K. Galipo, Esq.
Cooper Alison-Mayne
*Attorneys for Plaintiffs*