ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney Genera
State Bar No. 187104l
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
STEPHANIE A. VOLLMER
Deputy Attorney General
State Bar No. 309407
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 738-9733
  Fax: (916) 732-7920
  E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants State of California, Acting by and through the California Highway Patrol, and Dane Norem*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>                              Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; and DOES 1 through 100, inclusive,<br><br>                              Defendants. | 5:21-cv-00526-JAK (DTB)<br><br>**DEFENDANTS STATE OF CALIFORNIA'S AND DANE NOREM'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 50(a)(1)(B)]<br><br>Courtroom: 5D<br>Judge: The Honorable John A. Kronstadt<br>Trial Date: September 9, 2025<br>Action Filed: December 18, 2019 |

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendants State of California, acting by and through the California Highway Patrol, and Officer Dane Norem (collectively, "Defendants") hereby move for judgment as a matter of law pursuant to FRCP 50(a)(1)(B).

Plaintiffs have failed to adduce sufficient evidence for a jury to find a 42 U.S.C. § 1983 violation based on the Fourteenth Amendment against Officer Norem for the following reasons:

1. Plaintiffs have failed to adduce any evidence that Officer Norem's use of force was for anything other than a legitimate law enforcement objective; and

2. Officer Norem's conduct did not violate clearly established law.

Plaintiffs have failed to adduce sufficient evidence for a jury to find a 42 U.S.C. § 1983 violation based on the Fourth Amendment against Officer Norem for the following reasons:

1. Plaintiffs have failed to adduce sufficient evidence that Officer Norem's use of force was objectively unreasonable under the totality of the circumstances; and

2. Officer Norem's conduct did not violate clearly established law.

Plaintiffs have failed to adduce sufficient evidence for their battery and negligence for the same reasons as the lack of evidence on their Fourth Amendment claim; and

For these reasons, judgment as a matter of law as to Plaintiffs' claims should be entered in Defendants' favor.

//
//
//
//

| | | |
|---|---|---|
| 1 | Dated: September 17, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | |
| 4 | | s/ Donna M. Dean |
| 5 | | DONNA M. DEAN<br>Supervising Deputy Attorney General |
| 6 | | DAVID KLEHM<br>Deputy Attorney General |
| 7 | | STEPHANIE A. VOLLMER<br>Deputy Attorney General |
| 8 | | *Attorneys for Defendants State of California, Acting by and through the California Highway Patrol, and* |
| 9 | | *Dane Norem* |

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................... 1

SUMMARY OF EVIDENCE ................................................................................. 1

STANDARDS FOR JUDGMENT AS A MATTER OF LAW ............................. 2

ARGUMENT ........................................................................................................... 3

    I.    Officer Norem Is Entitled to Judgment As A Matter of Law on the Fourteenth Amendment Claim .................................................................. 3

        A.    There Is Insufficient Evidence to Prove A Fourteenth Amendment Claim Against Officer Norem ...................................... 4

            1.    The Purpose to Harm Standard Applies ......................................... 4

            2.    There Is No Evidence That Officer Norem Acted with a Purpose to Harm Unrelated to a Legitimate Law Enforcement Objective ................................................................. 5

        B.    Officer Norem Did Not Violate Clearly Established Law .......................... 6

    II.    Officer Norem Is Entitled To Judgment As A Matter Of Law On The Fourth Amendment Claim ....................................................................... 7

        A.    Plaintiffs Have Not Provided Sufficient Evidence That Officer Norem's Use of Force Was Unreasonable ................................................. 7

        B.    Officer Norem Did Not Violate Clearly Established Law .......................... 9

    III.    Officer Norem Is Entitled To Judgment As A Matter Of Law In His Favor As To Plaintiff's State Law Claims For Battery And Negligence ...................... 10

        A.    Plaintiffs Have Not Proved That Officer Norem's Use of Force Was Unreasonable; Therefore He Is Entitled to Judgment on the Battery Claim ........................................................................................ 10

        B.    Plaintiffs Have Not Proved That Officer Norem's Use of Force Was Unreasonable; Therefore He Is Entitled to Judgment on the Negligence Claim .................................................................................... 11

        C.    CHP Is Entitled to Judgment as a Matter of Law on Plaintiff's State Law Claims ............................................................................................ 11

