ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
STEPHANIE A. VOLLMER
Deputy Attorney General
State Bar No. 309407
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 Telephone:  (619) 738-9733
 Fax:  (916) 732-7920
 E-mail:  David.Klehm@doj.ca.gov
 E-mail:  Stephanie.Vollmer@doj.ca.gov
*Attorneys for Defendants State of California, Acting by and through the California Highway Patrol, and Dane Norem*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; and DOES 1 through 100, inclusive,**<br><br>Defendants. | 5:21-cv-00526-JWH (KKx)<br><br>**DEFENDANTS STATE OF CALIFORNIA'S AND DANE NOREM'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 50(a)(1)(B)]<br><br>Courtroom: 5D<br>Judge: The Honorable John A. Kronstadt<br>Trial Date: September 9, 2025<br>Action Filed: December 18, 2019 |

**TO PLAINTIFFS DEVONTE STEPHENSON, LEROY STEPHENSON LINDEN STEPHENSON, AND THEIR ATTORNEYS OF RECORD:**

Defendants State of California, acting by and through the California Highway Patrol (CHP), and CHP Officer Dane Norem (Officer Norem), submit the following reply to Plaintiffs' opposition to Defendants' Motion for Judgment as a Matter of Law.

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Plaintiffs' opposition (Opposition) to Defendants California Highway Patrol's and Officer Dane Norem's (collectively, Defendants) Federal Rule of Civil Procedure, Rule 50, subdivision (a), subheading (1)(B) motion wrongly minimizes a central aspect of this case established by witness testimony at trial: that the incident unfolded on a major Southern California freeway, in broad daylight, mere feet from active lanes of high-speed traffic.

As the evidence showed, Mr. Stephenson elected to take an extremely high dose of methamphetamine and then attempted to run onto a busy freeway of fast-moving cars in the middle of the day. Plaintiffs themselves make no argument in their Opposition that it was prudent, safe, or recommended for Mr. Stephenson to imbibe a controlled substance and then try to enter a Southern California freeway on foot in violation of the California Vehicle Code.

In minimizing where this incident occurred, Plaintiffs strip critical context from the situation facing Officer Norem when he arrived on scene, to which he testified. This context included, inter alia, the urgent danger posed by the freeway, which gave rise to Officer Norem's actions when he directed Mr. Stephenson to move to a safer location away from the Adams Street off-ramp. Mr. Stephenson instead dashed toward the freeway. Officer Norem made two unsuccessful Taser deployments and then tackled Mr. Stephenson, who actively resisted all attempts at detention. Officer Norem then detained Mr. Stephenson with the help of passing

motorists who stopped to help, concerned that Officer Norem was alone with a large-sized man actively resisting. Moreover, all of this action unfolded in the inherently dangerous gore point next to active traffic lanes. Throughout the course of events, the possibility of ever-greater harm to all on scene, including passing motorists and assisting civilians persisted, as Officer Norem testified.

By ignoring the broader landscape that informed the tenor of events, the Opposition distorts its resulting analysis. The Opposition also fails to cite to the record in this case, even when referencing allegedly specific testimony in support of its arguments. Moreover, the Opposition relies on materially distinguishable cases; unpublished cases; and non-binding case law from other circuit courts; and makes broad generalizations or conclusory statements without substantively addressing issues raised in Defendants' Rule 50(a) motion. Officer Norem remains entitled to judgment as a matter, and Defendants' motion should be granted in full.

