F I L E D

CLERK, U.S. DISTRICT COURT

11/14/25

CENTRAL DISTRICT OF CALIFORNIA

BY: _____ DT _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, et al., | No. 5:21-cv-00526-JAK (DTBx) |
| Plaintiffs, | **JURY INSTRUCTIONS** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

1

## INSTRUCTION NO. 1
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

**BURDEN OF PROOF – REPONDERANCE OF EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 3

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

# INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits that are admitted into evidence;

3.      Any facts to which the lawyers have agreed; and

4.      Any facts that I have instructed you to accept as proved.

# INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 6

### EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 8

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered, or the exhibit received. If I sustained the objection, the question could not be answered, and the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I might have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must ignore the question and must not guess what the answer might have been.

# INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness's memory;

3.   The witness's manner while testifying;

4.   The witness's interest in the outcome of the case, if any;

5.   The witness's bias or prejudice, if any;

6.   Whether other evidence contradicted the witness's testimony;

7.   The reasonableness of the witness's testimony in light of all the evidence; and

8.   Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION NO. 10

## TAKING NOTES

When you leave, your notes should be left in the jury room.

No one will read your notes. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## INSTRUCTION NO. 11
### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done] what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 12**

**EXPERT OPINION**

You have heard testimony from Jeffrey Noble, Bennet Omalu, Daniel Wohlgelernter, Robert Fonzi, John MacGregor, Gary Vilke, and Richard Clarke, who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 13**

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

The plaintiffs bring two claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. These claims are brought only against Dane Norem.

# INSTRUCTION NO. 14

## SECTION 1983 CLAIM AGAINST DEFENDANT DANE NOREM IN INDIVIDUAL CAPACITY

In order to prevail on a § 1983 claim against the Dane Norem, the plaintiffs must prove each of the following elements by a preponderance of the evidence

1. Dane Norem acted under color of state law; and

2.    The acts of Dane Norem deprived Leroy Stephenson of particular rights under the United States Constitution as explained in later instructions; and

3.    Dane Norem's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Dane Norem acted under color of state law.

Dane Norem conduct is an actual cause of Leroy Stephenson's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements the plaintiff is required to prove under Instructions 15 and 17, your verdict should be for thon those claims. If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for Dane Norem on those claims.

## INSTRUCTION NO. 15

## FOURTH AMENDMENT – EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, defending himself, or in attempting to stop a fleeing or escaping suspect.  Therefore, to establish an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that Dane Norem used excessive force against Leroy Stephenson.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Dane Norem used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.  The nature of the crime or other circumstances known to Dane Norem at the time force was applied;

2.  Whether the decedent posed an immediate threat to the safety of Dane Norem or to others;

3.  Whether Leroy Stephenson was actively resisting arrest or attempting to evade arrest by flight;

4.  The amount of time Dane Norem had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.  The relationship between the need for the use of force and the amount of force used;

6.  The extent of the Leroy Stephenson's injury;

7.  Any effort made by Dane Norem to temper or to limit the amount of force;

8.    The severity of the security problem at issue;

9.    The availability of alternative methods to take Leroy Stephenson into custody;

10.   The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

11.   Whether it was practical for Dane Norem to give warning of the imminent use of force, and whether such warning was given;

12.   Whether it should have been apparent to Dane Norem that the person they used force against was emotionally disturbed; and

13.   Whether a reasonable officer would have or should have accurately perceived a mistaken fact.

**INSTRUCTION NO. 16**

**FAILURE TO INTERVENE**

Plaintiff asserts that Dane Norem failed to intervene in the use of excessive force or restraint by Matthew Borden against Leroy Stephenson. Police officers have a duty to intervene when another person acting under color of law violates the constitutional rights of a citizen. An officer can be held liable for failing to intervene only if they had a realistic opportunity to intervene.

To prove their failure to intervene claim against Dane Norem, the plaintiffs must prove all of the following:

1.    Matthew Borden, acting under color of law, used excessive force or restraint against Leroy Stephenson.

2.    Dane Norem was aware of the need to intervene in the use of excessive force or restraint against.

3.    Dane Norem had an opportunity to intervene in the use of excessive force or restraint.

4.    Dane Norem failed to intervene in the use of excessive force or restraint.

# INSTRUCTION NO. 17

# FOURTEENTH AMENDMENT – INTERFERENCE WITH PARENT/CHILD RELATIONSHIP

Under the Fourteenth Amendment to the United States Constitution, a child has a constitutionally protected liberty interest in the companionship and society of their parent. To find a violation of the Fourteenth Amendment, you must determine that Dane Norem's conduct "shocks the conscience."

