UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
|---|---|---|---|
| Title | Devonte Stephenson et al. v. State of California et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) ORDER RE MOTION FOR JUDGMENT AS A
MATTER OF LAW (DKT. 179)**

I.      **Introduction**

On December 18, 2019, Devonte Stephenson ("Devonte"), Keandre Stephenson ("Keandre"), Linden Stephenson ("Linden") (collectively, "Plaintiffs"), who are the surviving children of Leroy Stephenson ("Stephenson") who is deceased, filed the present action against the State of California in the Riverside Superior Court. Dkt. 1 at 28–38 (the "Complaint"). The Complaint alleges that the use of excessive force by California Highway Patrol Officers ("CHP Officers") caused Stephenson's death. Dkt. 1 at 31–32 ¶¶ 10–16.

On February 8, 2021, Plaintiffs filed a First Amended Complaint ("FAC"), which is the operative one. Dkt. 1 at 9–21. It advances six causes of action against the State of California ("State"), the County of Riverside ("County"), CHP Officers Dane Norem ("Norem") and Jeffrey McKee ("McKee"), and County of Riverside peace officer Matthew Borden ("Borden") (collectively, "Defendants"). Dkt. 1 at 13–21 ¶¶ 15–30, 31–69. They are as follows: (1) wrongful death against Norem and McKee; (2) negligence against Norem and McKee;  (3) Fourth Amendment – excessive force (42 U.S.C. § 1983), against Norem, McKee and Borden; (4) Fourth and Fourteenth Amendment – loss of parent-child relationship without due process (42 U.S.C. § 1983), against Norem, McKee and Borden; (5) Fourteenth Amendment – deprivation of life without due process (42 U.S.C. § 1983), against Norem, McKee and Borden; and 6) Municipal Liability – Failure to Train (42 U.S.C. § 1983), against the County. *Id.* at 15–21 ¶¶ 31–69.

On March 24, 2021, Norem and McKee, with the consent of the State, removed the action, based on federal question jurisdiction. Dkt. 1 at 2; Dkt. 1 at 6 ¶ 24. On September 14, 2023, the parties stipulated to dismiss the Fifth Cause of Action as asserted against McKee, and the related claim for punitive damages against him. Dkt. 60. A corresponding order was then entered, in which that claim against McKee was dismissed with prejudice. Dkt. 62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
| Title | Devonte Stephenson et al. v. State of California et al. | | |

On September 25, 2023, McKee filed a Motion for Summary Judgment as to all claims that remained pending against him. Dkt. 64. It was granted-in-part and denied-in-part, Dkt. 96. It was denied as to the First Cause of Action, the Second Cause of Action with respect to McKee's alleged use of excessive force, and the Third Cause of Action. *Id.* It was granted as to the Fourth Cause of Action on the basis of qualified immunity, and as to the Second Cause of Action for certain bases of negligence. *Id.*

On February 3, 2023, pursuant to a stipulation among the parties, all claims against the County and Borden were dismissed with prejudice. Dkt. 42. On February 21, 2025, Plaintiffs filed a Motion to Voluntarily Dismiss with Prejudice All Federal Claims Against Defendant McKee. Dkt. 105. The Motion to Voluntarily Dismiss was granted, and the Third Cause of Action was dismissed with prejudice as to McKee. Dkt. 115.

Following the issuance of the foregoing orders, the following causes of action remained for trial:

1. Wrongful Death against Norem and McKee;
2. Negligence against Norem and McKee;
3. Fourth Amendment – Excessive Force (42 U.S.C. § 1983), against Norem;
4. Fourth and Fourteenth Amendment – Loss of Parent-Child Relationship Without Due Process (42 U.S.C. § 1983), against Norem; and
5. Fourteenth Amendment – Deprivation of Life Without Due Process (42 U.S.C. § 1983), against Norem.

A jury trial on these claims began on September 9, 2025. Dkt. 169. On September 17, 2025, the jury reached a unanimous verdict. Dkt. 184. Norem was found liable on all causes of action. McKee was found not liable for either negligence or wrongful death, which were the only claims that remained against him. The jury awarded $2,000,000 in damages for Leroy Stephenson's pre-death pain and suffering and loss of life, and $1,000,000 in wrongful death damages for each of the Plaintiffs. Dkt. 235.

