**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al,<br><br>Defendants. | Case No.: 5:21-cv-00526-JAK-KK<br>Honorable John A. Kronstadt<br><br>**RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED JUDGMENT** |

## I.    INTRODUCTION

Defendants' assertion that this court does not have authority to enter judgment in its own case is baseless. The objection should be overruled, and Plaintiffs' proposed judgment (Dkt. 245) should be entered.

Defendants contend that, pursuant to Rule 58(c)(2)(B), judgment was constructively entered on February 20, 2026, 150 days after entry of the jury verdict was docketed. This argument fails under the text of Rule 58, the case law Defendants themselves cite, the Advisory Committee Notes, the Central District's Local Rules, and common sense.

At the time Defendants claim judgment constructively entered, the Court had under submission Defendants' Rule 50(a) motion for judgment as a matter of law on all claims. There was no judgment to enter because the Court had not yet

1

determined which claims survived and how damages should be allocated. Moreover, judgment could not be entered constructively where the form of the judgment was disputed by the parties, who submitted competing versions of the proposed judgment. Dkt. 211.

Rule 58(c)(2)(B) is a backstop that applies in cases where there is nothing remaining for the court to do but enter judgment and, for whatever reason, it does not; it has no application whatsoever to a situation like this where the form of the judgment is in dispute and the very outcome of the claims is unknown because there is a dispositive motion under submission.

## II.    PROCEDURAL HISTORY

The jury returned its verdict on September 18, 2025, and the verdict form was recorded on the docket on September 23, 2025. Dkt. 189. The day before the verdict, on September 17, 2025, Defendants filed a Rule 50(a) motion for judgment as a matter of law. Dkt. 179. The Court took it under submission and ordered supplemental briefing. Dkt. 197. Plaintiffs filed their opposition on October 2, 2025. Dkt. 200. Defendants filed their reply on October 9, 2025. Dkt. 212.

On October 6, 2025, while the Rule 50(a) motion remained pending, the parties lodged competing proposed judgments, reflecting a fundamental dispute over the form of judgment. Dkt. 211.

On March 6, 2026, the Court issued its ruling on the 50(a) motion, granting the motion in part as to Plaintiffs' Fourteenth Amendment cause of action and denying it as to all other claims. Dkt. 244. The Court directed the parties to meet and confer regarding the form of the proposed judgment in light of its ruling. *Id*. Plaintiffs lodged a proposed judgment on March 13, 2026. Dkt. 245. Defendants filed their objections on March 19, 2026. Dkt. 246.

## III.    ARGUMENT

The 150-day provision in Rule 58(c)(2)(B) is a backstop for situations where the court should have entered a separate judgment document but failed to do so. It

exists to prevent a party from being unable to appeal because of ministerial delay. It does not exist to manufacture a constructive judgment while the court is actively adjudicating the scope and content of that judgment.

Defendants rely on *Orr v. Plumb*, 884 F.3d 923 (9th Cir. 2018), but that case does not support their position. In *Orr*, the Ninth Circuit held that the 150-day clock ran from entry of a special verdict because that verdict was "a full adjudication of the issues," leaving "nothing further for the court to do other than enter a separate judgment memorializing the jury's findings." *Id*. at 928–29. The finality of the verdict was "evident both from [the defendant's] decision to appeal it before a separate judgment was entered, and from the clerk's judgment, which purported to enter judgment 'in accordance with the jury verdict' without further explanation." *Id*. at 929. There was no pending dispositive motion, there was no dispute between the parties regarding the form the judgment should take.

None of those conditions exist here. When the verdict was returned, there was pending before the Court a Rule 50(a) motion for judgment as a matter of law on all claims. That motion was not a ministerial matter. When the Court ruled on it, it granted the motion in part, eliminating Plaintiffs' Fourteenth Amendment cause of action entirely. Dkt. 244. Therefore, there was not "a full adjudication of the issues" as of September 23, 2025, when the verdict form was recorded on the docket.

The Ninth Circuit instructs courts to employ "'a practical rather than a technical' analysis" in determining finality of judgment. *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1151 n.2 (9th Cir. 2017) (quoting *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152 (1964)). The Advisory Committee Notes to Rule 58 instruct that the definition of entry of judgment "must be applied with common sense" and "should be disregarded" where it "serves no purpose, or would defeat the purpose of another rule." Fed. R. Civ. P. 58, advisory committee's note to 2002 amendment. No practical, common-sense analysis supports the conclusion that

3

judgment constructively entered while the Court was deciding a motion that could change the outcome of the case. No practical, common-sense analysis could support the conclusion that judgment would be entered without the Court resolving the disagreements reflected in the competing proposed judgments submitted to the Court by the parties on October 6, 2025. Dkt. 211.

The Central District's Local Rules confirm that judgment could not have entered here. Local Rule 58-4 prohibits the Clerk from entering judgment until the Court has settled the form of judgment. Local Rule 58-5(a), while permitting the Clerk to enter judgment on a jury verdict without further direction, includes the express qualifier "unless the judge directs otherwise."

Here, the Court clearly "directed otherwise" by setting a briefing schedule on the Rule 50(a) motion, taking the motion under submission, and ordering the parties to lodge proposed judgments, the Court actions made it abundantly clear that judgment was not to be entered until the Court acted.

In *Orr*, the court pointed to the clerk entering judgment "in accordance with the jury verdict without further explanation" as evidence that the verdict was self-executing. 884 F.3d at 929. Here, the opposite occurred. The parties could not agree on the form of judgment, and the Court had not yet ruled on the motion that would determine its content.

Defendants assert that they "could find no authority in the Ninth Circuit permitting an amended judgment, other than pursuant to Rule 60(a) or (b), absent a post-trial motion." Dkt. 246 at 1. But this framing assumes its own conclusion. There is no need for authority to "amend" a judgment because no judgment has entered. The Court's March 6, 2026 order resolved the Rule 50(a) motion and directed the parties to submit a proposed judgment. Dkt. 244. That is the ordinary course: resolve pending motions, then enter judgment.

Defendants cite no authority, and Plaintiffs are aware of none, holding that the 150-day clock runs to completion while a Rule 50 motion remains under

submission and the form of the judgment is disputed by the parties. The proper sequence is to resolve all pending matters bearing on the form of judgment, enter judgment, and then permit post-judgment motions. Defendants' objection inverts this sequence.

Entering judgment now prejudices no one. Defendants retain their full rights to post-judgment motions and appeal. Under Defendants' theory, however, Plaintiffs would be gravely prejudiced: if judgment constructively entered on February 20, 2026, then the deadline to file a motion for attorneys' fees under Rule 54(d)(2) and an application for costs under Rule 54(d)(1) has already passed, and Plaintiffs would be at risk of forfeiting both. It would not be surprising if this very result is what inspired the Defendants to come up with such an outlandish, unprecedented legal theory.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' objection should be overruled, and the Court should enter judgment in accordance with Plaintiffs' proposed judgment lodged on March 13, 2026 (Dkt. 245).

Dated: March 25, 2026              **LAW OFFICES OF DALE K. GALIPO**

By:    */s/    Cooper Mayne*
Dale K. Galipo
Cooper Mayne
*Attorneys for Plaintiffs*