ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 738-9733
  Fax:  (916) 732-7920
  E-mail:  David.Klehm@doj.ca.gov
*Attorneys for Defendants State of California,
Acting by and through the California Highway
Patrol, and Dane Norem*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; and DOES 1 through 100, inclusive,**<br><br>Defendants. | 5:21-cv-00526-JWH-KKx<br><br>**DEFENDANTS STATE OF CALIFORNIA'S AND DANE NOREM'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, IN THE ALTERNATIVE, NEW TRIAL**<br><br>[Fed. R. Civ. P. 50(b)]<br><br>[Fed. R. Civ. P. 59]<br><br>Date:       May 4, 2026<br>Time:       8:30 a.m.<br>Courtroom:   5D<br><br>Judge:      The Honorable John A. Kronstadt<br><br>Trial Date:   September 9, 2025<br>Action Filed: December 18, 2019 |

# TABLE OF CONTENTS

**Page**

I.   Defendants' Rule 50(A) Motion was Sufficient to Encompass the Causation Argument....................................................................1

II.  In the Alternative, Defendants are Entitled to a New Trial on All Claims Based on Lack of Causation .......................................................2

III. Plaintiffs' Opposition Does Not Rebut the Evidence That Officer Norem's Use of Force was Reasonable....................................9

IV. Officer Norem's Use of Force Did not Violate Clearly Established Fourth Amendment Law.................................................10

V.   A New Trial on Wrongful Death Damages Is Necessary ...................10

Certificate of Compliance..........................................................................12

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Anderson v. United Tel. Co. of Kansas*
   933 F.2d 1500 (10th Cir. 1991)..................................................................................1

*Engilis v. Monsanto Co.*
   74 F.4th 1038 (9th Cir. 2025).................................................................................5, 8

*Experience Hendrix, LLC v. Hendrixlicensing.com Ltd.*
   762 F.3d 829 (9th Cir. 2014)....................................................................................2

*Farley Transp. Co. v. Santa Fe Trail Transp. Co.*
   786 F.2d 1342 (9th Cir. 1986)..................................................................................1

*In re Incretin-Based Therapies Prods. Liab. Litig.*
   524 F. Supp. 3d 1007 (S.D. Cal. 2021), aff'd, 2022 (9th Cir. Mar. 28, 2022)........................................................................................................................8

*Jones v. Ortho Pharm. Corp.*
   163 Cal. App. 3d 396 (1985)....................................................................................5

*Kusens v. Pascal Co., Inc.*
   448 F.3d 349 (6th Cir. 2006)....................................................................................1

*Landes Construction Co. v. Royal Bank of Canada*
   833 F.2d 1365 (9th Cir. 1987)...........................................................................2, 3, 4

*Poppell v. City of San Diego*
   149 F.3d 951 (9th Cir. 1998)....................................................................................6

*Rosa v TASER International Inc.*
   684 F. 3d 841 (9th Cir. 2012) ..................................................................................5

*Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*
   81 F.3d 606 (5th Cir.1996).......................................................................................1

*Spencer v. Pew*
   117 F.4th 1130 (9th Cir. 2024)..............................................................................10

*Tamez v. City of San Marcos, Texas*
   118 F.3d 1085 (5th Cir. 1997)..................................................................................1

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Tennant v. Peoria & Pekin Union Railway Co.*
   321 U.S. 29 (1944) ................................................................................5, 6

*Zhang v. Am. Gem Seafoods, Inc.*
   339 F.3d 1020 (9th Cir. 2003).....................................................................10

**STATUTES**

California Vehicle Code
   § 21960 ................................................................................................9

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   Fourth Amendment................................................................................10
   Fourteenth Amendment .........................................................................11

**COURT RULES**

Federal Rule of Civil Procedure
   § 50(a)...........................................................................................1, 10
   § 50(b) ...........................................................................................1, 11
   § 59 ...............................................................................................2, 3, 4
   § 702 .................................................................................................5, 8

