# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, et al., | No. 5:21-cv-00526-JAK (DTBx) |
| Plaintiff, | **ORDER RE PENDENCY OF JUDGMENT** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

1

On September 9, 2025, a jury trial commenced in this action, which arose from the death of Leroy Stephenson ("Decedent") following an interaction with Dane Norem ("Norem"), who is a defendant. Dkt. 169. The State of California ("State") is also a defendant. On September 17, 2025, the jury reached a unanimous verdict. Dkt. 186. Norem was found liable based on the following claims: (i) Fourth Amendment – Excessive Force; (ii) Fourteenth Amendment – Loss of Parent-Child Relationship; (iii) wrongful death; and (iv) negligence. Dkt. 235. The jury awarded $2,000,000 in damages for Leroy Stephenson's pre-death pain and suffering and loss of life, and $1,000,000 in wrongful death damages to each of the Plaintiffs, who are the sons of Decedent. *Id.*

On September 17, 2025, before the case was submitted to the jury, the State and Norem jointly filed a timely motion for judgment as a matter of law under Fed. R. Civ. P. 50(a) regarding the claims arising under the Fourth Amendment, Fourteenth Amendment and state law. Dkt. 179. On September 30, 2025, a briefing schedule was set as to the Rule 50(a) Motion. Dkt. 197.

On March 6, 2026, the order on the Rule 50(a) Motion issued. Dkt. 244. The Rule 50(a) Motion was granted as to Plaintiffs' Fourteenth Amendment claim on the basis of qualified immunity, but was otherwise denied. *Id.* at 14. The parties were directed to meet and confer to seek to reach an agreement as to the form of corresponding, proposed judgment that would be entered in the matter. In the event that the parties could not agree on the form of proposed judgment, a briefing schedule was set pursuant to which Plaintiffs would lodge a proposed judgment, Defendants would file objections, and Plaintiffs would file any a response. *Id.*

On March 13, 2026, Plaintiffs lodged a proposed judgment. Dkt. 245. On March 19, 2026, Defendants filed objections, in which they argued that judgment had constructively been entered as a matter of law on February 20, 2026, because that was 150 days after the entry of the jury verdict. Dkt. 246. On March 25, 2026, Plaintiffs filed a response to Defendants' objections to the proposed judgment. Dkt. 248. On March 20,

2

2026, Defendants filed a renewed Motion for Judgment as a Matter of Law under Rule 50(b). Dkt. 247. On March 27, 2026 Plaintiffs filed an opposition. Dkt. 249.

On May 4, 2026, a hearing was conducted on Defendants' Rule 50(b) Motion. Dkt. 255. On May 5, 2026, the parties filed a status report, stating that they "discussed the possibility of resolving the case in its entirety" but that "a global resolution is not possible until the Court resolves the issues raised in the parties' filings regarding entry of judgment." Dkt. 253 at 1. Among the issues identified by Plaintiffs is that if it is determined that there was a constructive entry of judgment on February 20, 2026, the deadline to file a motion for an award of attorney's fees and costs may have passed. Dkt. 248 at 5. Accordingly, the parties requested a ruling as to whether a judgment was constructively entered on February 20, 2026. Dkt. 256.

Fed. R. Civ. P. 58 applies to the entry of a judgment. It provides, in relevant part:

(c) Time of Entry. For purposes of these rules, judgment is entered at the following times:

(1) if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or

(2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:

(A) it is set out in a separate document; or

(B) 150 days have run from the entry in the civil docket.

Defendants contend that *Orr v. Plumb*, 884 F.3d 923 (9th Cir. 2018) applies. In that case, because the district court had not entered a separate judgment, the Ninth Circuit determined that the alternative entry of judgment provision in Fed. R. Civ. P. 58 applied as of 150 days after the entry of the jury's special verdict. *Id.* at 925. Because the defendant in that action had filed a notice of appeal more than 30 days after the 150-day constructive entry of judgment, it was found to be untimely. *Id. Orr* is distinguishable.

3

The special verdict that was entered in *Orr* was "a full adjudication of the issues. . . . There was nothing further for the court to do other than enter a separate judgment memorializing the jury's findings." *Id.* at 928–29. The present case is different. The jury's verdict was not a full and final adjudication of the issues, because the Court was then, and still is, considering Rule 50 motions. *See Orr id.* ("a verdict is 'final,' and eventually appealable after actual or constructive judgment is entered, if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting *Klestadt & Winters, LLP v. Cangelosi*, 672 F.3d 809, 813 (9th Cir. 2012)). Accordingly, in this action there was no constructive entry of a judgment within 150 days after the verdict was received.

Further, Fed. R. Civ. P. 58 distinguishes the timing of the entry of judgment where certain post-trial motions are under review: "For orders resolving certain separately appealable post-decision motions, including JMOL motions under Federal Rule of Civil Procedure 50(b), no separate document is required; 'judgment' on these orders occurs when they are entered in the docket." *Id.*; *see also* Fed. R. App. P. 4(a)(4) ("the time to file an appeal runs for all parties from the entry of the order disposing of the last remaining motion" of a set of motions, including a motion for judgment under Rule 50(b) and motion for new trial under Rule 59). Because there is a pending JMOL in this matter, the entry of judgment is properly determined by Fed. R. Civ. P. 58(c)(1). This provision does not provide a pathway for constructive entry of judgment under Fed. R. Civ. P. 58(c)(2)(B). This confirms that a final judgment has not yet been entered in this action.

/ / /

/ / /

4

For the foregoing reasons, Defendants' objection to the proposed judgment on the basis that a constructive judgment was entered on February 20, 2026, is **OVERRULED**.

**IT IS SO ORDERED.**

Dated:  June 12, 2026

_____

John A. Kronstadt

United States District Judge