**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE, <br><br> Defendants. | Case No.: 5:21-cv-0526-JAK-KK <br> The Honorable John A. Kronstadt <br><br><br> **REPLY TO DEFENDANTS' STATEMENT OF OBJECTIONS TO PLAINTIFFS' PROPOSED JUDGMENT** |

1

LAW OFFICES OF
DALE K. GALIPO
CIVIL RIGHTS ATTORNEYS

## REPLY TO DEFENDANTS' STATEMENT OF OBJECTIONS TO PLAINTIFFS' PROPOSED JUDGMENT

Defendants raise two objections to Plaintiffs' proposed judgment. Dkt. 262. Both should be overruled, and judgment should be entered in the form lodged by Plaintiffs at Docket 245-1.

Defendants' comparative fault objection has no merit. The jury found Norem liable on two theories producing the same $3,000,000 in wrongful death damages: battery and negligence. Plaintiffs recover that sum once. Comparative negligence is not a defense to battery, so the battery verdict alone supports the full award. The 77% allocation would matter only if Plaintiffs were recovering wrongful death damages *only* on their negligence theory.

The California Supreme Court so held on nearly identical facts. In *B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, a jury found that a deputy committed battery by using unreasonable force and found the decedent himself negligent, and allocated 40% of the responsibility to him. Judgment was properly entered against the battering deputy for 100% of the noneconomic damages, because "section 1431.2, subdivision (a), does not authorize a reduction in the liability of intentional tortfeasors for noneconomic damages based on the extent to which the negligence of other actors—including the plaintiffs, any codefendants, injured parties, and nonparties—contributed to the injuries in question." *Id*. at 29; *see Heiner v. Kmart Corp.* (2000) 84 Cal.App.4th 335, 349 (recognizing the "unbroken line of authority" barring apportionment against an intentional tortfeasor where the plaintiff was merely negligent.) The $3,000,000 is recoverable in full from Norem and from the State on the battery verdict.

Paragraph 4 of Plaintiffs' proposed judgment already recites the allocation Defendants request and explains why it is irrelevant to the ultimate calculation of the judgment. (Dkt. 245-1 at 7.) Placing that figure in the operative language at the

end of the judgment would leave some confusion about whether the $5,000,000 judgment is subject to reduction. It is not.

Defendants' second objection renews their contention that judgment was constructively entered on February 20, 2026 under Rule 58(c)(2)(B). This Court overruled that objection on June 12, 2026. (Dkt. 257 at 4-5.) Defendants cite no new authority and do not acknowledge the ruling.

The final paragraph's costs, interest, and fee language is standard language that simply states what Rule 54(d)(1), 28 U.S.C. § 1961, and 42 U.S.C. § 1988(b) require.

Plaintiffs respectfully request that judgment be entered in the form lodged at Docket 245-1.

Dated: July 24, 2026                    **LAW OFFICES OF DALE K. GALIPO**

                                        By:   */s/   Cooper Alison-Mayne*
                                              Dale K. Galipo
                                              Cooper Alison-Mayne
                                              *Attorneys for Plaintiffs*

3