**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE STEPHENSON, et al., Plaintiffs, v. STATE OF CALIFORNIA, et al., Defendants. | No. 5:21-cv-00526-JAK (DTBx) **ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE FORM OF JUDGMENT LODGED BY PLAINTIFFS** |

On September 9, 2025, a jury trial commenced in this action. The claims that were tried were brought on behalf of Leroy Stephenson ("Decedent") by three of his children, and by those three children in their individual capacities, following Decedent's interaction with Dane Norem ("Norem") that resulted in his death. Norem was acting as an on duty as a California Highway Patrol Officer during the interaction with Decedent. Decedent died following the interaction with Norem. The State of California was also a Defendant at the trial.

On September 18, 2025, the jury reached a unanimous verdict. Dkt. 186. Norem was found liable on the following claims: (i) Fourth Amendment – Excessive Force; (ii) Fourteenth Amendment – Loss of Parent-Child Relationship; (iii) wrongful death; and (iv) negligence. Dkt. 235. The jury awarded a total of $2,000,000 in damages for Decedent's pain and suffering prior to his death, and loss of life, and $1,000,000 in wrongful death damages to each of the Plaintiffs, who were the sons of Decedent. *Id.* Thus, the total award was $5,000,000.

On September 17, 2025, before the case was submitted to the jury, the State and Norem jointly filed a timely motion for judgment as a matter of law under Fed. R. Civ. P. 50(a) regarding the claims arising under the Fourth Amendment, Fourteenth Amendment and state law. Dkt. 179.

On March 6, 2026, the order on the Rule 50(a) Motion issued. Dkt. 244. The Rule 50(a) Motion was granted as to Plaintiffs' Fourteenth Amendment claim on the basis of qualified immunity, but was otherwise denied. *Id.* at 14. The parties were directed to meet and confer to seek to reach an agreement as to the form of corresponding, proposed judgment that would be entered in the matter. In the event that the parties could not agree on the form of proposed judgment, a briefing schedule was set pursuant to which Plaintiffs would lodge a proposed judgment, Defendant would file objections, and Plaintiffs would file any a response. *Id.*

On March 13, 2026, Plaintiffs lodged a proposed judgment. Dkt. 245. On March 19, 2026, Defendants filed objections, in which they argued that judgment had constructively been entered as a matter of law on February 20, 2026, because that was 150 days after the entry of the jury verdict. Dkt. 246. On June 12, 2026, an order issued overruling those objections. Dkt. 257.

On July 15, 2026, the parties filed a status report. Dkt. 260. In a section not joined by Defendants, Plaintiff requested that the Court enter their proposed judgment (Dkt. 245-1). Dkt. 260. The parties were then directed to meet and confer regarding any additional objections that Defendants had to the proposed judgment, and, if no agreement was reached, for Defendants to file a statement of objections. Dkt. 261.

On July 23, 2026, Defendants filed their Statement of Objections and Redline Revisions to Plaintiffs' Proposed Judgment, although it does not appear that redline revisions were attached. Dkt. 262. Defendants raised two objections. *First*, Defendants sought an express statement in the Judgment that, with respect to the claim of negligence, the jury found that, as to comparative fault, Decedent was 77% responsible for his death. *Second*, Defendants argued that the last paragraph in the proposed judgment regarding attorney's fees and costs is not applicable pursuant to Fed. R. Civ. P. 58(c)(2)(B), because judgment had already been entered constructively as a matter of law on February 20, 2026.

On July 24, 2026, Plaintiffs filed a reply in support of their proposed judgment. Dkt. 263. As to Defendant's first objection, they argued that comparative fault is irrelevant to the calculation of damages. They contend that the comparative fault finding applies only to the negligence cause of action, and that the verdict on the battery cause of action independently supports the entire $3,000,000 award of wrongful death damages. *Id.* at 2. They also note that their proposed judgment already includes the allocation of negligence found by the jury. *Id.* at 2–3. As to the second objection, Plaintiffs contend that it simply renews the objection that was previously overruled, and that the language

as to costs, interest, and attorney's fees is standard and states what is required by Rule 54(d)(1), 28 U.S.C. § 1961, and 42 U.S.C. § 1988(b). *Id.* at 3.

Plaintiffs' positions are persuasive. Their proposed judgment includes the relevant portions of the verdict form as completed by the jury, which includes the allocation of fault to Decedent as to the claim of negligence. No additional statement as to Decedent's comparative fault is necessary because it does not apply to the other causes of action. Defendants' objection based on the claim that there was a constructive entry of judgment on February 20, 2026, has already been considered and overruled. Dkt. 257. Plaintiffs' language as to interest, fees and costs is also appropriate and consistent with the appliable statutes and Fed. R. Civ. P. 54.

For the foregoing reasons, Defendants' objections to the proposed judgment are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: August 26, 2026

John A. Kronstadt
United States District Judge