**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,

Plaintiffs,

v.

STATE OF CALIFORNIA and DANE NOREM,

Defendants.

**Case No.: 5:21-cv-00526-JAK-DTB**

[*Hon. John A. Kronstadt*]

**DECLARATION OF COOPER ALISON-MAYNE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

# DECLARATION OF COOPER ALISON-MAYNE

I, Cooper Alison-Mayne, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this Court. I am one of the attorneys of record for Plaintiffs in this matter. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees. I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called upon to do so.

2. I have maintained contemporaneous time records reflecting the work and time spent on this case. As of this date, I have spent 610.0 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action. A copy of my time records for this case is attached hereto as “Exhibit 1.” I intend to include the billable time spent in connection with any further work on this case in a separate declaration and accompanying exhibit to be included in Plaintiffs' reply to the instant motion.

3. I personally performed the work attributed to me in my billing statement and can personally attest that the hours I spent on this case were reasonably expended in pursuit of this litigation. I have tracked my time in one-tenth of an hour increments. Any time that I did not contemporaneously record has been reconstructed from the case file, the docket, my calendar, and my correspondence. I have exercised billing judgment in excluding unproductive time and time spent on administrative or clerical tasks. My billing statement does not reflect work performed by paralegals or other assistants supporting me, and it does not include time spent performing purely administrative tasks. I have reduced or omitted time that would not ordinarily be charged to or paid by a fee-paying client.

4. I received my bachelor's degree from St. John's College in Santa Fe, New Mexico. In 2021, I received my J.D. from the University of California, Los Angeles School of Law, where I took a range of courses in civil rights and police misconduct.

5. I was admitted to the State Bar of California in March 2022, having passed the California bar examination on my first attempt. I am also admitted to practice before the United States District Courts for the Central District of California, Southern District of California, and Eastern District of California. I'm also admitted to practice before the Ninth Circuit Court of Appeals.

6. Following law school, I served as a judicial law clerk to the Honorable William J. Martinez of the United States District Court for the District of Colorado. As a law clerk, I conducted legal research, analyzed complex legal issues, drafted orders, and assisted Judge Martinez during trials and hearings.

7. I joined the Law Offices of Dale K. Galipo in March 2023, where I work as an associate attorney. Since joining the firm I have worked exclusively on civil rights actions brought under 42 U.S.C. § 1983, involving police excessive force, officer-involved shootings, in-custody deaths, and wrongful death.

8. For the cases assigned to me, my responsibilities include communicating with the client on an ongoing basis; preparing the claim for damages under the California Government Claims Act; preparing and filing the complaint; investigating the case; creating the discovery plan and propounding and responding to written discovery; meeting and conferring with opposing counsel and handling discovery disputes; retaining and consulting with experts; taking the depositions of percipient witnesses, officers, and defense experts, and defending the depositions of plaintiffs and their experts; handling law and motion matters, including oppositions to motions to dismiss and motions for summary judgment; appearing at court hearings; preparing the pretrial filings and working with opposing counsel on the joint pretrial documents; serving as trial counsel; and preparing and opposing post-trial motions.

9. I was the attorney at the Law Offices of Dale K. Galipo with primary responsibility for the day-to-day management of this case since my firm's association of counsel in July 2023. My work on this case included the following: reviewing the docket, the notice of removal, and the case file produced by co-counsel; negotiating my firm's

association and the fee-division agreement under Rule 1.5.1; preparing for and participating in the deposition of Defendant California Highway Patrol Officer Dane Norem; defending the deposition of Plaintiffs' forensic pathology expert, Dr. Bennet Omalu; handling written discovery and third party subpoenas, including the discovery relating to the decedent's preserved tissue samples; working with Plaintiffs' medical causation and use-of-force experts and preparing the expert and rebuttal expert designations; preparing Plaintiffs' opposition to Defendant Jeffrey McKee's motion for summary judgment; pursuing settlement discussions and mediation; preparing for and arguing Plaintiffs' motion to voluntarily dismiss the federal claims against Defendant McKee; preparing Plaintiffs' pretrial filings, motions in limine, and oppositions to Defendants' motions in limine; serving as trial counsel with Mr. Galipo through the eight-day jury trial in September 2025; preparing Plaintiffs' opposition to Defendants' Rule 50(a) motion for judgment as a matter of law; preparing Plaintiffs' opposition to Defendants' renewed Rule 50(b) motion and alternative Rule 59 motion for a new trial; preparing Plaintiffs' proposed judgment and Plaintiffs' response to Defendants' objections to the form of judgment; and preparing this motion and the concurrently filed application to tax costs.

10. The time I devoted to this case, and in particular the periods of trial preparation and the eight days of trial, precluded me from working on other matters and precluded my office from accepting other cases and employment opportunities during those periods.

11. A reasonable fee for my professional services during the time I worked on this matter is $700 per hour. Based on my experience, the responsibility I carried in this case, and the result obtained, I believe that rate is in line with the hourly rates charged by attorneys of comparable skill, experience, and reputation in the community for similar services.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this was executed this 9th day of September 2026 at Woodland Hills, California.

*/s/ Cooper Alison-Mayne*
Cooper Alison-Mayne