STEVEN A. LERMAN & ASSOCIATES, INC.
Steven A. Lerman, Esq. (S.B.N. 55839)
Nicholas M. Lerman, Esq. (SBN: 292656)
6033 West Century Boulevard, Suite 740
Los Angeles, California 90045
Telephone: (310) 659-8166
Facsimile: (310) 651-6133
Email: nick@lermanslaw.com
Attorneys for Plaintiffs, DEVONTE STEPHENSON, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: 5:21-cv-00526-JAK-KK<br>*[District Judge: Hon. John A. Kronstadt, Magistrate Judge: Kenly K. Kato]*<br><br>**DECLARATION OF NICHOLAS M. LERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES** |

**DECLARATION OF NICHOLAS M. LERMAN**

I, Nicholas M. Lerman, declare as follows:

1. I am an attorney duly admitted to practice before this Honorable Court and am the managing attorney of the Law Offices of Steven A. Lerman and Associates, Inc., counsel for Plaintiffs. The facts set forth in this declaration are personally known to me and I have first-hand knowledge thereof. If called as a witness, I could and would testify competently to the facts set forth herein under oath.

2. I graduated from the University of Arizona in 2009, earning a Bachelor of Arts Degree, and received my J.D. from Whittier Law School (summa cum laude), where I was an editor of Law Review and received numerous awards and accolades. I am licensed to practice in the Central and Eastern District, as well as San Manuel Tribal Court.

3. I have practiced law in the City of Los Angeles for 12 years, and have extensive experience in catastrophic injury and wrongful death cases. In addition, I have personally handled and assisted on numerous civil rights cases and claims against governmental entities.

4. The primary tasks involved in this action have included but are not limited to: (1) Collection of facts and documents out of which the litigation arises; (2) Review of Pleadings and Responsive Pleadings; (3) Preparing for and attending Court scheduled conferences; (4) Retention of Plaintiff Experts and preparation/review of Rule 26 expert disclosures; (5) Preparing Plaintiffs for their depositions; (6) Attending and defending depositions throughout this litigation; (7) Mediation and settlement meetings / conferences; (8) Meetings with Plaintiffs'

expert witnesses; (9) Review of subpoena documents, discovery responses and production of materials, party disclosures and medical records; (10) Assisted in propounding and responding to discovery; (11) Telephonic and Zoom meetings with Plaintiffs' co-counsel; (12) Preparation of, editing of, and reviewing of Plaintiff's trial exhibits; (13) Reviewed and outlined deposition transcripts; (14) Wrote, responded and reviewed written, telephonic and electronic mail communications from Defendant CHP, and Plaintiff's co-counsel; (15) Reviewed entire court docket; (16) Regularly communicate with Plaintiffs; (17) Preparing for and appearing at the trial; and (18) Preparing and serving the herein motion and declaration.

5. I agreed to represent Plaintiffs on a contingency basis, and have not been paid a fee for my legal services rendered in handling Plaintiffs' case. I regularly work on a contingency basis, and routinely litigate these matters in State and Federal Court.

6. Excessive force civil rights cases of this kind are extremely risky for me to take on. Establishing liability on behalf of the Defendants is very difficult and complicated, and such cases are expensive to litigate and difficult to settle. Jurors are frequently biased in favor of law enforcement/municipality and against the Decedent, especially if prejudicial information about a Decedent's drug use is admitted at trial. This case involves complex questions of liability. The decedent died while the Defendants were attempting to make an arrest on Decedent on a busy highway. Successfully litigating a case of this nature requires strong litigation and trial experience. If I was not able to recover statutory attorney fees when representing a Plaintiff, there would be no financial incentive to represent

Plaintiffs whose relatives have been killed by law enforcement. In turn, Plaintiffs such as Decedent's biological sons would not be able to attract competent counsel who could bankroll litigation expenses of this magnitude and achieve similar results.

7. In light of my experience and the time spent on this matter, I believe that *$600 per hour is a reasonable fee for the 211.1 hours submitted in our firm's Timekeeping Record, which is attached hereto as Exhibit 1.*

I declare under penalty of perjury under laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of September, 2026 at Los Angeles, California.

/s/ Nicholas M. Lerman
Nicholas M. Lerman