**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: dalekgalipo@yahoo.com
cmayne@galipolaw.com
**STEVEN A. LERMAN & ASSOCIATES, INC.**
Steven A. Lerman, Esq. (S.B.N. 55839)
Nicholas M. Lerman, Esq. (SBN: 292656)
6033 West Century Boulevard, Suite 740
Los Angeles, California 90045
Telephone: (310) 659-8166
Email: nlerman@lermanslaw.com
**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; COUNTY OF RIVERSIDE; DANE NOREM; JEFFREY MCKEE; MATT BORDEN; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-00526-JAK-KK<br><br>**DECLARATION OF GREGORY PEACOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES** |

**DECLARATION OF GREGORY PEACOCK**

I, Gregory Peacock hereby declare as follows:

1. I am an attorney duly admitted to practice before this Honorable Court and am one of the attorneys of record for Plaintiffs in the instant matter. I have personal knowledge of the facts set forth herein, and could and would testify competently thereto if called upon to do so. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees.

2. I have maintained contemporaneous time records reflecting the work, activity, and time spent on this case. I have exercised billing judgment and have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client. For example, I attended every day of the trial in this matter, but I am not seeking fees for that time. To date, I have spent 208.0 hours on this matter. A copy of my time records for this case is attached hereto as Exhibit 1.

3. I received my Bachelor of Arts degree in political science from California State University, Chico, and my Juris Doctor degree from the University of La Verne College of Law, where I was a member of the Moot Court Honors Program and the Competition Trial Team. I was admitted to the California State Bar in 2011 and have been practicing law since that time.

4. During law school, I worked as a law clerk at a police misconduct firm,

which is where my commitment to holding law enforcement accountable began. After practicing with other firms, I opened my own law office dedicated exclusively to representing individuals whose constitutional rights have been violated by law enforcement.

5. I have exclusively practiced civil rights law, with a focus on police misconduct litigation, for the entirety of my legal career. I have litigated against law enforcement agencies ranging from small municipal police departments to federal agencies, and I have handled over 160 police misconduct cases in federal court, primarily in the United States District Courts for the Central and Southern Districts of California. I have also been admitted p*ro hac vice* in the United States District Court, District of Wyoming and United States District Court, District of New Mexico.

6. My practice covers the full range of civil rights claims arising from police misconduct, including excessive force, wrongful death, in-custody deaths, false arrest, malicious prosecution, unlawful search and seizure, and *Monell* claims against municipalities for unconstitutional customs, practices, and policies.

7. I have obtained numerous favorable results for my clients in cases against law enforcement, including the following notable recoveries:

- $10,500,000 - wrongful death claim on behalf of the family of a man killed as a result of law enforcement’s failure to provide medical care;

- $5,800,000 - malicious prosecution claim for a man wrongfully convicted of a crime he did not commit;

- $1,500,000 – claim for excessive force on behalf of man who was shot by law enforcement;
- $1,500,000 - on behalf of the family of an unarmed mentally ill man shot and killed by police after an officer erroneously claimed the decedent tried to grab his gun;

- - $1,300,000 – claim for excessive force on behalf of man who was shot by law enforcement and survived;

- $1,150,000 – claim for excessive force on behalf of man who suffered serious injuries after being thrown to the ground by law enforcement;

- $1,000,000 - malicious prosecution against a police department for unlawful use of jailhouse informants;

- $1,000,000 - client unlawfully shot while running from police officers;

- $950,000 – claim for excessive force on behalf of a man who was shot by law enforcement while he was pointing a B.B. gun at law enforcement;

- $800,000 – claim for excessive force during a vehicle pursuit;

- $800,000 – *Monell* claim for the unlawful policies related to the treatment of inmates with mental illnesses;

- $750,000 – claim for excessive force on behalf of a man who suffered serious injuries after being bit by a law enforcement canine;

- $727,500 – claim on behalf of a mother who was arrested and injured by deputies in front of her young children for "delaying an investigation" after refusing to answer her door;

- $625,000 – claim for excessive force on behalf of a man police alleged was armed and under the influence of narcotics;

- $500,000 – claim for excessive force on behalf of a client who was beaten by deputies while handcuffed for allegedly making rude comments;

- - $500,000 – claim on behalf of a man who was tasered by deputies;

- $350,000 – claim for unlawful arrest and use of a carotid hold;
- $350,000 – claim for sexual battery against a peace officer;

- $300,000 – claim on behalf of a client who was unlawfully beaten and tasered during arrest;

- - $300,000 – claim on behalf of a man who was unlawfully arrested and tasered in front of his children;

- - $300,000 – claim for excessive force on behalf of a woman who was repeatedly punched in the face by law enforcement.

8. In light of the difficulty of civil rights litigation against law enforcement, and the skill, experience, and ability necessary to prevail in cases such as this one, I believe an hourly rate of $800 for my services is reasonable and consistent with rates awarded to attorneys of comparable experience litigating similar cases in this District.

9. I take civil rights cases exclusively on a contingent fee basis, advancing all costs, including considerable expert fees, at substantial risk with no guarantee of recovery. These cases are frequently subject to motions to dismiss, summary judgment, and appeal, and the majority of attorneys are unwilling to accept the risk inherent in this type of litigation. My office nonetheless takes on difficult cases such as this one, including cases resulting in seven-figure and eight-figure recoveries because of the critically important constitutional rights at stake.

10. Given the substantial risk of contingency litigation and the need for experienced, competent counsel willing to represent plaintiffs in civil rights cases against law enforcement, it is important that courts award full compensation to attorneys who take on this risk. Attorneys would decline to represent plaintiffs in these cases absent the expectation of full compensation when they prevail.

11. I have demonstrated the requisite experience, skill, and diligence in litigating this case from inception date through trial. I was lead counsel for Plaintiffs for nearly two and a half years until Mr. Galipo's office joined the case. Prior to Mr. Galipo's office associating into the case, I took and defended all critical depositions, including taking the depositions of the defendant officers. I drafted the Complaint in this action and propounded and responded to discovery on behalf of the Plaintiffs.

12. For the reasons stated above, and for the reasons stated in Plaintiffs' Motion for Attorneys' Fees, I respectfully request an hourly rate of $800.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed this 9th day of September, 2026 at San Juan Capistrano, California.

By: /s/ Gregory Peacock
Gregory Peacock
*Attorney for Plaintiffs*