ROB BONTA
Attorney General of California
DONNA M. DEAN (State Bar No. 187104)
Supervising Deputy Attorney General
DAVID KLEHM (State Bar No. 165302)
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
San Diego, CA 92186-5266
Telephone: (619) 738-9773
Fax: (619) 645-2581
E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*State of California, acting by and through the California Highway Patrol, and Dane Norem*

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

**DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,**

Plaintiffs,

v.

**STATE OF CALIFORNIA; DANE NOREM; and JEFFREY MCKEE,**

Defendants.

Case No.: 5:21-cv-0526-JAK-KK

[*Hon. John A. Kronstadt*]

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO CONTINUE BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [ECF. 268]**

Judge: Honorable John A. Kronstadt
Hearing Date:

Hearing Time:

Location: Courtroom 10C

**I. INTRODUCTION**

Defendants, Dean Norem and State of California, acting by and through the California Highway Patrol (CHP) respectfully request a short continuance of the deadline to oppose Plaintiffs' Motion for Attorneys' Fees. Plaintiffs filed their motion on September 9, 2026. The motion is 907 pages, including exhibits, and seeks $1,748,287.50 in attorneys' fees based on 1,815 hours billed by five attorneys and two paralegals.

Defendants seek an extension of 21 days from September 23, 2026, to October 14, 2026. The requested extension is necessary to conduct a meaningful review of Plaintiffs' voluminous fee submission and to prepare a focused response addressing the amount, reasonableness, and documentation of the fees claimed. The review necessarily includes the claimed hourly rates; the necessity and reasonableness of 1,815 billed hours; allocation and potential duplication of work among five attorneys and two paralegals; the relationship between the claimed work and the issues on which Plaintiffs prevailed; and any reduction warranted by Plaintiffs' degree of success, unsuccessful claims, excessive or duplicative time, or inadequate documentation.

The request is Defendants' first request to extend the briefing schedule on the fee motion. It is made in good faith, before the present opposition deadline, and will not prejudice Plaintiffs. A short extension will facilitate a complete and useful record for the Court's resolution of a substantial fee request.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b)(1)(A) authorizes the Court, for good cause, to extend a deadline when the request is made before the original deadline expires. A request for attorneys' fees is governed by Federal Rule of Civil Procedure 54(d)(2) and the applicable Local Rules. See Fed. R. Civ. P. 54(d)(2); C.D. Cal. L.R. 54-7.

Local Rule 7-19 permits an ex parte application supported by a memorandum stating the reasons for ex parte relief and the authorities supporting the request. C.D. Cal. L.R. 7-19. Defendants seek only a modest adjustment of the briefing schedule, not a determination on the merits of Plaintiffs' fee motion.

**III. GOOD CAUSE SUPPORTS A LIMITED CONTINUANCE.**

Good cause supports the requested 21-day continuance. First, Plaintiffs' motion is unusually voluminous. The submission totals 907 pages, including exhibits, and seeks $1,748,287.50 based on 1,815 hours charged by five attorneys and two paralegals. The size of the request requires a careful, entry-by-entry assessment of the time records, rates, staffing decisions, supporting declarations, and any claimed expenses. Defendants cannot reasonably complete that review and prepare a focused opposition within the currently allotted time.

Second, the fee request raises issues that require review of the underlying litigation record, not merely the face of the billing invoices. Defendants must compare the claimed work to the litigation's pleadings, discovery, dispositive-motion practice, trial record, expert proceedings, post-trial motions, and judgment-related proceedings. That review is necessary to address whether the request appropriately accounts for Plaintiffs' degree of success and whether the fees sought include time attributable to unsuccessful, unrelated, excessive, duplicative, or insufficiently documented work.

Third, the requested relief is narrowly tailored. Defendants request only 21 additional days, until October 14, 2026, to file their opposition. The extension will not impair Plaintiffs' ability to reply or otherwise prejudice Plaintiffs. It will allow Defendants to present a complete response and will assist the Court in resolving a fee request exceeding $1.7 million on a well-developed record.

Finally, the application is made in good faith and not for purposes of delay. Defendants seek a short continuance because of the scope of Plaintiffs' submission and the size of the claimed award warrant careful review.

///

///

///

///

///

## IV. CONCLUSION

Defendants respectfully request that the Court grant this Application and enter an order:

1. Continuing Defendants' deadline to file an opposition to Plaintiffs' Motion for Attorneys' Fees from September 23, 2206, to October 14, 2026;

2. Continuing Plaintiffs' Reply deadline to November 4, 2026, or correspondingly under the Local Rules and the Court's standing order; and

3. Continue the hearing date to November 30, 2026, or a date convenient with the Court.

4. Granting such other and further relief as the Court deems proper.

Dated: September 16, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General

***s/ David Klehm***

DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendants State of California, Acting by and through the California Highway Patrol, and Dane Norem*