**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON, individually and as successors in interest to Decedent Leroy Stephenson,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA and DANE NOREM,<br><br>Defendants. | 5:21-cv-00526-JAK-DTB<br><br>*Assigned to:*<br>District Judge John A. Kronstadt<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [ECF NO. 270]**<br><br>Fee Motion Hearing: November 2, 2026<br>Hearing Time: 8:30 a.m.<br>Location: Courtroom 10C |

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I. INTRODUCTION

Defendants ask the Court, on an ex parte basis, for three additional weeks to oppose Plaintiffs' motion for attorneys' fees and a four-week continuance of the hearing. ECF No. 270 (the "Application"). But there is no emergency to justify this ex parte filing. Defendants have known since *September 19, 2025*, the day after the verdict, that this motion was coming, and they discussed its briefing schedule with Plaintiffs' counsel at length on that day and again in May and June 2026. The

motion was filed on time as Federal Rule of Civil Procedure 54(d)(2)(B) required. The only ground Defendants offer for their request is the page count of a filing whose length is largely the billing records that support any fee request.

Therefore, this ex parte motion should be denied. In the alternative, if the Court is inclined to grant any extension, Plaintiffs do not object to a one-week extension, to September 30, 2026, because Plaintiffs' Exhibit G summary tables were inadvertently omitted from the September 9 filing and were filed on September 16, 2026, ECF No. 271. That extension would leave the November 2, 2026 hearing in place.

## II. LEGAL STANDARD

"Ex parte applications are solely for extraordinary relief and should be used with discretion." Civil Standing Order § 3. "[The application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*; *see Coffee Hut v. County of Ventura*, No. LA CV21-00654 JAK (Ex), 2021 WL 461591, at *8 (C.D. Cal. Feb. 9, 2021). "Generally, courts will not grant a party relief when the crisis from which they suffer is of their own making." *Roodbari v. Idec*, No. 2:17-cv-06389-ODW (FFMx), 2018 WL 11354026, at *1 (C.D. Cal. Nov. 9, 2018); *Erichsen v. County of Orange*, 677 F. App'x 379, 380 (9th Cir. 2017) (affirming this Court's denial of ex parte relief where appellants "did not establish they were 'without fault in creating the crisis that requires ex parte relief'"). "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have, and should not be used as a

way to 'cut in line' ahead of those litigants awaiting determination of their properly noticed and timely filed motions." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Requests for continuances are among the matters improperly "made routinely on an ex parte basis instead of by noticed motion." *Id.* at 194.

Separately, any request to change a date set by this Court "must be supported by a sufficient basis that demonstrates good cause why the change in the date is essential," set out in "a detailed declaration of the grounds for the requested continuance or extension of time." Civil Standing Order § 4. "Without such compelling factual support, requests to continue dates set by this Court will not be approved." *Id.*

**III. BACKGROUND**

The jury returned its verdict for Plaintiffs on September 18, 2025. The next day, Deputy Attorney General David Klehm emailed Plaintiffs' counsel about the post-trial schedule and asked whether Plaintiffs proposed a non-statutory schedule. The parties exchanged proposals, but were not able to come to an agreement, so the statutory schedule remained in place. The Parties discussed the fee motion again by telephone and email in May and June 2026. Declaration of Cooper Alison-Mayne ("Alison-Mayne Decl.") ¶¶ 2-4.

Defendants then moved for judgment as a matter of law and for a new trial and objected to Plaintiffs' proposed judgment. ECF Nos. 246, 247, 262. The Court ruled on those matters and entered judgment on August 26, 2026. ECF Nos. 264-66. Plaintiffs filed the motion on September 9, 2026, fourteen days after judgment, and set it for November 2, 2026, the first available hearing date. ECF No. 268; Alison-Mayne Decl. ¶ 5. Under the Standing Order, Defendants' opposition is due September 23, 2026.

Defendants filed this Ex Parte Application on September 16, 2026, *one week after the motion and one week before their deadline*. ECF No. 270. The same day,

Plaintiffs filed the Exhibit G summary tables that had been inadvertently omitted from the motion. ECF No. 271; Alison-Mayne Decl. ¶ 6.

