**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,

Plaintiffs,

v.

STATE OF CALIFORNIA and DANE NOREM,

Defendants.

**Case No.: 5:21-cv-00526-JAK-DTB**

[*Hon. John A. Kronstadt*]

**DECLARATION OF COOPER ALISON-MAYNE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [ECF NO. 270]**

## DECLARATION OF COOPER ALISON-MAYNE

I, Cooper Alison-Mayne, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this Court. I am one of the attorneys of record for Plaintiffs in this matter. I make this declaration in support of Plaintiffs' Opposition to Defendants' Ex Parte Application to Continue Briefing Schedule on Plaintiffs' Motion for Attorneys' Fees (ECF No. 270). I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called upon to do so.

2. The jury returned its verdict in Plaintiffs' favor on September 18, 2025. The Court entered judgment on August 26, 2026. ECF No. 265.

3. On September 19, 2025, the day after the jury returned its verdict, Deputy Attorney General David Klehm emailed me regarding the post-trial schedule and asked whether Plaintiffs proposed a non-statutory schedule. I responded the same day with a proposed briefing schedule expressly addressed to Plaintiffs' anticipated motion for attorneys' fees and application for costs. The parties exchanged proposals but did not reach agreement, and the statutory schedule remained in place.

4. Defendants have therefore been aware of Plaintiffs' intention to move for attorneys' fees, and of the need to agree on a briefing schedule for that motion, since September 19, 2025, more than one year ago. The parties discussed the matter again on multiple occasions thereafter, including by telephone and email in May and June 2026.

5. On September 9, 2026, Plaintiffs filed their Motion for Attorneys' Fees. ECF No. 268. November 2, 2026 was the first hearing date available on the Court's calendar.

6. After Plaintiffs filed the motion, I determined that the summary tables in the format required by Exhibit G to the Court's Civil Standing Order had been inadvertently omitted from the September 9, 2026 filing. Plaintiffs filed those tables on September 16, 2026. ECF No. 271.

7. Plaintiffs' memorandum of points and authorities in support of the fee motion

complies with the 7,000-word limit of Local Rule 11-6.1. The remainder of the September 9, 2026 filing consists of the declarations of counsel and the contemporaneous billing records of each timekeeper for whom fees are sought.

8. Defendants filed the Ex Parte Application on September 16, 2026. Defendants' counsel did not give me telephonic notice of the filing, did not serve the Application on me by facsimile, email, or personal service, and did not give me notice that opposing papers were due within 24 hours or one court day of service. The only notice I received of the filing was the Court's electronic filing notification.

9. Plaintiffs oppose the Ex Parte Application. In the alternative, if the Court is inclined to grant an extension, Plaintiffs do not object to a one-week extension of Defendants' deadline to oppose the fee motion, to September 30, 2026, because the Exhibit G tables were filed one week after the motion, with the hearing to remain on November 2, 2026. Plaintiffs oppose the additional two weeks Defendants request and the continuance of the hearing to November 30, 2026.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this was executed this 17th day of September 2026 at Woodland Hills, California.

*/s/ Cooper Alison-Mayne*

Cooper Alison-Mayne