**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE STEPHENSON, et al.,<br>Plaintiffs,<br>v.<br>STATE OF CALIFORNIA, et al.,<br>Defendants. | No. 5:21-cv-00526-JAK (DTBx)<br><br><br>**JUDGMENT** |

The trial of this action began on September 9, 2025. Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson were represented at trial by attorneys Dale K. Galipo and Cooper Alison-Mayne. Defendants State of California and Dane Norem were represented by David Klehm, Donna Dean, and Stephanie Vollmer. Defendant Jeffrey McKee was represented by Lee Roistacher and Kimberly Sullivan.

A jury was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence, the jury was duly instructed by the Court, and following closing arguments and final jury instructions, the matter was submitted to the jury for deliberations. The jury was provided with copies of the jury instructions and a verdict form. The jury then deliberated and thereafter returned a verdict as follows:

**FOURTH AMENDMENT EXCESSIVE FORCE CLAIM**

**QUESTION 1:** Did Dane Norem use excessive force or restraint or fail to intervene in the use of excessive force or restraint against Leroy Stephenson?

__✓__ YES ______ NO

*If you answered "Yes" to Question 1, please answer Question 2.*
*If you answered "No" to Question 1, please proceed to Question 3.*

**QUESTION 2:** Was Dane Norem's use of excessive force or restraint or failure to intervene a cause of injury, harm, or death to Leroy Stephenson?

__✓__ YES ______ NO

*Please proceed to Question 3.*

## WRONGFUL DEATH CLAIM

### A. BATTERY

**QUESTION 3:** Did the defendants use unreasonable force or restraint against Leroy Stephenson?

| | | |
|---|---|---|
| Dane Norem | ✓ YES | ____ NO |
| Jeffrey McKee | ____ YES | ✓ NO |

*If you answered "Yes" for either defendant, proceed to Question 4.*
*If you answered "No" for both defendants, skip to Question 5.*

**QUESTION 4:** Was the use of unreasonable force or restraint by either of the officers a substantial factor in causing Leroy Stephenson's death?

| | | |
|---|---|---|
| Dane Norem | ✓ YES | ____ NO |
| Jeffrey McKee | ____ YES | ✓ NO |

*Please proceed to Question 5.*

**B. NEGLIGENCE**

**QUESTION 5**: Did the defendants negligently use unreasonable force or restraint against Leroy Stephenson to arrest and/or detain him?

Dane Norem ___✓___ YES ________ NO

Jeffrey McKee ___✓___ YES ________ NO

*If you answered "Yes" for either defendant, proceed to Question 6.*
*If you answered "No" for both defendants, skip to Question 10.*

**QUESTION 6**: Was the negligence of either defendant a substantial factor in causing Leroy Stephenson's death?

Dane Norem ___✓___ YES ________ NO

Jeffrey McKee ________ YES ___✓___ NO

*If you answered "Yes" for either defendant, proceed to Question 6.*
*If you answered "No" for both defendants, skip to Question 10.*

**QUESTION 7:** Was Leroy Stephenson negligent?

✓ YES ______ NO

*If you answered "Yes" to Question 7, please answer Question 8.*
*If you answered "No" to Question 6, please proceed to Question 9.*

**QUESTION 8:** Was the negligence of Leroy Stephenson a substantial factor in causing his own death?

✓ YES ______ NO

*Please proceed to Question 9.*

**QUESTION 9:** What percentage of negligence that was a cause of Leroy Stephenson's death do you assign to Dane Norem, Jeffrey McKee, and/or Leroy Stephenson. (Total should equal 100%).

| | |
|---|---|
| Dane Norem | 20% |
| Jeffrey McKee | 3% |
| Leroy Stephenson | 77% |

*Please proceed to Question 10.*

## FOURTEENTH AMENDMENT CLAIM

**QUESTION 10:** Did Dane Norem engage in conduct that deprived Plaintiffs of their familial relationship with Leroy Stephenson, in violation of the Fourteenth Amendment?

___✓___ YES ____________ NO

## DAMAGES

*Please read the instructions before each question and only answer those questions you are directed to.*

*Answer Question 11 only if you answered "Yes" to Question 2.*

**QUESTION 11**: What are Leroy Stephenson's damages for his pre-death pain and suffering and loss of life?

| | |
|---|---|
| Pre-death pain and suffering | $ 500,000 |
| Loss of Life | $ 1,500,000 |

*Answer Question 12 only if you answered "Yes" to Question 4, Question 6, or Question 10.*

**QUESTION 12**: What are the Plaintiffs' wrongful death damages for the loss of Leroy Stephenson?

| | |
|---|---|
| Keandre Stephenson's past wrongful death damages: | $ 500,000 |
| Keandre Stephenson's future wrongful death damages: | $ 500,000 |

| | |
|---|---|
| Devonte Stephenson's past wrongful death damages: | $ 500,000 |
| Devonte Stephenson's future wrongful death damages: | $ 500,000 |
| | |
| Linden Stephenson's past wrongful death damages: | $ 500,000 |
| Linden Stephenson's future wrongful death damages: | $ 500,000 |

SUBSEQUENT TO THE VERDICT, the parties stipulated to dismiss all claims against Defendant Jeffrey McKee with prejudice, which the Court approved on October 17, 2025. Additionally, pursuant to the Court's March 9, 2026 Order, the Court granted Defendants' Motion for Judgment as a Matter of Law as to Plaintiffs' Fourteenth Amendment claim for deprivation of familial relationship and denied the motion in all other respects.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that final judgment in this action be entered as follows:

**1. Fourth Amendment — Excessive Force (42 U.S.C. § 1983)**

Judgment is entered in favor of Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson, as successors in interest to Decedent Leroy Stephenson, and against Defendant Dane Norem, in the amount of $2,000,000 in survival damages, comprised of $500,000 for pre-death pain and suffering and $1,500,000 for loss of life.

**2. Fourteenth Amendment — Loss of Familial Relationship (42 U.S.C. § 1983)**

Pursuant to the Court's March 9, 2026 Order, Plaintiffs are not entitled to judgment in their favor on this cause of action.

**3. Wrongful Death — Battery**

Judgment is entered in favor of Plaintiffs and against Defendants Dane Norem and the State of California, jointly and severally, in the amount of $3,000,000 in wrongful death damages, comprised of the following:

- Keandre Stephenson: $500,000 (past) and $500,000 (future);
- Devonte Stephenson: $500,000 (past) and $500,000 (future);
- Linden Stephenson: $500,000 (past) and $500,000 (future).

Because battery is an intentional tort, the jury's allocation of comparative fault is not applicable to this cause of action.

**4. Wrongful Death — Negligence**

Judgment is entered in favor of Plaintiffs and against Defendant Dane Norem on this cause of action. The jury allocated responsibility as follows: Dane Norem, 20%; Jeffrey McKee, 3%; Leroy Stephenson, 77%. Because the wrongful death damages set forth above are fully recoverable on the battery verdict, no additional damages are awarded on this cause of action.

TOTAL JUDGMENT IN THE SUM OF $5,000,000, plus costs that may be awarded pursuant to Federal Rule of Civil Procedure 54(d)(1), interest calculated from the date of entry of judgment at the rate specified by 28 U.S.C. § 1961, and reasonable statutory attorney's fees as may be awarded by the Court, is entered against Defendants Dane Norem and the State of California, jointly and severally, with the liability of the State of California based solely on the cause of action for Wrongful Death -- Battery.

**IT IS SO ORDERED.**

Dated: August 26, 2026

John Kronstadt
United States District Judge