ROB BONTA
Attorney General of California
DONNA DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9733
Fax: (916) 732-7920
E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendants*
*State of California, acting by and through the California Highway Patrol, and Dane Norem*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

**DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,**

Plaintiffs,

**v.**

**STATE OF CALIFORNIA; and DOES 1 through 100, inclusive,**

Defendants.

5:21-cv-00526-JWH-KKx

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Judge: The Honorable John A. Kronstadt
Trial Date: 9/9/2025
Action Filed: 12/18/2019

## TABLE OF CONTENTS

**Page**


INTRODUCTION ........ 4
STATEMENT OF FACTS ........ 4
Plaintiffs' Pleading and Claims. ........ 4
ARGUMENT ........ 5
I. Plaintiffs' Attorneys Are Only To Be Compensated at an Appropriate Rate for Reasonable Hours ........ 5
A. Plaintiffs' Counsel's Requested Hourly Rates Are Unreasonable. ........ 6
1. Time and Labor ........ 6
2. Novelty and Difficulty of the Questions Involved ........ 6
3. Requisite Skill ........ 7
4. Customary Fee ........ 7
5. Fixed or Contingent Fees ........ 7
6. Time Limitations ........ 7
7. Experience, Reputation and Ability of Attorneys ........ 8
8. Undesirability of Case ........ 8
B. Dale Galipo's Hourly Rate Should Be Reduced to $1,400 ........ 8
C. Hourly Rates for Plaintiffs' Other Attorneys Should Be Reduced ........ 9
1. Cooper Alison-Mayne ........ 9
2. Gregory Peacock ........ 10
3. Steven Lerman ........ 10
4. Nicholas Lerman ........ 10
II. Plaintiffs' Counsels' Billed Hours Are Not Reasonable. ........ 11
A. Plaintiffs' Motion for Attorney Fees Improperly Includes Blocked Billed Time. ........ 12
B. Plaintiffs' Counsel's Vague and Long Day Billing Entries Should Be Disallowed ........ 13
C. Plaintiffs' May Not Recover for Intraoffice Conferences Between Attorneys. ........ 15
D. Plaintiff's May Not Recover for the Secretarial Tasks ........ 15
1. Assistants' Time is Not Recoverable ........ 15
CONCLUSION ........ 17

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Blum v. Stenson*
465 U.S. 886 (1984) .................................................. 6

*Center v. for Biological Diversity v. Salazar*
No. CV10-2130-PHX-DGC, 2012 WL 5608094 (D. Ariz. Nov. 15, 2012) .................................................. 16

*Deocampo v. Potts*
2014 U.S. LEXIS 24639 (E.D. Cal. Feb. 24, 2014) .................................................. 6, 11

*eMore v. SMD Software Inc.*
No. CV-10-2052-PHX-JRG, 2012 WL 4856276 (D. Ariz. Oct. 11, 2012) .................................................. 16

*Gates v. Deukmejian*
987 F.2d 1392 (9th Cir. 1992) .................................................. 12

*Gonzalez v. City of Maywood*
729 F.3d 1196 (9th Cir. 2013) .................................................. 11, 12

*Guam v. Society of Obstetricians and Gynecologists v. ADA*
100 F.3d 691 (9th Cir. 1996) .................................................. 8

*Hensley v. Eckerhart*
461 U.S. 424 (1983) .................................................. 11

*Ingram v. Oroudjian*
647 F.3d 925 (9th Cir. 2011) .................................................. 6

*Kerr v. Screen Extras Guild, Inc.*
526 F.2d 67 (9th Cir. 1975) .................................................. 6

*Lehr v. City of Sacramento.*
2013 U.S. Dist. LEXIS 42014 (E.D. Cal. Mar. 22, 2013) .................................................. 5, 6

*Moreno v. City of Sacramento*
543 F.3d 1106 (9th Cir. 2008) .................................................. 5, 6, 11

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Nadorajah v. Hoder*
569 F.3d 906 (9th Cir. 2009) ........ 15, 16

*Robinson v. Padilla*
No. 2:07-cv-1072 GEB-KJM (E.D. Cal. 8, 2008.) ........ 16

*Seachris v. Brady-Hamilton Stevedore Co.*
994 F.3d 1066 (9th Cir. 2021) ........ 11

