**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

DEVONTE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; LINDEN STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON; KEANDRE STEPHENSON, individually and as successor in interest to Decedent LEROY STEPHENSON,

Plaintiffs,

v.

STATE OF CALIFORNIA and DANE NOREM,

Defendants.

**Case No.: 5:21-cv-00526-JAK-DTB**

[*Hon. John A. Kronstadt*]

**SUPPLEMENTAL DECLARATION OF COOPER ALISON-MAYNE IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

# SUPPLEMENTAL DECLARATION OF COOPER ALISON-MAYNE

I, Cooper Alison-Mayne, hereby declare as follows:

**Introduction**

1. I am an attorney admitted to practice in California and before this Court, and an associate at the Law Offices of Dale K. Galipo, counsel of record for Plaintiffs. I submit this declaration in support of Plaintiffs' reply in support of their motion for attorneys' fees and to supplement my declaration filed September 9, 2026 (Dkt. 268-16). I have personal knowledge of the facts stated here and could testify to them if called.

**My role in this case**

2. As the primary associate assigned to a case at my office, I communicate with the clients; handle written discovery and discovery disputes; handle law and motion, including opposing motions for summary judgment; appear at hearings; retain and work with experts; and take and defend depositions. If a case goes to trial, I draft the pretrial documents, work with opposing counsel on the joint pretrial documents, prepare the witnesses and exhibits with Mr. Galipo, serve as second chair to him at trial, and draft and oppose post-trial motions.

3. I was the attorney at my office with primary day-to-day responsibility for this case from the time my office associated in, in July 2023, through entry of judgment, the post-judgment motions, and this fee litigation. Several of the filings described below were filed under Mr. Galipo's ECF account; I drafted them.

4. After my office associated, I handled the remaining discovery for Plaintiffs. I noticed the depositions of Defendants' retained experts and took the depositions of Defendants' medical experts Dr. Richard Clark (October 11, 2023), Dr. Michael Graham (October 19, 2023), and Dr. John MacGregor (October 26, 2023). I defended the depositions of Plaintiffs' medical experts Dr. Wohlgelernter (November 2 and 6, 2023) and Dr. Bennet Omalu (November 7, 2023). I worked with Plaintiffs' experts in the preparation of their reports and rebuttal reports, and in preparing to take and defend those

depositions I analyzed the reports of both sides' retained experts. Causation was a highly disputed issue in the case.

5. I drafted Plaintiffs' opposition to Defendant McKee's motion for summary judgment and its supporting papers (Dkts. 65-69), the supplemental response the Court requested (Dkt. 80), and Plaintiffs' notices of supplemental authority (Dkts. 91, 94), and I argued the motion for Plaintiffs at the December 18, 2023 hearing (Dkt. 78). I drafted Plaintiffs' motion to dismiss the federal claims against McKee (Dkt. 105) and the reply (Dkt. 110). I was the only attorney who appeared for Plaintiffs at the March 3, 2025 hearing on McKee's motion to stay (Dkt. 111) and at the March 24, 2025 hearing on Plaintiffs' motion and status conference (Dkt. 114). The Court granted Plaintiffs' motion (Dkt. 115), which mooted McKee's request for a stay and ended his interlocutory appeal (Dkt. 119), and the September 2025 trial date held. Mr. Galipo appeared at the August 25, 2025 final pretrial conference (Dkt. 157). Mr. Galipo and I both appeared at the May 4, 2026 hearing on Defendants' renewed motion for judgment as a matter of law and motion for a new trial (Dkt. 255).

6. I drafted Plaintiffs' pretrial filings and met and conferred with opposing counsel on the joint filings: the memorandum of contentions of fact and law (Dkt. 122); Plaintiffs' motions in limine (Dkts. 126, 129); the opposition to Defendants' motion in limine (Dkt. 140); Plaintiffs' objections to late-disclosed exhibits and witnesses (Dkt. 138); and the proposed jury instructions, exhibit and witness lists, and proposed final pretrial conference order (Dkts. 130-136). I prepared the trial exhibits and video clips and handled witness scheduling and logistics.

7. At trial, Mr. Galipo examined every witness, gave the opening statement and closing argument, and led the charging conference. I served as second chair to Mr. Galipo on every day of trial. I prepared the jury instructions and verdict form with him, negotiated the disputed instructions and the verdict form with defense counsel, and addressed several of the disputed issues at the charging conference on September 17, 2025 (Trial Tr. Vol. 7 at 1411:15-1440:18). I drafted the mid-trial briefing on the disputed

exhibits (Dkt. 168) and on Defendants' undisclosed witnesses and the Casteel and Hunt deposition testimony (Dkt. 173), which I prepared over the weekend of September 13 and 14, 2025. I managed the exhibits and the video presentation in the courtroom, and I prepared witnesses with Mr. Galipo each evening after court. The trial transcript refers to me as "Mr. Mayne."

8. After the verdict, I drafted Plaintiffs' opposition to Defendants' Rule 50(a) motion (Dkt. 200), the stipulation dismissing McKee (Dkt. 210), the proposed judgment and the form-of-judgment briefing (Dkts. 211, 245, 248, 263), and the opposition to Defendants' Rule 50(b) and Rule 59 motion (Dkt. 249). Mr. Galipo argued that motion, and I appeared with him (Dkt. 255).

9. I prepared the motion for attorneys' fees (Dkt. 268), the supplement with the fee summary tables (Dkt. 271), the opposition to Defendants' ex parte application to continue the briefing schedule (Dkt. 272), and the bill of costs (Dkt. 267).

