Stephenson v. State of California

Case No. 5:21-cv-00526-JAK-DTB

Plaintiffs' Reply in Support of Motion for Attorneys' Fees

# EXHIBIT D

An exhibit to the Supplemental Declaration of Cooper Alison-Mayne

Case 5:24-cv-01362-JGB-KS Document 58-5 Filed 11/26/25 Page 2 of 10 Page ID #:1709

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 24-01362-JGB (KSx) Date: November 24, 2025

Title *Arturro Jordan v. City of Hemet et al.*

Present: The Honorable: Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff: Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER RE: (1) PLAINTIFF'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF PRIOR ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [DKT. NO. 45]; (2) DEFENDANTS' EX PARTE APPLICATION TO STAY ENFORCEMENT OF THE ORDER ON PLAINTFF'S JUNE 18, 2025 MOTION TO COMPEL DISCOVERY RESPONSES BY CITY OF HEMET [DKT. NO. 48]; AND (3) PLAINTIFF'S REQUEST FOR SANCTIONS [*See* DKT. NO. 45]**

Before the Court for resolution are two related discovery motions: (1) Plaintiff's Motions for Clarification and Reconsideration of the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery Responses, filed on November 7, 2025 (the "Motion") (Dkt. No. 45); and (2) Defendants' Ex Parte Application to Stay the Enforcement of the Order on the Plaintiff's June 18, 2025 Motion to Compel Discovery Responses by Defendant City of Hemet ("Ex Parte Application"). (Dkt. No. 48.) Defendants filed no opposition to the Motion for Reconsideration.

After a thorough review of the briefing, for the reasons discussed below, the Court concludes that some correction and reconsideration of portions of the November 3, 2025 Order on Plaintiff's Motion to Compel are warranted. Further, Defendant's Ex Parte Application, to the extent it sought to suspend the deadline for Defendant to produce documents pursuant to the Court's November 3, 2025 Order until after the Motion for Reconsideration was decided, is now moot.

\\

## I. Motion for Reconsideration

### A. Legal Standard

Central District Local Rule 7-18 provides

> A motion for reconsideration of an Order on any motion . . . may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. . . Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

Here, Plaintiff timely filed his motion for reconsideration regarding the Court's Order concerning Plaintiff's motion to compel Defendant to produce documents and provide fulsome responses to certain interrogatories. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (district court retains the "power to reconsider its own interlocutory order, provided that the district court has not been divested of jurisdiction over an order.").

### B. Plaintiff's Arguments

1. Requests for Production ("RFPs")[1]

Plaintiff's first ground for seeking reconsideration relates to an error in the numbering of certain RFPs. Specifically, Plaintiff points out that the Court's November 7 Order "did not rule on ten Requests for Production (#21, 25, 29, 30, 49, 50, 56, 58, 60, and 62)"; and "denied the motion to compel as to the substance of seven Requests for Production that were misnumbered (RFP 46 misnumbered as RFP 49, RFP 47 misnumbered as RFP 50, RFP 48 misnumbered as RFP

[1] The full text of each of the RFPS as issue in the Motion were outlined in in the Nov. 7 Order, and because Plaintiff does not challenge the contents of the RFPs in dispute but only seeks to correct errors in numbering the RFPs, the Court does not recite the contents of each RFP again here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 24-01362-JGB (KSx) Date: November 24, 2025

Title *Arturro Jordan v. City of Hemet et al.*

51, RFP 51 misnumbered as RFP 54 and 55, RFP 54 misnumbered as RFP 57, RFP 55 misnumbered as RFP 58, and RFP 57 misnumbered as RFP 60).” (Dkt. No. 45-1 at 6.) Plaintiff points out that the Court granted Plaintiff's motion to compel as to RFPs 29, 46, and 48 by referencing the numbering used in Defendant's Amended Responses to the RFPs (as outlined in Defendants' Opposition to the Motion to Compel). (*Id*. at 3.) Plaintiff maintains that these RFPs, as identified in the Court's Order were, in fact, misnumbered.[2] Plaintiff also maintains that when properly numbered, the Motion should have been granted as to RFPs 26, 43, and 45, which the Court granted when misnumbered as RFPs 29, 46, and 48. (*Id.* at 12.)

