**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
E-mail: cmayne@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON, individually and as successors in interest to Decedent LEROY STEPHENSON,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA and DANE NOREM,<br><br>Defendants. | Case No. 5:21-cv-00526-JAK-DTB<br><br>*Assigned to*:<br>District Judge John A. Kronstadt<br><br>**SUPPLEMENTAL DECLARATION OF DALE K. GALIPO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |

# SUPPLEMENTAL DECLARATION OF DALE K. GALIPO

I, Dale K. Galipo, declare as follows:

**Introduction**

1. I am lead trial counsel for Plaintiffs and the principal of the Law Offices of Dale K. Galipo. I submit this declaration in support of Plaintiffs' reply in support of their motion for attorneys' fees and to supplement my declaration filed September 9, 2026 (Dkt. 268-1). I have personal knowledge of the facts stated here and could testify to them if called.

**The entries Defendants call vague**

2. Defendants and Mr. Schratz identify ten entries from July through September 2023 described as "Review case materials" and "Review expert reports – Case Materials," totaling 29.0 hours. I began reviewing the file on July 21, 2023, as my office's association into the case was being arranged, and my office formally associated on July 24, 2023, two weeks before the August 7, 2023 deposition of Defendant Norem. The July and August entries record my initial review of the case file: the pleadings and docket; the CHP and Riverside County investigation materials; the autopsy, coroner and toxicology records; the deposition transcripts and the recorded witness and officer statements; the video from the Norem and McKee patrol cars, with the timeline my litigation assistant prepared from it; and the co-counsel production I used to prepare for the Norem deposition. The September 2023 entries fall in the expert disclosure window. I reviewed the reports of Plaintiffs' experts, Jeff Noble, Dr. Wohlgelernter and Dr. Omalu, against the underlying records before Plaintiffs' September 22, 2023 disclosure, and then reviewed the reports of the defense experts, Robert Fonzi, Dr. Graham, Dr. Vilke, Dr. Clark and Dr. MacGregor, served the same day, to identify rebuttal issues.

3. The July 12, 2025 entry, "Review expert reports – related case materials" (4.7 hours), refers to the expert reports and case materials in this case,

which I reviewed in preparation for trial and for my July 16, 2025 consultations with Mr. Noble and Dr. Omalu. It does not refer to any other case.

4. The jury trial ran from September 9 through September 18, 2025, and the Court's minute orders record the time on the record each day (Dkts. 169-172, 182-184, 186). My trial-day entries record the full working day, not only the hours in court, because during trial the case is the only thing I work on. On each of those days I drove to and from the courthouse; met with the clients and co-counsel before court, during the breaks and after court, including the daily meeting with Mr. Peacock and Mr. Alison-Mayne; reviewed the testimony that had come in and adjusted the examinations still to come; prepared the next day's witnesses with Mr. Alison-Mayne, including our clients and experts; selected the exhibits and video clips for the next day; worked on the jury instructions and the verdict form; dealt with the evidentiary and witness disputes that arose, including the mid-trial disputes briefed at Dkts. 168 and 173; and, in the final days, prepared the closing argument. Every trial lawyer knows that a jury trial is all-consuming. From early morning until late at night I moved among these tasks, fitting preparation around the hours the Court was in session, and a trial lawyer does not stop to record each shift from one task to the next. I recorded each trial day as a single entry for that reason. Days of 14 to 16.5 hours, which Defendants call "excessively long," are ordinary days for lead trial counsel in a federal jury trial, and they were shorter here than in many trials because this one was tried efficiently, as Defendants acknowledge (Opp. 7:26-8:3). Mr. Schratz does not dispute that the work was done (Schratz Decl. ¶ 97), and defense counsel, who tried the case against me, identify nothing I billed on those days that I did not do. I have not itemized the trial days further; the work I have just described filled every hour of them. The same is true of the days from August 30 through September 8, 2025, when I was preparing for trial full time; those entries already identify the witnesses and tasks I prepared on each day. Attached as Exhibit E is an itemization of the entries that can fairly be

broken out, the 2023 entries described above and the July 12 and July 14, 2025 entries, with a more detailed description of the work. The itemization does not change any hours.

5. On Saturday, September 13 and Sunday, September 14, 2025, I prepared the examinations of the remaining witnesses and the closing argument, reviewed the jury instructions and verdict form Mr. Alison-Mayne had prepared, and worked with Mr. Alison-Mayne on Plaintiffs' trial brief addressing Defendants' undisclosed witnesses and the Casteel and Hunt deposition testimony, which we filed on September 14 (Dkt. 173).

**Mr. Alison-Mayne's role**

6. My associate Cooper Alison-Mayne has managed and litigated this case for my office from July 2023 to the present, and he has done so with skill and diligence. He drafted the opposition to McKee's motion for summary judgment and argued it. He drafted and argued the motion to dismiss the federal claims against McKee that ended McKee's interlocutory appeal and preserved our trial date. He drafted the pretrial documents and handled the meet-and-confer process with defense counsel. He prepared the jury instructions and verdict form with me and handled several of the disputed issues at the charging conference. He briefed the mid-trial disputes, managed the exhibits and video at trial, and prepared witnesses with me each evening. After the verdict he drafted the oppositions to Defendants' post-trial motions and the form-of-judgment papers. I examined the witnesses, gave the opening statement and closing argument, and led the charging conference, and I relied on Mr. Alison-Mayne at every stage. I could not have tried this case as efficiently as I did without his work.

**Comparable awards to my associates in the same role**

7. Renee Masongsong was admitted to the California bar in 2011. In *Zelaya v. City of Los Angeles*, she was the associate responsible for the day-to-day management of the case, the pretrial documents, trial preparation, assisting me at

trial, and post-trial issues. She was awarded $700 an hour, *Zelaya*, 2024 WL 3183882, at *3, and $800 an hour in *Garcia v. City of Tustin*, No. 8:22-cv-00131-SPG-KES, 2026 WL 2716674, at *17 (C.D. Cal. July 29, 2026).

8. Hang Le graduated from law school in 2013. In *I.H. v. California* and *Quan v. County of Los Angeles*, she was the primary associate assigned to the case and responsible for its day-to-day management, including the pretrial documents and conferences with defense counsel. She was awarded $650 an hour in *I.H.*, over the Attorney General's argument that she should be paid $350, 2025 WL 1158975, at *6, and $800 an hour in *Quan*, 2026 WL 2415644, at *5.

9. Mr. Alison-Mayne performed the same role in this case that Ms. Masongsong and Ms. Le performed in those cases. He has fewer years of practice than either of them had when those awards were made, but his responsibility and his skill level are on par and his requested rate of $700 appropriately falls within the range of those awards.

**<u>My rate</u>**

10. My requested rate of $1,500 is my current hourly rate and the rate I am requesting in the fee motions now pending in my other cases. This year, two courts in this district awarded me $1,400 an hour, in *Garcia v. City of Tustin* and *Quan v. County of Los Angeles*, and the court in *Garcia* applied a 1.6 multiplier to the lodestar.

**<u>Supplemental time</u>**

11. Attached as Exhibit F is a true and correct copy of my time records for October 13 and 14, 2026, totaling 4.0 hours, which I spent reviewing Defendants' opposition and the Schratz declaration, reviewing Mr. Alison-Mayne's draft of this reply, and reviewing and revising this declaration. At my requested rate of $1,500, that time is $6,000.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this was executed this 14th day of October 2026 at Woodland Hills, California.

/s/ *Dale K. Galipo*

Dale K. Galipo