**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE STEPHENSON, LINDEN STEPHENSON, and KEANDRE STEPHENSON, individually and as successors in interest to Decedent Leroy Stephenson,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA and DANE NOREM,<br><br>Defendants. | 5:21-cv-00526-JAK-DTB<br><br>*Assigned to:*<br>District Judge John A. Kronstadt<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JAMES P. SCHRATZ (DKT. 278-1)**<br><br>Hearing Date: October 26, 2026<br>Hearing Time: 8:30 a.m.<br>Location: Courtroom 10C |

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JAMES P. SCHRATZ (DKT. 278-1)**

Plaintiffs object to the following portions of the Declaration of James P. Schratz (Dkt. 278-1), filed with Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees (Dkt. 278). Mr. Schratz's opinions on the reasonableness of rates and hours are largely legal conclusions, and his proposed rates and conferencing benchmark rest on no identified data or reliable method. Fed. R. Evid. 602, 702, 704. Courts may strike the portions of a fee auditor's declaration that offer legal analysis rather than facts. *Rodriguez v. County of Los Angeles*, 96 F. Supp. 3d 1012, 1026-27 (C.D. Cal. 2014), aff'd, 891 F.3d 776 (9th Cir. 2018); *see also Mirabelli v. Olson*, No. 23-cv-768-BEN-VET, 2026 WL 907163, at *2 (S.D. Cal. Mar. 30, 2026) (disregarding Mr. Schratz's opinion for lack of objectivity).

| **Declaration of James P. Schratz (Dkt. 278-1)** | **Objection** | **Ruling** |
|---|---|---|
| Objection No. 1. Para. 10: It is my firm belief that all experts should be fully transparent and inform both the court and all parties involved of all cases which did not accept their opinions. | Misleading and incomplete (Fed. R. Evid. 403, 702(d)). Mr. Schratz represents that he discloses the cases that did not accept his opinions, see paras. 8, 10, but his Exhibit 2 lists no decision from 2025 or 2026. It omits I.H. v. California, No. 2:19-cv-02343-DAD-AC, 2025 WL 1158975, at *7-9 (E.D. Cal. Apr. 21, 2025), which rejected his proposed rates in a case defended by the California Attorney General's Office, and | Sustained: ____<br>Overruled: ____ |

| | | |
|---|---|---|
| | Mirabelli, 2026 WL 907163, at *2, which disregarded his opinion for lack of objectivity. The omission bears on the weight of every opinion in the declaration. | |
| Objection No. 2. Para. 38: I regularly have access to current law firm rates in conducting legal fee audits and auditing law firms' billing invoices. I also regularly review court opinions on attorneys' fee motions and requests and I am familiar with what law firms practicing in Riverside County Superior Court and the United States District Court for the Central District of California are seeking as hourly rates and what courts are awarding. Based on my experience in having conducted approximately 4,000 legal fee audits, my experience as an attorney and expert in legal fees over the past 50 years, and my review of the above-mentioned material, I have personal knowledge of hourly billing rates for attorneys and staff in Riverside County Superior Court and the United States District Court for the Central District of California market areas. On that basis, as well as my analysis of the evidence submitted by Plaintiffs' Counsel, it is my opinion that the billing rates being claimed in the Fee Motion are unreasonable for the reasons set forth below and that the requested rates should be adjusted. A. Not Usual and Customary Rates That Are Paid by Clients or Awarded by Courts. | Lacks foundation and personal knowledge (Fed. R. Evid. 602). Improper opinion not based on sufficient facts or data; the paragraph identifies no source, survey, or award (Fed. R. Evid. 702(b)). *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1208 (9th Cir. 2013) (affirming rejection of fee expert's rate declaration that relied on confidential sources whose reliability could not be tested and listed rates by firm rather than by attorney). | Sustained: ____ Overruled: ____ |

| | | |
|---|---|---|
| Objection No. 3. Para. 81: Based on my experience as an attorney's fees expert since 1994 including familiarity with hourly rates awarded in the Central District, including Mr. Galipo's recent awards of $1,400/hour, and Steve Lerman's requested hourly rate of $900, as well as Mr. Alison-Mayne's failure to provide relevant comparable data for attorneys of comparable skill and experience, I recommend that Mr. Alison-Mayne's hourly rate be reduced to $350, with comparable recommended rates reductions with Nicholas Lerman's rate reduced to $475 and Mr. Peacock's hourly rate reduced to $525 based on their respective years of experience. | No facts or data support the proposed rates of $350, $525 and $475; no award or survey at those rates is identified (Fed. R. Evid. 702(b)-(c)). Improper legal conclusion (Fed. R. Evid. 704). *See Rodriguez*, 96 F. Supp. 3d at 1027. | Sustained: ____ Overruled: ____ |
| Objection No. 4. Para. 91: Over the past 30+ years, I have audited major national and international law firms and, in general, I have found that the amount of intra-office conferencing in well-managed litigation averages between two to four percent of the total fees. The conferencing here by Plaintiffs' Counsel is not within this reasonable amount. Plaintiffs' Counsel billed 127.10 hours and $63,921.25 in fees (at adjusted hourly rates) for conferencing which is 7% of 1,815.25 total hours and 4.71% of total net fees of $1,357,492 at adjusted hourly rates after the disallowance of hours and fees for Plaintiffs' litigation assistants for clerical work. | Unreliable methodology (Fed. R. Evid. 702(c)-(d)): the 2-4% benchmark rests on unidentified audits of "major national and international law firms," and Mr. Schratz does not explain how it applies to co-counsel at separate firms coordinating a single trial. *Cf. LA Int'l Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 625-26 (9th Cir. 2026) (holding that firm size cannot drive the reasonable rate); *Mirabelli*, 2026 WL 907163, at *2 (disregarding Mr. Schratz's opinion in part because it relied on a | Sustained: ____ Overruled: ____ |

| | | |
|---|---|---|
| | large-firm/small-firm distinction). | |

Respectfully Submitted,

Dated: October 14, 2026 **LAW OFFICES OF DALE K. GALIPO**

By: */s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs Devonte Stephenson, Linden Stephenson, and Keandre Stephenson*