CONCLUSION ...................................................................................................... 12

CERTIFICATE OF COMPLIANCE ................................................................... 13

# TABLE OF AUTHORITIES

Page

**CASES**

*A. D. v. State of Cal. Highway Patrol*
   712 F.3d 446 (9th Cir. 2013) .................................................................... 4, 5

*Alston v. Read*
   663 F.3d 1094 (9th Cir. 2011) ....................................................................... 6

*Ashcroft v. al-Kidd*
   563 U.S. 731 (2011) .................................................................................. 3, 4

*Atkinson v. County of Tulare*
   790 F. Supp. 2d 1188 (E.D. Cal. 2011) ......................................................... 5

*Brosseau v. Haugen*
   543 U.S. 194 (2004) (per curiam) ................................................................. 9

*Brown v. Ransweiler*
   171 Cal. App. 4th 516 (2011) ...................................................................... 10

*County of Sacramento v. Lewis*
   523 U.S. 833 (1998) ...................................................................................... 4

*Davis v. Scherer*
   468 U.S. 183 (1984) ...................................................................................... 3

*District of Columbia v. Wesby*
   583 U.S. 48 (2018) ............................................................................... 3, 7, 9

*Gonzalez v. City of Anaheim*
   747 F.3d 789 (9th Cir. 2014) ......................................................................... 6

*Gonzalez v. County of Los Angeles*
   No. 218CV09117ODWASX, 2021 WL 2224262 (C.D. Cal. June 2, 2021) ......................... 11

*Graham v. Connor*
   490 U.S. 386 (1989) ................................................................................... 7, 8

*Hayes v. County of San Diego*
   57 Cal. 4th 622 (2013) ................................................................................. 11

*Hopson v. Alexander*
   71 F.4th 692 (9th Cir. 2023) ................................................................ *passim*

*Kisela v. Hughes*
   584 U.S. 100 (2018) ...................................................................................... 8

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Lal v. State of California.*
  746 F.3d 1112 (9th Cir. 2014)......................................................................................... 3

*Lam v. City of Los Banos*
  976 F.3d 986 (9th Cir. 2020).......................................................................................... 6

*Malley* v. *Briggs*
  475 U. S. 335 (1986)...................................................................................................... 4

*Mitchell v. Forsyth*
  472 U.S. 511 (1985)....................................................................................................... 3

*Mullenix v. Luna*
  577 U.S. 7 (2015)........................................................................................................... 9

*Munoz v. City of Union City*
  120 Cal. App. 4th 1077 (2004)..................................................................................... 10

*Munoz v. Olin*
  24 Cal. 3d 629 (1979) .................................................................................................. 10

*Nicholson v. City of Los Angeles*
  935 F.3d 685 (9th Cir. 2019)......................................................................................... 4

*Ochoa v. City of Mesa*
  26 F.4th 1050 (9th Cir. 2022)............................................................................... 4, 5, 6

*Orn v. City of Tacoma*
  949 F.3d 1167 (9th Cir. 2020)....................................................................................... 3

*Pearson v. Callahan*
  555 U.S. 223 (2009)....................................................................................................... 3

*Pelayo v. City of Anaheim*
  No. 819CV02318MCSADSX, 2021 WL 2153220 (C.D. Cal. Apr. 6, 2021).......................... 5

*Porter v. Osborn*
  546 F.3d 1131 (9th Cir. 2008)........................................................................................ 5

*Reichle v. Howards*
  566 U.S. 658 (2012)....................................................................................................... 3

*S.B. v. County of San Diego*
  864 F.3d 1010 (9th Cir. 2017)....................................................................................... 8

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Shafer v. County of Santa Barbara*
 868 F.3d 1110 (9th Cir. 2017) ................................................................................ 3

*Smith v. Agdeppa*
 81 F.4th 994 (9th Cir. 2023) .................................................................................. 6

*Smith v. City of Hemet*
 394 F.3d 689 (9th Cir. 2005) ................................................................................ 8

*Wilkinson v. Torres*
 610 F.3d 546 (9th Cir. 2010) ................................................................................ 4

*Williams v. City of Sparks*
 112 F.4th 635 (9th Cir. 2024) ............................................................................... 8

*Zion v. Cnty. of Orange*
 874 F.3d 1072 (9th Cir. 2017) .............................................................................. 6

STATUTES

Gov. Code
 § 815.2(a) ............................................................................................................ 11
 § 815.2(b) ............................................................................................................ 11