## ARGUMENT

**I. OFFICER NOREM REMAINS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE FOURTEENTH AMENDMENT BECAUSE PLAINTIFFS FAIL TO ESTABLISH A SUBSTANTIVE BASIS FOR DENYING THE MOTION**

**A. Plaintiffs Fail to Substantive Challenge Defendants' Assertions that Officer Norem is Entitled to Qualified Immunity on the Fourteenth Amendment Claim**

The Opposition makes only passing reference (Dkt. 200, p. 11-12) to Defendants' robust argument that Officer Norem is entitled to qualified immunity on the Fourteenth Amendment claim. Dkt. 179, pp. 3-4. Plaintiffs rely on a Fourth Amendment case purportedly cited for the "clearly established" prong of a qualified immunity analysis under the Fourteenth Amendment. *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056–67 (9th Cir. 2003). Dkt. 200, pp. 11-12. However, it is well-settled law that Fourth Amendment cases "cannot clearly establish the contours of the Fourteenth Amendment right." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 696 n.5 (9th Cir. 2019). Plaintiffs further cite to an unpublished case, *Tucker v. Las Vegas Metropolitan Police Department*, 470 F. App'x 627, 629 (9th

3

1  Cir. 2012), which has no binding authority on this Court. Dkt. 200, p. 11. The
2  Opposition also cites the inapposite *Lombardo v. City of St. Louis, Missouri*. *Id.* at
3  p. 12. The *Lombardo* court stated that it "express[ed] no view as to whether the
4  officers used unconstitutionally excessive force or, if they did, whether [Plaintiff's]
5  right to be free of such force in these circumstances was clearly established at the
6  time of his death." 594 U.S. 464, 468. Dkt. 200, p 12. Moreover, to the extent
7  Plaintiffs reference "[s]tandard police training and policy," as relevant factors here
8  (*Id.*, p. 11), Mr. Nobel's testimony was not cited in the Opposition; the general
9  reference is vague; and the case law cited in support of the principle, *Drummond*,
10 *supra*, 343 F.3d at 1061 (Dkt. 200, p. 11), is inapposite vis-à-vis to a Fourteenth
11 Amendment qualified immunity argument. Officer Norem is entitled to qualified
12 immunity.

   **B. Plaintiffs Fail to Substantively Challenge Defendant's Argument That There Is Insufficient Evidence to Prove A Fourteenth Amendment Claim Against Officer Norem**

15     Plaintiffs make a conclusory statement that: "In this case, the deliberative
16 indifference standard applies." Dkt. 200, p. 9. However, the Opposition dismisses
17 the critical role of the physical setting here – the 91 freeway in Riverside County.
18 Dkt. 200, *passim*. The freeway posed a perpetual threat to all individuals on scene
19 near and within the gore point. Dkt. 179, pp. 1-2. It thus follows that the freeway
20 significantly impacted all action once Mr. Stepheson refused to leave the offramp
21 and instead bolted toward the freeway. Dkt. 179, p. 2.
22     The Opposition attempts to challenge (Dkt. 200, p. 10) the applicability of
23 Defendants' argued purpose-to-harm standard. Dkt. 179, pp. 4-5. Plaintiffs describe
24 Defendants' cases cited in support of this standard as "all involv[ing] rapidly
25 evolving, high-stakes situations that required split-second decisions." Dkt., p. 10.
26 That is exactly what this situation was – high stakes that required intuitive,
27 automatic responses made in accordance with rapidly evolving circumstances. Dkt.
28 179, p. 5. "Deliberation is not possible," where, as here, an officer "'encounter[ed]

4

fast paced circumstances presenting competing public safety obligations.'" *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022).

In divorcing the course of action from the physical setting of the freeway, Plaintiffs attempt to treat the detention following the handcuffing as a time-elongated period in which there was "ample opportunity to deliberate." Dkt. 200, p. 9. This is a manufactured distinction. Moreover, the Opposition references testimony that Mr. Stephenson grew calmer after handcuffing but provides no citation to the record; thus, Defendants cannot verify the quotations verbatim or ensure that they have not been excised from a broader context. *Id.*

The Opposition attempts to argue support for its deliberate indifference standard by way of non-binding case law. *Garlick v. County of Kern*, 167 F. Supp. 3d 1117 (E.D. Cal. 2016). *Garlick*, in addition to being persuasive authority at best, is also markedly different factually. *Id.* at 1145-1146. In *Garlick*, "individual officers" enacted numerous uses of force, including a "sternum rub," …. "control hold, K-9 attack, and baton strikes" … "impact blows—such as baton strikes, punches, kicks" … "chest-down restraint and prolonged application of body-weight pressure to a prone suspect's back" … "as the suspect was 'hog-tied,' handcuffed and in hobble restraints" … followed by a "spit sock[.]" *Id.* at 1145–46. There is simply no comparison between Officer Norem's detention of Mr. Stephenson in the gore point, and the litany of uses of force undertake in *Garlick*. Dkt. 179, pp. 1-2.