Conduct shocks the conscience if:

1.　Dane Norem acted with a purpose to harm the decedent for reasons unrelated to legitimate law enforcement objectives; or

2.　Dane Norem acted with deliberate indifference to the decedent's rights or safety.

If the situation escalated so quickly that Dane Norem had to make an instant judgment and did not have a practical opportunity to actually deliberate, the plaintiffs must prove that Dane Norem acted with a purpose to harm.

The purpose to harm standard requires the plaintiffs to prove that Dane Norem acted with the intent to cause harm for reasons unrelated to legitimate law enforcement objectives, such as arrest, self-defense, or protecting others. Illegitimate objectives include but are not limited to when the officer had any ulterior motives for using force against the subject or when an officer uses force against a clearly harmless or subdued suspect.

If, instead, Dane Norem had a reasonable opportunity to deliberate before acting, the plaintiffs must prove that Dane Norem acted with deliberate indifference. A person acts with deliberate indifference if he is aware of a substantial risk of serious harm to the decedent and consciously disregards that risk.

This claim is brought only against Dane Norem.

# INSTRUCTION NO. 18

## BATTERY BY PEACE OFFICER

Plaintiffs claim that Dane Norem and/or Jeffrey McKee caused the death of Leroy Stephenson by using unreasonable force or restraint to arrest/detain him. To establish this claim, plaintiffs must prove all of the following:

1.     That Dane Norem and/or Jeffrey McKee intentionally touched decedent or caused decedent to be touched;

2.     That Dane Norem and/or Jeffrey McKee used unreasonable force or restraint on decedent;

3.     That decedent did not consent to the use of that force or restraint;

4.     That decedent died; and

5.     That Dane Norem and/or Jefferey McKee's use of unreasonable force or restraint was a substantial factor in causing decedent's death.

An officer may use reasonable force or restraint to arrest a person when the officer has reasonable cause to believe that that person has committed a crime.

In deciding whether Dane Norem and/or Jefferey McKee used unreasonable force or restraint, you must consider the totality of the circumstances and determine what amount of force or restraint a reasonable officer in Dane Norem and/or Jefferey McKee's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Dane Norem and/or Jefferey McKee and decedent leading up to the use of force or restraint. You should consider, among other factors, the following:

a.     Whether decedent reasonably appeared to pose an immediate threat to the safety of Dane Norem and/or Jefferey McKee or others;

b.     The seriousness of the crime at issue;

c.     Whether decedent was actively resisting arrest or attempting to evade arrest; and

d.    Whether Dane Norem and/or Jeffrey McKee's use of force or restraint was necessary to defend human life.

# JURY INSTRUCTION NO. 19

## INTENT

Dane Norem and/or Jeffrey McKee acted intentionally if Dane Norem and/or Jeffrey McKee intended to commit a battery with substantial certainty that the battery would result from their respective conduct.

# INSTRUCTION NO. 20

## NEGLIGENT USE OF FORCE OR RESTRAINT BY A LAW ENFORCEMENT OFFICER

A law enforcement officer may use reasonable force or restraint to arrest a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force or restraint necessary to arrest the person. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force or restraint.

Plaintiffs Devonte, Linden, and Keandre Stephenson claim that Dane Norem and/or Jeffrey McKee were negligent in using unreasonable force or restraint to arrest decedent Leroy Stephenson. To establish this claim, plaintiffs must prove all of the following:

1.   That Dane Norem and/or Jeffrey McKee used force or restraint against Leroy Stephenson;

2.   That the amount or duration of force or restraint used by Dane Norem and/or Jeffrey McKee was unreasonable;

3.   That Leroy Stephenson died; and

4.   That Dane Norem and/or Jeffrey McKee's use of unreasonable force or restraint was a substantial factor in causing Leroy Stephenson's death.