On September 17, 2025, before the case was submitted to the jury, the State and Norem jointly filed a timely motion for judgment as a matter of law regarding claims arising under the Fourth Amendment, Fourteenth Amendment and state law. Dkt. 179 ("Motion").[1] A ruling on the matter was reserved pending the outcome of the jury deliberations. Following the entry of the verdict, Plaintiffs filed their Opposition to the Motion on October 2, 2025 (Dkt. 200 ("Opposition")) and Defendants filed a Reply in Support of the Motion on October 9, 2025 (Dkt. 212 ("Reply")).

---

[1] On September 17, 2025, McKee filed a Motion for Joinder as to a portion of the Motion. Dkt. 180. The parties later stipulated to dismiss McKee with prejudice. Dkt. 210. That stipulation was approved on October 16, 2025. Dkt. 213. Accordingly, both the Motion for Joinder, and the current Motion as to McKee, are **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
|---|---|---|---|
| Title | Devonte Stephenson et al. v. State of California et al. | | |

For the reasons stated in this Order, the Motion is **GRANTED-IN-PART AND DENIED-IN-PART**.

## II.    Background

### A.    Parties

It is alleged that Keandre, Linden and Devonte are the surviving sons and "heirs at law" of Stephenson. Dkt. 1 at 10–11 ¶¶ 1–3. It is alleged that, at the time of the incident, Norem was a CHP Officer. *Id.* at 11 ¶¶ 6–7.

## III.    Analysis

### A.    Legal Standards

Judgment as a matter of law is warranted where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). A motion for judgment as a matter of law under Rule 50(a) must be brought before the matter is submitted to the jury. Fed. R. Civ. P. 50(a)(2).

A district court can grant a Rule 50(a) motion for judgment as a matter of law against a party only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Jorgensen v. Cassiday,* 320 F.3d 906, 917 (9th Cir. 2003) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 149 (2000)). "In ruling on a motion for [judgment as a matter of law], the court is not to make credibility determinations or weigh the evidence and should view all inferences in the light most favorable to the nonmoving party." *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001).

### B.    Application

Through the Motion, Defendants challenge the verdicts on the Fourteenth Amendment Claim, the Fourth Amendment Claim, and the state law claims for battery and negligence. Dkt. 179 at 2. Defendants argue that the Motion should be granted as to the constitutional claims under the doctrine of qualified immunity, *id.* at 10–17, and as to the state law claims for the insufficiency of evidence to show the use of unreasonable force, *id.* at 17–18.

#### 1.    Constitutional Claims

##### a)    Qualified Immunity – Legal Standards

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
| Title | Devonte Stephenson et al. v. State of California et al. | | |

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

Qualified immunity is a question of law for the court, not for the jury. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). In resolving questions of qualified immunity as a matter of law, courts follow a two-step process. *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014). First, it is determined whether "the officer violated a plaintiff's constitutional right." *Mattos v. Agarano,* 661 F.3d 433, 440 (9th Cir. 2011). Second, the court must assess "whether the constitutional right was clearly established in light of the specific context of the case at the time of the events in question." *Id*. (internal quotation marks and citation omitted).

Deciding if a right was "clearly established" at the relevant time turns on whether "a reasonable officer would have believed that the challenged conduct was lawful." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000). "Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (*per curiam*)). Qualified immunity does not "require a case directly on point"; however, a right is not clearly established where it is merely defined "at a high level of generality." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 690 (9th Cir. 2019) (quoting *Kisela*, 584 U.S. 100 at 104).

Although qualified immunity is a question of law, Defendants are "only entitled to qualified immunity as a matter of law if, taking the facts in the light most favorable to [Plaintiff]," Defendants "violated no clearly established constitutional right." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008). Further, "[a] court must deny the motion for judgment as a matter of law if reasonable jurors could believe that Defendants violated [Plaintiff's] constitutional right, and the right at issue was clearly established." *Id.*

           b)       Fourteenth Amendment Claim

           (1)     <u>Legal Standards</u>

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A "parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child and . . . a child's interest in her relationship with a parent is sufficiently weighty by itself to constitute a cognizable liberty interest." *Ochoa v. City of Mesa,* 26

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
|---|---|---|---|
| Title | Devonte Stephenson et al. v. State of California et al. | | |

F.4th 1050, 1056 (9th Cir. 2022) (quoting *Curnow v. Ridgecrest Police,* 952 F.2d 321, 325 (9th Cir. 1991)) (internal quotation marks omitted).