iii

I.   **DEFENDANTS' RULE 50(A) MOTION WAS SUFFICIENT TO ENCOMPASS THE CAUSATION ARGUMENT**

Because the requirement that a Rule 50(a) motion must precede a Rule 50(b) motion is "harsh in any circumstance," a Rule 50(a) motion should not be reviewed narrowly but rather in light of the purpose of the rules to secure a just, speedy, and inexpensive determination of a case; thus, the "courts usually take a liberal view of what constitutes a pre-verdict motion sufficient to support a post-verdict motion." *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 361 (6th Cir. 2006) ("[I]n stating the grounds in the required pre-verdict motion, technical precision is not necessary."); *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 610 (5th Cir.1996), cert. denied, 519 U.S. 869 (1996) ("Technical noncompliance with Rule 50(b) may be excused in situations in which the purposes of the rule are satisfied."); *Tamez v. City of San Marcos, Texas,* 118 F.3d 1085, 1089–91 (5th Cir. 1997); *Anderson v. United Tel. Co. of Kansas,* 933 F.2d 1500, 1503 (10th Cir. 1991) (collecting cases).

Here, Defendants filed a written Rule 50(a) motion on September 17, 2025 (Dkt. 179), seeking judgment as a matter of law as to all causes of action based on insufficient evidence and raised it orally at the close of all evidence. The Court took the motion under submission after ruling on Defendants' motion to strike portions of the experts' testimony, Plaintiffs presented no rebuttal evidence, the jury instructions were read, and the case was submitted to the jury in a very short period of time.  RT at 1400:3-1451:6). As Plaintiffs point out, the purpose of requiring a Rule 50(a) motion is to provide the opposing party an opportunity to cure any deficiency in evidence before the case is submitted to the jury. Dkt. 249 at 13:8-15, citing *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 786 F.2d 1342 (9th Cir. 1986).

///

///

1

In the present case, Plaintiffs would not have been able to cure the deficiency in the evidence that resulted from the striking of their experts' opinions because they would not have been permitted to bring the experts back to offer the testimony that was stricken. Thus, the purpose of Rule 50(a) was met, and Defendants' Rule 50(b) motion based on causation is appropriate.

## II.   IN THE ALTERNATIVE, DEFENDANTS ARE ENTITLED TO A NEW TRIAL ON ALL CLAIMS BASED ON LACK OF CAUSATION

Defendants' motion for new trial, based on the jury's impermissible speculation about the cause of decedent's death, to a reasonable degree of medical probability, does not ask the Court to impermissibly reweigh ordinary factual conflicts. Instead, Defendants' motion asks the Court to perform the distinct Rule 59 function of setting aside a verdict that rests on speculation because, after the Court's evidentiary rulings, Plaintiffs lacked competent medical causation evidence tying any actionable conduct to decedent's death.

As the Ninth Circuit has explained, a district court ruling on a Rule 59 motion "may weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party" when deciding whether a verdict is against the clear weight of the evidence or results in a miscarriage of justice, and that under Rule 59, the district court may weigh the evidence and grant a new trial if the verdict is against the clear weight of the evidence, is based on false evidence, or will result in a miscarriage of justice. *Experience Hendrix, LLC v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842–43 (9th Cir. 2014) (citing *Landes Construction Co. v. Royal Bank of Canada*, 833 F.2d 1365 (9th Cir. 1987)). That discretion is especially important where, as here, the verdict rests on speculation about medical causation after exclusion of key expert testimony.

///

///

2

Therefore, the Court need not "reweigh" the evidence to grant a new trial. It need only recognize that the verdict on death causation was reached without the competent medical foundation the law requires. Rule 59 squarely authorizes a new trial where the verdict is against the clear weight of the evidence or results in a miscarriage of justice.

Plaintiffs cite *Landes* for the unremarkable proposition that evidence is viewed favorably to the verdict and that Rule 59 relief is discretionary. But *Landes* was a commercial contract case involving disputes over the existence of an oral loan agreement and damages. *id* at 1367. Notably, *Landes* did not involve the absence of required expert medical proof on a medically complex causation issue. Nothing in *Landes* holds that a jury may infer physiological causation without competent expert testimony where the mechanism of death turns on the interaction of prone restraint, positional asphyxia, intoxication, stress physiology, and other medical factors. Plaintiffs misread *Landes* in suggesting that Defendants seek a new trial based on nothing more than "doubts about the correctness of the verdict." Dkt. 249 at 15:26-27. *Landes* held that a district court abuses its discretion only when it is not left with a "definite and firm conviction that a mistake has been committed," and that mere doubt is not enough to disturb a verdict. *id.* at 1371-72. But the error identified here is not a garden variety disagreement with the jury's weighing of competing evidence; it is the absence of any competent medical causation evidence on an essential element once the Court's own evidentiary rulings are applied.