## IV. ARGUMENT

### A. Nothing About This Motion Was Unforeseeable, So There Is No Basis for Ex Parte Relief.

Ex parte relief is reserved for a crisis the applicant did not create. *Mission Power*, 883 F. Supp. at 492-93. Defendants cannot make that showing. They have known for *a full year* that a fee motion would follow judgment; they negotiated its briefing schedule with Plaintiffs' counsel the day after the verdict and discussed the motion at length in May and June 2026. If Defendants believed the standard schedule was inadequate, the time to say so was before the motion was filed, by stipulation or by noticed motion. Even after the motion was filed, Defendants did not act promptly. They received the motion on September 9 and waited until September 16, one week later and one week before their deadline, to file the Application. The urgency Defendants now invoke is the product of their own delay, and "[e]x parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Mission Power*, 883 F. Supp. at 493 (quoting *Intermagnetics*, 101 B.R. at 193). The Application does not cite *Mission Power*, does not address either of its requirements, and does not explain why regular noticed motion procedures were unavailable. *See Chey v. JP Morgan Chase Bank, N.A.*, No. 2:24-cv-09175-ODW (KSx), 2024 WL 7119540, at *1 (C.D. Cal. Dec. 11, 2024) (denying ex parte request to extend opposition deadline where applicants "fail[ed] to address *Mission Power*" and did "not demonstrate prejudice or that they are without fault in creating the purported crisis").

The application can be denied on this ground alone. This Court has denied ex parte relief on similar facts in *Law Offices of Kristina Wildeveld & Assocs. v. Hurst*, No. LA CV21-03122 JAK (AGRx), 2021 WL 12311905, at *1-2 (C.D. Cal.

Nov. 3, 2021). The Court denied an application for a 30-day extension to oppose a fee application because the applicants "failed to establish that they were 'without fault in creating the crisis that requires ex parte relief.'" *See also GunVault, Inc. v. Wintrode Enters., Inc.*, No. ED CV12-01459 JAK (RZx), 2015 WL 12819158, at *2 (C.D. Cal. Dec. 1, 2015) (denying ex parte application where the applicant had announced its intended motion months earlier, "then waited" to file, and "[n]o explanation for this delay ha[d] been provided"); *Roodbari*, 2018 WL 11354026, at *2 (party "aware of the impending motion for summary judgment and its associated opposition for months" "created the current crisis by waiting until the eleventh hour to file an Ex Parte Application seeking a continuance").

Moreover, the Klehm Declaration does not say what counsel has done since September 9, what other obligations compete for his time, or why the standard period, or the additional week Plaintiffs would not object to, is not enough. Klehm Decl. ¶¶ 4-8. That is not the "detailed declaration" or "compelling factual support" the Standing Order requires. Civil Standing Order § 4.

**B. Defendants Will Not Be Prejudiced by Proceeding on Regular Notice.**

Defendants also cannot show irreparable prejudice. Whatever the schedule, they will file a full opposition, Plaintiffs will reply, and the Court will hear the motion. Defendants identify no argument they will be unable to make and no evidence they will be unable to present. *See Silva v. AvalonBay Cmtys., Inc.*, No. LA CV15-04157 JAK (PLAx), 2015 WL 13915799, at *1 (C.D. Cal. Dec. 8, 2015) (denying ex parte application where "no undue prejudice will result by following this customary process"). Defendants argue that more time would permit a more thorough review, Application at 2-3, but they do not say what that review would add, or why they cannot follow the typical schedule for opposing motions.

**C. Defendants Did Not Give the Notice the Standing Order Requires.**

The Standing Order requires that, "[c]oncurrently with service of the ex parte papers by electronic service and telephonic notice," counsel also serve the opposing party by facsimile, email, or personal service and "give notice … that opposing papers must be filed no later than 24 hours (or one court day) following service." Civil Standing Order § 3. Defendants did none of this. Plaintiffs' counsel received no telephone call, no email, and no other service or notice of the filing beyond the Court's electronic filing notification, and no notice that opposing papers were due within 24 hours. Alison-Mayne Decl. ¶ 8. The Standing Order states that ex parte applications that do not conform to the required procedures "will not be considered, except on a specific showing of good cause." *Id.* Defendants have offered none. Their failure to follow the Court's notice procedures is a further reason to deny the Application.