*Shaw v. Kelley*
2019 WL 5102610 (N.D. Cal. Oct. 11, 2019) ........ 16

*Tarango v. City of Bakersfield*
No. 1:16-CV-0099-JLT, 2017 WL 5564917 (E.D. Cal. Nov. 20, 2017.) ........ 15

*United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n. Local 307 v. G. & M Roofing & Sheet Metal Co. Inc.*
732 F.2d 495 (6th Cir. 2984.) ........ 14

*Welch v. Metro Life Ins. Co.*
480 F.3d 942 (9th Cir. 2007) ........ 12

**STATUTES**

42 U.S.C. § 1983 ........ 4, 5, 6

42 U.S.C. § 1988 ........ 7

**CONSTITUTIONAL PROVISIONS**

4th Amendment ........ 4, 5

14th Amendment ........ 4, 5

**COURT RULES**

Rule 26 ........ 10

Rule 50(a) ........ 5

## INTRODUCTION

Plaintiffs' counsel's fees motion in this case is much more reasonable than his prior fees' motions in other cases, so Defendants' opposition is considerably more concise. In the September 2025 trial, the jury awarded $5 million in non-economic damages and determined decedent was 77 percent comparative negligent.[1] Plaintiffs' fee motion is 907 pages, including exhibits, and seeks $1,748,287.50 in attorneys' fees based on 1,815 hours billed by five attorneys and two paralegals and two clerical assistants. As detailed below, Plaintiffs' fee motion contains multiple duplicative billing and non-billable intra-office meetings, excessive review of materials, and billing for items that were not reasonably necessary for trial and seeks hourly rates which are in excess of the prevailing rate for the Central District of California.

This Court should reduce the hourly rates of Plaintiffs' attorneys and disallow certain categories of Plaintiffs' attorneys' hourly fee billings as outlined in this opposition and Mr. Schratz's declaration because they are duplicative, unreasonable, and unnecessary. Accordingly, this Court should reduce the claimed fees by $482,009.03 and award no more than $1,266,278.47.

## STATEMENT OF FACTS

**PLAINTIFFS' PLEADING AND CLAIMS.**

Plaintiffs' claims at trial were a Fourth Amendment excessive force claim under 42 U.S.C. § 1983 and a Fourteenth Amendment claim under 42 U.S.C. § 1983 for alleged loss of their parent-child relationship without due process against Defendant Dane Norem, and state law claims for wrongful death and negligence against Norem and co-Defendant, Jeffrey McKee. On January 2, 2025, the Court granted in part and denied in part co-Defendant, McKee's Motion for Summary Judgment. The Motion was denied as to the First Cause of Action, and the Second Cause of Action with respect to Officer McKee's alleged use of excessive force.

[1] Defendants have filed a notice of appeal. ECF 275.

The Motion was granted as to the remaining bases for negligence advanced in the Second Cause of Action. The Motion was denied as to the portion of the Third Cause of Action (4th Amendment Excessive Force) that challenged Officer McKee's own use of force and was also denied as to the theories of liability related to Officer McKee's alleged failure to intervene and/or integral participation in the use of excessive force by others. The Motion was granted as to the Fourth Cause of Action (14th Amendment Loss of Familial Association).

On September 17, 2025, the jury verdict found Norem used excessive force in violation of the Fourth Amendment and negligently used unreasonable force which caused the death of Plaintiffs' father, Leroy Stephenson, and interfered with Plaintiffs' familial relationship with their father in violation of the Fourteenth Amendment. The jury found decedent was 77% comparatively negligent and awarded decedent pre-death pain and suffering damages of $500,000.00 and loss of life damages of $1.5 million and $500,000.00 for past wrongful death damages and $500,000.00 for future wrongful death damages to each of decedent's three adult sons, Keandre, Linden and Devonte, for a total award of $5 million.

The court ruling on Defendants, CHP/Norem's Rule 50(a) Motion was deferred until after jury deliberations. On March 6, 2026, the court issued its Order granting the Rule 50(a) Motion as to the Fourteenth Amendment claim based on qualified immunity and denied the Motion as to all other claims.

## ARGUMENT

### I. PLAINTIFFS' ATTORNEYS ARE ONLY TO BE COMPENSATED AT AN APPROPRIATE RATE FOR REASONABLE HOURS

In awarding attorney's fees, a federal court "must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases and avoiding a windfall to counsel." *Moreno v. City of Sacramento*, 543 F.3d 1106, 1111 (9th Cir. 2008); *Lehr v. City of Sacramento*. 2013 U.S. Dist. LEXIS 42014, *10-11 (E.D. Cal. Mar. 22, 2013). The way to do so is to compensate counsel at the

prevailing rate in the community for similar work: no more, no less. *Id.*

The determination of the proper amount of fees is typically done using the "lodestar" method in which the court determines the reasonable number of hours spent multiplied by the prevailing local rate for an attorney of the skill required to perform the litigation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Lehr* at *10-11. Additionally, district courts may rely on their own knowledge of customary rates and their experience considering reasonable and proper fees. *See Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir. 2011). The district court must start by determining the number of hours that were reasonably expended on the litigation and then "multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno,* 534 F.3d at 1111; *Deocampo v. Potts*, 2014 U.S. LEXIS 24639, * 4 (E.D. Cal. Feb. 24, 2014).

**A. Plaintiffs' Counsel's Requested Hourly Rates Are Unreasonable.**

Mr. Galipo and the other attorneys all claim extensive experience in excessive force cases, prevailing in at least 38 civil jury trials. ECF 268-1, Galipo Declaration, ¶19

As detailed in the sub-sections below, the 12 Kerr factors concerning the hourly rate do not support the fee awards sought. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

**1. Time and Labor**

Plaintiffs' counsel claims 1,815 hours billed by five attorneys and two paralegals and two clerical assistants which supports Defendants' position that the Plaintiffs' instant Motion is over inclusive with billable hours because this case did not require multiple attorneys.

**2. Novelty and Difficulty of the Questions Involved**

This case was a straightforward Fourth and Fourteenth Amendment violation case. The main issue was whether Norem used excessive force in preventing

decedent, who, according to the undisputed toxicology reports had high levels of methamphetamine at the time of the restraint, from running back onto a busy freeway. This is not likely a case from which new civil rights law will be established. While there were evidentiary issues, these are the types of issues which occur in civil rights trials when there is a dispute as to how events occurred.

**3. Requisite Skill**

This was not a complex matter requiring a specific skill-set. The main legal issues pertained to the admissibility of evidence. Mr. Galipo's experience was evidenced by him streamlining the issues, cross-examining the officers and limiting the defense's ability to cross-examine Plaintiffs' medical experts. These skills are reflected in the hourly rates he has been awarded in the past.

However, as a seasoned trial attorney, the work he performed is his stock and trade. Mr. Galipo had two years since being brought into the case in July 2023, to prepare for and try the case in September 2025. Yet, Mr. Galipo was the only attorney to do opening and closing, respond to objections and question all of the party witnesses and key medical expert witnesses.

**4. Customary Fee**

No Plaintiffs' counsel refers to a retainer agreement or claims to have a customary fee or a regular billing rate. All attorneys are valuing their work based upon speculation and fee awards from other districts.

**5. Fixed or Contingent Fees**

This is a contingency fee case in which counsel is relying upon an award under 42 U.S.C. § 1988 to get paid. Although 42 U.S.C. § 1988 permits courts to award attorneys who take on such work, it does not allow the award of exorbitant fees that are not supported or reasonably necessary for trial.

**6. Time Limitations**

There is no declaration or evidence that would support a claim for time limitations. This case was extremely efficiently litigated and tried. The only delay

in the matter was the time between the filing of the Motion for Summary Judgment by co-defendant, Jeffrey McKee (ECF 68) and the Court's ruling on it. This was not caused by Defendants.

**7. Experience, Reputation and Ability of Attorneys**

Mr. Galipo is an excellent attorney. Plaintiffs' original counsel, Mr. Gregory Peacock and Steven Lerman, brought him in for his trial experience. Mr. Galipo's associate, Cooper Alison-Mayne did most of the pre-trial preparation and drafting of trial documents in this case.

Mr. Lerman has 53 years of experience in general personal injury matters. Mr. Peacock has extensive experience in civil rights cases.

The other attorneys and law clerks who submitted declarations have no known reputation and did minimal if any work on the case.

**8. Undesirability of Case**

Undesirability is a factor that comes into play in those rare circumstances when the nature of the case is such that attorneys might be unwilling to take it for fear of ostracization or concerns for personal safety. *Guam v. Society of Obstetricians and Gynecologists v. ADA*, 100 F.3d 691, 697 (9th Cir. 1996). The circumstances of this case do not fall within these parameters, so it is not a factor.

The fact pattern of the instant case with an African-American male dying while being restrained by law enforcement officers struck a chord which was resonating across the nation at the time and made this an extremely attractive case for Plaintiffs' multiple counsel.

**B. Dale Galipo's Hourly Rate Should Be Reduced to $1,400**

Plaintiffs requested an hourly rate of $1,500 for Mr. Galipo in their motion for attorneys' fees. However, none of the awards he submitted in support show $1,500 was awarded. It is possible that Mr. Galipo is attempting to incrementally extend his hourly fee award amount by adding $100 per hour to his most recent highest hourly award.

Further, although Mr. Galipo joined this matter two years before trial, his associate, Mr. Alison-Mayne, did the lion's share of witness and trial preparation. Thus, Mr. Galipo's task in this matter involved the trial of this matter and not the bulk of the actual pre-litigation work, further demonstrating that an increased rate of $1,500 is not reasonable for Mr. Galipo for his specific work in this matter. Mr. Galipo's hourly fee should be capped at his highest prior awarded hourly rate of $1,400.00. See Schratz Decl. at pgs. 19, 21.

**C. Hourly Rates for Plaintiffs' Other Attorneys Should Be Reduced**

Nicholas Lerman was admitted to the State Bar of California in 2013 and requests an hourly rate of $600. (ECF 268, Attachment 24 (N. Lerman Decl.), ¶¶ 3, 7.) Cooper Alison-Mayne was admitted to the State Bar of California in March 2022 and requests an hourly rate of $700. (ECF 268, Attachment 16 (Alison-Mayne Decl.), ¶¶ 5, 11.) Gregory Peacock was admitted to California State Bar in 2011 and requests an hourly rate of $800. (ECF 268, Attachment 26 (Peacock Decl.), ¶¶ 3, 8, 12.)

**1. Cooper Alison-Mayne**

Plaintiffs request an hourly rate of $700 for Mr. Alison-Mayne with only four years of experience. (ECF 268, page 26, lines 3-16.). Plaintiffs have not provided any support for this hourly rate. The comparable rates cited in the Fee Motion in support of Mr. Alison-Mayne's requested rate relate to an "8-year associate" awarded $750/hour, "$800 to $850 per hour for attorneys in a single-plaintiff civil rights case" with an unknown level of experience, and the vague "awarding associates at the Law Offices of Dale K. Galipo $800 per hour in 2024," again, with an unknown level of experience. These "reference" rates simply do not serve as comparable rates for Mr. Alison-Mayne with only four years of experience. (ECF 268, page 26, lines 3-16.).

Although Mr. Alison-Mayne's involvement in this case was extensive and

likely integral to Mr. Galipo's eventual success, Defendants respectfully request that his reasonable hourly rate be reduced to a more commensurate rate of $350 per hour. See Schratz Decl. at p. 21, ¶ 81.

**2. Gregory Peacock**

Gregory Peacock was admitted to California State Bar in 2011 and requests an hourly rate of $800. (ECF 268, Attachment 26 (Peacock Decl.), ¶¶ 3, 8, 12.) Defendants submit the customary reasonable hourly rate for Mr. Peacock is $525 per hour based on his years of experience. See Schratz Decl. at p. 21, ¶ 81.

**3. Steven Lerman**

Even though Mr. Lerman does not provide any authority or information related to prior fee awards, based on Mr. Lerman's exemplary 53 years of experience as a 1973 admittee to the State Bar, Defendants do not dispute his requested hourly rate of $900. (ECF 268, Attachment 22, Ex. 12 (S. Lerman Decl.).

**4. Nicholas Lerman**

Nicholas Lerman's declaration states he is the managing partner at Steven A. Lerman & Associates, Inc., has 13 years of experience and is seeking an hourly rate of $600. (ECF 268, Attachment 24 (N. Lerman Decl.), ¶¶ 3, 7. He performed office work on this matter, including document collection, pleadings, court conferences, expert retention and Rule 26 disclosures, written discovery, depositions, record review, trial exhibits, and communications with Plaintiffs and co-counsel. *Id*. ¶ 4. He recorded 211.1 hours in this matter. Based on the absence of any stated experience in civil rights litigation and his 13 years of practice, Defendants submit the customary reasonable rate for Mr. N. Lerman is $475 per hour. Schratz Decl. p. 21 ¶81.

Based on the above, Defendants respectfully request the reasonable hourly attorney rates be set as follows:

| Attorney | Admit Year (Years) | Req. Rate | Hours | Req. Fees | Adj. Rate | Adjusted Fees | Fee Diff. |
|---|---|---|---|---|---|---|---|
| Dale Galipo | 1989 (37) | $1,500 | 656.2 | $984,300 | $1,400 | $918,680 | -$65,620 |
| Cooper Alison-Mayne | 2022 (4) | $700 | 610 | $427,000 | $350 | $213,500 | -$213,500 |
| Gregory Peacock | 2011 (15) | $800 | 208 | $166,400 | $525 | $109,200 | -$57,200 |
| Steven Lerman | 1973 (53) | $900 | 17.6 | $15,840 | $900 | $15,840 | $0 |
| Nicholas Lerman | 2013 (13) | $600 | 211.1 | $126,660 | $475 | $100,273 | -$26,388 |
| **TOTALS** | | | **1,702.90** | **$1,720,200** | | **$1,357,493** | **-$362,708** |

## II. PLAINTIFFS' COUNSELS' BILLED HOURS ARE NOT REASONABLE.

To determine the appropriate reasonable number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) A district court can reduce a lawyer's request for duplicative and unnecessary work. *Id; Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1083 (9th Cir. 2021); *Deocampo v. Potts*, 2014 U.S. LEXIS 24639, * 4.

Yet, with all this expertise, there were an inordinate number of inter-office conferences, duplicative billing and preparation and strategy sessions. It is unclear why these were necessary, especially when Plaintiffs' original counsel brought Mr. Galipo in to try the case for them. Mr. Galipo is an experienced attorney and for the hourly rate sought could have tried the matter by himself.

Ultimately, a reasonable number of hours equals the number of hours which could reasonably have been billed to a private client. *Moreno*, 534 F.3d at 1111.

Cases may be overstaffed, and the skill and experience of lawyers vary widely. *Hensley*, 461 U.S. at 434 (1983). If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzalez v. City of*

*Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). The court may either conduct an "hour-by-hour analysis of the fee request or make an "across the board percentage cut." *Id.* When faced with a massive fee application, the district court has the authority to make across-the board percentage cuts either in the number of hours claimed or in the final lodestar as a practical means of excluding non-compensable hours from a fee application. *Id.* The fee applicant bears the burden of demonstrating appropriate hours expended in litigation and must submit evidence of the hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

### A. Plaintiffs' Motion for Attorney Fees Improperly Includes Blocked Billed Time.

In general, courts look unfavorably at block billing on timesheets because it does not allow the Court to scrutinize the amount of time spent performing each task. *See Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (suggesting that block billing may justify a reduction of up to 30%). Block billing warrants a reduction in the number of hours spent on a matter where, because of the manner of billing, the court cannot ascertain whether such hours "could reasonably be billed to a private client." *Gonzalez*, 729 F.3d at 1202.

Here, there are several instances of improper blocked billing where the time spent on each specific task cannot be scrutinized. All intra-office conferencing entries identified total **127.10** hours and **$63,921.25** in fees at adjusted hourly rates. While all of the entries contain intra-office conferencing, some of the entries contain blocked billed descriptions which make it impossible for an auditor to discern the exact amount billed in such entries because the entries do not denote the length of time to draft a motion, or how much time was spent on research. Schratz Decl. p. 28 ¶84.

///

///

///

### B. Plaintiffs' Counsel's Vague and Long Day Billing Entries Should Be Disallowed

As demonstrated in the chart below, Mr. Galipo has extensive vague entries for "trial preparation" which his declaration defines as "*review of investigation reports, officer statements, witness statements, expert reports, deposition transcripts, exhibits, photos of scene, dispatch tape, motions in limine, witness list, exhibit list, jury instructions, verdict form, outlining examination of defendants' and officers, outlining examination of witnesses, outlining examination of plaintiff, outlining examination of experts, preparing voir dire, preparing opening statement, and preparing for direct and cross examinations and closing arguments*" which means that these entries include everything and anything that could conceivably go into the "trial preparation" bucket. ECF 268, Attachment 2, (Galipo Decl.), Ex 1, page 6.) italics added.

| Date | Description | Hours |
|---|---|---|
| 7/21/2023 | Review case materials | 4.2 |
| 7/22/2023 | Review case materials | 3.8 |
| 7/29/2023 | Review case materials | 3.5 |
| 8/1/2023 | Review case materials | 2.7 |
| 8/2/2023 | Review case materials | 3.3 |
| 9/15/2023 | Review expert reports – Case Materials | 2.1 |
| 9/16/2023 | Review expert reports – Case Materials | 1.4 |
| 9/17/2023 | Review expert reports – Case Materials | 3.3 |
| 9/23/2023 | Review expert reports – Case Materials | 2.7 |
| 9/24/2023 | Review expert reports – Case Materials | 2 |
| 7/12/2025 | Review expert reports – related case materials | 4.7 |
| 7/14/2025 | Review video | 0.8 |
| 9/9/2025 | Trial - Trial preparation | 16.5 |
| 9/10/2025 | Trial – Trial preparation | 16 |
| 9/11/2025 | Trial – Trial preparation | 15.8 |
| 9/12/2025 | Trial – Trial preparation | 16.2 |
| 9/15/2025 | Trial – Trial preparation | 15.9 |
| 9/16/2025 | Trial – Trial preparation | 16.1 |
| 9/17/2025 | Trial – Trial Preparation | 14 |

| | | |
|---|---|---|
| 9/13/2025 | Trial preparation | 13 |
| 9/14/2025 | Trial preparation | 13.2 |
| 9/3/2025 | Trial preparation (Dr. Clark – Dr. Vilke – Norem - McKee) | 14.1 |
| 9/1/2025 | Trial preparation (Dr. Hunt - Dr. Clark - Dr. Graham - Norem) | 12.7 |
| 8/31/2025 | Trial preparation (Matt Borden - Eric Leighton - Dennis Stout) | 13.5 |
| 9/2/2025 | Trial preparation (McKee) | 3.3 |
| 9/4/2025 | Trial preparation (opening, Noble – Dr. Omalu – Dr. Wohlgelernter) | 12.9 |
| 9/5/2025 | Trial preparation (opening/closing, Dane Norem and Jeffrey McKee) - Experts | 11.7 |
| 9/6/2025 | Trial preparation (opening/closing, Dane Norem and Jeffrey McKee) – Experts | 12.3 |
| 8/30/2025 | Trial preparation (opening statement - Dane Norem – Jeffrey McKee Examination) | 12.5 |
| 9/8/2025 | Trial preparation (opening, witnesses and expert examinations) | 14.7 |
| 9/7/2025 | Trial preparation (opening, witnesses, experts, examinations ) | 13.3 |

Billing records should provide sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended. *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n. Local 307 v. G. & M Roofing & Sheet Metal Co. Inc.*, 732 F.2d 495, 502 n.2 (6th Cir. 2984.)

In this case Mr. Schratz has identified examples of 291.40 hours and $407,960.00 fees at adjusted hourly rates of vague entries and for vague "trial preparation" entries which should be disallowed. Schratz Decl. at p. 27,¶ 96. The billing for vague entries and specifically vague "trial preparation" entries should also be disallowed as it is unclear what records were reviewed or why it was necessary for Mr. Galipo to review them.

Additionally, Mr. Galipo's vague entries include excessively long days consisting of 18 entries between 11.7 to 16.5 hours each for "trial preparation." Based on the vagueness of Mr. Galipo's entries, as well as potentially excessively long days, Defendants request a 20% reduction of the entries totaling **$407,960.00** at adjusted hourly rates, which amounts to **$81,592.00.** Schratz Decl. at p. 28,¶ 101.

### C. Plaintiffs' May Not Recover for Intraoffice Conferences Between Attorneys

The billings show a large amount of billing are for intra-office communication. Plaintiffs' Counsel billed **127.10** hours and **$63,921.25** in fees (at adjusted hourly rates) for conferencing which is 7% of 1,815.25 total hours and 4.71% of total net fees of **$1,357,492** at adjusted hourly rates after the disallowance of hours and fees for Plaintiffs' litigation assistants for clerical work (see below). Schratz Decl. at p. 24, ¶ 91.

In general, two attorneys cannot bill for communicating with each other as such time is duplicative and unnecessary. *Tarango v. City of Bakersfield*, No. 1:16-CV-0099-JLT, 2017 WL 5564917 at *11 (E.D. Cal. Nov. 20, 2017.)

Defendants request that the intra-office conference billing entries that are greater than **$54,299.72,** or 4.0 percent of the total net fees after the above disallowances, be reduced by **$9,621.53.** Schratz Decl. at p. 25, ¶ 92.

### D. Plaintiff's May Not Recover for the Secretarial Tasks

#### 1. Assistants' Time is Not Recoverable

Plaintiffs are seeking to recover **$28,087.50** for tasks of assistants Darci Gilbert and Santiago Laurel. Purely clerical tasks are generally not recoverable in a motion for attorney's fees and should instead be subsumed in normal overhead costs. *Nadorajah v. Hoder*, 569 F.3d 906, 921 (9th Cir. 2009) (filing, transcript and document organization were clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates) Plaintiffs may not recover for secretarial tasks such as calendaring, scheduling, copying documents, serving

documents, mailing documents and bate stamp are secretarial task. *See Center v. for Biological Diversity v. Salazar,* No. CV10-2130-PHX-DGC, 2012 WL 5608094 at *4 (D. Ariz. Nov. 15, 2012) (concluding "researching USPS tracking and filing the complaint and other documents" were secretarial activities); *eMore v. SMD Software Inc.*, No. CV-10-2052-PHX-JRG, 2012 WL 4856276 at * 7 (D. Ariz. Oct. 11, 2012) (noting tasks such as "filing, scheduling, calendaring activities and bates labeling documents" were secretarial tasks. *Robinson v. Padilla*, No. 2:07-cv-1072 GEB-KJM at * 1(E.D. Cal. 8, 2008.) (holding that serving documents is a secretarial task).

Litigation assistant, Darci Gilbert, is claiming 59.60 hours primarily for attending calendar meetings and intra-office conferencing, but the remaining nearly 200 entries are devoted to clerical and administrative work consisting of e-mails related to scheduling, filing documents, downloading documents, printing and documents. (ECF 268, page 28, ¶ 6, lines 3-18, and page 30, lines 16-17.) None of this claimed time is reasonable or recoverable as an attorney fee. Schratz, Decl. at p. 11, ¶32.

Similarly, Mr. Laurel's 52.75 hours consists of overwhelmingly clerical and administrative work related to scheduling, calendaring, downloading documents and saving documents, which are not recoverable as attorney's fees. (ECF 268, page 28, ¶ 7, line 19 to page 29, line 6, and page 30, lines 18-19.) Schratz, Decl. at p. 11, ¶33.

When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors. *Nadorajah v. Hoder*, 569 F.3d at 921. Even if attorneys themselves do not perform these tasks, "their 'instruct[ions] delegating those tasks to their support staff are no less clerical in nature". *Shaw v. Kelley*, 2019 WL 5102610, at (7 N.D. Cal. Oct. 11, 2019.)

The aforementioned secretarial tasks are not recoverable as attorney's fees. Thus, the Court should disallow the claimed **112.35** hours of secretarial tasks

resulting in **$28,087.50** extra fees claimed.

**CONCLUSION**

Plaintiffs' attorneys are claiming approximately $1.7 million in attorneys' fees. Plaintiffs have presented insufficient evidence to support the high hourly rates claimed for each of the attorneys. The billing is excessive, duplicative, block-billing, contains overly vague entries, and seeks recovery for intra-office meetings and other items that were not reasonable or necessary to the outcome of the case, as well as disallowed fees for clerical assistants. Plaintiffs' attorneys are entitled only to the lodestar based on the prevailing Central District rates and the hours reasonably spent and allowed to be recovered. Accordingly, defendants request that the attorneys' fees awarded to plaintiffs be reduced to **$1,266,278.47** for the reasonable attorneys' fees in this case.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants State of California, acting by and through the California Highway Patrol, and Dane Norem certifies that this brief contains 3944 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 7, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA DEAN
Supervising Deputy Attorney General

***s/ David Klehm***
DAVID KLEHM
Deputy Attorney General
*Attorneys for*
*California Highway Patrol*

SD2020700119

## CERTIFICATE OF SERVICE

Case Name: **Devonte Stephenson, et al. v. State of California, et al.** No. **5:21-cv-00526-JWH-KKx**

I hereby certify that on October 7, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES.**
2. **DECLARATION OF JAMES P. SCHRATZ IN SUPPORT OF DEFENDANTS STATE OF CALIFORNIA ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL AND DANE NOREM'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, WITH EXHIBITS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 7, 2026, at Los Angeles, California.

| J. Sissov | */s/ J. Sissov* |
|---|---|
| Declarant | Signature |

SD2020700119
85946120