**<u>The September 4, 2025 email from defense counsel</u>**

10. In the weeks before trial, I handled much of the meet-and-confer process with defense counsel for Plaintiffs, including the parties' disputes over the joint pretrial filings, exhibits and objections. On September 4, 2025, five days before trial, the parties were exchanging emails about a joint report Plaintiffs had filed. At 9:37 a.m. that day, Deputy Attorney General David Klehm, counsel for Defendants, wrote to me in that email thread (subject line "Stephenson v. CHP (21-cv-00526)"), in words I quote directly from his email: "it seems, from all objective indications, that you are the real lead trial counsel for this case and defendants will request the Court note that accordingly." I replied in the same thread that Mr. Galipo was lead trial counsel, which he was. The email thread is in my Outlook mailbox and I can provide it to the Court on request.

**<u>Experience and qualifications</u>**

11. I graduated from the UCLA School of Law in 2021, where I took courses in civil rights law and worked on several civil rights cases. After law school, I served as a law clerk to the Honorable William J. Martinez of the United States District Court for the

District of Colorado, where I researched and analyzed legal issues, drafted orders and opinions, and assisted the Court during trials and hearings. Because of my interest in the field, I took on most of the civil rights cases that came through chambers. I was admitted to the State Bar of California in March 2022 and joined the Law Offices of Dale K. Galipo in March 2023. Since then my practice has consisted entirely of civil rights litigation, principally cases involving police use of force. I am in my sixth year since graduating from law school. Since joining the firm, I have been the lead associate on 46 matters. Twenty-three of those matters have resolved by settlement or verdict. I currently handle 23 active matters: 20 in litigation (two in pre-filing investigation, five at the pleading stage, five in fact discovery, five in expert discovery, one in pretrial preparation, and two on appeal) and three in which settlement is being finalized.

12. I have argued two appeals before the Ninth Circuit. In *Kirkman v. State of California*, No. 25-1889, I argued for the plaintiffs-appellees, and the court affirmed the denial of qualified immunity in a memorandum disposition filed March 23, 2026. In *Cavicante v. Nunez*, No. 25-2911, I argued on June 12, 2026, and the appeal is pending.

**Entries listed in Exhibit 7 to the Schratz declaration**

13. Exhibit 7 to the Schratz declaration lists my entry for Sunday, September 7, 2025 (10.0 hours) as intra-office conferencing. That entry reads: "Sunday final trial preparation the day before trial: witness examination outlines, exhibit and transcript materials for the first two trial days." It describes no conference, and none occurred. I spent that day preparing the examination outlines, exhibits and transcript excerpts for the first two days of trial. Exhibit 7 also lists my entry for July 24, 2023 (1.1 hours). That was the initial case strategy call among Mr. Galipo, Mr. Peacock, Mr. Nicholas Lerman and me on the day my office associated into the case, and the first conversation among the three firms about the division of work and the path to trial.

**Voluntary reductions**

14. In light of the opposition, I reviewed every time entry of Ms. Gilbert and Mr. Laurel. Plaintiffs withdraw 47.5 hours of Ms. Gilbert's time and 20.25 hours of Mr.

Laurel's time (67.75 hours, or $16,937.50 at $250 an hour), consisting of filing, NEF downloads, calendaring, cost and invoice tracking, scheduling, and printing, copying and binder assembly, including assembly of the trial exhibit binders. Plaintiffs also withdraw 1.5 hours of Mr. Steven Lerman's time and 0.4 hours of Mr. Nicholas Lerman's time spent with a reporter from the Associated Press ($1,590 at their requested rates). The total withdrawn is 69.65 hours and $18,527.50. Exhibit A lists each withdrawn entry. The remaining 12.1 hours of Ms. Gilbert's time and 32.5 hours of Mr. Laurel's time are substantive litigation support, including Mr. Laurel's review of Plaintiffs' statement of facts and assembly of the summary judgment opposition at my direction, his review of the incident video and the recorded witness interviews and preparation of a timeline and memoranda for Mr. Galipo, his review of the medical records and the defense expert disclosures, his drafting of the expert deposition notices, and Ms. Gilbert's identification of specific trial exhibits for counsel's review, deposition transcript sets and witness materials and the trial subpoenas.

**<u>Supplemental time and updated fee summary</u>**

15. Attached as Exhibit B is a true and correct copy of my time records for October 12 through October 14, 2026, totaling 21.0 hours: reviewing the opposition and the Schratz declaration and its exhibits, checking Mr. Schratz's exhibits against our time records, researching the authorities cited in the reply, drafting the reply, drafting the supplemental declarations and assembling the exhibits, and preparing Plaintiffs' evidentiary objections. At my requested rate of $700, that time is $14,700. No time spent on Defendants' appeal is included, and no time is requested for the hearing on this motion.

16. Attached as Exhibit C is an updated fee summary table reflecting the voluntary reductions and the supplemental time of Mr. Galipo and me. The revised total requested is $1,750,460.00.

17. Attached as Exhibit D is a true and correct copy of the order in *Jordan v. City of Hemet*, No. EDCV 24-01362-JGB (KSx), Dkt. 56 (C.D. Cal. Nov. 24, 2025), which I obtained from PACER.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this was executed this 14th day of October 2026 at Woodland Hills, California.

*/s/ Cooper Alison-Mayne*
Cooper Alison-Mayne