Further, the Court denied the motion to compel with respect to seven RFPs: 46 (misnumbered as RFP 49), RFP 47 (misnumbered as RFP 50), RFP 48 (misnumbered as RFP 51), RFP 51(misnumbered at RFP 54 and 55), RFP 54 (misnumbered as RFP 57), RFP 55 (misnumbered as RFP 58), and RFP 57 (misnumbered as RFP 60). Plaintiff asks that the Court reconsider its order and grant the Motion as to RFPs 46, 47, 48, and 54. Plaintiff also argues that because the Motion was granted as to Officer Joromat's report, it should also have been granted as to Defendant Zuniga's report. (*Id.* at 4.)

**2. Interrogatories 3, 4, and 7**

The Court denied the motion to compel as to Interrogatory No. 3, which asks that Defendants “IDENTIFY all officers involved in the Hemet Police Department officer's use of force against a man that was reported by NBS News Los Angeles on May 30, 2023 in a story reported on NBC news [https://www. link included].” (Dkt. No. 36-1, Ex. 2 at 40 of 322.) The Motion argues that the Court should reconsider its order and grant the motion to compel as to Interrogatory No. 3. The Court denied the motion to compel further response to Interrogatory No. 3 on the grounds that the information sought about the unnamed individual, as reflected in the video clip of the news broadcast, seeks information that is not relevant or proportionate to the needs of this case. (Dkt No. 42 at 30.) After further review of the request and Plaintiff's arguments, the Motion for reconsideration is DENIED. The Court continues to find that the information sought to be overly broad and not proportionate to the needs of this case.

Interrogatory No. 4 asks Defendant to “Describe any discipline imposed on any officer for the use of force against a man that was reported that was reported by NBS News Los Angeles on May 30, 2023 in a story reported on NBC news [https://www. link included].” (Dkt. No. 36-1, Ex. 2 at

[2] The Court identified each disputed request and response based on the numbering in the requests and responses attached to Plaintiff's Motion to Compel, as reflected in Dkt. No. 36-1 at 238-303.

40 of 322.) Plaintiff argues that reconsideration should be granted as to Interrogatory No. 4 because the Court did not rule on this interrogatory in its Order. (Motion at 3.) To the extent this request seeks information related to a different pending federal court action, the Court to finds this interrogatory, as was the case with Interrogatory No. 3, to be overly broad and seeks information that is not proportionate to the needs of the case.

Interrogatory No. 7 asked Defendants to "IDENTIFY all YOUR employees who have supervised investigations into allegations of excessive force by Hemet Police Department officers from 2019 to the present." The Court granted the motion to compel but limited to the response to the period of January 1, 2021, through the date of the incident alleged in this case, May 23, 2023. (Dkt. No. 42 at 30.) Plaintiff argues that Defendants should be compelled to provide responsive information for the full period of 2019 -2024, because the Court reasoned that Plaintiffs "will need to present longitudinal pattern/practice evidence in order to support his *Monell* custom, policy or practice and failure to train claims against Defendant City." (Dkt. No. 42 at 28.) On reconsideration, the Court agrees. Thus, on reconsideration, consistent with its ruling on numerous requests for production, the Court concludes that the five-year period 2019 to 2024 is reasonable and proportionate to the needs of the case.

Further, the Court is persuaded that reconsideration of the appropriate date range, to include pre- and post-incident conduct in *Monell*-related actions is relevant and proportionate to the issues of pattern, practice, custom, and training that are central to this lawsuit. *See, e.g., Hereford v. City of Hemet*, No. 5:22-cv-00394-JWH-SHK, 2023 WL 6813740, at *12 (C.D. Cal. Sep. 14, 2023).

Accordingly, reconsideration as to Interrogatory No. 7 is GRANTED to expand the responsive period to 2019 through 2024.

### C. Ruling re: Reconsideration

Having reviewed the Motion, as well as the parties' initial submissions in connection with Plaintiff's Motion to Compel, the Court concludes that Plaintiff is correct in pointing out the misnumbering of certain RFPS for which the Court granted the Motion to Compel. Therefore, reconsideration of the Nov. 7, 2025 Order is warranted to correctly reflect all the disputed requests and the Court's rulings on each.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 24-01362-JGB (KSx) Date: November 24, 2025

Title *Arturro Jordan v. City of Hemet et al.*

**(1) RFPs Renumbered**

With respect to RFPs, as renumbered consistent with Plaintiff's Requests, including requests not previously ruled on in the Nov. 3 Order:

| As Numbered in 11/3/25 Order[3] | As Numbered In Pltf's RFP Set One[4] | Substance of Request | Granted/ Denied? |
|---|---|---|---|
| | 21 | All DOCUMENTS re: Hemet Police Dept. Internal investigations of use of force by Hemet Police Dept. (HPD) officers between 2019 and 2024. | Granted |
| | 25 | All use of force reports prepared by Officer Jesse Zuniga Between 2019 and 2024. | Granted |
| 29 | 26 | All use of force reports prepared by Officer Jesse Zuniga between 2019 and 2024. | Granted |
| | 29 | All use of force reports prepared by [HPD] officer RELATING TO the use of tasers between 2019 and 2024. | Granted |
| | 30 | All use of force reports prepared by [HPD] officers RELATING TO kicking suspects in the head between 2019 and 2024. | Granted |
| 46 | 43 | All use of force reports prepared by Officer Michael Joromat between 2019 and 2024. | Granted |
| 48 | 45 | All DOCUMENTS RELATING to discipline imposed on any [HPD] officer for the excessive | Granted |

[3] The Court's Nov. 3 Order on the Motion to Compel numbered the requests as reflected in Defendant's responses to RFP Set One, attached to the Motion to Compel as Exhibit 3. (Dkt. No. 36-1 at 45 of 322.)

[4] Plaintiff's RFP, Set One, attached to the Motion to Compel at Exhibit 1. (Dkt. No. 36-1 at 24 of 322.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 24-01362-JGB (KSx) Date: November 24, 2025

Title *Arturro Jordan v. City of Hemet et al.*

| | | | |
|---|---|---|---|
| | | use of force between 2019 and 2024. | |
| 49 | 46 | All DOCUMENTS, including videos, RELATING TO a [HPD] officer's use of force against a man that was reported by NBC News Los Angeles on May 30, 2023, in the following story [link] | DENIED Overbroad/not proportionate<br><br>FRCP 26(b)(1) |
| 50 | 47 | All DOCUMENTS, including videos, RELATING TO [HPD] officers' use of force against Nathan Story on January 26, 2023, in the case of *Story v City of Hemet et al.,* No. 5:203-cv-01534. | DENIED Overbroad/not proportionate<br><br>FRCP 26(b)(1) |
| 51 | 48 | All DOCUMENTS, including videos, RELATING TO [HPD] officers' use of force against Nathan Story on February 22, 2021, in the case of *Robinson v City of Hemet et al.,* No. 5:23-cv-00264. | DENIED Overbroad/not proportionate<br><br>FRCP 26(b)(1) |
| | 49 | All DOCUMENTS, including videos, RELATING TO [HPD] officers' use of force against Nathan Story on April 26, 2021, in the case of *Gavia v. City of Hemet et al.,* No. 5:23-cv-724. | DENIED Overbroad/not proportionate<br><br>FRCP 26(b)(1) |
| | 50 | All DOCUMENTS, including videos, RELATING TO [HPD] officers' use of force against Nathan Story on April 22, 2022, in the case of *Barnhill v. City of Hemet et al.,* No. 5:23-cv-724. | DENIED Overbroad/not proportionate<br><br>FRCP 26(b)(1) |
| 57 | 54 | All DOCUMENTS, including videos RELATING TO [HPD] officers' use of force in October 2021 the case of *Edmond v City of Hemet.* | DENIED Overbroad/not proportionate<br><br>FRCP 26(b)(1) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 24-01362-JGB (KSx) Date: November 24, 2025

Title *Arturro Jordan v. City of Hemet et al.*

| | | | |
|---|---|---|---|
| | 56 | All DOCUMENTS, including videos, RELATING TO [HPD] officers' use of force against Nathan Story on April 22, 2022, in the case of *Hereford v. City of Hemet et al.,* No. 5:22-cv-00394. | DENIED Overbroad/not proportionate<br><br>FRCP 26(b)(1) |
| xxxx | xxxx | Xxxxx | Xxxxx |
| | 58 | All DOCUMENTS, including videos, RELATING TO [HPD] officers' use of force on January 26, 2022, in the case of *Lowe v. Couty of Riverside et al.,* No. 5:24-cv-00169. | DENIED Overbroad/not proportionate<br><br>FRCP 26(b)(1) |
| | 62 | All DOCUMENTS, including videos, RELATING TO [HPD] officers' use of force on December 9, 2022, in the case of *Cruz-Garcia v. City of Hemet,* No. 5:23-cv-02130. | DENIED Overbroad/not proportionate<br><br>FRCP 26(b)(1) |

**(2) Interrogatories:**

The Motion is GRANTED as to Interrogatory No. 7 to expand the responsive period to 2019 through 2024. As to Interrogatory Nos. 3 and 4, the Motion is GRANTED. Defendant shall produce the additional responsive documents and provide supplemental interrogatory responses **within 14 days of the date of this Order.**

## II. Plaintiff's Request for Sanctions

Rule 37(a)(5) states that where a motion is granted in part and denied in part, the Court "may after giving an opportunity to be heard apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). But, a court "must not" order sanctions where "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

### A. Defendants' Opposition Was Not Unjustified

Here, the nature of Plaintiff's claims, the importance of the civil rights at issue, and, as the Court noted in its Order on the Motion to Compel, Plaintiff's need for "longitudinal evidence" to

support his pattern and practice claims under *Monell*, all led the Court to find much of the discovery sought in the Motion to Compel to be both relevant and proportionate to the needs of the case. That said, the Court also found some of the discovery requests overbroad and seeking information neither relevant nor proportional to the needs of the case. This was particularly the case for requests that seek "ALL DOCUMENTS" relating to televised news reports of incidents involving unnamed individuals and/or other excessive force litigation matters. Thus, the Court cannot conclude that Defendant's opposition to the Motion to Compel was unjustified.

**B. Analysis for Reasonable Award of Fees**

Plaintiff seeks an award of attorneys' fees in the amount of $11,862.00 for 18.25 hours spent preparing the motion to compel (6.25 hrs.) and reply brief (12 hrs.) billed at Plaintiff's counsel's customary hourly rate of $650 per hour. (Reply in Support of Motion for Sanctions at 12; Declaration of Max Schoening in Support of Sanctions ("Schoening Decl.") (Dkt. No. 51-1).) In support of the reasonableness of the sanctions request, counsel's declaration outlines his extensive federal court experience, prior successes in litigating civil rights cases, and his academic success while at Stanford Law School. *Schoening Decl.* ¶ 9.

At the hearing, Plaintiff's counsel argued that an award of $11,862 is reasonable and appropriate because Defendants' own actions to prevent disclosure of the discovery at issue created the need for the extensive discovery briefing. Plaintiff maintains that Defendants asserted improper objections and made frivolous legal arguments in an effort to avoid disclosure of documents and information essential to establishing liability and Plaintiff's damages in this civil rights action. (*See, e.g.,* Motion to Compel at 6-12 (Dkt. No. 36-1); Reply in Support of Motion for Sanctions at 3-8 (dkt. no. 51).) But, as noted above, the Court did not find that all of the information Plaintiff sought was properly subject to disclosure. Consequently, the Motion to Compel was largely, but not entirely, successful, even after reconsideration. Therefore, the Court concludes that an apportionment of reasonable fees consistent with Rule 37(a)(5)(A)(ii) is warranted.

After reviewing the briefing and hearing the parties' arguments on the sanctions issue, the Court finds that Plaintiff's counsel's billing rate of $650.00 per hour is reasonable in light of his experience and is comparable to rates for attorneys of similar experience and skill in the relevant legal community. (*Schoening Decl.* ¶¶ 6-10 (Dkt. No. 51-1).) However, the Court finds that the 18.25 hours is excessive, particularly the 12 hours expended to prepare the reply brief. Therefore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 24-01362-JGB (KSx) Date: November 24, 2025

Title *Arturro Jordan v. City of Hemet et al.*

the Court awards $8,612.50, which represents 13.25 total hours for preparation of Plaintiff's briefing. Defendants are directed to pay the fees awarded within 45 days of the date of this Order.

Lastly, as discussed above, Defendant's *Ex Parte* Application to Stay the Enforcement of the Order on the Plaintiff's June 18, 2025 Motion To Compel Discovery Responses **(Dkt. No. 48)** is **DENIED** as moot.

**IT IS SO ORDERED**.

:

**Initials of Preparer** gr