CONSTITUTIONAL PROVISIONS

Fourth Amendment ...................................................................................... 4, 7, 9, 11

Fourteenth Amendment ..................................................................................... 4, 5, 6, 7

# INTRODUCTION

This lawsuit arises out of the death of Leroy Stephenson (Mr. Stephenson) following the restraint of Mr. Stephenson by California Highway Patrol Officer Dane Norem (Officer Norem). The restraint occurred on the 91 freeway in Riverside after Mr. Stephenson, who was on foot, refused to obey Officer Norem's commands to get off the freeway and instead ran across an offramp toward the freeway lanes, causing Officer Norem to have to tackle and restrain Mr. Stephenson in the gore point between the freeway lanes and the offramp to prevent him from running back into fast-moving freeway traffic.

Plaintiffs' claims are for alleged 42 U.S.C. § 1983 violations based on the Fourth and Fourteenth Amendments against Officer Norem, and two state law claims for battery and negligence against Officer Norem and Defendant State of California, acting by and through the California Highway Patrol (CHP). There is no evidence that Officer Norem acted with a purpose to harm and without a legitimate law enforcement objective, and Officer Norem did not violate clearly established Fourteenth Amendment law. There is insufficient evidence for a reasonable jury to find that Officer Norem's use of force was objectively unreasonable, and Officer Norem's conduct did not violate clearly established Fourth Amendment law. Similarly, insufficient evidence exists for the state law claims. Accordingly, Defendants move for judgment as a matter of law as to all claims.

# SUMMARY OF EVIDENCE

According to the testimony of CHP officers and other eyewitnesses, the dispatch audio recording, and the MVARS, on January 24, 2019, Officer Norem was initially called out to the 91 freeway in Riverside at around 12:20 p.m., after CHP dispatch received several 9-1-1 calls regarding a man walking in and across lanes on the freeway. Riverside Police Department officers managed to chase Mr. Stephenson off the freeway before he caused a serious accident, but they lost him on surface streets.

Around 12:40 p.m., the man, later identified as Mr. Stephenson, returned to his dangerous conduct on the 91 freeway, resulting again in numerous concerned drivers calling 9-1-1.

1    When Officer Norem arrived on scene, Mr. Stephenson was walking down the Adams
2    Street off-ramp, against traffic. Officer Norem directed Mr. Stephenson to the off-ramp's
3    shoulder (away from traffic lanes). Rather than heed the directive, Mr. Stephenson bolted to his
4    right, directly toward the freeway lanes that were just yards away.

5    Recognizing the danger Mr. Stephenson posed by running into freeway traffic, Officer
6    Norem immediately pursued Mr. Stephenson. At six-foot, four inches tall, 230 pounds, and high
7    on methamphetamine, Mr. Stephenson aggressively resisted all attempts to restrain him. Two
8    Taser deployments were wholly ineffective. Finally, with the help of others, including good
9    Samaritans who rushed from their cars to assist after recognizing the difficulty that Officer
10   Norem – the only law enforcement officer on scene – had controlling Mr. Stephenson and how
11   dangerous the situation was given that Officer Norem and Mr. Stephenson were in the "gore
12   point," parallel to the off-ramp and only inches from the swiftly moving freeway traffic, Mr.
13   Stephenson was prevented from re-entering the traffic lanes. Ultimately, Mr. Stephenson was
14   detained and handcuffed. Approximately three and a half minutes later, Mr. Stephenson appeared
15   to lose consciousness and ceased breathing. Despite life-saving measures by trained personnel,
16   Mr. Stephenson was later pronounced dead at Parkview Community Hospital in Riverside.

## STANDARDS FOR JUDGMENT AS A MATTER OF LAW

A motion for judgment as a matter of law "may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). If "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the court may grant judgment as a matter of law against that party as to a claim or issue. Fed. R. Civ. P. 50(a)(1)(A) and (B). While the Court may not weigh witness credibility, it may "assume the veracity 'of any admissions made and stipulations entered into by the party opposing the Rule 50 motion . . . as well as any evidence derived from disinterested witnesses that has not been contradicted or impeached.'" *Cruz-Vargas v. R.J. Reynolds Tobacco Co.,* 348 F.3d 271, 275 (1st Cir. 2003) (citation omitted, ellipses in original). The question is whether there is evidence upon which the jury could properly find for the

nonmoving party. *Owner-Operator Independent Drivers Ass'n, Inc. v. USIS Commercial Services, Inc.,* 537 F.3d 1184, 1191 (10th Cir. 2008).

## ARGUMENT

### I. OFFICER NOREM IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE FOURTEENTH AMENDMENT CLAIM

Under the doctrine of qualified immunity, police officers are not liable under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was "clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)); *Hopson v. Alexander*, 71 F.4th 692, 691 (9th Cir. 2023). Courts have the discretion to decide which prong of this analysis to address first under the circumstances of a particular case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A decision on either prong in the defendant's favor establishes qualified immunity, even without consideration of the other prong. *See Reichle*, 566 U.S. at 663; *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017), *cert. denied sub nom. Shafer v. Padilla*, 138 S. Ct. 2582 (2018), citing *Pearson*, 555 U.S. at 236; *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020) ("We have the discretion to skip the first step in certain circumstance, as when the officer is plainly entitled to prevail at the second step.").

"[Q]ualified immunity shields an officer from liability even if his or her action resulted from 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact[.]'" *Lal v. State of California.,* 746 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Mattos v. Agarano*, 661 F.3d 443, 440 (9th Cir. 2011) (en banc)). This is to grant officials "breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). Its purpose is to ensure that peace officers, in particular, will not always err on the side of caution for fear of being held liable. *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Davis v. Scherer*, 468 U.S. 183, 196 (1984); *see also*, *Lal*, 746 F.3d at

1116. Thus, "[w]hen properly applied, [the doctrine of qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *al-Kidd*, 563 U.S. at 743. *See also, Malley* v. *Briggs*, 475 U. S. 335, 341 (1986); *Hopson*, 71 F.4th at 697.

    **A.   There Is Insufficient Evidence to Prove A Fourteenth Amendment Claim Against Officer Norem**

       **1.      The Purpose to Harm Standard Applies**

"[T]he Fourteenth Amendment standard applicable to a claim by a relative demands more of such a plaintiff than a Fourth Amendment claim by the victim of an officer's actions." *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056-57 (9th Cir. 2022). A claim asserting a violation of familial relationship under the Fourteenth Amendment requires proof that an officer's conduct "'shocks the conscience.'" *Id.* at 1055 (quoting *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008)). "[O]nly the most egregious official conduct" is conscience shocking. *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998).

"There are two tests used to decide whether officers' conduct 'shocks the conscience.'" *Ochoa*, 26 F.4th at 1056. The test is either deliberate indifference or purpose to harm, and "[w]hich test applies turns on whether the officers had time to deliberate their conduct." *Id.* "[T]he deliberate-indifference test applies if the situation at issue 'evolve[d] in a time frame that permits the officer to deliberate before acting.'" *Id.* "Deliberation in this context 'should not be interpreted in the narrow, technical sense.'" *Id.* (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)). Only when "actual deliberation is practical," *A. D. v. State of Cal. Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013), may "an officer's deliberate indifference suffice to shock the conscience and the plaintiff may prevail by showing that the officer disregarded a known or obvious consequence of his action." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 692-93 (9th Cir. 2019) (simplified). "Deliberation is not possible if the officers 'encounter[ed] fast paced circumstances presenting competing public safety obligations.'" *Ochoa*, 26 F.4th at 1056; *see Wilkinson*, 610 F.3d at 554 (observing the Supreme Court has "rejected the deliberate indifference standard even in cases where an officer giving chase could have deliberated while

4

pursuing the suspect"). Accordingly, "the purpose-to-harm test applies if the situation at issue 'escalate[d] so quickly that the officer [had to] make a snap judgment.'" *Ochoa*, 26 F.4th at 1056.

Officer Norem made the decision to restrain Mr. Stephenson under rapidly evolving and dangerous circumstances after Mr. Stephenson ran across an offramp and attempted to run into freeway lanes, both of which were busy with heavy traffic. The encounter lasted approximately six minutes from the time Officer Norem unsuccessfully deployed his taser to the time Mr. Stephenson became unresponsive. During the six-minute encounter, Officer Norem had to address competing concerns of the safety of the motoring public, the safety of Mr. Stephenson, and his own safety as he struggled to get Mr. Stephenson under control to prevent him from running into freeway traffic lanes. Moreover, given that plaintiffs' police practices expert, Jeffrey Noble, opined that Officer Norem's conduct before handcuffing Mr. Stephenson was reasonable and compliant with standards and training, the relevant time period is reduced to approximately three and a half minutes. Under these circumstances, the "purpose to harm" standard applies. *See Porter*, 546 F.3d at 1139 (purpose to harm standard applied during five-minute altercation between officers and victim that evolved quickly and forced offers to make "split second decisions"); *Pelayo v. City of Anaheim*, No. 819CV02318MCSADSX, 2021 WL 2153220, at *6 (C.D. Cal. Apr. 6, 2021) (purpose to harm standard applied where incident from start to finish "happened in under six minutes"); *Atkinson v. County of Tulare*, 790 F. Supp. 2d 1188, 1208 (E.D. Cal. 2011) (purpose to harm standard applied where "the entire incident lasted only a few minutes").

### 2. There Is No Evidence That Officer Norem Acted with a Purpose to Harm Unrelated to a Legitimate Law Enforcement Objective

A claim against a police officer for substantive due process rights under the Fourteenth Amendment considers the subjective intent of the officer. *A.D. v. Markgraf*, 712 F.3d 446, 453 (9th Cir. 2012). In circumstances with "constant flux" that require officers to make "snap judgments," substantive due process violations exist only when the officer intends to "harm, terrorize or kill" the suspect without a legitimate law enforcement objective. *Porter*, 546 F.3d at 1140-1141 (applying a "purpose to harm" standard, reasoning that when the use of force against a

5

suspect is only meant to "teach him a lesson" or "get even," officers would not be shielded from liability.) "Legitimate [law enforcement] objectives can include 'arrest, self-protection, and protection of the public.'" *Ochoa*, 26 F.4th at 1056. "Illegitimate [law enforcement] objectives include 'when the officer "had any ulterior motives for using force against" the suspect, such as "to bully a suspect or 'get even,'" or when an officer uses force against a clearly harmless or subdued suspect.'" *Id.; see, e.g., Zion v. Cnty. of Orange*, 874 F.3d 1072, 1077 (9th Cir. 2017) (jury could conclude officer acted without legitimate law enforcement objective when after shooting the suspect multiple times at close range, the officer took "a running start" and "head stomp[ed]" the clearly harmless and subdued suspect's head multiple times).

The evidence adduced at trial does not show any motivation for Officer Norem's use of force other than protection of Mr. Stephenson, protection of the motoring public on the freeway, and self-preservation. Under these circumstances, the "purpose to harm" standard is not met, and Officer Norem did not commit a substantive due process violation. *See, Gonzalez v. City of Anaheim*, 747 F.3d 789, 798-799 (9th Cir. 2014) (summary judgment affirmed on Fourteenth Amendment claim where plaintiff did not have evidence of officer's ulterior motive(s) for using force); *Lam v. City of Los Banos*, 976 F.3d 986, 1004 (9th Cir. 2020) (finding no Fourteenth Amendment violation where no evidence to support that an officer acted to "bully a suspect or get even"). Thus, Officer Norem is entitled to judgment as a matter of law as to Plaintiffs' cause of action under the Fourteenth Amendment.

**B. Officer Norem Did Not Violate Clearly Established Law**

The burden of showing that the constitutional right at issue was clearly established is upon the plaintiffs. *Alston v. Read*, 663 F.3d 1094 (9th Cir. 2011); *Smith v. Agdeppa*, 81 F.4th 994, 1004 fn. 4 (9th Cir. 2023). Defendants bear no such analogous burden and are neither required to find factually on-point cases that clearly establish the lawfulness of an officer's actions nor bring forward precedent that shows the *un*lawfulness of their conduct was *not* clearly established. *Hopson*, 71 F.4th at 708.

//

For a constitutional right to have been "clearly established", then-existing law must have placed the constitutionality of the officer's conduct "beyond debate," such that every reasonable official would have understood that what he is doing is unlawful. *Wesby*, 583 U.S. at 63; *Hopson*, 71 F.4th at 697 (quoting same). "[A] rule is only clearly established if it has been settled by controlling authority or a robust consensus of cases of persuasive authority that clearly prohibits the officer's conduct in the particular circumstances, with a high degree of specificity." *Hopson*, 71 F.4th at 697 (quoting *Wesby*, 583 U.S. at 63-64) (internal quotation marks omitted).

Under the circumstances of this case Officer Norem did not violate clearly established law concerning Plaintiffs' substantive due process rights. Plaintiffs cannot show that there existed clearly established law such that every reasonable officer would have understood that his restraint of Mr. Stephenson in the circumstances Officer Norem faced was unlawful under the Fourteenth Amendment. Thus, Officer Norem is entitled to judgment as a matter of law on plaintiffs' cause of action under the Fourteenth Amendment.

## II. OFFICER NOREM IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE FOURTH AMENDMENT CLAIM

### A. Plaintiffs Have Not Provided Sufficient Evidence That Officer Norem's Use of Force Was Unreasonable

Judgment as a matter of law should be granted in favor of Officer Norem as to Plaintiff's Fourth Amendment claim because Plaintiffs have proffered insufficient evidence from which a reasonable jury could conclude that the use of force was unreasonable.

A claim of excessive force against a police officer is considered a seizure that is analyzed under the objective reasonableness standard of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Courts analyze reasonableness from the perspective of a reasonable officer on the scene, and under a totality-of-circumstances analysis with the facts and circumstances that existed at the time. *Id*.

at 396-397. "*Graham* identified several factors to consider when evaluating the strength of the government's interest in the force used: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Williams v. City of Sparks*, 112 F.4th 635, 643 (9th Cir. 2024). "The most important *Graham* factor is whether the suspect posed an immediate threat to anyone's safety." *Id.* (quoting *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019); *S.B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). The Ninth Circuit has repeatedly emphasized that, as a matter of common sense, an armed criminal suspect represents the paradigm threat to officer safety. *See, Smith v. City of Hemet*, 394 F.3d 689, 704 (9th Cir. 2005) ("[W]here a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force.")

Three key principles must be kept in mind when these competing factors are weighed. First, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the benefit of 20/20 vision of hindsight. *Kisela v. Hughes*, 584 U.S. 100, 103 (2018) (quoting *Graham*, 490 U.S. at 396); *Williams,* 112 F.4th at 643. Second, a court must allow "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* (quoting *Graham*, 490 U.S. at 396-97 (internal quotations omitted)); *Williams*, 112 F.4th at 643. Third, "officers need not employ the least intrusive means available, so long as they act within a range of reasonable conduct." *Id*.

Here, the evidence presented is that Officer Norem's use of force was reasonable given the totality of the circumstances. Both Plaintiffs' and Defendants' police practices experts agreed that Officer Norem's actions through the time of handcuffing was reasonable. Testimony by Officer Norem and Defendants' police

8

practices expert explained that there was no training on positional asphyxiation or putting a suspect in a recovery position in 2019 at the time of this incident; rather that training was implemented after the incident in this case. Further, there was no testimony that Officer Norem or anyone else present at the scene used body weight to restrain Mr. Stephenson, and no one ever put their weight on Mr. Stephenson's head, neck, or back above the waist and below the shoulders. Rather, Officer Norem used his knee to control Mr. Stephenson's hip, Mr. Borden used his knee and hands to control Mr. Stephenson's shoulders, and Mr. Stout and Mr. Leighton used their hands to control Mr. Stephenson's legs. In addition, Officer Norem and others testified regarding the danger to the public of having Mr. Stephenson break free from the restraint and resume running through freeway traffic lanes.

### B. Officer Norem Did Not Violate Clearly Established Law

The Supreme Court has "stressed that the 'specificity' of the rule is 'especially important in the Fourth Amendment context." *Wesby*, 583 U.S. at 64 (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). "The dispositive question is whether the violative nature of *particular* conduct is clearly established." *Mullenix,* 577 U.S. at 13 (original emphasis). The inquiry must be undertaken in light of the specific context of the case, and not as a broad general proposition. *Id*.; *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam). "Such specificity is especially important in the Fourth Amendment context, where the [Supreme] Court has recognized that '[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts.'" *Mullenix,* 577 U.S. at 13 (quoting *Saucier v. Katz,* 533 U.S. 194, 205 (2001)). Thus, "Plaintiffs asserting excessive force claims must … point to an existing rule that 'squarely governs' the facts at issue and that moves the officer's actions outside the 'hazy border between excessive and acceptable force.'" *Hopson*, 71 F.4th at 698 (quoting *Brosseau*, 543 U.S. at 201 and citing *Rivas-Villegas v. Cortesluna*, 595 U.S. 1 (2021)).

9

Here, the question is whether the law, as it existed on January 24, 2019, was clearly established that Officer Norem's use of force to restrain Mr. Stephenson and prevent him from running into freeway traffic, was unlawful. It was not. Accordingly, Officer Norem is shielded by qualified immunity.

### III. OFFICER NOREM IS ENTITLED TO JUDGMENT AS A MATTER OF LAW IN HIS FAVOR AS TO PLAINTIFF'S STATE LAW CLAIMS FOR BATTERY AND NEGLIGENCE

#### A. Plaintiffs Have Not Proved That Officer Norem's Use of Force Was Unreasonable; Therefore He Is Entitled to Judgment on the Battery Claim

Because there is insufficient evidence that Officer Norem's use of force was unreasonable, the state law claims for battery and negligence must be dismissed.

Under California law, a state battery cause of action, similar to the federal excessive force claim discussed above requires proof of unreasonable force. *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2011). Police are not treated as ordinary battery defendants as they are charged with protecting public peace and order and use force as part of their duties. *Id*. Police are therefore "entitled to the even greater use of force than might be in the same circumstances required for self-defense." *Id.* An officer's use of force is reasonable if the officer "has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Id.* at 528 (quoting *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1103 (2004)). The reasonableness analysis is "highly deferential to the police officer's need to protect himself and others." *Munoz v. City of Union City*, 120 Cal. App. 4th at 1103.

Officer Norem had probable cause to believe Mr. Stephenson posed an immediate and significant threat of death or serious physical injury to Mr. Stephenson, to the motoring public, and to Officer Norem. As discussed above, Officer Norem was forced to make quick decisions in the field and acted in defense of others and self-defense. As such, Officer Norem's actions were reasonable and did not constitute a battery.

//

//

//

**B.      Plaintiffs Have Not Proved That Officer Norem's Use of Force Was Unreasonable; Therefore He Is Entitled to Judgment on the Negligence Claim**

Under California law, officers have a duty to use force in a reasonable manner. *Munoz v. Olin*, 24 Cal. 3d 629, 634 (1979). But an officer will not be liable for negligence as long as his conduct falls "within the range of conduct that is reasonable under the circumstances," and officers are not required to choose the "most reasonable" action. *Hayes v. County of San Diego*, 57 Cal. 4th 622, 632 (2013) (quoting *Brown v. Ransweiler*, 171 Cal. App. 4th at 537-538). Courts must analyze the reasonableness of the officer's conduct using the totality of the circumstances and from the perspective of a reasonable officer on the scene, and not with the benefit of 20/20 hindsight. *Id.* A finding of "reasonableness" as to Officer Ornelas's actions forecloses recovery on plaintiffs' negligence claims. *Gonzalez v. County of Los Angeles*, No. 218CV09117ODWASX, 2021 WL 2224262, at *12 (C.D. Cal. June 2, 2021) (stating plaintiffs' negligence claim flows "from the same facts as the alleged Fourth Amendment violation for excessive force and are measured by the same reasonableness standard of the Fourth Amendment" and granting summary judgment where force used was deemed reasonable).

**C.      CHP Is Entitled to Judgment as a Matter of Law on Plaintiff's State Law Claims**

All state law claims against CHP are made based upon the vicarious liability of Officer Norem under Government Code section 815.2(a). However, because Officer Norem is not liable for the reasons discussed above, there can be no liability against CHP. Cal. Gov. Code § 815.2(b). Accordingly, judgment as matter of law should also be granted in favor of CHP against all of Plaintiffs' claims.

//

//

//

# CONCLUSION

For reasons stated herein, judgment as a matter of law should be granted in favor of Defendants.

Dated: September 17, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

s/ Donna M. Dean

DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
STEPHANIE A. VOLLMER
Deputy Attorney General
*Attorneys for Defendants State of California, Acting by and through the California Highway Patrol, and Dane Norem*

SD2020700119
67930401

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for State of California,

Acting by and through the California Highway Patrol, and Dane Norem, certifies that this brief contains 4,145 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 12, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

s/Donna M. Dean
DONNA M. DEAN
Supervising Deputy Attorney General
*Attorneys for California Highway Patrol*