The evidence adduced at the instant trial shows no motivation for Officer Norem's use of force other than to protect Mr. Stephenson, the motoring public on the freeway, himself, and the assisting civilians. Plaintiffs' Opposition fails to show otherwise. The "purpose to harm" standard is not met, and Officer Norem did not commit a substantive due process violation. *See, Gonzalez v. City of Anaheim*, 747 F.3d 789, 798-799 (9th Cir. 2014) (summary judgment affirmed on Fourteenth Amendment claim where plaintiff did not have evidence of officer's ulterior motive(s) for using force)

Thus, Officer Norem is entitled to judgment as a matter of law as to Plaintiffs' cause of action under the Fourteenth Amendment.

## II. OFFICER NOREM REMAINS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE FOURTH AMENDMENT CLAIM BECAUSE PLAINTIFFS FAIL TO SUBSTANTIVELY CHALLENGE DEFENDANTS' ARGUMENT THAT ANY USE OF FORCE WAS REASONABLE UNDER THE CIRCUMSTANCES

### A. Plaintiffs Have Not Provided Sufficient Evidence That Officer Norem's Use of Force Was Unreasonable

Plaintiff have not provided sufficient evidence that Officer Norem's use of force was unreasonable. Defendants argued that their Rule 50(a) Motion should be granted in favor of Officer Norem as to Plaintiff's Fourth Amendment claim because Plaintiffs proffered insufficient evidence from which a reasonable jury could conclude that the use of force was unreasonable. Plaintiffs' Opposition fails to substantively challenge the Defendants' Rule 50(a) motion. Defendants argued that the evidence presented showed that Officer Norem's use of force was reasonable given the totality of the circumstances. Dkt. 179, p. 8.

Both Plaintiffs' and Defendants' police practices experts agreed that Officer Norem's actions through the time of handcuffing were reasonable. *Id.* Testimony by Officer Norem and Defendants' police practices expert explained that there was no training on positional asphyxiation or putting a suspect in a recovery position in 2019 at the time of this incident; rather that training was implemented after the incident in this case. Dkt. 179, pp. 8-9. Further, there was no testimony that Officer Norem or anyone else present at the scene used body weight to restrain Mr. Stephenson, and no one ever put their weight on Mr. Stephenson's head, neck, or back above the waist and below the shoulders. Dkt. 179, p. 9. Rather, Officer Norem used his knee to control Mr. Stephenson's hip, Mr. Borden used his knee and hands to control Mr. Stephenson's shoulders, and Mr. Stout and Mr. Leighton used their hands to control Mr. Stephenson's legs. *Id.* In addition, Officer Norem and others testified regarding the danger to the public of having Mr. Stephenson break free from the restraint and resume running through freeway traffic lanes. *Id.*

1     The Opposition relies heavily on *Drummond*, *supra*, 343 F.3d 1052. However, the facts in Drummond are materially distinguishable. Mr. Drummond had not committed a crime. *Id.* at 1054. A neighbor called the Anaheim Police Department because he was concerned that Mr. Drummond might "dart into traffic." *Id.* Officers located Mr. Drummond, *not on a freeway*, but in a 7-Eleven parking lot. *Id.* There was no indication Mr. Drummond was a danger to himself or others at that moment. *Id.* Yet, the officers decided to take him into custody. *Id.* Mr. Drummond was "knock[ed] to the ground," handcuffed while prone, and even though Mr. Drummond did not resist, one of the officers "put his knees into Mr. Drummond's back and placed the weight of his body on him." *Id.* Another "also put his knees and placed the weight of his body" on Mr. Drummond, including "one knee on Mr. Drummond's neck." *Id.* Mr. Drummond repeatedly said he could not breathe and that the officers were choking him. *Id.* The officers continued pressing their weight down into his back and on his neck. *Id.* at 1055. Twenty minutes into this incident, officers used a "hobble restraint" to bind Mr. Drummond's ankles. *Id.* One minute later, Mr. Drummond lost consciousness and went limp. *Id.* He sustained brain damage as a result. *Id.* The facts in Drummond are materially distinguishable from the actions that Officer Norem took.

    The Opposition attempts to assert, based on *Drummond*, that body weight used to restrain an individual can lead to suffocation, as it did in *Drummond*. As discussed earlier, the facts in *Drummond* are not on all fours with those here. Moreover, to the extent the Opposition attempts to link *Drummond* and its analysis to an assertion of deadly force based on the events occurring in the instant matter, Plaintiffs' assertions are misplaced. Dkt. 200, pp. 12-13.

    The Opposition further seeks to distort Defendants' testimony by conflating "*lower back* buttocks area" with the backside of the torso. Dkt. 200, p. 13. However, Officer Norem testified that he made contact with Mr. Stephenson's belt-line area for purposes of controlling his pelvis, which would not restrict his

7

breathing. Moreover, Defendants cannot adequately evaluate the Opposition's numerous allegations regarding witness testimony regarding Mr. Stephenson's state of purported calmness after being handcuffed because the Opposition cites to nothing in the record. Moreover, any such references fail to take into account the context of the freeway giving rise to a continuing and evolving dangerous situation materially distinguishable from Mr. Drummond's location in a suburban, convenience-store parking lot.

Lastly, the Opposition makes several references to compressive, body-weight forces contributing to deaths as a result. Dkt. 200, pp. 12-13, 15, and 16. Here, in addition to witness testimony, Officer McKee MVARs video (Dkt. 179, p. 1) clearly shows Officer Norem with his left leg stretched full length, perpendicular to his body. *Id.* This attests to the fact that Officer Norem was counterbalancing himself so as not to put his full body-weigh on the belt-line area of Mr. Stephenson as he sought to control Mr. Stephenson's pelvis and prevent him from further movement that would intensify a dangerous, freeway setting. *Id.*

Moreover, Officer Norem did not violate clearly established law, and the Opposition fails to substantively argue otherwise. Here, the question is whether the law, as it existed on January 24, 2019, was clearly established such that Officer Norem's use of force to restrain Mr. Stephenson and prevent him from running into freeway traffic, was unlawful. It was not. Accordingly, Officer Norem is shielded by qualified immunity.

### III. OFFICER NOREM IS ENTITLED TO JUDGMENT AS A MATTER OF LAW IN HIS FAVOR AS TO PLAINTIFF'S STATE LAW CLAIMS FOR BATTERY AND NEGLIGENCE

The Opposition fails to substantively address Defendants' arguments related to state law claims for battery and negligence. Because there is insufficient evidence that Officer Norem's use of force was unreasonable, the state law claims for battery and negligence must be dismissed. Moreover, the Opposition does not substantively address of any Defendants' arguments raised in their 50(a) motion regarding the

state law claims and thus fails to dispute them. Thus Officer Norem and CHP are each entitled to judgment as a matter of law on the state law claims as discussed in Defendants' original motion.

## CONCLUSION

For reasons stated herein, judgment as a matter of law should be granted in favor of Defendants.

Dated: October 9, 2025          Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General


/s/ *Stephanie A. Vollmer*
STEPHANIE A. VOLLMER
DAVID KLEHM
Deputies Attorney General
*Attorneys for Defendants State of California, Acting by and through the California Highway Patrol, and Dane Norem*

SD20207001