In deciding whether Dane Norem and/or Jeffrey McKee used unreasonable force or restraint, you must consider the totality of the circumstances to determine what amount of force or restraint a reasonable officer in Dane Norem and/or Jeffrey McKee's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Dane Norem and/or Jeffrey McKee and Decedent Leroy Stephenson leading up to the use of force or restraint. Among the factors to be considered are the following:

(a)     Whether Leroy Stephenson reasonably appeared to pose an immediate threat to the safety of Dane Norem and/or Jeffrey McKee or others;

(b)     The seriousness of the crime at issue;

(c)     Whether Leroy Stephenson was actively resisting arrest;

(d)     Whether the use of force or restraint was necessary to defend human life; and

(e)     Dane Norem and/or Jeffrey McKee's tactical conduct and decisions before using force or restraint on Leroy Stephenson.

**INSTRUCTION NO. 21**

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

**INSTRUCTION NO. 22**

**MULTIPLE CAUSES**

A person's conduct may combine with another factor to cause harm. If you find that Dane Norem and/or Jeffrey McKee's conduct was a substantial factor in causing Leroy Stephenson's harm, then Dane Norem and/or Jeffrey McKee are responsible for the harm. Dane Norem and/or Jeffrey McKee cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Leroy Stephenson's harm.

## INSTRUCTION NO. 23
## ALTERNATIVE CAUSATION

You may decide that more than one of the defendants were negligent, but that the negligence of only one of them could have actually caused Leroy Stephenson's harm. If you cannot decide which defendant caused Leroy Stephenson's harm, you must decide that each defendant is responsible for the harm. However, if a defendant proves that he did not cause Leroy Stephenson's harm, then you must conclude that defendant is not responsible.

# INSTRUCTION NO. 24
## COMPARATIVE FAULT OF DECEDENT

Dane Norem and Jeffrey McKee claim that Leroy Stephenson's own negligence contributed to his harm. To succeed on this claim, Dane Norem and Jeffrey McKee must prove both of the following:

1.     That Leroy Stephenson was negligent; and

2.     That Leroy Stephenson's negligence was a substantial factor in causing his harm.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer who is in the performance of his duties, it is the duty of such person to refrain from using force or resist such arrest. If Dane Norem or Jeffrey McKee proves that Leroy Stephenson did not comply with this duty and this was a substantial factor in bringing about the death of Leroy Stephenson, then you must find that Leroy Stephenson was negligent.

Alternatively, a person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. You must decide how a reasonably careful person would have acted in Leroy Stephenson's situation. If Dane Norem or Jeffrey McKee proves that Leroy Stephenson did not act how a reasonably careful person would have acted in his situation, Leroy Stephenson's damages are reduced by your determination of the percentage of his responsibility. I will calculate the actual reduction.

**INSTRUCTION NO. 25**

**VICARIOUS LIABILITY**

In this case Dane Norem and Jeffrey McKee were the employees of the State of California. If you find that Dane Norem or Jeffrey McKee were acting within the scope of their employment when the incident occurred, then the State of California is responsible for the death of Leroy Stephenson caused by their negligence or battery.

**INSTRUCTION NO. 26**

**UNUSUALLY SUSCEPTIBLE DECEDENT**

You must decide the full amount of money that will reasonably and fairly compensate for all damages caused by the wrongful conduct of Jeffrey McKee and Dane Norem, even if Leroy Stephenson was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

# DISPUTED INSTRUCTION NO. 27

## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on any of their claims, you must determine Plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs or decedent for any injury you find was caused by the defendants.

There are two categories of damages in this case. The first are the damages Leroy Stephenson sustained as a result of his death. The second are the damages his children Devonte, Keandre and Linden Stephenson sustained as a result of the death of Leroy Stephenson.

You should consider the following as to the Leroy Stephenson's damages:

1.    The nature and extent of the injuries;

2.    The loss of enjoyment of life experienced; and

3.    The mental, physical, and emotional pain and suffering experienced prior to death.

In deciding Leroy Stephenson's life expectancy, you may consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

You should consider the following as to the wrongful death damages for Plaintiffs Devonte, Keandre and Linden Stephenson: the loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

In determining Plaintiffs' loss, do not consider the poverty or wealth of the Plaintiffs. In determining Plaintiffs' loss, you may consider Plaintiffs' grief, sorrow, or mental anguish, but only if Plaintiffs prevail on their Fourteenth Amendment claim. If you

do not find in favor of Plaintiffs on their Fourteenth Amendment claim, then you cannot award damages for Plaintiffs' grief, sorrow, or mental anguish.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## INSTRUCTION NO. 28

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 29
## CONSIDERATION OF EVIDENCE

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 30
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 31
## RETURN OF VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.