The "Fourteenth Amendment standard applicable to a claim by a relative demands more of such a plaintiff than a Fourth Amendment claim by the victim of an officer's actions." *Id.* at 1056–57. Only official conduct that "shocks the conscience" is cognizable as a due process violation. *Gantt v. City of Los Angeles,* 717 F.3d 702, 707 (9th Cir. 2013) (citing *Wilkinson v. Torres,* 610 F.3d 546, 554 (9th Cir. 2010)); see also *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

The Ninth Circuit has adopted two standards to determine whether official conduct shocks the conscience: "deliberate indifference" and "purpose to harm." *Ochoa*, 26 F.4th at 1056. Under the "deliberate indifference standard," the inquiry is whether it is reasonable to conclude that the officer could have deliberated before taking the challenged action:

> Where actual deliberation is practical, then an officer's "deliberate indifference" may suffice to shock the conscience. On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives.

*Wilkinson*, 610 F.3d at 554 (citing *Porter v. Osborn,* 546 F.3d 1131, 1140 (9th Cir. 2008)). The term "deliberation" is not to be interpreted in a narrow, literal, or technical sense. *Id*.

The deliberate indifference standard "entails something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The plaintiff may prevail by showing that the officer " 'disregarded a known or obvious consequence of his action.' " *Patel v. Kent Sch. Dist.,* 648 F.3d 965, 974 (9th Cir. 2011) (quoting *Bryan Cnty. v. Brown,* 520 U.S. 397, 410 (1997)). In applying the subjective "purpose to harm" test, "even precipitate recklessness fails to inch close enough to harmful purpose" due to the unforeseen circumstances and fast-paced judgment ordinarily involved in the officer's decision-making. *Lewis,* 523 U.S. at 853.

(2)      <u>Whether There Was a Constitutional Violation</u>

Defendants contend that the "purpose to harm" standard, not the "deliberate indifference" standard applies because Norem "made the decision to restrain . . . Stephenson under rapidly evolving and dangerous circumstances." Dkt. 179 at 11–12. Plaintiffs argue that the deliberate indifference standard applies, because "[o]nce Mr. Stephenson was handcuffed behind his back, Officer Norem had ample opportunity to deliberate, particularly because he was assisted by three individuals." Dkt. 200 at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
| Title | Devonte Stephenson et al. v. State of California et al. | | |

Viewing the evidence in the light most favorable to Plaintiffs, it is appropriate to apply the "deliberate indifference" standard. As noted, the "purpose to harm" standard applies to situations "that escalate so quickly that the officer must make a snap judgment." *Porter v. Osborn,* 546 F.3d 1131, 1137–41 (9th Cir. 2008) (collecting cases). Based on a consideration of the trial evidence in this action, a reasonable juror in this action could have concluded that, in light of Stephenson's actions on the side of the highway that were reported and led to Norem's coming to the scene, the overall duration of the incident, and that when Norem arrived he was the first and only responder, Norem was at that time making quick decisions to address an ongoing emergency. However, based on a consideration of all of the trial evidence, a reasonable juror could also have concluded that the emergency had ended by the time Stephenson was handcuffed and held face down, while being restrained by several officers and civilians who collectively were applying substantial weight to Stephenson's body. *See Wroth v. City of Rohnert Park*, No. 17-CV-5339, 2019 WL 1766163, at *9 (N.D. Cal. Apr. 22, 2019) ("[O]nce officers have subdued a suspect to the point that there is no longer a threat, it becomes practical to deliberate about the type and degree of force to use in continuing to restrain the suspect.").

This finding is supported by the evidence presented at trial that, while Stephenson was being restrained, McKee and Norem discussed whether to retrieve a nylon strap to apply additional limitations on Stephenson by securing his legs with the strap. *See* Dkt. 215 at 183; *Gonzalez v. City of Alameda*, No. 21-CV-9733, 2023 WL 6232239 at *24 (N.D. Cal. Sept. 23, 2023) ("A reasonable jury could find that [the defendant officers] had sufficient opportunity to deliberate once [the plaintiff] was lying prone and in handcuffs on the basis that he no longer presented an immediate threat to the officers. In fact, a reasonable jury could find that they did actually deliberate, since [a defendant officer] asked the other officers, '[t]hink we can roll him on his side?' ").

Plaintiffs argue that Norem's conduct constituted deliberate indifference because he was indifferent to the "obvious risk of serious injury caused by continuing to restrain Mr. Stephenson after he was handcuffed." Dkt. 200 at 11. Defendants' argument is based on their assumption that the purpose to harm standard applies; they do not argue in the alternative that Norem would also not be liable if the standard were instead deliberate indifference. Construing the evidence and drawing inferences in the light most favorable to Plaintiffs, Plaintiffs' position as to the sufficiency of evidence of deliberate indifference is persuasive.

Under the deliberate indifference standard, a plaintiff may prevail by showing that the officer " 'disregarded a known or obvious consequence of his action.' " *Patel,* 648 F.3d at 974 (quoting *Brown,* 520 U.S. at 410)). The trial evidence could have led a reasonable juror to conclude that this standard was met. Stephenson was held face down in a prone position for more than three minutes. While in this position, there was evidence that body weight of at least four persons, which was substantial, was applied to him to ensure that he remained restrained.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
| Title | Devonte Stephenson et al. v. State of California et al. | | |

Jeffrey Noble, who testified as Plaintiffs' police practices expert, stated that the risk of death due to positional asphyxia, which may occur when a person is restrained face-down with body weight applied, was well known at the time of the incident. Dkt. 216 at 110–11. Norem also testified that Peace Officer Standards and Training, the organization that oversees police training in California, provides instruction as to positional asphyxia. *Id.* at 110. There was also sufficient Ninth Circuit case law at that time that the use of force on a prone individual creates the risk of positional asphyxia. *See Drummond ex rel. Drummond v. City of Anaheim,* 343 F.3d 1052, 1059–60 (9th Cir. 2003) (the application of body weight on a prone and handcuffed individual such that the individual could not breathe was unconstitutionally excessive force). Construing the evidence and inferences in the light most favorable to Plaintiffs, it was sufficient to show that Norem could have been deliberately indifferent to the risk that restraining Stephenson for an extended period of time with body weight applied could have resulted in positional asphyxia and corresponding harm.

In light of the foregoing evidence, a reasonable juror could find that there was deliberate indifference by Norem, and a corresponding constitutional violation. *See Garlick v. Cnty. of Kern*, 167 F. Supp. 3d 1117, 1171 (E.D. Cal. 2016) (the deliberate indifference standard applied where officers allegedly pressed body-weight on decedent's back for a prolonged period, knowingly posing a risk to his liberty); *see also Scott v. Smith*, 109 F.4th 1215, 1221, 1228–29 (9th Cir. 2024) (finding deliberate indifference by officers and violation of decedent's Fourteenth Amendment rights where the officers put their body-weight on his back and legs for one to two minutes, and the decedent died of asphyxia).

> (3)      Whether There Was a Clearly Established Constitutional Right

Because it has been determined that there was sufficient evidence for the jury to have found a violation of Plaintiffs' Fourteenth Amendment rights, the next step in analysis is to consider whether the right was clearly established under the Fourteenth Amendment at the time of alleged Constitutional violation. Plaintiffs bear the burden of proof on this issue. *Romero v. Kitsap Cnty.*, 931 F.2d 624, 627 (9th Cir. 1991). Plaintiffs have not met that burden.

Courts may look to a "consensus of cases or persuasive authority" to determine whether the law was clearly established. *Perez v. United States*, 103 F.Supp.3d 1180, 1208 (2015) (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)). The law must be sufficiently clear at the time of the conduct that every reasonable official would have understood the unlawfulness of their conduct. *DeFrancesco v. Robbins*, 136 F.4th 933, 939 (9th Cir. 2025).

Well before the incident that led to the filing of this action by Plaintiffs, the Ninth Circuit had held that children have a Fourteenth Amendment interest in the society and companionship of their parents, including in circumstances in which parents are subject to the use of force by law enforcement officers. *See Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1229–30 (9th Cir. 2013) (official conduct that "shocks the conscience" in depriving a child of their interest in the society

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
| Title | Devonte Stephenson et al. v. State of California et al. | | |

and companionship of their father is cognizable as a violation of due process); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998) (parents and children of a person killed by law enforcement officers can assert a Fourteenth Amendment claim based on the deprivation of liberty interest arising out of their relationship with their deceased family member); *Curnow By & Through Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) ("a parent who claims loss of the companionship and society of his or her child, or vice versa" raises a Fourteenth Amendment claim). Nonetheless, "[f]or a right to be clearly established, case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." *Scott*, 109 F.4th at 1229 (quoting *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017)).

Plaintiffs contend that "the law clearly established that continuing to apply bodyweight force to a prone, handcuffed individual who is no longer resisting is unconstitutional." Dkt. 200 at 11. However, in making this assertion, Plaintiffs cite two cases that found violations of the constitutional right to be free from the use of excessive force under the Fourth Amendment. *Drummond*, 343 F.3d at 1056–67 and *Tucker v. Las Vegas Metro. Police Dep't*, 470 F. App'x 627, 629 (9th Cir. 2012). Neither of these cases considered whether a plaintiff's substantive due process right to having familial relationships was impaired. As stated in the prior Order on McKee's motion for summary judgment:

> Fourth Amendment cases do not satisfy the "clearly established" component of qualified immunity for a Fourteenth Amendment claim. *See Nicholson v. City of Los Angeles*, 935 F.3d 685, 696 n.5 (9th Cir. 2019) ("[O]ur Fourth Amendment cases cannot clearly establish the contours of the Fourteenth Amendment right, despite similarities between the standards."); *see also Barrera v. City of Woodland*, 2023 WL 3977397, at *4 (E.D. Cal. Jun. 13, 2023) ("Because deliberate indifference is a higher bar than objective unreasonableness, it is possible for one's actions to violate the Fourth Amendment without violating the Fourteenth Amendment. As such, notice that one's action violates the Fourth Amendment does not put one on notice that one's action violates the Fourteenth Amendment."); *Gonzalez v. City of Alamada*, 2023 WL 6232239, at *27 ("Plaintiffs offer no authority that *Drummond* clearly established rights under the Fourteenth Amendment even though it addressed only a Fourth Amendment excessive force claim. In light of the binding authority of *Nicholson*, the court concludes that the law was not clearly established at the time of [the plaintiff's] detention and arrest that the officers violated Plaintiffs' Fourteenth Amendment familial association rights by using force on [the plaintiff] while he was handcuffed and lying prone on the ground.").

Dkt. 96 at 21-22.

Accordingly, *Drummond* and *Tucker* do not show that Plaintiffs' claimed Fourteenth Amendment rights were clearly established under the circumstances that were presented when Norem took the actions at issue in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
| Title | Devonte Stephenson et al. v. State of California et al. | | |

Plaintiffs also cite *Lombardo v. City of St. Louis*, 594 U.S. 464, 467 (2021) for the proposition that the police guidance is well-known regarding the risk of positional asphyxiation. However, police guidance is not sufficient to support the denial of qualified immunity. *Perez v. City of Fresno*, 98 F.4th 919, 928 (9th Cir. 2024) ("Plaintiffs argue that, as in *Lombardo*, the evidence here demonstrates that 'there is well-known police guidance' that advises officers to remove individuals from their stomachs once they are handcuffed and because the officers did not follow this guidance, qualified immunity was inappropriate. Contrary to Plaintiffs' argument, *Lombardo* does not establish that any violation of police policy or guidance is, in and of itself, sufficient to deny qualified immunity."). Further, *Lombardo* expressed "no view as to whether" the force "officers used [was] unconstitutionally excessive" and did not discuss the Fourteenth Amendment. *Lombardo*, 594 U.S. at 468. Accordingly, it does not support the assertion that there was clearly established law at the time of the incident.

For these reasons, Norem has qualified immunity as to Plaintiffs' substantive due process claim under the Fourteenth Amendment.

        c)      Fourth Amendment Claim

        (1)      <u>Legal Standards</u>

        (a)      Standing

"Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Alderman v. United States,* 394 U.S. 165, 174 (1969). In general, only the person whose Fourth Amendment rights were violated can sue to vindicate those rights. *Smith v. City of Fontana,* 818 F.2d 1411, 1417 (9th Cir.1987). "In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." *Moreland*, 159 F.3d at 369 (citing 42 U.S.C. § 1988(a)). In such circumstances, plaintiffs bringing survivor actions who "were not directly subjected to the excessive use of state force . . . cannot maintain personal causes of action under section 1983 in reliance on this Fourth Amendment theory." *Smith*, 818 F.2d at 1417, *overruled in part on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999).

Plaintiffs in this case are, as noted, Stephenson's three sons. The operative complaint states that "Plaintiffs bring [the Fourth Amendment Claim] as successor-in-interest to Leroy Stephenson, and seek[] survival damages . . . and wrongful death damages for the violation of Leroy Stephenson's Rights." Dkt. 1 at 17 ¶ 46. Plaintiffs are authorized to recover survivor damages in a § 1983 action under Cal. Civ. Code § 52.1 and Cal. Code Civ. Proc. § 377.60. However, they cannot, and have not, asserted the § 1983 excessive force claim in their personal capacities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
| Title | Devonte Stephenson et al. v. State of California et al. | | |

(b)   Substantive Elements

"Because the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, [the Ninth Circuit has] held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Avina v. United States,* 681 F.3d 1127, 1130 (9th Cir. 2012) (quoting *Glenn v. Washington Cnty.,* 673 F.3d 864, 871 (9th Cir. 2011)). "This is because such cases almost always turn on a jury's credibility determinations." *Smith,* 394 F.3d 689 at 701 (en banc). However, "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor,* 490 U.S. 386, 396 (1989).

To evaluate whether an officer's use of force during an arrest, investigatory stop, or other "seizure" was excessive, a court must determine whether the challenged conduct was objectively reasonable under the circumstances. *See Graham,* 490 U.S. at 395. Thus, a court is to balance the "'nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Vos v. City of Newport Beach,* 892 F.3d 1024, 1030–31 (9th Cir. 2018) (quoting *Graham,* 490 U.S. at 396).

The nature and quality of the intrusion is measured by "'evaluating the type and amount of force inflicted.'" *Thompson v. Rahr,* 885 F.3d 582, 586 (2018) (quoting *Espinosa v. City & Cnty. of San Francisco,* 598 F.3d 528, 537 (9th Cir. 2010)). The countervailing governmental interests are "measured by examining three primary factors: (1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.' " (the "Graham Factors") *Vos,* 892 F.3d at 1031 (quoting *A.K.H. ex rel. Landeros v. City of Tustin,* 837 F.3d 1005, 1011 (9th Cir. 2016)) (alterations in original).

Throughout the analysis, a court should remain mindful that "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (quoting *Graham,* 490 U.S. at 396).

(2)   <u>Whether There Was a Constitutional Violation</u>

Defendants contend that Norem's use of force was reasonable under the circumstances. These circumstances included that the events evolved rapidly and occurred at a time when, according to the testimony of Defendants' police practices expert, there had not yet been training on positional asphyxiation. Dkt. 179 at 14–17. Further, Defendants argue that there "was no testimony that Officer Norem . . . used body weight to restrain Mr. Stephenson, and no one ever put their weight on Mr. Stephenson's head, neck, or back above the waist and below the shoulders. Rather, Officer Norem used his knee to control Mr. Stephenson's hip." *Id.* at 16. Plaintiffs respond that, "Officer Norem admitted placing his knee on the 'lower back buttocks area,' and several witnesses testified that weight was applied to Mr. Stephenson's shoulder

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
|---|---|---|---|
| Title | Devonte Stephenson et al. v. State of California et al. | | |

blade—a location on Mr. Stephenson's back directly behind the lungs and among the most dangerous places to apply pressure." Dkt. 200 at 13. Plaintiffs argue that, under the Graham Factors and recent case law, Norem's use of force constituted deadly force. *Id.* at 12-15.

a.  Type and Amount of Force Applied

"Deadly force" is "force that creates a substantial risk of causing death or serious bodily injury." *Smith*, 394 F.3d 689, 693 (9th Cir. 2005). Plaintiffs argue that because " 'prevailing precedent in the Ninth Circuit is that law enforcement officers' use of body weight to restrain a prone and handcuffed individual in an agitated state can cause suffocation under the weight of restraining officers . . . such conduct may be considered deadly force." Dkt. 65 at 13 (quoting *Garlick v. County of Kern,* 167 F.Supp.3d 1117, 1154 (E.D. Cal. 2016)) (cleaned up).

Plaintiffs' argument is persuasive. The trial evidence, which included testimony by medical experts, as to the use of force by the weight applied by Norem and others whom he directed, and the corresponding effect on Stephenson, was sufficient for a reasonable juror to conclude that the use of force was deadly.

b.  *Graham* Factors

The next step in the analysis is whether the use of such force was reasonable under the *Graham* factors. The first factor considers the "severity of the crime at issue." *Vos,* 892 F.3d at 1031. At trial, Norem testified that Stephenson was attempting to walk into traffic on the freeway, and that he was resisting Norem's efforts to restrain him. Defendants do not discuss the nature or severity of any alleged crime that Stephenson committed prior to, or during their interaction. However, Plaintiffs argue that Stephenson's actions were nonviolent and minor. Dkt. 200 at 13. Plaintiffs contend that, at most, the crime of resisting arrest is a misdemeanor. *Id.*

The positions of the parties and the trial evidence as to the conduct of Stephenson in interfering with traffic, behaving in an irrational manner, and then resisting his detention, supports the conclusion that the crime was not severe. *See Bryan v. MacPherson*, 630 F.3d 805, 829 (9th Cir. 2001) ("[T]he problems posed by, and thus the tactics to be employed against, an unarmed, emotionally distraught individual who is creating a disturbance or resisting arrest are ordinarily different from those involved in law enforcement efforts to subdue an armed and dangerous criminal who has recently committed a serious offense.") (internal quotation marks and citation omitted). Therefore, this factor weighs in favor of a finding that the use of force was unreasonable.

The next two *Graham* factors are "whether the suspect poses an immediate threat to the safety of the officers or others" and "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Vos,* 892 F.3d at 1031. Plaintiffs agree that Stephenson posed some threat to the safety of himself and others when he was moving toward traffic on the freeway. Those were the circumstances when Officer Norem arrived on the scene. Dkt. 200 at 14. Norem

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
|---|---|---|---|
| Title | Devonte Stephenson et al. v. State of California et al. | | |

also testified that Stephenson attempted to run from officers and resisted being held down. However, after Stephenson was handcuffed and prone, a reasonable juror could conclude that he was no longer resisting and no longer posed a threat to the safety of the officers, civilians or motorists. As in Drummond, "[a]ll three Graham factors would have permitted the use of only minimal force once [the plaintiff] was handcuffed and lying on the ground." *Drummond*, 343 F.3d at 1058. Therefore, both the second and third *Graham* factors weigh in favor of a finding that the use of force was unreasonable.

Two other issues that may be considered are whether the officers had reasonable alternative methods available to them other than the force used, *Smith*, 394 F.3d at 701, and whether the officers perceived the person might be emotionally disturbed. *Glenn*, 673 F.3d at 872. These questions are fact specific. Stephenson's walking onto the freeway and otherwise behaving erratically demonstrated a lack of emotional stability. Plaintiff's police practices expert also testified as to other actions Norem could have taken once Stephenson was restrained that would not have included the continued use of the force that was applied. They included moving Stephenson into an upright recovery position. Accordingly, a reasonable juror could have determined that these factors supported finding that the use of force was excessive.

For these reasons, there is not a sufficient basis to show that the nature and reasonableness of Norem's actions outweighed the governmental interest. Accordingly, judgment as a matter of law on this ground is unwarranted.

(3)     Whether the Law was Clearly Established

The next issue is whether Norem is entitled to qualified immunity. As noted in the prior discussion of the Fourteenth Amendment claim, the issue is whether at the time of the incident there was clearly established law that would have made it apparent to Norem that his conduct was unlawful under the Fourth Amendment. As also stated, Plaintiffs have the burden to make this showing. *Sharp v. Cnty. of Orange,* 871 F.3d 901, 911 (9th Cir. 2017) ("Plaintiffs must point to prior case law that articulates a constitutional rule specific enough to alert [the officers] in this case that their particular conduct was unlawful.") (emphases omitted). Plaintiffs have met that burden as to the Fourth Amendment claim.

Defendants contend that no clearly established law put Norem on notice that his conduct during the incident violated Stephenson's Fourth Amendment rights. Dkt. 179 at 16. Plaintiffs argue that the case law at the time of the incident shows that "officers who hold a handcuffed, subdued person prone, interfering with the ability to breathe violate clearly established law." Dkt. 200 at 16. Plaintiffs rely on *Drummond*, in which the Ninth Circuit held that "any reasonable person[] should have known that squeezing the breath from a compliant, prone, and handcuffed individual . . . involves a degree of force that is greater than reasonable." *Id.* (quoting *Drummond*, 343 F.3d at 1052). The circumstances presented in this action are similar. In *Drummond* there was a sufficient showing of a Fourth Amendment violation when a person was held face-down, handcuffed, with body weight applied for an extended period of time,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
| Title | Devonte Stephenson et al. v. State of California et al. | | |

notwithstanding that at that time he "posed only a minimal threat to anyone's safety," and then suffered a cardiac arrest caused by lack of oxygen to his heart. *Drummond*, 343 F.3d at 1055, 57–58 (9th Cir. 2003).

Plaintiffs argue that since the decision in *Drummond*, "the Ninth Circuit repeatedly has held that officers who hold a handcuffed, subdued person prone, interfering with the ability to breathe, causing asphyxia, violate clearly established law." *Id.* at 16–17. They cite *Zelaya v. Las Vegas Metro. Police Dep't*, 682 F. App'x 565, 567 (9th Cir. 2017)) (affirming the denial of qualified immunity in light of *Drummond* where officers pinned a man with their body weight for at least 90 seconds after he was motionless and had stopped resisting, and bent his legs toward his torso); *Abston v. City of Merced*, 506 F. App'x 650, 653 (9th Cir. 2013) (affirming the denial of qualified immunity under *Drummond* where body compression was used to restrain a prone and bound suspect for one minute and seven seconds despite minimal resistance); *Tucker v. Las Vegas Metro. Police Dep't*, 470 Fed. App'x 627, 629 (9th Cir. 2012) (affirming the denial of qualified immunity in light of *Drummond* where officer used body pressure to restrain a delirious, prone, and handcuffed individual who posed no serious safety threat because it violated clearly established law regardless of continued resistance by the person after he was handcuffed); *Arce v. Blackwell*, 294 Fed. App'x 259, 261 (9th Cir. 2008) (same)). While unpublished decisions alone typically do not sustain a finding that the law was clearly established, they may inform a qualified immunity analysis. *See Rico v. Ducart*, 980 F.3d 1292, 1300–01 (9th Cir. 2020).

Collectively, these cases are sufficient basis to have provided Norem, at the time of the incident, with adequate and fair notice that the prolonged force used on Stephenson violated his Fourth Amendment rights under clearly established law. Accordingly, there is no qualified immunity for Norem as to Plaintiffs' Fourth Amendment claim brought on behalf of their father.

### 2. State Law Claims: Battery and Negligence

Defendants also seek judgment as a matter of law on Plaintiffs' two state law claims: wrongful death on the basis of battery; and negligence. Dkt. 179 at 17–18.

### (1) Legal Standards

Under California law, a state battery cause of action requires proof of the use of unreasonable force. This standard is similar to the excessive force inquiry under the Fourth Amendment. *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 n.11 (2011) ("Because federal civil rights claims of excessive use of force are the federal counterpart to state battery and wrongful death claims, federal cases are instructive in this area."). The duty of care under a negligence claim is similarly "derive[d] from the federal constitutional duty to avoid unreasonable force." *Rodriguez v. Cnty. of Los Angeles*, 654 F. Supp. 3d 1029, 1049 (C.D. Cal. 2023) (citing *Mulligan v. Nichols*, 835 F.3d 983, 991 (9th Cir. 2016)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 5:21-00526-JAK (KKx) | Date | March 6, 2026 |
| Title | Devonte Stephenson et al. v. State of California et al. | | |

(2)    Application

Plaintiffs and Defendants both recognize that the challenge to the battery and negligence causes of action is similar as to whether the evidence was sufficient with respect to the federal claims asserting the use of excessive force. Dkt. 179 at 17–18; Dkt. 200 at 20. Thus, "[c]laims of excessive force under California law are analyzed under the same standard of objective reasonableness used in Fourth Amendment claims." *Hayes,* 736 F.3d at 1232. *See also Rodriguez*, 654 F. Supp. 3d at 1049 ("[E]ven when suing for unlawful use of force under state law, plaintiffs cannot prevail on their intentional tort claims unless they prove that defendants used unreasonable force by Fourth Amendment standards.").

As noted, the trial evidence was sufficient for a reasonable juror to conclude that Norem used excessive force in manner that violated the Fourth Amendment. That same evidence is sufficient as to the parallel state tort causes of action. *See Smith v. Cnty. of Riverside*, No. 16-CV-16227, 2019 WL 2902504, at *9 (C.D. Cal. May 28, 2019) ("For the same reason the Court denies judgment as a matter of law as to the constitutional excessive force claim, it also denies Defendants' request for judgment on the force-related state claims.").

Accordingly, the Motion is denied as to the state law claims.

**IV.    Conclusion**

For the reasons stated in this Order, the Motion is **DENIED IN PART** and **GRANTED IN PART**. It is granted as to the Plaintiffs' Fourteenth Amendment cause of action, and denied as to all other issues.

In light of the determinations in this Order, the parties shall meet and confer to seek to reach agreement on the form of the proposed judgment to be entered in this matter. The proposed judgment shall include the outcome as to each cause of action as well as the corresponding damages that are awarded, taking into account, if applicable, the allocation of responsibility determination made by the jury. If the parties agree on the form of the judgment, it shall be lodged on or before March 13, 2026. If the parties cannot agree, Plaintiff shall submit a proposed judgment on or before March 13, 2026, and on or before March 20, 2026, Defendants shall file their objections, a corresponding redline of Plaintiffs' proposed judgment, and a supporting brief not to exceed 10 pages. On or before March 25, 2026, Plaintiffs shall file any responsive brief, not to exceed 10 pages.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    LC1