Unlike in *Landes*, this is not a case where both sides presented admissible proof on all elements and Defendants now ask the Court simply to prefer their view. *Landes* was a commercial dispute over an oral loan agreement and damages, where the jury heard lay testimony and documentary evidence sufficient to support either side's version of events. Here, by contrast, after the Court instructed the jury to disregard Plaintiffs' medical experts' excluded opinions tying death to post handcuff prone restraint, Plaintiffs had no expert who opined— to a reasonable

3

medical probability—that any identified unlawful or negligent act by these officers was a substantial factor in causing death. The only remaining medical opinion attributed death to the entire restraint episode, including pre-handcuff force Plaintiffs' own police practices expert conceded was "appropriate."

Plaintiff's Opposition cites the testimony of various medical experts about heart attacks, PEA heart rhythms, V-fib heart rhythms and V-tach heart rhythms. Dkt. 249 at 10:7-21. However, none of these medical experts opined to a reasonable degree of medical probability as to when these factors caused decedent's death. Therefore, the only medical expert cause of death testimony supporting the verdict that Defendants' wrongful conduct caused decedent's death is the six minutes of restraint compression. More importantly, there was no admissible and unstruck medical expert causation testimony opining to a reasonable degree of medical probability that decedent would not have died if he was placed into a recovery position after being handcuffed.

Moreover, *Landes* supports Defendants' legal argument for a new trial in one important respect: Rule 59 exists to address verdicts that are against the clear weight of the evidence. That is precisely the problem here. Once the Court instructed the jury to disregard Plaintiffs' excluded opinions that post-handcuff prone restraint caused death, the only remaining causation opinion addressed the entire restraint period, including pre-handcuff conduct that Plaintiffs' own force expert characterized as appropriate. On this record, the jury had no non-speculative medical basis to determine that any unlawful or negligent conduct, as opposed to the entire encounter or concededly appropriate conduct, was a substantial factor in causing death.

///

///

///

///

4

Plaintiffs' reliance on *Tennant v. Peoria & Pekin Union Railway Co.*, 321 U.S. 29, 33-35 (1944), is equally misplaced. *Tennant* did not hold that all inferences a jury chooses to draw must be upheld. To the contrary, the Supreme Court stated the governing limit on jury inferences quite explicitly: "The essential requirement is that mere speculation be not allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked." *Id*. at 33. That limiting language defining the boundary between reasonably possible inferences and mere speculation is fatal to Plaintiffs' position in the instant case because the inference urged in Plaintiffs' rebuttal closing was not drawn from competent medical testimony isolating actionable conduct as a cause of death. Instead, Plaintiffs' counsel expressly invited the jurors to bridge a missing expert-proof gap themselves—i.e., that since the medical experts testified death was caused by the entire six minute restraint episode, the jury could "infer" that if decedent was put into the recovery position during the second half of this entire restraint episode, (the allegedly wrongful three minute and 39 second post-handcuffing portion of the restraint) decedent would not have died. But in this complex medical causation setting where causation depends on complex physiology beyond ordinary lay knowledge, the jury cannot supply that missing link through argument based on mere speculation alone and plaintiffs were required to offer expert testimony that decedent's death was caused, to a reasonable medical probability, by some identified unlawful or negligent act, not merely by "the whole encounter." California law demands proof of causation to a reasonable medical probability, particularly in medically intricate wrongful-death cases. See *Jones v. Ortho Pharm. Corp.,* 163 Cal. App. 3d 396, 402–03 (1985). The Ninth Circuit's decisions in *Rosa v TASER International Inc.* 684 F. 3d 841, (9th Cir. 2012) and *Engilis v. Monsanto Co.*, 74 F.4th 1038, 1044–46 (9th Cir. 2025) (affirming exclusion of causation expert under Rule 702 and upholding summary judgment because without that testimony "no reasonable jury could find causation"),

5

reinforce that when causation depends on complex physiological mechanisms, the absence of such expert proof leaves the verdict solely resting on mere speculation.

Also, as the Ninth Circuit in *Tennant*, articulated: "the essential requirement is that mere speculation be not allowed to do duty for probative facts, after making due allowance for all reasonably possible inferences favoring the party whose case is attacked." *Tennant, supra* at 32; *Poppell v. City of San Diego*, 149 F.3d 951, 954–55 (9th Cir. 1998). Here, once the Court's exclusion of Plaintiffs' targeted medical opinions is respected, there are no probative expert facts from which a jury could logically infer that any unlawful conduct, as opposed to the entire restraint episode or non-tortious factors, caused death.

Unsurprisingly, this Court expressly instructed Plaintiffs' counsel to not make the exact inference at issue in Defendants' motion for new trial:

THE COURT: I understand. But that's different
than saying, had he been put in a recovery position at the
3-minute point, i.e. -- I'm saying 3 minutes. There's
different calculations of time. But if upon his being
handcuffed, he had been placed in an upright and recovery
position, would he have then -- would the outcome have been
different? And I think he opined that it would have been. I
think that's different than the 6 minutes.
Also, there's been a lot of testimony and
argument concerning -- by the police practices experts, among
others, as to whether it was reasonable post handcuffing to
then be considering keeping him in a restrained position and
placing -- potentially placing something on his legs. We've
had a lot of that testimony. But what I think is this: I
think the way to resolve this is to address what I've just
stated is the following:

6

I don't think it's necessary for me to instruct the jury to disregard the testimony, but I think it's necessary that this not be presented to the jury as an argument in closing. And I think that's the best and most efficient -- I think that's the balanced way to handle this.

MR. GALIPO: Well, if the Court is asking me not to talk about the testimony during closing, I'm fine with that. But if the Court is saying that I can't argue to the jury had he been put in a recovery position earlier, there's evidence from experts on both sides -- or I can even talk about the defense experts -- that he wouldn't have died.

THE COURT: What I'm saying shouldn't be stated is that you've heard testimony from Dr. W. that had he been placed in the recovery position at the 3-minute mark, i.e., at approximately when he had been handcuffed, he wouldn't have died. That's what I don't want -- that's what should not be stated in closing. Dr. W has opined that the 6-minute period of the restraint caused the -- you know, that restraining him for 6 minutes caused his death and from that one can infer potentially that had he not been restrained for 6 minutes but some shorter period of time, that the outcome could have been different. But I'm just saying I don't want that one opinion, one as to had he been put in the recovery position at what I'm calling 3 minutes --

MR. GALIPO: I understand. I will do that.

THE COURT: All right. Thank you.

RT at 1301:25-1303:16.

///

7

Consequently, the instant case turns on a missing expert link, not a routine factual dispute. The instant case is not about choosing between two supported medical causation opinions. To the contrary, it is about the absence of admissible expert testimony on the dispositive causation question after the Court excluded Plaintiffs' targeted post-handcuff causation opinions. Lay jurors may not substitute their own medical judgment or infer causal mechanisms that no qualified expert has endorsed, particularly where the court has excluded such opinions under the rules of evidence. *Engilis v. Monsanto Co.*, 74 F.4th 1038, 1044–46 (9th Cir. 2025) (affirming exclusion of causation expert under Rule 702 and upholding summary judgment because without that testimony "no reasonable jury could find causation"). The Ninth Circuit has affirmed summary judgment for the Defendant where Plaintiffs' causation evidence amounted to no more than speculation and conjecture. *In re Incretin-Based Therapies Prods. Liab. Litig.* 524 F. Supp. 3d 1007, 1050-51 (S.D. Cal. 2021), aff'd, 2022 (9th Cir. Mar. 28, 2022). Therefore, Ninth Circuit authority consistently recognizes that medically complex causation questions require expert testimony and that, when such testimony is excluded, the claim fails as a matter of law. That principle forecloses Plaintiffs' attempt to convert Plaintiff counsel's rebuttal argument into substitute evidence.

After the Court's instruction striking the shorter time causation opinions of Plaintiffs' medical experts, the jury was left with no admissible medical opinion that post-handcuff prone restraint, or any other specifically actionable act or omission, caused death to a reasonable medical probability. Since Plaintiffs still bore the burden to prove that actionable conduct was a substantial factor in causing death, their reliance on a generalized "whole encounter" theory left the verdict dependent on conjecture rather than probative facts. Under Rule 59, that is sufficient reason to order a new trial on causation and any derivative wrongful-death damages finding.

///

8

On the record of the instant case, the problem is not that the Court "doubts" the verdict; it is that the verdict on causation could not have been reached without the jury speculating beyond the admitted expert evidence. That is the kind of mistake—reliance on conjecture where expert proof is required—that leaves the Court with the "definite and firm conviction" that a miscarriage of justice has occurred and warrants a new trial under Rule 59.

### III.  PLAINTIFFS' OPPOSITION DOES NOT REBUT THE EVIDENCE THAT OFFICER NOREM'S USE OF FORCE WAS REASONABLE

Although Plaintiffs admit, "This case was never about the use of force used to handcuff [decedent]" (Dkt. 249 at 18:25-26], in their opposition, they rely on evidence of Officer Norem's actions *before* handcuffing decedent to argue that Officer Norem's use of force was excessive. Dkt. 249 at 16:14-23, 17:4-8.  For example, Officer Norem "sprawled out on [decedent's] back" and used his taser *before* decedent was handcuffed. Plaintiffs also misstate the testimony of witness Eric Leighton who testified that Officer Norem's knee was "Just above the shoulder blade" not on decedent's should blade.  RT at 370:9-12.

Plaintiffs also argue that the crime committed by decedent "was not severe." To reach this conclusion, one must ignore all of the evidence regarding the danger posed by a pedestrian on a freeway, which is a violation of California Vehicle Code section 21960.

Plaintiffs further argue that POST provided training on prone restraint and positional asphyxiation, but, significantly, none of the testimony from their police practices expert states that such training was provided *before* the incident in this action.  Dkt. 249 at 18:15-19. Whereas testimony by Officer Norem and Defendants' police practices expert explained that there was no training on positional asphyxiation or putting a suspect in a recovery position in 2019 at the time of this incident; rather that training was implemented after the incident in this case.  RT 425:16-426:11, 1116:20-1117:12.

**IV.   OFFICER NOREM'S USE OF FORCE DID NOT VIOLATE CLEARLY ESTABLISHED FOURTH AMENDMENT LAW**

Plaintiffs' reliance on *Spencer v. Pew*, 117 F.4th 1130 (9th Cir. 2024) is unavailing because: (1) the decision post-dates the incident in this case; and (2) the case was decided on summary judgment and was based on allegations that the officer violated the plaintiff's Fourth Amendment rights "by kneeling on his upper back and neck and by continuing to do so after Spencer protested that it was difficult for him to breathe." *Id*. at 1143. There is no evidence in this case that Officer Norem *ever* kneeled on decedent's neck, no evidence that Officer Norem kneeled on decedent's upper back *after* he was handcuffed (as opposed to his shoulder blade and belt line), and no evidence that decedent ever protested that he could not breathe.

**V.   A NEW TRIAL ON WRONGFUL DEATH DAMAGES IS NECESSARY**

Plaintiffs' contention that *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003), stands for the proposition that a party must raise a potential defect in the verdict form before the case is submitted to the jury "as a prerequisite to a renewed motion after the jury has reached a verdict" is incorrect. Dkt. 249 at 22:14-17. First, the motion here is for a new trial, not a renewed motion for judgment as a matter of law. Second, Zhang did not hold that an objection to the verdict form is necessary to raise a motion for new trial after a verdict – that would be especially true here where the Court did not rule on Defendants' Rule 50(a) motion until after the jury verdict. Finally, there was discussion about the differences in the damages between the federal and state wrongful death claims and specific instructions on these types of damages. RT at 1413:21-1421:13.

///

///

///

///

10

Accordingly, Defendants respectfully request that the Court grant their renewed motion for judgment as a matter of law under Rule 50(b), enter judgment in favor of Defendants on plaintiffs' Fourth and Fourteenth Amendment[1], battery, and negligence claims, and award such other and further relief as the Court deems just and proper. Alternatively, Defendants respectfully request a new trial on all of Plaintiffs' claims.

Dated: April 20, 2026                              Respectfully submitted,

                                                   ROB BONTA
                                                   Attorney General of California
                                                   DONNA M. DEAN
                                                   Supervising Deputy Attorney General


                                                   *s/ David Klehm*

                                                   DAVID KLEHM
                                                   Deputy Attorney General
                                                   *Attorneys for Defendants State of California, Acting by and through the California Highway Patrol, and Dane Norem*

SD2020700119
85680021.docx

---

[1] Plaintiffs concede that Officer Norem is entitled to judgment as to the Fourteenth Amendment claim. Dkt. 249 at 5:15-17.

11

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for State of California, acting by and through the California Highway Patrol, and Dane Norem, certifies that this brief contains 3803 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 20, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California


*s/ David Klehm*
DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendants State of California, Acting by and through the California Highway Patrol, and Dane Norem*

12