**D. The Length of a Motion Is Not Good Cause; Every Opposing Party Faces the Same Schedule.**

Defendants' sole ground is that the motion and its attachments are 907 pages. Application at 2. This is unpersuasive for three reasons.

First, the page count is not a measure of the burden of responding. Plaintiffs' memorandum complies with the 7,000-word limit of Local Rule 11-6.1. The rest of the filing consists of the declarations of counsel and the contemporaneous billing records that support the hours claimed, and the request is summarized by timekeeper and by task in the tables the Standing Order requires. Civil Standing Order § 9(e); ECF No. 271; Alison-Mayne Decl. ¶ 7. Every fee motion in this Court includes the same categories of material: a memorandum, declarations establishing rates and experience, and the time records that support the hours claimed. Defendants make no showing that this attorney fees motion is any more burdensome than any other fee motion and they have not supported their claim that

the motion is "unusually voluminous," Application at 3. This is what a typical fee motion looks like.

Second, the asymmetry Defendants describe, in which the moving party can spend many weeks preparing a motion and the opposing party has a fraction of that time to respond, is built into the Local Rules. A motion for summary judgment filed the minimum twenty-eight days before the hearing, often with hundreds or thousands of pages of exhibits, leaves the opposing party seven days to respond. L.R. 6-1, 7-9. Parties in this District, including Plaintiffs' counsel, meet those deadlines routinely, and when a party anticipates a scheduling problem it raises the issue at the scheduling conference or by stipulation in advance. If the volume of supporting exhibits were good cause for three additional weeks by ex parte application, no motion for summary judgment opposition deadline in this District would hold.

Third, the tasks Mr. Klehm lists, reviewing rates, time entries, allocation among timekeepers, duplication, and degree of success, Klehm Decl. ¶ 6, are the elements of every fee opposition. The Court found a similar explanation "unpersuasive" in *Wildeveld*, 2021 WL 12311905, at *1, and Defendants make no greater showing here.

**E. In the Alternative, Plaintiffs Do Not Object to One Week; Three Weeks Is Unwarranted.**

The Application should be denied for the reasons above. If the Court is nonetheless inclined to grant an extension, Plaintiffs do not object to one week. Plaintiffs do not dispute that a timely request for a reasonable extension of a briefing deadline may be granted under Rule 6(b)(1) absent bad faith or prejudice, *see Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010), and because the Exhibit G tables were filed one week after the motion, a one-week extension, making Defendants' opposition due September 30, 2026, would be

reasonable. Plaintiffs' reply would be due one week after that, on October 7, 2026. The November 2 hearing would not move.

*Ahanchian* does not support the three weeks Defendants request. There, defendants filed two dispositive motions with roughly 1,000 pages of exhibits on the last day the Local Rules allowed, leaving the plaintiff five business days and a holiday weekend to respond, and the plaintiff's lead counsel was out of state on a previously scheduled commitment "from the day defendants chose to file their motions through the day the responses were due." *Id.* at 1256-57, 1259. The plaintiff asked for a one week extension. *Id.* at 1257. This case is different in every respect. The motion is much easier to oppose: it is a fee motion, not a dispositive motion. Defendants already have fourteen days under the Standing Order and, with the additional week Plaintiffs would not object to, three weeks, which is more than the total the *Ahanchian* plaintiff sought. Defendants ask for *five weeks* in all, and they do not contend that counsel is in trial, traveling, ill, or otherwise unavailable during any part of that period. Klehm Decl. ¶¶ 4-8. This is an entirely unreasonable request, especially because they want to move the hearing date as well.

The Standing Order places the burden on the party seeking a continuance to show that "the change in the date is essential." Civil Standing Order § 4. Defendants have not made that showing.

## V. CONCLUSION

Plaintiffs respectfully request that the Court deny the Application. In the alternative, if the Court is inclined to grant an extension, Plaintiffs request that it be limited to one week, with Defendants' opposition to the motion for attorneys' fees due September 30, 2026, Plaintiffs' reply due October 7, 2026, and the hearing to remain on November 2, 2026.

Respectfully Submitted,

Dated: September 17, 2026 **LAW OFFICES OF DALE K. GALIPO**

By: */s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson*

## Certificate of Compliance

The undersigned, counsel of record for Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson, certifies that this brief contains **2,123** words, which complies with the 7,000 word limit of L.R. 11-6.1.

Dated: September 17, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson*